HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTY PAUL, an individual, and BRIAN BUSKIRK, an individual, | No . 3:16-cv-05616-RBL |
| Plaintiffs, | ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF |
| v. | |
| RBC CAPITAL MARKETS, LLC, a Minnesota limited liability company; ROYAL BANK OF CANADA, a Canadian corporation; and ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, an employee benefit plan, | |
| Defendants. | |

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

1    Defendants RBC Capital Markets, LLC, Royal Bank of Canada, and Royal Bank of

2    Canada U.S. Wealth Accumulation Plan ("WAP") (collectively referred to as "Defendants"), by

3    and through their attorneys, answer Plaintiffs Marty Paul's ("Paul") and Brian Buskirk's

4    ("Buskirk") Complaint as follows:

5                                **I.    INTRODUCTION**

6    1.    Defendants admit that Plaintiffs filed this lawsuit against RBC Capital Markets,

7    LLC, Royal Bank of Canada, and the Royal Bank of Canada US Wealth Accumulation Plan

8    alleging violations of the Employee Retirement Income Security Act ("ERISA"). Defendants

9    further admit that Paul and Buskirk forfeited $1,612,152 and $297,676, respectively, in

10   accordance with the terms of the WAP. Defendants further admit that to the extent the WAP is

11   determined to be a pension plan under ERISA, it is a "top-hat" plan exempt from many of

12   ERISA's requirements. Defendants deny the remaining allegations contained in Paragraph 1 of

13   the Complaint.

14   2.    Defendants admit that the Complaint alleges claims against RBC Capital Markets,

15   Royal Bank of Canada and the WAP relating to denial of Plaintiffs' benefits and pursuant to

16   Sections 502(a)(1)(B), 502(a)(2), and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B),

17   1132(a)(2), and 1132(a)(3), but deny that they violated any provisions of ERISA. Defendants

18   further admit that Plaintiffs were WAP participants. Defendants deny the remaining allegations

19   contained in Paragraph 2 of the Complaint.

20   3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint.

21   4.    Defendants admit that Plaintiffs seek the relief identified in Paragraph 4 of the

22   Complaint, but deny that Plaintiffs are entitled to any such relief, and further deny the remaining

23   allegations contained in Paragraph 4 of the Complaint.

24

25

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 1

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
+1.312.324.1000

## II.   PARTIES

5.      Upon information and belief, Defendants admit that Paul is a citizen of the United States and a resident of Pierce County, Washington.  Defendants further admit that Paul began working for RBC Capital Markets LLC's predecessor, Dain Bosworth, in 1994 and at the time of his termination on March 7, 2011 he was employed by RBC Capital Markets, LLC as a financial advisor.  Defendants further admit that Paul was a WAP participant.  Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Upon information and belief, Defendants admit that Buskirk is a citizen of the United States and a resident of Kitsap County, Washington.  Defendants admit that Buskirk began working for RBC Capital Markets, LLC's predecessor, Dain Bosworth, in 1986 and he was working as a financial advisor at the time he voluntarily ended his employment with RBC Capital Markets, LLC on August 10, 2012.  Defendants further admit that Buskirk was a WAP participant.  Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit that Royal Bank of Canada is a Schedule I bank under the Canadian Bank Act, headquartered in Toronto, Ontario, Canada.  Defendants further admit that Royal Bank of Canada operates globally and employs workers in the United States.  Defendants further admit that through various holding companies Royal Bank of Canada is the parent company of RBC Capital Markets.  Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit that the Fifth Circuit in *Tolbert* held that the WAP was an employee benefit plan within the meaning of ERISA.  Defendants further admit that ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1) provides that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity."  Defendants deny the remaining allegations contained in

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 2

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

66024-0011/132659713.1

1   Paragraph 9 of the Complaint and deny that Plaintiffs are entitled to any relief under the cited

2   section, any other provision of ERISA, or any other law.

3        10.    Defendants admit that Paragraph 10 on the Complaint refers to Royal Bank of

4   Canada and RBC Capital Markets collectively as the "Fiduciary Defendants."  Defendants deny

5   the remaining allegations contained in Paragraph 10 of the Complaint.

