Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTY PAUL, an individual; and BRIAN BUSKIRK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RBC CAPITAL MARKETS, LLC, a Minnesota limited liability company; ROYAL BANK OF CANADA, a Canadian corporation; and ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, an employee benefit plan,<br><br>Defendants. | No. 3:16-cv-05616-RBL<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 3), plaintiffs Marty Paul ("Paul") and Brian Buskirk ("Buskirk") (Paul and Buskirk collectively, "Plaintiffs") and defendants RBC Capital Markets, LLC ("RBC Capital Markets"), Royal Bank of Canada ("RBC"), and Royal Bank of Canada US Wealth Accumulation Plan ("the WAP") (RBC Capital Markets, RBC, and the WAP collectively, "Defendants") submit this Joint Status Report and Discovery Plan.

JOINT STATUS REPORT AND DISCOVERY PLAN
NO. 3:16-cv-05616-RBL – Page 1

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

## 1. Statement of the Nature and Complexity of the Case

This case arises under the Employment Retirement Income Security Act ("ERISA"). Plaintiffs assert claims against Defendants relating to the denial of benefits Plaintiffs allege were due to them under the WAP. Those claims include:

1. A claim for enforcement of rights and recovery of benefits due pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);
2. A claim for declaratory judgment to clarify Plaintiffs' rights to benefits due under the WAP pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);
3. A claim for breach of fiduciary duty pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2); and
4. A claim to enjoin denial of full vesting pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Defendants deny all claims.

## 2. Proposed Deadline for Joining Additional Parties

The Parties propose December 15, 2016, as the deadline to join additional parties.

## 3. Consent to Magistrate Judge

No.

## 4. Discovery Plan

### A. Initial Disclosures

The Parties exchanged initial disclosures on October 5, 2016, the date set forth in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement.

### B. Subjects, Timing and Potential Phasing of Discovery

Without waiver of additional topics of discovery, at this time Plaintiffs plan to take discovery relating to what Plaintiffs believe to be the two essential questions of this case:

JOINT STATUS REPORT AND DISCOVERY PLAN
NO. 3:16-cv-05616-RBL – Page 2

Yarmuth Wilsdon PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

(1) Whether the WAP is an "employee pension benefit plan" subject to ERISA[1], and (2) if so, whether the WAP is a "top hat" plan exempt from certain ERISA requirements.

Without waiver of additional topics of discovery, at this time Defendants plan to take discovery relating to (1) Plaintiffs' employment history at RBC, including their participation in the WAP and their knowledge thereof; (2) Plaintiffs' negotiations (if any) with Defendants or other financial services companies upon their arrival to, and departure from, RBC; and (3) Plaintiffs' alleged damages.

The Parties do not believe that discovery should be conducted in phases.

### C. Electronically Stored Information

Although certain information relating to WAP administration, participation, and eligibility is stored electronically, at this time the Parties do not anticipate any particular issues regarding the disclosure, discovery, or preservation of electronically stored information.

### D. Privilege Issues

At this time the Parties do not anticipate any unusual issues relating to the attorney-client privilege or work product doctrine.

The Parties agree that the disclosure of attorney-client privileged communications and/or work product doctrine-protected materials will not waive the protection of the attorney-client privilege or work product doctrine provided that (1) the disclosure is inadvertent, (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure, and (3) the holder promptly takes reasonable steps to rectify the error. The Parties agree that documents that the producing party believes contain privileged or protected information that were inadvertently produced will be destroyed by the receiving

---

[1] Plaintiffs believe that the Fifth Circuit Court of Appeals' determination that the WAP is an "employee pension benefit plan" within the meaning of ERISA has definitively resolved this question and that Defendants should be collaterally estopped from re-litigating this issue. *See Tolbert v. RBC Capital Markets Corp., et al.*, 758 F.3d 619 (5th Cir. 2014). At this time, Defendants intend to preserve their arguments with respect to this issue.



1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

party or returned or sequestered under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved by the Court.

### E. Proposed Limitations on Discovery

At this time, the Parties do not believe any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or under the Western District of Washington Local Civil Rules are necessary.