6                    **III.    JURISDICTION AND VENUE**

7        11.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

8        12.    Defendants admit that the Court has personal jurisdiction over Defendants in this

9   matter.  Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

10       13.    Defendants admit that venue is proper in this District.  Defendants deny the

11   remaining allegations contained in Paragraph 13 of the Complaint.

12                        **IV.    FACTS**

13                        **The WAP**

14       14.     Defendants admit that to the extent that the WAP is determined to be an

15   employee pension benefit plan under ERISA, it is intended to be an unfunded plan that is

16   maintained only for a select group of RBC management or highly compensated RBC employees

17   (*i.e.,* a top-hat plan) and exempt from many of ERISA's requirements.  Defendants deny the

18   remaining allegations contained in Paragraph 14 of the Complaint.

19       15.    Defendants admit that ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), provides that

20   "[e]very employee benefit plan shall be established and maintained pursuant to a written

21   instrument."  Defendants deny the remaining allegations contained in Paragraph 15 of the

22   Complaint.

23       16.    Defendants admit that Royal Bank of Canada is a plan sponsor of the WAP.

24   Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

25       17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 3

66024-0011/132659713.1

18.     Defendants admit that WAP contributions could be made through a Participant's Voluntary Deferral Contribution, a Participant's Mandatory Deferral Contribution, the Company's Matching Contributions and the Company's Discretionary Contributions. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that under Section 4.2 of the effective WAP plan document, Mandatory Deferral Compensation and Company Contributions vest on a date that is within the Plan Committee's control, except for two limited exceptions where Mandatory Deferral Compensation and Company Contributions vest immediately.  Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit that under Section 4.3, if a WAP Participant is terminated for cause before the contribution is distributed to the Participant's Account Balance, the Participant forfeits his or her Mandatory Deferred Compensation and Company Contributions, regardless of whether the vesting schedule has been met for those shares and assets.  Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

**Fiduciary Status, Duties, and Liability of the Fiduciary Defendants**

**A.     *Fiduciary Status***

22.     Defendants admit that ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), provides that an employee benefit plan "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan."  Defendants further admit that Royal Bank of Canada is the plan sponsor of the WAP. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit that ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), provides that a person is a plan fiduciary if "(i) he exercises any discretionary authority or discretionary control respecting management of the plan or the disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any money

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 4

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

1  or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any

2  discretionary authority or discretionary responsibility in the administration of such plan."

3  Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

4      24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint.

5

6  **B.**    ***Fiduciary Duties***

7      25.    Defendants admit that ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A)

8  and (B), provides that a fiduciary is required to "discharge his duties with respect to a plan solely

9  in the interest of the participants and beneficiaries and for the exclusive purpose of (i) providing

10 benefits to participants and beneficiaries; and (ii) defraying reasonable expenses of administering

11 the plan" and "with the care, skill, prudence, and diligence under the circumstances then

12 prevailing that a prudent man acting in a like capacity and familiar with such matters would use

13 in the conduct of an enterprise of a like character and with like aims."  Defendants deny that

14 Plaintiffs are entitled to any relief under the cited section or any other provision of ERISA and

15 deny the remaining allegations contained in Paragraph 25 of the Complaint.

16     26.    Defendants admit that ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D),

17 provides that a plan fiduciary shall discharge his duties with respect to a plan "in accordance

18 with the documents and instruments governing the plan insofar as such documents and

19 instruments are consistent with the provisions of this subchapter and subchapter III."  Defendants

20 deny that Plaintiffs are entitled to any relief under the cited section or any other provisions of

21 ERISA and deny the remaining allegations contained in Paragraph 26 of the Complaint to the

22 extent they are inconsistent with ERISA.

23     27.    Defendants admit that ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), provides that

24 "assets of a plan shall never inure to the benefit of any employer and shall be held for the

25 exclusive purposes of providing benefits to participants in the plan and their beneficiaries and

26 defraying reasonable expenses of administering the plan."  Defendants deny that Plaintiffs are

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 5

1    entitled to any relief under the cited section or any other provision of ERISA and deny the

2    remaining allegations contained in Paragraph 27 of the Complaint.