### F. Need for any Discovery Related Orders

The Parties anticipate filing a Stipulated Motion and [Proposed] Protective Order. The Stipulated Motion and [Proposed] Protective Order will be similar in form to the Western District of Washington Model Stipulated Protective Order. Per LCR 26(c)(2) the Parties will provide the Court with the Stipulated Motion and [Proposed] Protective Order that identifies in redline proposed departures from the Model Stipulated Protective Order.

## 5. Local Civil Rule 26(f)(1)

### A. Prompt Case Resolution

The Parties will endeavor to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

### B. Alternative Dispute Resolution

The Parties have not yet determined if they will engage in some form of alternative dispute resolution. The Parties will not engage in the individualized trial program set forth in LCR 39.2.

### C. Related Cases

There is no related case pending before this Court or in another jurisdiction.

### D. Discovery Management

At this time the Parties do not believe the number or scope of depositions should be limited beyond the limitations in the Federal Rules of Civil Procedure. At this time, the Parties do not request a scheduling conference be held before a scheduling order is issued in

JOINT STATUS REPORT AND DISCOVERY PLAN
NO. 3:16-cv-05616-RBL – Page 4

Yarmuth Wilsdon PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

this case. At this time, the Parties do not request that the Court use an abbreviated pretrial order or issue any order than a Fed. R. Civ. P. 16(b) and LCR 16(b)(1) scheduling order.

**E.     Anticipated Discovery Sought**

See Paragraph 4(B).

**F.     Phasing Motions**

At this time the Parties do not believe any particular phasing of motions should be ordered.

**G.     Preservation of Discoverable Information**

The Parties are preserving discoverable information.

**H.     Privilege Issues**

See Paragraph 4(D).

**I.     Model Protocol for Discovery of ESI**

See Paragraph 4(C).

At this time the Parties do not believe there is a need to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.

**J.     Alternatives to Model Protocol for Discovery of ESI**

As the Parties do not believe that electronically stored information will present unusual issues in this matter, the Parties have not agreed regarding protocols for the topics identified in LCR 26(f)(1)(J). Should electronically stored information become an issue in this case, the Parties will revisit the topics identified in LCR 26(f)(1)(J).

**6.  Date by Which Discovery can be Completed / Proposed Dispositive Motion Deadline**

The Parties believe discovery can be completed by June 30, 2017.

The Parties propose that all dispositive motions, including motions for summary judgment, shall be filed on or before July 20, 2017, with briefs in opposition to such motions due no later than August 17, 2017, and all associated replies due no later than September 1, 2017.

JOINT STATUS REPORT AND DISCOVERY PLAN
NO. 3:16-cv-05616-RBL – Page 5

Yarmuth Wilsdon PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

**7. Bifurcation**

At this time the Parties do not believe this case should be bifurcated in any way.

**8. Pretrial Statements and Pretrial Order**

At this time the Parties do not believe the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for the sake of economy. The Parties will revisit potential alterations to the requirements for pretrial statements and pretrial order for the sake of economy nearer to the trial date for this case.

**9. Individualized Trial Program and ADR**

At this time the Parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2. The Parties have not yet determined if they will engage in some form of alternative dispute resolution.

**10. Other Suggestions for Shortening or Simplifying the Case**

The Parties have no other suggestions for shortening or simplifying the case, but will endeavor to work to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

**11. Date Case Will be Ready for Trial**

The Parties suggest a trial date of December 11, 2017.

**12. Whether the Trial will be Jury or Non-Jury**

Non-jury.

**13. Number of Trial Days**

The Parties anticipate that this case can be resolved in four trial days.