3         28.    Defendants admit that ERISA § 203(a)(1), 29 U.S.C. § 1053(a)(1), provides that a

4    "pension plan shall provide that an employee's right to his normal retirement benefit is

5    nonforfeitable" and that requirement is satisfied "if an employee's rights in his accrued benefit

6    derived from his own contributions are nonforfeitable."   Defendants deny that Plaintiffs are

7    entitled to any relief under the cited section or any other provisions of ERISA and deny the

8    remaining allegations contained in Paragraph 28 of the Complaint.

9         29.    Defendants admit that ERISA § 203(a)(2)(B), 29 U.S.C. § 1053(a)(2)(B),

10   provides that pension plans must ensure that "[a] plan satisfies the requirements of this clause if

11   an employee who has completed at least 3 years of service has a nonforfeitable right to 100

12   percent of the employee's accrued benefit derived from employer contributions" or if an

13   employee has a nonforfeitable right to 100 percent of the employee's accrued benefit derived

14   from employer contributions after six years of service when using a graduated vesting schedule.

15   Answering further, Defendants admit that ERISA § 203(b)(1), 29 U.S.C. § 1053(b)(1), provides

16   that subject to certain exceptions, "[i]n computing the period of service under the plan for

17   purposes of determining the nonforfeitable percentage under subsection (a)(2) of this section, all

18   of an employee's years of service with the employer or employers maintaining the plan shall be

19   taken into account . . . ."   Defendants deny that Plaintiffs are entitled to any relief under the cited

20   section or any other provision of ERISA, and deny the remaining allegations contained in

21   Paragraph 29 of the Complaint.

22        30.    Defendants admit that ERISA § 402(b)(1), 29 U.S.C. § 1102(b)(1), provides that

23   employee benefit plans must have "a procedure for establishing and carrying out a funding

24   policy and method consistent with the objectives of the plan and the requirements of this

25   subchapter."   Defendants deny that Plaintiffs are entitled to any relief under the cited section or

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 6

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

66024-0011/132659713.1

1  any other provision of ERISA and deny the remaining allegations contained in Paragraph 30 of

2  the Complaint.

3        31.     Defendants admit that ERISA § 403(a), 29 U.S.C. § 1103(a), provides that "all

4  assets of an employee benefit plan shall be held in trust by one or more trustees.  Such trustee or

5  trustees shall be either named in the trust instrument or in the plan instrument described in

6  section 1102(a) of this title or appointed by a person who is a named fiduciary . . . ."  Defendants

7  deny that Plaintiffs are entitled to any relief under the cited section or any other provision of

8  ERISA and deny the remaining allegations contained in Paragraph 31 of the Complaint.

9  *C.*     *Fiduciary and Co-Fiduciary Liability*

10        32.     Defendants admit that ERISA § 409(a), 29 U.S.C. § 1109(a), provides that "[a]ny

11  person who is a fiduciary with respect to a plan who breaches any of the responsibilities,

12  obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to

13  make good to such plan any losses to the plan resulting from such breach, and to restore to such

14  plan any profits of such fiduciary which have been made through use of assets of the plan by the

15  fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem

16  appropriate, including removal of such fiduciary."  Defendants deny that Plaintiffs are entitled to

17  any relief under the cited section or any other provision of ERISA, and deny the remaining

18  allegations contained in Paragraph 32 of the Complaint.

19        33.     Defendants admit that ERISA § 405(a), 29 U.S.C. § 1105(a), provides that "a

20  fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another

21  fiduciary with respect to the same plan in the following circumstances: (1) if he participates

22  knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary,

23  knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1)

24  of this title in the administration of his specific responsibilities which give rise to his status as a

25  fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of

26  a breach by such other fiduciary unless he makes reasonable efforts under the circumstances to

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 7

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

1  remedy the breach."  Defendants deny that Plaintiffs are entitled to any relief under the cited

2  section or any other provision of ERISA and deny the remaining allegations contained in

3  Paragraph 33 of the Complaint.

4  **Paul's Participation in the WAP**

5  34.    Defendants admit that Paul began his employment with Royal Bank of Canada's

6  predecessor firm, Dain Bosworth, in 1994.  Defendants further admit that Paul was a participant

7  in the WAP at the time of his termination from employment with RBC Capital Markets, LLC.