### 14. Trial Counsel Contact Information

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| Jeremy E. Roller | Sari M. Alamuddin |
| Elizabeth S. Weinstein | Christopher J. Boran |
| Yarmuth Wilsdon PLLC | Matthew A. Russell |
| 1420 Fifth Avenue, Suite 1400 | Morgan, Lewis & Bockius LLP |
| Seattle, WA 98101 | 77 West Wacker Drive, Fifth Floor |
| Phone: 206.516.3800 | Chicago, IL 60601 |
| Fax: 206.516.3888 | Phone: 312.324.1000 |
| Email: jroller@yarmuth.com | Fax: 312.323.1001 |
| eweinstein@yarmuth.com | Email: Sari.alamuddin@morganlewis.com |
| | Christopher.boran@morganlewis.com |
| | Matthew.russell@morganlewis.com |
| | |
| | Kevin J. Hamilton |
| | William B. Stafford |
| | Perkins Coie LLP |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA 98101-3099 |
| | Phone: 206.359.8000 |
| | Fax: 206.359.9000 |
| | Email: KHamilton@perkinscoie.com |
| | WStafford@perkinscoie.com |

### 15. Trial Counsel Commitments to be Considered in Setting Trial Date

None at this time. Counsel will promptly advise the Court of commitments that arise that may conflict with the trial date.

### 16. Status of Service on Defendants

All Defendants have been served.

### 17. Scheduling Conference

The Parties do not request a scheduling conference before the Court enters a scheduling order in this case.

### 18. Dates on Which Nongovernmental Corporate Parties Filed Corporate Disclosure Statements

Defendants filed their Corporate Disclosure Statement (Dkt. No. 12) on September 12, 2016.



DATED: October 12, 2016

| | |
|---|---|
| **YARMUTH WILSDON PLLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
| By: */s/ Jeremy E. Roller* <br>     Jeremy E. Roller, WSBA No. 32021 <br>     Elizabeth S. Weinstein, WSBA No. 45763 <br> 1420 Fifth Avenue, Suite 1400 <br> Seattle, WA 98101 <br> Phone: 206.516.3800 <br> Fax:    206.516.3888 <br> Email: jroller@yarmuth.com <br>         eweinstein@yarmuth.com <br><br> *Attorneys for Plaintiffs Marty Paul and Brian Buskirk* | By: */s/ Sari M. Alamuddin* <br>     Sari M. Alamuddin, admitted *pro hac vice* <br>     Christopher J. Boran, admitted *pro hac vice* <br>     Matthew A. Russell, admitted *pro hac vice* <br> 77 West Wacker Drive, Fifth Floor <br> Chicago, IL 60601 <br> Phone: 312.324.1000 <br> Fax:    312.323.1001 <br> Email: Sari.alamuddin@morganlewis.com <br>         Christopher.boran@morganlewis.com <br>         Matthew.russell@morganlewis.com <br><br> **PERKINS COIE LLP** <br><br> By: */s/ Kevin J. Hamilton* <br>     Kevin J. Hamilton, WSBA No. 15648 <br>     William B. Stafford, WSBA No. 39849 <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA 98101-3099 <br> Phone: 206.359.8000 <br> Fax:    206.359.9000 <br> Email: KHamilton@perkinscoie.com <br>         WStafford@perkinscoie.com <br><br> *Attorneys for Defendants RBC Capital Markets, LLC, Royal Bank of Canada, and Royal Bank of Canada US Wealth Accumulation Plan* |



# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**PERKINS COIE LLP**
Kevin J. Hamilton
William B. Stafford
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Email: KHamilton@perkinscoie.com
WStafford@perkinscoie.com

**MORGAN, LEWIS & BOCKIUS LLP**
Sari M. Alamuddin, *pro hac vice*
Christopher J. Boran, *pro hac vice*
Matthew A. Russell, *pro hac vice*
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Email: Sari.alamuddin@morganlewis.com
Christopher.boran@morganlewis.com
Matthew.russell@morganlewis.com

*Attorneys for Defendants RBC Capital Markets, LLC, Royal Bank of Canada, and Royal Bank of Canada US Wealth Accumulation Plan*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 12, 2016 at Seattle, Washington.

*s/Sue Stephens*
Sue Stephens, Legal Assistant

JOINT STATUS REPORT AND DISCOVERY PLAN
NO. 3:16-cv-05616-RBL – Page 9

714.01 qj111501

**YARMUTH WILSDON** PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888