8  Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

9  35.    Defendants admit that Paul was terminated "for cause" on March 7, 2011.

10  Defendants further admit that under WAP §4.3, if a WAP participant is terminated "for cause"

11  his or her Mandatory Deferred Compensation and Company Contributions will be forfeited

12  regardless of whether the vesting schedule has been satisfied and proceeds will be deemed

13  returned to Royal Bank of Canada.  Defendants deny the remaining allegations contained in

14  Paragraph 35 of the Complaint.

15  36.    Defendants admit that allegations contained in Paragraph 36 of the Complaint.

16  37.    Defendants admit that the WAP provides a claims procedure for a participant or

17  his or her estate to present a claim to the WAP Committee for any pay-related determination for

18  which he disagrees.  Answering further, Defendants admit that under the WAP, a participant has

19  90 days from the time he or she knew or should have known of his or her claim for benefits to

20  deliver a written claim to the WAP Committee.  Defendants deny the remaining allegations

21  contained in Paragraph 37 of the Complaint.

22  38.    Defendants admit the allegations contained in Paragraph 38.

23  39.    Defendants admit that Paul was sent a letter on July 19, 2012, stating that at the

24  direction of the WAP Committee, RBC's Compensation Team reviewed and denied Paul's claim

25  for reinstatement of his Company Contributions, which he forfeited pursuant to §4.3 of the

26  WAP.  Answering further, Defendants admit that the letter stated that "[t]he compensation team

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 8

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

1    concluded it is responsible for making determinations pursuant to the existing Plan provisions.

2    Any further determination as to whether the Plan is an 'employee pension benefit plan' subject to

3    the provisions of ERISA is outside the scope of the Committee's authority.  Accordingly, the

4    compensation team made no determinations with regard to these issues."  Defendants deny the

5    remaining allegations contained in Paragraph 39 of the Complaint.

6          40.    Defendants admit the allegations contained in Paragraph 40 of the Complaint.

7          41.    Defendants admit that Paul's August 16, 2012 letter requested review of the WAP

8    Committee's denial of his claim and that his request for review also included a request for

9    documents and information relevant to his benefits' claim.  Defendants further admit that 29

10   C.F.R. §2560.503-1(j)(3) and WAP §7.4 provide a mechanism for a claimant to review the

11   records and documents relevant to his claim and to the Plan.  Defendants deny the remaining

12   allegations contained in Paragraph 41 of the Complaint.

13         42.    Defendants admit the allegations contained in Paragraph 42 of the Complaint.

14         43.    Defendants admit the allegations contained in Paragraph 43 of the Complaint.

15         44.    Defendants admit that on December 14, 2012 Todd Schnell sent a letter to Paul's

16   attorney on behalf of the WAP Committee denying Paul's appeal of his claim.  Defendants

17   further admit that the letter stated that "[t]he Committee further determined that Section 5.10 of

18   the Plan makes clear that the intent of RBC, as the settlor of the Plan, was that the Plan, if

19   considered a pension plan, would be deemed a top-hat plan."  Defendants further admit that Paul

20   requested documents and information relevant to his claim for benefits and in a separate letter on

21   December 14, 2012, Defendants provided Paul's attorney a copy of the WAP Plan and

22   Prospectus, as well as the background documents and information that were submitted to,

23   considered by, or relied upon by the WAP Committee when reviewing Paul's claim.  Defendants

24   deny the remaining allegations contained in Paragraph 44 of the Complaint.

25

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 9

1  45.   Defendants admit that Paul exhausted his administrative remedies under the

2  WAP.  Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.[1]

3  46.   Defendants deny the allegations contained in Paragraph 46 of the Complaint.

4  ### Buskirk's Participation in the WAP

5  47.   Defendants admit that Buskirk joined RBC Capital Markets' predecessor firm,

6  Dain Bosworth in 1986 and that at the time of his separation of employment with RBC Capital

7  Markets, LLC, Buskirk was a WAP Participant.  Defendants deny the remaining allegations

8  contained in Paragraph 47 of the Complaint.

9  48.   Defendants admit that Buskirk voluntarily separated his employment with RBC

10  Capital Markets, LLC on August 10, 2012.  Answering further, Defendants admit that under §4.2

11  of the WAP, Company Contributions in a Participant's account vest on date/s determined by the

12  WAP Committee.  Defendants deny the remaining allegations contained in Paragraph 48 of the

13  Complaint.

14  49.   Defendants admit that Buskirk forfeited $297,676 from his WAP account.

15  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

16  remaining allegations in Paragraph 49 of the Complaint.

17  50.   Defendants admit that the WAP provides a claims procedure for a participant or

18  his or her estate to present a claim to the WAP Committee for any pay-related determination for

19  which it disagrees.  Answering further, Defendants admit that under the WAP a participant has

20  90 days from the time he or she knew or should have known of his or her claim for benefits to

21

22  ---

23  [1] As to Plaintiffs' allegations in Footnote 1 of their Complaint, Defendants admit that Plaintiff filed a substantially
similar complaint, *Paul v. RBC Capital Markets LLC, et al.*, No. 3:13-cv-05119-RBL (W.D. Wash.), on February
19, 2013. Defendants further admit that the Parties to this lawsuit entered into a tolling agreement in May 2013 for

24  Plaintiff Paul's claims against Defendants pending the 5th Circuit's ruling on an appeal from summary judgment in
*Tolbert v. RBC Capital Markets LLC, et al.*, No. 4:11-cv-00107 (S.D. Tex.) and as part of the tolling agreement,

25  Plaintiff Paul voluntarily dismissed his claims against Defendants without prejudice. The tolling agreement was
extended based on further developments in *Tolbert*. Defendants deny the remaining allegations contained in footnote

26  1 of Paragraph 45 in the Complaint.

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 10

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

1    deliver a written claim to the WAP Committee.  Defendants deny the remaining allegations

2    contained in Paragraph 50 of the Complaint.

3        51.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

4        52.     Defendants admit the allegations contained in Paragraph 52 of the Complaint.

5        53.     Defendants admit the allegations contained in Paragraph 53 of the Complaint.

6        54.     Defendants admit that Buskirk's May 13, 2013, letter requested review of the

7    WAP Committee's denial of his claim and that his request for review also included a request for

8    documents and information relevant to his benefits' claim.  Defendants further admit that 29

9    C.F.R. §2560.503-1(j)(3) and WAP §7.4 provide a mechanism for a claimant to review the

10   records and documents relevant to his claim and to the Plan.  Defendants deny the remaining

11   allegations contained in Paragraph 54 of the Complaint.

12       55.     Defendants admit that under the WAP within 60 days from delivery of the

13   claimant's request for review, the claimant will receive a decision or a notice of special

14   circumstances that require the stated amount of additional time up to 120 days from the date the

15   request for review was received.  Defendants deny the remaining allegations contained in

16   Paragraph 55 of the Complaint.

17       56.     Defendants admit the allegations contained in Paragraph 56 of the Complaint.

18       57.     Defendants admit that the WAP Committee sent a letter to Buskirk's attorney that

19   affirmed denial of his claim on September 11, 2013.  Defendants further admit that on June 28,

20   2013, it provided documents responsive to Buskirk's May 13, 2013, request for relevant

21   documents.  Defendants deny the remaining allegations contained in Paragraph 57 of the

22   Complaint.

23       58.     Defendants admit that Buskirk exhausted his administrative remedies under the

24   WAP. Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.[2]

25   ───────────────────────────
     [2] As to Plaintiffs' allegations in footnote 2 of the Complaint, Defendants admit that the Parties to this lawsuit entered
26   into a tolling agreement in October 2013 for Buskirk's claims against Defendants pending the 5th Circuit's ruling on
     an appeal from summary judgment in the alleged class action lawsuit, *Tolbert v. RBC Capital Markets LLC, et al.*,

     ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
     RELIEF, AND INJUNCTIVE RELIEF – PAGE 11

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

66024-0011/132659713.1

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

## V.     FIRST CLAIM: ENFORCEMENT OF RIGHTS AND RECOVERY OF BENEFITS DUE PURSUANT TO ERISA § 502(a)(1)(B)

### (Against All Defendants)

60.     Defendants restate and incorporate by reference its answers to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     Defendants admit that under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a participant can bring a civil action "to recover benefits due under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his or her rights to future benefits under the terms of the plan." Defendants deny that Plaintiffs are entitled to any relief under the cited section or any other provision of ERISA and deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit that Plaintiffs seek the relief identified in Paragraph 62 of the Complaint, but deny they are entitled to any relief whatsoever. Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

## VI.    SECOND CLAIM: DECLARATORY JUDGMENT TO CLARIFY PLAINTIFFS' RIGHTS TO BENEFITS DUE UNDER THE WAP PURSUANT TO ERISA § 502(a)(1)(B) (Against All Defendants)

63.     Defendants restate and incorporate by reference its answers to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

---

No. 4:11-cv-00107 (S.D. Tex.). The tolling agreement was extended based on further developments in *Tolbert*. Defendants deny the remaining allegations contained in footnote 2 of Paragraph 58 in the Complaint.

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 12

66.     Defendants admit that an ERISA plan that fails to qualify as a "top hat" plan must satisfy one of the mandatory minimum vesting schedules under 29 U.S.C. §1053(a)(1) and (2). Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Defendants admit that a plan that fails to qualify as a "top hat" plan must have a procedure for establishing and maintaining a funding policy and method pursuant to ERISA §402(b)(1), 29 U.S.C. §1102(b)(1).   Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Defendants admit that ERISA § 403(a), 29 U.S.C. § 1103(a), provide that "[e]xcept as provided in subsection (b) of this section, all assets of an employee benefit plan shall be held in trust by one or more trustees."  Defendants deny that plaintiffs are entitled to any relief under the cited section or any other provision of ERISA, and deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants admit that under §2.1 of the WAP employees eligible to participate in the WAP include "the select group of management or highly compensation employees whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become Participants by the Committee."   Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit that Plaintiffs seek the relief identified in Paragraph 74 of the Complaint, but deny they are entitled to any relief whatsoever.  Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

# VII. THIRD CLAIM: BREACH OF FIDUCIARY DUTY PURSUANT TO
# ERISA § 502(a)(2)

### (Against RBC Capital Markets and Royal Bank of Canada)

75.     Defendants restate and incorporate by reference its answers to Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76.     Defendants admit that Plaintiffs allege they seek relief, in part, under ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2).  Defendants further admit that ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), provides that a civil action can be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."  Defendants deny that Plaintiffs are entitled to bring a cause of action under the cited section or any other provision of ERISA, and deny the remaining allegations contained in Paragraph 76.

## A.     *Failure to Operate the WAP for the Exclusive Benefit of WAP Participants and Beneficiaries*

77.     Defendants admit that ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), provides that "assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."  Defendants deny that Plaintiffs are entitled to any relief under the cited section or any other provision of ERISA and deny the remaining allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## B.     *Violation of ERISA Vesting and Non-Forfeiture Requirements*

79.     Defendants admit that ERISA § 203(a)(1), 29 U.S.C. § 1053(a)(1), provides that a "pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable" and that requirement is satisfied "if an employee's rights in his accrued benefit derived from his own contributions are nonforfeitable."  Defendants deny that Plaintiffs are

1   entitled to any relief under the cited section or any other provision of ERISA and deny the

2   remaining allegations contained in Paragraph 79 of the Complaint.

3        80.    Defendants admit that ERISA § 203(a)(2)(B), 29 U.S.C. § 1053(a)(2)(B),

4   provides that pension plans must ensure that "[a] plan satisfies the requirements of this clause if

5   an employee who has completed at least 3 years of service has a nonforfeitable right to 100

6   percent of the employee's accrued benefit derived from employer contributions" or if an

7   employee has a nonforfeitable right to 100 percent of the employee's accrued benefit derived

8   from employer contributions after six years of service when using a graduated vesting schedule.

9   Defendants deny that Plaintiffs are entitled to any relief under the cited section or any other

10  provision of ERISA, and deny the remaining allegations contained in Paragraph 80 of the

11  Complaint.

12       81.    Defendants deny the allegations contained in Paragraph 81 of the Complaint.

13       82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint.

14       83.    Defendants deny the allegations contained in Paragraph 83 of the Complaint.

15  **C.**    ***Violation of ERISA Funding Requirements***

16       84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

17  **D.**    ***Violation of ERISA Trust Requirement***

18       85.    Defendants deny the allegations contained in Paragraph 85 of the Complaint.

19       86.    Defendants admit that Plaintiffs seek the relief identified in Paragraph 86 of the

20  Complaint, but deny they are entitled to any relief whatsoever.  Defendants deny the remaining

21  allegations contained in Paragraph 86 of the Complaint.

22  **VIII.  FOURTH CLAIM: TO ENJOIN DENIAL OF FULL VESTING**
**PURSUANT TO ERISA § 502(a)(3)**

23  **(Against All Defendants)**

24       87.    Defendants restate and incorporate by reference its answers to Paragraphs 1

25  through 86 of the Complaint as if fully set forth herein.

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 15

Morgan, Lewis & Bockius LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

1   88.   Defendants admit that ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), provides that a

2   civil action can be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or

3   practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain

4   other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of

5   this subchapter or the terms of the plan." Defendants deny that Plaintiffs are entitled to any relief

6   under the cited section or any other provision of ERISA, and deny the remaining allegations

7   contained in Paragraph 88.

8   89.   Defendants admit that Plaintiffs seek the relief identified in Paragraph 89 of the

9   Complaint, but deny they are entitled to any relief whatsoever. Defendants deny the remaining

10   allegations contained in Paragraph 89 of the Complaint.

11   **PRAYER FOR RELIEF**

12   Plaintiffs request that the Court enter judgment as follows:

13   A.   Declaring (1) that the WAP is an "employee benefit pension plan" within the

14   meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and (2) that the WAP is not a "top-hat"

15   plan, within the meaning of ERISA § 201(2), 29 U.S.C. § 1051(2); ERISA § 301(a)(3), 29

16   U.S.C. § 1081(a)(3); and ERISA § 401(a)(1), 29 U.S.C. § 1101(a)(1), and is therefore subject to

17   all ERISA requirements, including, without limitation, those provisions relating to vesting,

18   funding, fiduciary obligations, notice, and reporting;

19   B.   Declaring that the Fiduciary Defendants, and each Fiduciary Defendant, have

20   breached their ERISA-mandated fiduciary duties to the WAP's participants and beneficiaries;

21   C.   Directing the WAP and the Fiduciary Defendants to pay over to Paul all

22   Mandatory Deferral Contributions and Company Contributions;

23   D.   Directing the WAP and the Fiduciary Defendants to pay over to Buskirk all

24   Company Contributions;

25   E.   Awarding Paul all damages resulting from Defendants' purported forfeiture of

26   Paul's Mandatory Deferral Contributions and Company Contributions;

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 16

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 60605-1596
+1.312.324.1000

66024-0011/132659713.1

1      F.      Awarding Buskirk all damages resulting from Defendants' purported forfeiture of

2  Buskirk's Company Contributions;

3      G.      Awarding Plaintiffs pre-judgment and post judgment interest to the full extent

4  permitted by law;

5      H.      Imposing a constructive trust on the assets of any Defendant in the amount by

6  which that Defendant was enriched at the expense of the WAP or any participant or beneficiary;

7      I.      Awarding Plaintiffs all penalties under ERISA § 502(c)(1), 29 U.S.C. §

8  1132(c)(1), for Defendants' failure to provide to Plaintiffs all documents relevant to

9  Plaintiffs' claims for benefits;

10      J.      Awarding Plaintiffs their reasonable attorney's fees and costs pursuant to ERISA

11  § 502(g), 29 U.S.C. § 1132(g), and federal law;

12      K.      Enjoining Defendants, and each Defendant, from any further violations of their

13  fiduciary duties or any other substantive provision of ERISA; and

14      L.      Awarding such other and further relief as this Court may deem appropriate.

15      **ANSWER**:    Defendants admit that Plaintiffs seek the relief identified in the

16  Complaint's "Prayer for Relief" Paragraph, but deny that they are entitled to any relief

17  whatsoever.  Defendants deny the remaining allegations contained in the "Prayer for Relief"

18  Paragraph of the Complaint.

19                 **DEFENDANTS' ADDITIONAL DEFENSES**

20      1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

21      2.      The WAP is not an employee pension plan within the meaning of 29 U.S.C. §

22  1002(2)(A).

23      3.      Even if the WAP is an employee pension plan, it is a top hat plan exempt from

24  ERISA's participation, vesting, funding, and fiduciary provisions.

25

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 17

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

66024-0011/132659713.1

1    4.    Defendants are not proper defendants to Plaintiffs' breach of fiduciary duty

2    claims, as they were not acting as fiduciaries with respect to any purported misconduct alleged

3    by Plaintiffs.

4    5.    Plaintiffs' claims, which seek recovery for their WAP benefits, are not

5    appropriately brought pursuant to 29 U.S.C. § 1132(a)(3), but rather must be brought under 29

6    U.S.C. § 1132(a)(1)(b), and therefore must be dismissed.

7    6.    Plaintiffs' claims are barred by the applicable statutes of limitations.

8    7.    To the extent that Plaintiffs seek nonequitable restitution or another form of

9    monetary damages, those damages are unavailable under ERISA.

10    8.    Defendants reserve the right to assert additional defenses that become known

11    through the course of litigation.

12    WHEREFORE, Defendants request that Plaintiffs' Complaint be dismissed and that they

13    be awarded their fees and costs, and such other relief that the Court deems just and proper.

14

15    DATED: September 12, 2016        By: s/ Kevin J. Hamilton
                                       By: s/ William B. Stafford
16                                     Kevin J. Hamilton, WSBA #15648
                                       Email: KHamilton@perkinscoie.com
17                                     William B. Stafford, WSBA #39849
                                       Email:  WStafford@perkinscoie.com
18
19                                     **Perkins Coie LLP**
                                       1201 Third Avenue, Suite 4900
20                                     Seattle, WA 98101-3099
                                       Telephone: 206.359.8000
21                                     Facsimile: 206.359.9000

22                                     By:  s/ Sari M. Alamuddin
                                       By:  s/ Christopher J. Boran
23                                     By:  s/ Matthew A. Russell
                                       Sari M. Alamuddin (*pro hac vice forthcoming*)
24                                     Sari.alamuddin@morganlewis.com
                                       Christopher J. Boran (*pro hac vice forthcoming*)
25                                     Christopher.boran@morganlewis.com

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 18

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
77 W. Wacker Drive, 5th Floor
Chicago, IL 606015-1596
+1.312.324.1000

Matthew A. Russell (*pro hac vice forthcoming*)
Matthew.russell@morganlewis.com

**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Telephone:  312.324.1000
Facsimile:  312.323.1001

*Attorneys for Defendants*

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 19

1

**CERTIFICATE OF SERVICE**

2      The undersigned certifies under penalty of perjury under the laws of the State of

3  Washington and the United States of America that on the 12th day of September, 2016, the

4  document attached hereto was presented to the Clerk of the Court for filing and uploading to the

5  CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the

6  Clerk of the Court will send e-mail notification of such filing to all CM/ECF participants and any

7  non-CM/ECF participants will be served in accordance with the Federal Rules of Civil

8  Procedure.

9  Jeremy E. Roller, WSBA #32021
   YARMUTH WILSDON PLLC
10 1420 Fifth Avenue, Suite 1400
   Seattle, WA 98101
11 Email:  jroller@yarmuth.com

12 ☒      by **CM/ECF**
   ☐      by **Electronic Mail**
13 ☐      by **Facsimile Transmission**
   ☐      by **First Class Mail**
14 ☐      by **Hand Delivery**
   ☐      by **Overnight Delivery**
15
16      Dated this 12th day of September, 2016 at Seattle, Washington

17                              By:      s/ Kevin J. Hamilton
18                                       Kevin J. Hamilton

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF – PAGE 20

66024-0011/132659713.1