1

Honorable Ronald B. Leighton

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

MARTY PAUL, an individual; and
BRIAN BUSKIRK, an individual,

No. 3:16-cv-05616-RBL

11

Plaintiffs,

**DECLARATION OF ELIZABETH S.
WEINSTEIN IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

12

v.

13

RBC CAPITAL MARKETS, LLC, a
Minnesota limited liability company;
ROYAL BANK OF CANADA, a
Canadian corporation; and ROYAL
BANK OF CANADA US WEALTH
ACCUMULATION PLAN, an employee
benefit plan,

NOTE ON MOTION CALENDAR:
October 20, 2017

14

**ORAL ARGUMENT REQUESTED**

15

16

17

Defendants.

18

19

I, ELIZABETH S. WEINSTEIN, declare as follows:

20

1.      I am one of the attorneys representing Plaintiffs Marty Paul and Brian

21

Buskirk in this action.  I make this declaration based on my personal knowledge and on

22

records maintained by my firm with respect to the above-captioned matter.

23

2.      Attached hereto as **Exhibit 1** are true and correct copies of excerpts from the

24

July 11, 2017 deposition transcript of Gabriela Sikich.

25

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Amended and

26

Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 1

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   November 1, 2008.  This document was produced in this matter by Defendants as RBC-

2   PAUL000000080-102.  Per agreement from counsel, this document has been de-designated

3   from Confidential.

4           4.      Attached hereto as **Exhibit 3** are true and correct copies of excerpts from the

5   July 12, 2017 deposition transcript of Tammy Buchert.

6           5.      Attached hereto as **Exhibit 4** is a true and correct copy of the 2009 Financial

7   Consultant Compensation Plan dated November 1, 2008.  This document was produced in

8   this matter by Defendants as RBC-PAUL000006615.  Per agreement from counsel, this

9   document has been de-designated from Confidential.

10           6.      Attached hereto as **Exhibit 5** is a true and correct copy of the 2009 Branch

11   Director Compensation Plan dated November 1, 2008.  This document was produced in this

12   matter by Defendants as RBC-PAUL000011237-50.  Per agreement from counsel, this

13   document has been de-designated from Confidential.

14           7.      Attached hereto as **Exhibit 6** is a true and correct copy of the Amended and

15   Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

16   November 30, 2004.  This document was produced in this matter by Defendants as RBC-

17   PAUL000003455-73.  Per agreement from counsel, this document has been de-designated

18   from Confidential.

19           8.      Attached hereto as **Exhibit 7** is a true and correct copy of the Amended and

20   Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

21   November 1, 2006.  This document was produced in this matter by Defendants as RBC-

22   PAUL000000043-60.  Per agreement from counsel, this document has been de-designated

23   from Confidential.

24           9.      Attached hereto as **Exhibit 8** is a true and correct copy of the Amended and

25   Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

26   November 1, 2007.  This document was produced in this matter by Defendants as RBC-

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 2

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  PAUL000000061-79.  Per agreement from counsel, this document has been de-designated

2  from Confidential.

3      10.    Attached hereto as **Exhibit 9** is a true and correct copy of the Amended and

4  Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

5  November 1, 2009.  This document was produced in this matter by Defendants as RBC-

6  PAUL000003138-59.  Per agreement from counsel, this document has been de-designated

7  from Confidential.

8      11.    Attached hereto as **Exhibit 10** is a true and correct copy of the Amended and

9  Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus dated

10  November 1, 2010.  This document was produced in this matter by Defendants as RBC-

11  PAUL000000102-23.  Per agreement from counsel, this document has been de-designated

12  from Confidential.

13      12.    Attached hereto as **Exhibit 11** is a true and correct coy of the Royal Bank of

14  Canada US Wealth Accumulation Plan and Prospectus dated December 6, 2011.  This

15  document was produced in this matter by Defendants as RBC-PAUL000003386-408.  Per

16  agreement from counsel, this document has been de-designated from Confidential.

17      13.    Attached hereto as **Exhibit 12** is a true and correct copy of the Amended and

18  Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus (Frozen as

19  of January 1, 2012) dated January 1, 2012.  This document was produced in this matter by

20  Defendants as RBC-PAUL000003341-62.  Per agreement from counsel, this document has

21  been de-designated from Confidential.

22      14.    Attached hereto as **Exhibit 13** is a true and correct copy of the RBC U.S.

23  Wealth Accumulation Plan FC Select Participants Summary.  This document was produced

24  in this matter by Defendants as TOLBERT0000636-39.  Per agreement from counsel, this

25  document has been de-designated from Confidential.

26

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 3

1   15.   Attached hereto as **Exhibit 14** is a true and correct copy of a presentation

2   titled 2011 FC Compensation Regional Director Meeting dated May 19, 2010.  This

3   document was produced in this matter by Defendants as RBC-PAUL000005699-714.  Per

4   agreement from counsel, this document has been de-designated from Confidential.

5   16.   Attached hereto as **Exhibit 15** is a true and correct copy of the RBC US

6   Wealth Accumulation Plan ("WAP") Overview, RBC Benefits.  This document was

7   produced in this matter by Defendants as TOLBERT0002107-115.  Per agreement from

8   counsel, this document has been de-designated from Confidential.

9   17.   Attached hereto as **Exhibit 16** is a true and correct copy of an email from

10   Jim Chapman and Karl Leaverton to RBCWM Complex Directors dated November 19,

11   2008.  This document was produced in this matter by Defendants as RBC001406.  Per

12   agreement from counsel, this document has been de-designated from Confidential.

13   18.   Attached hereto as **Exhibit 17** are true and correct copies of excerpts from

14   Defendant RBC Capital Markets, LLC's Responses and Objections to Plaintiffs' Second

15   Interrogatories dated March 8, 2017.

16   19.   Attached hereto as **Exhibit 18** is a true and correct copy of a WAP

17   Retirement Savings Statement re Marty Paul dated January 1, 2006 – December 31, 2011.

18   This document was produced in this matter by Defendants as RBC-PAUL000000410-85.

19   Per agreement from counsel, this document has been de-designated from Confidential.

20   20.   Attached hereto as **Exhibit 19** is a true and correct copy of a letter from

21   Gabriela Sikich to Marty Paul re RBC US Wealth Accumulation Plan ("WAP") dated

22   March 15, 2012; produced in this matter by Defendants as RBC-PAUL000003952.  Per

23   agreement from counsel, this document has been de-designated from Confidential.

24   21.   Attached hereto as **Exhibit 20** is a true and correct copy of a WAP

25   Retirement Savings Statement re Brian Buskirk dated January 1, 2009 – December 31,

26   2012.  This document was produced in this matter by Defendants as RBC-

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 4

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   PAUL000004570-632.  Per agreement from counsel, this document has been de-designated

2   from Confidential.

3           22.     Attached hereto as **Exhibit 21** is a true and correct copy of a WAP

4   Retirement Savings Statement re Brian Buskirk dated January 1, 2013 – December 31,

5   2013.  This document was produced in this matter by Defendants as RBC-

6   PAUL000000243-50.  Per agreement from counsel, this document has been de-designated

7   from Confidential.

8           23.     Attached hereto as **Exhibit 22** is a true and correct copy of a letter from

9   Todd Schwartz to Dawn Crocheron re Brian Buskirk Resignation Letter dated August 10,

10  2012; produced in this matter by Defendants as RBC-PAUL000009931.  Per agreement

11  from counsel, this document has been de-designated from Confidential.

12          24.     Attached hereto as **Exhibit 23** is a true and correct copy of WAP Retirement

13  Savings Statements re Marty Paul dated January 1, 2012 – December 31, 2012.  This

14  document was produced in this matter by Defendants as RBC-PAUL000000486-89.  Per

15  agreement from counsel, this document has been de-designated from Confidential.

16          25.     Attached hereto as **Exhibit 24** is a true and correct copy of a letter from

17  Elizabeth S. Weinstein to Sari M. Alamuddin dated June 28, 2017.

18          26.     Attached hereto as **Exhibit 25** is a true and correct copy of a letter from

19  Matthew A. Russell to Elizabeth S. Weinstein dated July 10, 2017.

20          27.     On July 26, 2017, counsel for Plaintiffs and counsel for RBC engaged in a

21  telephonic meet and confer regarding the WAP's status as an employee pension benefit plan

22  under 29 U.S.C. § 1002(2)(A)(ii), and RBC declined to enter a joint stipulation on that

23  issue.

24          28.     Attached hereto as **Exhibit 26** is a document I created showing excerpts

25  from the Fifth Circuit decision in *Tolbert v. RBC Capital Markets*, 758 F.3d 619 (5th Cir.

26  2014), along with the provisions from the 2008 Plan Document (Exhibit 2) considered by

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 5

YARMUTH  WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  the Fifth Circuit. The document also compares the corresponding provisions and language

2  from the other applicable Plan Documents (Exhibits 6 through 12) to the 2008 Plan

3  Document (Exhibit 2).

4       29.     Attached hereto as **Exhibit 27** is a true and correct copy of the Declaration

5  of Gabriela Sikich in Support of Defendants' Motion for Summary Judgment as to Plaintiff

6  Kennedy's Claims dated June 23, 2009 from *In Re RBC Dain Rauscher Overtime*

7  *Litigation*, Case No. 06-03093 (USDC Dist. Minn.). This document was produced in this

8  matter by Defendants as RBC001420. Per agreement from counsel, this document has been

9  de-designated from Confidential.

10       30.     To determine the amount of Mr. Paul's mandatory deferred contributions to

11  the WAP for the years 2006 through 2009, I added the "Employee Mandatory" contribution

12  amounts shown in Mr. Paul's Retirement Savings Statements for the years 2006, 2007,

13  2008 and 2009 (Exhibit 18 at RBC-PAUL000000410-62). Using the market value on

14  December 31 of each of those years, the amounts were: $107,873.05 (RBC-

15  PAUL000000413), $180,999.99 (RBC-PAUL000000427), $103,369.48 (RBC-

16  PAUL000000440), and $114,718.52 (RBC-PAUL000000454), which total $506,961.04 in

17  mandatory deferred contributions. To determine the total amount of Mr. Paul's WAP

18  contributions for the years 2006 through 2012, I added the "Total" contribution amounts

19  shown in Mr. Paul's Retirement Savings Statements for the years 2006, 2007, 2008, 2009,

20  2010, 2011, and 2012 (Exhibit 18). Using the market value on December 31 of each of

21  those years, the amounts were: $215,746.02 (RBC-PAUL000000414), $362,000.02 (RBC-

22  PAUL000000427), $206,738.96 (RBC-PAUL000000440), $229,437.12 (RBC-

23  PAUL000000454), $270,494.22 (RBC-PAUL000000466), and $60,151.28 (RBC-

24  PAUL000000477), which total $1,344,567.50 in total contributions.

25       31.     Attached hereto as **Exhibit 28** is a true and correct copy of the RBC U.S.

26  Wealth Accumulation Plan for Regional Directors & Complex Directors Summary. This

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 6

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1  document was produced in this matter by Defendants as TOLBERT0000646-52.  Per

2  agreement from counsel, this document has been de-designated from Confidential.

3

4

5       I declare under penalty of perjury of the laws of the United States of America that

6  the foregoing is true and correct.

7       Dated:  September 28, 2017, at Seattle, Washington.

8

9                     *s/Elizabeth S. Weinstein*

10                     Elizabeth S. Weinstein

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 7

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this date, I electronically filed the foregoing document with

3

the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4

to the following:

5

**PERKINS COIE LLP**

6

Kevin J. Hamilton
William B. Stafford

7

1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

8

Email: khamilton@perkinscoie.com
        wstafford@perkinscoie.com

9

10

**MORGAN, LEWIS & BOCKIUS LLP**
Sari M. Alamuddin, *pro hac  vice*

11

Christopher J. Boran, *pro hac vice*
Matthew A. Russell, *pro hac vice*

12

77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

13

Email: sari.alamuddin@morganlewis.com
        christopher.boran@morganlewis.com

14

        matthew.russell@morganlewis.com

15

*Attorneys for Defendants RBC Capital*

16

*Markets, LLC, Royal Bank of Canada, and*
*Royal Bank of Canada US Wealth*

17

*Accumulation Plan*

18

19

I declare under penalty of perjury under the laws of the State of Washington that the

20

foregoing is true and correct.

21

Dated:  September 28, 2017 at Seattle, Washington.

22

*s/Sue Stephens*
_____

23

Sue Stephens, Legal Assistant

24

25

26

DECLARATION OF ELIZABETH S. WEINSTEIN IN
SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 8

714.01 rh152503 9/28/17



YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

# EXHIBIT 1

# Deposition of Gabriela Sikich

# Paul, et ano. v. RBC Capital Markets, LLC, et al.

# July 11, 2017



**206.287.9066  |  800.846.6989**
**1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101**
**www.buellrealtime.com**
email: info@buellrealtime.com



Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

                                                                    Page 39

 1    BY MR. ROLLER:

 2         Q.   We'll get into a bit later about eligibility and

 3    how it's kind of changed over the years, but let's just

 4    talk hypothetically about what the -- what the process is

 5    for creating that eligibility file for any given year.

 6         A.   Well, we go back and, depending on that

 7    eligibility requirement for that particular year -- and as

 8    you had mentioned, it has changed.   And so what we do is

 9    that we get -- since eligibility for commission-based

10    employees comes based on production, we get a product- -- a

11    production file from wealth management or PCG.

12              And that production file then provides a breakdown

13    of fiscal year gross production for all FAs and BDs.   And

14    so, at that point, it does have a whole host of other

15    information, but that is the -- that -- that production

16    file is what we use to determine who's going to be eligible

17    to participate in the following year on our

18    commission-based.

19              For non-commission, we basically take -- it's --

20    it's based on total cash compensation, and that comes

21    directly off of our payroll system, SAP.   And so we pull

22    that off, all employees, and based on their total -- total

23    cash compensation, whatever level was determined for that

24    particular year threshold, anyone that was above that

25    threshold then would be eligible to participate in the

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 11

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 40

1    following year.

2        Q.    And so starting with the noncommissioned, is that

3    eligibility determined on a calendar year basis or a fiscal

4    year basis?

5        A.    It's actually determined on what we call benefit

6    salary.  It goes -- it's one month off from a fiscal year,

7    so it goes from 10/1 to 9/30.

8        Q.    And is the fiscal year starting 11/1 or 9/1?

9        A.    11/1.

10       Q.    I'm just curious.  Why does the benefits schedule

11   start a month before the fiscal year?

12       A.    So that people -- it's actually that -- that

13   particular time frame was used to really determine health

14   and welfare benefits.  And so we decided to start using

15   that, because we have to determine eligibility for the

16   month of December, and if we didn't start doing that until

17   November, it's -- it was just a really crunch time for us.

18          And so since we had the benefit salary out on our

19   payroll system and we used all other benefits as -- as

20   that time -- you know, that time frame to determine

21   eligibility for other benefits, it made sense that we would

22   align.  And it would also be -- operationally give us more

23   time so that we would have that extra month to make sure

24   that we had everything populated by December.

25       Q.    So those -- those spreadsheets are created, and

NETTER REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 50

1       Q.    Was another thing they dealt with restatement of

2    the -- the WAP document?

3       A.    Correct.

4       Q.    Were there other things they dealt with at those

5    quarterly meetings?

6       A.    The investment review and monitoring.

7       Q.    In addition to dealing with the claims, the

8    changes to the plan document, and the investment review and

9    monitoring, were there other things that the WAP committee

10   did back in that pre-2013 time period?

11      A.    No.

12      Q.    Now we're going to go even further back in time,

13   so we're going to have to cast our minds back way -- I

14   think back toward the turn of the century, and I want to

15   talk a little bit -- or ask you a little bit about the

16   origins of the WAP.

17           Can you tell me when the WAP started?  And here,

18   again, as throughout this deposition, unless I specify

19   otherwise, I'm talking about the old WAP.

20      A.    I don't know when it actually started.  I do know

21   it was in place at the time of the acquisition of -- RBC

22   acquired Dain Rauscher.  And at that point in time -- so

23   that was 2001.  I do know that Dain Rauscher had a deferred

24   compensation plan known as WAP prior to that.  I cannot

25   state for how long.  I can say it was more than ten years.

STARR REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 55

1   the ability to develop their own investment strategy within

2   their deferred compensation.

3          And then, additionally, I think that we have the

4   ability for a participant to then also elect the timing of

5   when those distributions are paid out, and they can earmark

6   that based on their own personal needs, whether it be

7   in-service or post employment.

8          I think the key thing is flexibility and the fact

9   that it had very generous company contributions.

10      Q.   And you mentioned that one of the really

11  attractive features of the WAP is that there were an array

12  of choices, a broader array, in your view, than offered by

13  many competitors; is that correct?

14      A.   I would say historically we were kind of -- that

15  we -- we provide more investment flexibility.  Over the

16  course of time, that -- that competitive edge -- I mean, I

17  think that now it's very commonplace that you're going to

18  find our competitors offering the same type of investment

19  flexibility.

20      Q.   So others have caught up to some extent?

21      A.   Yes.

22      Q.   And let's say back ten years ago or so, there was

23  more separation between RBC and competitors in that regard;

24  is that correct?

25      A.   I would say that that was correct.

NAEGELI DEPOSITION & TRIAL REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 64

1      A.   Correct.

2      Q.   And it's dated January 1, 2012?

3      A.   Correct.

4      Q.   And, per Section 1.1B, is effective January 1,

5    2012?

6      A.   Correct.

7      Q.   And is it fair to say that this plan document

8    amends and restates the plan documents that we just went

9    through, Exhibits 2 through 7?

10      A.   Yes.

11           (Exhibit No. 9 marked.)

12   BY MR. ROLLER:

13      Q.   Ms. Sikich, you've been handed what's been marked

14   Exhibit 9.  Do you know what this document is?

15      A.   Yes.

16      Q.   What is it?

17      A.   It's the wealth accumulation plan document and

18   prospectus.

19      Q.   And it's dated December 6, 2011?

20      A.   Correct.

21      Q.   And I'd like you to turn to Section 1.1B, which is

22   the heading that begins, in italics, "New deferred

23   compensation plan," and then continues, "This is a new plan

24   that is wholly separate from the U.S. wealth accumulation

25   plan formerly called the RBC Dain Rauscher wealth

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 15

STARK REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

                                                                    Page 65

1     accumulation plan that was frozen on January 1, 2012," and

2     it's defined as the "frozen plan."  Do you see that?

3          A.   I do.

4          Q.   So this -- this plan is separate from the plan

5     that is reflected in Exhibits 2 through 8; correct?

6          A.   That's correct.

7          Q.   And why was that done?

8               MR. RUSSELL:  Object -- excuse me.  Objection

9     to form.

10         A.   It was at the time that we actually then -- we had

11    some significant changes within the organizational

12    structure and where we had to freeze this plan and then

13    start a new WAP along with the -- introducing the U.S.

14    deferred advantage plan.

15    BY MR. ROLLER:

16         Q.   So when you say "freeze this plan," it's freezing

17    the WAP or -- or the old WAP; right?

18         A.   Freezing the old WAP.

19         Q.   And then this document is the -- essentially

20    the -- the beginning of the new WAP; right?

21         A.   That's correct.

22         Q.   And you said there were significant

23    organizational -- did you say organizational changes?

24         A.   Correct.  In 2012, a significant amount of what --

25    what drove primarily all of these changes is that we

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 16
Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 67

 1   for eligibility to participate in WAP.

 2        Q.   So when the new WAP was created, there were

 3   significant eligibility changes; correct?

 4        A.   That is correct.

 5        Q.   And they were -- I assume they were significantly

 6   tightened, the eligibility requirements?

 7        A.   Yes.   They were definitely increased

 8   significantly.

 9        Q.   And we'll get into this a bit more later on today,

10   but it's true that, over time, eligibility changes were

11   made to the old WAP; correct?

12        A.   That is correct.

13        Q.   So why not simply make those eligibility changes

14   to the old WAP?

15        A.   Because of the significant -- because of the

16   significant eligibility change, historically, we

17   did have -- we did elevate them.   But with this divestiture

18   from the bank, it had a significant impact on the

19   eligibility, and with working with outside counsel, had

20   said, "Well, at this" --

21              MR. RUSSELL:   Hold on.   I'm just going to

22   caution you that, to the extent you had conversations with

23   outside counsel, you're not to testify to the substance of

24   the --

25              THE WITNESS:   Okay.

STARR LITIGATION REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 69

 1    participants of the old WAP as to why this change was made?

 2         A.   No.  Not that I'm aware of.

 3         Q.   So they just one day found out they weren't

 4    eligible for the WAP anymore?

 5         A.   Well, we did identify -- we did identify the

 6    eligibility changes and then also introduced the deferred

 7    advantage plan.  So yes, we did have to make that

 8    communication, because it impacted many people.

 9         Q.   And do you recall, in making those communications,

10    what RBC said to those participants in the old WAP that

11    would not be participants in the new WAP?

12         A.   I don't understand the question.

13         Q.   Is it true that a number of RBC employees who

14    would have been eligible to participate under the old WAP

15    were no longer eligible to participate under the new WAP?

16    Correct?

17         A.   Correct.

18         Q.   And in communicating the fact that they were not

19    eligible to participate in the new WAP, what, if anything,

20    did RBC tell those participants in the old WAP about the

21    reason that they were not eligible to participate in the

22    new WAP?

23         A.   The people that were able to participate in the

24    old WAP that no longer met the eligibility requirements in

25    the new WAP, we identified the fact that, due to the

NETWORK DEPOSITION REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                              bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                     Gabriela Sikich

Page 70

1    divestiture of the bank, that we needed to change

2    eligibility thresholds and therefore were introducing --

3    since they no longer can be eligible to participate in WAP,

4    were introducing the deferred advantage plan.  So they

5    would be eligible for the deferred -- deferred advantage

6    plan.

7         Q.   To introduce -- what was it called?  The deferred

8    advantage plan?

9         A.   Yeah.  Or DAP.

10        Q.   To introduce the DAP, was it required to create a

11   new WAP?

12        A.   It was not a requirement.

13        Q.   Is there anything that prevented RBC from

14   introducing a DAP in 2008?

15             MR. RUSSELL:  Objection to form.

16        A.   State that again.

17   BY MR. ROLLER:

18        Q.   Could RBC have introduced a DAP in 2008?

19        A.   They could have.

20        Q.   Why didn't they?

21        A.   There was no need.

22        Q.   In 2010, there was significant eligibility

23   tightening of the old WAP; correct?

24             MR. RUSSELL:  Object to form.

25        A.   There have been eligibility changes or threshold

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 76

 1   they're automatically paid out at the end of the vesting

 2   period.

 3          The other difference is, under WAP, individuals

 4   are allowed to re-defer any type of in-service distribution

 5   election, which must be made five years prior to that

 6   in-service based under the rules under 409A.  Under the

 7   deferred advantage plan, they do not have a re-deferral

 8   option on their in-service.

 9      Q.   Setting aside the new WAP, can you tell me how the

10   revisions to Exhibits 2 through 8 were made -- who made the

11   revisions to Exhibits 2 through 8?

12      A.   Our outside counsel at the time.

13      Q.   You didn't have input on those revisions?

14      A.   Collabor- -- worked collaboratively with.  These

15   are legal documents, so they were drafted by legal.

16      Q.   Outside legal or in-house legal?

17      A.   Outside legal.

18      Q.   And was the WAP committee involved in those

19   revisions?

20      A.   No.

21      Q.   Now, you've been very clear that Exhibit 9 refers

22   to a new WAP.  It's an entirely separate plan from the old

23   WAP that's in Exhibits 2 through 8; correct?

24      A.   That's correct.

25      Q.   Setting aside the new WAP, Exhibits 2 through 8

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 20

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 77

1    govern a single plan; correct?

2         A.   It is my understanding that each -- each plan

3    document -- subsequent plan document supersedes any of the

4    provisions of the previous plan documents.

5         Q.   Okay.  But that's not the question I asked.

6              I understand that it's RBC's position that they

7    supersede the prior documents, but these -- when, for

8    example, RBC enacted Exhibit 8, that didn't create a new

9    plan than had been governed by Exhibit 7?

10        A.   Correct.

11        Q.   It was the same plan -- Exhibit 7 and 8 govern the

12   same plan?

13             MR. RUSSELL:  I'm going to just object to the

14   extent it calls for a legal conclusion.

15             But you can answer.

16        A.   Yes.

17   BY MR. ROLLER:

18        Q.   Exhibit 8 through all of the exhibits going back

19   to Exhibit 2 govern the same plan; correct?

20             MR. RUSSELL:  Same objection.

21        A.   Yes.

22             MR. RUSSELL:  Jeremy, we're close to two

23   hours.  If --

24             MR. ROLLER:  Yeah.

25             MR. RUSSELL:  Only when you're ready to

STARR REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 93

1      A.    Correct.

2      Q.    And if you turn to page 3, in the lower right

3   corner, the number is 638.  Near the top, there's reference

4   to two choices for distribution options: a retirement

5   distribution and an in-service distribution.  Do you see

6   that?

7      A.    Yes.

8      Q.    In-service distribution is where they elect to

9   receive the distribution at some point while they're still

10  working with RBC; correct?

11     A.    That is correct.

12     Q.    And the retirement distribution, what did that

13  allow these WAP participants to do?

14          MR. RUSSELL:  I'm going to object, and to

15  clarify, you're talking specifically that -- this FC select

16  group?

17          MR. ROLLER:  Yes.

18     A.    The retirement distribution option, the

19  participant was -- had the ability to elect a distribution

20  post employment, and they could have spread it out anywhere

21  between one and ten years, and they would make that

22  election at the time that they enrolled in the plan for

23  that particular plan year.

24          The caveat is, is that in order to lock in that

25  post-employment distribution election, they would have had

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 95

1              (Exhibit No. 13 marked.)

2    BY MR. ROLLER:

3        Q.    Ms. Sikich, do you recognize Exhibit 13?

4        A.    Yes.

5        Q.    And what is this?

6        A.    This is the summary for the WAP for financial

7    consultants and branch directors for the 2011 plan year.

8        Q.    So the financial consultants who weren't in the FC

9    select category would fall under this rubric; is that

10   right?

11       A.    Correct.

12       Q.    And unlike the FC select participants, these

13   participants could be eligible for both productivity

14   bonuses and loyalty bonuses?

15       A.    That's correct.

16       Q.    What's a productivity bonus?

17       A.    Productivity bonus is -- there's a grid that

18   basically provides a contribution based on a level of

19   production.  The higher production, the higher the

20   contribution is to the plan.

21       Q.    And a loyalty bonus, is that based in part on the

22   length of service?

23       A.    The component for the loyalty bonus has two

24   components.  It's based on production and longevi- -- years

25   of service.

DECL WEINSTEIN ISO PLAINTIFFS MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 23

RYDER & ASSOCIATES REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 126

1    order here.

2    BY MR. ROLLER:

3        Q.   And I'd like to direct your attention to

4    paragraph 2.3.  It is page 4.

5        A.   Page 4?

6        Q.   Yeah.

7             And 2.3 deals with mandatory deferral of

8    compensation; right?

9        A.   Yes.

10       Q.   And it provides, "In connection with the

11   designation of an employee of the company or a

12   participating subsidiary as an eligible participant under

13   the plan, the committee from time to time and in its sole

14   and absolute discretion may also designate a percentage of

15   such participant's gross cash compensation which must be

16   deferred in accordance with the further provisions of this

17   plan, which shall constitute such participant's mandatory

18   deferred compensation."

19            Did I read that correctly?

20       A.   Yes.

21       Q.   Do you recall, back in 2005, were branch directors

22   required to make mandatory deferred contributions?

23       A.   Yes.

24       Q.   Could a branch director who is eligible to

25   participate in the WAP decide not to participate?

DECL WEINSTEIN ISO PLAINTIFFS MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 24

STARK REALTIME REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                          Gabriela Sikich

Page 127

1      A.    On a voluntary deferral basis, yes.

2      Q.    But would that branch director still be required

3   to make a mandatory deferred contribution under 2.3?

4      A.    Yes.

5      Q.    So he or she wouldn't have a choice about

6   deferring that compensation?

7      A.    Correct.

8      Q.    And why was that?

9      A.    It was a -- it was a business line decision.  I

10   was not involved in those conversations.

11     Q.    Do you know what motivated the decision?

12     A.    I do not.

13     Q.    Have you talked to anybody about the decision?

14     A.    No.

15     Q.    Have you talked to anybody about the purpose of

16   mandatory deferred compensation?

17     A.    No.

18     Q.    Never?

19     A.    I don't recollect any of those conversations.  I

20   do know that there were conversations when we eliminated

21   the mandatory deferral for the branch directors.

22     Q.    Prior to the elimination of the mandatory

23   deferral, do you know why mandatory -- why there was a

24   mandatory deferral provision?

25     A.    That would be -- that would have been a business

KELLER REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 132

1      A.    That's correct.  So we -- we've used the

2    terminology "versions," historically, because there are all

3    these different versions of the program.  But to your

4    point, and just to clarify, using the word "version," does

5    not mean that there are multiple different WAP plans.

6      Q.    Okay.  Thank you.

7            Turning to page 14, this -- the second bullet

8    point below the second header,

9    ███████████████████████████████████████████████████

10   ███████████████████████████████████████████

11   ██████████████████████        Do you see that?

12     A.    I do.

13     Q.    Do you know whether those numbers are accurate?

14     A.    I do not know.

15     Q.    Who would know?

16     A.    Again, I think that would be a comp question.

17     Q.    Comp?

18     A.    Yes.

19     Q.    And who in comp?

20     A.    That would be Tammy Buchert.

21     Q.    And the third point,

22   ███████████████████████████████████████████████████

23   ██████████████████

24     A.    I do.

25     Q.    Any reason to doubt that's accurate?

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 26

SEATTLE DEPOSITION REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 157

1    deferred, we had to really kind of embark on what would be

2    the strategy of increasing eligibility if our population of

3    eligibles grew to a place where we were uncomfortable.

4                    MR. ROLLER:  Can you read back the last

5    sentence for me, please?

6                    (Requested record was read back.)

7    BY MR. ROLLER:

8        Q.    Okay.  What is the "finishing well" idea?

9        A.    The concept behind the "finishing well" branding

10   was really -- this was -- we wanted RBC to be the place

11   where FAs would come and retire.  This was -- this was

12   their final stomping ground, because typically in this --

13   in the -- with this population, they hop from firm to firm

14   to firm.

15            So the "finishing well" concept is, "We want you

16   to retire with RBC, and what can we do to facilitate that?"

17   So there were multiple different initiatives, one being the

18   WAP.  And a big part of that, because for the FAs in

19   particular that had been with RBC and had participated in

20   WAP, there was a size -- this was a sizable -- you know,

21   this was a sizable savings account for them.

22            And so WAP was part of it.  There were other

23   aspects of, you know, the "finishing well" concept, but it

24   was -- it was a really strong, strong strategic initiative

25   back then.

NELSON & ASSOCIATES REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 214

1       Q.    And that's -- that's your signature on the last

2    page?

3       A.    Yes, it is.

4       Q.    I'd like to direct your attention to paragraph 8.

5    Can you tell me how those -- the numbers were calculated as

6    far as the percentage of employees that were WAP-eligible?

7       A.    Again, specifically, I did not run the analysis.

8    One of my employees ran the analysis.  But basically what

9    we had done, as I'd mentioned earlier, is we would use --

10   for the U.S. population, we would use the nondiscrimination

11   testing file, and then we would determine, based on how

12   many individuals were eligible for that year, to come up

13   with our eligibility percentages.

14      Q.    Do you have any reason to doubt those are

15   accurate?

16      A.    I have no reason to doubt that they're accurate.

17      Q.    I'd like to direct your attention to paragraph 12.

18   And the very last sentence of paragraph 12 states that "In

19   2007, 43 percent of all WAP assets were elected for

20   in-service distribution."  Do you see that?

21      A.    Yes.

22      Q.    Is that accurate?

23      A.    Based on the information I received, yes.

24      Q.    Is it fair to conclude from that that the other

25   50 percent of WAP assets were elected for distribution

NELSON BRANDON REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 215

1       after separation or in retirement?

2            A.   Yes.

3                 (Exhibit No. 43 marked.)

4    BY MR. ROLLER:

5            Q.   Ms. Sikich, do you recognize Exhibit 43?

6            A.   Yes, I do.

7            Q.   And what is it?

8            A.   It is the interrog- -- categories for Plaintiffs

9    Marty Paul and Brian Buskirk.

10           Q.   And it's RBC's responses to those?

11           A.   It's RBC's respon- -- correct.

12           Q.   And you signed them electronically on -- well, the

13   page number isn't really indicated, but if you go to the

14   second-to-last page, essentially?

15           A.   Yes.  It was signed on the --

16           Q.   Verification?

17           A.   -- on March 8th, 2017.

18           Q.   And you reviewed these before signing that?

19           A.   Yes, I did.

20           Q.   I'd like to direct your attention to Interrogatory

21   No. 3, and that interrogatory asked, "Which version of the

22   WAP RBC Capital Markets contends applies to Paul's claims

23   and to Buskirk's claims?"  Do you see that?

24           A.   I do.

25           Q.   And then there -- there are a number of

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 29

NAEGELI DEPOSITION AND TRIAL REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Gabriela Sikich

Page 219

1                    C E R T I F I C A T E

2

3    STATE OF MINNESOTA

4    COUNTY OF DAKOTA

5

6            I, Ryan Ziegler, a Certified Shorthand Reporter in

7    and for the State of Washington, do hereby certify that the

8    foregoing transcript of the deposition of Gabriela Sikich,

9    having been duly sworn, on July 11, 2017, is true and

10   accurate to the best of my knowledge, skill, and ability.

11           I do further certify that I am a disinterested

12   person in this cause of action and that I am not a relative

13   of the attorneys for any of the parties.

14           IN WITNESS WHEREOF, I have hereunto set my hand

15   and seal this July 18, 2017.

16

17

18

19   _____

     RYAN ZIEGLER, RPR, CCR

20

21

22

23

24

25

STERLING LEGAL TECH REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    bb087722-dbe5-4f2f-a3b2-67a07ab86c9a

# EXHIBIT 2

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 31

# Amended and Restated

## Royal Bank of Canada

## US Wealth Accumulation Plan

### And Prospectus

## The date of this document is NOVEMBER 1, 2008

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

RBC Financial Group

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 32
CONFIDENTIAL                                          RBC-PAUL000000080

# TABLE OF CONTENTS

**Page**

SECTION 1 INTRODUCTION ......................................................................................1
    1.1   General Nature and Purpose of the Plan ......................................................1
    1.2   Definitions.........................................................................................................1
    1.3   Rules of Interpretation ....................................................................................5

SECTION 2 DEFERRALS AND DEEMED INVESTMENTS.....................................5
    2.1   Eligibility. .........................................................................................................5
    2.2   Election to Voluntarily Defer Compensation ..............................................5
    2.3   Mandatory Deferral of Compensation ..........................................................6
    2.4   Election of Investments....................................................................................6
    2.5   Intra-Plan Transfers ........................................................................................6
    2.6   Company Contributions ...................................................................................6

SECTION 3 INFORMATION CONCERNING INVESTMENT ALTERNATIVES...................7
    3.1   Company Common Shares. ..............................................................................7
    3.2   Plan Interest Rate ............................................................................................8
    3.3   Mutual Funds. ...................................................................................................8
    3.4   Valuation ...........................................................................................................9

SECTION 4 VESTING..................................................................................................9
    4.1   Vesting of Voluntary Deferred Compensation .............................................9
    4.2   Vesting of Mandatory Deferred Compensation and Company Contributions.................9
    4.3   Termination For Cause ....................................................................................9
    4.4   Terminations due to Restructuring..............................................................10
    4.5   Change in Control. ..........................................................................................10
    4.6   Forfeitures ......................................................................................................10

SECTION 5 DISTRIBUTIONS ...................................................................................10
    5.1   Distributions...................................................................................................10
    5.2   Distribution Dates for Special Participants.................................................10
    5.3   Distribution Dates for Other Participants. .................................................11
    5.4   Change In Control ..........................................................................................12
    5.5   Form of Distributions....................................................................................12
    5.6   Distributions to Beneficiaries ......................................................................13
    5.7   Designation of Beneficiary ...........................................................................13
    5.8   Disclaimers by Beneficiaries ........................................................................14
    5.9   Federal Income Tax .......................................................................................14
    5.10  Tax Withholding ............................................................................................15
    5.11  ERISA Matters...............................................................................................15

SECTION 6 SPENDTHRIFT PROVISIONS .............................................................16

## TABLE OF CONTENTS
(continued)

**Page**

SECTION 7 ADMINISTRATION ....................................................................16
  7.1   The Committee........................................................................16
  7.2   Claims Procedure ...................................................................16
  7.3   Making a Claim ......................................................................16
  7.4   Requesting Review of a Denied Claim .................................16
  7.5   In General ...............................................................................17

SECTION 8 OTHER ADMINISTRATIVE MATTERS .................................17
  8.1   Reporting.................................................................................17
  8.2   Plan Obligor; Status as Unsecured General Creditors. .........17
  8.3   Disclaimer of Employment and Bonus Rights........................18
  8.4   Administrative Expenses of the Plan .....................................18
  8.5   No Compensation Under the Qualified Plan ..........................18
  8.6   Voting Rights...........................................................................18
  8.7   Governing Law ........................................................................18

SECTION 9 AMENDMENT OR TERMINATION ........................................19
  9.1   Amendments to and Termination of Plan ...............................19
  9.2   Merger......................................................................................19
  9.3   Applicability to Successors .....................................................19

-ii-

## SECTION 1
## INTRODUCTION

**1.1    General Nature and Purpose of the Plan**.   The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") may be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.   The Plan is designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.   The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan Year beginning on January 1, 2007, and **is hereby further amended and restated effective for the Plan Year beginning on January 1, 2008**.   This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan will be governed by this Plan.

**1.2    Definitions**.

"**Account Balance**" means, for any given date, a Participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

"**Adverse Benefit Determination**" means a claim for benefits by a Participant, beneficiary or personal representative that has been denied in whole or in part.

"**Affiliate**" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.   For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"**Cause**" means, as determined by the Committee or its assignee, the occurrence of any one of the following: (a) any act of dishonesty, willful misconduct, negligence, gross negligence, intentional or conscious abandonment or neglect of duty; (b) any failure by the Employee to comply with any written policy, rule or code, including but not limited to an Employer's Code of Conduct or Code of Ethics, as applicable; (c) commission of a criminal activity, fraud or embezzlement; (d) violation of any rule or regulation of any self-regulatory agency with which the Employee is licensed, regardless of whether such agency takes disciplinary action against the Employee; (e)  the loss or suspension of any license necessary to perform in the occupation for which Employee was hired, or the commission of any action that would cause Employee to become unbondable; (f) a failure to reasonably cooperate in any investigation or proceeding concerning an Employer or any Employer Affiliate; (g) any unauthorized disclosure or use of confidential information or trade secrets; (h) any violation of

CONFIDENTIAL                                                      RBC-PAUL000000083

any restrictive covenant, such as a non-compete, non-solicit or non-disclosure agreement, between the Participant and an Employer or any Employer Affiliate; (i) personal or professional conduct of Employee which, in the reasonable and good faith judgment of the Committee or its assignee, injures or tends to injure the reputation of an Employer or otherwise adversely effects the interests of an Employer; (j) failure to perform Employee's duties and obligations to a level required by an Employer; or (k) any other act as determined by the Committee in good faith; provided, however, that in the event an Employee is party to an employment agreement with an Employer that contains a different definition of Cause, the definition of Cause contained in such employment agreement will be controlling.

"**Change in Control**" means the Company's sale of (a) at least 75% of the equity or (b) all or substantially all of the assets of a Participating Subsidiary to a person or entity (or a collection of Persons or entities acting as a group) that is not a Company Affiliate, other Employer or Employer Affiliate.  A Change in Control will be deemed to have occurred only if such transaction meets the requirements of a "change in control" (as described in Treasury Regulation § 1.409A-3(i)(5)) with respect to the Participating Subsidiary.

"**Code**" means the U.S. Internal Revenue Code of 1986, as amended, and includes the regulations and guidance in effect thereunder.

"**Committee**" means the Head of Human Resources, or those executives designated by the Head of Human Resources to administer this Plan.  The members of the Committee, if any, serve at the pleasure of the Head of Human Resources, who have the power to appoint and remove members from time to time.

"**Company**" means Royal Bank of Canada, a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada, and any successor or assign.

"**Company Contribution**" means additional contributions that may be made by the Company in the form of a Matching Contribution or a Discretionary Contribution.

"**Deferred Compensation**" means, with respect to each Participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

"**Disability**" means the disability of a Participant as defined in the Qualified Plan, provided, however, that for purposes of Section 5.3(c), a Participant will be considered to have a Disability only if he or she, as determined by a doctor of medicine approved by the Committee, is receiving income replacement benefits for a period of not less than three months under an accident and health plan covering employees of an Employer because of any medically determinable physical or mental impairment that can be expected to result in death or can be expected to last for a continuous period of not less than 12 months.

"**Discretionary Contribution**" means a Company Contribution described in Section 2.6(b).

"**Election Form**" means the eligible Employee's written election setting forth (a) the percentage of an Employee's Gross Cash Compensation he or she elects to defer, (b) the

-2-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 36
CONFIDENTIAL                                                RBC-PAUL000000084

distribution dates for his or her Deferred Compensation and Company Contributions, and (c) such other information as determined by the Committee.

"**Employee**" means an individual classified as a common law employee by, and on the payroll of, an Employer.

"**Employers**" means the Company and Participating Subsidiaries.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended, and includes the regulations and guidance in effect thereunder.

"**FICA**" means the Federal Insurance Contribution Act.

"**Fund Addition Date**" means such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund.

"**Gross Cash Compensation**" has the meaning ascribed to "Recognized Compensation" under the Qualified Plan on the first day of each Plan Year to which an election to defer compensation relates. Gross Cash Compensation is Recognized Compensation that is earned by an Employee for services rendered during a Plan Year, whether or not paid in such Plan Year, and includes any amounts an Employee contributes to the Qualified Plan or an employer-sponsored cafeteria plan from his or her total compensation. If an Employee so elects at the time of entering into a business transition plan with an Employer, payments from a business transition plan are included in Gross Cash Compensation. The preceding sentence is applicable only for business transition plans entered into on or after January 1, 2007.

"**In-Service Payment Date**" means a distribution date, as elected by the Employee on his or her Election Form, that occurs while the Participant is an Employee (or an employee of an Employer Affiliate).

"**Mandatory Deferred Compensation**" means the percentage of an Employee's Gross Compensation that the Committee may, from time to time and in its sole and absolute discretion, designate as a required deferral to the Plan for such Employee.

"**Matching Contribution**" means a Company Contribution described in Section 2.6(a).

"**Matching Threshold Amount**" means an amount of Deferred Compensation, as determined by the Committee with respect to each Plan Year, that is credited to a Participant's account during such Plan Year that may be eligible for a Matching Contribution in accordance with standards and guidelines determined annually by the Committee.

"**Mutual Funds**" means any of the mutual funds that have been selected by the Committee, as supplemented, replaced or eliminated from time-to-time at the discretion of the Committee.

"**Mutual Fund Price**" means, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" means the New York Stock Exchange.

"**Participant**" means an individual who has an Account Balance.

"**Participating Subsidiary**" means a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan.  No corporation may become a Participating Subsidiary without prior consent of the Committee.  Such participation is subject to such limitations as the Committee may impose and will cease upon a Change in Control of such Participating Subsidiary.

"**Person**" means any individual, sole proprietorship, corporation, partnership, joint venture, limited liability company, association, joint-stock company, trust, unincorporated organization, institution, public benefit corporation, entity or government instrumentality, division, agency, body or department.

"**Plan**" means the Royal Bank of Canada US Wealth Accumulation Plan, as set forth in this document and as amended from time to time.

"**Plan Interest Rate**" means an interest rate determined from time to time by the Committee.

"**Plan Obligor**" means the party that is responsible for satisfaction of amounts payable to Participants.

"**Plan Year**" means, with respect to a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Qualified Plan**" means the RBC-U.S.A. Retirement and Savings Plan, as amended from time to time.

"**Retirement**" means the Separation of a Participant whose age and years of employment (as determined using the service rules set forth in the Qualified Plan) with the Employers when combined equals 60.

"**Separation**" means the separation of employment from the Employers or any Employer Affiliate, as the case may be, of a Participant, other than due to such Participant's death, Disability or termination for Cause pursuant to the terms set forth herein.  Transfers of employment among the Employers and their Affiliates will not be a "Separation" for purposes of this Plan, and any Separation must constitute a "separation from service" under Code Section 409A.

"**Special Participant**" means a Participant who is classified by his or her Employer as a financial consultant in the Private Client Group (as defined by the Employers) and whose production is less than $350,000 per year (or such higher threshold as may be established by the Committee) during the fiscal year ended prior to the Plan Year for which Deferred Compensation is credited.

-4-

"**Valuation Date**" means the business day that falls on or immediately after July 1 of each year that a distribution is due a Participant.

"**Voluntary Deferred Compensation**" means the portion or percentage of an Employee's Gross Compensation that the Employee elects to defer to the Plan in accordance with Section 2.2.

**1.3    Rules of Interpretation**.  Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary.  The titles given to the various sections of this Plan are inserted for convenience of reference only and are not part of this Plan and they will not be considered in determining the purpose, meaning or intent of any provision hereof.  Any reference in this Plan to a statute or regulation will be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1    Eligibility**.

(a)    Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of an Employer whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become Participants by the Committee.

(b)    No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of services rendered to the Employers by an Employee:

(i)    who is a non-resident of Canada for purposes of the Income Tax Act (Canada) throughout the period during which the services were rendered; or

(ii)    other than services that were primarily (A) rendered in Canada; (B) rendered in connection with a business carried on by an Employer in Canada; or (C) a combination of services described in (A) and (B).

**2.2    Election to Voluntarily Defer Compensation**.  Eligible Employees may enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year.  The Committee has the discretion to limit the amount of Voluntary Deferred Compensation or the amount of Gross Compensation that may be taken into account for making Voluntary Deferred Compensation contributions.  Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; _provided_, however, that subject to such changes as may be determined by the Committee, a new Employee who is eligible to participate in the Plan has 30 days from such Employee's hiring date to submit an Election Form for such Plan Year.  **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the**

-5-

**Committee**.  An election by an Employee who is first eligible to participate in the Plan during a given year becomes effective beginning the first day of the month following the date such Election Form is submitted and accepted by the Committee.

The Committee will from time to time establish the maximum percentage of a Participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

**2.3   Mandatory Deferral of Compensation**.  On each payroll date, the Employers will reduce each eligible Employee's Gross Compensation by any Mandatory Deferred Compensation and contribute it to the Plan on such Employee's behalf.

**2.4   Election of Investments**.  On each Plan Year's Election Form, a Participant (or Employee for the first Election Form) may choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.  The available hypothetical investments are described in SECTION 3.  If a Participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation will be deemed to be invested at the Plan Interest Rate.

Accounts for Participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Participants or their estates.  Such accounts will be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the Plan Year.  Amounts deemed credited to a Participant's account in cash will not be credited with interest, and will not be deemed to be invested in any interest-bearing item.

**2.5   Intra-Plan Transfers**.  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a Participant may elect to have all or a portion of his or her Account Balance transferred to any other type of hypothetical investment (except that, before January 1, 2009, after the initial investment election, no transfer may be made into Company common shares, and Matching Contributions may be transferred from the form of Company common shares only in accordance with Section 2.6(a)(iii)).  Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee determines.  Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Committee.

**2.6   Company Contributions**.  The Committee will establish whether and the extent to which a Participant is eligible for one or more of the following types of Company Contributions:

(a)   *Matching Contributions.*  The Company may make Matching Contributions equal to a percentage of a Participant's Voluntary Deferred Compensation up to the Matching Threshold Amount, subject to the following:

(i)   The Matching Threshold Amount and related Matching Contributions may vary with certain performance-based measures established by

-6-

CONFIDENTIAL                                                                    RBC-PAUL000000088

the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each Participant.

(ii)    If a Participant is entitled to a Matching Contribution, after the end of the Plan Year (or at such other time as the Committee, in its sole discretion, determines) his or her account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing the amount of such Matching Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting.

(iii)    Effective January 1, 2009, the Participant may diversify his or her Matching Contributions and related investment returns from a deemed investment in Company common shares at the Participant's Separation, _provided_ that the applicable Employer classifies such Separation as "retirement" on the applicable separation from service forms.  For this purpose, classification as "retirement" is not necessarily a "Retirement," as used in this Plan. Prior to January 1, 2009, Participants may not diversify their Matching Contributions and related investment returns.

(b)    *Discretionary Contributions*.   The Company may make Discretionary Contributions in such other amount as determined by the Committee in its sole discretion. The Discretionary Contribution amount may vary from Participant to Participant and may be made based on any criteria, including recommendations from a Participating Subsidiary, as determined by the Committee.   If a Participant is entitled to a Discretionary Contribution, his or her account will be deemed to have been allocated the amount of such Discretionary Contribution on the date determined by the Committee. Such Discretionary Contribution will be invested as determined by the Committee in its discretion, but may be based on any election by such eligible Participant, and may be changed by the Participant at any time; _provided_ that Discretionary Contributions invested in Company common shares may be diversified only after January 1, 2009.

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

**3.1    Company Common Shares**.

(a)    *Company Common Shares*.   For any Plan Year, in connection with a Participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such Participant's account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing such portion of the Participant's Deferred Compensation and Company Contributions allocated to the investment in Company common shares by the closing price per Company common share on the NYSE as reported on the day of crediting.

-7-

(b)     *Dividends on Company Common Shares.*  At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a Participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such Participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Committee.

(c)     *Additional Purchases of Company Common Shares.*  All amounts credited to a Participant's account as a result of cash dividends will be used on a daily basis (or on such other date as determined by the Committee in its sole discretion) to purchase hypothetical Company common shares.  The number of additional Company common shares credited to each Participant's account after the end of each day due to the hypothetical purchases described in this paragraph will be equal to the number of Company common shares, including fractional shares, derived by dividing the total amount of cash credited to the Participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such Participant's account under this Section 3.1.

**3.2     Plan Interest Rate.**  Participants may elect to have all or a portion of their Deferred Compensation invested at the Plan Interest Rate.

**3.3     Mutual Funds.**

(a)     *Mutual Funds.*  A Participant may elect to have all or a portion of their Deferred Compensation, Discretionary Contributions, and, effective January 1, 2009, Matching Contributions after a Separation classified by an Employer as a "retirement" deemed invested in a Mutual Fund.  A Participant's account will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Account Balance allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(b)     *Interest or Dividends on Mutual Funds.*  On each Fund Addition Date, a determination will be made as to the number of units (including fractional units) of the Mutual Fund that will be credited to a Participant's account as of the Fund Addition Date. On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a Participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such Participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

-8-

CONFIDENTIAL                                                                                RBC-PAUL000000090

**3.4     Valuation**.   Except for changes resulting from intra-Plan transfers described in Section 2.5, the notional value of a Participant's accounts will be updated daily to reflect any increases or decreases in the value of the Participant's hypothetical investment.

The account of a Participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.   The amount of the quarterly fee will be determined by multiplying the value of the Participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Committee, which for 2008 is 0.000625.   The Committee will from time to time review this calculation and may change the decimal factor used in this calculation.

<div align="center">

**SECTION 4**
**VESTING**

</div>

**4.1     Vesting of Voluntary Deferred Compensation**.   All Voluntary Deferred Compensation recorded in a Participant's account will be fully vested at all times.

**4.2     Vesting of Mandatory Deferred Compensation and Company Contributions**. Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Committee, in its sole discretion.   The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related investment returns, if any) prior to December 31 of the year preceding each new Plan Year.   Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates.   Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

> (a)     the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or

> (b)     the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has (a) entered into a business transition agreement with the Private Client Group or (b) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Committee.   The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time.

**4.3     Termination For Cause**.   Notwithstanding anything to the contrary in this SECTION 4, if a Participant is involuntarily terminated for Cause from an Employer or an Employer Affiliate at any time prior to the distribution of his or her Account Balance, upon such Participant's Separation all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to

<div align="center">-9-</div>

the Company.  The Committee has full discretionary authority to determine whether a Participant was terminated for Cause, and, if (x) a Participant has a voluntary Separation, and (y) the Committee thereafter determines that the Participant could have been involuntary terminated by an Employer or Employer Affiliate for Cause, then the Participant will be treated as though he was involuntarily terminated for Cause for all purposes of this Plan.

**4.4    Terminations Due to Restructuring**.  In the event a Participant ceases to be employed by the Employers and their Affiliates due to an organizational restructuring (as determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such Participant's account will become vested, but all unvested Company Contributions will be forfeited.

**4.5    Change in Control**.    In the event of a Change in Control of a Participating Subsidiary, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (as determined by the Committee), is no longer employed by an Employer immediately after the Change in Control will become vested in his or her Mandatory Deferred Compensation and Company Contributions as follows:

(a)    *Minimum Vesting*.  The unvested portion of each affected Participant's Mandatory Deferred Compensation and Company Contributions will be vested pro rata, based on the period of time that has elapsed from the effective date of the contribution to the date of the Change in Control relative to the total vesting period related to such contribution.    Before a Change in Control event, the Committee will establish a reasonable method for calculating the pro rata portion of each affected Participant's Account Balance.

(b)    *Discretionary Vesting*.  The Board has the discretionary authority to vest any amount held in an affected Participant's account that remains unvested after the application of paragraph (a) above.  In making its determination, the Board may consider the terms of the transaction governing the Change in Control, the financial impact on the Employers, and any other factors it deems relevant to its determination.

**4.6    Forfeitures**.  Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation and related deemed investment returns that are not vested on the Participant's Separation date will be deemed forfeited, and such Participant's account will be appropriately reduced.

# SECTION 5
# DISTRIBUTIONS

**5.1    Distributions**.  Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a Participant will also make an election with respect to the timing of the payment of the amounts credited to such Participant's account for such Plan Year.

**5.2    Distribution Dates for Special Participants**.  Notwithstanding anything to the contrary in Section 5.1 or 5.3, but subject to Section 5.4, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a Participant is a Special

-10-

CONFIDENTIAL                                                                    RBC-PAUL000000092

Participant will be distributed in full promptly after, but in no event after the 90th day following, the July 1 of the sixth Plan Year following the Plan Year for which the contribution is made. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

**5.3     Distribution Dates for Other Participants**.

(a)     *Distribution Pursuant to the In-Service Payment Date*. If the Participant selected an In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, distributions will be made in a single payment in the specified year promptly after, but in no event after the 90th day following, July 1 of such year. With the consent of the Committee, a Participant may change the In-Service Payment Date pursuant to the procedures established by the Committee and the restrictions under Code Section 409A, which generally require making a written request more than 12 months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

(b)     *Distribution on Separation or Retirement*.

(i)     If (A) the Participant elected payment on Separation on his or her Election Form or (B) if such Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, the Participant's Account Balance will be distributed due to Separation, less any amount owed by the Participant to an Employer at the time of Separation pursuant to a promissory note or otherwise incurred in the normal course of business; <u>provided</u>, however, that any offset is limited to $5,000 and will occur at the same time and in the same amount as the debt otherwise would have been paid by the Participant.

(ii)     If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election Form. Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

(iii)     Any single lump sum payment and the first installment of any series of installment payments will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year that begins following the year of Separation, and each annual installment will occur promptly after, but in no event after the 90th day following, the July 1 of each year thereafter. Subject to reduction as set forth in clause (i) above, each installment will be equal to a fraction of all vested amounts deemed allocated to the Participant's account, the numerator of such fraction being one and the denominator being the number of installments remaining to be paid. For example, if the Participant has elected five annual installments, the first installment will be equal to one-fifth of the Participant's total vested Account Balance on the date such Account Balance is valued for purposes of the first payment date and the second installment will be

-11-

CONFIDENTIAL                                                                                    RBC-PAUL000000093

equal to one-fourth of the Participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)    If the Participant did not indicate a distribution date on his or her Election Form, or if the Election Form was not timely filed, then distribution of the Account Balance will be made promptly after, but in no event after the 90th day following, the July 1 immediately after the date of vesting.

(v)    Distributions pursuant to this section will be made pro-rata from all of a Participant's hypothetical investments.

(vi)    For purposes of Code Section 409A, each installment payment will be treated as a separate single payment.

(c)    *Distributions Following Death or Disability*.  Distributions following death will follow the procedures set forth in Section 5.6.  Distributions following Disability will be made in a single payment to the Participant promptly after, but in no event after the 90th day following, the date the Participant satisfies the definition of Disability.

(d)    *Other*.  The Committee reserves the right to distribute accounts and terminate participation of Participants who transfer employment outside of the United States; provided, however, that no acceleration of distribution will be made in contravention of Code Section 409A.

5.4    **Distribution Due to a Change In Control**.  If, as a result of a Change in Control, a Participant's employer that is a Participating Subsidiary ceases to be a Participating Subsidiary under the Plan, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (at the determination of the Committee), is no longer employed by a Participating Subsidiary immediately after the Change in Control will receive his or her vested Account Balance on the date on or promptly after, but in no event after the 90th day following, the date the Change in Control is consummated; provided, however, that, for purposes of complying with Code Section 409A, no payment under this Section 5.4 will be made before January 1, 2009.

5.5    **Form of Distributions**.

(a)    *Distributions of Company Common Shares*.

(i)    All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  Any Company common shares distributed under the Plan will be Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

-12-

(ii)    The value of each Company common share credited to a Participant's account will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date; and

(iii)    All distributions will be in the form of whole Company common shares.  Fractional shares, if any, will be distributed in cash.

(b)    *Distributions of Investments in Mutual Funds.*  A Participant's hypothetical investment in mutual funds will be distributed in cash, less the amount of cash necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a Participant's hypothetical investment in Mutual Funds will be determined by multiplying the total number of units of the Mutual Fund credited to the Participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)    *Distributions of Investment in the Plan Interest Rate.*  A Participant's hypothetical investment in the Plan Interest Rate will be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.5(b) or (c), as applicable, the Committee, in its sole and absolute discretion, may cause distributions with respect to a Participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

5.6    **Distributions to Beneficiaries**.    Distribution of the Account Balance of a Participant who dies before any payment to such Participant is made will be made to such Participant's beneficiary or the Participant's estate in a single lump sum as of the date of the Participant's death. If the Participant dies after payments have commenced but before distribution is completed, the Participant's remaining Account Balance will be distributed to the Participant's beneficiary in lump sum after the Participant's death.  For purposes of complying with Code Section 409A, such distribution will occur by the end of the calendar year in which the death occurs or by the fifteenth day of the third month following the date of death, if later. Notwithstanding the foregoing sentence, if the Committee is not timely notified of the death of the Participant and therefore cannot reasonably begin or make payments by the distribution deadline required by Code Section 409A, a lump sum distribution will be made to the beneficiary as soon as possible following the Committee's receipt of the death notification, subject to any tax, interest, and penalties imposed by Section 409A.

5.7    **Designation of Beneficiary**. Each Participant has the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid vested balance of the Participant's account in the event of such Participant's death, and may change or revoke any prior beneficiary designation by a similar instrument in writing.  Any beneficiary designation must be received by the Committee before the Participant's death.  Any beneficiary

-13-

designation of a Participant's spouse will be made void in the event of a divorce, unless either a binding court order provides otherwise or the Participant redesignates his or her former spouse as the beneficiary.  If a Participant fails to designate a beneficiary or, having revoked a prior beneficiary designation, fails to designate a new beneficiary, or in the event the Participant's beneficiary designation fails, in whole or in part, by reason of the prior death of a designated beneficiary, divorce or for any other cause, then the undistributed vested balance of the Participant's account, or the portion thereof as to which such designation fails, as the case may be, will be paid to the Participant's estate.

   **5.8    Disclaimers by Beneficiaries**.  A beneficiary entitled to a distribution of all or a portion of a deceased Participant's accounts may disclaim his or her interest therein subject to the following requirements.  To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least 21 years of age as of the date of the Participant's death.  Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.  A disclaimer will state that the beneficiary's entire interest in the undistributed accounts is disclaimed or will specify what portion thereof is disclaimed.  To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the Participant's death but not later than 180 days after the date of the Participant's death.  A disclaimer will be irrevocable when delivered to the Committee.  A disclaimer will be considered to be delivered to the Committee only when actually received by the Committee.  The Committee will be the sole judge of the content, interpretation and validity of a purported disclaimer.  Upon the filing of a valid disclaimer, the beneficiary will be considered not to have survived the Participant as to the interest disclaimed and any distribution made to the beneficiary will be reversed.  A disclaimer by a beneficiary will not be considered to be a transfer of an interest in violation of the provisions of <u>SECTION 6</u> and will not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.  The Committee will not  recognize any other form of attempted disclaimer.

   **5.9    Federal Income Tax**.

      (a)    *Tax Consequences of Participating in the Plan*.  The Plan provides that the election to defer any portion of a Participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for an Employer to which the compensation relates.  Accordingly, the Company believes that Participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; <u>provided</u>, that, such amounts may still be subject to FICA taxes when deferred to the Plan.  Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan until, and for its taxable year in which, a Participant recognizes ordinary income hereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.  As described above and in <u>Section 5.10</u> below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Code Section 3402 and certain other Code sections.

-14-

(b)      *Compliance with Code Section 409A*.  Except as specifically provided in <u>Section 5.6</u>, it is intended that any income or payments to a Participant provided pursuant to this Plan will not be subject to the additional tax and interest under Code Section 409A.  The provisions of the Plan will be interpreted and construed in favor of complying with any applicable requirements of Code Section 409A necessary to avoid the imposition of additional tax, interest or penalties under Code Section 409A.

(c)      *Participants Should Consult Their Tax Advisors*.  Due to the complexity of the applicable provisions of the Code, this summary of certain federal income tax consequences sets forth only the general tax principles affecting the Plan.  These general tax principles are subject to changes that may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis.  Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service regarding the federal income tax consequences associated with participation in the Plan.  Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan, and Participants should refer to the applicable laws in those jurisdictions.  **Accordingly, each Plan Participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such Participant pursuant to the Plan.**

5.10    **Tax Withholding**.  All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA (to the extent not already withheld at the time of deferral), payroll and other taxes required to be withheld.  In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its Affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (a) a Participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a Participant, whether or not pursuant to the Plan, or (b) the Committee will be entitled to require that the Participant remit cash to the Company, his or her employer or any of its Affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.   Further, as permitted under Treasury Regulation § 1.409A-3(j)(4)(vi), the distribution of a Participant's account may be accelerated to satisfy employment taxes and wage withholding at the source.

5.11    **ERISA Matters**.  Although the Plan is not intended to be a tax-qualified plan under Code Section 401, the Plan might be determined to be an "employee pension benefit plan" as defined by ERISA.  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, exempt from many ERISA requirements.  A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

-15-

60673594_5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 49
CONFIDENTIAL                                                                RBC-PAUL000000097

## SECTION 6
## SPENDTHRIFT PROVISIONS

Neither any Participant nor the personal representative of any Participant has any transferable interest in the Participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in SECTION 4 and SECTION 5, nor will the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors of the Participant or the personal representative of the Participant.

## SECTION 7
## ADMINISTRATION

**7.1    The Committee.**   The Plan will be administered by the Committee.   The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest and determination of a termination of employment due to Cause under Section 4.3; provided that the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to an Employer, including, without limitation, decisions regarding Company Contributions, eligibility to participate in the Plan, and discretionary vesting in the event of a Change in Control (as described in Section 4.5(b)).

**7.2    Claims Procedure.**   If any Participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this SECTION 7.

**7.3    Making a Claim.**   The claim must be written and must be delivered to the Committee within 90 days the Participant or beneficiary knows or should have known of his or her claim for benefits.   Within 90 days after the claim is delivered, the claimant will receive either: (a) a decision or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

In the event of an Adverse Benefit Determination, the claimant will receive a written or electronic notice specifying: (a) the reasons for the determination; (b) the Plan provisions on which the Adverse Benefit Determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal.  Notice of the claimant's right to request a review (as described in Section 7.4) will also be given to the claimant.

**7.4    Requesting Review of a Denied Claim.**   A claimant may request that a denied claim be reviewed.   The request for review must be written and must be delivered to the

-16-

CONFIDENTIAL                                      RBC-PAUL000000098

Committee within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination. A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review, even if such information was not provided in the initial request for benefits. The claimant may examine pertinent Plan documents, including the records and other documentation, by asking the Committee for such documents. Within 60 days after delivery of a request for review, the claimant will receive either: (a) a decision; or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The Committee may require the claimant to submit such additional facts, documents or other material as it deems necessary or advisable in making its review. The Committee will notify the claimant in writing or electronically of its decision. If the Adverse Benefit Determination is confirmed in whole or in part, the communication will set forth: (a) the specific reasons for the decision; (b) the specific references to the Plan provisions on which the decision is based; (c) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to the claim; and (d) a statement regarding the claimant's right to bring an action under ERISA Section 502(a).

**7.5    In General**. All decisions on claims and on reviews of denied claims will be made by the Committee. The Committee also reserves the right to delegate its authority to make decisions. The Committee may, in its discretion, hold one or more hearings. If a claimant does not receive a decision within the specified time, the claimant should assume the claim or appeal was denied on the date the specified time expired. The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

No action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this SECTION 7. Any action brought after exhaustion of such remedies must be brought within ninety (90) days after the Participant or beneficiary has received final notice of an Adverse Benefit Determination under Section 7.4.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1    Reporting**. As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each Participant a report showing (a) the amounts credited to the Participant's account since the last report from the Company, and (b) the amounts of any distributions made since the last report. At its discretion, the Company may prepare and make available more frequent reports to Participants.

**8.2    Plan Obligor; Status as Unsecured General Creditors**.

(a)    The Company will be the Plan Obligor with respect to distributions from all accounts; provided, however, that the Participant's Participating Subsidiary will be the

-17-

60673594_5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 51
CONFIDENTIAL                                                    RBC-PAUL000000099

Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in <u>Section 8.2(b)</u> below.

(b)      The Company will be the Plan Obligor with respect to all accounts of Participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

(c)      All Participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, Participants and their estates will not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, of the Employers.  The Plan does not require that any hypothetical investments under this Plan be funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets will be subject to the claims of its general creditors, and neither any Participant nor any beneficiary of any Participant will have a legal, beneficial or security interest therein.

**8.3      Disclaimer of Employment and Bonus Rights**.  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Employers or to obtain any compensation.  Upon dismissal or severance of employment, no Participant will have any right or interest under the Plan, other than as specifically provided herein.

**8.4      Administrative Expenses of the Plan**.  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among Participants' accounts).

**8.5      No Compensation Under the Qualified Plan**.   Unless the Qualified Plan specifically provides otherwise, no amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a Participant will constitute "Recognized Compensation" for purposes of the Qualified Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its Affiliates.

**8.6      Voting Rights**.  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.7      Governing Law**.  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that state to the extent not preempted by federal law and will be construed and enforced in accordance with the laws of the State of Minnesota.

-18-

## SECTION 9
## AMENDMENT OR TERMINATION

**9.1    Amendments to and Termination of Plan**.  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (a) to ensure that neither the Plan Obligors nor the Participants are subject to adverse Canadian or United States tax consequences and (b) to modify the form of distribution of Participants' accounts; provided, however, that no such amendment or termination will have the effect of (i) reducing the vested portion of amounts already credited to a Participant's account; (ii) extending the time of distribution of such Participant's accounts, without the consent of such Participant and only in a manner permitted by Code Section 409A; or (iii) causing a violation of Code Section 409A.  In the event of a termination of the Plan, all accounts will be deemed vested and amounts credited thereto will be distributed to Participants in accordance with the distribution guidelines under Code Section 409A.

**9.2    Merger**.  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee will specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

**9.3    Applicability to Successors**.  This Plan will be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan will remain in full force and effect as any obligation of the Company or its successors in interest.

60673594_5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 53

CONFIDENTIAL                                                                  RBC-PAUL000000101

# EXHIBIT 3

# Deposition of Tammy Buchert

# Paul, et ano. v. RBC Capital Markets, LLC, et al.

# July 12, 2017



**206.287.9066 I 800.846.6989**
**1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101**
**www.buellrealtime.com**
email: info@buellrealtime.com



Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 43

1        A.    I do.

2        Q.    And you would have known the eligibility for

3    various years?

4        A.    The eligibility rules or requirements?

5        Q.    Yes.

6        A.    Yes.

7        Q.    Is it fair to say that, under the WAP, a financial

8    consultant's eligibility was determined by his or her

9    production?

10       A.    Yes.

11       Q.    And explain to me again what "production" is.

12       A.    Production are the fees and commissions a client

13   pays to RBC.  We call that "production," and typically it's

14   looked at in a monthly or an annual time frame.  So annual

15   production is a common -- a common measure, common

16   statistic.

17       Q.    Is it fair to say it's essentially the -- the

18   revenue that a particular financial consultant is

19   responsible for generating that comes into the company?

20       A.    Yes.

21       Q.    A bit later, we'll talk a little bit more about

22   the various components of production, but do you recall

23   that, for the WAP plan year 2010, for financial

24   consultants, the production eligibility threshold was

25   raised from 300,000 to $400,000?

MILLER BRENNAN REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 51

 1       Q.   I'd like to turn to -- it's the fourth page in the

 2   document, but it's the second numbered page, and it is a --

 3   I'm looking at the page that ends in 6618 in the lower

 4   right-hand corner, and I guess I might characterize this as

 5   a letter or a statement from Jim Chapman and Karl

 6   Leaverton.  Do you see that?

 7       A.   I do.

 8       Q.   Do you know who authored this statement?

 9       A.   I believe it was -- a draft was written by the --

10   a compensation team outside of the one we talked before, a

11   different internal compensation team, and then presented to

12   the -- to Jim and Karl for approval and potentially edits.

13       Q.   I see in, for example, the second paragraph and

14   the third paragraph, there's -- so in the -- I'll just read

15   the first sentence of the second paragraph.  "It is our

16   desire for RBC wealth management to become the place where

17   experienced financial consultants want to conduct their

18   business.  You've chosen to build your business here, and

19   we hope you stay and finish well here."

20            That phrase, "finish well," is one that I've seen

21   a lot.  Does that have any particular meaning to you?

22       A.   It was a marketing phrase that we would use --

23   talk about or use when we talk about a financial adviser

24   staying with the firm, "finishing well."

25            And if there was a program developed that would be

NTIER REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 52

 1    available to people who are at the end of their career,

 2    more towards retirement or moving into retirement, such as

 3    what I referenced before, the business transition plan, it

 4    might be packaged under the marketing phrase of "finishing

 5    well."

 6        Q.    Okay.  So is it fair to say that a goal would be

 7    to have these experienced financial consultants finish --

 8    finish their career at RBC?

 9             MR. RUSSELL:  Object to form.

10        A.    Yes.

11    BY MR. ROLLER:

12        Q.    And is it also fair to say that elements of the

13    compensation plan were designed to encourage financial

14    consultants to stay and finish their career at RBC?

15        A.    Yes.

16        Q.    The third paragraph reads, "Another key element to

17    help financial consultants finish well at RBC wealth

18    management is our compensation program, as we proudly

19    remain one of the highest paying firms in the industry.

20             "The RBC U.S. wealth accumulation plan, WAP, our

21    deferred compensation program, offers you the significant

22    opportunity to build long-term wealth."  Do you agree that

23    the -- the WAP offered a significant opportunity for

24    financial consultants to build long-term wealth?

25        A.    Yes.

NAEGELI DEPOSITION & REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 53

1       Q.    Why do you say that?

2       A.    So it was a program where company contributions

3   would be made, they can voluntarily put -- make

4   contributions into it, and there was an attractive feature

5   of the tax deferral of those monies.  And building wealth

6   is continuing to put money -- continuing to voluntarily put

7   or continue to have company contributions into the plan.

8       Q.    And the tax deferral, is it -- is it correct that

9   participants could elect to defer their WAP distributions

10  to some point while they're still in service or elect to

11  defer their contributions until sometime after they

12  separate from the company or retire?

13      A.    Yes.

14      Q.    Let's turn to the compensation overview page.

15  This is page 3.  It ends in 19 in the lower right corner.

16  And this looks to me to be kind of a summary grid of how a

17  financial consultant's compensation is determined; is that

18  accurate?

19      A.    Yes.

20      Q.    And I think we previously established that

21  production is revenue to the company that the financial

22  consultant is responsible for: commissions on trades,

23  things like that; correct?

24      A.    Correct.

25      Q.    So one of the reasons I went to -- to law school

BYERS & ANDERSON REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 58

 1    through that?

 2        A.   Okay.

 3        Q.   This assumes a 600,000 level of production, 12

 4    years of service, and the FC is making a 15 percent

 5    contribution voluntarily to the WAP and qualifies for

 6    president's council level of WAP match and contributes to

 7    the full extent to the retirement plan.  Okay.

 8             So the base commission rate per the grid we were

 9    just looking at on page 3 would be 43 percent and --

10        A.   Correct.

11        Q.   And so 43 percent of $600,000 is $258,000; right?

12        A.   Correct.

13        Q.   Okay.  I think maybe where I'm getting hung up on

14    is on the "Other Compensation."  Can you -- can you tell me

15    what the 750 by "Margin" means?

16        A.   So back on Footnote No. 2, the first table that we

17    were looking at, it talked about, "excludes the impact of

18    other cash compensation."  These are examples of other cash

19    compensation.  In this example, this person received $750

20    for margin compensation.

21        Q.   And so the -- this FC's -- one of this FC's

22    clients may have had a margin account, and then per the

23    table that's on page 13, the FC is compensated for that

24    account at a certain rate, which ends up being $750?

25        A.   Correct.

STARK REALTIME REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 138

 1    small --

 2        A.    Mm-hmm.

 3        Q.    -- and it's difficult to read.  I think that's how

 4    it was produced to us, but quite frankly, I didn't make any

 5    efforts to make --

 6        A.    Yeah.

 7        Q.    -- it bigger and easier to read.

 8              Do you recognize this document?

 9        A.    I do.

10        Q.    What is it?

11        A.    The meeting materials for a meeting with the

12    regional directors in May of 2010 to talk about 2011 FC

13    compensation.

14        Q.    And do you know who created this document?

15        A.    It'd be me or my group.

16        Q.    I'd like to direct your attention to the -- the

17    page that ends in 5701 in the lower right corner.

18        A.    Okay.

19        Q.    And the title of that slide is "Competitive

20    Standing."  The subtitle, "The 2011 plan is extremely

21    attractive versus our competitors."

22              And I'd just like to direct your attention to the

23    last bullet point there, which my eyes aren't what they

24    were 20 years ago, but I think I can still read.

25    "Industry-leading wealth accumulation plan provides

NISSEN-BAUMAN REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 139

 1    financial consultants with a vehicle to gather great

 2    wealth, provide investment flexibility, and plan for their

 3    retirement."  Do you see that?

 4       A.   I do.

 5       Q.   And is that true?

 6       A.   I believe so.

 7       Q.   And those features of the WAP were very important

 8    to FCs?

 9            MR. RUSSELL:  Object to the form.  It calls

10    for speculation.

11       A.   I believe it was important.

12    BY MR. ROLLER:

13       Q.   Why do you believe that?

14       A.   Feedback that we would receive through our complex

15    directors, branch directors, regional directors that they

16    hear from financial advisers that these items are

17    attractive.

18       Q.   So gathering wealth was attractive?

19       A.   Yes.

20       Q.   That feedback came up to regional directors?

21       A.   That's one of the bases for this.

22       Q.   Yeah.

23       A.   Would have been, yes.

24       Q.   And also planning for retirement, that would have

25    been an important feature to the FCs?

NAEGELI DEPOSITION & TRIAL REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

Paul, et ano. v. RBC Capital Markets, LLC, et al.                    Tammy Buchert

Page 146

 1                    C E R T I F I C A T E

 2

 3     STATE OF MINNESOTA

 4     COUNTY OF DAKOTA

 5

 6              I, Ryan Ziegler, a Certified Shorthand Reporter in

 7     and for the State of Washington, do hereby certify that the

 8     foregoing transcript of the deposition of Tammy Buchert,

 9     having been duly sworn, on July 12, 2017, is true and

10     accurate to the best of my knowledge, skill, and ability.

11              I do further certify that I am a disinterested

12     person in this cause of action and that I am not a relative

13     of the attorneys for any of the parties.

14              IN WITNESS WHEREOF, I have hereunto set my hand

15     and seal this July 21, 2017.

16

17

18

19     _____
       RYAN ZIEGLER, RPR, CCR

20

21

22

23

24

25

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 63

Electronically signed by Ryan Ziegler (501-016-583-0410)                    35ba95b5-6466-488c-99fc-f5065dd8a2db

# EXHIBIT 4

# 2009 Financial Consultant Compensation Plan



**RBC Wealth Management**

CONFIDENTIAL

*RBC Wealth Management, a division of  RBC Capital Markets Corporation, Member NYSE/FINRA/SIPC.*

CONFIDENTIAL

RBC-PAUL000006616

# FC Compensation Plan Contents

**EFFECTIVE NOVEMBER 1, 2008**[1]

Our Compensation Philosophy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

Total FC Compensation Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

Commission-Based Earnings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    Base Commission Grid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Fee-Based Programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Employee Trade Discount Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Determining Commission-Based Earnings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Minimum Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RBC US Wealth Accumulation Plan Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

RBC US Wealth Accumulation Plan Components . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

    WAP Productivity Bonus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Voluntary Deferral of Cash Compensation into WAP . . . . . . . . . . . . . . . . . . . . . . . . 8

    Fixed Match on Voluntary WAP Deferrals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Premium Match on Voluntary WAP Deferrals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Accelerated Vesting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

RBC - USA Retirement and Savings Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

    Participation and Matching Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Employee Contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Fixed Company Matching Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Investment Options . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Margin Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

RBC Premier Line of Credit Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

Standby Letters of Credit Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

Money Market Funds (MMF)/Credit Interest Program (CIP) Compensation . . . . . . . . . . . . **16**

Additional Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

    Compensation on Other Products and Services . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Commodity Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Determining Additional Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Ticket Size and Discounting Policies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

FC Business Transition Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

FC Business Continuity Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

Title Recognition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

Award Programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

FC Error Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26**

FC Business Spending Accounts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

Comprehensive Compensation Example . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **28**

*Note:*

[1] *The 2009 FC Compensation Plan is effective for transactions settling on or after November 1, 2008.*

*RBC Wealth Management reserves the right to change, correct, modify or revoke any of the programs discussed in this document at any time with or without notice. Nothing in this document should be construed to create a contract or give rise to any contractual rights. In all employment decisions, RBC Wealth Management reserves the right to take such action as it deems appropriate given the specific circumstances relating to those decisions.*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 67
CONFIDENTIAL

RBC-PAUL000006617

# Our Compensation Philosophy

At RBC Wealth Management, we believe that the strong relationships between our financial consultants and clients are the key to long-term success. In order to provide our clients with the quality advice and financial services to which they are accustomed, one of our top priorities is attracting and retaining the top financial consultants in the industry.

It is our desire for RBC Wealth Management to become *the* place where experienced financial consultants want to conduct their business. You've chosen to build your business here and we hope you stay and finish well here. We believe RBC Wealth Management is the place to be for a number of reasons, including the availability of RBC's global resources, our firm's longstanding entrepreneurial culture, and overall goal to become the best investment, advisory and wealth management boutique in the country.

Another key element to help financial consultants finish well at RBC Wealth Management is our compensation program, as we proudly remain one of the highest paying firms in the industry. The RBC U.S. Wealth Accumulation Plan (WAP), our deferred compensation program, also offers you the significant opportunity to build long-term wealth.

We are pleased to be able to offer you this compensation plan, because we believe it is one of the very best-if not *the best*-plan on the street. As always, we thank you for your continued commitment to RBC Wealth Management and your clients. You are a major part of our success, and together, we will make RBC Wealth Management the best investment, advisory and wealth management boutique in the country.

Sincerely,

Jim Chapman
*PCG President, East Division*

Karl Leaverton
*PCG President, West Division*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 68
CONFIDENTIAL                                                                RBC-PAUL000006618

# Total FC Compensation Overview

When you choose to work at RBC Wealth Management, your total compensation comes from a variety of sources. Combined, these sources are designed to encourage and reward your growth and success. The following is an overview of the Financial Consultant (FC) Compensation Plan, which is effective November 1, 2009. If you have specific questions about your individual compensation, please talk with your complex director.

| Annual Production | FC COMPENSATION COMPONENTS (% OF ANNUAL PRODUCTION) | | | | |
|---|---|---|---|---|---|
| | Base Commission | WAP Productivity Bonus | WAP Matches[1] | Retirement Plan Matches[1] | Total FC Compensation[2] |
| $1,500,000 | 45.00% | 5.00% | 4.40% | 0.10% | 54.50% |
| 1,250,000 | 45.00% | 3.75% | 4.40% | 0.10% | 53.25% |
| 1,000,000 | 45.00% | 3.50% | 4.40% | 0.20% | 53.10% |
| 800,000 | 44.00% | 3.50% | 3.60% | 0.20% | 51.30% |
| 600,000 | 43.00% | 3.50% | 3.50% | 0.30% | 50.30% |
| 500,000 | 42.00% | 2.50% | 3.20% | 0.30% | 48.00% |
| 400,000 | 41.00% | 2.50% | 1.50% | 0.40% | 45.40% |
| 350,000 | 40.00% | 1.75% | 1.50% | 0.40% | 43.65% |
| 300,000 | 39.00% | 1.75% | 1.50% | 0.50% | 42.75% |
| 250,000 | 37.00% | – | – | 0.60% | 37.60% |
| 225,000 | 35.00% | – | – | 0.70% | 35.70% |
| 200,000 | 32.00% | – | – | 0.80% | 32.80% |
| 175,000 | 28.00% | – | – | 0.90% | 28.90% |
| Below 175,000 | 20.00% | – | – | 1.00% | 21.00% |

*Notes:*

[1] *Wealth Accumulation Plan (WAP) and Retirement Plan match assumes full FC participation and maximum length of service for WAP premium match purposes.*

[2] *Excludes impact of other cash compensation (such as margin, premier line of credit, money market fund/credit interest program, referral fees, etc.), RBC Wealth Management-paid benefits (social security, health and dental plans), and certain reductions to base commissions.*

**FACTORS IMPACTING YOUR TOTAL COMPENSATION**

As you read through this document, you will see that in addition to productivity, several other factors may impact your total compensation.

- Your level of voluntary participation in the WAP and Retirement Plan.
- Your length of service as an RBC Wealth Management FC.
- Your ticket size and discounting practices.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3:16-cv-05616-RBL – Page 69
CONFIDENTIAL

RBC-PAUL000006619

# Commission-Based Earnings

**BASE COMMISSION GRID**

At RBC Wealth Management, we believe you can achieve success by providing your clients with the products and services that meet their individual needs. Accordingly, our base commission grid rewards productivity and does not differentiate by product. To reward you for serving your clients and growing your business, the base commission rates increase incrementally as you achieve higher levels of production.

The monthly base commission rate is driven by your trailing six-month production. Gross production is included for compensation purposes when a ticket or fee has settled. Only those tickets settled on or before the last business day of the month will be included in the monthly base commission calculation. Fees and trails are included in gross production when received by the firm.

| Gross Production Range | | | | |
|---|---|---|---|---|
| Annualized Production[1] | | Trailing Six-Month Production | | Current Month Base Commission Rate |
| From | To | From | To | |
| 1,000,000 | And up | 500,000 | And up | 45.0% |
| 800,000 | 999,999 | 400,000 | 499,999 | 44.0% |
| 600,000 | 799,999 | 300,000 | 399,999 | 43.0% |
| 500,000 | 599,999 | 250,000 | 299,999 | 42.0% |
| 400,000 | 499,999 | 200,000 | 249,999 | 41.0% |
| 350,000 | 399,999 | 175,000 | 199,999 | 40.0% |
| 300,000 | 349,999 | 150,000 | 174,999 | 39.0% |
| 250,000 | 299,999 | 125,000 | 149,999 | 37.0% |
| 225,000 | 249,999 | 112,500 | 124,999 | 35.0% |
| 200,000 | 224,999 | 100,000 | 112,499 | 32.0% |
| 175,000 | 199,999 | 87,500 | 99,999 | 28.0% |
| – | 174,999 | – | 87,499 | 20.0% |

*Note:*

[1] *The monthly base commission rate is driven by your trailing six-month production. Annualized production is shown for illustration purposes only.*

**Example: Determining the Monthly Base Commission Rate**

Your last five months' production is $270,000 and your current month's production is $55,000, for a six-month total of $325,000. Therefore, your base commission rate for the current month will be 43 percent.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 70

CONFIDENTIAL

RBC-PAUL000006620

**FEE-BASED PROGRAMS**

One hundred percent of the RBC Advisor, Portfolio Focus, and Managed Account Program fee is credited to gross production. For Consulting Solutions, approximately 50 basis points on equity/balanced accounts and approximately 25 basis points on fixed income accounts will be withheld from FC gross production for payment of outside money manager fees and other costs. For RBC Total Portfolio, 10 to 70 basis points (depending on the allocation of the account to money managers and mutual funds as well as whether the client has selected the tax management feature) will be withheld from FC gross production for payment of outside money manager fees, overlay portfolio manager fees, and other costs. For accounts with referral partners, the portion of the fee that is paid to the referral partner is subtracted from gross production. See details on program pricing in the IAG fee booklet on InfoNET.

Program fees are credited to gross production on the 11th business day of the first month of the calendar quarter (January, April, July, and October) and vest throughout the quarter. If the FC of record on an account changes or the account leaves the program, any unvested program fees will be collected from the original FC's gross production, *or otherwise*, and if applicable, credited to the gross production of the new FC of record. The base commission rate on fee-based programs is determined by the Base Commission Grid.

**EMPLOYEE TRADE DISCOUNT POLICY**

Under the Employee Trade Discount Policy, employees are charged a discounted client commission on transactions in their personal accounts and discounted fees for employee-eligible Investment Advisor Group accounts. For transactions executed under the Employee Trade Discount Policy, including an FC's personal account(s), FCs are credited with the gross commission with no payout.

**Under the Policy, Employee-Paid Commissions are:**

- Equity trades – the lesser of $50 or the recommended client commission.
- Bond trades – $25.
- Mutual funds and unit investment trusts (UITs) – purchased at net asset value (NAV) provided the fund or UIT prospectus has a NAV provision for employees of broker/dealers.

**Under the Policy, Employee-Paid Fees are:**

- Consulting Solutions – 50 percent discount to the standard fee range (discount does not apply to money manager's fee). For assistance with calculating the account fee minimum for specific money managers, please contact your regional Managed Portfolio Strategies Consultant.
- RBC Total Portfolio – 50 percent discount to the standard fee range (discount does not apply to management fee). Account fee minimum reduced by 50 percent or $125 for mutual fund and ETF-only accounts; $1,500 for accounts utilizing money managers.
- Managed Account Program – 50 percent discount to the standard fee range.  Account fee minimum reduced by 50 percent or $600 for equity/balance; $325 for fixed income.
- RBC Advisor – 50 percent discount to the standard fee range.  Account fee minimum reduced by 50 percent or $250 ($125 for accounts that are 100 percent fixed income, mutual fund, ETFs, UITs, and/or cash).
- Investment Access and Standard Accounts – annual fee waived.
- IRAs – 50 percent discount on annual fee.
- Focus – 50 percent discount to the standard fee range.  The account fee minimums are reduced by 50 percent or a minimum of $375 for equity/balanced, $187.50 for fixed income.

All fee based programs using a discounted fee schedule do not receive a payout.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 71
CONFIDENTIAL

RBC-PAUL000006621

Complete details regarding the Employee Trade Discount Policy can be found on InfoNET currently located at HR/Me and RBC USA. Select My Workplace. Select Work/Life. Click on <u>Employee Accounts (RBC Wealth Management)</u>. Click on <u>Employee Trade Discount Policy</u>. Click on <u>the complete policy</u> link.

**DETERMINING COMMISSION-BASED EARNINGS**

Your commission-based earnings are determined by reducing your base commission by an amount determined by RBC Wealth Management, which includes (but is not limited to) costs associated with errors, customer settlements or judgments, licensing fees, write-offs, such as account-associated fees, and client associate compensation sharing. Commission-based earnings are paid on the tenth of each month for the prior month's production.

**MINIMUM COMPENSATION**

The Department of Labor's Fair Labor Standards Act (FLSA) guidelines require that exempt employees — which includes FCs — must earn monthly minimum compensation depending upon their state of residence:

- $2,773.33 – 2008 and 2009 California minimum per state law
- $2,323.10 – 2008 and 2009 New York minimum per state law
- $2,058.33 – 2008 and 2009 Connecticut minimum per state law
- $1,971.67 – 2008 and 2009 minimum all other states

If your monthly net compensation calculated per the RBC Wealth Management FC Compensation Plan falls below the minimum compensation required by law, you will receive additional pay to bring your total monthly compensation to the required minimum. The additional pay you receive will be offset in future months against your base commissions.

**Example: Minimum Compensation**

If an FC in Wisconsin earns $971.67 net compensation in January, the firm will pay a total of $1,971.67 (minimum amount required by the FLSA) and then offset base commissions in future months by $1,000.00.

If the FC generates $3,000.00 of base commissions in February, the firm will offset the $1,000.00 that was paid in January, leaving base commissions of $2,000.00.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 72

CONFIDENTIAL

RBC-PAUL000006622

# RBC US Wealth Accumulation Plan Overview

The RBC US Wealth Accumulation Plan (WAP) allows you to share in the ongoing prosperity of the company, while providing you with an excellent opportunity to defer compensation and build long-term wealth. The plan is comprised of a WAP productivity bonus, voluntary deferral of cash compensation, and company matching contributions. See the RBC US Wealth Accumulation Plan document for complete details.

| RBC US WEALTH ACCUMULATION PLAN – AT A GLANCE | | | |
|---|---|---|---|
| **WAP Component** | **Production Requirement** | **Amount** | **Company Match** |
| WAP Productivity Bonus | $300,000 in fiscal year 2009 (Nov 2008 – Oct 2009) | 1.75% to 5.00% of gross production depending on production level | n/a |
| Voluntary Deferral of Cash Compensation | $300,000 in fiscal year 2008[1] | Up to 30% of 2009 calendar year cash compensation | First 15% of cash compensation deferred is matched |

Matches on Voluntary Deferral:
- ▨ Fixed Match – 25% match on first 15% of cash compensation deferred
- ▨ Premium Match – 5% to 40% match (depending on production and years of service) on first 15% of cash compensation deferred

Vesting: The 2009 WAP productivity bonus and company matches are credited to your WAP account in February of 2010 and become fully vested five years later in January of 2015. Voluntary deferrals of cash compensation are always 100% vested. See separate WAP enrollment information for complete details.

## WAP TIME PERIODS

The WAP utilizes both calendar and fiscal year time periods. Below is a summary of the time periods incorporated in each WAP component.

A. WAP Productivity Bonus – the 2009 bonus is based on fiscal year 2009 (November 2008 – October 2009) production and is credited to your WAP account in February 2010.

B. Voluntary Deferral of Cash Compensation – eligibility for calendar year 2009 voluntary deferral is based on fiscal year 2008 (November 2007 – October 2008) production. The annual enrollment period will occur in December 2008 and apply to 2009 calendar year deferrals.

C. Fixed and Premium Matches – the 2009 matches are applied to eligible 2009 calendar year deferrals and invested in the RBC Share Account[2] in February 2010.

***Notes:***

*[1] Eligibility status for voluntary deferrals of cash compensation is determined at the beginning of fiscal year 2009 based on 2008 production. See WAP time periods (B) above.*

*[2] One share in the RBC Share Account is equal to the market value of one common share of Royal Bank of Canada.*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3:16-cv-05616-RBL – Page 73
CONFIDENTIAL

RBC-PAUL000006623

# RBC US Wealth Accumulation Plan Components

**WAP PRODUCTIVITY BONUS**

When you achieve $300,000 or more in fiscal year production (November 2008 – October 2009), you are rewarded with a WAP productivity bonus, ranging from 1.75 to 5.00 percent of your fiscal year production as shown in the table below.

| Annual Gross Production From | To | WAP Productivity Bonus Rate |
|---|---|---|
| 1,500,000 | And up | 5.00% |
| 1,250,000 | 1,499,999 | 3.75% |
| 600,000 | 1,249,999 | 3.50% |
| 400,000 | 599,999 | 2.50% |
| 300,000 | 399,999 | 1.75% |

The 2009 WAP productivity bonus is determined after fiscal year-end 2009 and automatically credited to your WAP account in February 2010. The bonus becomes 100 percent vested in January 2015 (a five-year cliff vesting period). As part of your WAP account, the bonus may be invested in any of the WAP investment options and investment elections may be changed up to 12 times per calendar year. Additional vesting and investment option information will be included in the RBC US Wealth Accumulation Plan enrollment materials distributed in December. Please note that the production bonus is subject to Social Security and Medicare taxes in the year it becomes vested.

**Example: WAP Productivity Bonus**

An FC produces $600,000 in fiscal year 2009. The FC's WAP productivity bonus is calculated as follows:

| | |
|---|---|
| Fiscal Year Production | $ 600,000 |
| WAP Productivity Bonus Rate | × 3.50% |
| WAP Productivity Bonus | $ 21,000 |

The bonus is credited to the FC's WAP account in February 2010 and becomes 100 percent vested in January 2015 (a five-year cliff vesting period).

**VOLUNTARY DEFERRAL OF CASH COMPENSATION INTO WAP**

If your 2008 fiscal year production is at least $300,000, you will be eligible to make voluntary deferrals into the WAP for calendar year 2009. You must re-qualify each year to be able to make voluntary deferrals into the WAP in the coming year. During the annual enrollment period that runs from late November through mid December 2008, you may elect to defer up to 30 percent of your calendar year 2009 total cash compensation. Your voluntary deferrals may be invested in any of the WAP investment options and investment elections may be changed up to 12 times per calendar year. Any amounts you defer will remain tax-deferred until they are distributed to you. Your distribution will be treated as ordinary income and applicable Federal and State taxes will be withheld. Your voluntary deferrals and associated earnings are always 100 percent vested.

Another benefit of deferring your compensation into the WAP is that the first 15 percent of cash compensation deferred is eligible for a company fixed match of 25 percent and potentially a premium match, depending on your productivity and length of service. WAP matches are described on pages 9 and 10.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 74
CONFIDENTIAL                                                          RBC-PAUL000006624

**FIXED MATCH ON VOLUNTARY WAP DEFERRALS**

RBC Wealth Management will automatically provide a 25 percent fixed match on the first 15 percent of 2009 calendar year cash compensation you defer. The 2009 fixed match is automatically invested in the RBC Share Account[1] in February 2010 and becomes 100 percent vested in January 2015 (a five-year cliff vesting period). The balances associated with company matches and any associated earnings cannot be transferred out of the RBC share account with the exception of FCs who retire from RBCWM.

**PREMIUM MATCH ON VOLUNTARY WAP DEFERRALS**

RBC Wealth Management further rewards you for productivity and length of service with a premium match (on the first 15 percent of cash compensation deferred), according to the grid below. The 2009 premium match is automatically invested in the RBC Share Account[1] in February 2010 and becomes 100 percent vested in January 2015 (a five-year cliff vesting period). The balances associated with company matches and any associated earnings cannot be transferred out of the RBC share account with the exception of FCs who retire from RBCWM.

| WAP PREMIUM MATCH GRID | | | | | |
|---|---|---|---|---|---|
| | Length of Service[2] | | | | |
| 2009 Production Basis | ‹ 6 Years | 6 - 10 Years | 11 - 15 Years | 16 - 20 Years | 21+ Years |
| 2009 Chairman's Council[3] | 15% | 20% | 25% | 30% | 40% |
| 2009 President's Council[3] | 10% | 15% | 20% | 25% | 30% |
| 2009 Director's Council[3] | 5% | 10% | 15% | 20% | 25% |

**TOTAL COMPANY MATCH ON VOLUNTARY WAP DEFERRALS**

The fixed and premium matches provide great opportunity to build on your voluntary deferrals. Combined, the fixed and premium match will amount to a company match ranging from 25 to 65 percent of every dollar you defer (on the first 15 percent of cash compensation deferred) depending on your productivity and length of service as displayed in the table below. Please note that the fixed match and the premium match contributions are subject to Social Security and Medicare taxes in the year they become vested.

| COMBINED WAP MATCH | | | | | |
|---|---|---|---|---|---|
| FIXED 25% + PREMIUM = TOTAL MATCH SHOWN BELOW | | | | | |
| | Length of Service[2] | | | | |
| 2009 Production Basis | ‹ 6 Years | 6 - 10 Years | 11 - 15 Years | 16 - 20 Years | 21+ Years |
| 2009 Chairman's Council[3] | 40% | 45% | 50% | 55% | 65% |
| 2009 President's Council[3] | 35% | 40% | 45% | 50% | 55% |
| 2009 Director's Council[3] | 30% | 35% | 40% | 45% | 50% |
| Equal to or Less than the 2009 Director's Council[3] | 25% | 25% | 25% | 25% | 25% |

***Notes:***

[1] *One share in the RBC Share Account is equal to the market value of one common share of Royal Bank of Canada.*

[2] *Length of Service is defined as the number of full calendar years completed as an RBC Wealth Management FC as of December 31, 2009. The calendar year in which you were hired is counted as one full year of service. For example, if you were hired on December 18, 2008, you would earn two years of service toward the 2009 premium match.*

[3] *2009 Chairman's Council production is defined as the 2009 fiscal year production level of the 120th FC or the production goal set in August 2009, whichever results in a greater number of program qualifiers. 2009 President's Council production is defined as the 2009 fiscal year production level of the 400th FC or the production goal set in August 2009, whichever results in a greater number of program qualifiers. 2009 Director's Council production is defined as 75% of the fiscal year end President's Council threshold.*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 75

CONFIDENTIAL

RBC-PAUL000006625

**Example: WAP Voluntary Deferral and Matching Program**

An FC with 12 years of service produces $600,000 in fiscal year 2009. During calendar year 2009, the FC receives $263,100 in cash compensation. The FC contributes 15 percent to the WAP on a voluntary basis. The FC's voluntary deferral and company matches are calculated as follows:

**FC Voluntary Deferral**

| | | |
|---|---|---|
| Cash Compensation | $ 263,100 | Includes commissions and other cash compensation |
| FC Voluntary WAP Deferral % | × 15% | |
| FC Voluntary WAP Deferral $ | $ 39,465 | |

**Company Match Rates**

| | | |
|---|---|---|
| Fixed Match | 25% | |
| Premium Match | + 20% | Assumes President's Council |
| Total Company Matches | 45% | |

**Total Company Matches on Voluntary Deferral**

| | | |
|---|---|---|
| Fixed Match | $ 9,866 | 25% times $39,465 |
| Premium Match | + 7,893 | 20% times $39,465 |
| Total Company Matches | $ 17,759 | |

The 2009 fixed and premium matches are credited to the FC's WAP account in February 2010 and invested in the RBC Share Account. They become 100 percent vested in January 2015 (a five-year cliff vesting period).

**ACCELERATED VESTING**

There are two ways to accelerate the vesting of previously unvested WAP balances:

1) Depart the firm after meeting the following requirements:

   ▨ Satisfy the "rule of 60," which is age and RBC Wealth Management years of service added together to equal 60 or more years; and

   ▨ Sign a one-year non-compete agreement.

   or

2) Participate in the FC Business Transition Plan (see page 22 for details).

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 76

CONFIDENTIAL

RBC-PAUL000006626

# RBC – USA Retirement and Savings Plan

The RBC – USA Retirement and Savings Plan (Retirement Plan) is an important piece of your total compensation program. Over the long term, you can build significant value in your account. Please see the Retirement Plan's Summary Plan Description, prospectus and plan document or call the Retirement Benefits Help Line at 1-866-697-1002 for complete details.

| RETIREMENT PLAN – AT A GLANCE | | | |
|---|---|---|---|
| **Plan Component** | **Amount** | **Timing of Contributions** | **Vesting** |
| Voluntary Pre-tax Contribution | Up to 50% of pay | Each pay period | Always fully vested |
| Voluntary After-tax Contribution | Up to 5% of pay (not eligible for match) | Each pay period | Always fully vested |
| Voluntary Roth After-tax Contribution | Up to 50% of pay | Each pay period | Always fully vested |
| Company Fixed Match | 100% match on the first 6% of pre-tax and/or Roth pay you contribute, limited to $1,500 per calendar year | Each pay period in which you make a voluntary pre-tax and/or Roth contribution | Fully vested after five years of service from date of hire |

Additionally:

▨ Pre-tax and/or Roth employee contributions are limited to $16,500 per IRS rules for 2009.

▨ FCs who are 50 years of age or older by the end of the 2009 calendar year may make an additional pre-tax catch-up contribution of $5,500 to the Retirement Plan per IRS rules for 2009.

▨ Voluntary and matching contributions may be invested in any of the Retirement Plan investment options.

**PARTICIPATION AND MATCHING ELIGIBILITY**

All employees are eligible to contribute to the Retirement Plan as soon as administratively possible after their date of hire. You are eligible for the company match the first of the month following one full year of service.

**EMPLOYEE CONTRIBUTIONS**

You may contribute up to 50 percent of your pay on a pre-tax basis. In addition to the pre-tax contribution, you may also contribute up to an additional 5 percent of your pay on an after-tax basis. Your contributions are automatically withheld from your paychecks. The maximum dollar amount you are allowed to contribute pre-tax is determined annually by the federal government. For calendar year 2009 the pre-tax contribution limit is $16,500. Employee pre-tax and after-tax contributions are always 100 percent vested.

Employees who are 50 years of age or older by the end of the calendar year may make an additional pre-tax catch-up contribution to the Retirement Plan. For the plan year 2009, the IRS will allow you to contribute an additional $5,500 on top of your regular pre-tax savings. Catch-up contributions are not eligible for company matching contributions.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3:16-cv-05616-RBL – Page 77
CONFIDENTIAL

RBC-PAUL000006627

**FIXED COMPANY MATCHING CONTRIBUTION**

The Company provides a fixed matching contribution to employees who participate in the Retirement Plan. The fixed match provides a dollar-for-dollar matching contribution on the first 6 percent of compensation you contribute on a pre-tax and/or Roth basis. The match is applied to calendar year contributions. The fixed match is made to your account each pay period in which you make a contribution. The company match for FCs is limited to a maximum of $1,500 each year.

The fixed company match vests on a graduated schedule during your first five years of service (0%, 25%, 50%, 75%, and 100%) and is fully vested after five years of service from your date of hire.  The fixed matching contribution is invested according to your investment elections.

**INVESTMENT OPTIONS**

You have a wide range of core investment funds and a self-directed mutual fund window for investment selection. You can transfer money between any of the investment options daily, if you choose.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 78

CONFIDENTIAL

RBC-PAUL000006628

# Margin Compensation

**MARGIN COMPENSATION TABLE**

Net compensation is paid on margin net debit balances (debit balance net of free credit balance) and is dependent on the net debit balance and the interest rate discount as shown in the table below.

| Margin Loan Net Debit Balance[1] | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $1 - $499,999 | | | $500,000 - $999,999 | | | $1,000,000 - $2,999,999 | | | $3,000,000 - $4,999,999 | | | $5,000,000 And Up | | |
| Interest Rate Discount | | Annual Comp Rate | Interest Rate Discount | | Annual Comp Rate | Interest Rate Discount | | Annual Comp Rate | Interest Rate Discount | | Annual Comp Rate | Interest Rate Discount | | Annual Comp Rate |
| From | To | | From | To | | From | To | | From | To | | From | To | |
| 0.0 | | 10 | 0.0 | 187.5 | 10 | 0.0 | 212.5 | 10 | 0.0 | 237.5 | 10 | 0.0 | 275.0 | 10 |
| 12.5 | 25.0 | 9 | 200.0 | 212.5 | 8 | 225.0 | 237.5 | 8 | 250.0 | 262.5 | 8 | 287.5 | 300.0 | 8 |
| 37.5 | 50.0 | 8 | 225.0 | | 5 | 250.0 | | 5 | 275.0 | | 5 | 312.5 | and up | 0 |
| 62.5 | 75.0 | 7 | 237.5 | and up | 0 | 262.5 | and up | 0 | 287.5 | and up | 0 | | | |
| 87.5 | | 6 | | | | | | | | | | | | |
| 100.0 | | 5 | | | | | | | | | | | | |
| 112.5 | and up | 0 | | | | | | | | | | | | |

**DETERMINING MARGIN COMPENSATION**

Compensation is calculated by multiplying the daily net debit balance by the daily compensation rate. The daily compensation rate is based on the applicable compensation rate when the loan was established (divided by 365 days) unless:

- The interest rate is renegotiated, triggering a reassessment of the compensation rate, or
- The margin compensation table dictates a higher compensation rate based on the current loan balance and discount level.

**TIMING OF COMPENSATION**

Margin compensation is based on a one month lag. For example, November balances are used to calculate December compensation that appears on the January 10th commission check.

**Margin Compensation Examples**

**Example 1: $750,000 Loan Priced per Standard Rate**

| | | |
|---|---|---|
| Loan Balance | $ | 750,000 |
| Multiplied by Annual Compensation Rate[2] | × | 10 bps |
| Equals Annualized Compensation | $ | 750.00 |
| Divided by 365 days | ÷ | 365 |
| Multiplied by Number of Days in the Month | × | 30 |
| Equals Monthly Compensation | $ | 61.64 |

**Example 2: $750,000 Loan Priced at 200 bps Discount to Standard Rate**

| | | |
|---|---|---|
| Loan Balance | $ | 750,000 |
| Multiplied by Annual Compensation Rate[2] | × | 8 bps |
| Equals Annualized Compensation | $ | 600.00 |
| Divided by 365 days | ÷ | 365 |
| Multiplied by Number of Days in the Month | × | 30 |
| Equals Monthly Compensation | $ | 49.32 |

*Notes:*

[1] *Interest rate discount and annualized compensation rate is reported in basis points.*

[2] *Compensation rate is derived from the $500,000 to $999,999 loan range as per the Margin compensation table.*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 79

CONFIDENTIAL

RBC-PAUL000006629

# RBC Premier Line of Credit Compensation

**PREMIER LINE OF CREDIT COMPENSATION TABLE**

Net compensation is paid on the Premier Line of Credit outstanding loan balance (loans offered by Global Private Banking) and is dependent on the outstanding loan balance and the interest rate discount as shown in the table below.

| Premier Line of Credit Loan Balance[1] | | | | | |
|---|---|---|---|---|---|
| $500,000 - $9,999,999 | | | $10,000,000 And Up | | |
| Interest Rate Discount | | Annual Comp Rate | Interest Rate Discount | | Annual Comp Rate |
| From | To | | From | To | |
| 0.0 | | 10 | 0.0 | | 10 |
| 0.1 | 25.0 | 5 | 0.1 | and up | 0 |
| 25.1 | and up | 0 | | | |

**DETERMINING PREMIER LINE OF CREDIT COMPENSATION**

- The annual compensation rate per the Premier Line of Credit compensation table is multiplied by the month's average outstanding loan balance then converted to a monthly compensation amount.

- The level of discount, as applicable, used to determine the compensation rate will be determined by comparing the interest rate assigned to the loan versus the recommended interest rate for that size loan according to the standard RBC Premier Line of Credit Interest Rate Grid.

**TIMING OF COMPENSATION**

Premier Line of Credit compensation is based on a one month lag.  For example, November balances are used to calculate December compensation that appears on the January 10th commission check.

**Premier Line of Credit Compensation Examples**

**Example 1: $750,000 Loan Priced per Standard Rate**

| | | |
|---|---|---|
| Loan Balance | $ | 750,000 |
| Multiplied by Annual Compensation Rate[2] | × | 10 bps |
| Equals Annualized Compensation | $ | 750.00 |
| Divided by 365 days | ÷ | 365 |
| Multiplied by Number of Days in the Month | × | 30 |
| Equals Monthly Compensation | $ | 61.64 |

**Example 2: $750,000 Loan Priced at 25 bps Discount to Standard Rate**

| | | |
|---|---|---|
| Loan Balance | $ | 750,000 |
| Multiplied by Annual Compensation Rate[2] | × | 5 bps |
| Equals Annualized Compensation | $ | 375.00 |
| Divided by 365 days | ÷ | 365 |
| Multiplied by Number of Days in the Month | × | 30 |
| Equals Monthly Compensation | $ | 30.82 |

*Notes:*

[1] *Interest rate discount and annualized compensation rate is reported in basis points.*

[2] *Compensation rate is derived from the $500,000 to $9,999,999 loan range as per the Premier Line of Credit compensation table.*

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 80

CONFIDENTIAL

RBC-PAUL000006630

# Standby Letters of Credit Compensation

**STANDBY LETTER OF CREDIT COMPENSATION TABLE**

Net compensation is paid on the annual client fee for Standby Letter of Credit arrangements established under the standard Standby Letter of Credit program offered by Global Private Banking.

The amount of compensation is dependent on the size of the Standby Letter of Credit and whether any discount on fees was provided to the client, as shown in the table below.

| Client Fee Discount | Annual Comp Rate |
|---|---|
| 0 bps | 10 bps |
| 25 bps | 5 bps |
| 50 bps | 0 bps |

***Note:***
*Compensation on Standby Letters of Credit in excess of $10 million will be determined based on the circumstances of the transaction and subject to the joint approval of Global Private Banking and RBC Wealth Management.*

**DETERMINING STANDBY LETTER OF CREDIT COMPENSATION**

- The annual compensation rate per the Standby Letter of Credit Compensation table is multiplied by the notional value of the letter.
- The level of client fee discount, as applicable, used to determine the compensation rate will be calculated by comparing the fee assigned to the standby letter of credit versus the recommended fee for that size standby letter of credit.

**TIMING OF COMPENSATION**

- Timing of Standby Letter of Credit compensation will be dependent on receipt of funds by RBC Wealth Management from Global Private Banking.
- Once RBC Wealth Management receives funds from Global Private Banking, the FC will be compensated on the next available commission run.

**Standby Letter of Credit Examples**

Example #1: $2,000,000 Standby Letter of Credit per Standard Fee

| Standby Letter of Credit Notional Value | $ 2,000,000 |
|---|---|
| Multiplied by Annual Compensation Rate | × 10 bps |
| Equals Annualized Compensation | $ 2,000 |

Example #2: $2,000,000 Standby Letter of Credit, priced at 25 bp Discount to Standard Fee

| Standby Letter of Credit Notional Value | $ 2,000,000 |
|---|---|
| Multiplied by Annual Compensation Rate | × 5 bps |
| Equals Annualized Compensation | $ 1,000 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 81
CONFIDENTIAL                                         RBC-PAUL000006631

# Money Market Funds (MMF)/Credit Interest Program (CIP) Compensation

**DETERMINING MMF/CIP COMPENSATION**

You will earn four (4) basis points, on an annualized basis, on average money market fund and CIP balances in excess of $1 million.  MMF/CIP compensation is based on average daily balances and paid on an FC's aggregate balances in excess of $1 million.  The monthly payout is based on a one-month lag.  For example, November balances are used to calculate the December payout that appears on your January 10th commission check.

**Example: December Month MMF/CIP Compensation**

Assume average MMF and CIP balances of $10,000,000 for November.

| | | |
|---|---:|---:|
| FC's Average Balance Above $1 Million | $ | 9,000,000 |
| Multiplied by 4 Basis Points | × | 4 bps |
| Equals Annualized Compensation | $ | 3,600 |
| | | |
| Divided by 365 | ÷ | 365 |
| Multiplied by Number of Days in November | × | 30 |
| Equals December Month Compensation | $ | 296 |

(Paid January 10th)

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 82
CONFIDENTIAL

RBC-PAUL000006632

# Additional Compensation

**COMPENSATION ON OTHER PRODUCTS AND SERVICES**

RBC Wealth Management is continually adding new products and services. As they are introduced, you will be informed via InfoNET. Compensation details of new products and services will be updated in future annual compensation documents.

### Finders Fees

One hundred percent of finders fees from RBC Capital Markets is credited to an FC's gross production. The gross production is credited once RBC Capital Markets receives the transaction revenue, typically 90 days from the transaction pricing. The base commission rate on finder's fees is determined by the Base Commission Grid.

### Voyageur Asset Management Referral Fees

One hundred percent of Voyageur Asset Management (VAM) fees is credited to an FC's gross production. The VAM referral fee is determined by the Solicitation Agreement between the FC and VAM. The base commission rate on VAM referral fees is determined by the Base Commission Grid.

### Private Placement and Venture Capital Investments Fees

FCs are credited with gross production for a percentage of the clients' purchases of private placements and venture capital investments offered through RBC Capital Markets. The gross production is credited once Capital Markets receives the placement fee, typically 90 days from the transaction pricing. The base commission rate on private placement and venture capital investments gross production is determined by the Base Commission Grid.

### Accredited Wealth Management Services Fees

One hundred percent of Accredited Wealth Management Services (AWMS) fees is credited to an FC's gross production. The base commission rate on AWMS fees is determined by the Base Commission Grid.

### RBC Capital Advisors Referral Fees

One hundred percent of the RBC Capital Advisors referral fee is credited to an FC's gross production. The RBC Capital Advisors referral fee is twenty-five percent of RBC Capital Advisors total fee (typically between 50 -100 basis points). The base commission rate on RBC Capital Advisors referral fees is determined by the Base Commission Grid.

### RBC Alternative Asset Program

There are two components to the compensation for FCs who refer clients to RBC's Alternative Asset program.

**Part 1.** The underlying loan amount taken out by the client will result in 10 net basis point (annualized) compensation to the FC. Payment on a net basis means the 10 basis point award is not credited to gross production, but is instead paid directly to the FC.

**Part 2.** The referral fee passed to Private Client Group will be credited to the FC's gross production as soon as administratively possible. The base commission rate on Alternative Asset referral fees is determined by the Base Commission Grid.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 83
CONFIDENTIAL                                                    RBC-PAUL000006633

Alternative Asset referral fees are calculated for the preceding six-month period of activity on June 30 and December 31. Transactions will be processed a soon as administratively possible following the conclusion of each respective period. Any transactions closing between one of the cut-off dates will be prorated from the transaction close to the closest calculation date. For example, if a transaction closed June 1, the next closest calculation date is June 30. Accordingly, the FC would receive 1/6 of the semi-annual fee calculation.

## COMMODITY COMPENSATION

Commodity base commissions are calculated on the commodity base commission grid below which is driven by your current month commodity production. The commodity base commission rate is the lower of the FC's base commission rate or the maximum commodity base commission rate.

| COMMODITY BASE COMMISSION GRID | | | | |
|---|---|---|---|---|
| Annualized Commodity Production[1] | | Current Month Commodity Production | | Maximum Commodity Rate |
| From | To | From | To | |
| 360,000 | And up | 30,000 | And up | 42.0% |
| 180,000 | 359,999 | 15,000 | 29,999 | 40.0% |
| 120,000 | 179,999 | 10,000 | 14,999 | 38.0% |
| 60,000 | 119,999 | 5,000 | 9,999 | 35.0% |
| - | 59,999 | - | 4,999 | 30.0% |

*Note:*

[1] *The monthly maximum commodity commission rate is driven by your current month commodity production. Annualized commodity production is shown for illustration purposes only.*

Brokerage and clearing fees on commodity products are deducted from gross commissions before the commodity base commission rate is applied. Tickets where the gross commission per contract is less than $40 receive no payout.

- For commodity futures contract tickets, one half of the full gross commission is charged to the customer and credited to the FC when the position is initiated (half turn) and one half of the full gross commission is charged to the customer and credited to the FC when the position is closed out (half turn). In order to receive a payout, each side of the transaction requires a minimum gross commission of $20 per contract per half turn ($40 per round turn).

- For options on commodity contract tickets, the full gross commission is charged to the customer and credited to the FC when the position is initiated and no commission is charged when the position is closed out or expires worthless. In order to receive a payout, a minimum commission of $40 per contract is required.

## DETERMINING ADDITIONAL COMPENSATION

Additional compensation (compensation on other products and services and commodity compensation) is also subject to reductions for certain costs as described on page 6 under "Determining Commission-Based Earnings."

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 84

CONFIDENTIAL

RBC-PAUL000006634

# Ticket Size and Discounting Policies

**OVERVIEW**

The company's profitability is impacted by the size of a ticket and whether or not you offer a discount on the commission. RBC Wealth Management continues to discourage discounting because we believe that your clients receive a high level of value from the knowledge, expertise, and advice you provide. However, since discounting is occasionally necessary, our plan offers you flexibility in making pricing and service decisions. The minimum ticket, small ticket, and discounting policies may impact your monthly pay based on your pricing decisions. The chart below provides an overview of the policies:

| Net Ticket Size | Minimum Ticket Policy | Small Ticket Policy | Discounting Policy |
|-----------------|----------------------|--------------------|--------------------|
| $0 - $74.99 | 0% payout and may be subject to minimum ticket charges | n/a | n/a |
| $75 - $94.99 | n/a | 25% base commission rate[1] | Base commission rate adjustment if discount greater than 10% |
| $95 - $249.99 | n/a | n/a | Base commission rate adjustment if discount greater than 15% |
| $250+ | n/a | n/a | n/a |

***Note:***

[1] *The base commission rate for FCs with less than $87,500 in trailing six-month production is 20 percent. An FC at this production level will continue to receive the base commission rate of 20 percent for net tickets between $75 and $94.99.*

The following are exempt from all ticket size and discounting policies:

- Mutual funds
- Insurance
- Annuities
- Unit investment trusts
- Syndicate transactions
- Fixed income new issues
- All trail commissions

CONFIDENTIAL

RBC-PAUL000006635

## MINIMUM TICKET POLICIES

If an FC discounts or prices a ticket below certain minimums, the FC will receive no payout and may receive a minimum ticket charge against their monthly base commissions. All equity, option, and fixed income trades may be subject to the minimum ticket policies (unless exempted as noted on page 19) as outlined below:

### A. Minimum Ticket Payout Policy

▓ No payout will occur on tickets below $75.

### B. Discounted Equity Minimum Ticket Policy

▓ For equity tickets discounted below $75, the FC will be charged the difference between the amount of the discounted ticket and $75.

▓ On **sell** equity tickets with recommended client commission below $75, the FC will be charged the difference between the discounted ticket and the recommended client commission.

### C. Fixed Income and Discounted Option Minimum Ticket Policy

▓ For fixed income and discounted option transactions priced below $25, the FC will be charged the difference between the client commission and $25.

▓ On **sell** option tickets with recommended client commission below $25, the FC will be charged the difference between the discounted ticket and the recommended client commission.

### Example: Minimum Equity Ticket

Assume the recommended client commission for an equity trade equals $100 and the trade is discounted 55 percent resulting in actual commission charged to the client of $45. The impact to the FC would be:

| | | | |
|---|---|---|---|
| Payout rate | 0 % | (per the minimum ticket payout policy) |
| Minimum ticket required | $ 75.00 | |
| Actual commission charged | (45.00) | |
| Charge to FC | $ 30.00 | (per the discounted equity minimum ticket policy) |

### Example: Minimum Option Ticket

Assume the recommended client commission for an option trade equals $80 and the trade is discounted 80 percent resulting in actual commission charged to the client of $16. The impact to the FC would be:

| | | | |
|---|---|---|---|
| Payout rate | 0 % | (per the minimum ticket payout policy) |
| Minimum ticket required | $ 25.00 | |
| Actual commission charged | (16.00) | |
| Charge to FC | $ 9.00 | (per the discounted option minimum ticket policy) |

## SMALL TICKET POLICY

Tickets between $75 and $94.99 are paid at a base commission rate of 25 percent. The base commission rate for FCs with less than $87,500 in trailing six-month production is 20 percent. An FC at this production level will continue to receive the base commission rate of 20 percent for net tickets between $75 and $94.99.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 86

CONFIDENTIAL

RBC-PAUL000006636

**DISCOUNTING POLICY**

The discounting policy provides a safe harbor discount of 10 percent for net tickets between $75 and $94.99, and 15 percent for net tickets between $95 and $249.99. Additionally, there is no discounting adjustment for net tickets of $250 or more. For a discount greater than the safe harbor level, you will share in the cost of the discount through an adjustment to your base commission rate on the specific discounted trade as outlined in the table below:

| DISCOUNT ADJUSTMENT TABLE | | |
|---|---|---|
| | Net Ticket Size | |
| **Discount** | **$75 - $94.99** | **$95 - $249.99** |
| Up to 10% | No adjustment | No adjustment |
| 10.01% - 15% | 6% | No adjustment |
| 15.01% - 20% | 7% | 7% |
| 20.01% - 25% | 8% | 8% |
| 25.01% - 30% | 10% | 10% |
| 30.01% - 35% | 13% | 13% |
| 35.01% - 40% | 14% | 14% |
| 40.01% - 45% | 16% | 16% |
| 45.01% - 50% | 17% | 17% |
| 50.01% - 55% | 19% | 19% |
| 55.01% - 60% | 21% | 21% |
| 60.01% - 65% | 23% | 23% |
| 65.01%+ | 25% | 25% |

**Example: Net Ticket Size of $75 to $94.99**

- Assume the recommended client commission for a trade is $100 and the trade is discounted 20 percent resulting in actual commission charged to the client (net ticket size) of $80.

- The FC's small ticket base rate is 25 percent.

The base commission rate on this $80 trade would be:

| | Base Commission % | Base Commission $ |
|---|---|---|
| Base commission (per small ticket policy) | 25% | $ 20.00 |
| Less discount adjustment | (7%) | (5.60) |
| FC's effective base commission | 18% | $ 14.40 |

**Example: Net Ticket Size of $95 to $249.99**

- Assume the recommended client commission for a trade is $300 and the trade is discounted 35 percent resulting in actual commission charged to the client of $195.

- Based on trailing-six month production, assume the FC's monthly regular base commission rate is 44 percent.

The base commission rate on this $195 trade would be:

| | Base Commission % | Base Commission $ |
|---|---|---|
| Base commission | 44% | $ 85.80 |
| Less discount adjustment | (13%) | (25.35) |
| FC's effective base commission | 31% | $ 60.45 |

*RBC Wealth Management* 2009 Financial Consultant Compensation Plan  **21**

**DISCOUNTING POLICY – FEE-BASED PROGRAMS**

Pricing fee-based programs below standard fee ranges may result in a reduction to your base commission rate. See Investment Advisor Group program pricing schedules on InfoNET for complete discounting information.

# FC Business Transition Plan

At some point, even the most successful FCs start to think about "what next"?  What's next in my life, my family, my community?  Over the next 10 to 15 years, many of you will decide to transition out of this industry and move on to the next phase of your life.  The paradox of creating a successful business in our industry has been that historically many FCs end up walking away from 20 plus years of work, 20 plus years of effort, and 20 plus years of client relationships with little to show for it.  In many cases, clients of retiring FCs were indiscriminately passed around the office.  Or, if the business was transitioned, it was done in an informal fashion that left a good bit of uncertainty for the departing FC, the receiving FC, and the clients.

We have a program in place to provide you with a way to monetize and transition your book of business in a structured fashion that benefits not only you and your family, but your clients as well.  This program is called the FC Business Transition Plan.  The plan allows the departing FC to transfer the management of his/her client relationships and, in turn, provides the receiving FC a means of growing his/her business using pre-tax dollars.

**PROGRAM BENEFITS**

For the departing FC, the FC Business Transition Plan:

- Helps assure clients that the departing FC has placed them in the care of an FC who will best serve their long-term needs;

- Facilitates the sale of the right to manage the book of business with payment spread over 30 months;

- Allows for an optional advance of 50% of the transition value;

- Qualifies the FC for prorated WAP productivity bonus and premium match in the year of book transition provided that annualized production reaches required bonus and match thresholds; and

- Qualifies the FC for accelerated vesting of previously unvested WAP balances.

For the receiving FC, the FC Business Transition Plan:

- Provides the FC with clients that are looking forward to a new relationship that is sponsored and endorsed by the departing FC;

- Creates a means to build his/her book of business using pre-tax dollars; and

- Offers an opportunity to materially increase productivity, potentially resulting in a higher base commission grid rate on the receiving FC's entire book of business.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 88
CONFIDENTIAL                                                    RBC-PAUL000006638

**ADMINISTRATIVE OVERVIEW**

There are three phases in the FC Business Transition Plan:

- **In Phase I,** the branch or complex director and departing FC work together to identify a receiving FC, negotiate the total value of the business transition, and determine the transition timing.

- In **Phase II,** the departing FC works with the receiving FC to ensure an effective transition of the client relationships. Phase II is essentially skipped if the departing FC elects to receive an advance of 50% of the total value of the transition.

- When **Phase III** commences, the departing FC's employment with RBC Wealth Management ends.  During this phase, the receiving FC continues to make pre-tax payments to the departing FC.

- The payments in Phase II and III are spread equally over 30 months.

All aspects of the FC Business Transition agreement, including the nomination of the receiving FC and total transition valuation, are subject to Regional Director approval.  If elected, the advance to the receiving FC is subject to PCG President approval.

**ADDITIONAL INFORMATION**

Program documentation can be found on RBC LaunchPad (see FC Compensation Plan documents section) and includes the following:

- Plan overview, valuation statistics, and key considerations; and

- Sample legal documents, key contacts (Legal, Finance, HR, Commissions), and administrative steps

In summary, we have constructed a program that is fair for the departing FC, the receiving FC, and the client and gives you a structured process for monetizing and transitioning your practice.  Just another way RBC Wealth Management is working to help you "Finish Well."  Any further questions can be directed to your branch or complex director.

**FC BUSINESS CONTINUITY PROGRAM**

The FC Business Transition Plan provides a framework for you to transition out of the business when you are ready ... But what happens to your clients and your business if the unexpected occurs?

The FC Business Continuity Program ensures that in the event of unforeseen circumstances your clients are taken care of, with you deciding which FC(s) will handle their wealth management needs.  In addition, the program monetizes your practice and makes payments to you (in the case of permanent disability) or your estate over a period of 30 months. The program provides the structure for you to make these decisions and document them in a contract that becomes effective upon your death or permanent disability.

This program not only provides protection for you and your family, it may help provide the piece of mind your clients are looking for in protecting their assets.  Full program documentation, including a sample contract, can be found on RBC LaunchPad (see the FC Compensation Plan documents section).

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 89

CONFIDENTIAL

RBC-PAUL000006639

# Title Recognition

RBC Wealth Management's Title Recognition Program recognizes and rewards production levels and longevity as an FC within the securities industry. Titles are awarded based on the following qualifications:

| Title | Qualification |
|---|---|
| Senior Vice President-Financial Consultant | **Production** — Total production over the last 2 years of $1,500,000 (average annual production of $750,000)<br>**Years Experience** — Minimum of 6 years of industry experience |
| First Vice President-Financial Consultant | **Production** — Total production over the last 2 years of $1,000,000 (average annual production of $500,000)<br>**Years Experience** — Minimum 5 years of industry experience |
| Vice President-Financial Consultant | **Production** — Total production over the last 2 years of $700,000 (average annual production of $350,000)<br>**Years Experience** — Minimum 4 years of industry experience |
| Associate Vice President-Financial Consultant | **Production** — Total annual production of $250,000 or greater<br>**Years Experience** — Minimum 2 years of industry experience |

**ADDITIONAL POINTS**

- Fiscal year 2009 titles (awarded in early December 2008) will be published in 2009, and will be based on fiscal year 2008 production (November 2007 – October 2008) and fiscal year 2007 production (November 2006 – October 2007).

- All title nominations are subject to review by the Compliance and Human Resources departments, as well as final approval by the PCG Presidents. Qualifying production levels will be reviewed annually and are subject to change.

- Complete details regarding PCG's honorary title promotion can be found on the InfoNET under Company Information/PCG News & Information/Policies, Procedures, Forms/PCG Title Recognition Program (Correspondence Communication Section)

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 90

CONFIDENTIAL

RBC-PAUL000006640

# Award Programs

RBC Wealth Management is committed to recognizing and rewarding outstanding achievement and excellence. The following award and recognition programs are designed to honor those individuals who achieve excellence. Qualifications for 2009 awards will be based on fiscal year (November 2008 through October 2009) production and performance. Award winners are invited to participate in a recognition trip which is generally held in the spring or early summer.

The qualification criteria for the various FC recognition programs are listed below. In addition to meeting these criteria, all recognition award winners must:

- Maintain a clean compliance record;
- Be appropriately licensed; and
- Comply with RBC Wealth Management's Respectful Workplace Policy, as well as all other applicable firm policies.

**CHAIRMAN'S COUNCIL**

Chairman's Council recognizes the top 120 FCs (and more if additional FCs reach the production goal) based on production. Chairman's Council is the Private Client Group's most prestigious recognition program. FCs can qualify to receive Chairman's Council recognition in one of two ways:

1) By achieving the fiscal year production goal, set annually in August based on November through July results or

2) By ending the year as one of the top 120 producers.

**PRESIDENT'S COUNCIL**

President's Council recognizes the next 280 producers after Chairman's Council (and more if additional FCs reach the production goal). FCs can qualify to receive President's Council recognition in one of two ways:

1) By achieving the fiscal year production goal, set annually in August based on November through July results; or

2) By ending the year as one of the next 280 producers after Chairman's Council recognition.

**DIRECTOR'S COUNCIL**

The Director's Council recognizes FCs who achieve 75% of the President's Council production requirement. Award winners will receive a personal memento and be able to include the designation on business cards and marketing materials.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 91
CONFIDENTIAL

RBC-PAUL000006641

# FC Error Policy

In general, an FC error is defined as a trade entered incorrectly by an FC, complex operations associate, or registered client associate that results in a charge or expense to the firm. For example:

- Shares were bought rather than sold (or vice versa).
- The wrong number of shares was purchased or sold.
- The wrong security was purchased or sold.

According to the FC Error Policy, any losses that occur due to FC errors are applied in full to the FC as a pre-tax reduction during the calculation of the FC's monthly commission-based earnings. However, if the error is discovered and reported prior to market open (9:30 a.m. Eastern Time) on the day following the error occurrence, the reduction drops to 50 percent of the total error (with the branch taking the remainder of the charge). The complex director and administrative complex manager have the discretion to increase the charge to the FC (e.g., if the error was egregious or the FC is a chronic error producer). Errors involving options and commodities, and errors in an FC's own account(s) and those employee or employee-related accounts that he or she manages, will always result in 100 percent charge to the FC, no matter when the errors are discovered. The effect of error reductions of more than $500 may be distributed over a maximum of six months. The effect of error reductions of more than $5,000 may be distributed over a maximum of 12 months.

Complete details regarding the FC Error Policy can be found on InfoNET currently located at: Company Information/ PCG News and Information/Policies, Procedures and Forms/Trade Error and Cancel/Rebill Policy (Order Entry Section).

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 92
CONFIDENTIAL                                          RBC-PAUL000006642

# FC Business Spending Accounts

To help you build your business, the company has developed a Business Spending Account program. Through this program you deposit pre-tax dollars from commission-based earnings into an account to use for business development. This plan enables you to invest in your business while realizing tax savings on business-related expenses.

As an RBC Wealth Management FC, you will enroll each year in the Business Spending Account. The IRS requires that all FCs take part in the program in order for the firm to offer this benefit. The minimum contribution is $50 per month ($600 per year). This means that a minimum of $50 will be withheld from your pre-tax net earnings each month and deposited into your Business Spending Account. The maximum contribution is $833 per month ($10,000 per year), or 2.5 percent of your November 2007 through July 2008 annualized production, whichever is greater.

The account may be used for qualified business expenses such as:

- Meals and entertainment with clients;
- Client-related business travel;
- Advertising and marketing materials;
- Capital expenditures (computers, software, etc.); and
- Client gifts up to $25.

Some expenses such as club dues, minimum ticket charges, errors, other commission reductions, political contributions, and spouse's travel expenses do not qualify for reimbursement.

You may submit your qualified expenses for reimbursement anytime throughout the plan year. You will be reimbursed up to your available balance. The outstanding amount of the request will be paid to you as the balance becomes available. The 2009 plan year includes expenses incurred in January 2009 through December 2009. Expenses incurred in plan year 2009 may be submitted for reimbursement until March 31, 2010. It is important to budget your business spending contributions carefully because any funds left in your spending account on March 31, 2010 will be forfeited.

Complete details regarding the FC Business Spending Account program can be found on InfoNET currently located at: Company Information/PCG News and Information/Policies, Procedures and Forms/FC Business Spending Account (General Section).

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 93
CONFIDENTIAL

RBC-PAUL000006643

# Comprehensive Compensation Example

The following example shows an FC's total annual compensation assuming a $600,000 production level and 12 years of service. Additionally, the FC contributes 15 percent to the WAP on a voluntary basis, qualifies for the President's Council level of WAP premium match, and contributes fully to the Retirement Plan. This comprehensive example is for illustration purposes only.

**Commission-Based Earnings:**

| | | |
|---|---|---|
| Annual Gross Production | $  600,000 | See Base Commission Grid on page 4. |
| Base Commission Rate | 43.0 % | Excludes impact of discounting and minimum ticket policies. |
| Total Commission-Based Earnings | 258,000 | |

**Other Compensation:**

| | | |
|---|---|---|
| Margin | 750 | See example 1 on page 13. |
| RBC Premier Line of Credit | 750 | See example 1 on page 14. |
| MMF/CIP | 3,600 | See example on page 16. |
| Total Other Compensation | 5,100 | |
| **TOTAL CASH COMPENSATION** | **263,100** | |

**RBC US Wealth Accumulation Plan:**

| | | |
|---|---|---|
| Annual Gross Production | 600,000 | |
| WAP Productivity Bonus Rate | 3.5 % | |
| WAP Productivity Bonus | 21,000 | See example on page 8. |
| WAP Voluntary Deferral | 39,465 | Assumes 15% of cash compensation deferred. |
| Fixed and Premium WAP Match Rate | 45.0 % | 25% Fixed Match and 20% President's Council Premium Match. |
| Fixed and Premium WAP Match | 17,759 | See example on page 10. |
| Total WAP Compensation | 38,759 | |

**Retirement Plan:**

| | | |
|---|---|---|
| Fixed Match | 1,500 | Assumes full Retirement Plan participation. |
| **TOTAL DEFERRED COMPENSATION** | **40,259** | |
| **TOTAL ANNUAL COMPENSATION** | **$  303,359** | |
| *% of Annual Gross Production* | *50.6 %* | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3:16-cv-05616-RBL – Page 94
CONFIDENTIAL

RBC-PAUL000006644



DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL -- Page 95

CONFIDENTIAL

RBC-PAUL000006645

 RBC Wealth Management

CONFIDENTIAL

RBC-PAUL000006646

# EXHIBIT 5

# 2009 Branch Director Compensation Plan

**Effective November 1, 2008**

RBC Wealth Management reserves the right to change, correct, modify or revoke any of the programs discussed in this document at any time with or without notice.  The RBC Wealth Management Branch Director Compensation Plan applies only to those branch directors placed on the plan as determined by RBC Wealth Management's senior management.  Nothing in this document should be construed to create a contract or give rise to any contractual rights, or otherwise modify employee's "at-will" employment status.  In all employment decisions, RBC Wealth Management reserves the right to take such action as it deems appropriate given the specific circumstances relating to those decisions.  At RBC Wealth Management senior management's sole discretion, all bonuses discussed in this document may be reduced for reasons relating to, but not limited to, compliance, legal and human resource issues.

## TABLE OF CONTENTS

| Section Name | Page | Section Name | Page |
|---|---|---|---|
| Plan Overview | 2 | Participation & Matching Eligibility | 7 |
| Salary | 3 | Employee Contributions | 7 |
| Individual Performance Objective Bonus | 3 | Company Matching Contribution | 7 |
| Determining the Bonus | 3 | Investment Options | 7 |
| Timing of Payments | 4 | Complex Director/Branch Director WAP | 8 |
| Sharing Restrictions Within a Complex | 4 | Eligibility Requirements | 8 |
| Recruiting Bonuses | 4 | Components | 8 |
| Sharing Within a Complex | 4 | FC Productivity Bonus | 8 |
| Eligibility | 5 | Employee Contributions | 9 |
| Timing of Payments | 5 | Variable & Premium Matching Contributions | 9 |
| RBC-U.S.A. Retirement and Savings Plan and RBC-US Wealth Accumulation Plan | 6 | Assistant Branch Manager Compensation | 11 |
| Retirement Plan | 7 | Appendices | 12 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 98
CONFIDENTIAL

RBC-PAUL000011237

# Plan Overview

The RBC Wealth Management Branch Director Compensation Plan is designed for those individuals who manage a branch within a complex.  The plan includes salary, an individual performance objective bonus, recruiting bonuses, and deferral opportunities into retirement and deferred compensation plans.  If you have specific questions regarding your individual compensation, please contact your complex director.

The main components of the Branch Director Compensation Plan are as follows:

- **Salary -** Monthly salary set by the complex director and regional director and based on the branch's prior-year net revenue

- **Individual Performance Objective (IPO) Bonus -** Rewards the achievement of specific, pre-agreed upon objectives

- **Recruiting Bonuses -** Rewards branch directors for the time they invest in recruiting new FCs and FC trainees

- **RBC-U.S.A. Retirement and Savings Plan and RBC-US Wealth Accumulation Plan -** Two wealth-building opportunities achieved through deferral of cash compensation

- **Assistant Branch Manager Compensation Allowance -** Allowance based on prior-year net revenue of an individual branch

In addition to the Branch Director Compensation Plan, branch directors are eligible for commission-based earnings payout and bonuses under the prevailing Financial Consultant Compensation Plan.

The following table provides an overview of the annual salary levels and the IPO bonus pool funding rate within the Branch Director Compensation Plan.

| Branch Director Target Compensation | | | |
|---|---|---|---|
| **Prior Year Branch Net Revenue** | **Minimum Annual Salary** | **Maximum Annual Salary** | **IPO Bonus Pool Funding Rate (% of Net Revenue)** |
| 0 -        1,999,999 | 12,000 | 18,000 | 0.85% |
| 2,000,000 -   2,999,999 | 18,000 | 23,000 | 0.85% |
| 3,000,000 -   3,999,999 | 20,000 | 30,000 | 0.85% |
| 4,000,000 -   4,999,999 | 30,000 | 40,000 | 0.85% |
| 5,000,000 -   5,999,999 | 40,000 | 50,000 | 0.85% |
| 6,000,000 -   6,999,999 | 50,000 | 60,000 | 0.85% |
| 7,000,000 -   7,999,999 | 60,000 | 70,000 | 0.85% |
| 8,000,000 -   8,999,999 | 70,000 | 80,000 | 0.85% |
| 9,000,000   10,999,999 | 80,000 | 90,000 | 0.85% |
| 11,000,000   12,999,999 | 80,000 | 100,000 | 0.85% |
| 13,000,000   14,999,999 | 80,000 | 110,000 | 0.85% |
| 15,000,000   16,999,999 | 80,000 | 120,000 | 0.85% |
| 17,000,000   18,999,999 | 80,000 | 130,000 | 0.85% |
| 19,000,000 -   And up | 80,000 | 140,000 | 0.85% |

**Please note:**  For branch directors eligible for the Wealth Accumulation Plan 10% of all compensation described in this plan over $100,000 is unvested, deposited into the RBC-US Wealth Accumulation Plan, and subject to all applicable plan provisions including the vesting schedule as described on page 9 of this document.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 99
CONFIDENTIAL

*RBC Wealth Management* 2009 Branch Director Compensation Plan   **2**

RBC-PAUL000011238

# Salary

A branch director's salary is determined at the beginning of the year by the complex director and regional director and is based on the branch's prior-year net revenue.  At the beginning of each year, salaries for branch directors may be adjusted to reflect year-over-year increases or decreases in net revenue.  Branch director salaries are paid monthly on the tenth of the following month.  The table on the previous page presents the salary ranges for various net revenue levels.

# Individual Performance Objective Bonus

To recognize a branch director's individual efforts that may not be immediately evident in the branch's financial results, the Branch Director Compensation Plan includes an individual performance objective (IPO) bonus. Branch directors can earn this bonus based on their achievement of specific, agreed-upon objectives.  The IPO bonus does not vest until the day it is paid.  An essential condition to earning this bonus is the branch director being actively employed with RBC Wealth Management at the time the bonus is paid.

DETERMINING THE BONUS

The IPO bonus amount is determined through the following steps:

1.  Objectives are established at the beginning of the year.
2.  Once the objectives are defined, each objective is weighted based on its relative importance to the overall success of the branch. Specific performance measurement criteria are set for evaluating the achievement of each objective.
3.  IPO results are reviewed at the end of the year.  Each objective is given a percentage rating based on how well the objective was met according to RBC Wealth Management senior management's sole judgment.  IPO bonus scores of 0% and 50-150% can be achieved for each objective.
4.  The IPO bonus pool is based on current year-end net revenue and the IPO bonus funding rate of 0.85% of current year net revenue.  The IPO bonus pool represents the bonus amount if 100% is achieved on all objectives. The actual bonus amount can be more or less than the bonus pool, depending on the branch director's individual performance.
5.  The IPO bonus is determined by multiplying the IPO bonus pool by the overall IPO bonus score.
6.  When measuring the profitability objective, the formula starts with net income per the PCG income statement then adds back indirect allocations and FC trainee salaries.  The FC trainee salaries will be added back into profitability only for FC trainees who meet quarterly minimum performance requirements.

For more information, please review the sample completed IPO Status Report in the appendix starting on page 15 of this document.

Please see appendix on page 13 for full details of the FC trainee performance measurement process.

*Example Of IPO Bonus Determination*

Assume a branch director has two objectives weighted equally. Additionally, assume the branch director achieved 150% on the first objective and 75% on the second objective and the branch has current year-end net revenue of $4,000,000. The IPO bonus is determined as follows:

**Step 1. Determine the IPO Bonus Score:**

|  | Weighting | | Score | | Weighted Score |
|---|---|---|---|---|---|
| Objective #1 | 50.00% | x | 150.00% | = | 75.00% |
| Objective #2 | 50.00% | x | 75.00% | = | 37.50% |
| Cumulative IPO | 100.00% | | | | 112.50% |

**Step 2. Determine the IPO Bonus Amount:**

| | |
|---|---|
| Year-end net revenue | $ 4,000,000 |
| IPO funding rate | x 0.85% |
| IPO bonus pool | $ 34,000 |
| IPO bonus score (from step 1) | x 112.50% |
| IPO bonus amount | $ 38,250 |

## TIMING OF PAYMENTS

To allow time to calculate final results of each objective and coordinate year-end reviews, the 2009 IPO bonus will be paid by December 20, 2009.

## SHARING RESTRICTIONS WITHIN A COMPLEX

In order to preserve the independent nature of certain supervisory positions within a complex, branch directors may not share bonuses (with the exception of FC recruiting bonuses) with an assistant complex manager, associate complex manager, administrative complex manager, or complex operations manager.

# Recruiting Bonuses

RBC Wealth Management recognizes that recruiting and coaching FCs with different levels of experience entails varying risks, returns, and time commitments. Therefore, bonus programs exist for recruiting both FC trainees and FCs. For recruits hired in a complex, the recruiting bonus may be shared between the complex director and the branch director based on their level of involvement in the recruiting process as determined by the regional director.

1. **FC Trainee Recruiting Bonus** – This $7,500 bonus rewards branch directors for FC trainees recruited and trained in the RBC Wealth Management training program. For the branch director to be eligible for this bonus, FC trainees must achieve $70,000 gross production and $6,200,000 in AUA by the end of their first 12 full months of production.

2. **FC Recruiting Bonus** – This bonus rewards branch directors for recruiting FCs with $300,000 or more in trailing-twelve month production. The bonus is 4% of the FC recruit's trailing-twelve month gross production at the time of hire. The bonus amount may be reduced at regional director's discretion for reasons such as, but not limited to, size of the FC transitional deal. No bonus is paid for recruits with less than $300,000 in trailing-twelve month gross production or if an external recruiter is utilized.

   **Please note:** If a team of FC recruits is hired and their average trailing-twelve month production at the time of hire is $300,000 or more, a recruiting bonus equal to 4% of the entire team's trailing-twelve month production at the time of hire will be paid. If their average trailing-twelve month production is less than $300,000, a recruiting bonus equal to 4% of trailing-twelve month production for those team members whose individual trailing-twelve month production is $300,000 or more will be paid.

## SHARING WITHIN A COMPLEX

Branch directors may share a portion of an FC recruiting bonus with branch or complex personnel, including any of the four positions restricted from other bonus sharing: assistant complex manager, associate complex manager, administrative complex manager, or complex operations manager.

ELIGIBILITY

The recruiting bonuses do not vest until the day they are paid. An essential condition to earning these bonuses is that the branch director and the recruit or trainee must both be employed by RBC Wealth Management at the time the bonus is paid.  In certain instances, the FC trainee recruiting bonus and FC recruiting bonus may be reduced or eliminated at RBC Wealth Management senior management's sole discretion.

TIMING OF PAYMENTS

1. **FC Trainee Recruiting Bonus** – The bonus is reviewed in January, April, July and October.  The bonus is determined in the first review month following the completion of the FC trainee's 12th month of production.  Bonus payment occurs on the tenth of the month following the review month.  For example, the bonus for an FC trainee with an August anniversary will be determined in October and paid on November 10.

2. **FC Recruiting Bonus –** The bonus will be paid on the 10th of the month as soon as administratively possible after the recruit's license transfers.  Shortly after the license transfers, branch directors receive a notice from the Recruiting and Retention Department with the amount and timing of the bonus payment.

*Example 1 – FC Trainee*

An **FC trainee** is hired and trained at RBC Wealth Management. After 12 full months of production, the FC has $75,000 in gross production and $7.3 million in AUA.  The FC has met the $70,000 production and $6.2 million AUA requirements for this bonus.  Therefore, the branch director is eligible for a $7,500 bonus.

*Example 2 – FC Recruit*

An experienced **FC recruit** with $450,000 trailing 12-month production is hired. Assume the regional director agrees that the branch director's recruiting efforts entitle that person to the maximum amount of the FC recruiting bonus.

| | |
|---|---|
| FC recruit's trailing-12 month gross | $450,000 |
| Bonus rate | X    4% |
| **FC recruiting bonus** | **$18,000** |

CONFIDENTIAL

RBC-PAUL000011241

# RBC-U.S.A. Retirement and Savings Plan and RBC-US Wealth Accumulation Plan

The RBC-U.S.A. Retirement and Savings Plan (Retirement Plan) and RBC-US Wealth Accumulation Plan for complex directors and branch directors (CD/BD WAP) provide an excellent opportunity for branch directors to defer compensation and build long-term wealth. Both the Retirement Plan and CD/BD WAP are designed to be consistent with those of other management groups within RBC Wealth Management.

- A branch director's first $100,000 in calendar-year cash compensation is eligible for contribution to the Retirement Plan.

- A branch director's calendar-year cash compensation in excess of $100,000 is eligible for deferral into the CD/BD WAP, provided the branch director meets the eligibility requirements.

The following information on the Retirement Plan and CD/BD WAP is a brief summary of the plan components.  For complete details, please see the Retirement Plan's Summary Plan Description (SPD) and the WAP Plan Document and prospectus on the Fidelity website at www.401k.com or call the RBC U.S.A. Retirement Helpline at 1-866-697-1002.

Retirement Plan contribution elections (for the first $100,000 of compensation) and CD/BD WAP deferral elections (for compensation in excess of $100,000) apply to all calendar-year cash compensation. Calendar-year cash compensation includes all salary, commissions, draws, and bonuses paid to a branch director from January to December.   If applicable, the financial consultant WAP productivity bonus is paid to branch directors eligible and participating in the CD/BD WAP as cash compensation and included in the branch director's compensation eligible for Retirement Plan contribution or CD/BD WAP deferral.

# Retirement Plan

The Retirement Plan allows for participation in voluntary contributions and associated company matches on cash compensation up to $100,000.

### PARTICIPATION & MATCHING ELIGIBILITY

- All employees are eligible to contribute to the Retirement Plan as soon as administratively possible after their date of hire.

- Employees become eligible for the company match at the beginning of their thirteenth month of employment.

### EMPLOYEE CONTRIBUTIONS

- Employees may contribute up to 50% of pay on a pre-tax basis.

- The plan also allows for after-tax contributions of up to 5% of pay (unmatched).

- The maximum dollar amount that can be contributed pre-tax is determined annually by the federal government.  For the 2009 calendar year, the pre-tax contribution limit is $16,500.

- Employees who are 50 years of age or older by the end of the 2009 calendar year may make an additional 2009 pre-tax catch-up contribution of $5,500 to the Retirement Plan.  Catch-up contributions are not eligible for company matching contributions.

- **Employee pre-tax and after-tax contributions are always 100% vested.**

### COMPANY MATCHING CONTRIBUTION

- There is a company matching contribution during the year of 100% of employee pre-tax contributions up to 6% of pay.

- Unlike the limits that apply to financial consultants, the company match is not capped at $1,500.

- The company match vests on a graduated schedule during the employee's first five years of employment (0%, 25%, 50%, 75% and 100%, respectively) and is fully vested after five years of service from the employee's hire date.

### INVESTMENT OPTIONS

Contributions can be invested in a wide range of core funds and a self-directed mutual fund window.

**For complete details, please see the Retirement Plan's Summary Plan Description (SPD) on the Fidelity website at www.401k.com or call the RBC U.S.A. Retirement Helpline at 1-866-697-1002.**

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 104
CONFIDENTIAL

*RBC Wealth Management* 2009 Branch Director Compensation Plan   **7**

RBC-PAUL000011243

# Complex Director/Branch Director WAP

The CD/BD WAP allows for deferrals on cash compensation over $100,000.

## ELIGIBILITY REQUIREMENTS

Branch directors must meet one of the following eligibility requirements to participate in the voluntary and mandatory deferral program and company match program:

- Achieve $150,000 in prior year total cash compensation (2009 eligibility based on cash compensation from October 1, 2007 through September 30, 2008)

- Achieve $300,000 in prior year gross production (2009 eligibility based on gross production from (November 1, 2007 through October 31, 2008)
  **Please note:** For branch directors hired after October 1, 2007, the trailing-twelve month gross production at the time of hire or an estimate of annual total cash compensation will be used to determine eligibility pursuant to the $150,000 cash compensation or $300,000 production thresholds

## COMPONENTS

There are four components to the CD/BD WAP:

- Mandatory pre-tax deferral of eligible cash compensation;

- Voluntary pre-tax deferral of eligible cash compensation;

- Variable company match on eligible deferrals; and

- Premium company match on eligible deferrals.

Cash compensation earned under the Branch Director Compensation Plan, as well as compensation earned under the Financial Consultant Compensation Plan, is eligible for deferral into the CD/BD WAP.

## FC PRODUCTIVITY BONUS

- The FC productivity bonus is paid as cash compensation to all branch directors who are eligible for the CD/BD WAP and included in compensation eligible for deferral into the CD/BD WAP.

  - Example: A branch director is eligible for the 2009 CD/BD WAP.  The branch director earns an FC productivity bonus with gross production of $300,000 or more.  The bonus is paid as cash compensation on December 20th and is subject to the branch director's mandatory 10% WAP deferral and any elected voluntary deferrals.

- The FC productivity bonus is deferred into the CD/BD WAP for all branch directors who are not eligible for the CD/BD WAP and is subject to a two-year vesting period - 1/3 immediately, 1/3 one year after the end of the plan year, and 1/3 two years after the end of the plan year.

  - Example: A branch director's 2008 total cash compensation is below $150,000 and gross production is $250,000 making the branch director ineligible for participation in the deferral and matching programs in the 2009 CD/BD WAP.  In 2009, the branch director's gross production increases to $300,000, thus earning an FC productivity bonus.  The FC productivity bonus is paid as a deferred WAP bonus in 2008 with a two year vesting period as described above.

- See the 2009 Financial Consultant Compensation Plan for more information on the financial consultant WAP productivity bonus.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 105
CONFIDENTIAL

*RBC Wealth Management* 2009 Branch Director Compensation Plan   **8**

RBC-PAUL000011244

## EMPLOYEE CONTRIBUTIONS

The CD/BD WAP includes both a mandatory and a voluntary deferral program, with a total CD/BD WAP deferral opportunity of 30% (10% mandatory and 20% voluntary as discussed below) on cash compensation over $100,000.

- There is a mandatory 10% deferral of all cash compensation over $100,000. This mandatory deferred compensation is:
    - Deposited into the CD/BD WAP on a pre-tax basis;
    - **Subject to a two-year vesting period** - 1/3 immediately, 1/3 one year after the end of the plan year, and 1/3 two years after the end of the plan year;
    - Subject to other WAP provisions including forfeiture of unvested amounts upon termination; and
    - Eligible for company match.

- In addition, branch directors may elect to voluntarily defer up to another 20% of cash compensation over $100,000 on pre-tax basis.
    - **Voluntary deferrals are always 100% vested**.
    - After the mandatory 10% deferral, up to an additional 10% of cash compensation over $100,000 may be voluntarily deferred and is eligible for company match.
    - After the mandatory 10% and voluntary 10%, up to an additional 10% of cash compensation over $100,000 can be voluntarily deferred but is unmatched.

All mandatory and voluntary deferrals may be invested in any of the available investment options: RBC Share Account, RBC Interest Account, or various mutual funds.

## VARIABLE & PREMIUM MATCHING CONTRIBUTIONS

At RBC Wealth Management, we value a branch director's commitment to this firm as well as his/her own long-term success. The company match on mandatory and voluntary CD/BD WAP deferrals includes both a variable and premium match program. The matches, credited to the RBC Share Account, are subject to a four-year cliff-vesting period.

The variable match ranges from 15-50% on the first 20% of compensation deferred. The match is determined using the payout factor earned under RBC's Short-Term Incentive Program (STI). The payout factor is tied to RBC Wealth Management NIBT and RBC Financial Group NIBT, ROE, and relative EPS growth. Branch directors with significant production may also qualify for the WAP premium match, which ranges from 0-40% and is based on length of service and productivity. For further details on the WAP premium match program, please refer to the 2009 Financial Consultant Compensation Plan.

CONFIDENTIAL
RBC-PAUL000011245

*Example of Complex Director/Branch Director WAP & Retirement Plan*

**Assumptions –**

- The branch director's prior year cash compensation was over $150,000 and is therefore eligible to participate in the current year CD/BD WAP.

- The branch director earns $258,000 in commission-based earnings, a $21,000 FC productivity bonus (which is paid as cash compensation to branch directors who participate in CD/BD WAP) and $62,400 in branch director compensation.

- In addition to the 10% mandatory CD/BD WAP deferral, the branch director voluntarily defers 10% to the WAP.  The total mandatory and voluntary WAP deferral is 20% of cash compensation in excess of $100,000.

- The assumed variable CD/BD WAP match is 25% and the assumed premium match is 20%.  (Actual premium match is based on branch director length of service and productivity)

- The branch director contributes 16% of the first $100,000 of cash compensation to the Retirement Plan.

RECAP TOTAL COMPENSATION

**Cash Compensation \***

| | | |
|---|---:|---|
| Commission-based earnings | $ 258,000 | |
| FC productivity bonus (paid as cash compensation) | 21,000 | |
| Branch Director Compensation Plan compensation | 62,400 | |
| Total cash compensation | $ 341,400 | \* |

**CD/BD WAP and Retirement Plan Compensation**

| | | |
|---|---:|---|
| Variable and premium WAP match | $ 21,726 | (1) |
| Retirement Plan company match | 6,000 | (2) |
| Total CD/BD WAP and Retirement Plan compensation | 27,726 | |
| Total compensation | $ 369,126 | |

NOTES:

**(1) CD/BD WAP – Company Match**

| | | |
|---|---:|---|
| Total cash compensation | $ 341,400 | |
| Less $100,000 threshold | (100,000) | |
| Total compensation available for CD/BD WAP deferral | $ 241,400 | |

CD/BD WAP deferral:

| | | |
|---|---:|---|
| 10% mandatory deferral | $ 24,140 | |
| 10% voluntary deferral | 24,140 | |
| Total compensation deferred to CD/BD WAP | $ 48,280 | |

CD/BD WAP matches:

| | | |
|---|---:|---|
| Variable WAP match (assumes 25% for illustration) | $ 12,070 | (25% x $48,280) |
| Premium WAP match (assumes 20% for illustration) | 9,656 | (20% x $48,280) |
| Total CD/BD WAP matches | $ 21,726 | |

**(2) Retirement Plan – Company Match**

| | | |
|---|---:|---|
| Branch director's contribution to Retirement Plan | $ 16,500 | (16% x $100,000 with $16,500 limit) |
| Company match on Retirement Plan | $ 6,000 | ( 6% x $100,000) |

\* Cash compensation is subject to mandatory and voluntary deferrals and applicable vesting schedules as detailed on page 7 of this document.

**For complete details, please see the Retirement Plan's Summary Plan Description (SPD) and the WAP Plan Document and prospectus on the Fidelity website at www.401k.com or call the RBC U.S.A. Retirement Helpline at 1-866-697-1002.**

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 107

CONFIDENTIAL

RBC-PAUL000011246

# Assistant Branch Manager Compensation

Assistant branch manager compensation may be paid to assistant branch managers or other individuals who are performing assistant branch manager duties and are Series 8 (or Series 9 and 10) licensed.  The amount a branch may pay for assistant branch manager duties is established at the beginning of the year and based on the branch's prior-year net revenue.  Branches within a complex are eligible for an assistant branch manager allowance based on their individual location's net revenue.  Any compensation paid above the levels in the table below will be a direct reduction from the branch director's IPO bonus. Assistant branch manager compensation is subject to regional director review.

| Assistant Branch Manager Compensation Grid | |
| --- | --- |
| Prior Year Branch Net Revenue | Allowance (% of prior year net revenue) |
| $0 – $5,499,999 | 0.00% |
| 5,500,000 – 10,499,999 | 0.20% |
| 10,500,000 – 16,499,999 | 0.30% |
| 16,500,000 – 21,499,999 | 0.40% |
| 21,500,000 and up | 0.50% |

Assistant branch manager compensation is paid monthly on the tenth of the following month.

# Appendix A

FC TRAINEE PERFORMANCE MEASUREMENT IN YEARS 1&2 ADMINISTRATION PROCESS

Overview:  FC trainee salaries are not added back into profitability used for bonus purposes for FC trainees who fail to meet minimum performance requirements.

### Section 1.  Minimum FC Trainee Quarterly Performance Requirements

| Minimum FC Trainee Quarterly Performance Requirements | | |
|---|---|---|
| Production Quarter | Minimum Cumulative Gross Production | Minimum Cumulative AUA |
| Year 1 | | |
| Quarter 1 | 4,600 | 810,000 |
| Quarter 2 | 16,100 | 1,815,000 |
| Quarter 3 | 29,900 | 2,985,000 |
| Quarter 4 | 46,000 | 4,200,000 |
| Year 2 | | |
| Quarter 1 | 19,800 | 5,430,000 |
| Quarter 2 | 41,400 | 6,675,000 |
| Quarter 3 | 64,800 | 7,927,500 |
| Quarter 4 | 90,000 | 9,200,000 |

### Section 2.  Measurement Process

■ Minimum production requirements will be reviewed quarterly for an FC trainee starting with their 6th month of production through their 24th month.

■ 1st Fail = Performance Improvement Plan:

The first quarter an FC trainee fails to meet the minimum performance requires, the complex or regional director will contact the branch director to discuss the FC trainee's performance.  An FC trainee not meeting minimum requirements must participate in a performance improvement plan as agreed upon by the complex director, Human Resources, and PCG Education & Development.

■ 2nd Fail = Decision Point for CD:

If an FC trainee fails to meet minimum performance requirements for two consecutive quarters the complex or regional director will notify the branch director and the branch director must choose between two options:

   1. End employment of FC trainee within 30 days of complex director's notice of 2nd consecutive quarter of failed performance requirements.
   2. Accept a charge for the FC trainee's trailing six month salary for profitability IPO bonus purposes. Any form of continued employment will result in the FC trainee's salary being added into profitability for bonus purposes (a salary charge).  The charge will be based on the prior six months salary as measured at the 2nd consecutive quarter of failure to meet minimum performance requirements will affect the branch director's current year IPO bonus.

■ Continued employment of the FC trainee beyond the 2nd quarter of failed performance requirements could result in multiple charges of 6 months worth of salary during the trainees first two years of production.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 109
CONFIDENTIAL

*RBC Wealth Management 2009 Branch Director Compensation Plan*   **12**

RBC-PAUL000011248

# Appendix B

## INDIVIDUAL PERFORMANCE OBJECTIVES – BRANCH DIRECTOR XYZ COMPLEX

### ABC BRANCH (MIKE MANAGER)

**IPO Summary**

Maximum # of Objectives: 4    Weighted no more than 75% &
Minimum # of Objectives: 2    no less than 20% per objective

| Objectives Defined | Objective Weight | Objective Measurement Scale | | | | |
|---|---|---|---|---|---|---|
| | | 0% | 75% | 100% | 125% | 150% |
| 1 **Recruiting & Retention**<br>$ TTMP gained due to recruiting, less $ TTMP lost due to attrition<br>(excludes retirees, book buyout, death & PIP terms)<br>Source: monthly FC hire report | 50.00% | <250,000 | 375,000 | 500,000 | 750,000 | 1,100,000 |
| 2 **Gross per Support**<br>Gross production per average support FTE as defined on the income statement<br>Support FTE average excludes FCs, BDs, and CDs<br>Source: monthly income statement | 25.00% | <850,000 | 900,000 | 950,000 | 1,000,000 | 1,050,000 |
| 3 **Profitability**<br>CD/BD Profitability (net income + trainee salaries + indirect<br>allocations) as percent of net revenue<br>Source: monthly income statement | 25.00% | <28.43% | 28.43% | 28.93% | 29.43% | 30.93% |
| | 100.0% | | | | | |

Signature

Date

## INDIVIDUAL PERFORMANCE OBJECTIVES – BRANCH DIRECTOR XYZ COMPLEX
### ABC BRANCH (MIKE MANAGER)

**IPO Status Report**

| Objectives Measured | Results | | Objective Weight | Objective Measure | % IPO Bonus | Annualized Bonus |
|---|---|---|---|---|---|---|
| 1 **Recruiting & Retention** $ TTMP gained due to recruiting, less $ TTMP lost due to attrition (excludes retirees, book buyout, death & PIP terms) Source: monthly FC hire report | 750,000 (150,000) 600,000 | TTMP Gained TTMP Lost Net | 50.00% | 110.00% | 55.00% | 19,355 |
| 2 **Gross per Support** Gross production per average support FTE as defined on the income statement Support FTE average excludes FCs, BDs, and CDs Source: monthly income statement | 960,000 | Gross / Support | 25.00% | 105.00% | 26.25% | 9,230 |
| 3 **Profitability** CD/BD Profitability (net income + trainee salaries + indirect allocations) as percent of net revenue Source: monthly income statement | 26.11% | of Net Revenue | 25.00% | 0.00% | 0.00% | |
| Total | | | 100.00% | | 81.25% | 28,585 |

| Financial Results | Jul YTD |
|---|---|
| Annualized Net Revenue | 4,139,441 |
| Annualized Gross / FC (excl. 1-5 Yr) | 476,503 |
| Annualized Gross / FC (excl. 1-5 Yr) - PCG | 562,721 |
| Annualized Gross / FC Incr/(Decr) (excl. 1-5 Yr) | -14.42% |
| Annualized Gross / FC Incr/(Decr) (excl. 1-5 Yr) - PCG | 2.11% |
| Branch Recurring Revenue Mix | 45.84% |
| PCG Recurring Revenue Mix | 46.34% |
| CD/BD Profitability | 26.11% |
| Annualized Gross per Support | 960,000 |

*RBC Wealth Management* 2009 Branch Director Compensation Plan   14

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 111

RBC-PAUL000011250

# EXHIBIT 6

Amended and Restated

# Royal Bank of Canada

# US Wealth Accumulation Plan

# And Prospectus

THE DATE OF THIS DOCUMENT IS NOVEMBER 30, 2004

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933



CONFIDENTIAL                                                  RBC-PAUL000003455

# TABLE OF CONTENTS

Page

SECTION 1        INTRODUCTION

   1.1        General Nature and Purpose of the Plan ....................................................1
   1.2        Definitions.................................................................................................1
   1.3        Rules of Interpretation .............................................................................3

SECTION 2        DEFERRALS AND DEEMED INVESTMENTS

   2.1        Eligibility. ................................................................................................3
   2.2        Election to Voluntarily Defer Compensation ..........................................4
   2.3        Mandatory Deferral of Compensation .....................................................4
   2.4        Election of Investments............................................................................4
   2.5        Intra-Plan Transfers .................................................................................5
   2.6        Company Contributions ............................................................................5

SECTION 3        INFORMATION CONCERNING INVESTMENT ALTERNATIVES

   3.1        Company Common Shares. .......................................................................6
   3.2        Plan Interest Rate .....................................................................................7
   3.3        Mutual Funds. ..........................................................................................7
   3.4        Valuation..................................................................................................7

SECTION 4        VESTING

   4.1        Vesting of Voluntary Deferred Compensation .........................................8
   4.2        Vesting of Mandatory Deferred Compensation and Company
               Contributions............................................................................................8
   4.3        Termination For Cause .............................................................................8
   4.4        Terminations due to Restructuring............................................................8
   4.5        Forfeitures ................................................................................................8

SECTION 5        DISTRIBUTIONS

   5.1        Distributions.............................................................................................9
   5.2        Distribution Dates. ...................................................................................9
   5.3        Form of Distributions..............................................................................10
   5.4        Distributions to Beneficiaries .................................................................11
   5.5        Designation of Beneficiary .....................................................................11
   5.6        Disclaimers by Beneficiaries ..................................................................11
   5.7        Certain Federal Income Tax Consequences.............................................11
   5.8        Tax Withholding .....................................................................................12
   5.9        ERISA Matters ........................................................................................12

NY12529:368195.5
**DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 114**
CONFIDENTIAL

RBC-PAUL000003456

SECTION 6        SPENDTHRIFT PROVISIONS

SECTION 7        ADMINISTRATION

7.1    The Committee..............................................................................13
7.2    Claims Procedure..........................................................................13
7.3    Making a Claim..............................................................................13
7.4    Requesting Review of a Denied Claim..........................................13
7.5    In General......................................................................................14

SECTION 8        OTHER ADMINISTRATIVE MATTERS

8.1    Reporting.......................................................................................14
8.2    Plan Obligor; Status as Unsecured General Creditors. ................14
8.3    Disclaimer of Employment and Bonus Rights..............................15
8.4    Administrative Expenses of the Plan.............................................15
8.5    No Compensation Under the RBC-U.S.A. Retirement and Savings Plan.............15
8.6    Voting Rights.................................................................................15
8.7    Governing Law..............................................................................15

SECTION 9        AMENDMENT OR TERMINATION

9.1    Amendments to and Termination of Plan.......................................15
9.2    Merger...........................................................................................16
9.3    Applicability to Successors............................................................16

# SECTION 1
# INTRODUCTION

**1.1    General Nature and Purpose of the Plan.**  The Royal Bank of Canada US Wealth Accumulation Plan (the "Plan") is a non tax-qualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "Company") and its Participating Subsidiaries will be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year. The Plan is designed to provide an opportunity for such employees to achieve wealth accumulation through employee deferrals, tax-deferred savings and investment options that support long-term savings and allow such employees to share in the Company's growth and profitability.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan and was amended and restated effective for the Plan Year beginning on January 1, 2005

**1.2    Definitions.**

**"Affiliate"** of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

**"Approved Retirement"** shall mean the Separation of a participant (i) who has been an employee of the Company or a Participating Subsidiary for ten (10) or more years at the time of Separation, (ii) who has entered into a non-competition, non-solicitation and related agreement with the participant's employer in the form then approved by the Committee and (iii) with respect to deferrals made with respect to all Plan Years commencing with 2001, whose age upon Separation is at least 50.  Notwithstanding the foregoing, effective January 1, 2004 for participants who are hired on or after January 1, 2004 by the Company or a Participating Subsidiary after they have already attained age 50, "Approved Retirement" shall mean the Separation of such participant (i) whose age and years of employment, when combined, equals 60 and (ii) who has entered into a non-competition, non-solicitation and related agreement with the participant's employer in the form then approved by the Committee.  The non-competition agreement required by an Approved Retirement shall require a participant, for a one-year period, to refrain from participating, directly or indirectly, in any business in which the Company or any Participating Subsidiary, as appropriate, is engaged at the time of such participant's Approved Retirement in any geographic area in which the Company or any Participating Subsidiary, as appropriate, is competing at such time.

**"Committee"** shall have the meaning assigned to such term in Section 7.1.

**"Company"** shall mean Royal Bank of Canada ("RBC"), a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada.

NY12529:368195.5
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 116
CONFIDENTIAL                                    RBC-PAUL000003458

**"Company Contributions"** shall have the meaning assigned to such term in Section 2.6.

 **"Deferred Compensation"** shall mean for each participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

**"Disability"** shall mean the disability of a participant as defined in the RBC-U.S.A. Retirement and Savings Plan.

**"Election Form"** shall mean the form setting forth the percentage of a participant's Gross Cash Compensation he or she elects to defer and distribution elections to be made by such participant with respect to his or her Deferred Compensation payable for services to be rendered in any Plan Year, as such form may be modified from time to time by the Committee.

**"Fund Addition Date"** shall have the meaning assigned to such term in Section 3.3.

**"Gross Cash Compensation"** shall mean "Recognized Compensation" as defined in the RBC-U.S.A. Retirement and Savings Plan earned by a participant for services rendered during a Plan Year, whether or not paid in such Plan Year.

**"In-Service Payment Date"** shall have the meaning assigned to such term in Section 5.2.

**"Mandatory Deferred Compensation"** shall have the meaning assigned to such term in Section 2.3.

**"Matching Threshold Amount"** shall mean an amount of Deferred Compensation determined by the Committee with respect to each Plan Year in excess of which a participant's Deferred Compensation, which is credited to such participant's account, may become eligible for a Company Contribution in accordance with standards and guidelines determined annually by the Committee.

**"Mutual Funds"** shall have the meaning assigned to such term in Section 3.3.

**"Mutual Fund Price"** shall mean, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" shall mean the New York Stock Exchange, Inc.

**"Participating Subsidiary"** shall mean a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan. No corporation shall become a Participating Subsidiary without prior consent of the Committee, and such participation is subject to such limitations as the Committee may impose.

NYI2529:368195.5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 117

CONFIDENTIAL

RBC-PAUL000003459

"**Person**" shall mean any individual, corporation, partnership, joint venture, trust, unincorporated organization or government or any agency or political subdivision thereof.

"**Plan**" shall mean the Royal Bank of Canada US Wealth Accumulation Plan.

"**Plan Interest Rate**" shall have the meaning assigned to such term in Section 3.2

"**Plan Obligor**" shall have the meaning assigned to such term in Section 8.2.

"**Plan Year**" shall mean in respect of a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Separation**" shall mean the separation of employment from the Company or a Participating Subsidiary or any of their Affiliates, as the case may be, of a participant, other than due to such participant's death, Disability or termination for cause pursuant to the terms set forth herein.   For clarification, transfers of employment among the Company, any Participating Subsidiary and their Affiliates shall not be a "Separation" for purposes of this Plan.

"**Voluntary Deferred Compensation**" shall have the meaning assigned to such term in Section 2.2.

**1.3    Rules of Interpretation.**   Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" shall mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary.  The titles given to the various sections of this are inserted for convenience of reference only and are not part of this Plan and they shall not be considered in determining the purpose, meaning or intent of any provision hereof.  Any reference in this Plan to a statute or regulation shall be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1    Eligibility.**

(a)    Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of the Company or its Participating Subsidiaries whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become participants by the Committee.

(b)    No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of

-3-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 118
CONFIDENTIAL                                                                                    RBC-PAUL000003460

(i)      services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its Participating Subsidiaries who is a non-resident of Canada for the Income Tax Act (Canada) throughout the period during which the services were rendered;

(ii)      services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its participating Subsidiaries other than services that were primarily (a) rendered in Canada; (b) rendered in connection with a business carried on by the Company or its Participating Subsidiaries in Canada; or (c) a combination of services described in (a) and (b).

**2.2      Election to Voluntarily Defer Compensation.**  Eligible employees may enroll in the Plan by electing to defer a percentage of their Gross Cash Compensation or such portion of their Gross Cash Compensation as the Committee may designate with respect to services to be rendered in the next succeeding year (the "Voluntary Deferred Compensation").  Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, new employees of the Company or a Participating Subsidiary who are eligible to participate in the Plan shall have 30 days from such employee's hiring date to submit an Election Form for such Plan Year. **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee.**  An election by employees who are first eligible to participate in the Plan during a given year shall become effective as of the first day of the month following the date such Election Form is submitted.

The Committee shall from time to time establish the maximum percentage of a participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Deferred Compensation will be deferred by payroll reduction.

**2.3      Mandatory Deferral of Compensation.**  In connection with the designation of an employee of the Company or a Participating Subsidiary as an eligible participant under the Plan, the Committee, from time to time and in its sole and absolute discretion, may also designate a percentage of such participant's Gross Cash Compensation which must be deferred in accordance with the further provisions of this Plan, which shall constitute such participant's mandatory deferred compensation (the "Mandatory Deferred Compensation").

**2.4      Election of Investments.**  Upon electing to participate in the Plan, each participant shall have the opportunity to choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.  The available hypothetical investments are described in Section 3.  If a participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation shall be deemed to be invested at the Plan Interest Rate.

-4-

Accounts for Plan participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Plan participants or their estates. Such accounts shall be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on the last day of February following the end of the Plan Year. Amounts deemed credited to a participant's account in cash shall not be credited with interest, and shall not be deemed to be invested in any interest-bearing item.

**2.5    Intra-Plan Transfers.**  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a participant may elect to have all or a portion of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation hypothetical investments transferred to any other type of hypothetical investment (except that after the initial investment election, no transfer may be made into Company common shares, and Company Contributions in the form of Company common shares may not be transferred into or out of Company common shares). Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee shall determine.

**2.6    Company Contributions.**  The Committee shall establish whether and the extent to which a participant who has elected to defer compensation pursuant to the terms of the Plan is eligible for additional contributions by the Company (the "Company Contributions"). If a participant is entitled to a Company Contribution, after the end of the Plan Year and at such other time as the Committee, in its sole discretion, shall determine, his or her account will be deemed to have been allocated the number of Company common shares, rounded down to the nearest share, resulting from dividing the amount of the Company Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting. Fractional shares, if any, will be allocated to a participant's account as cash in an amount equal to the applicable fraction of a share multiplied by the closing price per Company common share on the NYSE as reported on the day of crediting.  As determined in the sole discretion of the Committee, Company Contributions may be either:

> (a)    a matching percentage of a participant's Deferred Compensation in excess of the Matching Threshold Amount.  The Matching Threshold Amount and related Company Contributions may vary with certain performance-based measures established by the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each participant; or

> (b)    such other amount as determined by the Committee in its sole discretion.

NYJ2529:368195.5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 120

CONFIDENTIAL

RBC-PAUL000003462

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

**3.1     Company Common Shares.**

(i)     *Company Common Shares.*  For any Plan Year, in connection with a participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such participant's account shall be deemed to have been allocated the number of whole Company common shares, rounded down to the nearest share, resulting from dividing such portion of the participant's Deferred Compensation allocated to the investment in Company common shares and Company Contributions, if any, by the closing price per Company common share on the NYSE as reported on the day of crediting. Fractional shares, if any, will be allocated to a participant's account as cash in an amount equal to the applicable fraction of a share multiplied by the closing price per Company common share on the NYSE as reported on the day of crediting.

Except as otherwise provided in the Plan, Deferred Compensation may be credited toward Company common shares only in connection with an original investment election or deferral.

(ii)     *Dividends on Company common shares.*  At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Committee.

(iii)     *Additional Purchases of Company Common Shares.*  All amounts credited to a participant's account as a result of either (x) cash dividends or (y) fractional Company common shares, shall be deemed to have been used to purchase Company common shares daily, or on such other date as determined by the Committee in its sole discretion.  No fractional shares shall be purchased. The number of additional Company common shares credited to each participant's account after the end of each day due to the hypothetical purchases described in this paragraph shall be equal to the number of whole Company common shares, rounded down, derived by dividing the total amount of cash credited to the participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such participant's account under this Section 3.1.  Any credited cash hereunder that would otherwise be

-6-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 121
CONFIDENTIAL                                                    RBC-PAUL000003463

deemed to have been used to purchase a fractional Company common share shall, instead, continue to be credited to the participant's amount in cash. No Company Contributions will be made in connection with the hypothetical purchases of Company common shares credited to a participant's account pursuant to this Section 3.1.

**3.2    Plan Interest Rate.**  Participants may elect to have all or a portion of their Deferred Compensation invested at an interest rate determined from time to time by the Committee (the "Plan Interest Rate").

**3.3    Mutual Funds.**

(i)    *Mutual Funds.*  Participants may elect to have all or a portion of their Deferred Compensation deemed invested in any of the mutual funds which have been selected by the Committee and may be replaced or eliminated from time-to-time at the discretion of the Committee (the "Mutual Funds"). Participants accounts will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Deferred Compensation allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(ii)    *Interest or Dividends on Mutual Funds.*  At such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund (a "Fund Addition Date"), a determination will be made as to the number of units (including fractional units) of the Mutual Fund which will be credited to a participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4    Valuation.**  The notional value of a participant's accounts will be updated daily to reflect any increases or decreases in the value of the participant's hypothetical investment.

The account of a participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.  The amount of the quarterly fee will be determined by multiplying the value of the participant's hypothetical investment in Mutual Funds, as described above, by a decimal, which for 2004 is 0.000625.  The Committee shall from time to time review this calculation and may change the decimal factor used in this calculation.

NYJ2529:368195.5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 122

CONFIDENTIAL

RBC-PAUL000003464

## SECTION 4
## VESTING

**4.1     Vesting of Voluntary Deferred Compensation.**   All Voluntary Deferred Compensation recorded in a participant's account shall be fully vested at all times.

**4.2     Vesting of Mandatory Deferred Compensation and Company Contributions.** Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Company Contributions (and the related dividend additions, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee shall commence on January 1 of the Plan Year following the Plan Year in which a participant becomes eligible to receive a Company Contribution.  Notwithstanding the foregoing, a participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

(i)     the death or Disability of such participant; or

(ii)    the one-year anniversary of such participant's Approved Retirement, subject to acceleration or modification by the Committee, unless the Committee has declared in writing to the participant that a particular Company Contribution will not be eligible.

**4.3     Termination For Cause.**   Notwithstanding anything to the contrary in this Section 4, if a participant ceases to be employed by the Company, or any other affiliate of the Company at any time prior to the distribution of the investments described herein due to his or her gross or willful misconduct during the course of his or her employment, including theft or commission of a gross misdemeanor or felony, upon such participant's termination all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.

**4.4     Terminations due to Restructuring.**   In the event a participant ceases to be employed by the Company, any Participating Subsidiary and any other affiliate of the Company due to an organizational restructuring (as determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such participant's account shall become vested, but all unvested Company Contributions shall be forfeited.

**4.5     Forfeitures.**   Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation that are not vested on the participant's employment termination date shall be deemed forfeited, and such participant's account shall be appropriately reduced.

-8-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 123
CONFIDENTIAL                                                              RBC-PAUL000003465

## SECTION 5
## DISTRIBUTIONS

**5.1     Distributions.**  Except as otherwise described below, upon electing to participate in the Plan, a participant will also make an irrevocable election with respect to the timing of the payment of the amounts credited to such participant's account.  Subject to this Section 5 and any other terms and conditions the Committee may impose, a participant may elect to have such distribution made either:

> (a)     upon the earlier to occur of a specified year (as soon as practicable after January 15) or the date of his or her Separation; or

> (b)     upon such Separation.

**5.2     Distribution Dates.**

> (a)     *Distribution pursuant to the in-service election date.*  Distributions are made in a single payment in a specified year selected by the participant as soon as practicable after January 15, if the distribution is triggered by the in-service date selected by the participant on his or her Election Form (the "In-Service Payment Date").

> (b)     *Distribution pursuant to Separation prior to the In-Service Payment Date.*  Distributions are made in two annual installments if the distribution is triggered by the participant's Separation prior to the In-Service Payment Date selected by the participant on his or her Election Form.  Such distributions will be made as soon as practicable after January 15 of the two Plan Years following the date of Separation. Upon Separation, the first installment shall be equal to 50% of all amounts deemed allocated to a participant's account on the date such account is valued for purposes of distributing the first payment date, and the second installment shall be equal to the remainder of all amounts deemed allocated to such participant's account on the date such account is valued for purposes of distributing the second payment date (in each case, less any amounts required to be withheld as described in Section 5.5).  Distributions pursuant to this section shall be made pro-rata from all of a participant's hypothetical investments.

> (c)     *Distributions pursuant to an election to receive distributions upon Separation or Approved Retirement.*  Distributions will be made to the participant in two annual installments as soon as practicable after January 15 of each of the two Plan Years following the year of Separation in the manner described in Section 5.2(b) if the participant has elected to have the distributions made upon Separation pursuant to Section 5.1(b); provided, however, that a participant shall be entitled to change, on a one-time basis only, such participant's Separation election with respect to an Approved Retirement to extend the number of post-Approved Retirement installment payments described above from two annual installments to three, four or five annual installments; and provided, further, that such change in his or her Approved Retirement election must be made at least twelve (12) months prior to the effective date of such participant's Approved Retirement.  Distributions pursuant to this section shall be made pro-rata from all of a participant's hypothetical investments.

NYJ2529:368195.5

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 124

CONFIDENTIAL

RBC-PAUL000003466

(d)     *Distributions following death or Disability.*  Distributions following death or Disability shall be made in a single payment to the participant or to his or her estate as soon as practicable after such event.

(e)     *Other.*   The Committee reserves the right to distribute accounts and terminate participation of participants who transfer employment outside of the United States.

**5.3    Form of Distributions.**

(a)     *Distributions of Company common shares.*

(i)     All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount of tax required to be withheld. Any Company common shares distributed under the Plan shall be Company common shares that have been previously issued and that are currently trading in the market, or subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)    The value of each Company common share credited to a Participant's account shall be equal to the closing price per Company common share on the NYSE as reported for the business day following the applicable distribution date describe in section 5.2;

(iii)   All distributions shall be in the form of whole Company common shares.  Fractional shares, if any, shall be distributed in cash.

(b)     *Distributions of Investments in Mutual Funds.* A Participant's hypothetical investment in mutual funds shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a Participant's hypothetical investment in Mutual Funds shall be determined by multiplying the total number of units of the Mutual Fund credited to the participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the distribution date set forth above.

(c)     *Distributions of Investment in the Plan Interest Rate.* A Participant's hypothetical investment in the Plan Interest Rate shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.3(a), the Committee, in its sole and absolute discretion, may cause distributions with respect to a Participant's account to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares shall be equal to the closing price per Company common share on the

-10-

NYSE as reported for the business day following the applicable distribution date describe in section 5.2.

**5.4     Distributions to Beneficiaries.**  Distribution of the hypothetical investments recorded in the account of a participant who dies before payment to such participant is made shall commence or be made to such participant's beneficiary or the personal representative of the participant's estate as soon as practicable.

**5.5     Designation of Beneficiary.**  Each participant shall have the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid balance of the participant's account in the event of such participant's death prior to receiving full distribution thereof, and may change or revoke any prior Beneficiary designation by a similar instrument in writing prior to his or her death.  If a participant shall fail to designate a beneficiary or, having revoked a prior beneficiary designation, shall fail to designate a new beneficiary, or in the event the participant's beneficiary designation shall fail, in whole or in part, by reason of the prior death of a designated beneficiary or for any other cause, then the undistributed balance of the participant's accounts, or the portion thereof as to which such designation shall fall, as the case may be, shall be paid to the participant's estate.

**5.6     Disclaimers by Beneficiaries.**  A beneficiary entitled to a distribution of all or a portion of a deceased participant's accounts may disclaim his or her interest therein subject to the following requirements.  To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least age twenty-one (21) years as of the date of the participant's death.  Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.  A disclaimer shall state that the beneficiary's entire interest in the undistributed accounts is disclaimed or shall specify what portion thereof is disclaimed.  To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the participant's death but not later than one hundred eighty (180) days after the date of the participant's death.  A disclaimer shall be irrevocable when delivered to the Committee.  A disclaimer shall be considered to be delivered to the Committee only when actually received by the Committee.  The Committee shall be the sole judge of the content, interpretation and validity of a purported disclaimer.  Upon the filing of a valid disclaimer, the beneficiary shall be considered not to have survived the participant as to the interest disclaimed. A disclaimer by a beneficiary shall not be considered to be a transfer of an interest in violation of the provisions of Section 6 and shall not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.  The Committee shall recognize no other form of attempted disclaimer.

**5.7     Certain Federal Income Tax Consequences.**  Due to the complexity of the applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code"), this summary of certain federal income tax consequences only sets forth the general tax principles affecting the Plan.  These general tax principles are subject to changes which may be brought about by subsequent legislation or by regulations and administrative rulings, which may be

applied on a retroactive basis.  Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan and should refer to the applicable laws in those jurisdictions.

Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service (the "IRS") regarding the federal income tax consequences associated with participation in the Plan. **Accordingly, each Plan participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such participant pursuant to the Plan.**

The Plan provides that the election to defer any portion of a participant's compensation is made prior to the performance of the personal services for the Company or any Participating Subsidiary to which the compensation relates.  Accordingly, the Company believes that Plan participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that, such amounts may still be subject to Federal Insurance Contribution Act ("FICA") taxes. Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan, except that the Company will be allowed such an income tax deduction in the amount that, and for its taxable year in which, a Plan participant recognizes ordinary income thereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.  As described above and in "Tax Withholding" below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Section 3402 and certain other sections of the Code.

**5.8    Tax Withholding.**  All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA,  payroll and other taxes required to be withheld.  In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its subsidiaries or affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (i) a participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a participant, whether or not pursuant to the Plan, or (ii) the Committee shall be entitled to require that the participant remit cash to the Company, his or her employer or any of its subsidiaries or affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.

**5.9    ERISA Matters.**  Although the Plan is not qualified under Section 401 of the Code, the Plan might be determined to be an "employee pension benefit plan" as defined by the Employment Retirement Income Security Act of 1974, as amended ("ERISA").  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, it is exempted from many ERISA requirements.  A

NY12529:368195.5
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 127
CONFIDENTIAL                                                                RBC-PAUL000003469

statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

## SECTION 6
## SPENDTHRIFT PROVISIONS

Neither any participant nor the personal representative of any participant shall have any transferable interest in the participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in Section 4 and 5, nor shall the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors of the participant or any the personal representative of the participant.

## SECTION 7
## ADMINISTRATION

**7.1     The Committee.**   The Plan will be administered by the U.S. Benefits Administrative Committee (the "Committee") appointed by the Senior Executive Vice President of Human Resources – Public Affairs of the Company.   The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest; _provided_, that, the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to the Company or any Participating Subsidiary, including, without limitation, decisions regarding Company Contributions and eligibility to participate in the Plan.

**7.2     Claims Procedure.**   If any participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this Section 7.

**7.3     Making a Claim.**   The claim must be written and must be delivered to the Committee.   Within 90 days after the claim is delivered, the claimant will receive either:  (i) a decision or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

If the claim is wholly or partially denied, the claimant will receive a written notice specifying:  (i) the reasons for denial; (ii) the Plan provisions on which the denial is based; and (iii) any additional information needed in connection with the claim and the reason such information is needed.   Notice of the claimant's right to request a review (as described in Section 7.4) will also be given to the claimant.

**7.4     Requesting Review of a Denied Claim.**   A claimant may request that a denied claim be reviewed.   The request for review must be written and must be delivered to the

-13-

Committee within 60 days after claimant's receipt of written notice that the claim was denied.  A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review.  The claimant may examine pertinent Plan documents by asking the Committee for such documents.  Within 60 days after delivery of a request for review, the claimant will receive either:  (i) a decision; or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The decision will be in writing and will specify the Plan provisions on which it is based.

**7.5    In General.**  All decisions on claims and on reviews of denied claims will be made by the Committee.  The Committee also reserves the right to delegate its authority to make decisions.  The Committee may, in its discretion, hold one or more hearings.  If a claimant does not receive a decision within the specified time, the claimant should assume the claim was denied or re-denied on the date the specified time expired.  The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1    Reporting.**  As soon as administratively feasible after each calendar quarter end, the Company will prepare and deliver to each participant a report showing (i) the amounts credited to the participant's account since the last report from the Company, and (ii) the amounts of any distributions made since the last report.  At its discretion, the Company may prepare and deliver more frequent reports to Plan participants.

**8.2    Plan Obligor; Status as Unsecured General Creditors.**

(a)    This section describes which entity is responsible for satisfaction of amounts payable to participants under the Plan (the "Plan Obligor"). The Company shall be the Plan Obligor with respect to distributions from all accounts; provided, however, that the participant's Participating Subsidiary shall be the Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in subsection (b) below.

(b)    The Company shall be the Plan Obligor with respect to all accounts of participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

(c)    All participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, participants and their estates shall not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, the Company, or any Participating

-14-

Subsidiary. The Plan does not require that any hypothetical investments under this Plan be funded by the Company. If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets shall be subject to the claims of its general creditors, and neither any participant nor any beneficiary of any participant shall have a legal, beneficial or security interest therein.

**8.3   Disclaimer of Employment and Bonus Rights.**  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Company or any participating subsidiary or to obtain any compensation. Upon dismissal or severance of employment, no participant shall have any right or interest under the Plan, other than as specifically provided herein.

**8.4   Administrative Expenses of the Plan.**  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among participant's accounts).

**8.5   No Compensation Under the RBC-U.S.A. Retirement and Savings Plan.**  No amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a participant under the Plan shall constitute "recognized compensation" for purposes of the RBC-U.S.A. Retirement and Savings Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its subsidiaries or affiliates.

**8.6   Voting Rights.**  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Plan participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.7   Governing Law.**  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that State to the extent not preempted by federal law and shall be construed and enforced in accordance with the laws of the State of Minnesota.

### SECTION 9
### AMENDMENT OR TERMINATION

**9.1   Amendments to and Termination of Plan.**  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (i) to ensure that neither the Plan Obligors nor the participants are subject to adverse Canadian or United States tax consequences and (ii) to modify the form of distribution of participants' accounts, provided, however, that no such amendment or termination shall have the effect of (i) reducing the vested portion of amounts already credited to a participant's account or

(ii) extending the time of distribution of such participant's accounts, without the consent of such participant.  In the event of a termination of the Plan, all accounts shall be deemed vested and amounts credited thereto shall be distributed to participants as soon as practicable.

**9.2     Merger.**  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee shall specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

**9.3     Applicability to Successors.**  This Plan shall be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant and his or her personal representatives.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan shall remain in full force and effect as any obligation of the Company or its successors in interest.

-16-

CONFIDENTIAL                                                                                          RBC-PAUL000003473

# EXHIBIT 7

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 132

# AMENDED AND RESTATED

## ROYAL BANK OF CANADA

## US WEALTH ACCUMULATION PLAN

## AND PROSPECTUS

THE DATE OF THIS DOCUMENT IS NOVEMBER 1, 2006

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

NEWYORK:88249.9



## TABLE OF CONTENTS

**Page**

SECTION 1  INTRODUCTION
    1.1    General Nature and Purpose of the Plan .................................................. 1
    1.2    Definitions........................................................................................... 1
    1.3    Rules of Interpretation ......................................................................... 3

SECTION 2  DEFERRALS AND DEEMED INVESTMENTS
    2.1    Eligibility ............................................................................................ 3
    2.2    Election to Voluntarily Defer Compensation ....................................... 4
    2.3    Mandatory Deferral of Compensation .................................................. 4
    2.4    Election of Investments........................................................................ 4
    2.5    Intra-Plan Transfers ............................................................................ 4
    2.6    Company Contributions ....................................................................... 5

SECTION 3  INFORMATION CONCERNING INVESTMENT ALTERNATIVES
    3.1    Company Common Shares .................................................................... 5
    3.2    Plan Interest Rate ................................................................................ 6
    3.3    Mutual Funds ...................................................................................... 6
    3.4    Valuation............................................................................................. 7

SECTION 4  VESTING
    4.1    Vesting of Voluntary Deferred Compensation ..................................... 7
    4.2    Vesting of Mandatory Deferred Compensation and Company
             Contributions...................................................................................... 7
    4.3    Termination For Cause ........................................................................ 7
    4.4    Terminations due to Restructuring........................................................ 8
    4.5    Forfeitures .......................................................................................... 8

SECTION 5  DISTRIBUTIONS
    5.1    Distributions ....................................................................................... 8
    5.2    Distribution Dates for Special Participants........................................... 8
    5.3    Distribution Dates for Other Participants ............................................. 8
    5.4    Form of Distributions.......................................................................... 10
    5.5    Distributions to Beneficiaries ............................................................. 10
    5.6    Designation of Beneficiary ................................................................. 11
    5.7    Disclaimers by Beneficiaries .............................................................. 11
    5.8    Certain Federal Income Tax Consequences.......................................... 11
    5.9    Tax Withholding ................................................................................. 12
    5.10   ERISA Matters ................................................................................... 12

SECTION 6  SPENDTHRIFT PROVISIONS ................................................... 12

SECTION 7  ADMINISTRATION
    7.1    The Committee.................................................................................... 13
    7.2    Claims Procedure ............................................................................... 13

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 134
CONFIDENTIAL
RBC-PAUL000000044

## TABLE OF CONTENTS
(continued)

**Page**

7.3     Making a Claim.................................................................................. 13
7.4     Requesting Review of a Denied Claim ............................................ 13
7.5     In General.......................................................................................... 13

SECTION 8   OTHER ADMINISTRATIVE MATTERS
8.1     Reporting........................................................................................... 14
8.2     Plan Obligor; Status as Unsecured General Creditors ..................... 14
8.3     Disclaimer of Employment and Bonus Rights.................................. 14
8.4     Administrative Expenses of the Plan ................................................ 14
8.5     No Compensation Under the RBC-U.S.A. Retirement and Savings Plan .......... 15
8.6     Voting Rights .................................................................................... 15
8.7     Governing Law ................................................................................. 15

SECTION 9   AMENDMENT OR TERMINATION
9.1     Amendments to and Termination of Plan ......................................... 15
9.2     Merger............................................................................................... 15
9.3     Applicability to Successors............................................................... 15

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 135
CONFIDENTIAL

RBC-PAUL000000045

**SECTION 1**
**INTRODUCTION**

**1.1    General Nature and Purpose of the Plan.**  The Royal Bank of Canada US Wealth Accumulation Plan (the "Plan") is a non tax-qualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "Company") and its Participating Subsidiaries will be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year. The Plan is designed to provide an opportunity for such employees to achieve wealth accumulation through employee deferrals, tax-deferred savings and investment options that support long-term savings and allow such employees to share in the Company's growth and profitability.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan and was amended and restated effective for the Plan Year beginning on January 1, 2005 **and was further amended and restated effective for the Plan Year beginning on January 1, 2007.**

**1.2    Definitions.**

**"Account Balance"** means, for any given date, a participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

**"Affiliate"** of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

**"Committee"** shall have the meaning assigned to such term in Section 7.1.

**"Company"** shall mean Royal Bank of Canada ("RBC"), a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada.

**"Company Contributions"** shall have the meaning assigned to such term in Section 2.6.

**"Deferred Compensation"** shall mean for each participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

**"Disability"** shall mean the disability of a participant as defined in the RBC-U.S.A. Retirement and Savings Plan, provided however, that for purposes of Section 5.3(c), Disability shall also meet the definition of "disability" under Internal Revenue Code Section 409A(a)(2)(C).

**"Election Form"** shall mean the participant's written election setting forth the percentage of a participant's Gross Cash Compensation he or she elects to defer and selecting distribution dates for his or her Deferred Compensation, as such form may be modified from time to time by the Committee.

-1-

**"Fund Addition Date"** shall have the meaning assigned to such term in Section 3.3(ii).

**"Gross Cash Compensation"** shall mean "Recognized Compensation" as defined in the RBC-U.S.A. Retirement and Savings Plan earned by a participant for services rendered during a Plan Year, whether or not paid in such Plan Year, plus for a financial consultant who enters into a business transition agreement with his or her employer, beginning January 1, 2007, business transition payments are eligible Gross Cash Compensation.

**"In-Service Payment Date"** shall have the meaning assigned to such term in Section 5.3.

**"Mandatory Deferred Compensation"** shall have the meaning assigned to such term in Section 2.3.

**"Matching Threshold Amount"** shall mean an amount of Deferred Compensation determined by the Committee with respect to each Plan Year in excess of which a participant's Deferred Compensation, which is credited to such participant's account, may become eligible for a Company Contribution in accordance with standards and guidelines determined annually by the Committee.

**"Mutual Funds"** shall have the meaning assigned to such term in Section 3.3(i).

**"Mutual Fund Price"** shall mean, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

**"NYSE"** shall mean the New York Stock Exchange, Inc.

**"Participating Subsidiary"** shall mean a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan.  No corporation shall become a Participating Subsidiary without prior consent of the Committee, and such participation is subject to such limitations as the Committee may impose.

**"Person"** shall mean any individual, corporation, partnership, joint venture, trust, unincorporated organization or government or any agency or political subdivision thereof.

**"Plan"** shall mean the Royal Bank of Canada US Wealth Accumulation Plan.

**"Plan Interest Rate"** shall have the meaning assigned to such term in Section 3.2

**"Plan Obligor"** shall have the meaning assigned to such term in Section 8.2.

**"Plan Year"** shall mean in respect of a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

**"Retirement"** shall mean the Separation of a participant whose age and years of employment with the Company and/or a Participating Subsidiary, when combined, equals 60.

**"Separation"** shall mean the separation of employment from the Company or a Participating Subsidiary or any of their Affiliates, as the case may be, of a participant, other than

CONFIDENTIAL                                                RBC-PAUL000000047

due to such participant's death, Disability or termination for cause pursuant to the terms set forth herein.   For clarification, transfers of employment among the Company, any Participating Subsidiary and their Affiliates shall not be a "Separation" for purposes of this Plan.

"**Special Participant**" shall mean a participant who is a financial consultant in the Private Client Group and whose production is less than $350,000 per year (or such higher threshold as may be established by the Committee) during the fiscal year ended prior to the Plan Year for which Deferred Compensation is credited.

"**Valuation Date**" shall mean the business day that falls on or next following July 1 of each year that a distribution is due a Participant.

"**Voluntary Deferred Compensation**" shall have the meaning assigned to such term in Section 2.2.

**1.3**   **Rules of Interpretation.**   Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" shall mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary.   The titles given to the various sections of this are inserted for convenience of reference only and are not part of this Plan and they shall not be considered in determining the purpose, meaning or intent of any provision hereof.   Any reference in this Plan to a statute or regulation shall be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1**   **Eligibility.**

(a)   Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of the Company or its Participating Subsidiaries whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become participants by the Committee.

(b)   No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of

(i)   services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its Participating Subsidiaries who is a non-resident of Canada for the Income Tax Act (Canada) throughout the period during which the services were rendered;

(ii)   services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its participating Subsidiaries other than services that were primarily (a) rendered in Canada; (b) rendered in connection

-3-

RBC-PAUL000000048

with a business carried on by the Company or its Participating Subsidiaries in Canada; or (c) a combination of services described in (a) and (b).

**2.2      Election to Voluntarily Defer Compensation.**  Eligible employees may enroll in the Plan by electing to defer a percentage of their Gross Cash Compensation or such portion of their Gross Cash Compensation as the Committee may designate with respect to services to be rendered in the next succeeding calendar year (the "Voluntary Deferred Compensation"). Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, new employees of the Company or a Participating Subsidiary who are eligible to participate in the Plan shall have 30 days from such employee's hiring date to submit an Election Form for such Plan Year.  **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee.**  An election by employees who are first eligible to participate in the Plan during a given year shall become effective for deferral of compensation beginning the first day of the month following the date such Election Form is submitted.

The Committee shall from time to time establish the maximum percentage of a participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

**2.3      Mandatory Deferral of Compensation.**  In connection with the designation of an employee of the Company or a Participating Subsidiary as an eligible participant under the Plan, the Committee, from time to time and in its sole and absolute discretion, may also designate a percentage of such participant's Gross Cash Compensation which must be deferred in accordance with the further provisions of this Plan, which shall constitute such participant's mandatory deferred compensation (the "Mandatory Deferred Compensation").

**2.4      Election of Investments.**  Upon electing to participate in the Plan, each participant shall have the opportunity to choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.  The available hypothetical investments are described in Section 3.  If a participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation shall be deemed to be invested at the Plan Interest Rate.

Accounts for Plan participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Plan participants or their estates.  Such accounts shall be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the Plan Year. Amounts deemed credited to a participant's account in cash shall not be credited with interest, and shall not be deemed to be invested in any interest-bearing item.

**2.5      Intra-Plan Transfers.**  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a participant may elect to have all or a portion of his or her Account Balance transferred to any other type of hypothetical investment (except that after the initial investment election, no transfer may be made into Company common

RBC-PAUL000000049

shares, and Company Contributions in the form of Company common shares may not be transferred into or out of Company common shares).     Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee shall determine. Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Committee.

    **2.6**    **Company Contributions.** The Committee shall establish whether and the extent to which a participant who has elected to defer compensation pursuant to the terms of the Plan is eligible for additional contributions by the Company (the "Company Contributions").   If a participant is entitled to a Company Contribution, after the end of the Plan Year and at such other time as the Committee, in its sole discretion, shall determine, his or her account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing the amount of the Company Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting.  As determined in the sole discretion of the Committee, Company Contributions may be either:

    (a)    a matching percentage of a participant's Voluntary Deferred Compensation in excess of the Matching Threshold Amount.  The Matching Threshold Amount and related Company Contributions may vary with certain performance-based measures established by the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each participant; or

    (b)    such other amount as determined by the Committee in its sole discretion.

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

    **3.1**    Company Common Shares.

    (i)    *Company Common Shares.*  For any Plan Year, in connection with a participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such participant's account shall be deemed to have been allocated the number of whole Company common shares, rounded down to the nearest share, resulting from dividing such portion of the participant's Deferred Compensation allocated to the investment in Company common shares and Company Contributions, if any, by the closing price per Company common share on the NYSE as reported on the day of crediting. Fractional shares, if any, will be allocated to a participant's account as cash in an amount equal to the applicable fraction of a share multiplied by the closing price per Company common share on the NYSE as reported on the day of crediting.

    Except as otherwise provided in the Plan, Deferred Compensation may be credited toward Company common shares only in connection with an original investment election or deferral.

    (ii)    *Dividends on Company common shares.*  At such times as the Company declares dividends on its common shares, an amount equal to the

-5-

RBC-PAUL000000050

number of Company common shares credited to a participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Committee.

(iii)    *Additional Purchases of Company Common Shares.*  All amounts credited to a participant's account as a result of either (x) cash dividends or (y) fractional Company common shares, shall be deemed to have been used to purchase Company common shares daily, or on such other date as determined by the Committee in its sole discretion.  No fractional shares shall be purchased. The number of additional Company common shares credited to each participant's account after the end of each day due to the hypothetical purchases described in this paragraph shall be equal to the number of whole Company common shares, rounded down, derived by dividing the total amount of cash credited to the participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such participant's account under this Section 3.1.  Any credited cash hereunder that would otherwise be deemed to have been used to purchase a fractional Company common share shall, instead, continue to be credited to the participant's amount in cash.  No Company Contributions will be made in connection with the hypothetical purchases of Company common shares credited to a participant's account pursuant to this Section 3.1.

**3.2**    **Plan Interest Rate.**  Participants may elect to have all or a portion of their Deferred Compensation invested at an interest rate determined from time to time by the Committee (the "Plan Interest Rate").

**3.3**    **Mutual Funds.**

(i)    *Mutual Funds.*  Participants may elect to have all or a portion of their Deferred Compensation deemed invested in any of the mutual funds which have been selected by the Committee and may be replaced or eliminated from time-to-time at the discretion of the Committee (the "Mutual Funds"). Participants' accounts will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Deferred Compensation allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(ii)    *Interest or Dividends on Mutual Funds.*  At such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund (a "Fund Addition Date"), a determination will be made as to the number of units (including fractional units) of the Mutual Fund which will be credited to a participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a participant's account multiplied by the amount of the interest or dividend per unit

-6-

of the Mutual Fund will be credited to such participant's account, or other fund determined by the Committee. Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4    Valuation.** Except for changes resulting from intra-plan transfers described in Section 2.5, the notional value of a participant's accounts will be updated daily to reflect any increases or decreases in the value of the participant's hypothetical investment.

The account of a participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee. The amount of the quarterly fee will be determined by multiplying the value of the participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Committee, which for 2007 is 0.000625. The Committee shall from time to time review this calculation and may change the decimal factor used in this calculation.

## SECTION 4
## VESTING

**4.1    Vesting of Voluntary Deferred Compensation.** All Voluntary Deferred Compensation recorded in a participant's account shall be fully vested at all times.

**4.2    Vesting of Mandatory Deferred Compensation and Company Contributions.** Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion. The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related dividend additions, if any) prior to December 31 of the year preceding each new Plan Year. Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee shall commence on January 1 of the Plan Year following the Plan Year in which a participant becomes eligible to receive a Company Contribution. Notwithstanding the foregoing, a participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

(i)    the death or Disability of such participant; or

(ii)    the Separation of a participant, who prior to Separation and with the consent of the Participating Employer, has (1) entered into a business transition agreement with the Private Client Group or (2) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement requested by the participant's employer in the form then approved by the Committee. The non-competition agreement shall require a participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which the Company or any Participating Subsidiary, as appropriate, is engaged at the time of such participant's Separation in any geographic area in which the Company or any Participating Subsidiary, as appropriate, is competing at such time.

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 142

CONFIDENTIAL

RBC-PAUL000000052

**4.3    Termination For Cause.**  Notwithstanding anything to the contrary in this Section 4, if a participant ceases to be employed by the Company, or any other affiliate of the Company at any time prior to the distribution of the investments described herein due to his or her gross or willful misconduct during the course of his or her employment, including theft or commission of a gross misdemeanor or felony, upon such participant's termination all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.

**4.4    Terminations due to Restructuring.**  In the event a participant ceases to be employed by the Company, any Participating Subsidiary and any other affiliate of the Company due to an organizational restructuring (as determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such participant's account shall become vested, but all unvested Company Contributions shall be forfeited.

**4.5    Forfeitures.**  Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation that are not vested on the participant's employment termination date shall be deemed forfeited, and such participant's account shall be appropriately reduced.

<div align="center">

**SECTION 5**
**DISTRIBUTIONS**

</div>

**5.1    Distributions.**  Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a participant will also make an election with respect to the timing of the payment of the amounts credited to such participant's account for such Plan Year.

**5.2    Distribution Dates for Special Participants.**  Notwithstanding anything to the contrary in Section 5.1 or 5.3, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a participant is a Special Participant shall be distributed in full in a single installment on the date determined by the Committee (no more than five years after contribution), provided it is vested on that date.

**5.3    Distribution Dates for Other Participants.**

(a)    *Distribution pursuant to the in-service payment date.*  If the participant selected an in-service date for distribution of Account Balance on his or her Election Form (the "In-Service Payment Date"), then subject to this Section 5 and any other terms and conditions the Committee may impose, distributions are made in a single payment in a specified year as soon as practicable after July 1 of such year.  With the consent of the Committee, a participant may change the In-Service Payment Date pursuant to the procedures established by the Committee and the restrictions under Section 409A of the Internal Revenue Code, which generally requires making a written request more than twelve months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

(b)    *Distribution on Separation or Retirement.*

(i)       If (1) the participant elected payment on Separation on his or her Election Form or (2) if Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this Section 5 and any other terms and conditions the Committee may impose, the Account Balance shall be distributed due to Separation.

(ii)      If distribution is made due to Separation, distributions shall be made in such number of installments selected by the participant on his or her Election Form.  For payment upon Separation occurring after January 1, 2007, participants may elect payment in a single lump sum or a participant may elect that if he or she meets the requirements for Retirement at the time of Separation, then distributions will be made to him or her in up to ten annual installments.

(iii)     Any single lump sum payment and the first installment of any series of installment payments shall be made as soon as practicable after July 1 of the Plan Year that begins following the year of Separation, and each annual installment shall occur as soon as practicable after July 1 of each year thereafter. Each installment shall be equal to a fraction of all vested amounts deemed allocated to the participant's account, the numerator of such fraction being one (1) and the denominator being the number of installments remaining to be paid.  For example, if the participant has elected five annual installments, the first installment shall be equal to one-fifth of the participant's total vested account on the date such account is valued for purposes of the first payment date and the second installment shall be equal to one-fourth of the participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)      If the participant did not indicate a distribution date on his or her Election Form, or if the Election Form was not timely filed, then distribution of the Account Balance will be made as soon as practicable after July 1 following the date of vesting.

(v)       Distributions pursuant to this section shall be made pro-rata from all of a participant's hypothetical investments.

(vi)      For purposes of Section 409A of the Internal Revenue Code, each installment shall be treated as a separate single payment.

(c)     *Special 2006 Transition Year Election.*  If permitted by the participant's employer,  a participant shall be entitled pursuant to a special written election made prior to December 31, 2006, to  change his or her distribution elections for each Plan Year of participation.  New distribution dates must occur after December 31, 2006.

(d)     *Distributions following death or Disability.*  Distributions following death shall follow the procedures set forth in Section 5.5.  Distributions following Disability shall be made in a single payment to the participant as soon as practicable after Disability is verified by the Company.

(e)     *Other.*  The Committee reserves the right to distribute accounts and terminate participation of participants who transfer employment outside of the United

-9-

CONFIDENTIAL
RBC-PAUL000000054

States; provided however, that no acceleration of distribution shall be made in contravention of Code Section 409A.

**5.4    Form of Distributions.**

(a)    *Distributions of Company common shares.*

(i)    All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount of tax required to be withheld. Any Company common shares distributed under the Plan shall be Company common shares that have been previously issued and that are currently trading in the market, or subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)    The value of each Company common share credited to a participant's account shall be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date;

(iii)    All distributions shall be in the form of whole Company common shares.  Fractional shares, if any, shall be distributed in cash.

(b)    *Distributions of Investments in Mutual Funds.*  A participant's hypothetical investment in mutual funds shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a participant's hypothetical investment in Mutual Funds shall be determined by multiplying the total number of units of the Mutual Fund credited to the participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)    *Distributions of Investment in the Plan Interest Rate.*  A participant's hypothetical investment in the Plan Interest Rate shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.4(a), the Committee, in its sole and absolute discretion, may cause distributions with respect to a participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares shall be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

**5.5    Distributions to Beneficiaries.**  Distribution of the Account Balance of a participant who dies before any payment to such participant is made shall be made to such participant's beneficiary or the participant's estate as soon as practicable in a single lump sum. If the participant dies after payments have commenced but before distribution is completed, a

CONFIDENTIAL                                                                    RBC-PAUL000000055

beneficiary may elect a lump sum payment of remaining payment pursuant to procedures established by the Committee, but any such election may not take effect for twelve months.

5.6 **Designation of Beneficiary.** Each participant shall have the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid balance of the participant's account in the event of such participant's death prior to receiving full distribution thereof, and may change or revoke any prior Beneficiary designation by a similar instrument in writing prior to his or her death. If a participant shall fail to designate a beneficiary or, having revoked a prior beneficiary designation, shall fail to designate a new beneficiary, or in the event the participant's beneficiary designation shall fail, in whole or in part, by reason of the prior death of a designated beneficiary or for any other cause, then the undistributed balance of the participant's accounts, or the portion thereof as to which such designation shall fall, as the case may be, shall be paid to the participant's estate.

5.7 **Disclaimers by Beneficiaries.** A beneficiary entitled to a distribution of all or a portion of a deceased participant's accounts may disclaim his or her interest therein subject to the following requirements. To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least age twenty-one (21) years as of the date of the participant's death. Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public. A disclaimer shall state that the beneficiary's entire interest in the undistributed accounts is disclaimed or shall specify what portion thereof is disclaimed. To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the participant's death but not later than one hundred eighty (180) days after the date of the participant's death. A disclaimer shall be irrevocable when delivered to the Committee. A disclaimer shall be considered to be delivered to the Committee only when actually received by the Committee. The Committee shall be the sole judge of the content, interpretation and validity of a purported disclaimer. Upon the filing of a valid disclaimer, the beneficiary shall be considered not to have survived the participant as to the interest disclaimed. A disclaimer by a beneficiary shall not be considered to be a transfer of an interest in violation of the provisions of Section 6 and shall not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan. The Committee shall recognize no other form of attempted disclaimer.

5.8 **Certain Federal Income Tax Consequences.** Due to the complexity of the applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code"), this summary of certain federal income tax consequences only sets forth the general tax principles affecting the Plan. These general tax principles are subject to changes which may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis. Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan and should refer to the applicable laws in those jurisdictions.

Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service (the "IRS") regarding the federal income tax consequences associated with participation in the Plan. **Accordingly, each Plan participant should consult his or her own tax counsel on questions**

RBC-PAUL000000056

**regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such participant pursuant to the Plan.**

The Plan provides that the election to defer any portion of a participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for the Company or any Participating Subsidiary to which the compensation relates.  Accordingly, the Company believes that Plan participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that, such amounts may still be subject to Federal Insurance Contribution Act ("FICA") taxes. Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan, until and for its taxable year in which, a Plan participant recognizes ordinary income thereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.  As described above and in "Tax Withholding" below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Section 3402 and certain other sections of the Code.

**5.9    Tax Withholding.**  All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA,  payroll and other taxes required to be withheld.  In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its subsidiaries or affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (i) a participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a participant, whether or not pursuant to the Plan, or (ii) the Committee shall be entitled to require that the participant remit cash to the Company, his or her employer or any of its subsidiaries or affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.

**5.10    ERISA Matters.**  Although the Plan is not qualified under Section 401 of the Code, the Plan might be determined to be an "employee pension benefit plan" as defined by the Employment Retirement Income Security Act of 1974, as amended ("ERISA").  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, it is exempted from many ERISA requirements.  A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

<div align="center">

**SECTION 6**
**SPENDTHRIFT PROVISIONS**

</div>

Neither any participant nor the personal representative of any participant shall have any transferable interest in the participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in Section 4 and 5, nor shall the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors of the participant or the personal representative of the participant.

-12-

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 147
CONFIDENTIAL                                                RBC-PAUL000000057

## SECTION 7
## ADMINISTRATION

**7.1     The Committee.**   The Plan will be administered by the U.S. Benefits Administrative Committee (the "Committee") appointed by the Senior Executive Vice President of Human Resources – Public Affairs of the Company.  The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest; provided, that, the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to the Company or any Participating Subsidiary, including, without limitation, decisions regarding Company Contributions and eligibility to participate in the Plan.

**7.2     Claims Procedure.**   If any participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this Section 7.

**7.3     Making a Claim.**   The claim must be written and must be delivered to the Committee.  Within 90 days after the claim is delivered, the claimant will receive either:  (i) a decision or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

If the claim is wholly or partially denied, the claimant will receive a written notice specifying:  (i) the reasons for denial; (ii) the Plan provisions on which the denial is based; and (iii) any additional information needed in connection with the claim and the reason such information is needed.  Notice of the claimant's right to request a review (as described in Section 7.4) will also be given to the claimant.

**7.4     Requesting Review of a Denied Claim.**   A claimant may request that a denied claim be reviewed.  The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written notice that the claim was denied.  A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review.  The claimant may examine pertinent Plan documents by asking the Committee for such documents.  Within 60 days after delivery of a request for review, the claimant will receive either:  (i) a decision; or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The decision will be in writing and will specify the Plan provisions on which it is based.

**7.5     In General.**   All decisions on claims and on reviews of denied claims will be made by the Committee.  The Committee also reserves the right to delegate its authority to make decisions.  The Committee may, in its discretion, hold one or more hearings.  If a claimant does not receive a decision within the specified time, the claimant should assume the claim was denied or re-denied on the date the specified time expired.  The claimant may, at the claimant's

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 148

CONFIDENTIAL                                                                        RBC-PAUL000000058

own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1    Reporting.**  As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each participant a report showing (i) the amounts credited to the participant's account since the last report from the Company, and (ii) the amounts of any distributions made since the last report.  At its discretion, the Company may prepare and make available more frequent reports to Plan participants.

**8.2    Plan Obligor; Status as Unsecured General Creditors.**

(a)    This section describes which entity is responsible for satisfaction of amounts payable to participants under the Plan (the "Plan Obligor"). The Company shall be the Plan Obligor with respect to distributions from all accounts; provided, however, that the participant's Participating Subsidiary shall be the Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in subsection (b) below.

(b)    The Company shall be the Plan Obligor with respect to all accounts of participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

(c)    All participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, participants and their estates shall not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, the Company, or any Participating Subsidiary.  The Plan does not require that any hypothetical investments under this Plan be funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets shall be subject to the claims of its general creditors, and neither any participant nor any beneficiary of any participant shall have a legal, beneficial or security interest therein.

**8.3    Disclaimer of Employment and Bonus Rights.**  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Company or any participating subsidiary or to obtain any compensation. Upon dismissal or severance of employment, no participant shall have any right or interest under the Plan, other than as specifically provided herein.

**8.4    Administrative Expenses of the Plan.**  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among participant's accounts).

-14-

CONFIDENTIAL                                                              RBC-PAUL000000059

**8.5      No Compensation Under the RBC-U.S.A. Retirement and Savings Plan.**  No amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a participant under the Plan shall constitute "recognized compensation" for purposes of the RBC-U.S.A. Retirement and Savings Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its subsidiaries or affiliates.

**8.6      Voting Rights.**  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Plan participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any participant's account.

**8.7      Governing Law.**  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that State to the extent not preempted by federal law and shall be construed and enforced in accordance with the laws of the State of Minnesota.

<div align="center">

**SECTION 9**
**AMENDMENT OR TERMINATION**

</div>

**9.1      Amendments to and Termination of Plan.**  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (i) to ensure that neither the Plan Obligors nor the participants are subject to adverse Canadian or United States tax consequences and (ii) to modify the form of distribution of participants' accounts, provided, however, that no such amendment or termination shall have the effect of (i) reducing the vested portion of amounts already credited to a participant's account or (ii) extending the time of distribution of such participant's accounts, without the consent of such participant.  In the event of a termination of the Plan, all accounts shall be deemed vested and amounts credited thereto shall be distributed to participants in accordance with the distribution guidelines under Internal Revenue Code Section 409A and authority thereunder.

**9.2      Merger.**  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee shall specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

**9.3      Applicability to Successors.**  This Plan shall be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan shall remain in full force and effect as any obligation of the Company or its successors in interest.

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 150
CONFIDENTIAL

RBC-PAUL000000060

# EXHIBIT 8

# AMENDED AND RESTATED

## ROYAL BANK OF CANADA

## US WEALTH ACCUMULATION PLAN

### AND PROSPECTUS

THE DATE OF THIS DOCUMENT IS NOVEMBER 1, 2007

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

NEWYORK:88249.9



CONFIDENTIAL                                    RBC-PAUL000000061

# TABLE OF CONTENTS

**Page**

SECTION 1  INTRODUCTION
    1.1    General Nature and Purpose of the Plan ................................................................ 1
    1.2    Definitions.................................................................................................... 1
    1.3    Rules of Interpretation ...................................................................................... 3

SECTION 2  DEFERRALS AND DEEMED INVESTMENTS
    2.1    Eligibility .................................................................................................... 3
    2.2    Election to Voluntarily Defer Compensation ........................................................ 4
    2.3    Mandatory Deferral of Compensation ................................................................ 4
    2.4    Election of Investments.................................................................................... 4
    2.5    Intra-Plan Transfers ...................................................................................... 4
    2.6    Company Contributions .................................................................................. 5

SECTION 3  INFORMATION CONCERNING INVESTMENT ALTERNATIVES
    3.1    Company Common Shares .............................................................................. 5
    3.2    Plan Interest Rate .......................................................................................... 6
    3.3    Mutual Funds .............................................................................................. 6
    3.4    Valuation.................................................................................................... 7

SECTION 4  VESTING
    4.1    Vesting of Voluntary Deferred Compensation ...................................................... 7
    4.2    Vesting of Mandatory Deferred Compensation and Company
             Contributions.............................................................................................. 7
    4.3    Termination For Cause .................................................................................. 7
    4.4    Terminations due to Restructuring..................................................................... 8
    4.5    Forfeitures .................................................................................................. 8

SECTION 5  DISTRIBUTIONS
    5.1    Distributions ................................................................................................ 8
    5.2    Distribution Dates for Special Participants........................................................... 8
    5.3    Distribution Dates for Other Participants ............................................................ 8
    5.4    Form of Distributions..................................................................................... 10
    5.5    Distributions to Beneficiaries .......................................................................... 10
    5.6    Designation of Beneficiary .............................................................................. 11
    5.7    Disclaimers by Beneficiaries ........................................................................... 11
    5.8    Certain Federal Income Tax Consequences.......................................................... 11
    5.9    Tax Withholding .......................................................................................... 12
    5.10   ERISA Matters ............................................................................................ 12

SECTION 6  SPENDTHRIFT PROVISIONS ............................................................... 12

SECTION 7  ADMINISTRATION
    7.1    The Committee............................................................................................. 13
    7.2    Claims Procedure ......................................................................................... 13

CONFIDENTIAL

RBC-PAUL000000062

## TABLE OF CONTENTS
(continued)

**Page**

7.3   Making a Claim .................................................................................. 13
7.4   Requesting Review of a Denied Claim ............................................... 13
7.5   In General .......................................................................................... 13

SECTION 8  OTHER ADMINISTRATIVE MATTERS
8.1   Reporting ........................................................................................... 14
8.2   Plan Obligor; Status as Unsecured General Creditors ....................... 14
8.3   Disclaimer of Employment and Bonus Rights .................................. 14
8.4   Administrative Expenses of the Plan ................................................. 14
8.5   No Compensation Under the RBC-U.S.A. Retirement and Savings Plan ........... 15
8.6   Voting Rights ..................................................................................... 15
8.7   Governing Law .................................................................................. 15

SECTION 9  AMENDMENT OR TERMINATION
9.1   Amendments to and Termination of Plan ........................................... 15
9.2   Merger ............................................................................................... 15
9.3   Applicability to Successors ............................................................... 15

-ii-

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 154
CONFIDENTIAL                                          RBC-PAUL000000063

## SECTION 1
## INTRODUCTION

**1.1    General Nature and Purpose of the Plan.**  The Royal Bank of Canada US Wealth Accumulation Plan (the "Plan") is a non tax-qualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "Company") and its Participating Subsidiaries will be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year. The Plan is designed to provide an opportunity for such employees to achieve wealth accumulation through employee deferrals, tax-deferred savings and investment options that support long-term savings and allow such employees to share in the Company's growth and profitability.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan and was amended and restated effective for the Plan Year beginning on January 1, 2005 **and was further amended and restated effective for the Plan Year beginning on January 1, 2007.**

**1.2    Definitions.**

**"Account Balance"** means, for any given date, a participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

**"Affiliate"** of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

**"Committee"** shall mean the Head of Human Resources, or those executives designated by the Head of Human Resources to administer this Plan.  The members of the Committee, if any, serve at the pleasure of the Head of Human Resources, who shall have the power to appoint and remove members from time to time.

**"Company"** shall mean Royal Bank of Canada ("RBC"), a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada.

**"Company Contributions"** shall have the meaning assigned to such term in Section 2.6.

**"Deferred Compensation"** shall mean for each participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

**"Disability"** shall mean the disability of a participant as defined in the RBC-U.S.A. Retirement and Savings Plan, provided however, that for purposes of Section 5.3(c), Disability shall also meet the definition of "disability" under Internal Revenue Code Section 409A(a)(2)(C).

-1-

CONFIDENTIAL

RBC-PAUL000000064

"**Election Form**" shall mean the participant's written election setting forth the percentage of a participant's Gross Cash Compensation he or she elects to defer and selecting distribution dates for his or her Deferred Compensation, as such form may be modified from time to time by the Committee.

"**Fund Addition Date**" shall have the meaning assigned to such term in Section 3.3(ii).

"**Gross Cash Compensation**" shall mean "Recognized Compensation" as defined in the RBC-U.S.A. Retirement and Savings Plan earned by a participant for services rendered during a Plan Year, whether or not paid in such Plan Year, plus for a financial consultant who enters into a business transition agreement with his or her employer, beginning January 1, 2007, business transition payments are eligible Gross Cash Compensation.

"**In-Service Payment Date**" shall have the meaning assigned to such term in Section 5.3.

"**Mandatory Deferred Compensation**" shall have the meaning assigned to such term in Section 2.3.

"**Matching Threshold Amount**" shall mean an amount of Deferred Compensation determined by the Committee with respect to each Plan Year in excess of which a participant's Deferred Compensation, which is credited to such participant's account, may become eligible for a Company Contribution in accordance with standards and guidelines determined annually by the Committee.

"**Mutual Funds**" shall have the meaning assigned to such term in Section 3.3(i).

"**Mutual Fund Price**" shall mean, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" shall mean the New York Stock Exchange, Inc.

"**Participating Subsidiary**" shall mean a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan. No corporation shall become a Participating Subsidiary without prior consent of the Committee, and such participation is subject to such limitations as the Committee may impose.

"**Person**" shall mean any individual, corporation, partnership, joint venture, trust, unincorporated organization or government or any agency or political subdivision thereof.

"**Plan**" shall mean the Royal Bank of Canada US Wealth Accumulation Plan.

"**Plan Interest Rate**" shall have the meaning assigned to such term in Section 3.2

"**Plan Obligor**" shall have the meaning assigned to such term in Section 8.2.

"**Plan Year**" shall mean in respect of a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

-2-

"**Retirement**" shall mean the Separation of a participant whose age and years of employment with the Company and/or a Participating Subsidiary, when combined, equals 60.

"**Separation**" shall mean the separation of employment from the Company or a Participating Subsidiary or any of their Affiliates, as the case may be, of a participant, other than due to such participant's death, Disability or termination for cause pursuant to the terms set forth herein. For clarification, transfers of employment among the Company, any Participating Subsidiary and their Affiliates shall not be a "Separation" for purposes of this Plan.

"**Special Participant**" shall mean a participant who is a financial consultant in the Private Client Group and whose production is less than $350,000 per year (or such higher threshold as may be established by the Committee) during the fiscal year ended prior to the Plan Year for which Deferred Compensation is credited.

"**Valuation Date**" shall mean the business day that falls on or next following July 1 of each year that a distribution is due a Participant.

"**Voluntary Deferred Compensation**" shall have the meaning assigned to such term in Section 2.2.

**1.3    Rules of Interpretation.**    Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" shall mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary. The titles given to the various sections of this are inserted for convenience of reference only and are not part of this Plan and they shall not be considered in determining the purpose, meaning or intent of any provision hereof. Any reference in this Plan to a statute or regulation shall be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1    Eligibility.**

(a)    Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of the Company or its Participating Subsidiaries whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become participants by the Committee.

(b)    No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of

(i)    services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its Participating Subsidiaries who is a non-resident of Canada for the Income Tax Act (Canada) throughout the period during which the services were rendered;

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 157
CONFIDENTIAL

RBC-PAUL000000066

(ii)     services rendered to the Company or its Participating Subsidiaries by an employee of the Company or its participating Subsidiaries other than services that were primarily (a) rendered in Canada; (b) rendered in connection with a business carried on by the Company or its Participating Subsidiaries in Canada; or (c) a combination of services described in (a) and (b).

**2.2     Election to Voluntarily Defer Compensation.**  Eligible employees may enroll in the Plan by electing to defer a percentage of their Gross Cash Compensation or such portion of their Gross Cash Compensation as the Committee may designate with respect to services to be rendered in the next succeeding calendar year (the "Voluntary Deferred Compensation"). Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, new employees of the Company or a Participating Subsidiary who are eligible to participate in the Plan shall have 30 days from such employee's hiring date to submit an Election Form for such Plan Year.  **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee.**  An election by employees who are first eligible to participate in the Plan during a given year shall become effective for deferral of compensation beginning the first day of the month following the date such Election Form is submitted.

The Committee shall from time to time establish the maximum percentage of a participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

**2.3     Mandatory Deferral of Compensation.**  In connection with the designation of an employee of the Company or a Participating Subsidiary as an eligible participant under the Plan, the Committee, from time to time and in its sole and absolute discretion, may also designate a percentage of such participant's Gross Cash Compensation which must be deferred in accordance with the further provisions of this Plan, which shall constitute such participant's mandatory deferred compensation (the "Mandatory Deferred Compensation").

**2.4     Election of Investments.**   Upon electing to participate in the Plan, each participant shall have the opportunity to choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.   The available hypothetical investments are described in Section 3.  If a participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation shall be deemed to be invested at the Plan Interest Rate.

Accounts for Plan participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Plan participants or their estates.  Such accounts shall be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the Plan Year. Amounts deemed credited to a participant's account in cash shall not be credited with interest, and shall not be deemed to be invested in any interest-bearing item.

-4-

CONFIDENTIAL                                                                                                    RBC-PAUL000000067

**2.5    Intra-Plan Transfers.**  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a participant may elect to have all or a portion of his or her Account Balance transferred to any other type of hypothetical investment (except that after the initial investment election, no transfer may be made into Company common shares, and Company Contributions in the form of Company common shares may not be transferred into or out of Company common shares).    Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee shall determine.  Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Committee.

**2.6    Company Contributions.**  The Committee shall establish whether and the extent to which a participant who has elected to defer compensation pursuant to the terms of the Plan is eligible for additional contributions by the Company (the "Company Contributions").  If a participant is entitled to a Company Contribution, after the end of the Plan Year and at such other time as the Committee, in its sole discretion, shall determine, his or her account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing the amount of the Company Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting.  As determined in the sole discretion of the Committee, Company Contributions may be either:

      (a)    a matching percentage of a participant's Voluntary Deferred Compensation in excess of the Matching Threshold Amount.  The Matching Threshold Amount and related Company Contributions may vary with certain performance-based measures established by the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each participant; or

      (b)    such other amount as determined by the Committee in its sole discretion.

## SECTION 3
### INFORMATION CONCERNING INVESTMENT ALTERNATIVES

**3.1**    Company Common Shares.

      (i)    *Company Common Shares.*  For any Plan Year, in connection with a participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such participant's account shall be deemed to have been allocated the number of whole Company common shares, rounded down to the nearest share, resulting from dividing such portion of the participant's Deferred Compensation allocated to the investment in Company common shares and Company Contributions, if any, by the closing price per Company common share on the NYSE as reported on the day of crediting.  Fractional shares, if any, will be allocated to a participant's account as cash in an amount equal to the applicable fraction of a share multiplied by the closing price per Company common share on the NYSE as reported on the day of crediting.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 159
CONFIDENTIAL

RBC-PAUL000000068

Except as otherwise provided in the Plan, Deferred Compensation may be credited toward Company common shares only in connection with an original investment election or deferral.

(ii)     *Dividends on Company common shares.*   At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Committee.

(iii)     *Additional Purchases of Company Common Shares.*   All amounts credited to a participant's account as a result of either (x) cash dividends or (y) fractional Company common shares, shall be deemed to have been used to purchase Company common shares daily, or on such other date as determined by the Committee in its sole discretion.  No fractional shares shall be purchased. The number of additional Company common shares credited to each participant's account after the end of each day due to the hypothetical purchases described in this paragraph shall be equal to the number of whole Company common shares, rounded down, derived by dividing the total amount of cash credited to the participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such participant's account under this Section 3.1.  Any credited cash hereunder that would otherwise be deemed to have been used to purchase a fractional Company common share shall, instead, continue to be credited to the participant's amount in cash.  No Company Contributions will be made in connection with the hypothetical purchases of Company common shares credited to a participant's account pursuant to this Section 3.1.

**3.2     Plan Interest Rate.**  Participants may elect to have all or a portion of their Deferred Compensation invested at an interest rate determined from time to time by the Committee (the "Plan Interest Rate").

**3.3     Mutual Funds.**

(i)     *Mutual Funds.*  Participants may elect to have all or a portion of their Deferred Compensation deemed invested in any of the mutual funds which have been selected by the Committee and may be replaced or eliminated from time-to-time at the discretion of the Committee (the "Mutual Funds"). Participants' accounts will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Deferred Compensation allocated to investments in Mutual Funds divided by the Mutual Fund Price.

-6-

(ii)   *Interest or Dividends on Mutual Funds.*  At such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund (a "Fund Addition Date"), a determination will be made as to the number of units (including fractional units) of the Mutual Fund which will be credited to a participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4**   **Valuation.**  Except for changes resulting from intra-plan transfers described in Section 2.5, the notional value of a participant's accounts will be updated daily to reflect any increases or decreases in the value of the participant's hypothetical investment.

The account of a participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.  The amount of the quarterly fee will be determined by multiplying the value of the participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Committee, which for 2007 is 0.000625.  The Committee shall from time to time review this calculation and may change the decimal factor used in this calculation.

<div align="center">

**SECTION 4**
**VESTING**

</div>

**4.1**   **Vesting of Voluntary Deferred Compensation.**  All Voluntary Deferred Compensation recorded in a participant's account shall be fully vested at all times.

**4.2**   **Vesting of Mandatory Deferred Compensation and Company Contributions.**
Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related dividend additions, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee shall commence on January 1 of the Plan Year following the Plan Year in which a participant becomes eligible to receive a Company Contribution.  Notwithstanding the foregoing, a participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

(i)   the death or Disability of such participant; or

(ii)   the Separation of a participant, who prior to Separation and with the consent of the Participating Employer, has (1) entered into a business transition agreement with the Private Client Group or (2) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement requested by the participant's employer in the form then approved by the Committee.  The non-competition agreement shall

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 161

CONFIDENTIAL

RBC-PAUL000000070

require a participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which the Company or any Participating Subsidiary, as appropriate, is engaged at the time of such participant's Separation in any geographic area in which the Company or any Participating Subsidiary, as appropriate, is competing at such time.

**4.3     Termination For Cause.**   Notwithstanding anything to the contrary in this Section 4, if a participant ceases to be employed by the Company, or any other affiliate of the Company at any time prior to the distribution of the investments described herein due to his or her gross or willful misconduct during the course of his or her employment, including theft or commission of a gross misdemeanor or felony, upon such participant's termination all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.

**4.4     Terminations due to Restructuring.**   In the event a participant ceases to be employed by the Company, any Participating Subsidiary and any other affiliate of the Company due to an organizational restructuring (as determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such participant's account shall become vested, but all unvested Company Contributions shall be forfeited.

**4.5     Forfeitures.**   Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation that are not vested on the participant's employment termination date shall be deemed forfeited, and such participant's account shall be appropriately reduced.

<div align="center">

**SECTION 5**
**DISTRIBUTIONS**

</div>

**5.1     Distributions.**   Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a participant will also make an election with respect to the timing of the payment of the amounts credited to such participant's account for such Plan Year.

**5.2     Distribution Dates for Special Participants.**   Notwithstanding anything to the contrary in Section 5.1 or 5.3, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a participant is a Special Participant shall be distributed in full in a single installment on the date determined by the Committee (no more than five years after contribution), provided it is vested on that date.

**5.3     Distribution Dates for Other Participants.**

(a)     *Distribution pursuant to the in-service payment date.*   If the participant selected an in-service date for distribution of Account Balance on his or her Election Form (the "In-Service Payment Date"), then subject to this Section 5 and any other terms and conditions the Committee may impose, distributions are made in a single payment in a specified year as soon as practicable after July 1 of such year.  With the consent of the Committee, a participant may change the In-Service Payment Date pursuant to the procedures established by the Committee and the restrictions under Section 409A of the Internal Revenue Code, which generally requires making a written request more than

<div align="center">-8-</div>

twelve months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

(b)　　*Distribution on Separation or Retirement.*

(i)　　If (1) the participant elected payment on Separation on his or her Election Form or (2) if Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this Section 5 and any other terms and conditions the Committee may impose, the Account Balance shall be distributed due to Separation, less any amount owed by the Participant to the Company or any of its subsidiaries at the time of Separation pursuant to a promissory note or otherwise.

(ii)　　If distribution is made due to Separation, distributions shall be made in such number of installments selected by the participant on his or her Election Form. For payment upon Separation occurring after January 1, 2007, participants may elect payment in a single lump sum or a participant may elect that if he or she meets the requirements for Retirement at the time of Separation, then distributions will be made to him or her in up to ten annual installments.

(iii)　　Any single lump sum payment and the first installment of any series of installment payments shall be made as soon as practicable after July 1 of the Plan Year that begins following the year of Separation, and each annual installment shall occur as soon as practicable after July 1 of each year thereafter. Subject to reduction as set forth in clause (i) above, each installment shall be equal to a fraction of all vested amounts deemed allocated to the participant's account, the numerator of such fraction being one (1) and the denominator being the number of installments remaining to be paid. For example, if the participant has elected five annual installments, the first installment shall be equal to one-fifth of the participant's total vested account on the date such account is valued for purposes of the first payment date and the second installment shall be equal to one-fourth of the participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)　　If the participant did not indicate a distribution date on his or her Election Form, or if the Election Form was not timely filed, then distribution of the Account Balance will be made as soon as practicable after July 1 following the date of vesting.

(v)　　Distributions pursuant to this section shall be made pro-rata from all of a participant's hypothetical investments.

(vi)　　For purposes of Section 409A of the Internal Revenue Code, each installment shall be treated as a separate single payment.

(c)　　*Special 2006 Transition Year Election.* If permitted by the participant's employer, a participant shall be entitled pursuant to a special written election made prior to December 31, 2006, to change his or her distribution elections for each Plan Year of participation. New distribution dates must occur after December 31, 2006.

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 163

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　RBC-PAUL000000072

(d)     *Distributions following death or Disability.*  Distributions following death shall follow the procedures set forth in Section 5.5.  Distributions following Disability shall be made in a single payment to the participant as soon as practicable after Disability is verified by the Company.

(e)     *Other.*  The Committee reserves the right to distribute accounts and terminate participation of participants who transfer employment outside of the United States; provided however, that no acceleration of distribution shall be made in contravention of Code Section 409A.

**5.4     Form of Distributions.**

(a)     *Distributions of Company common shares.*

(i)     All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount of tax required to be withheld. Any Company common shares distributed under the Plan shall be Company common shares that have been previously issued and that are currently trading in the market, or subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)     The value of each Company common share credited to a participant's account shall be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date;

(iii)     All distributions shall be in the form of whole Company common shares.  Fractional shares, if any, shall be distributed in cash.

(b)     *Distributions of Investments in Mutual Funds.*  A participant's hypothetical investment in mutual funds shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a participant's hypothetical investment in Mutual Funds shall be determined by multiplying the total number of units of the Mutual Fund credited to the participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)     *Distributions of Investment in the Plan Interest Rate.*  A participant's hypothetical investment in the Plan Interest Rate shall be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.4(a), the Committee, in its sole and absolute discretion, may cause distributions with respect to a participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares;

-10-

the value of all such shares shall be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

**5.5     Distributions to Beneficiaries.**  Distribution of the Account Balance of a participant who dies before any payment to such participant is made shall be made to such participant's beneficiary or the participant's estate as soon as practicable in a single lump sum. If the participant dies after payments have commenced but before distribution is completed, a beneficiary may elect a lump sum payment of remaining payment pursuant to procedures established by the Committee, but any such election may not take effect for twelve months.

**5.6     Designation of Beneficiary.**  Each participant shall have the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid balance of the participant's account in the event of such participant's death prior to receiving full distribution thereof, and may change or revoke any prior Beneficiary designation by a similar instrument in writing prior to his or her death.  If a participant shall fail to designate a beneficiary or, having revoked a prior beneficiary designation, shall fail to designate a new beneficiary, or in the event the participant's beneficiary designation shall fail, in whole or in part, by reason of the prior death of a designated beneficiary or for any other cause, then the undistributed balance of the participant's accounts, or the portion thereof as to which such designation shall fall, as the case may be, shall be paid to the participant's estate.

**5.7     Disclaimers by Beneficiaries.**  A beneficiary entitled to a distribution of all or a portion of a deceased participant's accounts may disclaim his or her interest therein subject to the following requirements.  To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least age twenty-one (21) years as of the date of the participant's death.   Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.   A disclaimer shall state that the beneficiary's entire interest in the undistributed accounts is disclaimed or shall specify what portion thereof is disclaimed.   To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the participant's death but not later than one hundred eighty (180) days after the date of the participant's death.   A disclaimer shall be irrevocable when delivered to the Committee.   A disclaimer shall be considered to be delivered to the Committee only when actually received by the Committee.  The Committee shall be the sole judge of the content, interpretation and validity of a purported disclaimer.  Upon the filing of a valid disclaimer, the beneficiary shall be considered not to have survived the participant as to the interest disclaimed. A disclaimer by a beneficiary shall not be considered to be a transfer of an interest in violation of the provisions of Section 6 and shall not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.  The Committee shall recognize no other form of attempted disclaimer.

**5.8     Certain Federal Income Tax Consequences.**  Due to the complexity of the applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code"), this summary of certain federal income tax consequences only sets forth the general tax principles affecting the Plan.  These general tax principles are subject to changes which may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis.  Participants may be subject to state or local income taxes as a

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 165
CONFIDENTIAL                                                      RBC-PAUL000000074

result of their election to defer compensation pursuant to the Plan and should refer to the applicable laws in those jurisdictions.

Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service (the "IRS") regarding the federal income tax consequences associated with participation in the Plan. **Accordingly, each Plan participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such participant pursuant to the Plan.**

The Plan provides that the election to defer any portion of a participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for the Company or any Participating Subsidiary to which the compensation relates. Accordingly, the Company believes that Plan participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that, such amounts may still be subject to Federal Insurance Contribution Act ("FICA") taxes. Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan, until and for its taxable year in which, a Plan participant recognizes ordinary income thereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation. As described above in "Tax Withholding" below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Section 3402 and certain other sections of the Code.

**5.9    Tax Withholding.** All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA, payroll and other taxes required to be withheld. In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its subsidiaries or affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (i) a participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a participant, whether or not pursuant to the Plan, or (ii) the Committee shall be entitled to require that the participant remit cash to the Company, his or her employer or any of its subsidiaries or affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.

**5.10    ERISA Matters.** Although the Plan is not qualified under Section 401 of the Code, the Plan might be determined to be an "employee pension benefit plan" as defined by the Employment Retirement Income Security Act of 1974, as amended ("ERISA"). If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, it is exempted from many ERISA requirements. A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

## SECTION 6
## SPENDTHRIFT PROVISIONS

Neither any participant nor the personal representative of any participant shall have any transferable interest in the participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in Section 4 and 5, nor shall the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors of the participant or the personal representative of the participant.

## SECTION 7
## ADMINISTRATION

**7.1     The Committee.**   The Plan will be administered by the Committee.   The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest; <u>provided</u>, that, the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to the Company or any Participating Subsidiary, including, without limitation, decisions regarding Company Contributions and eligibility to participate in the Plan.

**7.2     Claims Procedure.**   If any participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this Section 7.

**7.3     Making a Claim.**   The claim must be written and must be delivered to the Committee.   Within 90 days after the claim is delivered, the claimant will receive either:  (i) a decision or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

If the claim is wholly or partially denied, the claimant will receive a written notice specifying:  (i) the reasons for denial; (ii) the Plan provisions on which the denial is based; and (iii) any additional information needed in connection with the claim and the reason such information is needed.   Notice of the claimant's right to request a review (as described in Section 7.4) will also be given to the claimant.

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 167

CONFIDENTIAL                                                                                                RBC-PAUL000000076

**7.4    Requesting Review of a Denied Claim.**  A claimant may request that a denied claim be reviewed.  The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written notice that the claim was denied.  A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review.  The claimant may examine pertinent Plan documents by asking the Committee for such documents.  Within 60 days after delivery of a request for review, the claimant will receive either:  (i) a decision; or (ii) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The decision will be in writing and will specify the Plan provisions on which it is based.

**7.5    In General.**  All decisions on claims and on reviews of denied claims will be made by the Committee.  The Committee also reserves the right to delegate its authority to make decisions.  The Committee may, in its discretion, hold one or more hearings.  If a claimant does not receive a decision within the specified time, the claimant should assume the claim was denied or re-denied on the date the specified time expired.  The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1    Reporting.**  As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each participant a report showing (i) the amounts credited to the participant's account since the last report from the Company, and (ii) the amounts of any distributions made since the last report.  At its discretion, the Company may prepare and make available more frequent reports to Plan participants.

**8.2    Plan Obligor; Status as Unsecured General Creditors.**

(a)    This section describes which entity is responsible for satisfaction of amounts payable to participants under the Plan (the "Plan Obligor"). The Company shall be the Plan Obligor with respect to distributions from all accounts; provided, however, that the participant's Participating Subsidiary shall be the Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in subsection (b) below.

(b)    The Company shall be the Plan Obligor with respect to all accounts of participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

(c)    All participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, participants and their estates shall not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, the Company, or any Participating Subsidiary.  The Plan does not require that any hypothetical investments under this Plan be

-14-

RBC-PAUL000000077

funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets shall be subject to the claims of its general creditors, and neither any participant nor any beneficiary of any participant shall have a legal, beneficial or security interest therein.

      **8.3**    **Disclaimer of Employment and Bonus Rights.**  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Company or any participating subsidiary or to obtain any compensation. Upon dismissal or severance of employment, no participant shall have any right or interest under the Plan, other than as specifically provided herein.

      **8.4**    **Administrative Expenses of the Plan.**  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among participant's accounts).

      **8.5**    **No Compensation Under the RBC-U.S.A. Retirement and Savings Plan.**  No amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a participant under the Plan shall constitute "recognized compensation" for purposes of the RBC-U.S.A. Retirement and Savings Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its subsidiaries or affiliates.

      **8.6**    **Voting Rights.**  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Plan participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any participant's account.

      **8.7**    **Governing Law.**  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that State to the extent not preempted by federal law and shall be construed and enforced in accordance with the laws of the State of Minnesota.

<div align="center">

**SECTION 9**
**AMENDMENT OR TERMINATION**

</div>

      **9.1**    **Amendments to and Termination of Plan.**  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (i) to ensure that neither the Plan Obligors nor the participants are subject to adverse Canadian or United States tax consequences and (ii) to modify the form of distribution of participants' accounts, provided, however, that no such amendment or termination shall have the effect of (i) reducing the vested portion of amounts already credited to a participant's account or (ii) extending the time of distribution of such participant's accounts, without the consent of such participant.  In the event of a termination of the Plan, all accounts shall be deemed vested and amounts credited thereto shall be distributed to participants in accordance with the distribution guidelines under Internal Revenue Code Section 409A and authority thereunder.

**9.2     Merger.**  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee shall specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

**9.3     Applicability to Successors.**  This Plan shall be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan shall remain in full force and effect as any obligation of the Company or its successors in interest.

CONFIDENTIAL                                                                RBC-PAUL000000079

# EXHIBIT 9

# Amended and Restated

## Royal Bank of Canada

## US Wealth Accumulation Plan

## And Prospectus

---

## The date of this document is NOVEMBER 1, 2009

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

RBC Financial Group

CONFIDENTIAL                                    RBC-PAUL000003138

## TABLE OF CONTENTS

**Page**

SECTION 1 INTRODUCTION ...................................................................................1
    1.1   General Nature and Purpose of the Plan ...........................................................1
    1.2   Definitions.........................................................................................................1
    1.3   Rules of Interpretation .....................................................................................4

SECTION 2 DEFERRALS AND DEEMED INVESTMENTS.....................................5
    2.1   Eligibility. .........................................................................................................5
    2.2   Election to Voluntarily Defer Compensation ...................................................5
    2.3   Mandatory Deferral of Compensation ..............................................................6
    2.4   Election of Investments.....................................................................................6
    2.5   Intra-Plan Transfers ..........................................................................................6
    2.6   Company Contributions .....................................................................................6

SECTION 3 INFORMATION CONCERNING INVESTMENT ALTERNATIVES....................7
    3.1   Company Common Shares. ................................................................................7
    3.2   Plan Interest Rate ..............................................................................................8
    3.3   Mutual Funds ....................................................................................................8
    3.4   Valuation ...........................................................................................................8

SECTION 4 VESTING...................................................................................................9
    4.1   Vesting of Voluntary Deferred Compensation .................................................9
    4.2   Vesting of Mandatory Deferred Compensation and Company Contributions.................9
    4.3   Termination For Cause ......................................................................................9
    4.4   Terminations Due to Restructuring....................................................................9
    4.5   Change in Control ...........................................................................................10
    4.6   Forfeitures .......................................................................................................10

SECTION 5 DISTRIBUTIONS ...................................................................................10
    5.1   Distributions....................................................................................................10
    5.2   Distribution Dates ...........................................................................................10
    5.3   Distribution Due to a Change In Control ........................................................12
    5.4   Form of Distributions......................................................................................12
    5.5   Distributions to Beneficiaries .........................................................................13
    5.6   Designation of Beneficiary ..............................................................................13
    5.7   Disclaimers by Beneficiaries ..........................................................................14
    5.8   Federal Income Tax ........................................................................................14
    5.9   Tax Withholding .............................................................................................15
    5.10  ERISA Matters................................................................................................15

SECTION 6 SPENDTHRIFT PROVISIONS ..............................................................15

SECTION 7 ADMINISTRATION ...............................................................................16
    7.1   The Committee................................................................................................16
    7.2   Claims Procedure ...........................................................................................16

**TABLE OF CONTENTS**
(continued)

**Page**

7.3   Making a Claim...................................................................................................16
7.4   Requesting Review of a Denied Claim.............................................................16
7.5   In General..........................................................................................................17

SECTION 8 OTHER ADMINISTRATIVE MATTERS...............................................17
8.1   Reporting............................................................................................................17
8.2   Plan Obligor; Status as Unsecured General Creditors.......................................17
8.3   Disclaimer of Employment and Bonus Rights...................................................18
8.4   Administrative Expenses of the Plan.................................................................18
8.5   No Compensation Under the Qualified Plan......................................................18
8.6   Voting Rights......................................................................................................18
8.7   Governing Law....................................................................................................18

SECTION 9 AMENDMENT OR TERMINATION.......................................................18
9.1   Amendments to and Termination of Plan...........................................................18
9.2   Merger.................................................................................................................19
9.3   Applicability to Successors.................................................................................19

## SECTION 1
## INTRODUCTION

**1.1    General Nature and Purpose of the Plan**.   The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") may be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.  The Plan is designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.   The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan Year beginning on January 1, 2007, was further amended and restated effective for the Plan Year beginning on January 1, 2008, and **is hereby further amended and restated effective for the Plan Year beginning on January 1, 2010**.  This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan will be governed by this Plan.

**1.2    Definitions**.

"**Account Balance**" means, for any given date, a Participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

"**Adverse Benefit Determination**" means a claim for benefits by a Participant, beneficiary or personal representative that has been denied in whole or in part.

"**Affiliate**" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"**Cause**" means, as determined by the Committee or its assignee, the occurrence of any one of the following: (a) any act of dishonesty, willful misconduct, negligence, gross negligence, intentional or conscious abandonment or neglect of duty; (b) any failure by the Employee to comply with any written policy, rule or code, including but not limited to an Employer's Code of Conduct or Code of Ethics, as applicable; (c) commission of a criminal activity, fraud or embezzlement; (d) violation of any rule or regulation of any self-regulatory agency with which the Employee is licensed, regardless of whether such agency takes disciplinary action against the Employee; (e) the loss or suspension of any license necessary to perform in the occupation for which Employee was hired, or the commission of any action that would cause Employee to become unbondable; (f) a failure to reasonably cooperate in any investigation or proceeding concerning an Employer or any Employer Affiliate; (g) any

CONFIDENTIAL                                                                    RBC-PAUL000003141

unauthorized disclosure or use of confidential information or trade secrets; (h) any violation of any restrictive covenant, such as a non-compete, non-solicit or non-disclosure agreement, between the Participant and an Employer or any Employer Affiliate; (i) personal or professional conduct of Employee which, in the reasonable and good faith judgment of the Committee or its assignee, injures or tends to injure the reputation of an Employer or otherwise adversely effects the interests of an Employer; (j) failure to perform Employee's duties and obligations to a level required by an Employer; or (k) any other act as determined by the Committee in good faith; provided, however, that in the event an Employee is party to an employment agreement with an Employer that contains a different definition of Cause, the definition of Cause contained in such employment agreement will be controlling.

"**Change in Control**" means the Company's sale of (a) at least 75% of the equity or (b) all or substantially all of the assets of a Participating Subsidiary to a person or entity (or a collection of Persons or entities acting as a group) that is not a Company Affiliate, other Employer or Employer Affiliate.  A Change in Control will be deemed to have occurred only if such transaction meets the requirements of a "change in control" (as described in Treasury Regulation § 1.409A-3(i)(5)) with respect to the Participating Subsidiary.

"**Code**" means the U.S. Internal Revenue Code of 1986, as amended, and includes the regulations and guidance in effect thereunder.

"**Committee**" means the Head of Human Resources, or those executives designated by the Head of Human Resources to administer this Plan.  The members of the Committee, if any, serve at the pleasure of the Head of Human Resources, who has the power to appoint and remove members from time to time.

"**Company**" means Royal Bank of Canada, a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada, and any successor or assign.

"**Company Contribution**" means additional contributions that may be made by the Company in the form of a Matching Contribution or a Discretionary Contribution.

"**Deferred Compensation**" means, with respect to each Participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

"**Disability**" means the Participant's injury or illness that both (a) qualifies him or her for benefits under a long-term disability plan covering eligible employees of the Participant's Employer and (b) causes the Participant to be absent from his or her employment with his or her Employer for a continuous period of not less than 12 months.

"**Discretionary Contribution**" means a Company Contribution described in Section 2.6(b).

"**Election Form**" means the eligible Employee's written election setting forth (a) the percentage of an Employee's Gross Cash Compensation he or she elects to defer, (b) the distribution dates for his or her Deferred Compensation and Company Contributions, and (c) such other information as determined by the Committee.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 176
CONFIDENTIAL

RBC-PAUL000003142

"**Employee**" means an individual classified as a common law employee by, and on the payroll of, an Employer.

"**Employers**" means the Company and Participating Subsidiaries.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended, and includes the regulations and guidance in effect thereunder.

"**FICA**" means the Federal Insurance Contribution Act.

"**Fund Addition Date**" means such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund.

"**Gross Cash Compensation**" has the meaning ascribed to "Recognized Compensation" under the Qualified Plan on the first day of each Plan Year to which an election to defer compensation relates. Gross Cash Compensation is Recognized Compensation that is earned by an Employee for services rendered during a Plan Year, whether or not paid in such Plan Year, and includes any amounts an Employee contributes to the Qualified Plan or an employer-sponsored cafeteria plan from his or her total compensation. If an Employee so elects at the time of entering into a business transition plan with an Employer, payments from a business transition plan are included in Gross Cash Compensation. The preceding sentence is applicable only for business transition plans entered into on or after January 1, 2007.

"**In-Service Payment Date**" means a distribution date, as elected by the Employee on his or her Election Form, that occurs while the Participant is an Employee (or an employee of an Employer Affiliate).

"**Mandatory Deferred Compensation**" means the percentage of an Employee's Gross Compensation that the Committee may, from time to time and in its sole and absolute discretion, designate as a required deferral to the Plan for such Employee.

"**Matching Contribution**" means a Company Contribution described in <u>Section 2.6(a)</u>.

"**Matching Threshold Amount**" means an amount of Deferred Compensation, as determined by the Committee with respect to each Plan Year, that is credited to a Participant's account during such Plan Year that may be eligible for a Matching Contribution in accordance with standards and guidelines determined annually by the Committee.

"**Mutual Funds**" means any of the mutual funds that have been selected by the Committee, as supplemented, replaced or eliminated from time-to-time at the discretion of the Committee.

"**Mutual Fund Price**" means, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" means the New York Stock Exchange.

-3-

CONFIDENTIAL

RBC-PAUL000003143

"**Participant**" means an individual who has an Account Balance.

"**Participating Subsidiary**" means a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan.  No corporation may become a Participating Subsidiary without prior consent of the Committee.  Such participation is subject to such limitations as the Committee may impose and will cease upon a Change in Control of such Participating Subsidiary.

"**Person**" means any individual, sole proprietorship, corporation, partnership, joint venture, limited liability company, association, joint-stock company, trust, unincorporated organization, institution, public benefit corporation, entity or government instrumentality, division, agency, body or department.

"**Plan**" means the Royal Bank of Canada US Wealth Accumulation Plan, as set forth in this document and as amended from time to time.

"**Plan Interest Rate**" means an interest rate determined from time to time by the Committee.

"**Plan Obligor**" means the party that is responsible for satisfaction of amounts payable to Participants.

"**Plan Year**" means, with respect to a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Qualified Plan**" means the RBC-U.S.A. Retirement and Savings Plan, as amended from time to time.

"**Retirement**" means the Separation of a Participant whose age and years of employment (as determined using the service rules set forth in the Qualified Plan) with the Employers when combined equals 60.

"**Separation**" means the separation of employment from the Employers or any Employer Affiliate, as the case may be, of a Participant, other than due to such Participant's death, Disability or termination for Cause pursuant to the terms set forth herein.  Transfers of employment among the Employers and their Affiliates will not be a "Separation" for purposes of this Plan, and any Separation must constitute a "separation from service" under Code Section 409A.

"**Valuation Date**" means the business day that falls on or immediately after July 1 of each year that a distribution is due a Participant.

"**Voluntary Deferred Compensation**" means the portion or percentage of an Employee's Gross Compensation that the Employee elects to defer to the Plan in accordance with Section 2.2.

**1.3**   **Rules of Interpretation**.  Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the

-4-

masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary. The titles given to the various sections of this Plan are inserted for convenience of reference only and are not part of this Plan and they will not be considered in determining the purpose, meaning or intent of any provision hereof. Any reference in this Plan to a statute or regulation will be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

2.1     **Eligibility**.

(a)     Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of an Employer whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become Participants by the Committee.

(b)     No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of services rendered to the Employers by an Employee:

(i)     who is a non-resident of Canada for purposes of the Income Tax Act (Canada) throughout the period during which the services were rendered; or

(ii)     other than services that were primarily (A) rendered in Canada; (B) rendered in connection with a business carried on by an Employer in Canada; or (C) a combination of services described in (A) and (B).

(c)     Notwithstanding anything in the Plan to the contrary, individuals who are employees of a "nonqualified entity," as that term is described under Code Section 457A, are not eligible to participate in the Plan. No deferrals, Company Contributions or other benefits are available under the Plan with respect to compensation for services rendered by such an employee.

2.2     **Election to Voluntarily Defer Compensation**.  Eligible Employees may enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year. The Committee has the discretion to limit the amount of Voluntary Deferred Compensation or the amount of Gross Compensation that may be taken into account for making Voluntary Deferred Compensation contributions. Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, a new Employee who is eligible to participate in the Plan has 30 days from such Employee's hiring date to submit an Election Form for such Plan Year. **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee**. An election by an Employee who is first eligible to participate in the Plan during a given year becomes effective beginning the first day of the month following the date such Election Form is submitted and accepted by the Committee.

-5-

CONFIDENTIAL                                                  RBC-PAUL000003145

The Committee will from time to time establish the maximum percentage of a Participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

**2.3    Mandatory Deferral of Compensation**.  On each payroll date, the Employers will reduce each eligible Employee's Gross Compensation by any Mandatory Deferred Compensation and contribute it to the Plan on such Employee's behalf.

**2.4    Election of Investments**.  On each Plan Year's Election Form, a Participant (or Employee for the first Election Form) may choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.  The available hypothetical investments are described in <u>SECTION 3</u>.  If a Participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation will be deemed to be invested at the Plan Interest Rate.

Accounts for Participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Participants or their estates.  Such accounts will be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the Plan Year.  Amounts deemed credited to a Participant's account in cash will not be credited with interest, and will not be deemed to be invested in any interest-bearing item.

**2.5    Intra-Plan Transfers**.  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a Participant may elect to have all or a portion of his or her Account Balance transferred to any other type of hypothetical investment. Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee determines.  Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Committee.

**2.6    Company Contributions**.  The Committee will establish whether and the extent to which a Participant is eligible for one or more of the following types of Company Contributions:

(a)    *Matching Contributions*.  The Company may make Matching Contributions equal to a percentage of a Participant's Voluntary Deferred Compensation up to the Matching Threshold Amount, subject to the following:

(i)    The Matching Threshold Amount and related Matching Contributions may vary with certain performance-based measures established by the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each Participant.

(ii)    If a Participant is entitled to a Matching Contribution, after the end of the Plan Year (or at such other time as the Committee, in its sole discretion,

-6-

CONFIDENTIAL                                                    RBC-PAUL000003146

determines) his or her account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing the amount of such Matching Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting.

(iii)   The Participant may diversify his or her Matching Contributions and related investment returns from a deemed investment in Company common shares at the Participant's Separation, provided that the applicable Employer classifies such Separation as "retirement" on the applicable separation from service forms.  For this purpose, classification as "retirement" is not necessarily a "Retirement," as used in this Plan.

(b)   *Discretionary Contributions*.   The Company may make Discretionary Contributions in such other amount as determined by the Committee in its sole discretion. The Discretionary Contribution amount may vary from Participant to Participant and may be made based on any criteria, including recommendations from a Participating Subsidiary, as determined by the Committee.  If a Participant is entitled to a Discretionary Contribution, his or her account will be deemed to have been allocated the amount of such Discretionary Contribution on the date determined by the Committee.   Such Discretionary Contribution will be invested as determined by the Committee in its discretion, but may be based on any election by such eligible Participant, and may be changed by the Participant at any time.

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

**3.1**   **Company Common Shares**.

(a)   *Company Common Shares*.   For any Plan Year, in connection with a Participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such Participant's account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing such portion of the Participant's Deferred Compensation and Company Contributions allocated to the investment in Company common shares by the closing price per Company common share on the NYSE as reported on the day of crediting.

(b)   *Dividends on Company Common Shares*.  At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a Participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such Participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Committee.

-7-

(c)     *Additional Purchases of Company Common Shares*.  All amounts credited to a Participant's account as a result of cash dividends will be used on a daily basis (or on such other date as determined by the Committee in its sole discretion) to purchase hypothetical Company common shares.  The number of additional Company common shares credited to each Participant's account after the end of each day due to the hypothetical purchases described in this paragraph will be equal to the number of Company common shares, including fractional shares, derived by dividing the total amount of cash credited to the Participant's account as described in this <u>Section 3.1</u> by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such Participant's account under this <u>Section 3.1</u>.

**3.2     Plan Interest Rate**.  Participants may elect to have all or a portion of their Deferred Compensation invested at the Plan Interest Rate.

**3.3     Mutual Funds**.

(a)     *Mutual Funds*.  A Participant may elect to have all or a portion of their Deferred Compensation, Discretionary Contributions, and Matching Contributions after a Separation classified by an Employer as a "retirement" deemed invested in one or more Mutual Funds.  A Participant's account will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Account Balance allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(b)     *Interest or Dividends on Mutual Funds*.  On each Fund Addition Date, a determination will be made as to the number of units (including fractional units) of the Mutual Fund that will be credited to a Participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a Participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such Participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4     Valuation**.  Except for changes resulting from intra-Plan transfers described in <u>Section 2.5</u>, the notional value of a Participant's accounts will be updated daily to reflect any increases or decreases in the value of the Participant's hypothetical investment.

The account of a Participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.  The amount of the quarterly fee will be determined by multiplying the value of the Participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Committee, which for 2009 is 0.000625.  The Committee will from time to time review this calculation and may change the decimal factor used in this calculation.

-8-

CONFIDENTIAL                                                          RBC-PAUL000003148

## SECTION 4
## VESTING

**4.1     Vesting of Voluntary Deferred Compensation**.    All Voluntary Deferred Compensation recorded in a Participant's account will be fully vested at all times.

**4.2     Vesting of Mandatory Deferred Compensation and Company Contributions**. Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related investment returns, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates.    Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

> (a)     the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or

> (b)     the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has (i) entered into a business transition agreement with the Private Client Group or (ii) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Committee.  The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time.

**4.3     Termination For Cause**.    Notwithstanding anything to the contrary in this SECTION 4, if a Participant is involuntarily terminated for Cause from an Employer or an Employer Affiliate at any time prior to the distribution of his or her Account Balance, upon such Participant's Separation, all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.  The Committee has full discretionary authority to determine whether a Participant was terminated for Cause, and, if (a) a Participant has a voluntary Separation, and (b) the Committee thereafter determines that the Participant could have been involuntary terminated by an Employer or Employer Affiliate for Cause, then the Participant will be treated as though he or she was involuntarily terminated for Cause for all purposes of this Plan.

**4.4     Terminations Due to Restructuring**.    In the event a Participant ceases to be employed by the Employers and their Affiliates due to an organizational restructuring (as determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such Participant's account will become vested, but all unvested Company Contributions will be forfeited.

-9-

CONFIDENTIAL                                                                            RBC-PAUL000003149

**4.5    Change in Control**.  In the event of a Change in Control of a Participating Subsidiary, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (as determined by the Committee), is no longer employed by an Employer immediately after the Change in Control will become vested in his or her Mandatory Deferred Compensation and Company Contributions as follows:

(a)    *Minimum Vesting*.  The unvested portion of each affected Participant's Mandatory Deferred Compensation and Company Contributions will be vested pro rata, based on the period of time that has elapsed from the effective date of the contribution to the date of the Change in Control relative to the total vesting period related to such contribution.    Before a Change in Control event, the Committee will establish a reasonable method for calculating the pro rata portion of each affected Participant's Account Balance.

(b)    *Discretionary Vesting*.  The Board has the discretionary authority to vest any amount held in an affected Participant's account that remains unvested after the application of paragraph (a) above.  In making its determination, the Board may consider the terms of the transaction governing the Change in Control, the financial impact on the Employers, and any other factors it deems relevant to its determination.

**4.6    Forfeitures**.  Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation and related deemed investment returns that are not vested on the Participant's Separation date will be deemed forfeited, and such Participant's account will be appropriately reduced.

## SECTION 5
## DISTRIBUTIONS

**5.1    Distributions**.  Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a Participant will also make an election with respect to the timing of the payment of the amounts credited to such Participant's account for such Plan Year.

**5.2    Distribution Dates**.

(a)    *Distribution Pursuant to the In-Service Payment Date*.  If the Participant selected an In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, distributions will be made in a single payment in the specified year promptly after, but in no event after the 90th day following, July 1 of such year.  With the consent of the Committee, a Participant may change the In-Service Payment Date pursuant to the procedures established by the Committee and the restrictions under Code Section 409A, which generally require making a written request more than 12 months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

-10-

CONFIDENTIAL                                                                    RBC-PAUL000003150

(b)     *Distribution on Separation or Retirement.*

(i)     If (A) the Participant elected payment on Separation on his or her Election Form or (B) if such Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, the Participant's Account Balance will be distributed due to Separation, less any amount owed by the Participant to an Employer at the time of Separation pursuant to a promissory note or otherwise incurred in the normal course of business; <u>provided</u>, however, that any offset is limited to $5,000 and will occur at the same time and in the same amount as the debt otherwise would have been paid by the Participant.

(ii)     If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election Form.  Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

(iii)     Any single lump sum payment and the first installment of any series of installment payments will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year that begins following the year of Separation, and each annual installment will occur promptly after, but in no event after the 90th day following, the July 1 of each year thereafter.  Subject to reduction as set forth in clause (i) above, each installment will be equal to a fraction of all vested amounts deemed allocated to the Participant's account, the numerator of such fraction being one and the denominator being the number of installments remaining to be paid.  For example, if the Participant has elected five annual installments, the first installment will be equal to one-fifth of the Participant's total vested Account Balance on the date such Account Balance is valued for purposes of the first payment date and the second installment will be equal to one-fourth of the Participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)     If the Participant did not indicate a distribution date on his or her Election Form, or if the Election Form was not timely filed, then distribution of the Account Balance will be made promptly after, but in no event after the 90th day following, the July 1 immediately after the date of vesting.

(v)     Distributions pursuant to this section will be made pro-rata from all of a Participant's hypothetical investments.

(vi)     For purposes of Code Section 409A, each installment payment will be treated as a separate single payment.

(c)     *Distributions Following Death or Disability.*  Distributions following death will follow the procedures set forth in <u>Section 5.5</u>.  Distributions following Disability will be made in a single payment to the Participant promptly after, but in no

-11-

CONFIDENTIAL                                                                         RBC-PAUL000003151

event after the 90th day following, the date the Participant satisfies the definition of Disability.

(d) *Other.*

(i) The Committee reserves the right to distribute accounts and terminate participation of Participants who transfer employment outside of the United States; provided, however, that no acceleration of distribution will be made in contravention of Code Section 409A.

(ii) Notwithstanding anything to the contrary in this Section 5.2, but subject to Section 5.3, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a Participant was deemed a "special participant" under a prior version of this Plan will be distributed in full promptly after, but in no event after the 90th day following, the July 1 of the sixth Plan Year following the Plan Year for which the contribution is made. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

5.3 **Distribution Due to a Change In Control**. If, as a result of a Change in Control, a Participant's employer that is a Participating Subsidiary ceases to be a Participating Subsidiary under the Plan, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (at the determination of the Committee), is no longer employed by a Participating Subsidiary immediately after the Change in Control will receive his or her vested Account Balance on the date on or promptly after, but in no event after the 90th day following, the date the Change in Control is consummated.

5.4 **Form of Distributions**.

(a) *Distributions of Company Common Shares.*

(i) All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes. Any Company common shares distributed under the Plan will be Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii) The value of each Company common share credited to a Participant's account will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date; and

(iii) All distributions will be in the form of whole Company common shares. Fractional shares, if any, will be distributed in cash.

-12-

CONFIDENTIAL                                                    RBC-PAUL000003152

(b)     *Distributions of Investments in Mutual Funds*.  A Participant's hypothetical investment in mutual funds will be distributed in cash, less the amount of cash necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a Participant's hypothetical investment in Mutual Funds will be determined by multiplying the total number of units of the Mutual Fund credited to the Participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)     *Distributions of Investment in the Plan Interest Rate*.  A Participant's hypothetical investment in the Plan Interest Rate will be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.4(b) or (c), as applicable, the Committee, in its sole and absolute discretion, may cause distributions with respect to a Participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

**5.5     Distributions to Beneficiaries**.   Distribution of the Account Balance of a Participant who dies before any payment to such Participant is made will be made to such Participant's beneficiary or the Participant's estate in a single lump sum as of the date of the Participant's death. If the Participant dies after payments have commenced but before distribution is completed, the Participant's remaining Account Balance will be distributed to the Participant's beneficiary in lump sum after the Participant's death.  For purposes of complying with Code Section 409A, such distribution will occur by the end of the calendar year in which the death occurs or by the fifteenth day of the third month following the date of death, if later. Notwithstanding the foregoing sentence, if the Committee is not timely notified of the death of the Participant and therefore cannot reasonably begin or make payments by the distribution deadline required by Code Section 409A, a lump sum distribution will be made to the beneficiary as soon as possible following the Committee's receipt of the death notification, subject to any tax, interest, and penalties imposed by Section 409A.

**5.6     Designation of Beneficiary**. Each Participant has the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid vested balance of the Participant's account in the event of such Participant's death, and may change or revoke any prior beneficiary designation by a similar instrument in writing.  Any beneficiary designation must be received by the Committee before the Participant's death.  Any beneficiary designation of a Participant's spouse will be made void in the event of a divorce, unless either a binding court order provides otherwise or the Participant redesignates his or her former spouse as the beneficiary.  If a Participant fails to designate a beneficiary or, having revoked a prior beneficiary designation, fails to designate a new beneficiary, or in the event the Participant's beneficiary designation fails, in whole or in part, by reason of the prior death of a designated beneficiary, divorce or for any other cause, then the undistributed vested balance of the

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 187
CONFIDENTIAL

RBC-PAUL000003153

Participant's account, or the portion thereof as to which such designation fails, as the case may be, will be paid to the Participant's estate.

**5.7     Disclaimers by Beneficiaries**.  A beneficiary entitled to a distribution of all or a portion of a deceased Participant's accounts may disclaim his or her interest therein subject to the following requirements.  To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least 21 years of age as of the date of the Participant's death.  Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.  A disclaimer will state that the beneficiary's entire interest in the undistributed accounts is disclaimed or will specify what portion thereof is disclaimed.  To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the Participant's death but not later than 180 days after the date of the Participant's death.  A disclaimer will be irrevocable when delivered to the Committee.  A disclaimer will be considered to be delivered to the Committee only when actually received by the Committee.  The Committee will be the sole judge of the content, interpretation and validity of a purported disclaimer.  Upon the filing of a valid disclaimer, the beneficiary will be considered not to have survived the Participant as to the interest disclaimed and any distribution made to the beneficiary will be reversed.  A disclaimer by a beneficiary will not be considered to be a transfer of an interest in violation of the provisions of SECTION 6 and will not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.  The Committee will not  recognize any other form of attempted disclaimer.

**5.8     Federal Income Tax**.

(a)     *Tax Consequences of Participating in the Plan*.  The Plan provides that the election to defer any portion of a Participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for an Employer to which the compensation relates.  Accordingly, the Company believes that Participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that, such amounts may still be subject to FICA taxes when deferred to the Plan.  Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan until, and for its taxable year in which, a Participant recognizes ordinary income hereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.  As described above and in Section 5.9 below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Code Section 3402 and certain other Code sections.

(b)     *Compliance with Code Section 409A*.  Except as specifically provided in Section 5.5, it is intended that any income or payments to a Participant provided pursuant to this Plan will not be subject to the additional tax and interest under Code Section 409A. The provisions of the Plan will be interpreted and construed in favor of complying

-14-

CONFIDENTIAL                                                                                        RBC-PAUL000003154

with any applicable requirements of Code Section 409A necessary to avoid the imposition of additional tax, interest or penalties under Code Section 409A.

     (c)    *Participants Should Consult Their Tax Advisors.*  Due to the complexity of the applicable provisions of the Code, this summary of certain federal income tax consequences sets forth only the general tax principles affecting the Plan.  These general tax principles are subject to changes that may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis.  Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service regarding the federal income tax consequences associated with participation in the Plan.  Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan, and Participants should refer to the applicable laws in those jurisdictions.  **Accordingly, each Plan Participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such Participant pursuant to the Plan.**

    **5.9**    **Tax Withholding**.  All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA (to the extent not already withheld at the time of deferral), payroll and other taxes required to be withheld.  In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its Affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (a) a Participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a Participant, whether or not pursuant to the Plan, or (b) the Committee will be entitled to require that the Participant remit cash to the Company, his or her employer or any of its Affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.  Further, as permitted under Treasury Regulation § 1.409A-3(j)(4)(vi), the distribution of an Participant's account may be accelerated to satisfy employment taxes and wage withholding at the source.

    **5.10**    **ERISA Matters**.  Although the Plan is not intended to be a tax-qualified plan under Code Section 401, the Plan might be determined to be an "employee pension benefit plan" as defined by ERISA.  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, exempt from many ERISA requirements.  A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

<div align="center">

**SECTION 6**
**SPENDTHRIFT PROVISIONS**

</div>

    Neither any Participant nor the personal representative of any Participant has any transferable interest in the Participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in <u>SECTION 4</u> and <u>SECTION 5</u>, nor will the same be subject to attachment,

<div align="center">-15-</div>

garnishment, execution following judgment or other legal process instituted by creditors of the Participant or the personal representative of the Participant.

## SECTION 7
## ADMINISTRATION

7.1 **The Committee**.  The Plan will be administered by the Committee.  The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest and determination of a termination of employment due to Cause under <u>Section 4.3</u>; <u>provided</u> that the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to an Employer, including, without limitation, decisions regarding Company Contributions, eligibility to participate in the Plan, and discretionary vesting in the event of a Change in Control (as described in <u>Section 4.5(b)</u>).

7.2 **Claims Procedure**.  If any Participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this <u>SECTION 7</u>.

7.3 **Making a Claim**.  The claim must be written and must be delivered to the Committee within 90 days the Participant or beneficiary knows or should have known of his or her claim for benefits.  Within 90 days after the claim is delivered, the claimant will receive either: (a) a decision or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

In the event of an Adverse Benefit Determination, the claimant will receive a written or electronic notice specifying: (a) the reasons for the determination; (b) the Plan provisions on which the Adverse Benefit Determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal.  Notice of the claimant's right to request a review (as described in <u>Section 7.4</u>) will also be given to the claimant.

7.4 **Requesting Review of a Denied Claim**.  A claimant may request that a denied claim be reviewed.  The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination.  A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review, even if such information was not provided in the initial request for benefits.  The claimant may examine pertinent Plan documents, including the records and other documentation, by asking the Committee for such documents.  Within 60 days after delivery of a request for review, the claimant will receive either: (a) a decision; or (b) a

-16-

CONFIDENTIAL

RBC-PAUL000003156

notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The Committee may require the claimant to submit such additional facts, documents or other material as it deems necessary or advisable in making its review. The Committee will notify the claimant in writing or electronically of its decision. If the Adverse Benefit Determination is confirmed in whole or in part, the communication will set forth: (a) the specific reasons for the decision; (b) the specific references to the Plan provisions on which the decision is based; (c) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to the claim; and (d) a statement regarding the claimant's right to bring an action under ERISA Section 502(a).

**7.5    In General.** All decisions on claims and on reviews of denied claims will be made by the Committee. The Committee also reserves the right to delegate its authority to make decisions. The Committee may, in its discretion, hold one or more hearings. If a claimant does not receive a decision within the specified time, the claimant should assume the claim or appeal was denied on the date the specified time expired. The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

No action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this SECTION 7. Any action brought after exhaustion of such remedies must be brought within ninety (90) days after the Participant or beneficiary has received final notice of an Adverse Benefit Determination under Section 7.4.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1    Reporting.** As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each Participant a report showing (a) the amounts credited to the Participant's account since the last report from the Company, and (b) the amounts of any distributions made since the last report. At its discretion, the Company may prepare and make available more frequent reports to Participants.

**8.2    Plan Obligor; Status as Unsecured General Creditors.**

(a)    The Company will be the Plan Obligor with respect to distributions from all accounts; provided, however, that the Participant's Participating Subsidiary will be the Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in Section 8.2(b) below.

(b)    The Company will be the Plan Obligor with respect to all accounts of Participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

-17-

CONFIDENTIAL                                                                                RBC-PAUL000003157

(c)    All Participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, Participants and their estates will not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, of the Employers.  The Plan does not require that any hypothetical investments under this Plan be funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets will be subject to the claims of its general creditors, and neither any Participant nor any beneficiary of any Participant will have a legal, beneficial or security interest therein.

**8.3    Disclaimer of Employment and Bonus Rights**.  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Employers or to obtain any compensation.  Upon dismissal or severance of employment, no Participant will have any right or interest under the Plan, other than as specifically provided herein.

**8.4    Administrative Expenses of the Plan**.  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among Participants' accounts).

**8.5    No Compensation Under the Qualified Plan**.   Unless the Qualified Plan specifically provides otherwise, no amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a Participant will constitute "Recognized Compensation" for purposes of the Qualified Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its Affiliates.

**8.6    Voting Rights**.  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.7    Governing Law**.  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that state to the extent not preempted by federal law and will be construed and enforced in accordance with the laws of the State of Minnesota.

## SECTION 9
## AMENDMENT OR TERMINATION

**9.1    Amendments to and Termination of Plan**.  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (a) to ensure that neither the Plan Obligors nor the Participants are subject to adverse Canadian or United States tax consequences and (b) to modify the form of distribution of Participants' accounts; underlined; however, that no such amendment or termination will have the effect of

-18-

CONFIDENTIAL                                                              RBC-PAUL000003158

(i) reducing the vested portion of amounts already credited to a Participant's account; (ii) extending the time of distribution of such Participant's accounts, without the consent of such Participant and only in a manner permitted by Code Section 409A; or (iii) causing a violation of Code Section 409A.  In the event of a termination of the Plan, all accounts will be deemed vested and amounts credited thereto will be distributed to Participants in accordance with the distribution guidelines under Code Section 409A.

      **9.2**    **Merger**.  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee will specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

      **9.3**    **Applicability to Successors**.  This Plan will be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan will remain in full force and effect as any obligation of the Company or its successors in interest.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 193
CONFIDENTIAL

RBC-PAUL000003159

# EXHIBIT 10

# Amended and Restated

### Royal Bank of Canada

### US Wealth Accumulation Plan

### And Prospectus

---

## The date of this document is NOVEMBER 1, 2010

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

RBC Financial Group

## TABLE OF CONTENTS

**Page**

SECTION 1 INTRODUCTION ...........................................................................1
   1.1  General Nature and Purpose of the Plan ............................................1
   1.2  Definitions............................................................................................1
   1.3  Rules of Interpretation ........................................................................5

SECTION 2 DEFERRALS AND DEEMED INVESTMENTS..........................5
   2.1  Eligibility. ...........................................................................................5
   2.2  Election to Voluntarily Defer Compensation .....................................5
   2.3  Mandatory Deferral of Compensation ................................................6
   2.4  Election of Investments.......................................................................6
   2.5  Intra-Plan Transfers ............................................................................6
   2.6  Company Contributions .......................................................................6

SECTION 3 INFORMATION CONCERNING INVESTMENT ALTERNATIVES...................7
   3.1  Company Common Shares. ..................................................................7
   3.2  Plan Interest Rate ................................................................................8
   3.3  Mutual Funds ......................................................................................8
   3.4  Valuation .............................................................................................8

SECTION 4 VESTING.......................................................................................9
   4.1  Vesting of Voluntary Deferred Compensation ...................................9
   4.2  Vesting of Mandatory Deferred Compensation and Company Contributions..................9
   4.3  Termination For Cause ........................................................................9
   4.4  Terminations Due to Restructuring......................................................9
   4.5  Change in Control ..............................................................................10
   4.6  Forfeitures .........................................................................................10

SECTION 5 DISTRIBUTIONS ........................................................................10
   5.1  Distributions......................................................................................10
   5.2  Distribution Dates .............................................................................10
   5.3  Distribution Due to a Change In Control ..........................................12
   5.4  Form of Distributions........................................................................12
   5.5  Distributions to Beneficiaries ...........................................................13
   5.6  Designation of Beneficiary ...............................................................13
   5.7  Disclaimers by Beneficiaries ............................................................14
   5.8  Federal Income Tax ..........................................................................14
   5.9  Tax Withholding ...............................................................................15
   5.10 ERISA Matters..................................................................................15

SECTION 6 SPENDTHRIFT PROVISIONS ....................................................15

SECTION 7 ADMINISTRATION .....................................................................16
   7.1  The Committee...................................................................................16
   7.2  Claims Procedure ..............................................................................16

-i-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 196
CONFIDENTIAL                                   RBC-PAUL000000103

**TABLE OF CONTENTS**
(continued)

| | | |
|---|---|---|
| 7.3 | Making a Claim | 16 |
| 7.4 | Requesting Review of a Denied Claim | 16 |
| 7.5 | In General | 17 |
| | | |
| SECTION 8 OTHER ADMINISTRATIVE MATTERS | | 17 |
| 8.1 | Reporting | 17 |
| 8.2 | Plan Obligor; Status as Unsecured General Creditors | 17 |
| 8.3 | Disclaimer of Employment and Bonus Rights | 18 |
| 8.4 | Administrative Expenses of the Plan | 18 |
| 8.5 | No Compensation Under the Qualified Plan | 18 |
| 8.6 | Voting Rights | 18 |
| 8.7 | Governing Law | 18 |
| | | |
| SECTION 9 AMENDMENT OR TERMINATION | | 18 |
| 9.1 | Amendments to and Termination of Plan | 18 |
| 9.2 | Merger | 19 |
| 9.3 | Applicability to Successors | 19 |

CONFIDENTIAL                                                                 RBC-PAUL000000104

## SECTION 1
## INTRODUCTION

**1.1     General Nature and Purpose of the Plan**.   The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") may be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.  The Plan is designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.   The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan Year beginning on January 1, 2007, was further amended and restated effective for the Plan Year beginning on January 1, 2008, was further amended and restated effective for the Plan Year beginning on January 1, 2010 and **is hereby further amended and restated effective for the Plan Year beginning on January 1, 2011**.   This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan will be governed by this Plan.

**1.2     Definitions**.

"**Account Balance**" means, for any given date, a Participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

"**Adverse Benefit Determination**" means a claim for benefits by a Participant, beneficiary or personal representative that has been denied in whole or in part.

"**Affiliate**" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"**Cause**" means, as determined by the Committee or its assignee, the occurrence of any one of the following: (a) any act of dishonesty, willful misconduct, negligence, gross negligence, intentional or conscious abandonment or neglect of duty; (b) any failure by the Employee to comply with any written policy, rule or code, including but not limited to an Employer's Code of Conduct or Code of Ethics, as applicable; (c) commission of a criminal activity, fraud or embezzlement; (d) violation of any rule or regulation of any self-regulatory agency with which the Employee is licensed, regardless of whether such agency takes disciplinary action against the Employee; (e) the loss or suspension of any license necessary to perform in the occupation for which Employee was hired, or the commission of any action that would cause Employee to become unbondable; (f) a failure to reasonably cooperate in any

CONFIDENTIAL                                                                  RBC-PAUL000000105

investigation or proceeding concerning an Employer or any Employer Affiliate; (g) any unauthorized disclosure or use of confidential information or trade secrets; (h) any violation of any restrictive covenant, such as a non-compete, non-solicit or non-disclosure agreement, between the Participant and an Employer or any Employer Affiliate; (i) personal or professional conduct of Employee which, in the reasonable and good faith judgment of the Committee or its assignee, injures or tends to injure the reputation of an Employer or otherwise adversely effects the interests of an Employer; (j) failure to perform Employee's duties and obligations to a level required by an Employer; or (k) any other act as determined by the Committee in good faith; provided, however, that in the event an Employee is party to an employment agreement with an Employer that contains a different definition of Cause, the definition of Cause contained in such employment agreement will be controlling.

"**Change in Control**" means the Company's sale of (a) at least 75% of the equity or (b) all or substantially all of the assets of a Participating Subsidiary to a person or entity (or a collection of Persons or entities acting as a group) that is not a Company Affiliate, other Employer or Employer Affiliate.  A Change in Control will be deemed to have occurred only if such transaction meets the requirements of a "change in control" (as described in Treasury Regulation § 1.409A-3(i)(5)) with respect to the Participating Subsidiary.

"**Code**" means the U.S. Internal Revenue Code of 1986, as amended, and includes the regulations and guidance in effect thereunder.

"**Committee**" means the Head of Human Resources, or those executives designated by the Head of Human Resources to administer this Plan.  The members of the Committee, if any, serve at the pleasure of the Head of Human Resources, who has the power to appoint and remove members from time to time.

"**Company**" means Royal Bank of Canada, a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada, and any successor or assign.

"**Company Contribution**" means additional contributions that may be made by the Company in the form of a Matching Contribution or a Discretionary Contribution.

"**Deferred Compensation**" means, with respect to each Participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

"**Disability**" means the Participant's injury or illness that both (a) qualifies him or her for benefits under a long-term disability plan covering eligible employees of the Participant's Employer and (b) causes the Participant to be absent from his or her employment with his or her Employer for a continuous period of not less than 12 months.

"**Discretionary Contribution**" means a Company Contribution described in Section 2.6(b).

"**Election Form**" means the eligible Employee's written election setting forth (a) the percentage of an Employee's Gross Cash Compensation he or she elects to defer, (b) the

-2-

CONFIDENTIAL                                                  RBC-PAUL000000106

distribution dates for his or her Deferred Compensation and Company Contributions, and (c) such other information as determined by the Committee.

"**Employee**" means an individual classified as a common law employee by, and on the payroll of, an Employer.

"**Employers**" means the Company and Participating Subsidiaries.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended, and includes the regulations and guidance in effect thereunder.

"**FICA**" means the Federal Insurance Contribution Act.

"**Fund Addition Date**" means such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund.

"**Gross Cash Compensation**" has the meaning ascribed to "Recognized Compensation" under the Qualified Plan on the first day of each Plan Year to which an election to defer compensation relates. Gross Cash Compensation is Recognized Compensation that is earned by an Employee for services rendered during a Plan Year, whether or not paid in such Plan Year, and includes any amounts an Employee contributes to the Qualified Plan or an employer-sponsored cafeteria plan from his or her total compensation. If an Employee so elects at the time of entering into a business transition plan with an Employer, payments from a business transition plan are included in Gross Cash Compensation. The preceding sentence is applicable only for business transition plans entered into on or after January 1, 2007.

"**In-Service Payment Date**" means a distribution date, as elected by the Employee on his or her Election Form, that occurs while the Participant is an Employee (or an employee of an Employer Affiliate).

"**Mandatory Deferred Compensation**" means the percentage of an Employee's Gross Compensation that the Committee may, from time to time and in its sole and absolute discretion, designate as a required deferral to the Plan for such Employee.

"**Matching Contribution**" means a Company Contribution described in <u>Section 2.6(a)</u>.

"**Matching Threshold Amount**" means an amount of Deferred Compensation, as determined by the Committee with respect to each Plan Year, that is credited to a Participant's account during such Plan Year that may be eligible for a Matching Contribution in accordance with standards and guidelines determined annually by the Committee.

"**Mutual Funds**" means any of the mutual funds that have been selected by the Committee, as supplemented, replaced or eliminated from time-to-time at the discretion of the Committee.

"**Mutual Fund Price**" means, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

-3-

CONFIDENTIAL                                                        RBC-PAUL000000107

"**NYSE**" means the New York Stock Exchange.

"**Participant**" means an individual who has an Account Balance.

"**Participating Subsidiary**" means a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan.  No corporation may become a Participating Subsidiary without prior consent of the Committee.  Such participation is subject to such limitations as the Committee may impose and will cease upon a Change in Control of such Participating Subsidiary.

"**Person**" means any individual, sole proprietorship, corporation, partnership, joint venture, limited liability company, association, joint-stock company, trust, unincorporated organization, institution, public benefit corporation, entity or government instrumentality, division, agency, body or department.

"**Plan**" means the Royal Bank of Canada US Wealth Accumulation Plan, as set forth in this document and as amended from time to time.

"**Plan Interest Rate**" means an interest rate determined from time to time by the Committee.

"**Plan Obligor**" means the party that is responsible for satisfaction of amounts payable to Participants.

"**Plan Year**" means, with respect to a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Qualified Plan**" means the RBC-U.S.A. Retirement and Savings Plan, as amended from time to time.

"**Retirement**" means the Separation of a Participant whose age and years of employment (as determined using the service rules set forth in the Qualified Plan) with the Employers when combined equals 60.

"**Separation**" means the separation of employment from the Employers or any Employer Affiliate, as the case may be, of a Participant, other than due to such Participant's death, Disability or termination for Cause pursuant to the terms set forth herein.  Transfers of employment among the Employers and their Affiliates will not be a "Separation" for purposes of this Plan, and any Separation must constitute a "separation from service" under Code Section 409A.

"**Valuation Date**" means the business day that falls on or immediately after July 1 of each year that a distribution is due a Participant.

"**Voluntary Deferred Compensation**" means the portion or percentage of an Employee's Gross Compensation that the Employee elects to defer to the Plan in accordance with <u>Section 2.2</u>.

-4-

CONFIDENTIAL                                    RBC-PAUL000000108

**1.3     Rules of Interpretation**.  Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary.  The titles given to the various sections of this Plan are inserted for convenience of reference only and are not part of this Plan and they will not be considered in determining the purpose, meaning or intent of any provision hereof.  Any reference in this Plan to a statute or regulation will be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

<div align="center">

**SECTION 2**
**DEFERRALS AND DEEMED INVESTMENTS**

</div>

**2.1     Eligibility**.

(a)     Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of an Employer whose compensation or production otherwise exceeds a level deemed appropriate by the Committee and who are invited to become Participants by the Committee.

(b)     No deferrals, Company Contributions or other benefits are available under the Plan, other than deferrals, Company Contributions or other benefits in respect of services rendered to the Employers by an Employee:

(i)     who is a non-resident of Canada for purposes of the Income Tax Act (Canada) throughout the period during which the services were rendered; or

(ii)     other than services that were primarily (A) rendered in Canada; (B) rendered in connection with a business carried on by an Employer in Canada; or (C) a combination of services described in (A) and (B).

(c)     Notwithstanding anything in the Plan to the contrary, individuals who are employees of a "nonqualified entity," as that term is described under Code Section 457A, are not eligible to participate in the Plan.  No deferrals, Company Contributions or other benefits are available under the Plan with respect to compensation for services rendered by such an employee.

**2.2     Election to Voluntarily Defer Compensation**.  Eligible Employees may enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year.  The Committee has the discretion to limit the amount of Voluntary Deferred Compensation or the amount of Gross Compensation that may be taken into account for making Voluntary Deferred Compensation contributions.  Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, a new Employee who is eligible to participate in the Plan has 30 days from such Employee's hiring date to submit an Election Form for such Plan Year.  **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee.**  An election by an Employee who is first eligible to participate in the Plan during a

<div align="center">-5-</div>

given year becomes effective beginning the first day of the month following the date such Election Form is submitted and accepted by the Committee.

The Committee will from time to time establish the maximum percentage of a Participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

**2.3     Mandatory Deferral of Compensation**.  On each payroll date, the Employers will reduce each eligible Employee's Gross Compensation by any Mandatory Deferred Compensation and contribute it to the Plan on such Employee's behalf.

**2.4     Election of Investments**.  On each Plan Year's Election Form, a Participant (or Employee for the first Election Form) may choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee.  The available hypothetical investments are described in <u>SECTION 3</u>.  If a Participant fails to elect how deferrals are deemed to be invested, such Deferred Compensation will be deemed to be invested at the Plan Interest Rate.

Accounts for Participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Participants or their estates.  Such accounts will be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the Plan Year.  Amounts deemed credited to a Participant's account in cash will not be credited with interest, and will not be deemed to be invested in any interest-bearing item.

**2.5     Intra-Plan Transfers**.  Subject to such rules as the Committee, from time to time and in its sole and absolute discretion, may impose, a Participant may elect to have all or a portion of his or her Account Balance transferred to any other type of hypothetical investment.  Participants may initiate an intra-Plan transfer by submitting a request in writing to the Company in such form as the Committee determines.  Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Committee.

**2.6     Company Contributions**.  The Committee will establish whether and the extent to which a Participant is eligible for one or more of the following types of Company Contributions:

(a)     *Matching Contributions*.  The Company may make Matching Contributions equal to a percentage of a Participant's Voluntary Deferred Compensation up to the Matching Threshold Amount, subject to the following:

(i)     The Matching Threshold Amount and related Matching Contributions may vary with certain performance-based measures established by the Participating Subsidiary, or such other performance factors as determined by the Committee.  The Matching Threshold Amount will be based on a performance grid approved annually by the Committee and distributed to each Participant.

-6-

CONFIDENTIAL                                                                              RBC-PAUL000000110

(ii)    If a Participant is entitled to a Matching Contribution, after the end of the Plan Year (or at such other time as the Committee, in its sole discretion, determines) his or her account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing the amount of such Matching Contribution by the closing price per Company common share on the NYSE as reported on the day of crediting.

(iii)    The Participant may diversify his or her Matching Contributions and related investment returns from a deemed investment in Company common shares at any time after the Participant reaches age 55 or, if earlier, upon the Participant's Separation, provided that the applicable Employer classifies such Separation as "retirement" on the applicable separation from service forms. For this purpose, classification as "retirement" is not necessarily a "Retirement," as used in this Plan.

(b)    *Discretionary Contributions.*  The Company may make Discretionary Contributions in such other amount as determined by the Committee in its sole discretion. The Discretionary Contribution amount may vary from Participant to Participant and may be made based on any criteria, including recommendations from a Participating Subsidiary, as determined by the Committee. If a Participant is entitled to a Discretionary Contribution, his or her account will be deemed to have been allocated the amount of such Discretionary Contribution on the date determined by the Committee. Such Discretionary Contribution will be invested as determined by the Committee in its discretion, but may be based on any election by such eligible Participant, and may be changed by the Participant at any time.

**SECTION 3**
**INFORMATION CONCERNING INVESTMENT ALTERNATIVES**

**3.1    Company Common Shares**.

(a)    *Company Common Shares.*  For any Plan Year, in connection with a Participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such Participant's account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing such portion of the Participant's Deferred Compensation and Company Contributions allocated to the investment in Company common shares by the closing price per Company common share on the NYSE as reported on the day of crediting.

(b)    *Dividends on Company Common Shares.*  At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a Participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such Participant's account in cash (if dividends are paid in cash) or in Company common shares (if

-7-

dividends are declared in common shares), or in such other property determined by the Committee.

(c)   *Additional Purchases of Company Common Shares.*  All amounts credited to a Participant's account as a result of cash dividends will be used on a daily basis (or on such other date as determined by the Committee in its sole discretion) to purchase hypothetical Company common shares.  The number of additional Company common shares credited to each Participant's account after the end of each day due to the hypothetical purchases described in this paragraph will be equal to the number of Company common shares, including fractional shares, derived by dividing the total amount of cash credited to the Participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such Participant's account under this Section 3.1.

**3.2   Plan Interest Rate.**  Participants may elect to have all or a portion of their Deferred Compensation invested at the Plan Interest Rate.

**3.3   Mutual Funds.**

(a)   *Mutual Funds.*  A Participant who is eligible to diversify their Account under Section 2.6(a)(iii) may elect to have all or a portion of their Deferred Compensation, Discretionary Contributions, and Matching Contributions deemed invested in one or more Mutual Funds.  A Participant's account will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Account Balance allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(b)   *Interest or Dividends on Mutual Funds.*  On each Fund Addition Date, a determination will be made as to the number of units (including fractional units) of the Mutual Fund that will be credited to a Participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a Participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such Participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4   Valuation.**  Except for changes resulting from intra-Plan transfers described in Section 2.5, the notional value of a Participant's accounts will be updated daily to reflect any increases or decreases in the value of the Participant's hypothetical investment.

The account of a Participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.  The amount of the quarterly fee will be determined by multiplying the value of the Participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Committee, which for 2009 is

CONFIDENTIAL                                                                    RBC-PAUL000000112

0.000625.  The Committee will from time to time review this calculation and may change the decimal factor used in this calculation.

## SECTION 4
## VESTING

**4.1    Vesting of Voluntary Deferred Compensation**.    All Voluntary Deferred Compensation recorded in a Participant's account will be fully vested at all times.

**4.2    Vesting of Mandatory Deferred Compensation and Company Contributions**. Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related investment returns, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates.   Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

(a)    the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or

(b)    the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has (i) entered into a business transition agreement with the Private Client Group or (ii) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Committee.  The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time.

**4.3    Termination For Cause**.   Notwithstanding anything to the contrary in this SECTION 4, if a Participant is involuntarily terminated for Cause from an Employer or an Employer Affiliate at any time prior to the distribution of his or her Account Balance, upon such Participant's Separation, all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.  The Committee has full discretionary authority to determine whether a Participant was terminated for Cause, and, if (a) a Participant has a voluntary Separation, and (b) the Committee thereafter determines that the Participant could have been involuntary terminated by an Employer or Employer Affiliate for Cause, then the Participant will be treated as though he or she was involuntarily terminated for Cause for all purposes of this Plan.

**4.4    Terminations Due to Restructuring**.   In the event a Participant ceases to be employed by the Employers and their Affiliates due to an organizational restructuring (as

-9-

determined in the sole discretion of the Committee), all Mandatory Deferred Compensation in such Participant's account will become vested, but all unvested Company Contributions will be forfeited.

**4.5    Change in Control**.   In the event of a Change in Control of a Participating Subsidiary, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (as determined by the Committee), is no longer employed by an Employer immediately after the Change in Control will become vested in his or her Mandatory Deferred Compensation and Company Contributions as follows:

> (a)    *Minimum Vesting*.   The unvested portion of each affected Participant's Mandatory Deferred Compensation and Company Contributions will be vested pro rata, based on the period of time that has elapsed from the effective date of the contribution to the date of the Change in Control relative to the total vesting period related to such contribution.   Before a Change in Control event, the Committee will establish a reasonable method for calculating the pro rata portion of each affected Participant's Account Balance.

> (b)    *Discretionary Vesting*.   The Board has the discretionary authority to vest any amount held in an affected Participant's account that remains unvested after the application of paragraph (a) above.   In making its determination, the Board may consider the terms of the transaction governing the Change in Control, the financial impact on the Employers, and any other factors it deems relevant to its determination.

**4.6    Forfeitures**.   Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation and related deemed investment returns that are not vested on the Participant's Separation date will be deemed forfeited, and such Participant's account will be appropriately reduced.

## SECTION 5
## DISTRIBUTIONS

**5.1    Distributions**.   Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a Participant will also make an election with respect to the timing of the payment of the amounts credited to such Participant's account for such Plan Year.

**5.2    Distribution Dates**.

> (a)    *Distribution Pursuant to the In-Service Payment Date*.   If the Participant selected an In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, distributions will be made in a single payment in the specified year promptly after, but in no event after the 90[th] day following, July 1 of such year.   With the consent of the Committee, a Participant may change the In-Service Payment Date pursuant to the procedures established by the Committee and the restrictions under Code Section 409A, which generally require making a written request more than 12 months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

-10-

CONFIDENTIAL                                                          RBC-PAUL000000114

(b)     *Distribution on Separation or Retirement.*

(i)     If (A) the Participant elected payment on Separation on his or her Election Form or (B) if such Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Committee may impose, the Participant's Account Balance will be distributed due to Separation, less any amount owed by the Participant to an Employer at the time of Separation pursuant to a promissory note or otherwise incurred in the normal course of business; <u>provided</u>, however, that any offset is limited to $5,000 and will occur at the same time and in the same amount as the debt otherwise would have been paid by the Participant.

(ii)     If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election Form.  Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

(iii)     Any single lump sum payment and the first installment of any series of installment payments will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year that begins following the year of Separation, and each annual installment will occur promptly after, but in no event after the 90th day following, the July 1 of each year thereafter.  Subject to reduction as set forth in clause (i) above, each installment will be equal to a fraction of all vested amounts deemed allocated to the Participant's account, the numerator of such fraction being one and the denominator being the number of installments remaining to be paid.  For example, if the Participant has elected five annual installments, the first installment will be equal to one-fifth of the Participant's total vested Account Balance on the date such Account Balance is valued for purposes of the first payment date and the second installment will be equal to one-fourth of the Participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)     If the Participant did not indicate a distribution date on his or her Election Form, or if the Election Form was not timely filed, then distribution of the Account Balance will be made promptly after, but in no event after the 90th day following, the July 1 immediately after the date of vesting.

(v)     Distributions pursuant to this section will be made pro-rata from all of a Participant's hypothetical investments.

(vi)     For purposes of Code Section 409A, each installment payment will be treated as a separate single payment.

(c)     *Distributions Following Death or Disability.*  Distributions following death will follow the procedures set forth in <u>Section 5.5</u>.  Distributions following Disability will be made in a single payment to the Participant promptly after, but in no

-11-

CONFIDENTIAL

RBC-PAUL000000115

event after the 90th day following, the date the Participant satisfies the definition of Disability.

(d)   *Other*.

(i)   The Committee reserves the right to distribute accounts and terminate participation of Participants who transfer employment outside of the United States; provided, however, that no acceleration of distribution will be made in contravention of Code Section 409A.

(ii)   Notwithstanding anything to the contrary in this Section 5.2, but subject to Section 5.3, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a Participant was deemed a "special participant" under a prior version of this Plan will be distributed in full promptly after, but in no event after the 90th day following, the July 1 of the sixth Plan Year following the Plan Year for which the contribution is made. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

5.3   **Distribution Due to a Change In Control**. If, as a result of a Change in Control, a Participant's employer that is a Participating Subsidiary ceases to be a Participating Subsidiary under the Plan, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (at the determination of the Committee), is no longer employed by a Participating Subsidiary immediately after the Change in Control will receive his or her vested Account Balance on the date on or promptly after, but in no event after the 90th day following, the date the Change in Control is consummated.

5.4   **Form of Distributions**.

(a)   *Distributions of Company Common Shares*.

(i)   All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes. Any Company common shares distributed under the Plan will be Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)   The value of each Company common share credited to a Participant's account will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date; and

(iii)   All distributions will be in the form of whole Company common shares. Fractional shares, if any, will be distributed in cash.

-12-

CONFIDENTIAL                                                                        RBC-PAUL000000116

(b)     *Distributions of Investments in Mutual Funds*.  A Participant's hypothetical investment in mutual funds will be distributed in cash, less the amount of cash necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes.  The value of a Participant's hypothetical investment in Mutual Funds will be determined by multiplying the total number of units of the Mutual Fund credited to the Participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)     *Distributions of Investment in the Plan Interest Rate*.  A Participant's hypothetical investment in the Plan Interest Rate will be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding <u>Section 5.4(b)</u> or <u>(c)</u>, as applicable, the Committee, in its sole and absolute discretion, may cause distributions with respect to a Participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

**5.5     Distributions to Beneficiaries**.  Distribution of the Account Balance of a Participant who dies before any payment to such Participant is made will be made to such Participant's beneficiary or the Participant's estate in a single lump sum as of the date of the Participant's death. If the Participant dies after payments have commenced but before distribution is completed, the Participant's remaining Account Balance will be distributed to the Participant's beneficiary in lump sum after the Participant's death.  For purposes of complying with Code Section 409A, such distribution will occur by the end of the calendar year in which the death occurs or by the fifteenth day of the third month following the date of death, if later. Notwithstanding the foregoing sentence, if the Committee is not timely notified of the death of the Participant and therefore cannot reasonably begin or make payments by the distribution deadline required by Code Section 409A, a lump sum distribution will be made to the beneficiary as soon as possible following the Committee's receipt of the death notification, subject to any tax, interest, and penalties imposed by Section 409A.

**5.6     Designation of Beneficiary**. Each Participant has the right to designate in writing, in form satisfactory to the Committee, one or more beneficiaries to receive the unpaid vested balance of the Participant's account in the event of such Participant's death, and may change or revoke any prior beneficiary designation by a similar instrument in writing.  Any beneficiary designation must be received by the Committee before the Participant's death.  Any beneficiary designation of a Participant's spouse will be made void in the event of a divorce, unless either a binding court order provides otherwise or the Participant redesignates his or her former spouse as the beneficiary.  If a Participant fails to designate a beneficiary or, having revoked a prior beneficiary designation, fails to designate a new beneficiary, or in the event the Participant's beneficiary designation fails, in whole or in part, by reason of the prior death of a designated beneficiary, divorce or for any other cause, then the undistributed vested balance of the

-13-

Participant's account, or the portion thereof as to which such designation fails, as the case may be, will be paid to the Participant's estate.

5.7    **Disclaimers by Beneficiaries**.  A beneficiary entitled to a distribution of all or a portion of a deceased Participant's accounts may disclaim his or her interest therein subject to the following requirements.  To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least 21 years of age as of the date of the Participant's death.  Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.  A disclaimer will state that the beneficiary's entire interest in the undistributed accounts is disclaimed or will specify what portion thereof is disclaimed.  To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Committee after the date of the Participant's death but not later than 180 days after the date of the Participant's death.  A disclaimer will be irrevocable when delivered to the Committee.  A disclaimer will be considered to be delivered to the Committee only when actually received by the Committee.  The Committee will be the sole judge of the content, interpretation and validity of a purported disclaimer.  Upon the filing of a valid disclaimer, the beneficiary will be considered not to have survived the Participant as to the interest disclaimed and any distribution made to the beneficiary will be reversed.  A disclaimer by a beneficiary will not be considered to be a transfer of an interest in violation of the provisions of SECTION 6 and will not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.  The Committee will not  recognize any other form of attempted disclaimer.

5.8    **Federal Income Tax**.

(a)    *Tax Consequences of Participating in the Plan*.  The Plan provides that the election to defer any portion of a Participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for an Employer to which the compensation relates.  Accordingly, the Company believes that Participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that, such amounts may still be subject to FICA taxes when deferred to the Plan.  Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan until, and for its taxable year in which, a Participant recognizes ordinary income hereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.  As described above and in Section 5.9 below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Code Section 3402 and certain other Code sections.

(b)    *Compliance with Code Section 409A*.  Except as specifically provided in Section 5.5, it is intended that any income or payments to a Participant provided pursuant to this Plan will not be subject to the additional tax and interest under Code Section 409A. The provisions of the Plan will be interpreted and construed in favor of complying

-14-

CONFIDENTIAL                                                                                          RBC-PAUL000000118

with any applicable requirements of Code Section 409A necessary to avoid the imposition of additional tax, interest or penalties under Code Section 409A.

(c)     *Participants Should Consult Their Tax Advisors.*  Due to the complexity of the applicable provisions of the Code, this summary of certain federal income tax consequences sets forth only the general tax principles affecting the Plan.  These general tax principles are subject to changes that may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis.  Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service regarding the federal income tax consequences associated with participation in the Plan.  Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan, and Participants should refer to the applicable laws in those jurisdictions.  **Accordingly, each Plan Participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such Participant pursuant to the Plan.**

**5.9     Tax Withholding.**  All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA (to the extent not already withheld at the time of deferral), payroll and other taxes required to be withheld.  In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its Affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (a) a Participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a Participant, whether or not pursuant to the Plan, or (b) the Committee will be entitled to require that the Participant remit cash to the Company, his or her employer or any of its Affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.  Further, as permitted under Treasury Regulation § 1.409A-3(j)(4)(vi), the distribution of an Participant's account may be accelerated to satisfy employment taxes and wage withholding at the source.

**5.10     ERISA Matters.**  Although the Plan is not intended to be a tax-qualified plan under Code Section 401, the Plan might be determined to be an "employee pension benefit plan" as defined by ERISA.  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, exempt from many ERISA requirements.  A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

<div align="center">

**SECTION 6**
**SPENDTHRIFT PROVISIONS**

</div>

Neither any Participant nor the personal representative of any Participant has any transferable interest in the Participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in <u>SECTION 4</u> and <u>SECTION 5</u>, nor will the same be subject to attachment,

<div align="center">-15-</div>

RBC-PAUL000000119

garnishment, execution following judgment or other legal process instituted by creditors of the Participant or the personal representative of the Participant.

## SECTION 7
## ADMINISTRATION

**7.1** **The Committee**. The Plan will be administered by the Committee. The Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Committee considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest and determination of a termination of employment due to Cause under <u>Section 4.3</u>; <u>provided</u> that the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to the Plan having the effect of materially increasing the cost of the Plan to an Employer, including, without limitation, decisions regarding Company Contributions, eligibility to participate in the Plan, and discretionary vesting in the event of a Change in Control (as described in <u>Section 4.5(b)</u>).

**7.2** **Claims Procedure**. If any Participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Committee in accordance with procedures set forth in this <u>SECTION 7</u>.

**7.3** **Making a Claim**. The claim must be written and must be delivered to the Committee within 90 days the Participant or beneficiary knows or should have known of his or her claim for benefits. Within 90 days after the claim is delivered, the claimant will receive either: (a) a decision or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

In the event of an Adverse Benefit Determination, the claimant will receive a written or electronic notice specifying: (a) the reasons for the determination; (b) the Plan provisions on which the Adverse Benefit Determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal. Notice of the claimant's right to request a review (as described in <u>Section 7.4</u>) will also be given to the claimant.

**7.4** **Requesting Review of a Denied Claim**. A claimant may request that a denied claim be reviewed. The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination. A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review, even if such information was not provided in the initial request for benefits. The claimant may examine pertinent Plan documents, including the records and other documentation, by asking the Committee for such documents. Within 60 days after delivery of a request for review, the claimant will receive either: (a) a decision; or (b) a

-16-

CONFIDENTIAL                                                 RBC-PAUL000000120

notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The Committee may require the claimant to submit such additional facts, documents or other material as it deems necessary or advisable in making its review. The Committee will notify the claimant in writing or electronically of its decision. If the Adverse Benefit Determination is confirmed in whole or in part, the communication will set forth: (a) the specific reasons for the decision; (b) the specific references to the Plan provisions on which the decision is based; (c) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to the claim; and (d) a statement regarding the claimant's right to bring an action under ERISA Section 502(a).

**7.5     In General**. All decisions on claims and on reviews of denied claims will be made by the Committee. The Committee also reserves the right to delegate its authority to make decisions. The Committee may, in its discretion, hold one or more hearings. If a claimant does not receive a decision within the specified time, the claimant should assume the claim or appeal was denied on the date the specified time expired. The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

No action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this SECTION 7. Any action brought after exhaustion of such remedies must be brought within ninety (90) days after the Participant or beneficiary has received final notice of an Adverse Benefit Determination under Section 7.4.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1     Reporting**. As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each Participant a report showing (a) the amounts credited to the Participant's account since the last report from the Company, and (b) the amounts of any distributions made since the last report. At its discretion, the Company may prepare and make available more frequent reports to Participants.

**8.2     Plan Obligor; Status as Unsecured General Creditors**.

(a)     The Company will be the Plan Obligor with respect to distributions from all accounts; provided, however, that the Participant's Participating Subsidiary will be the Plan Obligor with respect to investments of Mandatory Deferred Compensation and related Company Contributions thereon, except as set forth in Section 8.2(b) below.

(b)     The Company will be the Plan Obligor with respect to all accounts of Participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

-17-

CONFIDENTIAL                                                    RBC-PAUL000000121

(c)     All Participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, Participants and their estates will not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, of the Employers.  The Plan does not require that any hypothetical investments under this Plan be funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets will be subject to the claims of its general creditors, and neither any Participant nor any beneficiary of any Participant will have a legal, beneficial or security interest therein.

**8.3    Disclaimer of Employment and Bonus Rights**.  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Employers or to obtain any compensation.  Upon dismissal or severance of employment, no Participant will have any right or interest under the Plan, other than as specifically provided herein.

**8.4    Administrative Expenses of the Plan**.  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among Participants' accounts).

**8.5    No Compensation Under the Qualified Plan**.   Unless the Qualified Plan specifically provides otherwise, no amounts of Deferred Compensation and related Company Contributions, if any, credited to any account of a Participant will constitute "Recognized Compensation" for purposes of the Qualified Plan, as such terms are defined in such plan, nor any other employee benefit plan of the Company or its Affiliates.

**8.6    Voting Rights**.  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.7    Governing Law**.  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that state to the extent not preempted by federal law and will be construed and enforced in accordance with the laws of the State of Minnesota.

### SECTION 9
### AMENDMENT OR TERMINATION

**9.1    Amendments to and Termination of Plan**.  While the Company intends for the Plan to continue indefinitely, it may be amended or terminated at any time by the Committee or the Board of Directors of the Company or by the Company, including, without limitation (a) to ensure that neither the Plan Obligors nor the Participants are subject to adverse Canadian or United States tax consequences and (b) to modify the form of distribution of Participants' accounts; <u>provided</u>, however, that no such amendment or termination will have the effect of

-18-

CONFIDENTIAL                                                                                RBC-PAUL000000122

(i) reducing the vested portion of amounts already credited to a Participant's account; (ii) extending the time of distribution of such Participant's accounts, without the consent of such Participant and only in a manner permitted by Code Section 409A; or (iii) causing a violation of Code Section 409A.  In the event of a termination of the Plan, all accounts will be deemed vested and amounts credited thereto will be distributed to Participants in accordance with the distribution guidelines under Code Section 409A.

9.2     **Merger**.  The Committee may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Committee agrees to such a merger, the Committee will specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

9.3     **Applicability to Successors**.  This Plan will be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan will remain in full force and effect as any obligation of the Company or its successors in interest.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 216
CONFIDENTIAL                                                    RBC-PAUL000000123

# EXHIBIT 11

**Royal Bank of Canada**

**US Wealth Accumulation Plan**

**And Prospectus**

**The date of this prospectus is December 6, 2011**

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

CONFIDENTIAL

RBC-PAUL000003386

## TABLE OF CONTENTS

**Page**

SECTION 1 INTRODUCTION ...................................................................................1
   1.1   General Nature and Purpose of the Plan .........................................................1
   1.2   Definitions.......................................................................................................1
   1.3   Rules of Interpretation ....................................................................................5

SECTION 2 DEFERRALS AND DEEMED INVESTMENTS.................................5
   2.1   Eligibility. .......................................................................................................5
   2.2   Election to Voluntarily Defer Compensation .................................................6
   2.3   Company Contributions ...................................................................................8
   2.4   Investments .....................................................................................................8
   2.5   Participant Accounts .......................................................................................8

SECTION 3 INFORMATION CONCERNING INVESTMENT ALTERNATIVES...................9
   3.1   Company Common Shares. ..............................................................................9
   3.2   Plan Interest Rate ............................................................................................9
   3.3   Mutual Funds ..................................................................................................9
   3.4   Valuation.......................................................................................................10

SECTION 4 VESTING...............................................................................................10
   4.1   Vesting of Voluntary Deferred Compensation .............................................10
   4.2   Vesting of Company Contributions ...............................................................10
   4.3   Termination For Cause ..................................................................................11
   4.4   Change in Control .........................................................................................11
   4.5   Forfeitures .....................................................................................................11

SECTION 5 DISTRIBUTIONS .................................................................................12
   5.1   Distributions..................................................................................................12
   5.2   Distribution Dates .........................................................................................12
   5.3   Distribution Due to a Change In Control ......................................................13
   5.4   Form of Distributions ....................................................................................13
   5.5   Distributions to Beneficiaries .......................................................................14
   5.6   Designation of Beneficiary ...........................................................................14
   5.7   Disclaimers by Beneficiaries ........................................................................15
   5.8   Federal Income Tax ......................................................................................15
   5.9   Tax Withholding ...........................................................................................16
   5.10  ERISA Matters..............................................................................................16

SECTION 6 SPENDTHRIFT PROVISIONS ...........................................................17

SECTION 7 ADMINISTRATION .............................................................................17
   7.1   The Company.................................................................................................17
   7.2   Claims Procedure ..........................................................................................17
   7.3   Making a Claim .............................................................................................17
   7.4   Requesting Review of a Denied Claim .........................................................18

-i-

LEGAL_1:22240460.1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 219
CONFIDENTIAL
RBC-PAUL000003387

**TABLE OF CONTENTS**
(continued)

**Page**

7.5    In General......................................................................................................................18

SECTION 8 OTHER ADMINISTRATIVE MATTERS .........................................................18
8.1    Reporting..........................................................................................................................18
8.2    Plan Obligor; Status as Unsecured General Creditors .................................................19
8.3    Disclaimer of Employment and Bonus Rights................................................................19
8.4    Administrative Expenses of the Plan..............................................................................19
8.5    Voting Rights....................................................................................................................19
8.6    Governing Law ................................................................................................................19

SECTION 9 AMENDMENT OR TERMINATION ................................................................19
9.1    Amendments to and Termination of Plan ......................................................................19
9.2    Merger..............................................................................................................................20
9.3    Applicability to Successors.............................................................................................20

LEGAL_1:22240460.1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 220
CONFIDENTIAL

RBC-PAUL000003388

## SECTION 1
## INTRODUCTION

**1.1    General Nature and Purpose of the Plan**.

(a)    *Nature and Purpose*.  The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified deferred compensation plan under which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") may defer receipt of a portion of their compensation until specific in-service or post-employment distribution dates.

(b)    *New Deferred Compensation Plan*.  This Plan is a new plan that is wholly separate from the US Wealth Accumulation Plan (formerly called the "RBC Dain Rauscher Wealth Accumulation Plan") that was frozen as of January 1, 2012 (the "**Frozen Plan**"). The purpose of this Plan is to replace the Frozen Plan with nonqualified deferred compensation benefits for a select group of management or highly compensated employees of the Employers. Benefits under this Plan are separate from and unrelated to any benefits provided under the Frozen Plan and status as a participant in the Frozen Plan does not influence eligibility or participation in this Plan. Further, distribution elections for, timing of, and triggering events for contributions made under this Plan are governed by this Plan, not the Frozen Plan.

(c)  *Effectiveness*.  This Plan is effective from and after January 1, 2012.

**1.2    Definitions**.

"**Account Balance**" means, for any given date, a Participant's Voluntary Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

"**Adverse Benefit Determination**" means a claim for benefits by a Participant, beneficiary or personal representative that has been denied in whole or in part.

"**Affiliate**" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person. For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"**Business**" means the chief officer and/or operating committee of each Participating Subsidiary.

"**Cause**" means, as determined by the Company or its assignee, in consultation with internal legal counsel, the occurrence of any one of the following: (a) any act of dishonesty, willful misconduct, negligence, gross negligence, intentional or conscious abandonment or neglect of duty; (b) any failure by the Employee to comply with any written policy, rule or code,

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 221
CONFIDENTIAL                                                                RBC-PAUL000003389

including but not limited to an Employer's Code of Conduct or Code of Ethics, as applicable; (c) commission of a criminal activity, fraud or embezzlement; (d) violation of any rule or regulation of any self-regulatory agency with which the Employee is licensed, regardless of whether such agency takes disciplinary action against the Employee; (e) the loss or suspension of any license necessary to perform in the occupation for which Employee was hired, or the commission of any action that would cause Employee to become unbondable; (f) a failure to reasonably cooperate in any investigation or proceeding concerning an Employer or any Employer Affiliate; (g) any unauthorized disclosure or use of confidential information or trade secrets; (h) any violation of any restrictive covenant, such as a non-compete, non-solicit or non-disclosure agreement, between the Participant and an Employer or any Employer Affiliate; (i) personal or professional conduct of Employee which, in the reasonable and good faith judgment of the Company or its assignee, injures or tends to injure the reputation of an Employer or otherwise adversely effects the interests of an Employer; (j) failure to perform Employee's duties and obligations to a level required by an Employer; or (k) any other act as determined by the Company in good faith; provided, however, that in the event an Employee is party to an employment agreement with an Employer that contains a different definition of Cause, the definition of Cause contained in such employment agreement will be controlling.

"**Change in Control**" means the Company's sale of (a) at least 75% of the equity or (b) all or substantially all of the assets of a Participating Subsidiary to a person or entity (or a collection of Persons or entities acting as a group) that is not the Company, an Employer or an Affiliate of either. A Change in Control will be deemed to have occurred only if such transaction meets the requirements of a "change in control" (as described in Treasury Regulation § 1.409A-3(i)(5)) with respect to the Participating Subsidiary.

"**Code**" means the U.S. Internal Revenue Code of 1986, as amended, and includes the regulations and guidance in effect thereunder.

"**Committee**" means the WAP Committee (or successor committee), and any person, entity or office to whom the Committee properly delegates any authority related to this Plan. The members of the Committee, if any, serve at the pleasure of the Company, which has the power to appoint and remove members from time to time.

"**Company**" means Royal Bank of Canada, a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada, and any successor or assign.

"**Company Contribution**" means a contribution by the Employers, as described in Section 2.3.

"**Disability**" means the Participant's injury or illness that both (a) qualifies him or her for benefits under a long-term disability plan covering eligible employees of the Participant's Employer and (b) causes the Participant to be absent from his or her employment with his or her Employer for a continuous period of not less than 12 months.

"**Employee**" means an individual classified as a common law employee by, and on the payroll of, an Employer.

LEGAL_1:22240460.1

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 222

CONFIDENTIAL

RBC-PAUL000003390

"**Employers**" means the Company and Participating Subsidiaries.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended, and includes the regulations and guidance in effect thereunder.

"**FICA**" means the Federal Insurance Contribution Act.

"**Fiscal Year**" means the Company's accounting year, which begins each November 1 and ends each October 31.

"**Fund Addition Date**" means such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund.

"**Gross Cash Compensation**" has the meaning ascribed to "Recognized Compensation" under the Qualified Plan on the first day of each Plan Year to which an election to defer compensation relates. Gross Cash Compensation is Recognized Compensation that is earned by an Employee for services rendered during a Plan Year, whether or not paid in such Plan Year, and includes any amounts an Employee contributes to the Qualified Plan or an employer-sponsored cafeteria plan from his or her total compensation. Notwithstanding anything to the contrary, if "Recognized Compensation" includes any distributions from deferred compensation plans, Gross Cash Compensation shall include such amounts only to the extent that any further deferral of such amounts into this Plan does not cause the imposition of an additional tax under Code Section 409A.

"**In-Service Payment Date**" means a distribution date, as elected by the Employee on his or her Election, that occurs while the Participant is an Employee (or an employee of an Employer that is an Affiliate).

"**Loyalty Bonus**" means that portion of a Company Contribution made on a Participant's behalf that the Company deems as related to a "Loyalty Bonus."

"**Measurement Year**" means the period beginning each October 1 and ending each September 30.

"**Mutual Funds**" means any of the mutual funds that have been selected by the Committee, as supplemented, replaced or eliminated from time-to-time at the discretion of the Committee.

"**Mutual Fund Price**" means, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" means the New York Stock Exchange.

"**Participant**" means an individual who has an Account Balance.

"**Participating Subsidiary**" means a corporation, now or in the future, affiliated with the Company that adopts, or has adopted, the Plan. No corporation may become a Participating Subsidiary without prior consent of the Company. Such participation is subject to such

limitations as the Company may impose and will cease upon a Change in Control of such Participating Subsidiary.

"**Person**" means any individual, sole proprietorship, corporation, partnership, joint venture, limited liability company, association, joint-stock company, trust, unincorporated organization, institution, public benefit corporation, entity or government instrumentality, division, agency, body or department.

"**Plan**" means the Royal Bank of Canada US Wealth Accumulation Plan, as set forth in this document and as amended from time to time.

"**Plan Interest Rate**" means an interest rate determined from time to time by the Committee.

"**Plan Obligor**" means the party that is responsible for satisfaction of amounts payable to Participants.

"**Plan Year**" means, with respect to a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Qualified Plan**" means the RBC-U.S.A. Retirement and Savings Plan, as amended from time to time.

"**Retirement**" means the Separation of a Participant whose age and years of employment (as determined using the service rules set forth in the Qualified Plan) with the Employers when combined equals 60.

"**Separation**" means the separation of employment from the Employers or any Affiliate of an Employer, as the case may be, of a Participant, other than due to such Participant's death, Disability or termination for Cause pursuant to the terms set forth herein. Transfers of employment among the Employers and their Affiliates will not be a "Separation" for purposes of this Plan, and any separation from employment will not be a "Separation" unless it also constitutes a "separation from service" under Code Section 409A.

"**Total Cash Compensation**" means those items of an Employee's compensation that are coded as "BenSal" in his or her Employer's SAP software program. Such items include, for example, base salary, commissions, cash bonuses, amounts vested and distributed under the Unit Award Plan and other cash-based nonqualified deferred compensation plans.

"**Unit Award Plan**" means the RBC Capital Markets Unit Award Plan or successor plan, as determined by the Business, that is in effect from time to time.

"**Valuation Date**" means the business day on which an Account Balance or distribution is valued. Valuation Dates for purposes of distributions described in <u>SECTION 5</u> are the following dates (or, if such date does not fall on a business day, the next following business day):

      (a)    <u>Section 5.2(a)</u>, In-Service Payment Date, the July 1 of each year that a distribution is due a Participant.

-4-

LEGAL_1:22240460.1

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 224
CONFIDENTIAL

RBC-PAUL000003392

(b)    Section 5.2(b), Separation or Retirement, the July 1 of each year that a distribution is due a Participant.

(c)    Section 5.2(c), Death:

(i)    The later of: (A) the date of death, and (B) the date of such Participant's final Voluntary Deferred Compensation contribution; and

(ii)    For any contributions made after the date of death, the date of the final Company Contribution made on behalf of the deceased Participant; and

(iii)    For any deemed dividends paid after the Participant's death pursuant to Section 3.1(b), the dividend payment date.

(d)    Section 5.2(c), Disability, the date that the Participant meets the 12-month period of Disability requirement.

(e)    Section 5.3, Change in Control, the date of the Change in Control.

"**Voluntary Deferred Compensation**" means the portion or percentage of an Employee's Gross Cash Compensation that the Employee elects to defer to the Plan in accordance with Section 2.2.

**1.3    Rules of Interpretation**. Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" mean and refer to this entire Plan and not to any particular paragraph or section of this Plan unless the context clearly indicates to the contrary. The titles given to the various sections of this Plan are inserted for convenience of reference only and are not part of this Plan and they will not be considered in determining the purpose, meaning or intent of any provision hereof. Any reference in this Plan to a statute or regulation will be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1    Eligibility**.

(a)    *Eligible Employees*. Employees eligible to participate in the Plan are any of the select group of management or highly compensated employees of an Employer whose compensation or production otherwise exceeds a level deemed appropriate by the Company and who are invited to become Participants by the Business or Company. For 2012, and for successive Plan Years unless revised by the Company, the following individuals shall be Eligible Employees:

(i)    Employees classified as "Financial Advisors" by their Employer and whose production levels for the preceding Fiscal Year qualify for President or Chairman Council.

-5-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 225
CONFIDENTIAL                                        RBC-PAUL000003393

(ii)    Employees classified as "Branch Directors" by their Employer and whose production levels for the preceding Fiscal Year qualify for President or Chairman Council.

(iii)    Employees whose employee class is other than "Financial Advisor" or "Branch Director" and who, for the preceding Measurement Year had Total Cash Compensation of at least $1 Million.

(iv)    Employees hired during a Plan Year:

(1)    Whose performance at their prior employer during the 12 months prior to their employment date with an Employer would have qualified such Employee for President or Chairman Council if they had performed such services while classified as Financial Advisors or Branch Directors by an Employer; or

(2)    Who is subject to an offer letter or employment agreement that guarantees Gross Cash Compensation of at least $1 Million and their employee class is not "Financial Advisor" or "Branch Director."

(b)    *Ineligible Employees.*

(i)    Notwithstanding anything in the Plan to the contrary, the following individuals are ineligible to participate in the Plan, even if they satisfy any of the eligibility criteria described in Section 2.1(a):

(1)    individuals who are classified as "Institutional Middle Market" by their Employer, and

(2)    individuals who are employees of a "nonqualified entity," as that term is described under Code Section 457A.

(ii)    No Voluntary Deferred Compensation, Company Contributions or other benefits are available under the Plan for services rendered by an Employee:

(1)    who is excluded pursuant to Section 2.1(b)(i);

(2)    who is a resident of Canada for purposes of the Income Tax Act (Canada) throughout the period during which the services were rendered; or

(3)    in Canada, or in connection with a business carried on by an Employer in Canada, or a combination thereof.

**2.2    Election to Voluntarily Defer Compensation**. Eligible Employees may enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year.

LEGAL_1:22240460.1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 226
CONFIDENTIAL                                                    RBC-PAUL000003394

(a)   *Gross Cash Compensation*. Elections for Voluntary Deferred Compensation contributions of Gross Cash Compensation must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Company, a new Employee who is eligible to participate in the Plan has 30 days from such Employee's hiring date to submit an Election for such Plan Year.

(b)   *Unit Award Plan Distributions*. An Employee who is also a participant in the Unit Award Plan may elect to make Voluntary Deferred Compensation contributions of distributions from the Unit Award Plan, subject to the following:

(i)   The deferral election must be made no later than within 30 days after the Employee performs the services that earn a contribution to the Unit Award Plan;

(ii)   The deferral election must be for 100% of the distribution (exclusive of any FICA taxes owed on such distribution) from the Unit Award Plan that relates to such service period, provided, however, that only amounts that vest under the Unit Award Plan at least 12 months after the date the individual makes an election described in paragraph (i) above may be deferred into this Plan; and

(iii)   No deferral will be made to this Plan if the individual is no longer considered an "Employee" or an employee of an Affiliate of an Employer.

(c)   *Effectiveness of Elections*. For a given Plan Year, a written or online election to defer compensation is irrevocable after it is accepted by the Company. An election by an Employee who is first eligible to participate in the Plan during a given year becomes effective beginning the first day of the month following the date such Election is submitted and accepted by the Company.

(d)   *Limits on Elections*. The Business and Company have the discretion to limit the amount of Voluntary Deferred Compensation or the amount of Gross Cash Compensation that may be taken into account for making Voluntary Deferred Compensation contributions. The Company, which will accept input from the Business, will from time to time establish the maximum percentage of a Participant's Gross Cash Compensation that he or she may elect to defer under the Plan.

(e)   *Payroll Deduction*. Each payroll period for which a valid Election is in place, the Voluntary Deferred Compensation will be deferred by payroll reduction.

LEGAL_1:22240460.1

RBC-PAUL000003395

**2.3     Company Contributions**. The Employers may make Company Contributions in such other amount as determined by the Business in its sole discretion. The Business will establish whether and the extent to which a Participant is eligible for a Company Contribution, which may vary from Employee to Employee and may be made based on any criteria. If an Employee is allocated a Company Contribution, his or her account will be deemed to have been allocated the amount of such Company Contribution on the date determined by the Business.

**2.4     Investments.** Plan contributions will be invested in the available hypothetical investments are described in <u>SECTION 3</u>, as follows:

(a)     *Deferred Compensation.* On each Plan Year's Election, a Participant (or Employee for the first Election) may choose the form of the hypothetical investment of his or her Voluntary Deferred Compensation and Company Contributions (other than a Company Contribution related to the Loyalty Bonus) by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee. If a Participant fails to elect how deferrals are deemed to be invested, such deferred compensation will be deemed to be invested at the Plan Interest Rate.

(b)     *Company Contributions.* Company Contributions that are related to the Loyalty Bonus will be notionally invested in Company shares. A Participant may diversify his or her Company Contributions related to the Loyalty Bonus and the related investment returns from such a deemed investment in Company common shares at any time after the Participant reaches age 55 or, if earlier, upon the Participant's Separation, <u>provided</u> that the applicable Employer classifies such Separation as "retirement" on the applicable separation from service forms. For this purpose, classification as "retirement" is not necessarily a "Retirement," as used in this Plan.

(c)     *Investment Fund Exchanges*. Subject to such rules as the Company, from time to time and in its sole and absolute discretion, may impose a Participant may elect to have all or a portion of his or her Account Balance that is not related to Loyalty Bonuses transferred to any other type of hypothetical investment. Participants may initiate an investment fund exchange by submitting a request in writing to the Company in such form as the Company determines. Requests made during any month to exchange Account Balances for another hypothetical investment will be honored at the time/times determined by the Company. Investments in Company shares that are subject to <u>Section 2.4(b)</u> may only be exchanged among permitted investments in accordance with <u>Section 2.4(b)</u>, unless the Company specifically provides otherwise.

**2.5     Participant Accounts**. Accounts for Participants will be established for bookkeeping purposes only and will not be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Participants or their estates. Such accounts will be established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the first business day in January following the end of the Plan Year.

LEGAL_1:22240460.1

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 228
CONFIDENTIAL                                                          RBC-PAUL000003396

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

**3.1     Company Common Shares**.

(a)     *Company Common Shares*. For any Plan Year, in connection with Company Contributions made with respect to the Loyalty Bonus and a Participant's election to have a portion of his or her Voluntary Deferred Compensation and other Company Contributions credited toward Company common shares, the applicable Participant's account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing such portion of the Participant's Voluntary Deferred Compensation and Company Contributions allocated to the investment in Company common shares by the closing price per Company common share on the NYSE as reported on the day of crediting.

(b)     *Dividends on Company Common Shares*. At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a Participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such Participant's account in cash (if dividends are paid in cash) or in Company common shares (if dividends are declared in common shares), or in such other property determined by the Company.

(c)     *Additional Purchases of Company Common Shares*. All amounts credited to a Participant's account as a result of cash dividends will be used on a daily basis (or on such other date as determined by the Company in its sole discretion) to purchase hypothetical Company common shares. The number of additional Company common shares credited to each Participant's account after the end of each day due to the hypothetical purchases described in this paragraph will be equal to the number of Company common shares, including fractional shares, derived by dividing the total amount of cash credited to the Participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such Participant's account under this Section 3.1.

**3.2     Plan Interest Rate**. Participants may elect to have all or a portion of their Voluntary Deferred Compensation and Company Contributions (other than a Company Contribution related to the Loyalty Bonus) invested at the Plan Interest Rate.

**3.3     Mutual Funds**.

(a)     *Mutual Funds*. A Participant may elect to have all or a portion of their Voluntary Deferred Compensation deemed invested in one or more Mutual Funds. A Participant may elect to have all of his or her Company Contributions (other than those related to the Loyalty Bonus) and, if a Participant is eligible for diversification

-9-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 229
CONFIDENTIAL                                                    RBC-PAUL000003397

described in Section 2.4(b), Company Contributions related to the Loyalty Bonus, deemed invested in one or more Mutual Funds. Such Participant's account will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Account Balance allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(b)      *Interest or Dividends on Mutual Funds*. On each Fund Addition Date, a determination will be made as to the number of units (including fractional units) of the Mutual Fund that will be credited to a Participant's account as of the Fund Addition Date. On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a Participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such Participant's account, or other fund determined by the Committee. Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4      Valuation**. Except for changes resulting from plan investment fund exchanges described in Section 2.4(c), the notional value of a Participant's accounts will be updated daily through the applicable Valuation Date to reflect any increases or decreases in the value of the Participant's hypothetical investment.

The account of a Participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee. The amount of the quarterly fee will be determined by multiplying the value of the Participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Company, which for 2012 is 0.000625. The Company will from time to time review this calculation and may change the decimal factor used in this calculation.

<div align="center">

**SECTION 4**
**VESTING**

</div>

**4.1      Vesting of Voluntary Deferred Compensation**. All Voluntary Deferred Compensation recorded in a Participant's account will be fully vested at all times.

**4.2      Vesting of Company Contributions**. Company Contributions in a Participant's account will vest on the date or dates determined by the Business, in its sole discretion. The Business will announce any prospective change in the vesting schedule with respect to Company Contributions (and the related investment returns, if any) prior to December 31 of the year preceding each new Plan Year. Unless otherwise amended by the Business, all time period measurements for the vesting schedules established by the Business will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates. Notwithstanding the foregoing, a Participant's Company Contributions will immediately vest in full upon:

(a)      the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or

(b)      the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has met the requirements under the Plan for Retirement

<div align="center">-10-</div>

and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Business. The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time; or

   (c)   the Separation of a Participant who, prior to Separation has entered into a business transition agreement with the Private Client Group, provided that such vesting shall be accelerated only for Company Contributions that the Business deems as other than retention, back-end recruiting or front-end recruiting, unless a separate agreement between the Participant and an Employer provides otherwise.

   **4.3   Termination For Cause**. Notwithstanding anything to the contrary in this SECTION 4, if a Participant is involuntarily terminated for Cause from an Employer or an Employer Affiliate at any time prior to the distribution of his or her Account Balance, upon such Participant's Separation, his or her Account Balance related to Company Contributions and related investment returns will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company. The Company has full discretionary authority to determine whether a Participant was terminated for Cause, and, if (a) a Participant has a voluntary Separation, and (b) the Company thereafter determines that the Participant could have been involuntary terminated by an Employer or Employer Affiliate for Cause, then the Participant will be treated as though he or she was involuntarily terminated for Cause for all purposes of this Plan.

   **4.4   Change in Control**. In the event of a Change in Control of a Participating Subsidiary, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (as determined by the Company), is no longer employed by an Employer immediately after the Change in Control will become vested in his or her Company Contributions as follows:

   (a)   *Minimum Vesting*. The unvested portion of each affected Participant's Company Contributions will be vested pro rata, based on the period of time that has elapsed from the effective date of the contribution to the date of the Change in Control relative to the total vesting period related to such contribution. Before a Change in Control event, the Company will establish a reasonable method for calculating the pro rata portion of each affected Participant's Account Balance.

   (b)   *Discretionary Vesting*. The Board has the discretionary authority to vest any amount held in an affected Participant's account that remains unvested after the application of paragraph (a) above. In making its determination, the Board may consider the terms of the transaction governing the Change in Control, the financial impact on the Employers, and any other factors it deems relevant to its determination.

   **4.5   Forfeitures**. Except as otherwise specifically set forth herein, all Company Contributions and related deemed investment returns that are not vested on the Participant's

-11-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 231
CONFIDENTIAL                                                        RBC-PAUL000003399

Separation date will be deemed forfeited, and such Participant's account will be appropriately reduced.

<div align="center">

**SECTION 5**
**DISTRIBUTIONS**

</div>

**5.1**     **Distributions**. Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a Participant will also make an election with respect to the timing of the payment of the amounts credited to such Participant's account for such Plan Year.

**5.2**     **Distribution Dates**.

(a)     *Distribution Pursuant to the In-Service Payment Date*. If the Participant selected an In-Service Payment Date, then subject to this <u>SECTION 5</u> and any other terms and conditions the Company may impose, distributions will be made in a single payment in the specified year promptly after, but in no event after the 90th day following, July 1 of such year. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date. With the consent of the Company, a Participant may change the In-Service Payment Date pursuant to the procedures established by the Company and the restrictions under Code Section 409A, which generally require making a written or online request more than 12 months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

(b)     *Distribution on Separation or Retirement*.

(i)     If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election. Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

(ii)     Any single lump sum payment and the first installment of any series of installment payments will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year that begins following the year of Separation, and each annual installment will occur promptly after, but in no event after the 90th day following, the July 1 of each year thereafter. Subject to reduction as set forth in clause (i) above, each installment will be equal to a fraction of all vested amounts deemed allocated to the Participant's account, the numerator of such fraction being one and the denominator being the number of installments remaining to be paid. For example, if the Participant has elected five annual installments, the first installment will be equal to one-fifth of the Participant's total vested Account Balance on the date such Account Balance is valued for purposes of the first payment date and the second installment will be equal to one-fourth of the Participant's account on the date such account is valued for purposes of the second payment date, etc.

<div align="center">-12-</div>

(iii)     If the Participant did not indicate a distribution date on his or her Election, or if the Election was not timely filed, then distribution of the Account Balance will be made promptly after, but in no event after the 90th day following, the July 1 immediately after the date of vesting.

(iv)     Distributions pursuant to this section will be made pro-rata from all of a Participant's hypothetical investments, and the Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

(v)     For purposes of Code Section 409A, each installment payment will be treated as a separate single payment.

(c)     *Distributions Following Death or Disability*. Distributions following death will follow the procedures set forth in <u>Section 5.5</u>. Distributions following Disability will be made in a single payment to the Participant promptly after, but in no event after the 90th day following, the date the Participant satisfies the definition of Disability. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

**5.3     Distribution Due to a Change In Control**. If, as a result of a Change in Control, a Participant's employer that is a Participating Subsidiary ceases to be a Participating Subsidiary under the Plan, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (at the determination of the Company), is no longer employed by a Participating Subsidiary immediately after the Change in Control will receive his or her vested Account Balance on the date on or promptly after, but in no event after the 90th day following, the date the Change in Control is consummated. The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

**5.4     Form of Distributions**.

(a)     *Distributions of Company Common Shares*.

(i)     All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes. Any Company common shares distributed under the Plan will be Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)     The value of each Company common share credited to a Participant's account will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date; and

-13-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 233
CONFIDENTIAL                                                           RBC-PAUL000003401

(iii)    All distributions will be in the form of whole Company common shares. Fractional shares, if any, will be distributed in cash.

(b)    *Distributions of Investments in Mutual Funds.* A Participant's hypothetical investment in mutual funds will be distributed in cash, less the amount of cash necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes. The value of a Participant's hypothetical investment in Mutual Funds will be determined by multiplying the total number of units of the Mutual Fund credited to the Participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)    *Distributions of Investment in the Plan Interest Rate.* A Participant's hypothetical investment in the Plan Interest Rate will be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.4(b) or (c), as applicable, the Company, in its sole and absolute discretion, may cause distributions with respect to a Participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

**5.5    Distributions to Beneficiaries**. Distribution of the Account Balance, based on the Valuation Date, of a Participant who dies before any payment to such Participant is made will be made to such Participant's beneficiary in a single lump sum provided that the Company has received a copy of the death certificate and completed distribution forms and considers such certificate and forms to be in good order. If the Participant dies after payments have commenced but before distribution is completed, the Participant's remaining Account Balance will be distributed to the Participant's beneficiary in lump sum after the Participant's death. For purposes of complying with Code Section 409A, such distribution will occur by the end of the calendar year in which the death occurs or by the fifteenth day of the third month following the date of death, if later. Notwithstanding the foregoing sentence, if the Company is not timely notified of the death of the Participant and therefore cannot reasonably begin or make payments by the distribution deadline required by Code Section 409A, a lump sum distribution will be made to the beneficiary as soon as possible following the Company's receipt of the death notification, distribution forms, and death certificate in good order, subject to any tax, interest, and penalties imposed by Section 409A.

**5.6    Designation of Beneficiary**. Each Participant has the right to designate in writing or on-line, in form satisfactory to the Company, one or more beneficiaries to receive the unpaid vested balance of the Participant's account in the event of such Participant's death, and may change or revoke any prior beneficiary designation by a similar instrument in writing. Any beneficiary designation must be received by the Company before the Participant's death. Any beneficiary designation of a Participant's spouse will be made void in the event of a divorce. If a Participant fails to designate a beneficiary or, having revoked a prior beneficiary designation, fails

-14-

to designate a new beneficiary, or in the event the Participant's beneficiary designation fails, in whole or in part, by reason of the prior death of a designated beneficiary, divorce or for any other cause, then the undistributed vested balance of the Participant's account, or the portion thereof as to which such designation fails, as the case may be, will be paid to the Participant's spouse, or if none, the Participant's estate.

5.7     **Disclaimers by Beneficiaries**. A beneficiary entitled to a distribution of all or a portion of a deceased Participant's accounts may disclaim his or her interest therein subject to the following requirements. To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least 21 years of age as of the date of the Participant's death. Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public. A disclaimer will state that the beneficiary's entire interest in the undistributed accounts is disclaimed or will specify what portion thereof is disclaimed. To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Company after the date of the Participant's death but not later than 180 days after the date the Company has actual knowledge of the Participant's death. A disclaimer will be irrevocable when delivered to the Company. A disclaimer will be considered to be delivered to the Company only when actually received by the Company. The Company will be the sole judge of the content, interpretation and validity of a purported disclaimer. Upon the filing of a valid disclaimer, the beneficiary will be considered not to have survived the Participant as to the interest disclaimed and any distribution made to the beneficiary will be reversed. A disclaimer by a beneficiary will not be considered to be a transfer of an interest in violation of the provisions of SECTION 6 and will not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan. The Company will not recognize any other form of attempted disclaimer.

5.8     **Federal Income Tax**.

(a)     *Tax Consequences of Participating in the Plan*. The Plan provides that the election to defer any portion of a Participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for an Employer to which the compensation relates. Accordingly, the Company believes that Participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; provided, that such amounts may still be subject to FICA taxes when deferred to the Plan or become vested under the Plan.  Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan until, and for its taxable year in which, a Participant recognizes ordinary income hereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation. As described above and in Section 5.9 below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Code Section 3402 and certain other Code sections.

(b)     *Payment Acceleration for Employment Taxes*.  Notwithstanding anything to the contrary in the Plan, to the extent the Company cannot withhold FICA taxes from

-15-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 235
CONFIDENTIAL                                          RBC-PAUL000003403

a Participant's regular payroll checks to cover the FICA taxes owed by a Participant on Company Contributions as they vest, the Company will accelerate distributions under the Plan as necessary to pay such FICA tax.  In no event may the amount of the acceleration exceed the aggregate of the FICA taxes owed by such Participant that cannot be withheld from the Participant's regular payroll.

    (c)    *Compliance with Code Section 409A.* Except as specifically provided in <u>Section 5.5</u>, it is intended that any income or payments to a Participant provided pursuant to this Plan will not be subject to the additional tax and interest under Code Section 409A. The provisions of the Plan will be interpreted and construed in favor of complying with any applicable requirements of Code Section 409A necessary to avoid the imposition of additional tax, interest or penalties under Code Section 409A.

    (d)    *Participants Should Consult Their Tax Advisors.* Due to the complexity of the applicable provisions of the Code, this summary of certain federal income tax consequences sets forth only the general tax principles affecting the Plan. These general tax principles are subject to changes that may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis. Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service regarding the federal income tax consequences associated with participation in the Plan. Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan, and Participants should refer to the applicable laws in those jurisdictions. **Accordingly, each Plan Participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such Participant pursuant to the Plan.**

    **5.9**    **Tax Withholding**. All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA tax (to the extent not already withheld at the time of deferral or at vesting), payroll and other taxes required to be withheld. In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its Affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (a) a Participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a Participant, whether or not pursuant to the Plan, or (b) the Company will be entitled to require that the Participant remit cash to the Company, his or her employer or any of its Affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.

    **5.10**    **ERISA Matters**. Although the Plan is not intended to be a tax-qualified plan under Code Section 401, the Plan might be determined to be an "employee pension benefit plan" as defined by ERISA. If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, exempt from many ERISA requirements. A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

LEGAL_1:22240460.1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 236
CONFIDENTIAL

RBC-PAUL000003404

## SECTION 6
## SPENDTHRIFT PROVISIONS

Neither any Participant nor the personal representative of any Participant has any transferable interest in the Participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in SECTION 4 and SECTION 5, nor will the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors (including current or former spouses) of the Participant or the personal representative of the Participant.

## SECTION 7
## ADMINISTRATION

**7.1     The Company**. The Plan will be administered by the Company. The Company has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Company considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest and determination of a termination of employment due to Cause under Section 4.3; provided that the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to all provisions of the Plan. To further these administrative provisions, to the extent that the Company has rights or obligations under this Plan such rights or obligations may be performed by any person, entity or office, including employees with compensation and benefits responsibilities or employees of a Participating Subsidiary, in each case who are authorized by an officer of the Company with respect to this Plan. More information about Plan administration may be obtained by calling US HRSC at 1 (866) 477-3783.

**7.2     Claims Procedure**. If any Participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Company in accordance with procedures set forth in this SECTION 7.

**7.3     Making a Claim**. The claim must be written and must be delivered to the Company within 90 days of the date on which the Participant or beneficiary knows or should have known of his or her claim for benefits. Within 90 days after the claim is delivered, the claimant will receive either: (a) a decision or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

In the event of an Adverse Benefit Determination, the claimant will receive a written or electronic notice specifying: (a) the reasons for the determination; (b) the Plan provisions on which the Adverse Benefit Determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal. Notice of the claimant's right to request a review (as described in Section 7.4) will also be given to the claimant.

LEGAL_1:22240460.1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 237
CONFIDENTIAL

RBC-PAUL000003405

**7.4     Requesting Review of a Denied Claim**. A claimant may request that a denied claim be reviewed. The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination. A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review, even if such information was not provided in the initial request for benefits. The claimant may examine pertinent Plan documents, including the records and other documentation, by asking the Committee for such documents. Within 60 days after delivery of a request for review, the claimant will receive either: (a) a decision; or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The Committee may require the claimant to submit such additional facts, documents or other material as it deems necessary or advisable in making its review. The Committee will notify the claimant in writing or electronically of its decision. If the Adverse Benefit Determination is confirmed in whole or in part, the communication will set forth: (a) the specific reasons for the decision; (b) the specific references to the Plan provisions on which the decision is based; (c) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to the claim; and (d) a statement regarding the claimant's right to bring an action under ERISA Section 502(a).

**7.5     In General**. All decisions on claims and on reviews of denied claims will be made by the Committee. The Committee also reserves the right to delegate its authority to make decisions. The Committee may, in its discretion, hold one or more hearings. If a claimant does not receive a decision within the specified time, the claimant should assume the claim or appeal is denied on the date the specified time expired. The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

No action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this SECTION 7. Any action brought after exhaustion of such remedies must be brought within ninety (90) days after the Participant or beneficiary has received final notice of an Adverse Benefit Determination under Section 7.4.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1     Reporting**. As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each Participant a report showing (a) the amounts credited to the Participant's account since the last report from the Company, and (b) the amounts of any distributions made since the last report. At its discretion, the Company may prepare and make available more frequent reports to Participants.

-18-

**8.2      Plan Obligor; Status as Unsecured General Creditors**.

(a)      The Company will be the Plan Obligor with respect to distributions from all accounts.

(b)      All Participants are general unsecured creditors of the Plan Obligor with respect to amounts payable pursuant to distributions from the accounts.

As such, Participants and their estates will not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, of the Employers. The Plan does not require that any hypothetical investments under this Plan be funded by the Company. If the Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets will be subject to the claims of its general creditors, and neither any Participant nor any beneficiary of any Participant will have a legal, beneficial or security interest therein.

**8.3      Disclaimer of Employment and Bonus Rights**. The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Employers or to obtain any compensation. Upon dismissal or severance of employment, no Participant will have any right or interest under the Plan, other than as specifically provided herein.

**8.4      Administrative Expenses of the Plan**. Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among Participants' accounts).

**8.5      Voting Rights**. Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.6      Governing Law**. This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that state to the extent not preempted by federal law and will be construed and enforced in accordance with the laws of the State of Minnesota.

## SECTION 9
## AMENDMENT OR TERMINATION

**9.1      Amendments to and Termination of Plan**. The Plan may be amended from time to time or terminated at any time by the Company . Amendments may include, without limitation, (a) ensuring that neither the Plan Obligors nor the Participants are subject to adverse Canadian or United States tax consequences,(b) modifying the form of distribution of Participants' accounts and (c) such other amendments as deemed necessary or desirable; provided, however, that no such amendment or termination will have the effect of (i) reducing the vested portion of amounts

-19-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 239
CONFIDENTIAL                                                    RBC-PAUL000003407

already credited to a Participant's account; (ii) extending the time of distribution of such Participant's accounts, without the consent of such Participant and only in a manner permitted by Code Section 409A; or (iii) causing a violation of Code Section 409A. In the event of a termination of the Plan, all accounts will be deemed vested and amounts credited thereto will be distributed to Participants in accordance with the distribution guidelines under Code Section 409A.

**9.2     Merger**. The Company may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company. If the Company agrees to such a merger, the Company will specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

**9.3     Applicability to Successors**. This Plan will be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant, his or her personal representatives and any beneficiaries. If the Company becomes a party to any merger, consolidation or reorganization, this Plan will remain in full force and effect as any obligation of the Company or its successors in interest.

-20-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 240
CONFIDENTIAL                                                    RBC-PAUL000003408

# EXHIBIT 12

# Amended and Restated

## Royal Bank of Canada

## US Wealth Accumulation Plan

### And Prospectus

## FROZEN AS OF JANUARY 1, 2012

## The date of this document is JANUARY 1, 2012

This document constitutes part of
a prospectus covering securities
that have been registered under
The Securities Act of 1933

CONFIDENTIAL
RBC-PAUL000003341

## TABLE OF CONTENTS

**Page**

SECTION 1 INTRODUCTION ...................................................................1
    1.1  General Information about the Plan ................................................1
    1.2  Definitions........................................................................1
    1.3  Rules of Interpretation ...........................................................5

SECTION 2 DEFERRALS AND DEEMED INVESTMENTS..............................6
    2.1  Eligibility .......................................................................6
    2.2  Election to Voluntarily Defer Compensation .....................................6
    2.3  Mandatory Deferral of Compensation ...........................................6
    2.4  Election of Investments and Accounts...........................................6
    2.5  Investment Fund Exchanges .....................................................6
    2.6  Company Contributions .........................................................7

SECTION 3 INFORMATION CONCERNING INVESTMENT ALTERNATIVES...................7
    3.1  Company Common Shares.........................................................7
    3.2  Plan Interest Rate ...............................................................8
    3.3  Mutual Funds ...................................................................8
    3.4  Valuation .......................................................................8

SECTION 4 VESTING.........................................................................9
    4.1  Vesting of Voluntary Deferred Compensation ...................................9
    4.2  Vesting of Mandatory Deferred Compensation and Company Contributions................9
    4.3  Termination For Cause ..........................................................9
    4.4  Terminations Due to Restructuring.............................................10
    4.5  Change in Control ..............................................................10
    4.6  Forfeitures .....................................................................10

SECTION 5 DISTRIBUTIONS ...............................................................10
    5.1  Distributions...................................................................10
    5.2  Distribution Dates .............................................................10
    5.3  Distribution Due to a Change In Control .......................................12
    5.4  Form of Distributions..........................................................12
    5.5  Distributions to Beneficiaries .................................................13
    5.6  Designation of Beneficiary .....................................................14
    5.7  Disclaimers by Beneficiaries ..................................................14
    5.8  Federal Income Tax ............................................................14
    5.9  Tax Withholding ...............................................................15
    5.10 ERISA Matters................................................................15

SECTION 6 SPENDTHRIFT PROVISIONS .................................................16

60908027.9

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 243
CONFIDENTIAL

RBC-PAUL000003342

SECTION 7 ADMINISTRATION ..................................................................16
  7.1  The Company ..............................................................................16
  7.2  Claims Procedure .......................................................................16
  7.3  Making a Claim ..........................................................................16
  7.4  Requesting Review of a Denied Claim .....................................17
  7.5  In General ...................................................................................17

SECTION 8 OTHER ADMINISTRATIVE MATTERS ................................17
  8.1  Reporting ....................................................................................17
  8.2  Plan Obligor; Status as Unsecured General Creditors .............18
  8.3  Disclaimer of Employment and Bonus Rights ..........................18
  8.4  Administrative Expenses of the Plan .........................................18
  8.5  Voting Rights ..............................................................................18
  8.6  Governing Law ...........................................................................18

SECTION 9 AMENDMENT OR TERMINATION .......................................19
  9.1  Amendments to and Termination of Plan ..................................19
  9.2  Merger ........................................................................................19
  9.3  Applicability to Successors ........................................................19

-ii-

## SECTION 1
## INTRODUCTION

**1.1      General Information about the Plan**.

(a)      Nature and Purpose.  The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") had been offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.  The Plan was designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.

(b)      History.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan Year beginning on January 1, 2007, was further amended and restated effective for the Plan Year beginning on January 1, 2008, was further amended and restated effective for the Plan Year beginning on January 1, 2010, was further amended and restated effective for the Plan Year beginning on January 1, 2011 and **is hereby further amended and restated effective for the Plan Year beginning on January 1, 2012**.  This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan are governed by this Plan.

(c)      Frozen Status.  Effective January 1, 2012 (the "**Effective Date**"), the Plan is frozen and the Plan will not accept any new Participants or Company Contributions or Deferred Contributions (other than Final Company Contributions Voluntary Deferrals) with respect to any compensation relating to periods beginning on or after the Effective Date.  Amounts contributed to the Plan will be distributed in accordance with the terms of the Plan or any Participant election, as appropriate; the frozen status of the Plan will not accelerate or delay any distribution date.

**1.2      Definitions**.

"**Account Balance**" means, for any given date, a Participant's Deferred Compensation and Company Contributions, plus or minus the hypothetical investment performance thereon.

"**Adverse Benefit Determination**" means a claim for benefits by a Participant, beneficiary or personal representative that has been denied in whole or in part.

"**Affiliate**" of any specified Person means any other Person directly or indirectly controlling or controlled by or under direct or indirect common control with such specified Person.  For the purposes of this definition, "control" when used with respect to any specified Person means the power to direct the management and policies of such Person, directly or

indirectly, whether through the ownership of voting securities, by contract or otherwise; the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"**Business**" means the chief officer and/or operating committee of each Participating Subsidiary.

"**Cause**" means, as determined by the Company or its assignee, in consultation with internal legal counsel, the occurrence of any one of the following: (a) any act of dishonesty, willful misconduct, negligence, gross negligence, intentional or conscious abandonment or neglect of duty; (b) any failure by the Employee to comply with any written policy, rule or code, including but not limited to an Employer's Code of Conduct or Code of Ethics, as applicable; (c) commission of a criminal activity, fraud or embezzlement; (d) violation of any rule or regulation of any self-regulatory agency with which the Employee is licensed, regardless of whether such agency takes disciplinary action against the Employee; (e) the loss or suspension of any license necessary to perform in the occupation for which Employee was hired, or the commission of any action that would cause Employee to become unbondable; (f) a failure to reasonably cooperate in any investigation or proceeding concerning an Employer or any Employer Affiliate; (g) any unauthorized disclosure or use of confidential information or trade secrets; (h) any violation of any restrictive covenant, such as a non-compete, non-solicit or non-disclosure agreement, between the Participant and an Employer or any Employer Affiliate; (i) personal or professional conduct of Employee which, in the reasonable and good faith judgment of the Company or its assignee, injures or tends to injure the reputation of an Employer or otherwise adversely effects the interests of an Employer; (j) failure to perform Employee's duties and obligations to a level required by an Employer; or (k) any other act as determined by the Company in good faith; provided, however, that in the event an Employee is party to an employment agreement with an Employer that contains a different definition of Cause, the definition of Cause contained in such employment agreement will be controlling.

"**Change in Control**" means the Company's sale of (a) at least 75% of the equity or (b) all or substantially all of the assets of a Participating Subsidiary to a person or entity (or a collection of Persons or entities acting as a group) that is not the Company, and Employer or an Affiliate of either. A Change in Control will be deemed to have occurred only if such transaction meets the requirements of a "change in control" (as described in Treasury Regulation § 1.409A-3(i)(5)) with respect to the Participating Subsidiary.

"**Code**" means the U.S. Internal Revenue Code of 1986, as amended, and includes the regulations and guidance in effect thereunder.

"**Committee**" means the WAP Committee (or successor committee), and any person, entity or office to whom the Committee properly delegates any authority related to this Plan. The members of the Committee, if any, serve at the pleasure of the Company, which has the power to appoint and remove members from time to time.

"**Company**" means Royal Bank of Canada, a Schedule I bank under the Bank Act (Canada) with its corporate headquarters in Toronto, Ontario, Canada, and any successor or assign, and any person, entity or office, including the Compensation Team, to whom the Company delegates any authority related to this Plan.

-2-

RBC-PAUL000003345

"**Company Contribution**" means additional contributions that may have been made by the Employers in the form of a Matching Contribution or a Discretionary Contribution.

"**Deferred Compensation**" means, with respect to each Participant, the sum of his or her Voluntary Deferred Compensation and Mandatory Deferred Compensation.

"**Disability**" means the Participant's injury or illness that both (a) qualifies him or her for benefits under a long-term disability plan covering eligible employees of the Participant's Employer and (b) causes the Participant to be absent from his or her employment with his or her Employer for a continuous period of not less than 12 months.

"**Discretionary Contribution**" means a Company Contribution described in Section 2.6(b).

"**Effective Date**" means January 1, 2012.

"**Employee**" means an individual classified as a common law employee by, and on the payroll of, an Employer.

"**Employers**" means the Company and Participating Subsidiaries.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended, and includes the regulations and guidance in effect thereunder.

"**FICA**" means the Federal Insurance Contribution Act.

"**Final Contributions**" means (a) the Company Contribution related to the 2011 Plan Year, which contribution is to be made on or about January 3, 2012, and (b) the Voluntary Deferrals related to the short-term incentive plan, which contribution is to be made on or about March 30, 2012.

"**Fund Addition Date**" means such times as interest or dividends are paid or other distributions are made in connection with a Mutual Fund.

"**Gross Cash Compensation**" has the meaning ascribed to "Recognized Compensation" under the Qualified Plan on the first day of each Plan Year to which an election to defer compensation relates. Gross Cash Compensation is Recognized Compensation that is earned by an Employee for services rendered during a Plan Year, whether or not paid in such Plan Year, and includes any amounts an Employee contributes to the Qualified Plan or an employer-sponsored cafeteria plan from his or her total compensation. Notwithstanding anything to the contrary, if "Recognized Compensation" included any distributions from deferred compensation plans, Gross Cash Compensation included such amounts only to the extent that any further deferral of such amounts into this Plan did not cause the imposition of an additional tax under Code Section 409A.

"**In-Service Payment Date**" means a distribution date, as elected by the Employee on his or her Election, that occurs while the Participant is an Employee (or an employee of an Employer Affiliate).

-3-

"**Mandatory Deferred Compensation**" means the percentage of an Employee's Gross Compensation for periods before the Effective Date that the Business may have, in its sole and absolute discretion, designated as a required deferral to the Plan for such Employee.

"**Matching Contribution**" means a Company Contribution described in <u>Section 2.6(a)</u>.

"**Matching Threshold Amount**" means an amount of Deferred Compensation, as determined by the Business with respect to each Plan Year before the Effective Date, that had been credited to a Participant's account during such Plan Year that was eligible for a Matching Contribution in accordance with standards and guidelines determined by the Business.

"**Mutual Funds**" means any of the mutual funds that have been selected by the Committee, as supplemented, replaced or eliminated from time-to-time at the discretion of the Committee.

"**Mutual Fund Price**" means, unless otherwise determined by the Committee, the daily reported closing price of an interest in, or units of, the Mutual Funds.

"**NYSE**" means the New York Stock Exchange.

"**Participant**" means an individual who has an Account Balance.

"**Participating Subsidiary**" means a corporation affiliated with the Company that had adopted the Plan with the Company's consent.  Such participation is subject to such limitations as the Company may impose and will cease upon a Change in Control of such Participating Subsidiary.  No Affiliate corporation may become a Participating Subsidiary on or after the Effective Date.

"**Person**" means any individual, sole proprietorship, corporation, partnership, joint venture, limited liability company, association, joint-stock company, trust, unincorporated organization, institution, public benefit corporation, entity or government instrumentality, division, agency, body or department.

"**Plan**" means this frozen Royal Bank of Canada US Wealth Accumulation Plan, as set forth in this document and as amended from time to time.

"**Plan Interest Rate**" means an interest rate determined from time to time by the Committee.

"**Plan Obligor**" means the party that is responsible for satisfaction of amounts payable to Participants.

"**Plan Year**" means, with respect to a particular year, the 12-month period beginning January 1 and ending December 31 of such year.

"**Qualified Plan**" means the RBC-U.S.A. Retirement and Savings Plan, as amended from time to time.

-4-

"**Retirement**" means the Separation of a Participant whose age and years of employment (as determined using the service rules set forth in the Qualified Plan) with the Employers when combined equals 60.

"**Separation**" means the separation of employment from the Employers or any Affiliate of an Employer, as the case may be, of a Participant, other than due to such Participant's death, Disability or termination for Cause pursuant to the terms set forth herein. Transfers of employment among the Employers and their Affiliates will not be a "Separation" for purposes of this Plan, and any Separation must constitute a "separation from service" under Code Section 409A.

"**Valuation Date**" means the date on which a distribution is valued, which the business day that falls on the following dates (or, if such date does not fall on a business day, the next following business day) for the following distribution events:

(a)      In-Service Payment Date—the July 1 of each year that a distribution is due a Participant.

(b)      Separation or Retirement—the July 1 of each year that a distribution is due a Participant.

(c)      Death:

(i)      The later of: (A) the date of death, and (B) the date of such Participant's final Voluntary Deferred Compensation contribution; and

(ii)      For any contributions made after the date of death, the date of the final Company Contribution made on behalf of the deceased Participant; and

(iii)      For any deemed dividends paid after the Participant's death pursuant to Section 3.1(b), the dividend payment date.

(d)      Disability—the date that the Participant meets the 12-month period of Disability requirement.

(e)      Other (as described in Section 5.2(d))—the July 1 of each year that a distribution is due a Participant.

(e)      Change in Control—the date of the Change in Control.

"**Voluntary Deferred Compensation**" means the portion or percentage of an Employee's Gross Compensation for periods before the Effective Date that the Employee had elected to defer to the Plan in accordance with Section 2.2.

**1.3      Rules of Interpretation.**  Whenever appropriate, words used herein in the singular may be read in the plural, or words used herein in the plural may be read in the singular; the masculine may include the feminine and the words "hereof," "herein" or "hereunder" or other similar compounds of the word "here" mean and refer to this entire Plan and not to any

-5-

particular paragraph or section of this Plan unless the context clearly indicates to the contrary. The titles given to the various sections of this Plan are inserted for convenience of reference only and are not part of this Plan and they will not be considered in determining the purpose, meaning or intent of any provision hereof. Any reference in this Plan to a statute or regulation will be considered also to mean and refer to any subsequent amendment or replacement of that statute or regulation.

## SECTION 2
## DEFERRALS AND DEEMED INVESTMENTS

**2.1    Eligibility**. Employees who were eligible to participate in the Plan had been any of the select group of management or highly compensated employees of an Employer whose compensation or production otherwise exceeded a level deemed appropriate by the Company and who were invited to become Participants by the Business or Company. As of the Effective Date, no new Employees became eligible to participate in the Plan.

**2.2    Election to Voluntarily Defer Compensation**. For Plan Years beginning prior to the Effective Date, Eligible Employees could enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year pursuant to the election procedures in place at the time of the election.

**2.3    Mandatory Deferral of Compensation**. For Plan Years beginning prior to the Effective Date, on each payroll date, the Employers would reduce each eligible Employee's Gross Compensation by any Mandatory Deferred Compensation and contribute it to the Plan on such Employee's behalf.

**2.4    Election of Investments and Accounts**. On each Plan Year's Election, a Participant (or Employee for the first Election) could choose the form of the hypothetical investment of his or her Deferred Compensation by electing to credit such deferrals for any Plan Year to one or more of the hypothetical investments established by the Committee. The available hypothetical investments as of the Effective Date are described in SECTION 3. If a Participant failed to elect how deferrals are deemed to be invested, such Deferred Compensation are deemed to be invested at the Plan Interest Rate.

Accounts for Participants have been established for bookkeeping purposes only and are not to be considered as, or as evidence of the creation of, a trust fund or a transfer or other segregation of assets for the benefit of the Participants or their estates. Such accounts were established and credited with the appropriate amounts as provided for in the Plan as of the end of each business day, or in the case of any Company Contributions determined after the end of the Plan Year, on or around the last day of February following the end of the applicable Plan Year. Amounts deemed credited to a Participant's account in cash will not be credited with interest, and will not be deemed to be invested in any interest-bearing item.

**2.5    Investment Fund Exchanges**. Subject to such rules as the Company, from time to time and in its sole and absolute discretion, may impose, a Participant may elect to have the investment of all or a portion of his or her Account Balance exchanged for another type of hypothetical investment. Participants may initiate an investment fund exchanges by submitting a

-6-

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 250
CONFIDENTIAL                                                                                                    RBC-PAUL000003349

request in writing or online to the Company in such form as the Company determines. Requests made during any month to transfer Account Balances into another hypothetical investment will be honored at the time/times determined by the Company.

    **2.6**     **Company Contributions**. For Plan Years beginning prior to the Effective Date, the Business established whether and the extent to which a Participant was eligible for one or more of the following types of Company Contributions:

    (a)     *Matching Contributions*. The Employers may have made Matching Contributions equal to a percentage of a Participant's Voluntary Deferred Compensation up to the Matching Threshold Amount. Such contribution was deemed to have been invested in Company common shares. The Participant may diversify his or her Matching Contributions and related investment returns from a deemed investment in Company common shares at any time after the Participant reaches age 55 or, if earlier, upon the Participant's Separation, <u>provided</u> that the applicable Employer classifies such Separation as "retirement" on the applicable separation from service forms. For this purpose, classification as "retirement" is not necessarily a "Retirement," as used in this Plan.

    (b)     *Discretionary Contributions*. The Employers may have made Discretionary Contributions in such other amount as determined by the Business in its sole discretion. The Discretionary Contribution amount could vary from Participant to Participant and may have been made based on any criteria, as determined by the Business. Such Discretionary Contribution was and will continue to be invested as determined by the Business in its discretion, but may be based on any election by such eligible Participant, and may be changed by the Participant at any time.

## SECTION 3
## INFORMATION CONCERNING INVESTMENT ALTERNATIVES

    **3.1**     **Company Common Shares**.

    (a)     *Company Common Shares*. For any Plan Year, in connection with a Participant's election to have a portion of his or her Deferred Compensation credited toward Company common shares, such Participant's account will be deemed to have been allocated the number of Company common shares, including fractional shares, resulting from dividing such portion of the Participant's Deferred Compensation and Company Contributions allocated to the investment in Company common shares by the closing price per Company common share on the NYSE as reported on the day of crediting.

    (b)     *Dividends on Company Common Shares*. At such times as the Company declares dividends on its common shares, an amount equal to the number of Company common shares credited to a Participant's account on the record date multiplied by the declared dividend per share in U.S. dollars (such dividend to be calculated without taking into account any and all Canadian withholding taxes to which such dividend might be subject, if actually paid) will be credited, on the payment date, to such Participant's account in cash (if dividends are paid in cash) or in Company common shares (if

-7-

RBC-PAUL000003350

dividends are declared in common shares), or in such other property determined by the Company.

(c)     *Additional Purchases of Company Common Shares.*  All amounts credited to a Participant's account as a result of cash dividends will be used on a daily basis (or on such other date as determined by the Company in its sole discretion) to purchase hypothetical Company common shares.  The number of additional Company common shares credited to each Participant's account after the end of each day due to the hypothetical purchases described in this paragraph will be equal to the number of Company common shares, including fractional shares, derived by dividing the total amount of cash credited to the Participant's account as described in this Section 3.1 by the closing price per Company common share on the NYSE as reported on the date of the hypothetical purchase of the Company common shares credited to such Participant's account under this Section 3.1.

**3.2     Plan Interest Rate**.  Participants may elect to have all or a portion of their Deferred Compensation invested at the Plan Interest Rate.

**3.3     Mutual Funds**.

(a)     *Mutual Funds.*  A Participant may elect to have all or a portion of their Deferred Compensation, Discretionary Contributions, and, if eligible to diversify their Account under Section 2.6(a), Matching Contributions deemed invested in one or more Mutual Funds.  A Participant's account will be allocated the number of units (including fractional units) of a Mutual Fund equal to the portion of his or her Account Balance allocated to investments in Mutual Funds divided by the Mutual Fund Price.

(b)     *Interest or Dividends on Mutual Funds.*  On each Fund Addition Date, a determination will be made as to the number of units (including fractional units) of the Mutual Fund that will be credited to a Participant's account as of the Fund Addition Date.  On the Fund Addition Date, an amount equal to the number of units of the Mutual Fund credited to a Participant's account multiplied by the amount of the interest or dividend per unit of the Mutual Fund will be credited to such Participant's account, or other fund determined by the Committee.  Interest payments or other distributions will be deemed reinvested in additional units of the Mutual Fund at prevailing market prices on the Fund Addition Date.

**3.4     Valuation**.  Except for changes resulting from plan investment fund exchanges described in Section 2.5, the notional value of a Participant's accounts will be updated daily through the applicable Valuation Date to reflect any increases or decreases in the value of the Participant's hypothetical investment.

The account of a Participant with a hypothetical investment in Mutual Funds will be debited by an amount representing a quarterly fee.  The amount of the quarterly fee will be determined by multiplying the value of the Participant's hypothetical investment in Mutual Funds, as described above, by a decimal determined by the Company, which for 2012 is

0.000625.  The Company will from time to time review this calculation and may change the decimal factor used in this calculation.

<div align="center">

**SECTION 4**
**VESTING**

</div>

**4.1      Vesting of Voluntary Deferred Compensation**.   All Voluntary Deferred Compensation recorded in a Participant's account will be fully vested at all times.

**4.2      Vesting of Mandatory Deferred Compensation and Company Contributions**.    Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Business, in its sole discretion.   Unless otherwise amended by the Business, all time period measurements for the vesting schedules established by the Business will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates. Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:

(a)      the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or

(b)      the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Business.  The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time, provided that such vesting shall be accelerated only for Company Contributions that the Business deems as other than retention, back-end recruiting or front-end recruiting, unless a separate agreement between the Participant and an Employer provides otherwise; or

(c)      the Separation of a Participant who, prior to Separation has entered into a business transition agreement with the Private Client Group, _provided_ that such vesting shall be accelerated only for Company Contributions that the Business deems as other than retention, back-end recruiting or front-end recruiting, unless a separate agreement between the Participant and an Employer provides otherwise.

**4.3      Termination For Cause**.   Notwithstanding anything to the contrary in this SECTION 4, if a Participant is involuntarily terminated for Cause from an Employer or an Employer Affiliate at any time prior to the distribution of his or her Account Balance, upon such Participant's Separation, all of his or her Mandatory Deferred Compensation and Company Contributions will be forfeited, regardless of whether the vesting schedule has otherwise been satisfied with respect to such shares or assets, and the proceeds thereof will be deemed returned to the Company.   The Company has full discretionary authority to determine whether a Participant was terminated for Cause, and, if (a) a Participant has a voluntary Separation, and

<div align="center">-9-</div>

(b) the Company thereafter determines that the Participant could have been involuntary terminated by an Employer or Employer Affiliate for Cause, then the Participant will be treated as though he or she was involuntarily terminated for Cause for all purposes of this Plan.

**4.4     Terminations Due to Restructuring**.  In the event a Participant ceases to be employed by the Employers and their Affiliates due to an organizational restructuring (as determined in the sole discretion of the Company), all Mandatory Deferred Compensation in such Participant's account will become vested, but all unvested Company Contributions will be forfeited.

**4.5     Change in Control**.  In the event of a Change in Control of a Participating Subsidiary, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (as determined by the Company), is no longer employed by an Employer immediately after the Change in Control will become vested in his or her Mandatory Deferred Compensation and Company Contributions as follows:

(a)     *Minimum Vesting*.  The unvested portion of each affected Participant's Mandatory Deferred Compensation and Company Contributions will be vested pro rata, based on the period of time that has elapsed from the effective date of the contribution to the date of the Change in Control relative to the total vesting period related to such contribution.  Before a Change in Control event, the Company will establish a reasonable method for calculating the pro rata portion of each affected Participant's Account Balance.

(b)     *Discretionary Vesting*.  The Board has the discretionary authority to vest any amount held in an affected Participant's account that remains unvested after the application of paragraph (a) above.  In making its determination, the Board may consider the terms of the transaction governing the Change in Control, the financial impact on the Employers, and any other factors it deems relevant to its determination.

**4.6     Forfeitures**.  Except as otherwise specifically set forth herein, all Company Contributions and Mandatory Deferred Compensation and related deemed investment returns that are not vested on the Participant's Separation date will be deemed forfeited, and such Participant's account will be appropriately reduced.

## SECTION 5
## DISTRIBUTIONS

**5.1     Distributions**.     Except as otherwise described below, upon electing to participate in the Plan for a Plan Year, a Participant had made an election with respect to the timing of the payment of the amounts credited to such Participant's account for such Plan Year.

**5.2     Distribution Dates**.

(a)     *Distribution Pursuant to the In-Service Payment Date*.  If the Participant selected an In-Service Payment Date, then subject to this SECTION 5 and any other terms and conditions the Company may impose, distributions will be made in a single

-10-

payment in the specified year promptly after, but in no event after the 90th day following, July 1 of such year.  The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.  With the consent of the Company, a Participant may change the In-Service Payment Date pursuant to the procedures established by the Company and the restrictions under Code Section 409A, which generally require making a written request more than 12 months in advance of the In-Service Payment Date and selecting a new In-Service Payment Date that will occur at least five years after the originally selected date.

(b)    *Distribution on Separation or Retirement.*

(i)    If (A) the Participant elected payment on Separation on his or her Election or (B) if such Separation occurs prior to the otherwise scheduled In-Service Payment Date, then subject to this SECTION 5 and any other terms and conditions the Company may impose, the Participant's Account Balance will be distributed due to Separation, less any amount owed by the Participant to an Employer at the time of Separation pursuant to a promissory note or otherwise incurred in the normal course of business.

(ii)    If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election.  Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

(iii)    Any single lump sum payment and the first installment of any series of installment payments will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year that begins following the year of Separation, and each annual installment will occur promptly after, but in no event after the 90th day following, the July 1 of each year thereafter.  Subject to reduction as set forth in clause (i) above, each installment will be equal to a fraction of all vested amounts deemed allocated to the Participant's account, the numerator of such fraction being one and the denominator being the number of installments remaining to be paid.  For example, if the Participant has elected five annual installments, the first installment will be equal to one-fifth of the Participant's total vested Account Balance on the date such Account Balance is valued for purposes of the first payment date and the second installment will be equal to one-fourth of the Participant's account on the date such account is valued for purposes of the second payment date, etc.

(iv)    If the Participant did not indicate a distribution date on his or her Election, or if the Election was not timely filed, then distribution of the Account Balance will be made promptly after, but in no event after the 90th day following, the July 1 of the Plan Year following the Plan Year in which such Separation occurs.

-11-

(v)      Distributions pursuant to this section will be made pro-rata from all of a Participant's hypothetical investments, and the Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

(vi)     For purposes of Code Section 409A, each installment payment will be treated as a separate single payment.

(c)     *Distributions Following Death or Disability*.   Distributions following death will follow the procedures set forth in <u>Section 5.5</u>.   Distributions following Disability will be made in a single payment to the Participant promptly after, but in no event after the 90th day following, the date the Participant satisfies the definition of Disability.   The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

(d)     *Other*.

(i)      The Company reserves the right to distribute accounts and terminate participation of Participants who transfer employment outside of the United States; <u>provided</u>, <u>however</u>, that no acceleration of distribution will be made in contravention of Code Section 409A.

(ii)     Notwithstanding anything to the contrary in this <u>Section 5.2</u>, but subject to <u>Section 5.3</u>, all Deferred Compensation and Company Contributions contributed to this Plan during a period when a Participant was deemed a "special participant" under a prior version of this Plan will be distributed in full promptly after, but in no event after the 90th day following, the July 1 of the sixth Plan Year following the Plan Year for which the contribution is made.   The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

**5.3      Distribution Due to a Change In Control**.   If, as a result of a Change in Control, a Participant's employer that is a Participating Subsidiary ceases to be a Participating Subsidiary under the Plan, each Participant who is employed by such Participating Subsidiary immediately prior to the date on which the Change in Control is consummated and who, due to the Change in Control (at the determination of the Company), is no longer employed by a Participating Subsidiary immediately after the Change in Control will receive his or her vested Account Balance on the date on or promptly after, but in no event after the 90th day following, the date the Change in Control is consummated.   The Participant's account will be valued as of the Valuation Date on or immediately preceding the distribution date.

**5.4      Form of Distributions**.

(a)     *Distributions of Company Common Shares*.

(i)      All distributions of hypothetical investments in Company common shares will be in the form of Company common shares, less the number of common shares equal to the minimum amount necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes.   Any

-12-

Company common shares distributed under the Plan will be Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued Company common shares;

(ii)    The value of each Company common share credited to a Participant's account will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date; and

(iii)    All distributions will be in the form of whole Company common shares. Fractional shares, if any, will be distributed in cash.

(b)    *Distributions of Investments in Mutual Funds.* A Participant's hypothetical investment in mutual funds will be distributed in cash, less the amount of cash necessary to satisfy withholding requirements with respect to all applicable federal, state and local taxes. The value of a Participant's hypothetical investment in Mutual Funds will be determined by multiplying the total number of units of the Mutual Fund credited to the Participant's account by the Mutual Fund Price, in each case, measured as close as practicable to the Valuation Date.

(c)    *Distributions of Investment in the Plan Interest Rate.* A Participant's hypothetical investment in the Plan Interest Rate will be distributed in cash, less the amount of cash needed to satisfy withholding requirements with respect to all applicable federal, state and local taxes.

Notwithstanding Section 5.4(b) or (c), as applicable, the Company, in its sole and absolute discretion, may cause distributions with respect to a Participant's Account Balance to be made, at the Company's option, in Company common shares that have been previously issued and that are currently trading in the market, or, subject to the approval of the Board of Directors of the Company and any required regulatory and shareholder approvals, authorized but previously unissued shares; the value of all such shares will be equal to the closing price per Company common share on the NYSE as reported for the Valuation Date.

5.5    **Distributions to Beneficiaries**. Distribution of the Account Balance, based on the Valuation Date, of a Participant who dies before any payment to such Participant is made will be made to such Participant's beneficiary in a single lump sum provided that the Company has received a copy of the death certificate and completed distribution forms and considers such certificate and forms to be in good order. If the Participant dies after payments have commenced but before distribution is completed, the Participant's remaining Account Balance will be distributed to the Participant's beneficiary in lump sum after the Participant's death. For purposes of complying with Code Section 409A, such distribution will occur by the end of the calendar year in which the death occurs or by the fifteenth day of the third month following the date of death, if later. Notwithstanding the foregoing sentence, if the Company is not timely notified of the death of the Participant and therefore cannot reasonably begin or make payments by the distribution deadline required by Code Section 409A, a lump sum distribution will be made to the beneficiary as soon as possible following the Company's receipt of the death

-13-

CONFIDENTIAL                                    RBC-PAUL000003356

notification, distribution forms, and death certificate in good order, subject to any tax, interest, and penalties imposed by Section 409A.

**5.6    Designation of Beneficiary**.   Each Participant has the right to designate in writing or online, in form satisfactory to the Company, one or more beneficiaries to receive the unpaid vested balance of the Participant's account in the event of such Participant's death, and may change or revoke any prior beneficiary designation by a similar instrument in writing.   Any beneficiary designation must be received by the Company before the Participant's death.   Any beneficiary designation of a Participant's spouse will be made void in the event of a divorce.   If a Participant fails to designate a beneficiary or, having revoked a prior beneficiary designation, fails to designate a new beneficiary, or in the event the Participant's beneficiary designation fails, in whole or in part, by reason of the prior death of a designated beneficiary, divorce or for any other cause, then the undistributed vested balance of the Participant's account, or the portion thereof as to which such designation fails, as the case may be, will be paid to the Participant's spouse, or if none, the Participant's estate.

**5.7    Disclaimers by Beneficiaries**.   A beneficiary entitled to a distribution of all or a portion of a deceased Participant's accounts may disclaim his or her interest therein subject to the following requirements.   To be eligible to disclaim, a beneficiary must be a natural person, must not have received a distribution of all or any portion of such accounts at the time such disclaimer is executed and delivered, and must have attained at least 21 years of age as of the date of the Participant's death.   Any disclaimer must be in writing and must be executed personally by the beneficiary before a notary public.   A disclaimer will state that the beneficiary's entire interest in the undistributed accounts is disclaimed or will specify what portion thereof is disclaimed.   To be effective, duplicate original executed copies of the disclaimer must be both executed and actually delivered to the Company after the date of the Participant's death but not later than 180 days after the date the Company has actual knowledge of the Participant's death.   A disclaimer will be irrevocable when delivered to the Company.   A disclaimer will be considered to be delivered to the Company only when actually received by the Company.   The Company will be the sole judge of the content, interpretation and validity of a purported disclaimer.   Upon the filing of a valid disclaimer, the beneficiary will be considered not to have survived the Participant as to the interest disclaimed and any distribution made to the beneficiary will be reversed.   A disclaimer by a beneficiary will not be considered to be a transfer of an interest in violation of the provisions of <u>SECTION 6</u> and will not be considered to be an assignment or alienation of benefits in violation of any law prohibiting the assignment or alienation of benefits under this Plan.   The Company will not recognize any other form of attempted disclaimer.

**5.8    Federal Income Tax**.

(a)    *Tax Consequences of Participating in the Plan*.   The Plan provides that the election to defer any portion of a Participant's compensation, and the establishment of a fixed date or schedule for payment, is made prior to the performance of the personal services for an Employer to which the compensation relates.   Accordingly, the Company believes that Participants are not expected to recognize either the deferred amounts or the Company Contributions as ordinary income for federal income tax purposes until such amounts are actually paid or distributed to them by the Company; <u>provided</u>, that such

-14-

amounts may still be subject to FICA taxes when deferred to the Plan or become vested under the Plan.   Similarly, the Company is not expected to be allowed any income tax deduction on account of the Plan until, and for its taxable year in which, a Participant recognizes ordinary income hereunder, to the extent such amount satisfies the general rules concerning deductibility of compensation.   As described above and in <u>Section 5.9</u> below, it is expected that the Company will be required to withhold or otherwise collect income and other payroll taxes upon such amounts as required under Code Section 3402 and certain other Code sections.

(b)     *Compliance with Code Section 409A.*   Except as specifically provided in <u>Section 5.5</u>, it is intended that any income or payments to a Participant provided pursuant to this Plan will not be subject to the additional tax and interest under Code Section 409A.   The provisions of the Plan will be interpreted and construed in favor of complying with any applicable requirements of Code Section 409A necessary to avoid the imposition of additional tax, interest or penalties under Code Section 409A.

(c)     *Participants Should Consult Their Tax Advisors.*   Due to the complexity of the applicable provisions of the Code, this summary of certain federal income tax consequences sets forth only the general tax principles affecting the Plan.   These general tax principles are subject to changes that may be brought about by subsequent legislation or by regulations and administrative rulings, which may be applied on a retroactive basis.   Neither the Company nor any Participating Subsidiary has obtained, and as a result of various provisions the Plan is not eligible for, a ruling from the Internal Revenue Service regarding the federal income tax consequences associated with participation in the Plan.   Participants may be subject to state or local income taxes as a result of their election to defer compensation pursuant to the Plan, and Participants should refer to the applicable laws in those jurisdictions.   **Accordingly, each Plan Participant should consult his or her own tax counsel on questions regarding tax liabilities arising upon any election to defer compensation pursuant to the Plan and any distributions made to such Participant pursuant to the Plan.**

**5.9     Tax Withholding**.   All distribution payments will be treated as wages for tax purposes and therefore will be made net of all applicable income, FICA (to the extent not already withheld at the time of deferral), payroll and other taxes required to be withheld.   In connection with any event that gives rise to a federal or other governmental tax withholding obligation on the part of the Company or any of its Affiliates relating to amounts under the Plan (including, without limitation, FICA tax), (a) a Participant's employer may deduct or withhold (or cause to be deducted or withheld) from any payment or distribution to a Participant, whether or not pursuant to the Plan, or (b) the Company will be entitled to require that the Participant remit cash to the Company, his or her employer or any of its Affiliates (through payroll deductions or otherwise), in each case in an amount sufficient in the opinion of the Company to satisfy such withholding obligations.   Further, as permitted under Treasury Regulation § 1.409A-3(j)(4)(vi), the distribution of any Participant's account may be accelerated to satisfy employment taxes and wage withholding at the source.

**5.10     ERISA Matters**.   Although the Plan is not intended to be a tax-qualified plan under Code Section 401, the Plan might be determined to be an "employee pension benefit plan"

-15-

as defined by ERISA.  If the Plan is determined to be an "employee pension benefit plan," the Company believes that it constitutes an unfunded plan of deferred compensation maintained for a select group of management or highly compensated employees and, therefore, exempt from many ERISA requirements.  A statement has been filed with the Department of Labor to comply with ERISA reporting and disclosure requirements.

<div align="center">

**SECTION 6**
**SPENDTHRIFT PROVISIONS**

</div>

Neither any Participant nor the personal representative of any Participant has any transferable interest in the Participant's account or any right to anticipate, alienate, dispose of, pledge or encumber the same prior to actual receipt of payments in accordance with the rules described in <u>SECTION 4</u> and <u>SECTION 5</u>, nor will the same be subject to attachment, garnishment, execution following judgment or other legal process instituted by creditors (including current or former spouses) of the Participant or the personal representative of the Participant.

<div align="center">

**SECTION 7**
**ADMINISTRATION**

</div>

**7.1**  **The Company**.  The Plan will be administered by the Company.  The Company has the full power and sole discretionary authority to make all determinations provided for in the Plan, including, without limitation, promulgating rules and regulations as the Company considers necessary or appropriate for the implementation and management of the Plan as well as rules to address potential conflicts of interest and determination of a termination of employment due to Cause under <u>Section 4.3</u>; <u>provided</u> that the Board of Directors of the Company also has the full power and discretionary authority to make determinations with respect to all provisions of the Plan.  More information about Plan administration may be obtained by calling US HRSC at 1 (866) 477-3783.

**7.2**  **Claims Procedure**.  If any Participant or his or her estate is in disagreement with any determination that has been made for payment under this Plan, a claim may be presented to the Company in accordance with procedures set forth in this <u>SECTION 7</u>.

**7.3**  **Making a Claim**.  The claim must be written and must be delivered to the Company within 90 days of the date on which the Participant or beneficiary knows or should have known of his or her claim for benefits.  Within 90 days after the claim is delivered, the claimant will receive either: (a) a decision or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 180 days from the day the claims as delivered) to reach a decision.

In the event of an Adverse Benefit Determination, the claimant will receive a written or electronic notice specifying: (a) the reasons for the determination; (b) the Plan provisions on which the Adverse Benefit Determination is based; (c) any additional information needed in connection with the claim and the reason such information is needed; and (d) a description of the Plan's review procedures, including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal.  Notice

<div align="center">-16-</div>

RBC-PAUL000003359

of the claimant's right to request a review (as described in <u>Section 7.4</u>) will also be given to the claimant.

**7.4     Requesting Review of a Denied Claim**.  A claimant may request that a denied claim be reviewed.  The request for review must be written and must be delivered to the Committee within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination.  A request for review may (but is not required to) include issues and comments that the claimant wants considered in the review, even if such information was not provided in the initial request for benefits.  The claimant may examine pertinent Plan documents, including the records and other documentation, by asking the Committee for such documents.  Within 60 days after delivery of a request for review, the claimant will receive either: (a) a decision; or (b) a notice describing special circumstances requiring a specified amount of additional time (but no more than 120 days from the day the request for review was delivered) to reach a decision.

The Committee may require the claimant to submit such additional facts, documents or other material as it deems necessary or advisable in making its review.  The Committee will notify the claimant in writing or electronically of its decision.  If the Adverse Benefit Determination is confirmed in whole or in part, the communication will set forth:  (a) the specific reasons for the decision; (b) the specific references to the Plan provisions on which the decision is based; (c) a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to the claim; and  (d) a statement regarding the claimant's right to bring an action under ERISA Section 502(a).

**7.5     In General**.  All decisions on claims and on reviews of denied claims will be made by the Committee.  The Committee also reserves the right to delegate its authority to make decisions.  The Committee may, in its discretion, hold one or more hearings.  If a claimant does not receive a decision within the specified time, the claimant should assume the claim or appeal was denied on the date the specified time expired.  The claimant may, at the claimant's own expense, have an attorney or other representative act on behalf of the claimant, but the Committee reserves the right to require a written authorization.

No action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this <u>SECTION 7</u>.  Any action brought after exhaustion of such remedies must be brought within ninety (90) days after the Participant or beneficiary has received final notice of an Adverse Benefit Determination under <u>Section 7.4</u>.

## SECTION 8
## OTHER ADMINISTRATIVE MATTERS

**8.1     Reporting**.  As soon as administratively feasible after each calendar quarter end, the Company will prepare and make available to each Participant a report showing (a) the amounts credited to the Participant's account since the last report from the Company, and (b) the amounts of any distributions made since the last report.  At its discretion, the Company may prepare and make available more frequent reports to Participants.

-17-

**8.2    Plan Obligor; Status as Unsecured General Creditors**.

(a)    The Company will be the Plan Obligor with respect to distributions from all accounts; provided, however, that the Participant's Participating Subsidiary will be the Plan Obligor with respect to investments of (i) amounts the Company deems mandatory contributions, (ii) Company Contributions related to such mandatory contributions and (iii) all investment returns on amounts described in (i) and (ii), except as set forth in Section 8.2(b) below.

(b)    The Company will be the Plan Obligor with respect to all accounts of Participants who are residents, for tax purposes, in California and Arizona during the Plan Year.

(c)    All Participants are general unsecured creditors of the relevant Plan Obligor with respect to amounts payable pursuant to distributions from the accounts described in (a) and (b) above.

As such, Participants and their estates will not have any secured or preferred interest by way of trust, escrow, lien or otherwise in any specific assets, of the Employers.  The Plan does not require that any hypothetical investments under this Plan be funded by the Company.  If a Plan Obligor, in fact, elects to set aside monies or other assets to meet its obligations under the Plan (there being no obligation to do so) through the creation of a trust or otherwise, such monies or other assets will be subject to the claims of its general creditors, and neither any Participant nor any beneficiary of any Participant will have a legal, beneficial or security interest therein.

**8.3    Disclaimer of Employment and Bonus Rights**.  The Plan is not a contract for employment and does not grant any employee the right to be retained in the employment of the Employers or to obtain any compensation.  Upon dismissal or severance of employment, no Participant will have any right or interest under the Plan, other than as specifically provided herein.

**8.4    Administrative Expenses of the Plan**.  Participants will be responsible for all administrative expenses incurred with respect to this Plan and for all administrative expenses and other fees of this Plan (to the extent such expenses are not paid by the Company), including the costs of outsourced record-keeping (which expenses will be deducted proportionately among Participants' accounts).

**8.5    Voting Rights**.  Participants' accounts under the Plan are bookkeeping accounts and, accordingly, Participants will not have any voting rights with respect to any common shares or any units or other interests in Mutual Funds deemed allocated to any Participant's account.

**8.6    Governing Law**.  This instrument has been executed and delivered in the State of Minnesota and has been drawn in conformity to the laws of that state to the extent not preempted by federal law and will be construed and enforced in accordance with the laws of the State of Minnesota.

-18-

CONFIDENTIAL                                                                          RBC-PAUL000003361

**SECTION 9**
**AMENDMENT OR TERMINATION**

9.1     **Amendments to and Termination of Plan**.  The Plan may be amended from time to time by the Company or terminated at any time by the Board of Directors of the Company.  Amendments may include, without limitation (a) to ensure that neither the Plan Obligors nor the Participants are subject to adverse Canadian or United States tax consequences and (b) to modify the form of distribution of Participants' accounts; provided, however, that no such amendment or termination will have the effect of (i) reducing the vested portion of amounts already credited to a Participant's account;   (ii) extending the time of distribution of such Participant's accounts, without the consent of such Participant and only in a manner permitted by Code Section 409A; or (iii) causing a violation of Code Section 409A.   In the event of a termination of the Plan, all accounts will be deemed vested and amounts credited thereto will be distributed to Participants in accordance with the distribution guidelines under Code Section 409A.

9.2     **Merger**.  The Company may cause all or part of this Plan to be merged with all or a part of any other nonqualified deferred compensation plan maintained by any company.  If the Company agrees to such a merger, the Company will specify in writing the terms and conditions of such merger and may obtain such consents and agreements as it deems necessary or desirable.

9.3     **Applicability to Successors**.  This Plan will be binding upon and inure to the benefit of the Company and to the extent that the Company is a Plan Obligor under the Plan for any accounts, the Participating Subsidiaries, their successors and assigns, each Participant, his or her personal representatives and any beneficiaries.  If the Company becomes a party to any merger, consolidation or reorganization, this Plan will remain in full force and effect as any obligation of the Company or its successors in interest.

CONFIDENTIAL                                                                                      RBC-PAUL000003362

# EXHIBIT 13



# RBC U.S. Wealth Accumulation Plan
## FC Select Participants

The RBC U.S. Wealth Accumulation Plan (WAP) is among the most innovative and attractive deferred compensation vehicles in our industry. The WAP is also an integral part of your RBC Total Rewards package at RBC Wealth Management.  It is a simple plan which gives you freedom and flexibility to manage your cash flows by choosing how much you voluntarily defer.

The following chart summarizes the components of the 2011 WAP.  Please take the time to review this chart, the following details on the plan, the Plan Document and Prospectus, and the Investment Summary to see how the WAP can benefit you.

| 2011 WAP Components Summary | | | | | |
| --- | --- | --- | --- | --- | --- |
| Component | Range | Eligibility | Investment Options | Date Credited to WAP Account | Vesting Periods |
| Voluntary Contributions | 0 – 50% of WAP eligible compensation | Prior Year (FY 2010) production of at least $400,000 | Participant chooses allocation among the plan's investment options | Each payroll period | Contributions and investment gain/loss always 100% vested |

## ANNUAL ENROLLMENT

Annual WAP enrollment for eligible employees occurs each December.  During the enrollment process, eligible employees may enroll in Voluntary Contributions, make investment elections and make distribution elections.

## BENEFICIARY ELECTIONS

You are encouraged to make beneficiary elections in both your WAP and 401k accounts online at www.netbenefits.com.  After you enroll in the WAP, you will be able to click on a link from the confirmation page that will take you to the Beneficiary section of your profile to update or assign your beneficiary.  You can also access the Beneficiary section of your profile at any time by clicking on the "Your Profile" tab. Only beneficiary elections made online will be reflected in the Beneficiary section of your profile.

## EMPLOYEE VOLUNTARY CONTRIBUTIONS

WAP offers you the choice to contribute up to 50% of your total WAP-eligible compensation[1], allowing you to significantly increase your total wealth accumulation over the course of your career at RBC.

To be eligible for participation in 2011 WAP Voluntary Contributions, financial consultants and branch directors must have fiscal year 2010 production of at least $400,000. Those who joined RBC in fiscal year 2010 must have trailing twelve month production at their prior firm of at least $400,000 to participate in 2011 Voluntary Contributions.

### Key points on employee Voluntary Contributions:

* Contributions are pre-tax, so they lower your taxable wages.
* You are always 100% vested in your Voluntary Contributions and any related earnings/losses.
* Your 2011 WAP contribution rate election applies to all WAP-eligible compensation[1] paid to you from January 1, 2011 through December 31, 2011.
* You cannot change your WAP Voluntary Contribution election intra-year.

**Note:** [1] WAP-eligible compensation includes commission-based earnings, transitional pay, FC recruiting bonuses, and Branch Director salary and bonuses.  Excluded from WAP-eligible compensation are the following: income from stock options, forgivable loan payments, expense allowances, moving expense payments, and non-cash payments. See the RBC U.S.A. Retirement and Savings Plan summary plan description available online at www.netbenefits.com for further details.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 265

## INVESTMENT FLEXIBILITY

The WAP offers a wide range of investment options, listed in the chart below. You can find detailed information on the investment options in the Investment Summary or online at www.netbenefits.com.

There is an additional fee associated with all options other than the RBC Share Account and RBC Interest Account because of the cost of offering these options in the plan.  25 basis points (bps) per year will be deducted on a quarterly basis (6.25 bps per quarter). The amount of the quarterly fee will be determined by multiplying the value of your mutual fund accounts at the end of the quarter by 6.25 bps.

| Investment Name | Ticker | Investment Name | Ticker |
|---|---|---|---|
| American Balanced Class A | ABALX | Jensen Portfolio Class I | JENIX |
| American EuroPacific Growth Class A | AEPGX | Managers Systematic Value Instl Class | MSYSX |
| American Fundamental Investors Class A | ANCFX | Metropolitan West Total Return Bond Cl I | MWTIX |
| American Growth Fund of America Class A | AGTHX | RBC Interest Account | N/A |
| Artisan International Value | ARTKX | RBC Share Account | RY |
| BlackRock Global Allocation Class A | MDLOX | RBC SMID Cap Growth Fund Class I | TMCIX |
| BlackRock Small Cap Growth Equity Inst C | PSGIX | T. Rowe Price Mid Cap Growth | RPMGX |
| Eagle Mid Cap Stock Class I | HMCJX | Third Avenue Small Cap Value | TASCX |
| Fidelity Select Gold Portfolio | FSAGX | Vanguard Inflation Protected Sec Adm | VAIPX |
| Fidelity U.S. Equity Index Commingled Pool | N/A | Vanguard Institutional Index Fund Inst'l | VINIX |
| Invesco Van Kampen Comstock CL Y | ACSDX | Vanguard Windsor II Fund Admiral | VWNAX |
| Invesco Van Kampen Small Cap Growth CL Y | VISCX | Virtus Mid-Cap Value Class A | FMIVX |

### Default Investment Elections

If you do not make an investment election, the investment election will default to the RBC Interest Account.

### Investment Transfers – Up to 12 Transfers per Year

- You can transfer any existing balances in your WAP account related to your Voluntary Contributions up to 12 times per calendar year.
- You can transfer existing balances in your Voluntary Contributions into and out of any investment option, including the RBC Share Account.
- You have the option to change your investment elections to determine how your future contributions are invested.

### Restrictions on the RBC Share Account

- Starting January 1, 2011 RBC Share Account restrictions will be lifted for participants who are at least age 55 to allow for greater flexibility as you plan for retirement. You will still be limited to 12 transfers per year.
- All Fixed and Premium Match contributions from previous plan years must remain in the RBC Share Account until you turn age 55 or retire from RBC.

You can view your account, transfer existing balances or change investment elections for future contributions online at www.netbenefits.com.

## DISTRIBUTION OPTIONS

You will make a distribution election for your 2011 Voluntary Contributions.  All distributions are valued on July 1 and paid as soon as possible after this date.

**You have two choices for your distribution options:**

**1) Retirement Distribution**

With a retirement distribution, you spread your WAP distribution over 1 to 10 years after you leave RBC if you satisfy the "Rule of 60."  To satisfy the Rule of 60, your age plus your years of service with any RBC company must equal 60 or more at the time you separate from service.  If you elect the retirement distribution option and leave RBC prior to reaching the Rule of 60, WAP payments will be made in one lump sum valued on July 1 in the year after your separation from service.  If you want a retirement distribution for your 2011 contributions, you must make the election at the time you enroll in the plan for 2011.

**2) In-Service Distribution**

The in-service distribution allows you to receive your 2011 WAP distribution in one lump sum while you are still employed with RBC.

**You must be employed on the in-service date you select to receive the payment.  If you separate from service prior to the in-service date selected, WAP payments will be made in one lump sum valued on July 1 in the year after you leave.**

Changes can be made to your in-service distribution dates after your original election.  However, the following rules will apply:

- Any new date must be at least five years after the current distribution date on file.
- All changes must be made by June 30 in the year before the distribution is scheduled to occur. For example, you would need to change a July 1, 2017 distribution date by June 30, 2016. An e-mail reminder will be sent to notify you that this date is approaching.
- You will be allowed to change in-service distribution dates more than once, but the new distribution date you elect must always be at least five years after the distribution date on file.

## EARLY VESTING OF COMPANY CONTRIBUTIONS

Your entire balance in the WAP will vest under the following situations:

1) **Approved Retirement**

   You will become fully vested in your entire WAP balance[2] if you satisfy the Rule of 60 (your age plus your years of service with any RBC company equals 60 or more at the time you separate from service) and are offered, and sign, a one-year non-compete agreement. Contact RBC U.S. Retirement & Benefits Administration for a copy of the non-compete agreement.

2) **Business Transition**

   You will become fully vested in your entire WAP balance[2] at the time you separate from service if you participate in the Business Transition program.

3) **Death**

   If you pass away while employed with RBC, your entire account balance will become vested and paid in one lump sum to your beneficiary(ies) as soon as administratively possible. If you pass away after you leave RBC, but prior to your account being fully distributed, the entire balance remaining in your account will be paid in one lump sum to your beneficiary(ies) as soon as administratively possible.

4) **Disability**

   You will become fully vested in your entire WAP balance if you qualify for RBC's Long Term Disability (LTD) plan and remain on LTD for 12 consecutive months. Your entire WAP balance will be vested and paid to you in one lump sum within 90 days after 12 consecutive months on LTD.

*Note:*   [2] *Excluding amounts specifically precluded from early vesting by contract, including but not limited to acquisition related contributions.*

## TAX CONSIDERATIONS

All of your Voluntary Contributions are made on a pre-tax basis, meaning that they lower your taxable income and are not subject to federal and state income taxes until distributed, under current tax laws. In addition, you do not pay federal or state taxes on your earnings, reinvested dividends or company contributions until you receive a distribution.

### FICA Taxes

Social Security and Medicare ("FICA") taxes are withheld from your Voluntary Contributions at the time the deduction is made from your paycheck.

FICA taxes must be paid on WAP company contributions from prior plan years in the year that they become vested and no longer subject to forfeiture as follows:

* **Current Employees**:  In the year of vesting, any applicable FICA tax will be withheld from your November paycheck.

* **Employees who leave RBC before November in the year of vesting**: FICA tax from amounts vested earlier in the year will be prorated and withheld from any paychecks (including business transition payments, if applicable) you receive after you leave.  If RBC cannot recover FICA taxes from remaining paychecks, they will be deducted from the net pay of your WAP distribution.

   If you have an early vesting event and become fully vested in your company contributions, FICA taxes will be due on these newly vested amounts. RBC will withhold a prorated portion of the FICA tax from any paychecks (including business transition payments, if applicable) you receive after you leave.  If RBC cannot recover FICA taxes from remaining paychecks, they will be deducted from the net pay of your WAP distribution.

### Federal, State, and Local Tax Withholding on WAP Distributions

When you receive a WAP distribution, applicable federal, state, and local taxes will be withheld.  The distribution will be treated as ordinary income in the year it is distributed and will be reported on a form W-2.

* Federal tax will be withheld from your payment at a rate of 25%. A rate of 35% will be withheld on annual supplemental wages (bonus and lump sum payments) over $1,000,000 received from RBC during a calendar year.

* If you have lived in the same state since you began participating in the WAP and have only worked in one location, RBC will withhold state and local taxes, if applicable, in the same manner as your regular pay checks.

* If you have lived in multiple states or traveled outside your state of residence for work, RBC may be required to withhold state and local taxes on WAP distributions based on:

   1) Your state of residence in the year contributions vested; and

   2) Non-resident tax withholding for the states you traveled to for work in the year the contributions vested.

   Your state of residence will be based on RBC's payroll records and your travel will be based on the annual travel survey you complete.  You may be required to file multiple state tax returns if you have lived in multiple states or traveled outside your state of residence for work. Please consult your tax advisor for all questions about your personal tax situation.

**This document should not be considered as providing tax advice. You should consult your tax advisor to discuss your personal financial situation.**

**Information provided in this summary is subject to change.**

**This document does not constitute a prospectus nor an offer or solicitation to invest in the RBC U.S. Wealth Accumulation Plan. Before investing, please read the RBC U.S. Wealth Accumulation Plan Document and Prospectus. A copy is available online at www.netbenefits.com. You also may wish to consult with your tax advisor to discuss your specific financial situation.**

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 268

CONFIDENTIAL                                                              TOLBERT0000639

# EXHIBIT 14

Presentation Title

Slide
1



DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 270

Footer copy

RBC-PAUL000005699

CONFIDENTIAL

Presentation Title



DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 271

Footer copy

RBC-PAUL000005700

CONFIDENTIAL

Presentation Title

Slide
3



## Competitive Standing

The 2011 plan is extremely attractive versus our competitors.

- Cost is one of the best on the street with a top payout rate of 50% for our most productive financial consultants
- Grid rewards increasing production
- Industry-leading Wealth Accumulation Plan provides financial consultants with a vehicle to gather great wealth, provide investment flexibility and plan for their retirement

Footer copy

RBC-PAUL000005701

CONFIDENTIAL

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 272

Footer copy

CONFIDENTIAL

RBC-PAUL000005702

RBC-PAUL000005703

Presentation Title

Footer copy

CONFIDENTIAL

Slide
6



## Strategic Alignment

Our goal is to double financial consultant productivity through initiatives aimed at our top producers ("Top Gun"); middle producers ("Jump Start"); and lower producers ("FC Forward"). The 2011 FC compensation plan will specifically address our lower level producers.

➤ For the past six months, new S&I FCs have been working in the FC Forward Program to improve their productivity

➤ We've invested in this program to help lower producing FCs grow their business and help us achieve our productivity goals.

➤ The 2011 FC compensation plan will reflect the focus of our productivity initiatives for lower producing FCs with a grid reduction for production below $300,000

CONFIDENTIAL

RBC-PAUL000005704

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 275

Presentation Title

Slide

7



RBC-PAUL000005705

CONFIDENTIAL

Footer copy

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 276

Presentation Title

Slide 8



Footer copy

RBC-PAUL000005706

CONFIDENTIAL

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 277

Presentation Title



We've Listened

We've heard your feedback about areas of the 2010 compensation plan that needed re-evaluation. We've reviewed and will be making changes to:

- Discounting sharing policies
- Standard account fees and related FC compensation
- Minimum ticket policies for fixed income products

Footer copy

CONFIDENTIAL

RBC-PAUL000005707

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 278

Presentation Title

Slide 10



RBC-PAUL000005708

CONFIDENTIAL

Footer copy

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 279

Presentation Title

Slide 11



RBC-PAUL000005709

CONFIDENTIAL

Footer copy

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 280



DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 281

RBC-PAUL000005710

CONFIDENTIAL

Presentation Title

Slide
13



RBC-PAUL000005711

CONFIDENTIAL

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 282

Slide
14



## Summary of 2011 FC Compensation

✓ No change to quit above $300,000 gross production, reduction below $300,000

✓ No change to the Wealth Accumulation Plan

✓ Reduction of the Discount Sharing Policy Threshold

✓ Reduction of the Std Fee and removal of Std from FC gross production and pay

✓ $25 credit to clients with annual IRA, SAE and investment center fees if the client elects paperless delivery of account documents

✓ Increase in investment center fee that can be offset by credit for paperless accounts

✓ Reduction of the Fixed Income Small Ticket Policy threshold for 2016 pay and elimination of the penalty

As you can see, these changes truly support our goal to retain and attract the best financial consultants. Additionally, these changes support initiatives we've identified used to hone all FC compensation PLUS the sections on 1=100125%, 0=2050005% and 0=2102005%...

CONFIDENTIAL

RBC-PAUL000005712

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 283

Presentation Title

Slide
15

RBC-PAUL000005713

## RDs Only: Financial Impact

Goal:  $7 million 2011 FC Compensation Reduction

| Policy | 2011 Save / Spend in $ millions | Estimated Technology Notes |
|---|---|---|
| Reduce C of India $70M | 0.26 | New data gathering, soft $ risk |
| Bankers Waterfalls - Change to Custom-keep Blending | 7.10 | n/a |
| Standard Scenario Fees | 0.20 | $1.50/AUM - soft choice, low risk |
| • $1.00/M | | $1.00/unit - dynamic, low risk |
| • No FC fee | | FC fee - mildly soft, low risk |
| • Weekback - enforce $1-25 | | Register fees, credit - $125,000 rebate feel effect with premium |
| • $75 trailed penalties | | |
| • Waiverfee, Irrevocable feed | | |
| Fixed Income Fee-less | (3.25 ) | New data gathering, soft $ risk |
| Reduce Bank of Advisor Fee-waiver deployed from $100 to $50M | (20.5 ) | New enhanced re-calc, soft $ risk |
| Total | 9.28 | |

CONFIDENTIAL

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 284

Presentation Title

RBC-PAUL000005714

Slide
16



### 2011 FC Comp Communication Plan

Need Compensation Risk Management & Oversight committee (CRMOC) and HR Committee approval before final comm confirm.

➢ Pending confirmation dates (in detail) by late June

| | |
|---|---|
| **May:** | BD reviews & sign-off |
| **Late June:** | Monthly comp presentations & feedback |
| **August:** | Process for FCs and BDs, BD lead conference calls) |
| **Late August:** | AHEC conferences call & distribution of 2011 Comp Brochure (350 head call) |
| **September:** | Client notice of SM reduction |

Footer copy

CONFIDENTIAL

# **EXHIBIT 15**



# RBC US Wealth Accumulation Plan ("WAP") Overview

## RBC Benefits

Date

Strictly Private and Confidential

TOLBERT0002107

CONFIDENTIAL

# Background

- **WAP is a deferred compensation plan**
  - established for select group of management or highly compensated employees qualifies for ERISA "top- hat" exemption
  - it is a defined contribution supplemental executive retirement plan (DC SERP)
  - participants can self-direct notional investments through an investment lineup.

- **WAP is a key incentive plan**
  - effective recruitment and retention tool for high-producing financial consultants (FCs) in RBC US WM
  - expanded in 2004 to cover eligible employees in Capital Markets, IWM, RBC Bank, and RBC Insurance

- **WAP plan design**
  - RBC WM offers pre-tax deferrals and company contributions with vesting period
  - CM, IWM, RBC Bank and Insurance offer deferrals only, no company contribution
  - WAP distribution options include in-service distributions and 10-year payments

- **WAP is an "unfunded" plan**
  - distributions are paid out of general corporate assets
  - participants are unsecured general creditors in the event of bankruptcy

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 288



TOLBERT0002108

CONFIDENTIAL

# WAP Liability and Investment Lineup

- **Current WAP liability (as of 5/31/2010)**

  - CMC (Dain) - $645MM
  - CMC (Non-Dain) - $117MM
  - Misc (no division) - $87MM
  - IWM - $10MM
    - RBC Insurance - $3MM
    - RBC Bank - $2.3MM

| Fund | RBC Bank | CMC Dain | CMC Non-Dain | RBC Insurance | IWM | No Division | Total |
|---|---|---|---|---|---|---|---|
| Fid US Equity Index | $8,659 | $9,250,957 | $3,026,036 | $329,429 | $511,329 | $746,717 | $13,873,127 |
| TRP Mid Cap Growth | | 4,057,058 | 425,520 | | 243,970 | | 4,726,548 |
| Vanguard Inst. Index | 1,537 | 3,174,118 | 960,202 | | 670,280 | 117,523 | 4,923,660 |
| Amer Balanced | 284,761 | 25,327,385 | 7,423,769 | 388,798 | 838,439 | 1,223,168 | 35,486,320 |
| EuroPacific Growth | 141,856 | 35,770,015 | 5,416,826 | 328,405 | 789,214 | 2,188,960 | 44,635,276 |
| AF Fundamental Investors | 178,367 | 17,436,842 | 1,471,400 | 7,137 | 275,129 | 372,083 | 19,740,958 |
| Growth Fund of America | 148,977 | 45,949,150 | 5,666,039 | 554,481 | 877,003 | 2,724,322 | 55,919,972 |
| AF Investment Company of America | | 82,963 | | | | - | 82,963 |
| AF Small Cap World | | 13,112 | | | | - | 13,112 |
| BlkRock Global Alloc A | 21,797 | 16,716,068 | 1,125,123 | | 221,069 | 257,806 | 18,341,863 |
| Jensen Port Inst | | 2,986,237 | 61,851 | | 232,302 | 57,888 | 3,338,278 |
| Managers AMG Systematic Value I | | 1,815,880 | 212,967 | | 17,949 | 11,939 | 2,060,554 |
| Eagle Mid Cap Stk I | 3,158 | 3,558,767 | 194,395 | | 18,187 | 71,124 | 3,845,631 |
| VanKampen Samll Cap Growth I | 140,164 | 16,844,405 | 3,861,991 | 312,014 | 385,204 | 1,090,638 | 22,634,416 |
| Van Kampen Comstock | 53,549 | 12,803,412 | 1,678,371 | 234,530 | 274,656 | 673,965 | 15,718,483 |
| BlackRock Small Cap Growth Inst | 16,058 | 6,084,287 | 541,676 | 20,210 | 149,381 | 660,304 | 7,471,916 |
| RBC Interest Account | 421,071 | 113,852,052 | 29,070,196 | 244,796 | 1,152,493 | 34,617,740 | 179,398,348 |
| Metropolitan West Total Return Bond I | 106,154 | 22,881,677 | 4,703,010 | 110,408 | 872,908 | 294,855 | 28,969,012 |
| Vanguard Windsor II Adm | 18,676 | 4,256,181 | 425,629 | 58,713 | 426,422 | 53,819 | 5,239,440 |
| RBC Midcap Growth I | 8,183 | 8,962,740 | 1,166,486 | 179,615 | 102,288 | 533,481 | 10,952,793 |
| Alliance Bernstein Int'l Value Adv. | 64,882 | 6,050,978 | 917,643 | 5,750 | 161,782 | 132,476 | 7,333,511 |
| Virtus Mid-Cap Val A | | 3,123,345 | 78,473 | 14,536 | 97,759 | 30,808 | 3,344,921 |
| Vang Int'l Prot Adm | | 9,535,973 | 2,191,592 | 137,947 | 547,883 | 553 | 12,413,948 |
| Third Avenue Small Cap | 95,787 | 16,285,194 | 1,661,274 | 150,734 | 239,193 | 746,799 | 19,178,981 |
| RBC Common Stock | 661,239 | 258,418,272 | 45,125,733 | 189,303 | 901,651 | 40,825,249 | 346,121,447 |
| TOTAL | $2,376,694 | $645,277,068 | $117,406,202 | $3,266,806 | $10,006,491 | $87,432,217 | $865,765,478 |
| Head Count | 31 | 2,058 | 305 | 17 | 55 | 2,466 | |

2



TOLBERT0002109

CONFIDENTIAL



TOLBERT0002110

# Wealth Management WAP Hedging Strategy

- RBC Wealth Management U.S. WAP liabilities are hedged

- Hedging strategy executed by CMC Finance group according to a WAP hedging strategy document

- Other participating subsidiaries do not have hedging strategy currently

| | FY09 Totals (12 months) | FY10 YTD (8 months ended June 30, 2010) |
|---|---|---|
| **Total WAP P&L:** | | |
| **Revenue** | | |
| RY Shares - Mark to Market | 9,375,998 | (1,849,306) |
| RY Shares Dividends | 1,070,343 | 633,646 |
| RY Total Return Swap | 63,894,491 | (7,233,353) |
| Mutual Funds & Other | 30,997,064 | 1,354,041 |
| **Total Hedge Income (Revenue & Compensation)** | **105,337,896** | **(7,094,972)** |
| | 14,623,715 | (1,386,902) |
| **Compensation Expense** | | |
| Base - Unvested company $ | 47,791,414 | 29,786,204 |
| Forfeitures | (9,345,889) | (7,515,759) |
| Mark to Market Liability | 74,146,025 | 377,593 |
| **Total WAP Compensation expense - WM** | 112,591,550 | 22,648,038 |
| | 17,379,930 | 615,821 |
| **Misc. WAP Expense** | | |
| Misc. | 8,590 | - |
| **Total Misc WAP Expense** | **8,590** | **-** |
| Allocation of Mark to Market - Gain(Loss) | | |
| **Total Non-interest Expense** | **112,600,140** | **22,648,038** |
| **NIBT - US&I** | **(7,262,243)** | **(29,743,010)** |
| **Mark-to-Market P&L Only:** | | |
| Revenue | 105,337,896 | (7,094,972) |
| Non-interest Expense | 74,145,975 | 377,593 |
| **NIBT - US&I** | **31,191,921** | **(7,472,565)** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 290

CONFIDENTIAL

# Stakeholders and Accountabilities for the WAP

**Canadian Board**

- **RBC (Canada)** is the plan sponsor and obligor
- Participating subsidiaries include: CM (Dain and non-Dain), RBC Bank and RBC Insurance as plan obligors for relevant liabilities
- Canadian Board of Directors
  - Power to amend/terminate the plan
  - Plan amendments that increase the material cost of the plan

**Chief HR Officer
Zabeen Hirji**

- Chief Human Resources Officer - Zabeen Hirji
  - Plan amendments that do not increase material cost
  - To appoint/remove members

**WAP Committee**

- WAP Committee
  - Legislative and operational design changes that do not require plan amendments
  - Changes in deferral limits and eligibility thresholds are made by key U.S. business leaders with input from relevant Operating Committees, then sent to WAP Committee for approval

**Participants**

- Participants - key executives of CMC (Dain and non-Dain), RBC Bank, RBC Insurance, IWM and high-producing Dain FCs

**Investment Committee**

- WAP Investment Committee (Appointed by the WAP Committee)
  - Oversees the selection and monitoring the additional funds in addition to funds under 401(k) Plan
  - Investment line-up automatically includes mutual funds selected and monitored by the USIC for the 401(k) Plan

4

TOLBERT0002111

CONFIDENTIAL

# Legal Considerations

"Top Hat" plan exemption under ERISA

– Top-hat plans are exempt from below ERISA rules that apply to qualified plans i.e. 401(k) plans

  – Vesting rules

  – Fiduciary standards to act solely in interests of plan participants, avoid prohibited transactions such as transactions between related parties, and ERISA prudent person standard of care

  – Breaches of fiduciary duty rules including civil/criminal and personal liability

– WAP is governed by Minnesota state law

ERISA Claims Procedures

– WAP is subject to ERISA claims and appeal procedures for individual participant benefit claims

– Lawsuits may be brought into federal court, but Minnesota law will apply rather than ERISA

Internal Revenue Code (IRC) tax restrictions

– IRC requires FICA tax to be paid upon vesting

– Failure to administer plan in accordance with plan document or comply with IRC section 409A can result in strict tax penalties (immediate taxation and 20% excise tax to participants)

– To qualify for tax advantage status, assets must remain subject to RBC's creditors in the event of insolvency – i.e. liability of the RBC and participants are unsecured general creditors



TOLBERT0002112

CONFIDENTIAL

Appendix A

# WAP Committees

## WAP Committee Membership

| | |
|---|---|
| Natalie Cadavid (Chairman/Secretary) | Director, U.S. Retirement & Benefits |
| Dan Szabo | Director, U.S. Compensation and International Banking |
| Darryl Traweek | Regional Director, RBC Wealth Management |
| Mary Zimmer | Head, Primary Advisor Services, RBC Wealth Management |
| Lisa Sorenson | Director, Human Resources, RBC Wealth Management |
| Advisors | |
| Gabriela Sikich | Manager, U.S. Defined Contribution Plans |
| Todd Schnell | Vice President, Senior Associate General Counsel |

## WAP Investment Committee Membership

| | |
|---|---|
| Gabriela Sikich – Chairman/Secretary | Manager, U.S. Defined Contribution Plans |
| Pat Servo | Financial Consultant, Beverly Hills, RBC Wealth Management U.S. |
| Michael Geri | Financial Consultant, Seattle, RBC Wealth Management U.S. |
| Tom Sagissor | Regional Director, RBC Wealth Management U.S. |
| Kevin McDevitt | Team Lead, Advisory Research, RBC Wealth Management U.S |
| Suzanne Basilicato | Vice President, CM Finance, Compensation and Benefits |

CONFIDENTIAL

TOLBERT0002113

Appendix B

# WAP Investment Committee Charter

- The Investment Sub-Committee is the group responsible for overseeing the investment selection, performance monitoring and operational management issues related to the investment funds that extend beyond the RBC-U.S.A. Retirement and Savings Plan. The Investment Sub-Committee works at the direction and behest of the RBC WAP Committee, which retains all final decision making regarding WAP investments.

- The Investment Sub-Committee shall:

- **Approve and Account for:**

  – Selection, appointment and replacement of investment managers

  – Develop an investment selection criteria to include:

  – Hedging considerations – Securities are required to be purchased through a corporate account to hedge plan liabilities

  – Objective to attract, retain and maintain a competitive deferred compensation plan

  – Performance benchmarks

  – Performance measurement and attribution methodology

  – Review and respond to all investment recommendations solicited by WAP participants

- **Verify / Monitor / Evaluate:**

  – Performance of investment funds

  – Cost effectiveness of investment funds

  – Any material changes in the management, strategic direction or ownership of the investment funds

- **Membership / Meetings / Agenda:**

  – The WAP Committee shall appoint at their discretion the members of the Investment Sub-Committee

  – The Investment Sub-Committee will report directly to the WAP Committee

  – Meetings will be held semi annually or on a similar schedule as required

  – Maximum number of years in a term will be two years

7

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 294

TOLBERT0002114

CONFIDENTIAL

Appendix C

# WAP Plan Design

- RBC Wealth Management
  - Voluntary deferrals up to 50%
  - Mandatory deferrals of 10% starting at $100,000 of year compensation for CDs and RDs
  - Productivity Bonus – 2.25% to 5% of fiscal year production
  - Loyalty Bonus – .25% to 4% of production (based on production and length of service)
  - Variable match – 15% to 50% for CDs and RDs
  - 5 year cliff vesting for Fcs and BDs and 4 years for CDs and RDs
  - Loyalty Bonus invested into the RBC Share Account and hand-cuffed until retirement
  - Distribution options – In-Service or at retirement spread out 1 to 10 years

- RBC CM, IWM, RBC Bank and Insurance
  - Voluntary deferrals 0-90% of STI payments
  - No company contributions
  - Plan year is from April through March
  - Participant chooses allocation among any investment options offered in the Plan
  - Distribution options – In-Service or at retirement spread out 1 to 10 years

TOLBERT0002115

CONFIDENTIAL

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 295

# EXHIBIT 16

Yurick, Karen (HR)

| | |
|---|---|
| From: | From Jim and Karl |
| Sent: | Wednesday, November 19, 2008 12:35 PM |
| To: | +RBCWM-Complex Directors |
| Cc: | Taft, John (RBC Wealth Mgmt); +RBCWM-Regional Directors; Sorenson, Lisa (RBC Wealth Mgmt); Payne, Jennifer (RBC Wealth Mgmt); Hansen, Marcia (RBC Wealth Mgmt); Sikich, Gabriela (HR); Yurick, Karen (HR); Herberg, Kris (RBC Wealth Mgmt); Boruckl, Kristen (HR); Benson, Tammy (RBC Wealth Mgmt); Williamson, Gretchen (RBC Wealth Mgmt) |
| Subject: | Advance Notice: Upcoming WAP Enrollment and Changes to WAP Eligibility in 2010 |
| Importance: | High |

Enrollment in the RBC US Wealth Accumulation Plan (WAP) begins November 24, 2008. The WAP is an important part of the Total Rewards package offered at RBC Wealth Management and is integral to our Finishing Well strategy.

As a reminder, there are separate versions of the WAP for CDs and BDs/ FCs. CDs will receive their 2009 enrollment information on November 24, 2008 with enrollment beginning that same day. There are enhancements being made to both versions of the WAP for 2009, and eligibility changes for both plans will be coming in 2010. Details about CD WAP eligibility for 2010 are currently being reviewed and will be shared in the upcoming months.

The following information outlines the 2009 enhancements and 2010 eligibility changes to the BD/FC WAP. This information will be communicated to BDs and FCs on November 20.

Enhancements to WAP for 2009
- Based on employee feedback, beginning January 1, 2009, WAP participants can exchange existing balances in their voluntary contributions and productivity bonuses into the RBC Share Account. In the past, they were limited to only exchanging out of the RBC Share Account. There will be a limit of 12 exchanges per calendar year and exchanges in and out of the RBC Share Account will count towards this limit.
- Both the BlackRock Global Allocation Fund (MALOX) and the Vanguard Inflation-Protected Secs Adm (VAIPX) will be added as investment options to the WAP in late Q1 2009.
- Beginning January 1, 2009, employees who retire from RBC will be allowed to diversify their company matching contributions out of the RBC Share Account into any of the investment options offered in WAP.

Eligibility Changes to BD/FC WAP for 2010
The WAP is intended to be a "top hat" plan, meaning that it is a nonqualified retirement plan limited to a select group of employees and is exempt from some ERISA regulations. The WAP underwent a thorough legal review in 2008. As a result of the review, in order to maintain the "top hat" status and comply with IRS guidelines so that it remains a valuable plan with favorable tax benefits, modifications to participant eligibility are required for 2010.

Beginning with the 2010 plan year, the BD/FC WAP eligibility threshold is increasing from $300,000 in fiscal year production to $400,000 in fiscal year production. To be eligible to participate in the 2010 WAP, BDs/FCs must have 2009 fiscal year production of $400,000 earned from November 1, 2008 through October 31, 2009. There will not be any eligibility changes to the BD/FC WAP for the 2009 plan year; this change will begin with the 2010 plan year.

The current BD/FC WAP eligibility level has been in place since 2002. Following the 2010 eligibility threshold increase, the WAP committee will continue to monitor and change eligibility requirements as necessary to help ensure the longevity of the plan.

These changes are not a reflection of financial consultants' value to the company. These changes are required to ensure the plan's ongoing "top hat" status.

If you have any questions about the WAP, please contact the RBC US HRSC Contact Center at 866-HR SERVE (477-

1/5/2009

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 297

CONFIDENTIAL
RBC 001406

# EXHIBIT 17

Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTY PAUL, an individual; and
BRIAN BUSKIRK, an individual,,

Plaintiff,

v.

RBC CAPITAL MARKETS, LLC, a
Minnesota limited liability company;
ROYAL BANK OF CANADA, a
Canadian corporation; and ROYAL
BANK OF CANADA US WEALTH
ACCUMULATION PLAN, an employee
Benefit plan,

Defendant.

Case No. 3:16-cv-05616-RBL

DEFENDANT RBC CAPITAL
MARKETS, LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS'
SECOND INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant RBC Capital Markets,

LLC ("Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, provides the

following objections and responses to the Second Interrogatories made by Plaintiffs Marty Paul

("Paul") and Brian Buskirk ("Buskirk"), (collectively, "Plaintiffs").

DEFENDANT RBC CAPITAL MARKETS LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES
DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 299

MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive
Chicago, IL 60601
+1.312.324.1000

**INTERROGATORY NO. 3:**

Please identify which version(s) of the WAP you contend applies (1) to Paul's claims against you, and (2) to Buskirk's claims against you.

**RESPONSE TO INTERROGATORY No. 3:**

Defendant objects to this Interrogatory to the extent it seeks information or communications protected by the attorney-client privilege and/or work product doctrine, in particular insofar as information responsive to this Interrogatory would require revealing the mental thoughts, impressions, and litigation strategy of counsel and/or the disclosure of attorney-client communications regarding the same. Defendant also objects to this Interrogatory to the extent it seeks a purely legal conclusion or determination. Defendant also objects to this Interrogatory to the extent it purports to seek separate responses regarding each Plaintiff and, therefore, contains multiple discrete subparts. Without waiving such objection, Defendant will respond to this Interrogatory, but reserves the right to object to further interrogatories to the extent they exceed the maximum number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendants maintain that the version of the WAP in effect on the date of each Plaintiff's termination applies to his claims in this matter. Accordingly, Defendants maintain that Paul's claims are governed by the Amended and Restated Royal Bank of Canada US Wealth Accumulation Plan dated November 1, 2010, effective for the Plan Year beginning on January 1, 2011. Defendants maintain that Buskirk's claims are governed by Amended and Restated Royal Bank of Canada US Wealth Accumulation Plan, Frozen as of January 1, 2012, dated January 1, 2012, effective for the Plan Year beginning on January 1, 2012.

DEFENDANT RBC CAPITAL MARKETS LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES
DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 300

MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
+1.312.324.1000

DocuSign Envelope ID: 61AB48F0-D8E2-45BE-81BE-A81BD8436D55

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**VERIFICATION**

I, Gabriela Sikich, declare under penalty of perjury that I am employed by RBC Capital

Markets LLC as a U.S. Defined Contribution Plan Manager; that I sign the foregoing

Defendant's Responses to Plaintiffs' Second Interrogatories; and that I am authorized by

Defendant to do so.  To the best of my knowledge and information, the facts stated therein are

true and accurate and represent the best information available when the Response was prepared.

Signature: _____          Date: _____
                    *Gabriela Sikich*                                                               3/8/2017
                    BC14E237A83C431...

Name:          Gabriela Sikich

Title:            US Senior Manager, US Deferred Compensation Plans

DEFENDANT RBC CAPITAL MARKETS LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES
NO. 3:16-CV-05616-RBL - PAGE 1
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 301

Morgan, Lewis & Bockius LLP
77 W. Wacker Drive
Chicago, IL 60601
+1.312.324.1000

1

## RULE 26(g) CERTIFICATION

2

The undersigned attorney has read the foregoing Responses and Objections to

3

Plaintiffs' Second Interrogatories to Defendant RBC Capital Markets LLC, and certifies

4

that the responses and objections are in compliance with Federal Rule of Civil Procedures

5

26(g).

6

DATED:  March 8, 2017.

7

**MORGAN, LEWIS & BOCKIUS LLP**

8

By:   /s/  *Matthew A. Russell*

9

    Sari M. Alamuddin (*admitted pro hac vice*)
    Christopher J. Boran (*admitted pro hac vice*)

10

    Matthew A. Russell (*admitted pro hac vice*)

11

    77 West Wacker Drive, Fifth Floor

12

    Chicago, IL 60601
    Phone: 312.324.1000

13

    Fax: 312.323.1001
    Email: sari.alamuddin@morganlewis.com

14

        christopher.boran@morganlewis.com
        matthew.russell@morganlewis.com

15

    *Attorneys for Defendants RBC Capital Markets,*

16

    *LLC, Royal Bank of Canada, and Royal Bank of*
    *Canada US Wealth Accumulation Plan*

17

18

19

20

21

22

23

24

25

26

DEFENDANT RBC CAPITAL MARKETS LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES
NO. 3:16-CV-05616-RBL - PAGE 2
DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 302

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served this document on all parties of record via e-mail on March 8, 2017.

**YARMUTH WILSDON PLLC**

Jeremy E. Roller, WSBA No. 32021
Elizabeth S. Weinstein, WSBA No. 45763
1420 Fifth Avenue, Suite 1400
Seattle, WA  98101
Phone:  206.516.3800
Fax:      206.516.3888
Email:  jroller@yarmuth.com
            eweinstein@yarmuth.com

*Attorneys for Plaintiffs Marty Paul and Brian Buskirk*


/s/  Matthew A. Russell

Matthew A. Russell

DEFENDANT RBC CAPITAL MARKETS LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES
NO. 3:16-CV-05616-RBL - PAGE 3

MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive
Chicago, IL 60601
+1.312.324.1000

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 303

# EXHIBIT 18



**RBC US Deferred
Compensation Plan**

# Retirement Savings Statement

January 1, 2006 - December 31, 2006

ENV#MG000006
MG 14022   T

MARTY PAUL

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$705,970.86** |
| Employee Contributions | 103,234.92 |
| Employer Contributions | 176,384.66 |
| Dividends and Interest | 31,852.31 |
| Fees | -1,460.23 |
| Change in Market Value | 108,276.50 |
| **Ending Balance** | **$1,124,259.02** |

| | |
|---|---|
| **Additional Information** | |
| Vested Balance | $753,106.60 |

| | |
|---|---|
| **Inception to date contribution** | |
| Your Personal Rate of Return | 16.8% |
| Year to Date | 16.8% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings.  It reflects the results of your investment selections as
well as any activity in the plan account(s) shown.  There are other
Personal Rate of Return formulas used that may yield different
results.  Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed
asset classes.  Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPacific Gth A | AF Grth Fund Amer A | Fid US Eq Indx | RBC Share Account | RBC SMID Cap Grth I |
|---|---|---|---|---|---|
| **Beginning Balance** | **$6,847.71** | **$115,343.51** | **$205,026.21** | **$267,325.50** | **$111,427.93** |
| Employee Contributions | 25,808.72 | 25,808.74 | 25,808.75 | 0.00 | 25,808.71 |
| Employer Contributions | 25,808.72 | 25,808.74 | 25,808.75 | 73,149.74 | 25,808.71 |
| Exchanges | 75,000.01 | 0.00 | -75,000.01 | 0.00 | 0.00 |
| Dividends and Interest | 10,018.20 | 7,044.26 | 0.00 | 10,587.79 | 4,202.06 |
| Fees | -286.41 | -374.09 | -430.58 | -16.08 | -353.07 |
| Change in Market Value | 7,024.93 | 7,966.95 | 27,206.29 | 70,666.03 | -4,587.70 |
| **Ending Balance** | **$150,221.88** | **$181,598.11** | **$208,419.41** | **$421,712.98** | **$162,306.64** |

Please read this statement carefully.  Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 305
CONFIDENTIAL

RBC-PAUL000000410

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

# Your Account Activity (continued)

| Activity | Total |
|---|---|
| **Beginning Balance** | **$705,970.86** |
| Employee Contributions | 103,234.92 |
| Employer Contributions | 176,384.66 |
| Dividends and Interest | 31,852.31 |
| Fees | -1,460.23 |
| Change in Market Value | 108,276.50 |
| **Ending Balance** | **$1,124,259.02** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2005 | Shares on 12/31/2006 | Price on 12/31/2005 | Price on 12/31/2006 | Market Value on 12/31/2005 | Market Value on 12/31/2006 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$705,970.86** | **$1,124,259.02** |
| AF EuroPacific Gth A | 166.611 | 3,226.415 | $41.10 | $46.56 | 6,847.71 | 150,221.88 |
| AF Grth Fund Amer A | 3,737.638 | 5,524.737 | $30.86 | $32.87 | 115,343.51 | 181,598.11 |
| Fid US Eq Indx | 5,224.929 | 4,589.725 | $39.24 | $45.41 | 205,026.21 | 208,419.41 |
| RBC Share Account | 3,428.129 | 8,850.220 | $77.98 | $47.65 | 267,325.50 | 421,712.98 |
| RBC SMID Cap Grth I | 8,678.188 | 12,953.443 | $12.84 | $12.53 | 111,427.93 | 162,306.64 |
| **Account Total** | | | | | **$705,970.86** | **$1,124,259.02** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2006 | Effective Date |
|---|---|---|---|---|---|
| **2001** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2001 Employer Match 4yr Cliff** | | | | **15,506.22** | |
| **2001** | | | | | |
| | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2001 Pre-2005 Vested Mandatory** | | | | **104,181.53** | |
| **2001 Total** | | | | **119,687.75** | |
| **2002** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 306

CONFIDENTIAL

RBC-PAUL000000411

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2006 | Effective Date |
|---|---|---|---|---|---|
| **2002 Employee Mandatory** | | | | **21,237.41** | |
| 2002 | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2002 Pre-2005 Vested Mandatory** | | | | **42,462.58** | |
| 2002 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2002 Employer Match 4yr Cliff** | | | | **35,567.91** | |
| **2002 Total** | | | | **99,267.90** | |
| 2003 | Employee Mandatory | Election Unknown | | | Unknown |
| **2003 Employee Mandatory** | | | | **58,970.05** | |
| 2003 | Pre-2005 Vested Contrib | Election Unknown | | | Unknown |
| **2003 Pre-2005 Vested Contrib** | | | | **44,202.07** | |
| 2003 | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2003 Pre-2005 Vested Mandatory** | | | | **29,480.55** | |
| 2003 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2003 Employer Match 4yr Cliff** | | | | **94,984.37** | |
| **2003 Total** | | | | **227,637.04** | |
| 2004 | Employee Mandatory | Election Unknown | | | Unknown |
| **2004 Employee Mandatory** | | | | **63,551.73** | |
| 2004 | Pre-2005 Vested Contrib | Election | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 307

CONFIDENTIAL

RBC-PAUL000000412

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2006 | Effective Date |
|---|---|---|---|---|---|
| | | Unknown | | | |
| **2004 Pre-2005 Vested Contrib** | | | | **47,661.33** | |
| **2004** | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2004 Pre-2005 Vested Mandatory** | | | | **31,771.14** | |
| **2004** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2004 Employer Match 4yr Cliff** | | | | **86,034.50** | |
| **2004 Total** | | | | **229,018.70** | |
| **2005** | Employee Voluntary | Election Unknown | | | Unknown |
| **2005 Employee Voluntary** | | | | **49,154.33** | |
| **2005** | Employee Mandatory | Election Unknown | | | Unknown |
| **2005 Employee Mandatory** | | | | **98,308.83** | |
| **2005** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2005 Employer Match 4yr Cliff** | | | | **85,438.45** | |
| **2005 Total** | | | | **232,901.61** | |
| **2006** | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **107,872.97** | |
| **2006** | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | **107,873.05** | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 308

CONFIDENTIAL

RBC-PAUL000000413

RBC US Deferred
Compensation Plan

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2006 | Effective Date |
|---|---|---|---|---|---|
| **2006 Total** | | | | **215,746.02** | |
| **Total Market Value** | | | | **1,124,259.02** | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2006 | Price On: 12/31/2006 | Market Value: 12/31/2006 | Total Market Value: 12/31/2006 |
|---|---|---|---|---|---|
| **Other Account Holdings** | | | | | |
| | AF EuroPacific Gth A | 3,226.415 | 46.56 | 150,221.88 | |
| | AF Grth Fund Amer A | 5,524.737 | 32.87 | 181,598.11 | |
| | RBC SMID Cap Grth I | 12,953.443 | 12.53 | 162,306.64 | |
| | RBC Share Account | 8,850.220 | 47.65 | 421,712.98 | |
| | Fid US Eq Indx | 4,589.725 | 45.41 | 208,419.41 | |
| | | | | | **1,124,259.02** |
| **Total Market Value** | | | | | **1,124,259.02** |

## Your Contribution Elections as of 03/06/2013
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2011 Voluntary Deferral | 3 Year Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 309

CONFIDENTIAL

RBC-PAUL000000414

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Your Contribution Elections as of 03/06/2013 (continued)

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4yr Cliff | Pre-2005 Vested Contrib | Pre-2005 Vested Mandatory |
|---|---|---|---|---|---|
| This Period | $103,234.92 | $103,234.92 | $73,149.74 | $0.00 | $0.00 |
| Year to Date | $103,234.92 | $103,234.92 | $73,149.74 | $0.00 | $0.00 |
| **Total Account Balances** | **157,027.30** | **349,941.06** | **317,531.45** | **91,863.40** | **207,895.81** |

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPacific Gth A** | | | | | |
| 01/17/2006 | Recordkeeping Fee | Employee Voluntary | -0.001 | $42.40 | -0.03 |
| 01/17/2006 | Realized G/L | Employee Voluntary | | | -0.01 |
| 01/17/2006 | Recordkeeping Fee | Employee Mandatory | -0.002 | $42.40 | -0.07 |
| 01/17/2006 | Realized G/L | Employee Mandatory | | | -0.01 |
| 02/10/2006 | Contribution | Employee Voluntary | 25.787 | $42.65 | $1,099.82 |
| 02/10/2006 | Contribution | Employee Mandatory | 25.787 | $42.65 | $1,099.82 |
| 03/01/2006 | Exchange In | Employee Voluntary | 169.858 | $43.48 | $7,385.44 |
| 03/01/2006 | Exchange In | Employee Mandatory | 849.577 | $43.48 | $36,939.58 |
| 03/01/2006 | Exchange In | Pre-2005 Vested Contrib | 331.953 | $43.48 | $14,433.30 |
| 03/01/2006 | Exchange In | Pre-2005 Vested Mandatory | 373.544 | $43.48 | $16,241.69 |
| 03/10/2006 | Contribution | Employee Voluntary | 33.520 | $42.72 | $1,431.98 |
| 03/10/2006 | Contribution | Employee Voluntary | 33.520 | $42.72 | $1,431.98 |
| 03/31/2006 | Trustee Fee | Employee Voluntary | -0.178 | $44.20 | -7.87 |
| 03/31/2006 | Realized G/L | Employee Voluntary | | | $0.21 |
| 03/31/2006 | Trustee Fee | Employee Mandatory | -0.639 | $44.20 | -28.19 |
| 03/31/2006 | Realized G/L | Employee Mandatory | | | $0.56 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.208 | $44.20 | -9.17 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.12 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.234 | $44.20 | -10.31 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.14 |
| 04/10/2006 | Contribution | Employee Voluntary | 28.521 | $44.88 | $1,280.01 |
| 04/10/2006 | Contribution | Employee Mandatory | 28.521 | $44.88 | $1,280.01 |
| 04/20/2006 | Recordkeeping Fee | Employee Voluntary | -0.003 | $45.79 | -0.16 |
| 04/20/2006 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2006 | Recordkeeping Fee | Employee Mandatory | -0.012 | $45.79 | -0.54 |
| 04/20/2006 | Realized G/L | Employee Mandatory | | | $0.04 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $45.79 | -0.17 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $45.79 | -0.20 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.04 |
| 05/10/2006 | Contribution | Employee Voluntary | 62.171 | $48.09 | $2,989.79 |
| 05/10/2006 | Contribution | Employee Mandatory | 62.171 | $48.09 | $2,989.79 |
| 06/09/2006 | Contribution | Employee Voluntary | 28.982 | $41.78 | $1,210.85 |
| 06/09/2006 | Contribution | Employee Mandatory | 28.982 | $41.78 | $1,210.85 |
| 06/30/2006 | Trustee Fee | Employee Voluntary | -0.253 | $43.90 | -11.09 |
| 06/30/2006 | Realized G/L | Employee Voluntary | | | $0.03 |
| 06/30/2006 | Trustee Fee | Employee Mandatory | -0.713 | $43.90 | -31.26 |

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 310**

CONFIDENTIAL

RBC-PAUL000000415

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/30/2006 | Realized G/L | Employee Mandatory | | | $0.27 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.208 | $43.90 | -9.10 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.05 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.234 | $43.90 | -10.24 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.07 |
| 07/10/2006 | Contribution | Employee Voluntary | 23.959 | $44.02 | $1,054.68 |
| 07/10/2006 | Contribution | Employee Mandatory | 23.959 | $44.02 | $1,054.68 |
| 07/21/2006 | Recordkeeping Fee | Employee Voluntary | -0.006 | $42.50 | -0.22 |
| 07/21/2006 | Realized G/L | Employee Voluntary | | | -0.03 |
| 07/21/2006 | Recordkeeping Fee | Employee Mandatory | -0.015 | $42.50 | -0.59 |
| 07/21/2006 | Realized G/L | Employee Mandatory | | | -0.05 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $42.50 | -0.17 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $42.50 | -0.19 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 08/11/2006 | Contribution | Employee Voluntary | 74.125 | $44.43 | $3,293.36 |
| 08/11/2006 | Contribution | Employee Mandatory | 74.125 | $44.43 | $3,293.36 |
| 09/08/2006 | Contribution | Employee Voluntary | 23.008 | $45.35 | $1,043.40 |
| 09/08/2006 | Contribution | Employee Mandatory | 23.008 | $45.35 | $1,043.40 |
| 09/30/2006 | Trustee Fee | Employee Voluntary | -0.328 | $46.09 | -15.13 |
| 09/30/2006 | Realized G/L | Employee Voluntary | | | $0.69 |
| 09/30/2006 | Trustee Fee | Employee Mandatory | -0.787 | $46.09 | -36.28 |
| 09/30/2006 | Realized G/L | Employee Mandatory | | | $1.95 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.208 | $46.09 | -9.55 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.50 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.233 | $46.09 | -10.74 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.61 |
| 10/10/2006 | Contribution | Employee Voluntary | 41.119 | $46.23 | $1,900.95 |
| 10/10/2006 | Contribution | Employee Mandatory | 41.119 | $46.23 | $1,900.95 |
| 11/02/2006 | Recordkeeping Fee | Employee Voluntary | -0.005 | $47.26 | -0.26 |
| 11/02/2006 | Realized G/L | Employee Voluntary | | | $0.05 |
| 11/02/2006 | Recordkeeping Fee | Employee Mandatory | -0.012 | $47.26 | -0.61 |
| 11/02/2006 | Realized G/L | Employee Mandatory | | | $0.11 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $47.26 | -0.15 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $47.26 | -0.17 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.05 |
| 11/10/2006 | Contribution | Employee Voluntary | 103.983 | $47.81 | $4,971.43 |
| 11/10/2006 | Contribution | Employee Mandatory | 103.983 | $47.81 | $4,971.43 |
| 12/08/2006 | Contribution | Employee Voluntary | 49.775 | $48.90 | $2,434.00 |
| 12/08/2006 | Contribution | Employee Mandatory | 49.775 | $48.90 | $2,434.00 |
| 12/26/2006 | Dividend | Employee Voluntary | 54.527 | $45.95 | $2,505.54 |
| 12/26/2006 | Dividend | Employee Mandatory | 110.138 | $45.95 | $5,060.81 |
| 12/26/2006 | Dividend | Pre-2005 Vested Contrib | 25.106 | $45.95 | $1,153.65 |
| 12/26/2006 | Dividend | Pre-2005 Vested Mandatory | 28.253 | $45.95 | $1,298.20 |
| 12/28/2006 | Contribution | Employee Voluntary | 66.633 | $46.50 | $3,098.45 |
| 12/28/2006 | Contribution | Employee Mandatory | 66.633 | $46.50 | $3,098.45 |
| 12/31/2006 | Trustee Fee | Employee Voluntary | -0.525 | $46.56 | -24.46 |
| 12/31/2006 | Realized G/L | Employee Voluntary | | | $0.76 |
| 12/31/2006 | Trustee Fee | Employee Mandatory | -1.018 | $46.56 | -47.44 |
| 12/31/2006 | Realized G/L | Employee Mandatory | | | $2.29 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.223 | $46.56 | -10.37 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.64 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.251 | $46.56 | -11.68 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.73 |

**AF Grth Fund Amer A**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/17/2006 | Recordkeeping Fee | Employee Voluntary | -0.005 | $31.95 | -0.16 |
| 01/17/2006 | Realized G/L | Employee Voluntary | | | $0.02 |
| 01/17/2006 | Recordkeeping Fee | Employee Mandatory | -0.027 | $31.95 | -0.84 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 311

CONFIDENTIAL

RBC-PAUL000000416

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/17/2006 | Realized G/L | Employee Mandatory | | | $0.19 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.010 | $31.95 | -0.31 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.09 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.011 | $31.95 | -0.36 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.14 |
| 02/10/2006 | Contribution | Employee Voluntary | 34.871 | $31.54 | $1,099.82 |
| 02/10/2006 | Contribution | Employee Mandatory | 34.871 | $31.54 | $1,099.82 |
| 03/10/2006 | Contribution | Employee Voluntary | 45.662 | $31.36 | $1,431.97 |
| 03/10/2006 | Contribution | Employee Mandatory | 45.662 | $31.36 | $1,431.97 |
| 03/31/2006 | Trustee Fee | Employee Voluntary | -0.279 | $32.21 | -8.98 |
| 03/31/2006 | Realized G/L | Employee Voluntary | | | $0.77 |
| 03/31/2006 | Trustee Fee | Employee Mandatory | -1.205 | $32.21 | -38.84 |
| 03/31/2006 | Realized G/L | Employee Mandatory | | | $7.96 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.444 | $32.21 | -14.31 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $3.74 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.507 | $32.21 | -16.35 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.38 |
| 04/10/2006 | Contribution | Employee Voluntary | 39.397 | $32.49 | $1,280.02 |
| 04/10/2006 | Contribution | Employee Mandatory | 39.397 | $32.49 | $1,280.02 |
| 04/20/2006 | Recordkeeping Fee | Employee Voluntary | -0.005 | $32.96 | -0.18 |
| 04/20/2006 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2006 | Recordkeeping Fee | Employee Mandatory | -0.021 | $32.96 | -0.72 |
| 04/20/2006 | Realized G/L | Employee Mandatory | | | $0.21 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $32.96 | -0.27 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.09 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.010 | $32.96 | -0.31 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.11 |
| 05/10/2006 | Contribution | Employee Voluntary | 89.756 | $33.31 | $2,989.78 |
| 05/10/2006 | Contribution | Employee Mandatory | 89.756 | $33.31 | $2,989.78 |
| 06/09/2006 | Contribution | Employee Voluntary | 39.326 | $30.79 | $1,210.84 |
| 06/09/2006 | Contribution | Employee Mandatory | 39.326 | $30.79 | $1,210.84 |
| 06/30/2006 | Trustee Fee | Employee Voluntary | -0.384 | $31.70 | -12.17 |
| 06/30/2006 | Realized G/L | Employee Voluntary | | | $0.56 |
| 06/30/2006 | Trustee Fee | Employee Mandatory | -1.311 | $31.70 | -41.54 |
| 06/30/2006 | Realized G/L | Employee Mandatory | | | $7.24 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.444 | $31.70 | -14.08 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $3.51 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.507 | $31.70 | -16.08 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.11 |
| 07/10/2006 | Contribution | Employee Voluntary | 33.535 | $31.45 | $1,054.69 |
| 07/10/2006 | Contribution | Employee Mandatory | 33.535 | $31.45 | $1,054.69 |
| 07/21/2006 | Recordkeeping Fee | Employee Voluntary | -0.007 | $30.45 | -0.23 |
| 07/21/2006 | Realized G/L | Employee Voluntary | | | $0.03 |
| 07/21/2006 | Recordkeeping Fee | Employee Mandatory | -0.025 | $30.45 | -0.75 |
| 07/21/2006 | Realized G/L | Employee Mandatory | | | $0.12 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $30.45 | -0.25 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.07 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.010 | $30.45 | -0.29 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.09 |
| 08/11/2006 | Contribution | Employee Voluntary | 106.067 | $31.05 | $3,293.37 |
| 08/11/2006 | Contribution | Employee Mandatory | 106.067 | $31.05 | $3,293.37 |
| 09/08/2006 | Contribution | Employee Voluntary | 33.019 | $31.60 | $1,043.41 |
| 09/08/2006 | Contribution | Employee Mandatory | 33.019 | $31.60 | $1,043.41 |
| 09/30/2006 | Trustee Fee | Employee Voluntary | -0.491 | $32.16 | -15.81 |
| 09/30/2006 | Realized G/L | Employee Voluntary | | | $0.82 |
| 09/30/2006 | Trustee Fee | Employee Mandatory | -1.417 | $32.16 | -45.58 |
| 09/30/2006 | Realized G/L | Employee Mandatory | | | $7.93 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.444 | $32.16 | -14.27 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $3.70 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.507 | $32.16 | -16.31 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 312
CONFIDENTIAL

RBC-PAUL000000417

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.34 |
| 10/10/2006 | Contribution | Employee Voluntary | 58.240 | $32.64 | $1,900.95 |
| 10/10/2006 | Contribution | Employee Mandatory | 58.240 | $32.64 | $1,900.95 |
| 11/02/2006 | Recordkeeping Fee | Employee Voluntary | -0.009 | $33.13 | -0.28 |
| 11/02/2006 | Realized G/L | Employee Voluntary | | | $0.02 |
| 11/02/2006 | Recordkeeping Fee | Employee Mandatory | -0.024 | $33.13 | -0.77 |
| 11/02/2006 | Realized G/L | Employee Mandatory | | | $0.17 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $33.13 | -0.23 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.07 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.007 | $33.13 | -0.27 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.13 |
| 11/10/2006 | Contribution | Employee Voluntary | 148.179 | $33.55 | $4,971.42 |
| 11/10/2006 | Contribution | Employee Mandatory | 148.179 | $33.55 | $4,971.42 |
| 12/08/2006 | Contribution | Employee Voluntary | 70.797 | $34.38 | $2,434.01 |
| 12/08/2006 | Contribution | Employee Mandatory | 70.797 | $34.38 | $2,434.01 |
| 12/18/2006 | Dividend | Employee Voluntary | 44.217 | $33.04 | $1,460.94 |
| 12/18/2006 | Dividend | Employee Mandatory | 105.769 | $33.04 | $3,494.60 |
| 12/18/2006 | Dividend | Pre-2005 Vested Contrib | 29.507 | $33.04 | $974.90 |
| 12/18/2006 | Dividend | Pre-2005 Vested Mandatory | 33.711 | $33.04 | $1,113.82 |
| 12/28/2006 | Contribution | Employee Voluntary | 93.893 | $33.00 | $3,098.46 |
| 12/28/2006 | Contribution | Employee Mandatory | 93.893 | $33.00 | $3,098.46 |
| 12/31/2006 | Trustee Fee | Employee Voluntary | -0.751 | $32.87 | -24.68 |
| 12/31/2006 | Realized G/L | Employee Voluntary | | | $1.05 |
| 12/31/2006 | Trustee Fee | Employee Mandatory | -1.714 | $32.87 | -56.35 |
| 12/31/2006 | Realized G/L | Employee Mandatory | | | $8.82 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.462 | $32.87 | -15.18 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $4.00 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.528 | $32.87 | -17.34 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.68 |
| **Fid US Eq Indx** | | | | | |
| 01/17/2006 | Recordkeeping Fee | Employee Voluntary | -0.007 | $40.36 | -0.28 |
| 01/17/2006 | Realized G/L | Employee Voluntary | | | $0.02 |
| 01/17/2006 | Recordkeeping Fee | Employee Mandatory | -0.036 | $40.36 | -1.45 |
| 01/17/2006 | Realized G/L | Employee Mandatory | | | $0.25 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.014 | $40.36 | -0.58 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.13 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.015 | $40.36 | -0.63 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Mandatory | 0.000 | $40.36 | $0.19 |
| 02/10/2006 | Contribution | Employee Voluntary | 27.564 | $39.90 | $1,099.82 |
| 02/10/2006 | Contribution | Employee Mandatory | 27.564 | $39.90 | $1,099.82 |
| 03/01/2006 | Exchange Out | Employee Voluntary | -181.327 | $40.73 | -7,385.44 |
| 03/01/2006 | Realized G/L | Employee Voluntary | | | $503.35 |
| 03/01/2006 | Exchange Out | Employee Mandatory | -906.938 | $40.73 | -36,939.58 |
| 03/01/2006 | Realized G/L | Employee Mandatory | | | $6,014.11 |
| 03/01/2006 | Exchange Out | Pre-2005 Vested Contrib | -354.365 | $40.73 | -14,433.30 |
| 03/01/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $2,864.47 |
| 03/01/2006 | Exchange Out | Pre-2005 Vested Mandatory | -398.765 | $40.73 | -16,241.69 |
| 03/01/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $4,298.45 |
| 03/10/2006 | Contribution | Employee Voluntary | 35.410 | $40.44 | $1,431.98 |
| 03/10/2006 | Contribution | Employee Mandatory | 35.410 | $40.44 | $1,431.98 |
| 03/31/2006 | Trustee Fee | Employee Voluntary | -0.233 | $40.88 | -9.55 |
| 03/31/2006 | Realized G/L | Employee Voluntary | | | $0.64 |
| 03/31/2006 | Trustee Fee | Employee Mandatory | -1.080 | $40.88 | -44.18 |
| 03/31/2006 | Realized G/L | Employee Mandatory | | | $7.20 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.414 | $40.88 | -16.90 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $3.38 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.466 | $40.88 | -19.02 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.06 |
| 04/10/2006 | Contribution | Employee Voluntary | 31.250 | $40.96 | $1,280.01 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 313
CONFIDENTIAL

RBC-PAUL000000418

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 04/10/2006 | Contribution | Employee Mandatory | 31.250 | $40.96 | $1,280.01 |
| 04/20/2006 | Recordkeeping Fee | Employee Voluntary | -0.005 | $41.44 | -0.19 |
| 04/20/2006 | Recordkeeping Fee | Employee Voluntary | -0.020 | $41.44 | -0.82 |
| 04/20/2006 | Realized G/L | Employee Mandatory | | | $0.15 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $41.44 | -0.31 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.008 | $41.44 | -0.35 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.12 |
| 05/10/2006 | Contribution | Employee Voluntary | 71.441 | $41.85 | $2,989.79 |
| 05/10/2006 | Contribution | Employee Mandatory | 71.441 | $41.85 | $2,989.79 |
| 06/09/2006 | Contribution | Employee Voluntary | 30.515 | $39.68 | $1,210.85 |
| 06/09/2006 | Contribution | Employee Mandatory | 30.515 | $39.68 | $1,210.85 |
| 06/30/2006 | Trustee Fee | Employee Voluntary | -0.317 | $40.29 | -12.77 |
| 06/30/2006 | Realized G/L | Employee Voluntary | | | $0.43 |
| 06/30/2006 | Trustee Fee | Employee Mandatory | -1.164 | $40.29 | -46.87 |
| 06/30/2006 | Realized G/L | Employee Mandatory | | | $6.46 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.413 | $40.29 | -16.65 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $3.16 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.466 | $40.29 | -18.74 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $4.78 |
| 07/10/2006 | Contribution | Employee Voluntary | 26.223 | $40.22 | $1,054.68 |
| 07/10/2006 | Contribution | Employee Mandatory | 26.223 | $40.22 | $1,054.68 |
| 07/21/2006 | Recordkeeping Fee | Employee Voluntary | -0.007 | $39.37 | -0.25 |
| 07/21/2006 | Realized G/L | Employee Voluntary | | | -0.02 |
| 07/21/2006 | Recordkeeping Fee | Employee Mandatory | -0.023 | $39.37 | -0.88 |
| 07/21/2006 | Realized G/L | Employee Mandatory | | | $0.09 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $39.37 | -0.31 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.009 | $39.37 | -0.32 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.07 |
| 08/11/2006 | Contribution | Employee Voluntary | 81.782 | $40.27 | $3,293.37 |
| 08/11/2006 | Contribution | Employee Mandatory | 81.782 | $40.27 | $3,293.37 |
| 09/08/2006 | Contribution | Employee Voluntary | 25.234 | $41.35 | $1,043.41 |
| 09/08/2006 | Contribution | Employee Mandatory | 25.234 | $41.35 | $1,043.41 |
| 09/30/2006 | Trustee Fee | Employee Voluntary | -0.400 | $42.56 | -17.02 |
| 09/30/2006 | Realized G/L | Employee Voluntary | | | $1.25 |
| 09/30/2006 | Trustee Fee | Employee Mandatory | -1.246 | $42.56 | -53.01 |
| 09/30/2006 | Realized G/L | Employee Mandatory | | | $9.21 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.413 | $42.56 | -17.58 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $4.09 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.465 | $42.56 | -19.78 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $5.85 |
| 10/10/2006 | Contribution | Employee Voluntary | 44.054 | $43.15 | $1,900.95 |
| 10/10/2006 | Contribution | Employee Mandatory | 44.054 | $43.15 | $1,900.95 |
| 11/02/2006 | Recordkeeping Fee | Employee Voluntary | -0.007 | $43.62 | -0.30 |
| 11/02/2006 | Realized G/L | Employee Voluntary | | | $0.03 |
| 11/02/2006 | Recordkeeping Fee | Employee Mandatory | -0.021 | $43.62 | -0.89 |
| 11/02/2006 | Realized G/L | Employee Mandatory | | | $0.17 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $43.62 | -0.29 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.10 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.007 | $43.62 | -0.31 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.12 |
| 11/10/2006 | Contribution | Employee Voluntary | 112.782 | $44.08 | $4,971.43 |
| 11/10/2006 | Contribution | Employee Mandatory | 112.782 | $44.08 | $4,971.43 |
| 12/08/2006 | Contribution | Employee Voluntary | 53.981 | $45.09 | $2,434.00 |
| 12/08/2006 | Contribution | Employee Mandatory | 53.981 | $45.09 | $2,434.00 |
| 12/28/2006 | Contribution | Employee Voluntary | 67.934 | $45.61 | $3,098.46 |
| 12/28/2006 | Contribution | Employee Mandatory | 67.934 | $45.61 | $3,098.46 |
| 12/31/2006 | Trustee Fee | Employee Voluntary | -0.574 | $45.41 | -26.06 |
| 12/31/2006 | Realized G/L | Employee Voluntary | | | $2.60 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 314
CONFIDENTIAL

RBC-PAUL000000419

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/31/2006 | Trustee Fee | Employee Mandatory | -1.420 | $45.41 | -64.45 |
| 12/31/2006 | Realized G/L | Employee Mandatory | | | $12.96 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -0.413 | $45.41 | -18.75 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $5.26 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -0.464 | $45.41 | -21.09 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $7.19 |

**RBC Share Account**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/17/2006 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.033 | $78.44 | -2.58 |
| 01/17/2006 | Realized G/L | Employer Match 4yr Cliff | | | $0.92 |
| 01/17/2006 | Recordkeeping Fee | Employer 5 yr Cliff | 0.000 | $78.44 | -0.01 |
| 01/17/2006 | Realized G/L | Employer 5 yr Cliff | | | $0.01 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.015 | $78.44 | -1.16 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.59 |
| 02/24/2006 | Dividend | Employer Match 4yr Cliff | 15.985 | $81.77 | $1,307.09 |
| 02/24/2006 | Dividend | Employer 5 yr Cliff | 0.039 | $81.77 | $3.16 |
| 02/24/2006 | Dividend | Pre-2005 Vested Mandatory | 7.192 | $81.77 | $588.14 |
| 02/28/2006 | Contribution | Employer Match 4yr Cliff | 876.884 | $83.42 | $73,149.74 |
| 04/20/2006 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.074 | $41.95 | -3.08 |
| 04/20/2006 | Realized G/L | Employer Match 4yr Cliff | | | $0.88 |
| 04/20/2006 | Recordkeeping Fee | Employer 5 yr Cliff | 0.000 | $41.95 | -0.01 |
| 04/20/2006 | Realized G/L | Employer 5 yr Cliff | | | $0.01 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.024 | $41.95 | -1.01 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.55 |
| 05/24/2006 | Dividend | Employer Match 4yr Cliff | 51.022 | $40.77 | $2,080.17 |
| 05/24/2006 | Dividend | Employer 5 yr Cliff | 0.090 | $40.77 | $3.67 |
| 05/24/2006 | Dividend | Pre-2005 Vested Mandatory | 16.770 | $40.77 | $683.70 |
| 07/21/2006 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.077 | $41.30 | -3.20 |
| 07/21/2006 | Realized G/L | Employer Match 4yr Cliff | | | $0.90 |
| 07/21/2006 | Recordkeeping Fee | Employer 5 yr Cliff | 0.000 | $41.30 | -0.01 |
| 07/21/2006 | Realized G/L | Employer 5 yr Cliff | | | $0.01 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.025 | $41.30 | -1.05 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.57 |
| 08/24/2006 | Dividend | Employer Match 4yr Cliff | 46.457 | $45.67 | $2,121.71 |
| 08/24/2006 | Dividend | Employer 5 yr Cliff | 0.082 | $45.67 | $3.74 |
| 08/24/2006 | Dividend | Pre-2005 Vested Mandatory | 15.269 | $45.67 | $697.35 |
| 11/02/2006 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.066 | $45.37 | -2.98 |
| 11/02/2006 | Realized G/L | Employer Match 4yr Cliff | | | $1.01 |
| 11/02/2006 | Recordkeeping Fee | Employer 5 yr Cliff | 0.000 | $45.37 | -0.01 |
| 11/02/2006 | Realized G/L | Employer 5 yr Cliff | | | $0.01 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.022 | $45.37 | -0.98 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.56 |
| 11/24/2006 | Dividend | Employer Match 4yr Cliff | 48.447 | $48.08 | $2,329.35 |
| 11/24/2006 | Dividend | Employer 5 yr Cliff | 0.086 | $48.08 | $4.11 |
| 11/24/2006 | Dividend | Pre-2005 Vested Mandatory | 15.923 | $48.08 | $765.60 |
| 12/08/2006 | Src Roll In | Employer Match 4yr Cliff | 11.736 | $47.59 | $558.52 |
| 12/08/2006 | Src Roll Out | Employer 5 yr Cliff | -11.736 | $47.59 | -558.52 |
| 12/08/2006 | Realized G/L | Employer 5 yr Cliff | | | $316.37 |

**RBC SMID Cap Grth I**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/17/2006 | Recordkeeping Fee | Employee Voluntary | -0.012 | $13.06 | -0.16 |
| 01/17/2006 | Realized G/L | Employee Voluntary | | | $0.02 |
| 01/17/2006 | Recordkeeping Fee | Employee Mandatory | -0.061 | $13.06 | -0.79 |
| 01/17/2006 | Realized G/L | Employee Mandatory | | | $0.05 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.023 | $13.06 | -0.30 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 01/17/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.026 | $13.06 | -0.33 |
| 01/17/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 02/10/2006 | Contribution | Employee Voluntary | 83.700 | $13.14 | $1,099.82 |
| 02/10/2006 | Contribution | Employee Mandatory | 83.700 | $13.14 | $1,099.82 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 315

CONFIDENTIAL

RBC-PAUL000000420

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/10/2006 | Contribution | Employee Voluntary | 105.993 | $13.51 | $1,431.97 |
| 03/10/2006 | Contribution | Employee Mandatory | 105.993 | $13.51 | $1,431.97 |
| 03/31/2006 | Trustee Fee | Employee Voluntary | -0.671 | $13.98 | -9.37 |
| 03/31/2006 | Realized G/L | Employee Voluntary | | | $0.88 |
| 03/31/2006 | Trustee Fee | Employee Mandatory | -2.821 | $13.98 | -39.43 |
| 03/31/2006 | Realized G/L | Employee Mandatory | | | $4.26 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -1.024 | $13.98 | -14.31 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $1.62 |
| 03/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -1.148 | $13.98 | -16.05 |
| 03/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.83 |
| 04/10/2006 | Contribution | Employee Voluntary | 91.889 | $13.93 | $1,280.01 |
| 04/10/2006 | Contribution | Employee Mandatory | 91.889 | $13.93 | $1,280.01 |
| 04/20/2006 | Recordkeeping Fee | Employee Voluntary | -0.014 | $14.17 | -0.19 |
| 04/20/2006 | Realized G/L | Employee Voluntary | | | $0.02 |
| 04/20/2006 | Recordkeeping Fee | Employee Mandatory | -0.053 | $14.17 | -0.74 |
| 04/20/2006 | Realized G/L | Employee Mandatory | | | $0.11 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.018 | $14.17 | -0.26 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.05 |
| 04/20/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.020 | $14.17 | -0.29 |
| 04/20/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.06 |
| 05/10/2006 | Contribution | Employee Voluntary | 210.548 | $14.20 | $2,989.78 |
| 05/10/2006 | Contribution | Employee Mandatory | 210.548 | $14.20 | $2,989.78 |
| 06/09/2006 | Contribution | Employee Voluntary | 94.156 | $12.86 | $1,210.84 |
| 06/09/2006 | Contribution | Employee Mandatory | 94.156 | $12.86 | $1,210.84 |
| 06/30/2006 | Trustee Fee | Employee Voluntary | -0.917 | $13.08 | -12.00 |
| 06/30/2006 | Realized G/L | Employee Voluntary | | | $0.18 |
| 06/30/2006 | Trustee Fee | Employee Mandatory | -3.064 | $13.08 | -40.09 |
| 06/30/2006 | Realized G/L | Employee Mandatory | | | $1.63 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -1.023 | $13.08 | -13.38 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.70 |
| 06/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -1.148 | $13.08 | -15.01 |
| 06/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.79 |
| 07/10/2006 | Contribution | Employee Voluntary | 82.590 | $12.77 | $1,054.68 |
| 07/10/2006 | Contribution | Employee Mandatory | 82.590 | $12.77 | $1,054.68 |
| 07/21/2006 | Recordkeeping Fee | Employee Voluntary | -0.018 | $11.87 | -0.21 |
| 07/21/2006 | Realized G/L | Employee Voluntary | | | -0.01 |
| 07/21/2006 | Recordkeeping Fee | Employee Mandatory | -0.059 | $11.87 | -0.70 |
| 07/21/2006 | Realized G/L | Employee Mandatory | | | -0.02 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.019 | $11.87 | -0.23 |
| 07/21/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.021 | $11.87 | -0.25 |
| 07/21/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.01 |
| 08/11/2006 | Contribution | Employee Voluntary | 272.630 | $12.08 | $3,293.37 |
| 08/11/2006 | Contribution | Employee Mandatory | 272.630 | $12.08 | $3,293.37 |
| 09/08/2006 | Contribution | Employee Voluntary | 84.146 | $12.40 | $1,043.41 |
| 09/08/2006 | Contribution | Employee Mandatory | 84.146 | $12.40 | $1,043.41 |
| 09/30/2006 | Trustee Fee | Employee Voluntary | -1.191 | $12.85 | -15.31 |
| 09/30/2006 | Realized G/L | Employee Voluntary | | | $0.10 |
| 09/30/2006 | Trustee Fee | Employee Mandatory | -3.339 | $12.85 | -42.90 |
| 09/30/2006 | Realized G/L | Employee Mandatory | | | $1.03 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Contrib | -1.023 | $12.85 | -13.14 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.46 |
| 09/30/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -1.146 | $12.85 | -14.73 |
| 09/30/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.53 |
| 10/10/2006 | Contribution | Employee Voluntary | 146.792 | $12.95 | $1,900.95 |
| 10/10/2006 | Contribution | Employee Mandatory | 146.792 | $12.95 | $1,900.95 |
| 11/02/2006 | Recordkeeping Fee | Employee Voluntary | -0.021 | $12.83 | -0.26 |
| 11/02/2006 | Recordkeeping Fee | Employee Mandatory | -0.055 | $12.83 | -0.70 |
| 11/02/2006 | Realized G/L | Employee Mandatory | | | $0.04 |
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.017 | $12.83 | -0.21 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 316
CONFIDENTIAL

RBC-PAUL000000421

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2006 to 12/31/2006

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 11/02/2006 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.017 | $12.83 | -0.23 |
| 11/02/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 11/10/2006 | Contribution | Employee Voluntary | 381.829 | $13.02 | $4,971.42 |
| 11/10/2006 | Contribution | Employee Mandatory | 381.829 | $13.02 | $4,971.42 |
| 12/08/2006 | Contribution | Employee Voluntary | 184.954 | $13.16 | $2,434.00 |
| 12/08/2006 | Contribution | Employee Mandatory | 184.954 | $13.16 | $2,434.00 |
| 12/20/2006 | Dividend | Employee Voluntary | 71.728 | $12.64 | $906.64 |
| 12/20/2006 | Dividend | Employee Mandatory | 165.740 | $12.64 | $2,094.95 |
| 12/20/2006 | Dividend | Pre-2005 Vested Contrib | 44.764 | $12.64 | $565.82 |
| 12/20/2006 | Dividend | Pre-2005 Vested Mandatory | 50.210 | $12.64 | $634.65 |
| 12/28/2006 | Contribution | Employee Voluntary | 245.715 | $12.61 | $3,098.46 |
| 12/28/2006 | Contribution | Employee Mandatory | 245.715 | $12.61 | $3,098.46 |
| 12/31/2006 | Trustee Fee | Employee Voluntary | -1.836 | $12.53 | -23.00 |
| 12/31/2006 | Realized G/L | Employee Voluntary | | | -0.55 |
| 12/31/2006 | Trustee Fee | Employee Mandatory | -4.040 | $12.53 | -50.61 |
| 12/31/2006 | Realized G/L | Employee Mandatory | | | -0.29 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Contrib | -1.049 | $12.53 | -13.15 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Contrib | | | $0.14 |
| 12/31/2006 | Trustee Fee | Pre-2005 Vested Mandatory | -1.177 | $12.53 | -14.74 |
| 12/31/2006 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.15 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 317

CONFIDENTIAL

RBC-PAUL000000422

# Your Statement Glossary

## Average Annual Total Return
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

## Change in Market Value
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

## Dividends
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned.  Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

## Market Value
Market Value is the dollar value of the investments in your account.  You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

## Shares
Shares are your units of ownership of each investment in your account.

## Share Price
The value of one share of each investment in your account is called share price.  It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

## Vesting
Vesting refers to your level of ownership in company contributions and any associated earnings.  When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

---

## Asset Allocation
Investments can be divided into three major asset classes:  Stocks, Bonds, and Short Term Investments.  These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

### Stocks
Stocks can add a growth component to your portfolio.  They represent ownership or equity in a company.  Stocks have the potential to outperform other types of investments over the long term.  However, stocks tend to have wider price fluctuations over short periods of time than other securities.

### Bonds
Bonds can add an income portion to your portfolio.  They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments.  Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

### Short Term
Short term investments can add stability to your portfolio.  They provide current income and seek to preserve the value of your investment.  They also tend to provide the lowest returns over the long term.  Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

## Market Indices
A Market index can measure the general trends in the performance of particular market segments.  You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

### Standard and Poor's 500
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies.  Some of its stocks have a greater influence on the direction of the market.  The S&P 500 calculation takes this into account by giving greater weight to these stocks.  The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

### Barclays Aggregate Bond Index
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

### Morgan Stanley EAFE Index
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and  Far East,  Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada.  The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 318
CONFIDENTIAL

RBC-PAUL000000423



**RBC US Deferred Compensation Plan**

# Retirement Savings Statement

January 1, 2007 - December 31, 2007

ENV#MG000007
MG 14022   T



MARTY PAUL

If you have questions about your account, please call the RBC - U.S.A. Retirement Help Line at Fidelity at 1-866-697-1002 8:30 am to midnight EST or access your account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$1,124,259.02** |
| Employee Contributions | 176,071.60 |
| Employer Contributions | 296,340.28 |
| Dividends and Interest | 73,539.00 |
| Withdrawal | -204,555.77 |
| Fees | -1,867.56 |
| Change in Market Value | 78,994.42 |
| **Ending Balance** | **$1,542,780.99** |

| **Additional Information** | |
|---|---|
| Vested Balance | $1,056,325.06 |

| **Inception to date contribution** | |
|---|---|
| Your Personal Rate of Return | 11.7% |
| Year to Date | 11.7% |

Your Personal Rate of Return is calculated with a time-weighted formula, widely used by financial analysts to calculate investment earnings. It reflects the results of your investment selections as well as any activity in the plan account(s) shown. There are other Personal Rate of Return formulas used that may yield different results. Remember that past performance is no guarantee of future results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed asset classes. Percentages and totals may not be exact due to rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPacific Gth A | AF Grth Fund Amer A | Fid US Eq Indx | RBC Share Account | RBC SMID Cap Grth I |
|---|---|---|---|---|---|
| **Beginning Balance** | **$150,221.88** | **$181,598.11** | **$208,419.41** | **$421,712.98** | **$162,306.64** |
| Employee Contributions | 44,017.87 | 44,017.92 | 44,017.92 | 0.00 | 44,017.89 |
| Employer Contributions | 44,017.87 | 44,017.92 | 44,017.92 | 120,268.68 | 44,017.89 |
| Dividends and Interest | 20,597.17 | 17,199.95 | 0.00 | 16,479.01 | 19,262.87 |
| Withdrawal | -12,690.89 | -19,064.49 | -21,892.47 | -134,875.58 | -16,032.34 |
| Fees | -430.77 | -473.60 | -507.97 | -15.50 | -439.72 |
| Change in Market Value | 12,673.30 | 4,743.28 | 11,944.74 | 46,519.84 | 3,113.26 |
| **Ending Balance** | **$258,406.43** | **$272,039.09** | **$285,999.55** | **$470,089.43** | **$256,246.49** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3:16-cv-05616-RBL – Page 319
CONFIDENTIAL

RBC-PAUL000000424

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Account Activity (continued)

| Activity | Total |
|---|---|
| **Beginning Balance** | **$1,124,259.02** |
| Employee Contributions | 176,071.60 |
| Employer Contributions | 296,340.28 |
| Dividends and Interest | 73,539.00 |
| Withdrawal | -204,555.77 |
| Fees | -1,867.56 |
| Change in Market Value | 78,994.42 |
| **Ending Balance** | **$1,542,780.99** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2006 | Shares on 12/31/2007 | Price on 12/31/2006 | Price on 12/31/2007 | Market Value on 12/31/2006 | Market Value on 12/31/2007 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$1,124,259.02** | **$1,542,780.99** |
| AF EuroPacific Gth A | 3,226.415 | 5,079.741 | $46.56 | $50.87 | 150,221.88 | 258,406.43 |
| AF Grth Fund Amer A | 5,524.737 | 7,998.797 | $32.87 | $34.01 | 181,598.11 | 272,039.09 |
| Fid US Eq Indx | 4,589.725 | 5,973.257 | $45.41 | $47.88 | 208,419.41 | 285,999.55 |
| RBC Share Account | 8,850.220 | 9,210.216 | $47.65 | $51.04 | 421,712.98 | 470,089.43 |
| RBC SMID Cap Grth I | 12,953.443 | 19,741.640 | $12.53 | $12.98 | 162,306.64 | 256,246.49 |
| **Account Total** | | | | | **$1,124,259.02** | **$1,542,780.99** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2007 | Effective Date |
|---|---|---|---|---|---|
| **2002** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2002 Employer Match 4yr Cliff** | | | | **39,376.45** | |
| **2002 Total** | | | | **39,376.45** | |
| **2003** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2003 Employee Mandatory** | | | | **65,319.34** | |
| **2003** | | | | | |
| | Pre-2005 Vested Contrib | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 320

CONFIDENTIAL

RBC-PAUL000000425

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2007 | Effective Date |
|-----------|--------------------|-----------------------|-------------------|----------------------------|----------------|
| **2003 Pre-2005 Vested Contrib** | | | | **48,961.44** | |
| 2003 | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2003 Pre-2005 Vested Mandatory** | | | | **32,654.82** | |
| 2003 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2003 Employer Match 4yr Cliff** | | | | **105,155.21** | |
| **2003 Total** | | | | **252,090.81** | |
| 2004 | Employee Mandatory | Election Unknown | | | Unknown |
| **2004 Employee Mandatory** | | | | **70,398.33** | |
| 2004 | Pre-2005 Vested Contrib | Election Unknown | | | Unknown |
| **2004 Pre-2005 Vested Contrib** | | | | **52,795.90** | |
| 2004 | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2004 Pre-2005 Vested Mandatory** | | | | **35,194.02** | |
| 2004 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2004 Employer Match 4yr Cliff** | | | | **95,246.97** | |
| **2004 Total** | | | | **253,635.22** | |
| 2005 | Employee Voluntary | Election Unknown | | | Unknown |
| **2005 Employee Voluntary** | | | | **54,687.71** | |
| 2005 | Employee Mandatory | Election | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 321

CONFIDENTIAL                                                                  RBC-PAUL000000426

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2007 | Effective Date |
|---|---|---|---|---|---|
| | | Unknown | | | |
| **2005 Employee Mandatory** | | | | **109,375.68** | |
| 2005 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2005 Employer Match 4yr Cliff** | | | | **94,587.07** | |
| **2005 Total** | | | | **258,650.46** | |
| 2006 | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **120,652.10** | |
| 2006 | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | **120,652.20** | |
| 2006 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2006 Employer Match 4yr Cliff** | | | | **135,723.73** | |
| **2006 Total** | | | | **377,028.03** | |
| 2007 | Employee Voluntary | Election Unknown | | | Unknown |
| **2007 Employee Voluntary** | | | | **181,000.03** | |
| 2007 | Employee Mandatory | Election Unknown | | | Unknown |
| **2007 Employee Mandatory** | | | | **180,999.99** | |
| **2007 Total** | | | | **362,000.02** | |
| **Total Market Value** | | | | **1,542,780.99** | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 322

CONFIDENTIAL

RBC-PAUL000000427

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2007 | Price On: 12/31/2007 | Market Value: 12/31/2007 | Total Market Value: 12/31/2007 |
|---|---|---|---|---|---|
| **Other Account Holdings** | | | | | |
| | AF EuroPacific Gth A | 5,079.741 | 50.87 | 258,406.43 | |
| | AF Grth Fund Amer A | 7,998.797 | 34.01 | 272,039.09 | |
| | RBC SMID Cap Grth I | 19,741.640 | 12.98 | 256,246.49 | |
| | RBC Share Account | 9,210.216 | 51.04 | 470,089.43 | |
| | Fid US Eq Indx | 5,973.257 | 47.88 | 285,999.55 | |
| | | | | | 1,542,780.99 |
| **Total Market Value** | | | | | **1,542,780.99** |

## Your Contribution Elections as of 03/06/2013

This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2011 Voluntary Deferral | 3 Year Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4yr Cliff | Pre-2005 Vested Contrib | Pre-2005 Vested Mandatory |
|---|---|---|---|---|---|
| This Period | $176,071.60 | $176,071.60 | $120,268.68 | $0.00 | $0.00 |
| Year to Date | $176,071.60 | $176,071.60 | $120,268.68 | $0.00 | $0.00 |
| **Total Account Balances** | **356,339.84** | **546,745.55** | **470,089.43** | **101,757.34** | **67,848.83** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 323

CONFIDENTIAL

RBC-PAUL000000428

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPacific Gth A** | | | | | |
| 02/09/2007 | Contribution | Employee Voluntary | 76.340 | $47.28 | $3,609.35 |
| 02/09/2007 | Contribution | Employee Mandatory | 76.340 | $47.28 | $3,609.35 |
| 02/21/2007 | Recordkeeping Fee | Employee Voluntary | -0.009 | $48.09 | -0.40 |
| 02/21/2007 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/21/2007 | Recordkeeping Fee | Employee Mandatory | -0.016 | $48.09 | -0.76 |
| 02/21/2007 | Realized G/L | Employee Mandatory | | | $0.08 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $48.09 | -0.16 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $48.09 | -0.18 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.06 |
| 03/09/2007 | Contribution | Employee Voluntary | 35.148 | $46.50 | $1,634.40 |
| 03/09/2007 | Contribution | Employee Mandatory | 35.148 | $46.50 | $1,634.40 |
| 04/10/2007 | Contribution | Employee Voluntary | 48.985 | $49.17 | $2,408.59 |
| 04/10/2007 | Contribution | Employee Mandatory | 48.985 | $49.17 | $2,408.59 |
| 04/30/2007 | Recordkeeping Fee | Employee Voluntary | -0.008 | $49.88 | -0.38 |
| 04/30/2007 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/30/2007 | Recordkeeping Fee | Employee Mandatory | -0.014 | $49.88 | -0.66 |
| 04/30/2007 | Realized G/L | Employee Mandatory | | | $0.08 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $49.88 | -0.13 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.05 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $49.88 | -0.15 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 05/10/2007 | Contribution | Employee Voluntary | 128.327 | $49.90 | $6,403.50 |
| 05/10/2007 | Contribution | Employee Mandatory | 128.327 | $49.90 | $6,403.50 |
| 06/08/2007 | Contribution | Employee Voluntary | 33.660 | $50.79 | $1,709.57 |
| 06/08/2007 | Contribution | Employee Mandatory | 33.660 | $50.79 | $1,709.57 |
| 06/30/2007 | Trustee Fee | Employee Voluntary | -0.727 | $51.96 | -37.75 |
| 06/30/2007 | Realized G/L | Employee Voluntary | | | $4.11 |
| 06/30/2007 | Trustee Fee | Employee Mandatory | -1.220 | $51.96 | -63.36 |
| 06/30/2007 | Realized G/L | Employee Mandatory | | | $8.27 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.222 | $51.96 | -11.56 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $1.87 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.250 | $51.96 | -13.01 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $2.10 |
| 07/10/2007 | Contribution | Employee Voluntary | 27.225 | $53.15 | $1,447.02 |
| 07/10/2007 | Contribution | Employee Mandatory | 27.225 | $53.15 | $1,447.02 |
| 08/10/2007 | Contribution | Employee Voluntary | 131.672 | $50.17 | $6,605.96 |
| 08/10/2007 | Contribution | Employee Mandatory | 131.672 | $50.17 | $6,605.96 |
| 08/13/2007 | Recordkeeping Fee | Employee Voluntary | -0.011 | $50.44 | -0.52 |
| 08/13/2007 | Realized G/L | Employee Voluntary | | | $0.03 |
| 08/13/2007 | Recordkeeping Fee | Employee Mandatory | -0.018 | $50.44 | -0.84 |
| 08/13/2007 | Realized G/L | Employee Mandatory | | | $0.06 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $50.44 | -0.14 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $50.44 | -0.17 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.05 |
| 09/04/2007 | Withdrawal | Employee Mandatory | -81.633 | $51.83 | -4,231.04 |
| 09/04/2007 | Realized G/L | Employee Mandatory | | | $667.45 |
| 09/04/2007 | Withdrawal | Pre-2005 Vested Mandatory | -163.223 | $51.83 | -8,459.85 |
| 09/04/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1,334.46 |
| 09/10/2007 | Contribution | Employee Voluntary | 37.294 | $50.50 | $1,883.37 |
| 09/10/2007 | Contribution | Employee Mandatory | 37.294 | $50.50 | $1,883.37 |
| 09/28/2007 | Trustee Fee | Employee Voluntary | -0.849 | $54.68 | -46.42 |
| 09/28/2007 | Realized G/L | Employee Voluntary | | | $6.24 |
| 09/28/2007 | Trustee Fee | Employee Mandatory | -1.291 | $54.68 | -70.58 |
| 09/28/2007 | Realized G/L | Employee Mandatory | | | $11.18 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.222 | $54.68 | -12.16 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $2.47 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.148 | $54.68 | -8.11 |

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 324**

CONFIDENTIAL

RBC-PAUL000000429

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/28/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.65 |
| 10/10/2007 | Contribution | Employee Voluntary | 26.628 | $55.94 | $1,489.57 |
| 10/10/2007 | Contribution | Employee Mandatory | 26.628 | $55.94 | $1,489.57 |
| 11/09/2007 | Contribution | Employee Voluntary | 116.966 | $55.47 | $6,488.09 |
| 11/09/2007 | Contribution | Employee Mandatory | 116.966 | $55.47 | $6,488.09 |
| 12/03/2007 | Recordkeeping Fee | Employee Voluntary | -0.011 | $55.78 | -0.60 |
| 12/03/2007 | Realized G/L | Employee Voluntary | | | $0.09 |
| 12/03/2007 | Recordkeeping Fee | Employee Mandatory | -0.016 | $55.78 | -0.89 |
| 12/03/2007 | Realized G/L | Employee Mandatory | | | $0.18 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $55.78 | -0.14 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $55.78 | -0.10 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.02 |
| 12/10/2007 | Contribution | Employee Voluntary | 69.982 | $57.10 | $3,995.99 |
| 12/10/2007 | Contribution | Employee Mandatory | 69.982 | $57.10 | $3,995.99 |
| 12/12/2007 | Dividend | Employee Voluntary | 139.435 | $52.25 | $7,285.45 |
| 12/12/2007 | Dividend | Employee Mandatory | 202.136 | $52.25 | $10,561.62 |
| 12/12/2007 | Dividend | Pre-2005 Vested Contrib | 31.578 | $52.25 | $1,649.96 |
| 12/12/2007 | Dividend | Pre-2005 Vested Mandatory | 21.056 | $52.25 | $1,100.14 |
| 12/28/2007 | Contribution | Employee Voluntary | 123.876 | $51.20 | $6,342.46 |
| 12/28/2007 | Contribution | Employee Mandatory | 123.876 | $51.20 | $6,342.46 |
| 12/31/2007 | Trustee Fee | Employee Voluntary | -1.146 | $50.87 | -58.32 |
| 12/31/2007 | Realized G/L | Employee Voluntary | | | $2.61 |
| 12/31/2007 | Trustee Fee | Employee Mandatory | -1.626 | $50.87 | -82.76 |
| 12/31/2007 | Realized G/L | Employee Mandatory | | | $5.82 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.242 | $50.87 | -12.31 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $1.57 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.162 | $50.87 | -8.21 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.02 |
| **AF Grth Fund Amer A** | | | | | |
| 02/09/2007 | Contribution | Employee Voluntary | 108.421 | $33.29 | $3,609.35 |
| 02/09/2007 | Contribution | Employee Mandatory | 108.421 | $33.29 | $3,609.35 |
| 02/21/2007 | Recordkeeping Fee | Employee Voluntary | -0.013 | $33.79 | -0.41 |
| 02/21/2007 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/21/2007 | Recordkeeping Fee | Employee Mandatory | -0.027 | $33.79 | -0.90 |
| 02/21/2007 | Realized G/L | Employee Mandatory | | | $0.18 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $33.79 | -0.23 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.07 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.007 | $33.79 | -0.27 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.13 |
| 03/09/2007 | Contribution | Employee Voluntary | 49.845 | $32.79 | $1,634.41 |
| 03/09/2007 | Contribution | Employee Mandatory | 49.845 | $32.79 | $1,634.41 |
| 04/10/2007 | Contribution | Employee Voluntary | 70.779 | $34.03 | $2,408.60 |
| 04/10/2007 | Contribution | Employee Mandatory | 70.779 | $34.03 | $2,408.60 |
| 04/30/2007 | Recordkeeping Fee | Employee Voluntary | -0.011 | $34.62 | -0.37 |
| 04/30/2007 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/30/2007 | Recordkeeping Fee | Employee Mandatory | -0.022 | $34.62 | -0.77 |
| 04/30/2007 | Realized G/L | Employee Mandatory | | | $0.18 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $34.62 | -0.19 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.007 | $34.62 | -0.22 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.08 |
| 05/10/2007 | Contribution | Employee Voluntary | 183.797 | $34.84 | $6,403.49 |
| 05/10/2007 | Contribution | Employee Mandatory | 183.797 | $34.84 | $6,403.49 |
| 06/08/2007 | Contribution | Employee Voluntary | 47.941 | $35.66 | $1,709.58 |
| 06/08/2007 | Contribution | Employee Mandatory | 47.941 | $35.66 | $1,709.58 |
| 06/30/2007 | Trustee Fee | Employee Voluntary | -1.038 | $35.90 | -37.28 |
| 06/30/2007 | Realized G/L | Employee Voluntary | | | $3.78 |
| 06/30/2007 | Trustee Fee | Employee Mandatory | -2.002 | $35.90 | -71.85 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 325

CONFIDENTIAL

RBC-PAUL000000430

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/30/2007 | Realized G/L | Employee Mandatory | | | $14.42 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.462 | $35.90 | -16.58 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $5.40 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.526 | $35.90 | -18.93 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $7.31 |
| 07/10/2007 | Contribution | Employee Voluntary | 39.841 | $36.32 | $1,447.03 |
| 07/10/2007 | Contribution | Employee Mandatory | 39.841 | $36.32 | $1,447.03 |
| 08/10/2007 | Contribution | Employee Voluntary | 187.190 | $35.29 | $6,605.95 |
| 08/10/2007 | Contribution | Employee Mandatory | 187.190 | $35.29 | $6,605.95 |
| 08/13/2007 | Recordkeeping Fee | Employee Voluntary | -0.015 | $35.30 | -0.53 |
| 08/13/2007 | Realized G/L | Employee Voluntary | | | $0.06 |
| 08/13/2007 | Recordkeeping Fee | Employee Mandatory | -0.027 | $35.30 | -0.95 |
| 08/13/2007 | Realized G/L | Employee Mandatory | | | $0.20 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $35.30 | -0.21 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.08 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.007 | $35.30 | -0.24 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.10 |
| 09/04/2007 | Withdrawal | Employee Mandatory | -175.630 | $36.19 | -6,356.05 |
| 09/04/2007 | Realized G/L | Employee Mandatory | | | $2,995.70 |
| 09/04/2007 | Withdrawal | Pre-2005 Vested Mandatory | -351.159 | $36.19 | -12,708.44 |
| 09/04/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $5,989.73 |
| 09/10/2007 | Contribution | Employee Voluntary | 53.068 | $35.49 | $1,883.38 |
| 09/10/2007 | Contribution | Employee Mandatory | 53.068 | $35.49 | $1,883.38 |
| 09/28/2007 | Trustee Fee | Employee Voluntary | -1.213 | $37.49 | -45.47 |
| 09/28/2007 | Realized G/L | Employee Voluntary | | | $5.58 |
| 09/28/2007 | Trustee Fee | Employee Mandatory | -2.066 | $37.49 | -77.43 |
| 09/28/2007 | Realized G/L | Employee Mandatory | | | $15.73 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.462 | $37.49 | -17.30 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $6.12 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.307 | $37.49 | -11.53 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $4.10 |
| 10/10/2007 | Contribution | Employee Voluntary | 38.903 | $38.29 | $1,489.58 |
| 10/10/2007 | Contribution | Employee Mandatory | 38.903 | $38.29 | $1,489.58 |
| 11/09/2007 | Contribution | Employee Voluntary | 177.659 | $36.52 | $6,488.10 |
| 11/09/2007 | Contribution | Employee Mandatory | 177.659 | $36.52 | $6,488.10 |
| 12/03/2007 | Recordkeeping Fee | Employee Voluntary | -0.016 | $36.44 | -0.57 |
| 12/03/2007 | Realized G/L | Employee Voluntary | | | $0.06 |
| 12/03/2007 | Recordkeeping Fee | Employee Mandatory | -0.026 | $36.44 | -0.93 |
| 12/03/2007 | Realized G/L | Employee Mandatory | | | $0.18 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $36.44 | -0.19 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.08 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $36.44 | -0.13 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.04 |
| 12/10/2007 | Contribution | Employee Voluntary | 106.873 | $37.39 | $3,996.00 |
| 12/10/2007 | Contribution | Employee Mandatory | 106.873 | $37.39 | $3,996.00 |
| 12/18/2007 | Dividend | Employee Voluntary | 163.646 | $33.41 | $5,467.40 |
| 12/18/2007 | Dividend | Employee Mandatory | 262.244 | $33.41 | $8,761.58 |
| 12/18/2007 | Dividend | Pre-2005 Vested Contrib | 53.352 | $33.41 | $1,782.47 |
| 12/18/2007 | Dividend | Pre-2005 Vested Mandatory | 35.573 | $33.41 | $1,188.50 |
| 12/28/2007 | Contribution | Employee Voluntary | 185.343 | $34.22 | $6,342.45 |
| 12/28/2007 | Contribution | Employee Mandatory | 185.343 | $34.22 | $6,342.45 |
| 12/31/2007 | Trustee Fee | Employee Voluntary | -1.632 | $34.01 | -55.51 |
| 12/31/2007 | Realized G/L | Employee Voluntary | | | $1.03 |
| 12/31/2007 | Trustee Fee | Employee Mandatory | -2.547 | $34.01 | -86.59 |
| 12/31/2007 | Realized G/L | Employee Mandatory | | | $8.23 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.495 | $34.01 | -16.81 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $4.52 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.330 | $34.01 | -11.21 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $3.03 |

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**
**NO. 3:16-cv-05616-RBL – Page 326**

CONFIDENTIAL

RBC-PAUL000000431

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **Fid US Eq Indx** | | | | | |
| 02/09/2007 | Contribution | Employee Voluntary | 78.260 | $46.12 | $3,609.35 |
| 02/09/2007 | Contribution | Employee Mandatory | 78.260 | $46.12 | $3,609.35 |
| 02/21/2007 | Recordkeeping Fee | Employee Voluntary | -0.010 | $46.78 | -0.43 |
| 02/21/2007 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/21/2007 | Recordkeeping Fee | Employee Mandatory | -0.022 | $46.78 | -1.03 |
| 02/21/2007 | Realized G/L | Employee Mandatory | | | $0.25 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $46.78 | -0.29 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.10 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.008 | $46.78 | -0.37 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Mandatory | 0.000 | $46.78 | $0.14 |
| 03/09/2007 | Contribution | Employee Voluntary | 36.256 | $45.08 | $1,634.40 |
| 03/09/2007 | Contribution | Employee Mandatory | 36.256 | $45.08 | $1,634.40 |
| 04/10/2007 | Contribution | Employee Voluntary | 51.698 | $46.59 | $2,408.59 |
| 04/10/2007 | Contribution | Employee Mandatory | 51.698 | $46.59 | $2,408.59 |
| 04/30/2007 | Recordkeeping Fee | Employee Voluntary | -0.007 | $47.71 | -0.38 |
| 04/30/2007 | Realized G/L | Employee Voluntary | | | $0.11 |
| 04/30/2007 | Recordkeeping Fee | Employee Mandatory | -0.017 | $47.71 | -0.86 |
| 04/30/2007 | Realized G/L | Employee Mandatory | | | $0.27 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $47.71 | -0.23 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.07 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.005 | $47.71 | -0.26 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.12 |
| 05/10/2007 | Contribution | Employee Voluntary | 133.267 | $48.05 | $6,403.50 |
| 05/10/2007 | Contribution | Employee Mandatory | 133.267 | $48.05 | $6,403.50 |
| 06/08/2007 | Contribution | Employee Voluntary | 35.140 | $48.65 | $1,709.58 |
| 06/08/2007 | Contribution | Employee Mandatory | 35.140 | $48.65 | $1,709.58 |
| 06/30/2007 | Trustee Fee | Employee Voluntary | -0.783 | $48.55 | -38.00 |
| 06/30/2007 | Realized G/L | Employee Voluntary | | | $4.66 |
| 06/30/2007 | Trustee Fee | Employee Mandatory | -1.628 | $48.55 | -79.00 |
| 06/30/2007 | Realized G/L | Employee Mandatory | | | $17.67 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.412 | $48.55 | -20.02 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $6.57 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.464 | $48.55 | -22.54 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $8.64 |
| 07/10/2007 | Contribution | Employee Voluntary | 29.658 | $48.79 | $1,447.03 |
| 07/10/2007 | Contribution | Employee Mandatory | 29.658 | $48.79 | $1,447.03 |
| 08/10/2007 | Contribution | Employee Voluntary | 140.433 | $47.04 | $6,605.96 |
| 08/10/2007 | Contribution | Employee Mandatory | 140.433 | $47.04 | $6,605.96 |
| 08/13/2007 | Recordkeeping Fee | Employee Voluntary | -0.012 | $47.03 | -0.53 |
| 08/13/2007 | Realized G/L | Employee Voluntary | | | $0.03 |
| 08/13/2007 | Recordkeeping Fee | Employee Mandatory | -0.022 | $47.03 | -1.04 |
| 08/13/2007 | Realized G/L | Employee Mandatory | | | $0.23 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $47.03 | -0.25 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.06 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.005 | $47.03 | -0.25 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.11 |
| 09/04/2007 | Withdrawal | Employee Mandatory | -151.272 | $48.25 | -7,298.87 |
| 09/04/2007 | Realized G/L | Employee Mandatory | | | $3,361.04 |
| 09/04/2007 | Withdrawal | Pre-2005 Vested Mandatory | -302.458 | $48.25 | -14,593.60 |
| 09/04/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $6,720.26 |
| 09/10/2007 | Contribution | Employee Voluntary | 40.012 | $47.07 | $1,883.38 |
| 09/10/2007 | Contribution | Employee Mandatory | 40.012 | $47.07 | $1,883.38 |
| 09/28/2007 | Trustee Fee | Employee Voluntary | -0.913 | $49.54 | -45.26 |
| 09/28/2007 | Realized G/L | Employee Voluntary | | | $5.75 |
| 09/28/2007 | Trustee Fee | Employee Mandatory | -1.662 | $49.54 | -82.39 |
| 09/28/2007 | Realized G/L | Employee Mandatory | | | $17.40 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.412 | $49.54 | -20.43 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $6.98 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 327

CONFIDENTIAL

RBC-PAUL000000432

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.275 | $49.54 | -13.62 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $4.64 |
| 10/10/2007 | Contribution | Employee Voluntary | 29.363 | $50.73 | $1,489.58 |
| 10/10/2007 | Contribution | Employee Mandatory | 29.363 | $50.73 | $1,489.58 |
| 11/09/2007 | Contribution | Employee Voluntary | 137.285 | $47.26 | $6,488.10 |
| 11/09/2007 | Contribution | Employee Mandatory | 137.285 | $47.26 | $6,488.10 |
| 12/03/2007 | Recordkeeping Fee | Employee Voluntary | -0.011 | $47.93 | -0.57 |
| 12/03/2007 | Realized G/L | Employee Voluntary | | | $0.11 |
| 12/03/2007 | Recordkeeping Fee | Employee Mandatory | -0.020 | $47.93 | -0.99 |
| 12/03/2007 | Realized G/L | Employee Mandatory | | | $0.23 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $47.93 | -0.23 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.07 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $47.93 | -0.13 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.07 |
| 12/10/2007 | Contribution | Employee Voluntary | 80.923 | $49.38 | $3,995.99 |
| 12/10/2007 | Contribution | Employee Mandatory | 80.923 | $49.38 | $3,995.99 |
| 12/28/2007 | Contribution | Employee Voluntary | 131.559 | $48.21 | $6,342.46 |
| 12/28/2007 | Contribution | Employee Mandatory | 131.559 | $48.21 | $6,342.46 |
| 12/31/2007 | Trustee Fee | Employee Voluntary | -1.150 | $47.88 | -55.06 |
| 12/31/2007 | Realized G/L | Employee Voluntary | | | $4.16 |
| 12/31/2007 | Trustee Fee | Employee Mandatory | -1.898 | $47.88 | -90.93 |
| 12/31/2007 | Realized G/L | Employee Mandatory | | | $14.58 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Contrib | -0.412 | $47.88 | -19.73 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $6.28 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.274 | $47.88 | -13.15 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $4.20 |

**RBC Share Account**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/21/2007 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.063 | $47.39 | -2.95 |
| 02/21/2007 | Realized G/L | Employer Match 4yr Cliff | | | $1.07 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.020 | $47.39 | -0.97 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.58 |
| 02/23/2007 | Dividend | Employer Match 4yr Cliff | 48.212 | $47.62 | $2,295.89 |
| 02/23/2007 | Dividend | Pre-2005 Vested Mandatory | 15.819 | $47.62 | $753.28 |
| 02/28/2007 | Contribution | Employer Match 4yr Cliff | 2,591.439 | $46.41 | $120,268.68 |
| 04/30/2007 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.068 | $52.06 | -3.60 |
| 04/30/2007 | Realized G/L | Employer Match 4yr Cliff | | | $1.27 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.016 | $52.06 | -0.85 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.54 |
| 05/24/2007 | Dividend | Employer Match 4yr Cliff | 70.636 | $55.85 | $3,945.02 |
| 05/24/2007 | Dividend | Pre-2005 Vested Mandatory | 16.720 | $55.85 | $933.81 |
| 07/02/2007 | Withdrawal | Employer Match 4yr Cliff | -330.257 | $52.91 | -17,473.90 |
| 07/02/2007 | Realized G/L | Employer Match 4yr Cliff | | | $10,798.21 |
| 07/02/2007 | Withdrawal | Pre-2005 Vested Mandatory | -2,218.894 | $52.91 | -117,401.68 |
| 07/02/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $72,550.43 |
| 08/13/2007 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.072 | $50.13 | -3.59 |
| 08/13/2007 | Realized G/L | Employer Match 4yr Cliff | | | $1.06 |
| 08/24/2007 | Dividend | Employer Match 4yr Cliff | 75.338 | $52.37 | $3,945.47 |
| 11/23/2007 | Dividend | Employer Match 4yr Cliff | 91.289 | $50.45 | $4,605.54 |
| 12/03/2007 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.067 | $53.26 | -3.54 |
| 12/03/2007 | Realized G/L | Employer Match 4yr Cliff | | | $1.17 |

**RBC SMID Cap Grth I**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/09/2007 | Contribution | Employee Voluntary | 280.012 | $12.89 | $3,609.35 |
| 02/09/2007 | Contribution | Employee Mandatory | 280.012 | $12.89 | $3,609.35 |
| 02/21/2007 | Recordkeeping Fee | Employee Voluntary | -0.029 | $13.33 | -0.39 |
| 02/21/2007 | Realized G/L | Employee Voluntary | | | $0.04 |
| 02/21/2007 | Recordkeeping Fee | Employee Mandatory | -0.063 | $13.33 | -0.84 |
| 02/21/2007 | Realized G/L | Employee Mandatory | | | $0.08 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.016 | $13.33 | -0.21 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 328
CONFIDENTIAL

RBC-PAUL000000433

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/21/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 02/21/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.018 | $13.33 | -0.24 |
| 02/21/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 03/09/2007 | Contribution | Employee Voluntary | 126.014 | $12.97 | $1,634.40 |
| 03/09/2007 | Contribution | Employee Mandatory | 126.014 | $12.97 | $1,634.40 |
| 04/10/2007 | Contribution | Employee Voluntary | 180.149 | $13.37 | $2,408.59 |
| 04/10/2007 | Contribution | Employee Mandatory | 180.149 | $13.37 | $2,408.59 |
| 04/30/2007 | Recordkeeping Fee | Employee Voluntary | -0.026 | $13.51 | -0.35 |
| 04/30/2007 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/30/2007 | Recordkeeping Fee | Employee Mandatory | -0.052 | $13.51 | -0.71 |
| 04/30/2007 | Realized G/L | Employee Mandatory | | | $0.08 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.013 | $13.51 | -0.17 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.02 |
| 04/30/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.014 | $13.51 | -0.19 |
| 04/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.04 |
| 05/10/2007 | Contribution | Employee Voluntary | 470.845 | $13.60 | $6,403.49 |
| 05/10/2007 | Contribution | Employee Mandatory | 470.845 | $13.60 | $6,403.49 |
| 06/08/2007 | Contribution | Employee Voluntary | 124.243 | $13.76 | $1,709.58 |
| 06/08/2007 | Contribution | Employee Mandatory | 124.243 | $13.76 | $1,709.58 |
| 06/30/2007 | Trustee Fee | Employee Voluntary | -2.572 | $13.87 | -35.68 |
| 06/30/2007 | Realized G/L | Employee Voluntary | | | $2.27 |
| 06/30/2007 | Trustee Fee | Employee Mandatory | -4.775 | $13.87 | -66.23 |
| 06/30/2007 | Realized G/L | Employee Mandatory | | | $5.48 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Contrib | -1.049 | $13.87 | -14.55 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $1.54 |
| 06/30/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -1.177 | $13.87 | -16.32 |
| 06/30/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.73 |
| 07/10/2007 | Contribution | Employee Voluntary | 104.103 | $13.90 | $1,447.03 |
| 07/10/2007 | Contribution | Employee Voluntary | 104.103 | $13.90 | $1,447.03 |
| 08/10/2007 | Contribution | Employee Voluntary | 475.248 | $13.90 | $6,605.95 |
| 08/10/2007 | Contribution | Employee Voluntary | 475.248 | $13.90 | $6,605.95 |
| 08/13/2007 | Recordkeeping Fee | Employee Voluntary | -0.037 | $13.81 | -0.51 |
| 08/13/2007 | Realized G/L | Employee Voluntary | | | $0.05 |
| 08/13/2007 | Recordkeeping Fee | Employee Mandatory | -0.065 | $13.81 | -0.90 |
| 08/13/2007 | Realized G/L | Employee Mandatory | | | $0.10 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.014 | $13.81 | -0.19 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 08/13/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.014 | $13.81 | -0.20 |
| 08/13/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.05 |
| 09/04/2007 | Withdrawal | Employee Mandatory | -381.526 | $14.01 | -5,345.18 |
| 09/04/2007 | Realized G/L | Employee Mandatory | | | $615.48 |
| 09/04/2007 | Withdrawal | Pre-2005 Vested Mandatory | -762.824 | $14.01 | -10,687.16 |
| 09/04/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1,230.66 |
| 09/10/2007 | Contribution | Employee Voluntary | 138.179 | $13.63 | $1,883.38 |
| 09/10/2007 | Contribution | Employee Mandatory | 138.179 | $13.63 | $1,883.38 |
| 09/28/2007 | Trustee Fee | Employee Voluntary | -3.019 | $14.37 | -43.39 |
| 09/28/2007 | Realized G/L | Employee Voluntary | | | $3.69 |
| 09/28/2007 | Trustee Fee | Employee Mandatory | -4.981 | $14.37 | -71.59 |
| 09/28/2007 | Realized G/L | Employee Mandatory | | | $7.53 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Contrib | -1.048 | $14.37 | -15.07 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $2.08 |
| 09/28/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.698 | $14.37 | -10.04 |
| 09/28/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.39 |
| 10/10/2007 | Contribution | Employee Voluntary | 100.783 | $14.78 | $1,489.58 |
| 10/10/2007 | Contribution | Employee Mandatory | 100.783 | $14.78 | $1,489.58 |
| 11/09/2007 | Contribution | Employee Voluntary | 468.455 | $13.85 | $6,488.10 |
| 11/09/2007 | Contribution | Employee Mandatory | 468.455 | $13.85 | $6,488.10 |
| 12/03/2007 | Recordkeeping Fee | Employee Voluntary | -0.039 | $14.06 | -0.55 |
| 12/03/2007 | Realized G/L | Employee Voluntary | | | $0.05 |
| 12/03/2007 | Recordkeeping Fee | Employee Mandatory | -0.063 | $14.06 | -0.87 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 329
CONFIDENTIAL

RBC-PAUL000000434

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2007 to 12/31/2007

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|------------|------------------|--------|--------|-------|--------------------|
| 12/03/2007 | Realized G/L | Employee Mandatory | | | $0.08 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.012 | $14.06 | -0.17 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 12/03/2007 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.008 | $14.06 | -0.11 |
| 12/03/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 12/10/2007 | Contribution | Employee Voluntary | 276.157 | $14.47 | $3,995.99 |
| 12/10/2007 | Contribution | Employee Mandatory | 276.157 | $14.47 | $3,995.99 |
| 12/19/2007 | Dividend | Employee Voluntary | 494.893 | $12.78 | $6,324.73 |
| 12/19/2007 | Dividend | Employee Mandatory | 768.683 | $12.78 | $9,823.77 |
| 12/19/2007 | Dividend | Pre-2005 Vested Contrib | 146.205 | $12.78 | $1,868.50 |
| 12/19/2007 | Dividend | Pre-2005 Vested Mandatory | 97.486 | $12.78 | $1,245.87 |
| 12/28/2007 | Contribution | Employee Voluntary | 484.526 | $13.09 | $6,342.45 |
| 12/28/2007 | Contribution | Employee Mandatory | 484.526 | $13.09 | $6,342.45 |
| 12/31/2007 | Trustee Fee | Employee Voluntary | -4.158 | $12.98 | -53.97 |
| 12/31/2007 | Realized G/L | Employee Voluntary | | | -0.98 |
| 12/31/2007 | Trustee Fee | Employee Mandatory | -6.290 | $12.98 | -81.65 |
| 12/31/2007 | Realized G/L | Employee Mandatory | | | $0.17 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Contrib | -1.139 | $12.98 | -14.78 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Contrib | | | $0.62 |
| 12/31/2007 | Trustee Fee | Pre-2005 Vested Mandatory | -0.759 | $12.98 | -9.85 |
| 12/31/2007 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.42 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 330

CONFIDENTIAL

RBC-PAUL000000435

# Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned.  Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account.  You can calculate the market value by using the following formula: Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price.  It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings.  When the company contributes money to your account, it resides in your account, under your name.  This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

### Some special information about other sections that may appear in your account statement.

**Asset Allocation**
Investments can be divided into three major asset classes:  Stocks, Bonds, and Short Term Investments.  These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio.  They represent ownership or equity in a company.  Stocks have the potential to outperform other types of investments over the long term.  However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio.  They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments.  Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio.  They provide current income and seek to preserve the value of your investment.  They also tend to provide the lowest returns over the long term.  Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments.  You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies.  Some of its stocks have a greater influence on the direction of the market.  The S&P 500 calculation takes this into account by giving greater weight to these stocks.  The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors.  Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and  Far East,  Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada.  The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 331

CONFIDENTIAL

RBC-PAUL000000436



**RBC US Deferred
Compensation Plan**

# Retirement Savings Statement

January 1, 2008 - December 31, 2008

ENV#MG000008
MG 14022   T

MARTY PAUL

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---:|
| **Beginning Balance** | **$1,542,780.99** |
| Employee Contributions | 132,436.93 |
| Employer Contributions | 317,312.11 |
| Dividends and Interest | 36,899.66 |
| Withdrawal | -260,831.63 |
| Fees | -2,307.12 |
| Change in Market Value | -690,323.14 |
| **Ending Balance** | **$1,075,967.80** |

| **Additional Information** | |
|---|---:|
| Vested Balance | $717,755.43 |

| **Inception to date contribution** | |
|---|---:|
| Your Personal Rate of Return | -39.5% |
| Year to Date | -39.5% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings.  It reflects the results of your investment selections as
well as any activity in the plan account(s) shown.  There are other
Personal Rate of Return formulas used that may yield different
results.  Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed
asset classes.  Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPacific Gth A | AF Grth Fund Amer A | Fid US Eq Indx | RBC Share Account | RBC SMID Cap Grth I |
|---|---:|---:|---:|---:|---:|
| **Beginning Balance** | **$258,406.43** | **$272,039.09** | **$285,999.55** | **$470,089.43** | **$256,246.49** |
| Employee Contributions | 33,109.24 | 33,109.24 | 33,109.24 | 0.00 | 33,109.21 |
| Employer Contributions | 33,109.24 | 33,109.24 | 33,109.24 | 184,875.18 | 33,109.21 |
| Dividends and Interest | 12,770.94 | 2,064.47 | 0.00 | 20,194.41 | 1,869.84 |
| Withdrawal | -25,315.90 | -36,444.98 | -40,235.34 | -128,819.03 | -30,016.38 |
| Fees | -558.00 | -586.18 | -601.42 | -12.48 | -549.04 |
| Change in Market Value | -123,174.50 | -110,572.44 | -107,610.70 | -235,600.81 | -113,364.69 |
| **Ending Balance** | **$188,347.45** | **$192,718.44** | **$203,770.57** | **$310,726.70** | **$180,404.64** |

Please read this statement carefully.  Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 332

CONFIDENTIAL

RBC-PAUL000000437

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

# Your Account Activity (continued)

| Activity | Total |
|---|---|
| **Beginning Balance** | **$1,542,780.99** |
| Employee Contributions | 132,436.93 |
| Employer Contributions | 317,312.11 |
| Dividends and Interest | 36,899.66 |
| Withdrawal | -260,831.63 |
| Fees | -2,307.12 |
| Change in Market Value | -690,323.14 |
| **Ending Balance** | **$1,075,967.80** |

# Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2007 | Shares on 12/31/2008 | Price on 12/31/2007 | Price on 12/31/2008 | Market Value on 12/31/2007 | Market Value on 12/31/2008 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$1,542,780.99** | **$1,075,967.80** |
| AF EuroPacific Gth A | 5,079.741 | 6,724.293 | $50.87 | $28.01 | 258,406.43 | 188,347.45 |
| AF Grth Fund Amer A | 7,998.797 | 9,410.080 | $34.01 | $20.48 | 272,039.09 | 192,718.44 |
| Fid US Eq Indx | 5,973.257 | 6,767.538 | $47.88 | $30.11 | 285,999.55 | 203,770.57 |
| RBC Share Account | 9,210.216 | 10,476.288 | $51.04 | $29.66 | 470,089.43 | 310,726.70 |
| RBC SMID Cap Grth I | 19,741.640 | 24,053.952 | $12.98 | $7.50 | 256,246.49 | 180,404.64 |
| **Account Total** | | | | | **$1,542,780.99** | **$1,075,967.80** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

# Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2008 | Effective Date |
|---|---|---|---|---|---|
| **2004** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2004 Employee Mandatory** | | | | **42,606.78** | |
| **2004** | | | | | |
| | Pre-2005 Vested Contrib | Election Unknown | | | Unknown |
| **2004 Pre-2005 Vested Contrib** | | | | **31,953.33** | |
| **2004** | | | | | |
| | Pre-2005 Vested Mandatory | Election Unknown | | | Unknown |
| **2004 Pre-2005 Vested Mandatory** | | | | **21,300.26** | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 333

CONFIDENTIAL

RBC-PAUL000000438

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2008 | Effective Date |
|---|---|---|---|---|---|
| **2004** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2004 Employer Match 4yr Cliff** | | | | 57,797.31 | |
| **2004 Total** | | | | **153,657.68** | |
| **2005** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2005 Employee Voluntary** | | | | 33,034.51 | |
| **2005** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2005 Employee Mandatory** | | | | 66,069.25 | |
| **2005** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2005 Employer Match 4yr Cliff** | | | | 57,396.88 | |
| **2005 Total** | | | | **156,500.64** | |
| **2006** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | 72,691.31 | |
| **2006** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | 72,691.34 | |
| **2006** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2006 Employer Match 4yr Cliff** | | | | 82,359.20 | |
| **2006 Total** | | | | **227,741.85** | |
| **2007** | | | | | |
| | Employee Voluntary | Election | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 334

CONFIDENTIAL

RBC-PAUL000000439

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2008 | Effective Date |
|---|---|---|---|---|---|
| | | Unknown | | | |
| **2007 Employee Voluntary** | | | | **109,077.69** | |
| | | | | | |
| 2007 | Employee Mandatory | Election Unknown | | | Unknown |
| **2007 Employee Mandatory** | | | | **109,077.67** | |
| | | | | | |
| 2007 | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2007 Employer Match 4yr Cliff** | | | | **113,173.31** | |
| | | | | | |
| **2007 Total** | | | | **331,328.67** | |
| | | | | | |
| 2008 | Employee Mandatory | 2013 | Lump Sum | | Current |
| **2008 Employee Mandatory** | | | | **103,369.48** | |
| | | | | | |
| 2008 | Employee Voluntary | Election Unknown | | | Unknown |
| **2008 Employee Voluntary** | | | | **103,369.48** | |
| | | | | | |
| **2008 Total** | | | | **206,738.96** | |
| | | | | | |
| **Total Market Value** | | | | **1,075,967.80** | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 335

CONFIDENTIAL

RBC-PAUL000000440

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Market Value of Distributions

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2008 | Price On: 12/31/2008 | Market Value: 12/31/2008 | Total Market Value: 12/31/2008 |
|---|---|---|---|---|---|
| **2013** | | | | | |
| Lump Sum | AF EuroPacific Gth A | 926.754 | 28.01 | 25,958.37 | |
| Lump Sum | AF Grth Fund Amer A | 1,249.176 | 20.48 | 25,583.12 | |
| Lump Sum | RBC SMID Cap Grth I | 3,381.347 | 7.50 | 25,360.10 | |
| Lump Sum | Fid US Eq Indx | 879.040 | 30.11 | 26,467.89 | |
| | | | | | **103,369.48** |
| **Other Account Holdings** | | | | | |
| | AF EuroPacific Gth A | 5,797.539 | 28.01 | 162,389.08 | |
| | AF Grth Fund Amer A | 8,160.904 | 20.48 | 167,135.32 | |
| | RBC SMID Cap Grth I | 20,672.605 | 7.50 | 155,044.54 | |
| | RBC Share Account | 10,476.288 | 29.66 | 310,726.70 | |
| | Fid US Eq Indx | 5,888.498 | 30.11 | 177,302.68 | |
| | | | | | **972,598.32** |
| **Total Market Value** | | | | | **1,075,967.80** |

## Your Contribution Elections as of 03/06/2013

This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2011 Voluntary Deferral | 3 Year Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4yr Cliff | Pre-2005 Vested Contrib | Pre-2005 Vested Mandatory |
|---|---|---|---|---|---|
| This Period | $132,436.93 | $132,436.93 | $184,875.18 | $0.00 | $0.00 |
| Year to Date | $132,436.93 | $132,436.93 | $184,875.18 | $0.00 | $0.00 |
| **Total Account Balances** | **318,172.99** | **393,814.53** | **310,726.70** | **31,953.32** | **21,300.26** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 336

CONFIDENTIAL

RBC-PAUL000000441

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPacific Gth A** | | | | | |
| 02/08/2008 | Contribution | Employee Voluntary | 93.992 | $45.27 | $4,255.00 |
| 02/08/2008 | Contribution | Employee Mandatory | 93.992 | $45.27 | $4,255.00 |
| 02/22/2008 | Recordkeeping Fee | Employee Voluntary | -0.013 | $46.75 | -0.61 |
| 02/22/2008 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/22/2008 | Recordkeeping Fee | Employee Mandatory | -0.018 | $46.75 | -0.85 |
| 02/22/2008 | Realized G/L | Employee Mandatory | | | $0.04 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $46.75 | -0.12 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.04 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $46.75 | -0.08 |
| 03/10/2008 | Contribution | Employee Voluntary | 78.307 | $45.28 | $3,545.73 |
| 03/10/2008 | Contribution | Employee Mandatory | 78.307 | $45.28 | $3,545.73 |
| 03/31/2008 | Trustee Fee | Employee Voluntary | -1.254 | $46.83 | -58.70 |
| 03/31/2008 | Realized G/L | Employee Voluntary | | | -1.94 |
| 03/31/2008 | Trustee Fee | Employee Mandatory | -1.733 | $46.83 | -81.19 |
| 03/31/2008 | Realized G/L | Employee Mandatory | | | -0.63 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.242 | $46.83 | -11.33 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.59 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.162 | $46.83 | -7.56 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.37 |
| 04/10/2008 | Contribution | Employee Voluntary | 24.587 | $47.98 | $1,179.70 |
| 04/10/2008 | Contribution | Employee Mandatory | 24.587 | $47.98 | $1,179.70 |
| 05/09/2008 | Recordkeeping Fee | Employee Voluntary | -0.012 | $48.98 | -0.57 |
| 05/09/2008 | Realized G/L | Employee Voluntary | | | $0.01 |
| 05/09/2008 | Contribution | Employee Voluntary | 106.016 | $48.98 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Employee Mandatory | -0.016 | $48.98 | -0.77 |
| 05/09/2008 | Realized G/L | Employee Mandatory | | | $0.04 |
| 05/09/2008 | Contribution | Employee Mandatory | 106.016 | $48.98 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $48.98 | -0.10 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.02 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $48.98 | -0.07 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.01 |
| 06/10/2008 | Contribution | Employee Voluntary | 16.902 | $47.41 | $801.33 |
| 06/10/2008 | Contribution | Employee Mandatory | 16.902 | $47.41 | $801.33 |
| 06/30/2008 | Trustee Fee | Employee Voluntary | -1.346 | $45.73 | -61.50 |
| 06/30/2008 | Realized G/L | Employee Voluntary | | | -3.40 |
| 06/30/2008 | Trustee Fee | Employee Mandatory | -1.670 | $45.73 | -76.35 |
| 06/30/2008 | Realized G/L | Employee Mandatory | | | -2.85 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.126 | $45.73 | -5.74 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.15 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.084 | $45.73 | -3.82 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.09 |
| 07/01/2008 | Withdrawal | Employee Mandatory | -248.268 | $45.33 | -11,253.99 |
| 07/01/2008 | Realized G/L | Employee Mandatory | | | $242.01 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Contrib | -186.096 | $45.33 | -8,435.73 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $181.43 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Mandatory | -124.116 | $45.33 | -5,626.18 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $121.04 |
| 07/10/2008 | Contribution | Employee Voluntary | 19.796 | $44.42 | $879.32 |
| 07/10/2008 | Contribution | Employee Mandatory | 19.796 | $44.42 | $879.32 |
| 08/08/2008 | Contribution | Employee Voluntary | 116.273 | $43.73 | $5,084.60 |
| 08/08/2008 | Contribution | Employee Mandatory | 116.273 | $43.73 | $5,084.60 |
| 08/14/2008 | Recordkeeping Fee | Employee Voluntary | -0.015 | $42.81 | -0.64 |
| 08/14/2008 | Realized G/L | Employee Voluntary | | | -0.05 |
| 08/14/2008 | Recordkeeping Fee | Employee Mandatory | -0.018 | $42.81 | -0.78 |
| 08/14/2008 | Realized G/L | Employee Mandatory | | | -0.04 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.001 | $42.81 | -0.06 |
| 08/14/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.02 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.001 | $42.81 | -0.04 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 337

CONFIDENTIAL

RBC-PAUL000000442

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/10/2008 | Contribution | Employee Voluntary | 16.416 | $39.44 | $647.45 |
| 09/10/2008 | Contribution | Employee Mandatory | 16.416 | $39.44 | $647.45 |
| 09/30/2008 | Trustee Fee | Employee Voluntary | -1.438 | $37.48 | -53.94 |
| 09/30/2008 | Realized G/L | Employee Voluntary | | | -13.69 |
| 09/30/2008 | Trustee Fee | Employee Mandatory | -1.763 | $37.48 | -66.12 |
| 09/30/2008 | Realized G/L | Employee Mandatory | | | -15.85 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.125 | $37.48 | -4.70 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -0.84 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.084 | $37.48 | -3.13 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.60 |
| 10/10/2008 | Contribution | Employee Voluntary | 20.602 | $29.56 | $608.99 |
| 10/10/2008 | Contribution | Employee Mandatory | 20.602 | $29.56 | $608.99 |
| 11/10/2008 | Contribution | Employee Voluntary | 179.388 | $29.48 | $5,288.37 |
| 11/10/2008 | Contribution | Employee Mandatory | 179.388 | $29.48 | $5,288.37 |
| 11/28/2008 | Recordkeeping Fee | Employee Voluntary | -0.022 | $28.15 | -0.62 |
| 11/28/2008 | Realized G/L | Employee Voluntary | | | -0.38 |
| 11/28/2008 | Recordkeeping Fee | Employee Mandatory | -0.027 | $28.15 | -0.76 |
| 11/28/2008 | Realized G/L | Employee Mandatory | | | -0.45 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $28.15 | -0.05 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -0.03 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.001 | $28.15 | -0.03 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.01 |
| 12/10/2008 | Contribution | Employee Voluntary | 22.952 | $28.96 | $664.69 |
| 12/10/2008 | Contribution | Employee Mandatory | 22.952 | $28.96 | $664.69 |
| 12/23/2008 | Dividend | Employee Voluntary | 202.228 | $27.01 | $5,462.19 |
| 12/23/2008 | Dividend | Employee Mandatory | 243.824 | $27.01 | $6,585.69 |
| 12/23/2008 | Dividend | Pre-2005 Vested Contrib | 16.063 | $27.01 | $433.85 |
| 12/23/2008 | Dividend | Pre-2005 Vested Mandatory | 10.707 | $27.01 | $289.21 |
| 12/30/2008 | Contribution | Employee Voluntary | 177.066 | $28.02 | $4,961.40 |
| 12/30/2008 | Contribution | Employee Mandatory | 177.066 | $28.02 | $4,961.40 |
| 12/31/2008 | Trustee Fee | Employee Voluntary | -1.814 | $28.01 | -50.82 |
| 12/31/2008 | Realized G/L | Employee Voluntary | | | -28.82 |
| 12/31/2008 | Trustee Fee | Employee Mandatory | -2.164 | $28.01 | -60.63 |
| 12/31/2008 | Realized G/L | Employee Mandatory | | | -34.00 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.135 | $28.01 | -3.79 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -2.02 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.090 | $28.01 | -2.53 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -1.35 |
| **AF Grth Fund Amer A** | | | | | |
| 02/08/2008 | Contribution | Employee Voluntary | 135.812 | $31.33 | $4,255.00 |
| 02/08/2008 | Contribution | Employee Mandatory | 135.812 | $31.33 | $4,255.00 |
| 02/22/2008 | Recordkeeping Fee | Employee Voluntary | -0.019 | $31.88 | -0.60 |
| 02/22/2008 | Realized G/L | Employee Voluntary | | | -0.01 |
| 02/22/2008 | Recordkeeping Fee | Employee Mandatory | -0.029 | $31.88 | -0.92 |
| 02/22/2008 | Realized G/L | Employee Mandatory | | | $0.06 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $31.88 | -0.17 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.04 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $31.88 | -0.12 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.03 |
| 03/10/2008 | Contribution | Employee Voluntary | 116.177 | $30.52 | $3,545.72 |
| 03/10/2008 | Contribution | Employee Mandatory | 116.177 | $30.52 | $3,545.72 |
| 03/31/2008 | Trustee Fee | Employee Voluntary | -1.788 | $31.33 | -56.03 |
| 03/31/2008 | Realized G/L | Employee Voluntary | | | -3.31 |
| 03/31/2008 | Trustee Fee | Employee Mandatory | -2.701 | $31.33 | -84.63 |
| 03/31/2008 | Realized G/L | Employee Mandatory | | | $1.47 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.494 | $31.33 | -15.48 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $3.22 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.330 | $31.33 | -10.33 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $2.15 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 338

CONFIDENTIAL

RBC-PAUL000000443

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 04/10/2008 | Contribution | Employee Voluntary | 36.466 | $32.35 | $1,179.69 |
| 04/10/2008 | Contribution | Employee Mandatory | 36.466 | $32.35 | $1,179.69 |
| 05/09/2008 | Recordkeeping Fee | Employee Voluntary | -0.016 | $33.32 | -0.55 |
| 05/09/2008 | Realized G/L | Employee Voluntary | | | $0.04 |
| 05/09/2008 | Contribution | Employee Voluntary | 155.842 | $33.32 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Employee Mandatory | -0.025 | $33.32 | -0.82 |
| 05/09/2008 | Realized G/L | Employee Mandatory | | | $0.09 |
| 05/09/2008 | Contribution | Employee Mandatory | 155.842 | $33.32 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $33.32 | -0.14 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.05 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $33.32 | -0.10 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.01 |
| 06/10/2008 | Contribution | Employee Voluntary | 24.246 | $33.05 | $801.33 |
| 06/10/2008 | Contribution | Employee Mandatory | 24.246 | $33.05 | $801.33 |
| 06/30/2008 | Trustee Fee | Employee Voluntary | -1.924 | $31.72 | -61.00 |
| 06/30/2008 | Realized G/L | Employee Voluntary | | | -2.71 |
| 06/30/2008 | Trustee Fee | Employee Mandatory | -2.517 | $31.72 | -79.81 |
| 06/30/2008 | Realized G/L | Employee Mandatory | | | -0.31 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.254 | $31.72 | -8.07 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $1.37 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.170 | $31.72 | -5.38 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.90 |
| 07/01/2008 | Withdrawal | Employee Mandatory | -511.086 | $31.70 | -16,201.43 |
| 07/01/2008 | Realized G/L | Employee Mandatory | | | $4,368.82 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Contrib | -383.096 | $31.70 | -12,144.14 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $3,274.65 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Mandatory | -255.502 | $31.70 | -8,099.41 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $2,184.04 |
| 07/10/2008 | Contribution | Employee Voluntary | 28.652 | $30.69 | $879.32 |
| 07/10/2008 | Contribution | Employee Mandatory | 28.652 | $30.69 | $879.32 |
| 08/08/2008 | Contribution | Employee Voluntary | 165.085 | $30.80 | $5,084.61 |
| 08/08/2008 | Contribution | Employee Mandatory | 165.085 | $30.80 | $5,084.61 |
| 08/14/2008 | Recordkeeping Fee | Employee Voluntary | -0.022 | $30.87 | -0.66 |
| 08/14/2008 | Realized G/L | Employee Voluntary | | | -0.04 |
| 08/14/2008 | Recordkeeping Fee | Employee Mandatory | -0.028 | $30.87 | -0.85 |
| 08/14/2008 | Realized G/L | Employee Mandatory | | | -0.01 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $30.87 | -0.08 |
| 08/14/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $30.87 | -0.05 |
| 09/10/2008 | Contribution | Employee Voluntary | 22.654 | $28.58 | $647.44 |
| 09/10/2008 | Contribution | Employee Mandatory | 22.654 | $28.58 | $647.44 |
| 09/30/2008 | Trustee Fee | Employee Voluntary | -2.057 | $26.95 | -55.44 |
| 09/30/2008 | Realized G/L | Employee Voluntary | | | -11.16 |
| 09/30/2008 | Trustee Fee | Employee Mandatory | -2.650 | $26.95 | -71.41 |
| 09/30/2008 | Realized G/L | Employee Mandatory | | | -11.60 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.254 | $26.95 | -6.85 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.15 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.170 | $26.95 | -4.57 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.09 |
| 10/10/2008 | Contribution | Employee Voluntary | 28.658 | $21.25 | $608.99 |
| 10/10/2008 | Contribution | Employee Mandatory | 28.658 | $21.25 | $608.99 |
| 11/10/2008 | Contribution | Employee Voluntary | 248.631 | $21.27 | $5,288.38 |
| 11/10/2008 | Contribution | Employee Mandatory | 248.631 | $21.27 | $5,288.38 |
| 11/28/2008 | Recordkeeping Fee | Employee Voluntary | -0.031 | $20.39 | -0.64 |
| 11/28/2008 | Realized G/L | Employee Voluntary | | | -0.34 |
| 11/28/2008 | Recordkeeping Fee | Employee Mandatory | -0.040 | $20.39 | -0.82 |
| 11/28/2008 | Realized G/L | Employee Mandatory | | | -0.41 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $20.39 | -0.07 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $20.39 | -0.05 |
| 12/10/2008 | Contribution | Employee Voluntary | 32.251 | $20.61 | $664.69 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 339
CONFIDENTIAL

RBC-PAUL000000444

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/10/2008 | Contribution | Employee Mandatory | 32.251 | $20.61 | $664.69 |
| 12/22/2008 | Dividend | Employee Voluntary | 42.486 | $19.82 | $842.09 |
| 12/22/2008 | Dividend | Employee Mandatory | 53.678 | $19.82 | $1,063.88 |
| 12/22/2008 | Dividend | Pre-2005 Vested Contrib | 4.798 | $19.82 | $95.10 |
| 12/22/2008 | Dividend | Pre-2005 Vested Mandatory | 3.199 | $19.82 | $63.40 |
| 12/30/2008 | Contribution | Employee Voluntary | 244.645 | $20.28 | $4,961.41 |
| 12/30/2008 | Contribution | Employee Mandatory | 244.645 | $20.28 | $4,961.41 |
| 12/31/2008 | Trustee Fee | Employee Voluntary | -2.429 | $20.48 | -49.75 |
| 12/31/2008 | Realized G/L | Employee Voluntary | | | -25.82 |
| 12/31/2008 | Trustee Fee | Employee Mandatory | -3.028 | $20.48 | -62.02 |
| 12/31/2008 | Realized G/L | Employee Mandatory | | | -30.07 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.257 | $20.48 | -5.26 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -1.50 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.171 | $20.48 | -3.51 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.99 |

### Fid US Eq Indx

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/08/2008 | Contribution | Employee Voluntary | 97.839 | $43.49 | $4,255.00 |
| 02/08/2008 | Contribution | Employee Mandatory | 97.839 | $43.49 | $4,255.00 |
| 02/22/2008 | Recordkeeping Fee | Employee Voluntary | -0.013 | $44.26 | -0.59 |
| 02/22/2008 | Realized G/L | Employee Voluntary | | | $0.04 |
| 02/22/2008 | Recordkeeping Fee | Employee Mandatory | -0.021 | $44.26 | -0.95 |
| 02/22/2008 | Realized G/L | Employee Mandatory | | | $0.13 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $44.26 | -0.20 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.08 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $44.26 | -0.10 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Mandatory | 0.000 | $44.26 | $0.04 |
| 03/10/2008 | Contribution | Employee Voluntary | 85.029 | $41.70 | $3,545.73 |
| 03/10/2008 | Contribution | Employee Mandatory | 85.029 | $41.70 | $3,545.73 |
| 03/31/2008 | Trustee Fee | Employee Voluntary | -1.264 | $43.35 | -54.77 |
| 03/31/2008 | Realized G/L | Employee Voluntary | | | -1.02 |
| 03/31/2008 | Trustee Fee | Employee Mandatory | -2.012 | $43.35 | -87.23 |
| 03/31/2008 | Realized G/L | Employee Mandatory | | | $5.99 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.412 | $43.35 | -17.85 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $4.40 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.274 | $43.35 | -11.90 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $2.95 |
| 04/10/2008 | Contribution | Employee Voluntary | 26.439 | $44.62 | $1,179.70 |
| 04/10/2008 | Contribution | Employee Mandatory | 26.439 | $44.62 | $1,179.70 |
| 05/09/2008 | Recordkeeping Fee | Employee Voluntary | -0.012 | $45.59 | -0.54 |
| 05/09/2008 | Realized G/L | Employee Voluntary | | | $0.04 |
| 05/09/2008 | Contribution | Employee Voluntary | 113.899 | $45.59 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Employee Mandatory | -0.018 | $45.59 | -0.83 |
| 05/09/2008 | Realized G/L | Employee Mandatory | | | $0.13 |
| 05/09/2008 | Contribution | Employee Mandatory | 113.899 | $45.59 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $45.59 | -0.16 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.04 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $45.59 | -0.10 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.04 |
| 06/10/2008 | Contribution | Employee Voluntary | 17.923 | $44.71 | $801.33 |
| 06/10/2008 | Contribution | Employee Mandatory | 17.923 | $44.71 | $801.33 |
| 06/30/2008 | Trustee Fee | Employee Voluntary | -1.361 | $42.17 | -57.42 |
| 06/30/2008 | Realized G/L | Employee Voluntary | | | -2.66 |
| 06/30/2008 | Trustee Fee | Employee Mandatory | -1.846 | $42.17 | -77.84 |
| 06/30/2008 | Realized G/L | Employee Mandatory | | | $0.26 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.213 | $42.17 | -9.00 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $1.58 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.142 | $42.17 | -6.00 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $1.05 |
| 07/01/2008 | Withdrawal | Employee Mandatory | -422.548 | $42.33 | -17,886.46 |

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 340**

CONFIDENTIAL

RBC-PAUL000000445

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/01/2008 | Realized G/L | Employee Mandatory | | | $5,093.24 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Contrib | -316.727 | $42.33 | -13,407.05 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $3,817.60 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Mandatory | -211.241 | $42.33 | -8,941.83 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $2,546.27 |
| 07/10/2008 | Contribution | Employee Voluntary | 21.276 | $41.33 | $879.32 |
| 07/10/2008 | Contribution | Employee Mandatory | 21.276 | $41.33 | $879.32 |
| 08/08/2008 | Contribution | Employee Voluntary | 118.799 | $42.80 | $5,084.60 |
| 08/08/2008 | Contribution | Employee Mandatory | 118.799 | $42.80 | $5,084.60 |
| 08/14/2008 | Recordkeeping Fee | Employee Voluntary | -0.015 | $42.72 | -0.65 |
| 08/14/2008 | Realized G/L | Employee Voluntary | | | $0.01 |
| 08/14/2008 | Recordkeeping Fee | Employee Mandatory | -0.020 | $42.72 | -0.87 |
| 08/14/2008 | Realized G/L | Employee Mandatory | | | $0.05 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $42.72 | -0.10 |
| 08/14/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.04 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.001 | $42.72 | -0.05 |
| 08/14/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.02 |
| 09/10/2008 | Contribution | Employee Voluntary | 15.881 | $40.77 | $647.45 |
| 09/10/2008 | Contribution | Employee Mandatory | 15.881 | $40.77 | $647.45 |
| 09/30/2008 | Trustee Fee | Employee Voluntary | -1.458 | $38.64 | -56.35 |
| 09/30/2008 | Realized G/L | Employee Voluntary | | | -6.79 |
| 09/30/2008 | Trustee Fee | Employee Mandatory | -1.942 | $38.64 | -75.04 |
| 09/30/2008 | Realized G/L | Employee Mandatory | | | -5.57 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.214 | $38.64 | -8.25 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | $0.79 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.142 | $38.64 | -5.50 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.55 |
| 10/10/2008 | Contribution | Employee Voluntary | 20.436 | $29.80 | $608.99 |
| 10/10/2008 | Contribution | Employee Mandatory | 20.436 | $29.80 | $608.99 |
| 11/10/2008 | Contribution | Employee Voluntary | 173.389 | $30.50 | $5,288.37 |
| 11/10/2008 | Contribution | Employee Mandatory | 173.389 | $30.50 | $5,288.37 |
| 11/28/2008 | Recordkeeping Fee | Employee Voluntary | -0.022 | $29.78 | -0.66 |
| 11/28/2008 | Realized G/L | Employee Voluntary | | | -0.27 |
| 11/28/2008 | Recordkeeping Fee | Employee Mandatory | -0.029 | $29.78 | -0.87 |
| 11/28/2008 | Realized G/L | Employee Mandatory | | | -0.30 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $29.78 | -0.09 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -0.01 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $29.78 | -0.08 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.02 |
| 12/10/2008 | Contribution | Employee Voluntary | 22.223 | $29.91 | $664.69 |
| 12/10/2008 | Contribution | Employee Mandatory | 22.223 | $29.91 | $664.69 |
| 12/30/2008 | Contribution | Employee Voluntary | 167.107 | $29.69 | $4,961.40 |
| 12/30/2008 | Contribution | Employee Mandatory | 167.107 | $29.69 | $4,961.40 |
| 12/31/2008 | Trustee Fee | Employee Voluntary | -1.697 | $30.11 | -51.09 |
| 12/31/2008 | Realized G/L | Employee Voluntary | | | -20.36 |
| 12/31/2008 | Trustee Fee | Employee Mandatory | -2.180 | $30.11 | -65.64 |
| 12/31/2008 | Realized G/L | Employee Mandatory | | | -23.24 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.213 | $30.11 | -6.42 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -1.00 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.142 | $30.11 | -4.28 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.67 |
| **RBC Share Account** | | | | | |
| 02/22/2008 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.063 | $49.87 | -3.12 |
| 02/22/2008 | Realized G/L | Employer Match 4yr Cliff | | | $0.89 |
| 02/22/2008 | Dividend | Employer Match 4yr Cliff | 90.932 | $49.87 | $4,534.81 |
| 02/29/2008 | Contribution | Employer Match 4yr Cliff | 3,690.123 | $50.10 | $184,875.18 |
| 05/09/2008 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.070 | $48.18 | -3.38 |
| 05/09/2008 | Realized G/L | Employer Match 4yr Cliff | | | $0.60 |
| 05/23/2008 | Dividend | Employer Match 4yr Cliff | 130.212 | $50.46 | $6,570.50 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 341

CONFIDENTIAL

RBC-PAUL000000446

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/01/2008 | Withdrawal | Employer Match 4yr Cliff | -2,888.319 | $44.60 | -128,819.03 |
| 07/01/2008 | Realized G/L | Employer Match 4yr Cliff | | | $54,058.63 |
| 08/14/2008 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.066 | $44.28 | -2.96 |
| 08/14/2008 | Realized G/L | Employer Match 4yr Cliff | | | $0.06 |
| 08/22/2008 | Dividend | Employer Match 4yr Cliff | 111.393 | $43.87 | $4,886.82 |
| 11/25/2008 | Dividend | Employer Match 4yr Cliff | 132.023 | $31.83 | $4,202.28 |
| 11/28/2008 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.093 | $32.54 | -3.02 |
| 11/28/2008 | Realized G/L | Employer Match 4yr Cliff | | | -1.06 |
| | | | | | |
| **RBC SMID Cap Grth I** | | | | | |
| 02/08/2008 | Contribution | Employee Voluntary | 355.175 | $11.98 | $4,255.00 |
| 02/08/2008 | Contribution | Employee Mandatory | 355.175 | $11.98 | $4,255.00 |
| 02/22/2008 | Recordkeeping Fee | Employee Voluntary | -0.048 | $11.95 | -0.57 |
| 02/22/2008 | Realized G/L | Employee Voluntary | | | -0.04 |
| 02/22/2008 | Recordkeeping Fee | Employee Mandatory | -0.070 | $11.95 | -0.84 |
| 02/22/2008 | Realized G/L | Employee Mandatory | | | -0.03 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.013 | $11.95 | -0.15 |
| 02/22/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.008 | $11.95 | -0.10 |
| 02/22/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.02 |
| 03/10/2008 | Contribution | Employee Voluntary | 316.582 | $11.20 | $3,545.72 |
| 03/10/2008 | Contribution | Employee Mandatory | 316.582 | $11.20 | $3,545.72 |
| 03/31/2008 | Trustee Fee | Employee Voluntary | -4.575 | $11.50 | -52.61 |
| 03/31/2008 | Realized G/L | Employee Voluntary | | | -7.18 |
| 03/31/2008 | Trustee Fee | Employee Mandatory | -6.707 | $11.50 | -77.13 |
| 03/31/2008 | Realized G/L | Employee Mandatory | | | -9.20 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -1.138 | $11.50 | -13.08 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -1.06 |
| 03/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.759 | $11.50 | -8.72 |
| 03/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.71 |
| 04/10/2008 | Contribution | Employee Voluntary | 100.656 | $11.72 | $1,179.69 |
| 04/10/2008 | Contribution | Employee Mandatory | 100.656 | $11.72 | $1,179.69 |
| 05/09/2008 | Recordkeeping Fee | Employee Voluntary | -0.043 | $12.18 | -0.52 |
| 05/09/2008 | Realized G/L | Employee Voluntary | | | -0.02 |
| 05/09/2008 | Contribution | Employee Voluntary | 426.327 | $12.18 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Employee Mandatory | -0.063 | $12.18 | -0.75 |
| 05/09/2008 | Realized G/L | Employee Mandatory | | | -0.02 |
| 05/09/2008 | Contribution | Employee Mandatory | 426.327 | $12.18 | $5,192.66 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.010 | $12.18 | -0.12 |
| 05/09/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.006 | $12.18 | -0.08 |
| 05/09/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.02 |
| 06/10/2008 | Contribution | Employee Voluntary | 66.007 | $12.14 | $801.33 |
| 06/10/2008 | Contribution | Employee Mandatory | 66.007 | $12.14 | $801.33 |
| 06/30/2008 | Trustee Fee | Employee Voluntary | -4.943 | $11.48 | -56.75 |
| 06/30/2008 | Realized G/L | Employee Voluntary | | | -7.45 |
| 06/30/2008 | Trustee Fee | Employee Mandatory | -6.349 | $11.48 | -72.88 |
| 06/30/2008 | Realized G/L | Employee Mandatory | | | -8.83 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.595 | $11.48 | -6.83 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -0.56 |
| 06/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.396 | $11.48 | -4.55 |
| 06/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.37 |
| 07/01/2008 | Withdrawal | Employee Mandatory | -1,158.299 | $11.52 | -13,343.60 |
| 07/01/2008 | Realized G/L | Employee Mandatory | | | -1,051.05 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Contrib | -868.224 | $11.52 | -10,001.94 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -787.85 |
| 07/01/2008 | Withdrawal | Pre-2005 Vested Mandatory | -579.066 | $11.52 | -6,670.84 |
| 07/01/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -525.48 |
| 07/10/2008 | Contribution | Employee Voluntary | 79.076 | $11.12 | $879.32 |
| 07/10/2008 | Contribution | Employee Mandatory | 79.076 | $11.12 | $879.32 |
| 08/08/2008 | Contribution | Employee Voluntary | 433.470 | $11.73 | $5,084.60 |
| 08/08/2008 | Contribution | Employee Mandatory | 433.470 | $11.73 | $5,084.60 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 342

CONFIDENTIAL

RBC-PAUL000000447

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2008 to 12/31/2008

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/14/2008 | Recordkeeping Fee | Employee Voluntary | -0.056 | $11.93 | -0.66 |
| 08/14/2008 | Realized G/L | Employee Voluntary | | | -0.05 |
| 08/14/2008 | Recordkeeping Fee | Employee Mandatory | -0.070 | $11.93 | -0.83 |
| 08/14/2008 | Realized G/L | Employee Mandatory | | | -0.05 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $11.93 | -0.07 |
| 08/14/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.004 | $11.93 | -0.05 |
| 08/14/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | $0.01 |
| 09/10/2008 | Contribution | Employee Voluntary | 57.756 | $11.21 | $647.44 |
| 09/10/2008 | Contribution | Employee Mandatory | 57.756 | $11.21 | $647.44 |
| 09/30/2008 | Trustee Fee | Employee Voluntary | -5.297 | $10.58 | -56.04 |
| 09/30/2008 | Realized G/L | Employee Voluntary | | | -10.97 |
| 09/30/2008 | Trustee Fee | Employee Mandatory | -6.703 | $10.58 | -70.91 |
| 09/30/2008 | Realized G/L | Employee Mandatory | | | -13.61 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.595 | $10.58 | -6.29 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -1.10 |
| 09/30/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.396 | $10.58 | -4.19 |
| 09/30/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.73 |
| 10/10/2008 | Contribution | Employee Voluntary | 75.557 | $8.06 | $608.99 |
| 10/10/2008 | Contribution | Employee Mandatory | 75.557 | $8.06 | $608.99 |
| 11/10/2008 | Contribution | Employee Voluntary | 678.866 | $7.79 | $5,288.37 |
| 11/10/2008 | Contribution | Employee Mandatory | 678.866 | $7.79 | $5,288.37 |
| 11/28/2008 | Recordkeeping Fee | Employee Voluntary | -0.083 | $7.50 | -0.62 |
| 11/28/2008 | Realized G/L | Employee Voluntary | | | -0.40 |
| 11/28/2008 | Recordkeeping Fee | Employee Mandatory | -0.102 | $7.50 | -0.76 |
| 11/28/2008 | Realized G/L | Employee Mandatory | | | -0.49 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $7.50 | -0.06 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -0.03 |
| 11/28/2008 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.005 | $7.50 | -0.04 |
| 11/28/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.02 |
| 12/10/2008 | Contribution | Employee Voluntary | 90.929 | $7.31 | $664.69 |
| 12/10/2008 | Contribution | Employee Mandatory | 90.929 | $7.31 | $664.69 |
| 12/23/2008 | Dividend | Employee Voluntary | 109.065 | $7.11 | $775.45 |
| 12/23/2008 | Dividend | Employee Mandatory | 135.374 | $7.11 | $962.51 |
| 12/23/2008 | Dividend | Pre-2005 Vested Contrib | 11.130 | $7.11 | $79.13 |
| 12/23/2008 | Dividend | Pre-2005 Vested Mandatory | 7.419 | $7.11 | $52.75 |
| 12/30/2008 | Contribution | Employee Voluntary | 674.103 | $7.36 | $4,961.40 |
| 12/30/2008 | Contribution | Employee Mandatory | 674.103 | $7.36 | $4,961.40 |
| 12/31/2008 | Trustee Fee | Employee Voluntary | -6.313 | $7.50 | -47.34 |
| 12/31/2008 | Realized G/L | Employee Voluntary | | | -28.65 |
| 12/31/2008 | Trustee Fee | Employee Mandatory | -7.733 | $7.50 | -57.99 |
| 12/31/2008 | Realized G/L | Employee Mandatory | | | -35.60 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Contrib | -0.601 | $7.50 | -4.51 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Contrib | | | -2.92 |
| 12/31/2008 | Trustee Fee | Pre-2005 Vested Mandatory | -0.400 | $7.50 | -3.00 |
| 12/31/2008 | Realized G/L | Pre-2005 Vested Mandatory | | | -1.95 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses.  For this and other information, call or write Fidelity for a free prospectus.  Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 343
CONFIDENTIAL

RBC-PAUL000000448

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 344

CONFIDENTIAL

RBC-PAUL000000449

# Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned.  Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account.  You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price.  It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings.  When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

---

**Asset Allocation**
Investments can be divided into three major asset classes:  Stocks, Bonds, and Short Term Investments.  These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio.  They represent ownership or equity in a company.  Stocks have the potential to outperform other types of investments over the long term.  However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio.  They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments.  Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio.  They provide current income and seek to preserve the value of your investment.  They also tend to provide the lowest returns over the long term.  Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments.  You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies.  Some of its stocks have a greater influence on the direction of the market.  The S&P 500 calculation takes this into account by giving greater weight to these stocks.  The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and  Far East,  Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada.  The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 345

CONFIDENTIAL

RBC-PAUL000000450



**RBC US Deferred
Compensation Plan**

# Retirement Savings Statement

January 1, 2009 - December 31, 2009

ENV#MG000009
MG 14022   T

MARTY PAUL

If you have questions about your account, please call the RBC - U.S.A. Retirement Help Line at Fidelity at 1-866-697-1002 8:30 am to midnight EST or access your account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$1,075,967.80** |
| Employee Contributions | 100,494.70 |
| Employer Contributions | 206,444.25 |
| Dividends and Interest | 29,069.91 |
| Withdrawal | -138,940.29 |
| Fees | -2,304.10 |
| Adjustments | 399.20 |
| Change in Market Value | 562,750.58 |
| **Ending Balance** | **$1,833,882.05** |

| **Additional Information** | |
|---|---|
| Vested Balance | $1,101,406.79 |

| **Inception to date contribution** | |
|---|---|
| Your Personal Rate of Return | 52.4% |
| Year to Date | 52.4% |

Your Personal Rate of Return is calculated with a time-weighted formula, widely used by financial analysts to calculate investment earnings. It reflects the results of your investment selections as well as any activity in the plan account(s) shown. There are other Personal Rate of Return formulas used that may yield different results. Remember that past performance is no guarantee of future results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed asset classes. Percentages and totals may not be exact due to rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPacific Gth A | AF Grth Fund Amer A | Fid US Eq Indx | RBC Share Account | RBC SMID Cap Grth I |
|---|---|---|---|---|---|
| **Beginning Balance** | **$188,347.45** | **$192,718.44** | **$203,770.57** | **$310,726.70** | **$180,404.64** |
| Employee Contributions | 25,123.68 | 25,123.69 | 25,123.68 | 0.00 | 25,123.65 |
| Employer Contributions | 25,123.68 | 25,123.69 | 25,123.68 | 105,949.55 | 25,123.65 |
| Dividends and Interest | 4,595.75 | 2,105.97 | 0.00 | 22,368.19 | 0.00 |
| Withdrawal | -16,815.34 | -24,399.05 | -28,296.96 | -48,153.75 | -21,275.19 |
| Fees | -601.30 | -581.24 | -562.99 | -12.92 | -545.65 |
| Adjustments | 98.70 | 101.14 | 99.64 | 0.00 | 99.72 |
| Change in Market Value | 68,803.02 | 61,737.49 | 50,647.55 | 327,969.24 | 53,593.28 |
| **Ending Balance** | **$294,675.64** | **$281,930.13** | **$275,905.17** | **$718,847.01** | **$262,524.10** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 346

CONFIDENTIAL

RBC-PAUL000000451

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Account Activity (continued)

| Activity | Total |
|---|---|
| **Beginning Balance** | **$1,075,967.80** |
| Employee Contributions | 100,494.70 |
| Employer Contributions | 206,444.25 |
| Dividends and Interest | 29,069.91 |
| Withdrawal | -138,940.29 |
| Fees | -2,304.10 |
| Adjustments | 399.20 |
| Change in Market Value | 562,750.58 |
| **Ending Balance** | **$1,833,882.05** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2008 | Shares on 12/31/2009 | Price on 12/31/2008 | Price on 12/31/2009 | Market Value on 12/31/2008 | Market Value on 12/31/2009 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$1,075,967.80** | **$1,833,882.05** |
| AF EuroPacific Gth A | 6,724.293 | 7,685.854 | $28.01 | $38.34 | 188,347.45 | 294,675.64 |
| AF Grth Fund Amer A | 9,410.080 | 10,315.775 | $20.48 | $27.33 | 192,718.44 | 281,930.13 |
| Fid US Eq Indx | 6,767.538 | 7,235.908 | $30.11 | $38.13 | 203,770.57 | 275,905.17 |
| RBC Share Account | 10,476.288 | 13,423.847 | $29.66 | $53.55 | 310,726.70 | 718,847.01 |
| RBC SMID Cap Grth I | 24,053.952 | 26,925.549 | $7.50 | $9.75 | 180,404.64 | 262,524.10 |
| **Account Total** | | | | | **$1,075,967.80** | **$1,833,882.05** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| **2005** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2005 Employee Voluntary** | | | | **43,578.71** | |
| **2005** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2005 Employee Mandatory** | | | | **87,157.72** | |
| **2005** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 347

CONFIDENTIAL

RBC-PAUL000000452

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| **2005** | Employer Match 4yr Cliff | | | **108,500.17** | |
| **2005 Total** | | | | **239,236.60** | |
| **2006** | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **96,273.75** | |
| **2006** | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | **96,273.77** | |
| **2006** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2006 Employer Match 4yr Cliff** | | | | **155,687.73** | |
| **2006 Total** | | | | **348,235.25** | |
| **2007** | Employee Voluntary | Election Unknown | | | Unknown |
| **2007 Employee Voluntary** | | | | **144,247.45** | |
| **2007** | Employee Mandatory | Election Unknown | | | Unknown |
| **2007 Employee Mandatory** | | | | **144,247.40** | |
| **2007** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2007 Employer Match 4yr Cliff** | | | | **213,937.18** | |
| **2007 Total** | | | | **502,432.03** | |
| **2008** | Employee Mandatory | 2013 | Lump Sum | | Current |
| **2008 Employee Mandatory** | | | | **136,909.58** | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 348

CONFIDENTIAL

RBC-PAUL000000453

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| **2008** | | | | | |
| | Employer Match 4yr Cliff | 2013 | Lump Sum | | Current |
| **2008 Employer Match 4yr Cliff** | | | | **240,721.93** | |
| **2008** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2008 Employee Voluntary** | | | | **136,909.54** | |
| **2008 Total** | | | | **514,541.05** | |
| **2009** | | | | | |
| | Employee Mandatory | 2014 | Lump Sum | | Current |
| **2009 Employee Mandatory** | | | | **114,718.52** | |
| **2009** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2009 Employee Voluntary** | | | | **114,718.60** | |
| **2009 Total** | | | | **229,437.12** | |
| **Total Market Value** | | | | **1,833,882.05** | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2009 | Price On: 12/31/2009 | Market Value: 12/31/2009 | Total Market Value: 12/31/2009 |
|---|---|---|---|---|---|
| **2013** | | | | | |
| Lump Sum | AF EuroPacific Gth A | 941.121 | 38.34 | 36,082.58 | |
| Lump Sum | AF Grth Fund Amer A | 1,258.089 | 27.33 | 34,383.57 | |
| Lump Sum | RBC SMID Cap Grth I | 3,379.331 | 9.75 | 32,948.47 | |
| Lump Sum | RBC Share Account | 4,495.274 | 53.55 | 240,721.93 | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 349

CONFIDENTIAL

RBC-PAUL000000454

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value of Distributions (continued)

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2009 | Price On: 12/31/2009 | Market Value: 12/31/2009 | Total Market Value: 12/31/2009 |
|---|---|---|---|---|---|
| Lump Sum | Fid US Eq Indx | 878.441 | 38.13 | 33,494.96 | |
| | | | | | **377,631.51** |
| **2014** | | | | | |
| Lump Sum | AF EuroPacific Gth A | 762.414 | 38.34 | 29,230.95 | |
| Lump Sum | AF Grth Fund Amer A | 1,045.737 | 27.33 | 28,579.99 | |
| Lump Sum | RBC SMID Cap Grth I | 2,897.912 | 9.75 | 28,254.64 | |
| Lump Sum | Fid US Eq Indx | 751.454 | 38.13 | 28,652.94 | |
| | | | | | **114,718.52** |
| **Other Account Holdings** | | | | | |
| | AF EuroPacific Gth A | 5,982.319 | 38.34 | 229,362.11 | |
| | AF Grth Fund Amer A | 8,011.949 | 27.33 | 218,966.57 | |
| | RBC SMID Cap Grth I | 20,648.306 | 9.75 | 201,320.99 | |
| | RBC Share Account | 8,928.573 | 53.55 | 478,125.08 | |
| | Fid US Eq Indx | 5,606.013 | 38.13 | 213,757.27 | |
| | | | | | **1,341,532.02** |
| **Total Market Value** | | | | | **1,833,882.05** |

## Your Contribution Elections as of 03/06/2013

This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2011 Voluntary Deferral | 3 Year Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 350
CONFIDENTIAL

RBC-PAUL000000455

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Contribution Elections as of 03/06/2013 (continued)

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4yr Cliff |
|---|---|---|---|
| This Period | $100,494.70 | $100,494.70 | $105,949.55 |
| Year to Date | $100,494.70 | $100,494.70 | $105,949.55 |
| **Total Account Balances** | **535,728.05** | **579,307.00** | **718,847.00** |

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPacific Gth A** | | | | | |
| 01/09/2009 | Adjustment | Employee Voluntary | 1.777 | $27.77 | $49.35 |
| 01/09/2009 | Adjustment | Employee Mandatory | 1.777 | $27.77 | $49.35 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.025 | $26.66 | -0.66 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.42 |
| 02/06/2009 | Recordkeeping Fee | Employee Mandatory | -0.031 | $26.66 | -0.80 |
| 02/06/2009 | Realized G/L | Employee Mandatory | | | -0.53 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.002 | $26.66 | -0.05 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.03 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.001 | $26.66 | -0.03 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.01 |
| 02/10/2009 | Contribution | Employee Voluntary | 91.445 | $25.86 | $2,364.76 |
| 02/10/2009 | Contribution | Employee Mandatory | 91.445 | $25.86 | $2,364.76 |
| 02/13/2009 | Withdrawal | Employee Mandatory | -288.568 | $25.90 | -7,473.91 |
| 02/13/2009 | Realized G/L | Employee Mandatory | | | -4,954.21 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -216.413 | $25.90 | -5,605.10 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -3,715.48 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Mandatory | -144.260 | $25.90 | -3,736.33 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -2,476.71 |
| 03/10/2009 | Contribution | Employee Voluntary | 28.866 | $23.63 | $682.11 |
| 03/10/2009 | Contribution | Employee Mandatory | 28.866 | $23.63 | $682.11 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -2.103 | $25.78 | -54.22 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -36.47 |
| 03/31/2009 | Trustee Fee | Employee Mandatory | -2.291 | $25.78 | -59.05 |
| 03/31/2009 | Realized G/L | Employee Mandatory | | | -39.66 |
| 04/09/2009 | Contribution | Employee Voluntary | 29.205 | $27.50 | $803.14 |
| 04/09/2009 | Contribution | Employee Mandatory | 29.205 | $27.50 | $803.14 |
| 05/08/2009 | Contribution | Employee Voluntary | 135.824 | $30.57 | $4,152.14 |
| 05/08/2009 | Contribution | Employee Mandatory | 135.824 | $30.57 | $4,152.14 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.020 | $31.51 | -0.65 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.17 |
| 05/26/2009 | Recordkeeping Fee | Employee Mandatory | -0.021 | $31.51 | -0.70 |
| 05/26/2009 | Realized G/L | Employee Mandatory | | | -0.16 |
| 06/10/2009 | Contribution | Employee Voluntary | 31.053 | $32.22 | $1,000.52 |
| 06/10/2009 | Contribution | Employee Mandatory | 31.053 | $32.22 | $1,000.52 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -2.012 | $31.53 | -63.40 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -21.89 |
| 06/30/2009 | Trustee Fee | Employee Mandatory | -2.182 | $31.53 | -68.76 |
| 06/30/2009 | Realized G/L | Employee Mandatory | | | -23.77 |
| 07/10/2009 | Contribution | Employee Voluntary | 24.821 | $30.29 | $751.82 |
| 07/10/2009 | Contribution | Employee Mandatory | 24.821 | $30.29 | $751.82 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.019 | $34.75 | -0.67 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.11 |
| 08/10/2009 | Contribution | Employee Voluntary | 126.488 | $34.75 | $4,395.47 |
| 08/10/2009 | Recordkeeping Fee | Employee Mandatory | -0.021 | $34.75 | -0.73 |
| 08/10/2009 | Realized G/L | Employee Mandatory | | | -0.13 |
| 08/10/2009 | Contribution | Employee Mandatory | 126.488 | $34.75 | $4,395.47 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 351

CONFIDENTIAL

RBC-PAUL000000456

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/10/2009 | Contribution | Employee Voluntary | 19.325 | $37.18 | $718.49 |
| 09/10/2009 | Contribution | Employee Mandatory | 19.325 | $37.18 | $718.49 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -2.117 | $37.68 | -79.74 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -9.22 |
| 09/30/2009 | Trustee Fee | Employee Mandatory | -2.286 | $37.68 | -86.14 |
| 09/30/2009 | Realized G/L | Employee Mandatory | | | -10.02 |
| 10/09/2009 | Contribution | Employee Voluntary | 20.010 | $38.06 | $761.57 |
| 10/09/2009 | Contribution | Employee Mandatory | 20.010 | $38.06 | $761.57 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.018 | $36.90 | -0.67 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.06 |
| 10/30/2009 | Recordkeeping Fee | Employee Mandatory | -0.020 | $36.90 | -0.73 |
| 10/30/2009 | Realized G/L | Employee Mandatory | | | -0.08 |
| 11/10/2009 | Contribution | Employee Voluntary | 139.742 | $38.79 | $5,420.59 |
| 11/10/2009 | Contribution | Employee Mandatory | 139.742 | $38.79 | $5,420.59 |
| 12/10/2009 | Contribution | Employee Voluntary | 14.836 | $38.64 | $573.28 |
| 12/10/2009 | Contribution | Employee Mandatory | 14.836 | $38.64 | $573.28 |
| 12/24/2009 | Dividend | Employee Voluntary | 57.613 | $38.42 | $2,213.49 |
| 12/24/2009 | Dividend | Employee Mandatory | 62.005 | $38.42 | $2,382.26 |
| 12/30/2009 | Contribution | Employee Voluntary | 91.188 | $38.38 | $3,499.79 |
| 12/30/2009 | Contribution | Employee Mandatory | 91.188 | $38.38 | $3,499.79 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -2.317 | $38.34 | -88.85 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -7.72 |
| 12/31/2009 | Trustee Fee | Employee Mandatory | -2.490 | $38.34 | -95.45 |
| 12/31/2009 | Realized G/L | Employee Mandatory | | | -8.48 |
| **AF Grth Fund Amer A** | | | | | |
| 01/09/2009 | Adjustment | Employee Voluntary | 2.455 | $20.60 | $50.57 |
| 01/09/2009 | Adjustment | Employee Mandatory | 2.455 | $20.60 | $50.57 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.034 | $20.43 | -0.69 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.34 |
| 02/06/2009 | Recordkeeping Fee | Employee Mandatory | -0.043 | $20.43 | -0.87 |
| 02/06/2009 | Realized G/L | Employee Mandatory | | | -0.41 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $20.43 | -0.07 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.002 | $20.43 | -0.05 |
| 02/10/2009 | Contribution | Employee Voluntary | 119.978 | $19.71 | $2,364.76 |
| 02/10/2009 | Contribution | Employee Mandatory | 119.978 | $19.71 | $2,364.76 |
| 02/13/2009 | Withdrawal | Employee Mandatory | -547.982 | $19.79 | -10,844.56 |
| 02/13/2009 | Realized G/L | Employee Mandatory | | | -3,566.29 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -410.964 | $19.79 | -8,132.98 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2,674.64 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Mandatory | -273.952 | $19.79 | -5,421.51 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -1,782.90 |
| 03/10/2009 | Contribution | Employee Voluntary | 38.149 | $17.88 | $682.11 |
| 03/10/2009 | Contribution | Employee Mandatory | 38.149 | $17.88 | $682.11 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -2.799 | $19.66 | -55.03 |
| 03/31/2009 | Realized G/L | Employee Mandatory | | | -30.70 |
| 03/31/2009 | Trustee Fee | Employee Mandatory | -3.081 | $19.66 | -60.56 |
| 03/31/2009 | Realized G/L | Employee Mandatory | | | -33.42 |
| 04/09/2009 | Contribution | Employee Voluntary | 38.209 | $21.02 | $803.15 |
| 04/09/2009 | Contribution | Employee Mandatory | 38.209 | $21.02 | $803.15 |
| 05/08/2009 | Contribution | Employee Voluntary | 182.431 | $22.76 | $4,152.14 |
| 05/08/2009 | Contribution | Employee Mandatory | 182.431 | $22.76 | $4,152.14 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.028 | $22.65 | -0.62 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.19 |
| 05/26/2009 | Recordkeeping Fee | Employee Mandatory | -0.030 | $22.65 | -0.68 |
| 05/26/2009 | Realized G/L | Employee Mandatory | | | -0.19 |
| 06/10/2009 | Contribution | Employee Voluntary | 42.557 | $23.51 | $1,000.51 |
| 06/10/2009 | Contribution | Employee Mandatory | 42.557 | $23.51 | $1,000.51 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -2.690 | $22.95 | -61.74 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -19.38 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 352

CONFIDENTIAL

RBC-PAUL000000457

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/30/2009 | Trustee Fee | Employee Mandatory | -2.946 | $22.95 | -67.62 |
| 06/30/2009 | Realized G/L | Employee Mandatory | | | -21.00 |
| 07/10/2009 | Contribution | Employee Voluntary | 34.112 | $22.04 | $751.83 |
| 07/10/2009 | Contribution | Employee Mandatory | 34.112 | $22.04 | $751.83 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.026 | $24.75 | -0.65 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.09 |
| 08/10/2009 | Contribution | Employee Mandatory | 177.594 | $24.75 | $4,395.46 |
| 08/10/2009 | Recordkeeping Fee | Employee Mandatory | -0.029 | $24.75 | -0.71 |
| 08/10/2009 | Realized G/L | Employee Mandatory | | | -0.12 |
| 08/10/2009 | Contribution | Employee Mandatory | 177.594 | $24.75 | $4,395.46 |
| 09/10/2009 | Contribution | Employee Voluntary | 27.924 | $25.73 | $718.49 |
| 09/10/2009 | Contribution | Employee Mandatory | 27.924 | $25.73 | $718.49 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -2.838 | $26.02 | -73.85 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -10.95 |
| 09/30/2009 | Trustee Fee | Employee Mandatory | -3.094 | $26.02 | -80.52 |
| 09/30/2009 | Realized G/L | Employee Mandatory | | | -11.78 |
| 10/09/2009 | Contribution | Employee Voluntary | 28.880 | $26.37 | $761.57 |
| 10/09/2009 | Contribution | Employee Mandatory | 28.880 | $26.37 | $761.57 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.025 | $25.41 | -0.62 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.10 |
| 10/30/2009 | Recordkeeping Fee | Employee Mandatory | -0.027 | $25.41 | -0.67 |
| 10/30/2009 | Realized G/L | Employee Mandatory | | | -0.11 |
| 11/10/2009 | Contribution | Employee Voluntary | 201.960 | $26.84 | $5,420.60 |
| 11/10/2009 | Contribution | Employee Mandatory | 201.960 | $26.84 | $5,420.60 |
| 12/10/2009 | Contribution | Employee Voluntary | 21.209 | $27.03 | $573.27 |
| 12/10/2009 | Contribution | Employee Mandatory | 21.209 | $27.03 | $573.27 |
| 12/21/2009 | Dividend | Employee Voluntary | 37.194 | $27.15 | $1,009.82 |
| 12/21/2009 | Dividend | Employee Mandatory | 40.374 | $27.15 | $1,096.15 |
| 12/30/2009 | Contribution | Employee Voluntary | 127.127 | $27.53 | $3,499.80 |
| 12/30/2009 | Contribution | Employee Mandatory | 127.127 | $27.53 | $3,499.80 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -3.096 | $27.33 | -84.62 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -7.09 |
| 12/31/2009 | Trustee Fee | Employee Mandatory | -3.354 | $27.33 | -91.67 |
| 12/31/2009 | Realized G/L | Employee Mandatory | | | -7.59 |
| **Fid US Eq Indx** | | | | | |
| 01/09/2009 | Adjustment | Employee Voluntary | 1.677 | $29.71 | $49.82 |
| 01/09/2009 | Adjustment | Employee Voluntary | 1.677 | $29.71 | $49.82 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.024 | $29.04 | -0.68 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.32 |
| 02/06/2009 | Recordkeeping Fee | Employee Mandatory | -0.031 | $29.04 | -0.87 |
| 02/06/2009 | Realized G/L | Employee Mandatory | | | -0.37 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.003 | $29.04 | -0.09 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.01 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.003 | $29.04 | -0.09 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Mandatory | 0.000 | $29.04 | -0.01 |
| 02/10/2009 | Contribution | Employee Voluntary | 85.494 | $27.66 | $2,364.76 |
| 02/10/2009 | Contribution | Employee Mandatory | 85.494 | $27.66 | $2,364.76 |
| 02/13/2009 | Withdrawal | Employee Mandatory | -454.702 | $27.66 | -12,577.06 |
| 02/13/2009 | Realized G/L | Employee Mandatory | | | -3,266.51 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -341.008 | $27.66 | -9,432.28 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2,449.78 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Mandatory | -227.318 | $27.66 | -6,287.62 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -1,633.06 |
| 03/10/2009 | Contribution | Employee Voluntary | 28.245 | $24.15 | $682.11 |
| 03/10/2009 | Contribution | Employee Mandatory | 28.245 | $24.15 | $682.11 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -1.956 | $26.80 | -52.44 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -28.66 |
| 03/31/2009 | Trustee Fee | Employee Mandatory | -2.174 | $26.80 | -58.28 |
| 03/31/2009 | Realized G/L | Employee Mandatory | | | -31.07 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 353
CONFIDENTIAL

RBC-PAUL000000458

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 04/09/2009 | Contribution | Employee Voluntary | 27.887 | $28.80 | $803.14 |
| 04/09/2009 | Contribution | Employee Mandatory | 27.887 | $28.80 | $803.14 |
| 05/08/2009 | Contribution | Employee Voluntary | 132.699 | $31.29 | $4,152.14 |
| 05/08/2009 | Contribution | Employee Mandatory | 132.699 | $31.29 | $4,152.14 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.020 | $30.72 | -0.58 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.20 |
| 05/26/2009 | Recordkeeping Fee | Employee Mandatory | -0.022 | $30.72 | -0.66 |
| 05/26/2009 | Realized G/L | Employee Mandatory | | | -0.20 |
| 06/10/2009 | Contribution | Employee Voluntary | 31.532 | $31.73 | $1,000.52 |
| 06/10/2009 | Contribution | Employee Mandatory | 31.532 | $31.73 | $1,000.52 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -1.887 | $31.10 | -58.68 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -18.36 |
| 06/30/2009 | Trustee Fee | Employee Mandatory | -2.086 | $31.10 | -64.86 |
| 06/30/2009 | Realized G/L | Employee Mandatory | | | -19.71 |
| 07/10/2009 | Contribution | Employee Voluntary | 25.263 | $29.76 | $751.82 |
| 07/10/2009 | Contribution | Employee Mandatory | 25.263 | $29.76 | $751.82 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.019 | $34.14 | -0.62 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.11 |
| 08/10/2009 | Contribution | Employee Voluntary | 128.748 | $34.14 | $4,395.47 |
| 08/10/2009 | Recordkeeping Fee | Employee Mandatory | -0.021 | $34.14 | -0.69 |
| 08/10/2009 | Realized G/L | Employee Mandatory | | | -0.12 |
| 08/10/2009 | Contribution | Employee Mandatory | 128.748 | $34.14 | $4,395.47 |
| 09/10/2009 | Contribution | Employee Voluntary | 20.251 | $35.48 | $718.49 |
| 09/10/2009 | Contribution | Employee Mandatory | 20.251 | $35.48 | $718.49 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -1.996 | $35.96 | -71.72 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -9.05 |
| 09/30/2009 | Trustee Fee | Employee Mandatory | -2.194 | $35.96 | -78.86 |
| 09/30/2009 | Realized G/L | Employee Mandatory | | | -9.40 |
| 10/09/2009 | Contribution | Employee Voluntary | 20.882 | $36.47 | $761.57 |
| 10/09/2009 | Contribution | Employee Mandatory | 20.882 | $36.47 | $761.57 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.018 | $35.29 | -0.61 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.08 |
| 10/30/2009 | Recordkeeping Fee | Employee Mandatory | -0.020 | $35.29 | -0.70 |
| 10/30/2009 | Realized G/L | Employee Mandatory | | | -0.06 |
| 11/10/2009 | Contribution | Employee Voluntary | 145.441 | $37.27 | $5,420.59 |
| 11/10/2009 | Contribution | Employee Mandatory | 145.441 | $37.27 | $5,420.59 |
| 12/10/2009 | Contribution | Employee Voluntary | 15.223 | $37.66 | $573.28 |
| 12/10/2009 | Contribution | Employee Mandatory | 15.223 | $37.66 | $573.28 |
| 12/30/2009 | Contribution | Employee Voluntary | 90.856 | $38.52 | $3,499.79 |
| 12/30/2009 | Contribution | Employee Mandatory | 90.856 | $38.52 | $3,499.79 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -2.163 | $38.13 | -82.49 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -4.49 |
| 12/31/2009 | Trustee Fee | Employee Mandatory | -2.361 | $38.13 | -90.07 |
| 12/31/2009 | Realized G/L | Employee Mandatory | | | -4.40 |
| **RBC Share Account** | | | | | |
| 02/06/2009 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.091 | $25.81 | -2.34 |
| 02/06/2009 | Realized G/L | Employer Match 4yr Cliff | | | -1.64 |
| 02/13/2009 | Withdrawal | Employer Match 4yr Cliff | -1,948.645 | $24.22 | -47,196.18 |
| 02/13/2009 | Realized G/L | Employer Match 4yr Cliff | | | -13,382.29 |
| 02/25/2009 | Dividend | Employer Match 4yr Cliff | 175.880 | $23.91 | $4,205.30 |
| 02/27/2009 | Contribution | Employer Match 4yr Cliff | 4,365.453 | $24.27 | $105,949.55 |
| 03/18/2009 | Withdrawal | Employer Match 4yr Cliff | -32.715 | $29.27 | -957.57 |
| 03/18/2009 | Realized G/L | Employer Match 4yr Cliff | | | $175.36 |
| 05/26/2009 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.084 | $40.30 | -3.42 |
| 05/26/2009 | Realized G/L | Employer Match 4yr Cliff | | | $0.15 |
| 05/26/2009 | Dividend | Employer Match 4yr Cliff | 143.513 | $40.30 | $5,783.56 |
| 08/10/2009 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.078 | $46.60 | -3.56 |
| 08/10/2009 | Realized G/L | Employer Match 4yr Cliff | | | $0.52 |
| 08/24/2009 | Dividend | Employer Match 4yr Cliff | 129.588 | $47.12 | $6,106.19 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 354
CONFIDENTIAL

RBC-PAUL000000459

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 10/30/2009 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.071 | $50.40 | -3.60 |
| 10/30/2009 | Realized G/L | Employer Match 4yr Cliff | | | $0.83 |
| 11/25/2009 | Dividend | Employer Match 4yr Cliff | 114.809 | $54.64 | $6,273.14 |
| **RBC SMID Cap Grth I** | | | | | |
| 01/09/2009 | Adjustment | Employee Voluntary | 6.765 | $7.37 | $49.86 |
| 01/09/2009 | Adjustment | Employee Mandatory | 6.765 | $7.37 | $49.86 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.088 | $7.62 | -0.67 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.37 |
| 02/06/2009 | Recordkeeping Fee | Employee Mandatory | -0.106 | $7.62 | -0.81 |
| 02/06/2009 | Realized G/L | Employee Mandatory | | | -0.45 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $7.62 | -0.06 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.03 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Mandatory | -0.005 | $7.62 | -0.04 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -0.02 |
| 02/10/2009 | Contribution | Employee Voluntary | 320.863 | $7.37 | $2,364.76 |
| 02/10/2009 | Contribution | Employee Mandatory | 320.863 | $7.37 | $2,364.76 |
| 02/13/2009 | Withdrawal | Employee Mandatory | -1,281.312 | $7.38 | -9,456.08 |
| 02/13/2009 | Realized G/L | Employee Mandatory | | | -6,388.48 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -960.939 | $7.38 | -7,091.73 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -4,791.15 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Mandatory | -640.567 | $7.38 | -4,727.38 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Mandatory | | | -3,193.85 |
| 03/10/2009 | Contribution | Employee Voluntary | 103.350 | $6.60 | $682.11 |
| 03/10/2009 | Contribution | Employee Mandatory | 103.350 | $6.60 | $682.11 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -7.365 | $7.30 | -53.77 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -33.31 |
| 03/31/2009 | Trustee Fee | Employee Mandatory | -8.053 | $7.30 | -58.79 |
| 03/31/2009 | Realized G/L | Employee Mandatory | | | -36.84 |
| 04/09/2009 | Contribution | Employee Voluntary | 102.051 | $7.87 | $803.14 |
| 04/09/2009 | Contribution | Employee Mandatory | 102.051 | $7.87 | $803.14 |
| 05/08/2009 | Contribution | Employee Voluntary | 507.597 | $8.18 | $4,152.14 |
| 05/08/2009 | Contribution | Employee Mandatory | 507.597 | $8.18 | $4,152.14 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.071 | $8.13 | -0.58 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.22 |
| 05/26/2009 | Recordkeeping Fee | Employee Mandatory | -0.077 | $8.13 | -0.63 |
| 05/26/2009 | Realized G/L | Employee Mandatory | | | -0.24 |
| 06/10/2009 | Contribution | Employee Voluntary | 119.250 | $8.39 | $1,000.51 |
| 06/10/2009 | Contribution | Employee Mandatory | 119.250 | $8.39 | $1,000.51 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -7.027 | $8.17 | -57.41 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -24.12 |
| 06/30/2009 | Trustee Fee | Employee Mandatory | -7.646 | $8.17 | -62.47 |
| 06/30/2009 | Realized G/L | Employee Mandatory | | | -26.75 |
| 07/10/2009 | Contribution | Employee Voluntary | 96.511 | $7.79 | $751.82 |
| 07/10/2009 | Contribution | Employee Mandatory | 96.511 | $7.79 | $751.82 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.069 | $8.77 | -0.60 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.17 |
| 08/10/2009 | Contribution | Employee Voluntary | 501.193 | $8.77 | $4,395.46 |
| 08/10/2009 | Recordkeeping Fee | Employee Mandatory | -0.074 | $8.77 | -0.65 |
| 08/10/2009 | Realized G/L | Employee Mandatory | | | -0.18 |
| 08/10/2009 | Contribution | Employee Mandatory | 501.193 | $8.77 | $4,395.46 |
| 09/10/2009 | Contribution | Employee Voluntary | 79.304 | $9.06 | $718.49 |
| 09/10/2009 | Contribution | Employee Mandatory | 79.304 | $9.06 | $718.49 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -7.444 | $9.27 | -69.02 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -16.17 |
| 09/30/2009 | Trustee Fee | Employee Mandatory | -8.062 | $9.27 | -74.75 |
| 09/30/2009 | Realized G/L | Employee Mandatory | | | -18.12 |
| 10/09/2009 | Contribution | Employee Voluntary | 80.675 | $9.44 | $761.57 |
| 10/09/2009 | Contribution | Employee Mandatory | 80.675 | $9.44 | $761.57 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.065 | $8.99 | -0.58 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 355

CONFIDENTIAL

RBC-PAUL000000460

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.14 |
| 10/30/2009 | Recordkeeping Fee | Employee Mandatory | -0.070 | $8.99 | -0.63 |
| 10/30/2009 | Realized G/L | Employee Mandatory | | | -0.15 |
| 11/10/2009 | Contribution | Employee Voluntary | 574.824 | $9.43 | $5,420.59 |
| 11/10/2009 | Contribution | Employee Mandatory | 574.824 | $9.43 | $5,420.59 |
| 12/10/2009 | Contribution | Employee Voluntary | 61.051 | $9.39 | $573.27 |
| 12/10/2009 | Contribution | Employee Mandatory | 61.051 | $9.39 | $573.27 |
| 12/30/2009 | Contribution | Employee Voluntary | 355.309 | $9.85 | $3,499.79 |
| 12/30/2009 | Contribution | Employee Mandatory | 355.309 | $9.85 | $3,499.79 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -8.111 | $9.75 | -79.08 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -12.43 |
| 12/31/2009 | Trustee Fee | Employee Mandatory | -8.730 | $9.75 | -85.11 |
| 12/31/2009 | Realized G/L | Employee Mandatory | | | -14.09 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses.  For this and other information, call or write Fidelity for a free prospectus.  Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 356

CONFIDENTIAL

RBC-PAUL000000461

# Your Statement Glossary

### Average Annual Total Return
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

### Change in Market Value
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

### Dividends
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned.  Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

### Market Value
Market Value is the dollar value of the investments in your account.  You can calculate the market value by using the following formula: Market Value = Number of shares in your account x Price per share of the fund.

### Shares
Shares are your units of ownership of each investment in your account.

### Share Price
The value of one share of each investment in your account is called share price.  It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

### Vesting
Vesting refers to your level of ownership in company contributions and any associated earnings.  When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

---

## Asset Allocation
Investments can be divided into three major asset classes:  Stocks, Bonds, and Short Term Investments.  These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

### Stocks
Stocks can add a growth component to your portfolio.  They represent ownership or equity in a company.  Stocks have the potential to outperform other types of investments over the long term.  However, stocks tend to have wider price fluctuations over short periods of time than other securities.

### Bonds
Bonds can add an income portion to your portfolio.  They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments.  Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

### Short Term
Short term investments can add stability to your portfolio.  They provide current income and seek to preserve the value of your investment.  They also tend to provide the lowest returns over the long term.  Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

## Market Indices
A Market index can measure the general trends in the performance of particular market segments.  You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

### Standard and Poor's 500
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies.  Some of its stocks have a greater influence on the direction of the market.  The S&P 500 calculation takes this into account by giving greater weight to these stocks.  The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

### Barclays Aggregate Bond Index
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors.  Bonds in this price-weighted index have an average maturity of 10 years.

### Morgan Stanley EAFE Index
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and  Far East,  Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada.  The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 357
CONFIDENTIAL

RBC-PAUL000000462



**RBC US Deferred
Compensation Plan**

# Retirement Savings Statement

January 1, 2010 - December 31, 2010

ENV#MG000010
MG 14022   T

MARTY PAUL

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$1,833,882.05** |
| Employee Contributions | 240,091.54 |
| Employer Contributions | 94,967.49 |
| Dividends and Interest | 34,119.55 |
| Withdrawal | -220,323.94 |
| Fees | -3,105.69 |
| Adjustments | 707.30 |
| Change in Market Value | 155,022.53 |
| **Ending Balance** | **$2,135,360.83** |

| **Additional Information** | |
|---|---|
| Vested Balance | $1,534,874.38 |

| **Inception to date contribution** | |
|---|---|
| Your Personal Rate of Return | 11.2% |
| Year to Date | 11.2% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings. It reflects the results of your investment selections as
well as any activity in the plan account(s) shown. There are other
Personal Rate of Return formulas used that may yield different
results. Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed
asset classes. Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPacific Gth A | AF Grth Fund Amer A | Fid US Eq Indx | RBC Share Account | RBC SMID Cap Grth I |
|---|---|---|---|---|---|
| **Beginning Balance** | **$294,675.64** | **$281,930.13** | **$275,905.17** | **$718,847.01** | **$262,524.10** |
| Employee Contributions | 60,022.85 | 60,022.90 | 60,022.90 | 0.00 | 60,022.89 |
| Employer Contributions | 0.00 | 0.00 | 0.00 | 94,967.49 | 0.00 |
| Dividends and Interest | 4,801.58 | 2,736.66 | 0.00 | 26,581.31 | 0.00 |
| Withdrawal | -28,161.82 | -31,016.64 | -33,774.99 | -97,963.72 | -29,406.77 |
| Fees | -782.61 | -758.43 | -749.60 | -13.86 | -801.19 |
| Adjustments | 178.48 | 176.22 | 176.28 | 0.00 | 176.32 |
| Change in Market Value | 22,388.62 | 31,122.73 | 40,007.27 | -29,014.54 | 90,518.45 |
| **Ending Balance** | **$353,122.74** | **$344,213.57** | **$341,587.03** | **$713,403.69** | **$383,033.80** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 358
CONFIDENTIAL

RBC-PAUL000000463

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Account Activity (continued)

| Activity | Total |
|---|---|
| **Beginning Balance** | **$1,833,882.05** |
| Employee Contributions | 240,091.54 |
| Employer Contributions | 94,967.49 |
| Dividends and Interest | 34,119.55 |
| Withdrawal | -220,323.94 |
| Fees | -3,105.69 |
| Adjustments | 707.30 |
| Change in Market Value | 155,022.53 |
| **Ending Balance** | **$2,135,360.83** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2009 | Shares on 12/31/2010 | Price on 12/31/2009 | Price on 12/31/2010 | Market Value on 12/31/2009 | Market Value on 12/31/2010 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$1,833,882.05** | **$2,135,360.83** |
| AF EuroPacific Gth A | 7,685.854 | 8,535.720 | $38.34 | $41.37 | 294,675.64 | 353,122.74 |
| AF Grth Fund Amer A | 10,315.775 | 11,307.936 | $27.33 | $30.44 | 281,930.13 | 344,213.57 |
| Fid US Eq Indx | 7,235.908 | 7,789.898 | $38.13 | $43.85 | 275,905.17 | 341,587.03 |
| RBC Share Account | 13,423.847 | 13,624.975 | $53.55 | $52.36 | 718,847.01 | 713,403.69 |
| RBC SMID Cap Grth I | 26,925.549 | 29,441.491 | $9.75 | $13.01 | 262,524.10 | 383,033.80 |
| **Account Total** | | | | | **$1,833,882.05** | **$2,135,360.83** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|---|---|---|---|---|---|
| **2006** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **112,207.36** | |
| **2006** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | **112,207.35** | |
| **2006** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 359

CONFIDENTIAL

RBC-PAUL000000464

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|---|---|---|---|---|---|
| **2006** | Employer Match 4yr Cliff | | | **157,856.18** | |
| **2006 Total** | | | | **382,270.89** | |
| **2007** | Employee Voluntary | Election Unknown | | | Unknown |
| **2007 Employee Voluntary** | | | | **168,571.92** | |
| **2007** | Employee Mandatory | Election Unknown | | | Unknown |
| **2007 Employee Mandatory** | | | | **168,571.88** | |
| **2007** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2007 Employer Match 4yr Cliff** | | | | **216,916.75** | |
| **2007 Total** | | | | **554,060.55** | |
| **2008** | Employee Mandatory | 2013 | Lump Sum | | Current |
| **2008 Employee Mandatory** | | | | **160,162.20** | |
| **2008** | Employer Match 4yr Cliff | 2013 | Lump Sum | | Current |
| **2008 Employer Match 4yr Cliff** | | | | **244,074.62** | |
| **2008** | Employee Voluntary | Election Unknown | | | Unknown |
| **2008 Employee Voluntary** | | | | **160,162.18** | |
| **2008 Total** | | | | **564,399.00** | |
| **2009** | Employee Mandatory | 2014 | Lump Sum | | Current |
| **2009 Employee Mandatory** | | | | **134,789.97** | |
| **2009** | Employer Match 4yr Cliff | 2014 | Lump Sum | | Current |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 360

CONFIDENTIAL

RBC-PAUL000000465

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|-----------|---------------------|----------------------|-------------------|----------------------------|----------------|
| **2009 Employer Match 4yr Cliff** | | | | **94,556.14** | |
| **2009** | Employee Voluntary | Election Unknown | | | Unknown |
| **2009 Employee Voluntary** | | | | **134,790.06** | |
| **2009 Total** | | | | **364,136.17** | |
| **2010** | Employee Voluntary | Election Unknown | | | Unknown |
| **2010 Employee Voluntary** | | | | **270,494.22** | |
| **2010 Total** | | | | **270,494.22** | |
| **Total Market Value** | | | | **2,135,360.83** | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2010 | Price On: 12/31/2010 | Market Value: 12/31/2010 | Total Market Value: 12/31/2010 |
|---------------------|--------|----------------------|----------------------|--------------------------|--------------------------------|
| **2013** | | | | | |
| Lump Sum | AF EuroPacific Gth A | 951.816 | 41.37 | 39,376.62 | |
| Lump Sum | AF Grth Fund Amer A | 1,265.058 | 30.44 | 38,508.37 | |
| Lump Sum | RBC SMID Cap Grth I | 3,370.829 | 13.01 | 43,854.48 | |
| Lump Sum | RBC Share Account | 4,661.471 | 52.36 | 244,074.62 | |
| Lump Sum | Fid US Eq Indx | 876.231 | 43.85 | 38,422.73 | |
| | | | | | **404,236.82** |
| **2014** | | | | | |
| Lump Sum | AF EuroPacific Gth A | 773.380 | 41.37 | 31,994.73 | |
| Lump Sum | AF Grth Fund Amer A | 1,054.720 | 30.44 | 32,105.68 | |
| Lump Sum | RBC SMID Cap Grth I | 2,899.464 | 13.01 | 37,722.03 | |
| Lump Sum | RBC Share Account | 1,805.885 | 52.36 | 94,556.14 | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 361

CONFIDENTIAL

RBC-PAUL000000466

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value of Distributions (continued)
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On:<br>12/31/2010 | Price On:<br>12/31/2010 | Market Value:<br>12/31/2010 | Total Market Value:<br>12/31/2010 |
|---|---|---|---|---|---|
| Lump Sum | Fid US Eq Indx | 751.825 | 43.85 | 32,967.53 | |
| | | | | | **229,346.11** |
| **Other Account Holdings** | | | | | |
| | AF EuroPacific Gth A | 6,810.524 | 41.37 | 281,751.39 | |
| | AF Grth Fund Amer A | 8,988.158 | 30.44 | 273,599.52 | |
| | RBC SMID Cap Grth I | 23,171.198 | 13.01 | 301,457.29 | |
| | RBC Share Account | 7,157.619 | 52.36 | 374,772.93 | |
| | Fid US Eq Indx | 6,161.842 | 43.85 | 270,196.77 | |
| | | | | | **1,501,777.90** |
| **Total Market Value** | | | | | **2,135,360.83** |

## Your Contribution Elections as of 03/06/2013
This section displays the funds in which your future contributions will be invested.

| Investment | Employee<br>Voluntary | DAP Employer<br>8 YR Cliff | 2004 Voluntary<br>Deferral | 2011 Voluntary<br>Deferral | 3 Year<br>Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff<br>Restrict Vest | DAP 5YR<br>Restricted Vest | 4yr Cliff<br>Restrict Vest | DAP 3 YEAR<br>GRAD | Employer<br>8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer<br>5 Year Cliff | DAP Bonus<br>5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee<br>Voluntary | Employee<br>Mandatory | Employer<br>Match 4yr Cliff |
|---|---|---|---|
| This Period | $240,091.54 | $0.00 | $94,967.49 |
| Year to Date | $240,091.54 | $0.00 | $94,967.49 |
| **Total Account Balances** | **846,225.74** | **575,731.40** | **713,403.69** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 362

CONFIDENTIAL

RBC-PAUL000000467

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPacific Gth A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 51.986 | $39.51 | $2,053.96 |
| 01/12/2010 | Adjustment | Employee Voluntary | 2.276 | $39.21 | $89.24 |
| 01/12/2010 | Adjustment | Employee Mandatory | 2.276 | $39.21 | $89.24 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.019 | $37.04 | -0.68 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.08 |
| 02/03/2010 | Recordkeeping Fee | Employee Mandatory | -0.021 | $37.04 | -0.72 |
| 02/03/2010 | Realized G/L | Employee Mandatory | | | -0.12 |
| 02/10/2010 | Contribution | Employee Voluntary | 308.483 | $35.59 | $10,978.92 |
| 03/10/2010 | Contribution | Employee Voluntary | 32.156 | $37.94 | $1,219.98 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -2.562 | $38.62 | -98.98 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -6.57 |
| 03/31/2010 | Trustee Fee | Employee Mandatory | -2.489 | $38.62 | -96.15 |
| 03/31/2010 | Realized G/L | Employee Mandatory | | | -7.74 |
| 04/09/2010 | Contribution | Employee Voluntary | 50.702 | $39.38 | $1,996.66 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.017 | $38.65 | -0.62 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | -0.05 |
| 04/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.016 | $38.65 | -0.59 |
| 04/22/2010 | Realized G/L | Employee Mandatory | | | -0.05 |
| 05/10/2010 | Contribution | Employee Voluntary | 277.725 | $36.65 | $10,178.62 |
| 06/10/2010 | Contribution | Employee Voluntary | 59.589 | $34.66 | $2,065.34 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -2.632 | $33.97 | -89.39 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -17.62 |
| 06/30/2010 | Trustee Fee | Employee Mandatory | -2.144 | $33.97 | -72.82 |
| 06/30/2010 | Realized G/L | Employee Mandatory | | | -16.39 |
| 07/01/2010 | Withdrawal | Employee Voluntary | -275.367 | $34.09 | -9,387.26 |
| 07/01/2010 | Realized G/L | Employee Voluntary | | | -2,332.73 |
| 07/01/2010 | Withdrawal | Employee Mandatory | -550.735 | $34.09 | -18,774.56 |
| 07/01/2010 | Realized G/L | Employee Mandatory | | | -4,665.24 |
| 07/09/2010 | Contribution | Employee Voluntary | 48.234 | $35.96 | $1,734.48 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.022 | $36.10 | -0.79 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.07 |
| 07/20/2010 | Recordkeeping Fee | Employee Mandatory | -0.018 | $36.10 | -0.64 |
| 07/20/2010 | Realized G/L | Employee Mandatory | | | -0.08 |
| 08/10/2010 | Contribution | Employee Voluntary | 290.885 | $37.90 | $11,024.55 |
| 09/10/2010 | Contribution | Employee Voluntary | 40.550 | $37.70 | $1,528.74 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -2.867 | $39.69 | -113.80 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -2.18 |
| 09/30/2010 | Trustee Fee | Employee Mandatory | -2.142 | $39.69 | -85.04 |
| 09/30/2010 | Realized G/L | Employee Mandatory | | | -4.08 |
| 10/08/2010 | Contribution | Employee Voluntary | 53.289 | $40.80 | $2,174.19 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.021 | $41.19 | -0.88 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.015 | $41.19 | -0.65 |
| 10/22/2010 | Realized G/L | Employee Mandatory | | | $0.04 |
| 11/10/2010 | Contribution | Employee Voluntary | 282.348 | $41.89 | $11,827.57 |
| 12/10/2010 | Contribution | Employee Voluntary | 38.129 | $41.32 | $1,575.49 |
| 12/20/2010 | Contribution | Employee Voluntary | 40.436 | $41.16 | $1,664.35 |
| 12/27/2010 | Dividend | Employee Voluntary | 69.559 | $40.96 | $2,849.11 |
| 12/27/2010 | Dividend | Employee Mandatory | 47.667 | $40.96 | $1,952.47 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -3.167 | $41.37 | -131.05 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $2.73 |
| 12/31/2010 | Trustee Fee | Employee Mandatory | -2.170 | $41.37 | -89.81 |
| 12/31/2010 | Realized G/L | Employee Mandatory | | | -0.46 |
| **AF Grth Fund Amer A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 73.121 | $28.09 | $2,053.97 |
| 01/12/2010 | Adjustment | Employee Voluntary | 3.173 | $27.77 | $88.11 |
| 01/12/2010 | Adjustment | Employee Mandatory | 3.173 | $27.77 | $88.11 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 363

CONFIDENTIAL

RBC-PAUL000000468

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.024 | $26.73 | -0.67 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 02/03/2010 | Recordkeeping Fee | Employee Mandatory | -0.026 | $26.73 | -0.72 |
| 02/03/2010 | Realized G/L | Employee Mandatory | | | -0.02 |
| 02/10/2010 | Contribution | Employee Voluntary | 422.429 | $25.99 | $10,978.92 |
| 03/10/2010 | Contribution | Employee Voluntary | 43.540 | $28.02 | $1,219.99 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -3.433 | $28.47 | -97.76 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -2.95 |
| 03/31/2010 | Trustee Fee | Employee Mandatory | -3.354 | $28.47 | -95.51 |
| 03/31/2010 | Realized G/L | Employee Mandatory | | | -3.74 |
| 04/09/2010 | Contribution | Employee Voluntary | 68.756 | $29.04 | $1,996.66 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.021 | $29.16 | -0.63 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 04/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.020 | $29.16 | -0.60 |
| 04/22/2010 | Realized G/L | Employee Mandatory | | | $0.04 |
| 05/10/2010 | Contribution | Employee Voluntary | 364.825 | $27.90 | $10,178.63 |
| 06/10/2010 | Contribution | Employee Voluntary | 78.560 | $26.29 | $2,065.35 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -3.494 | $25.14 | -87.84 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -14.06 |
| 06/30/2010 | Trustee Fee | Employee Mandatory | -2.837 | $25.14 | -71.33 |
| 06/30/2010 | Realized G/L | Employee Mandatory | | | -12.79 |
| 07/01/2010 | Withdrawal | Employee Voluntary | -412.234 | $25.08 | -10,338.83 |
| 07/01/2010 | Realized G/L | Employee Voluntary | | | -1,721.11 |
| 07/01/2010 | Withdrawal | Employee Mandatory | -824.474 | $25.08 | -20,677.81 |
| 07/01/2010 | Realized G/L | Employee Mandatory | | | -3,441.91 |
| 07/09/2010 | Contribution | Employee Voluntary | 66.025 | $26.27 | $1,734.48 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.029 | $26.40 | -0.76 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.07 |
| 07/20/2010 | Recordkeeping Fee | Employee Mandatory | -0.023 | $26.40 | -0.61 |
| 07/20/2010 | Realized G/L | Employee Mandatory | | | -0.06 |
| 08/10/2010 | Contribution | Employee Voluntary | 406.360 | $27.13 | $11,024.56 |
| 09/10/2010 | Contribution | Employee Voluntary | 56.852 | $26.89 | $1,528.74 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -3.822 | $27.83 | -106.38 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -4.46 |
| 09/30/2010 | Trustee Fee | Employee Mandatory | -2.835 | $27.83 | -78.91 |
| 09/30/2010 | Realized G/L | Employee Mandatory | | | -5.15 |
| 10/08/2010 | Contribution | Employee Voluntary | 76.476 | $28.43 | $2,174.20 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.029 | $28.89 | -0.83 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.021 | $28.89 | -0.61 |
| 10/22/2010 | Realized G/L | Employee Mandatory | | | $0.02 |
| 11/10/2010 | Contribution | Employee Voluntary | 395.571 | $29.90 | $11,827.57 |
| 12/10/2010 | Contribution | Employee Voluntary | 52.082 | $30.25 | $1,575.48 |
| 12/20/2010 | Contribution | Employee Voluntary | 54.766 | $30.39 | $1,664.35 |
| 12/21/2010 | Dividend | Employee Voluntary | 53.589 | $30.34 | $1,625.90 |
| 12/21/2010 | Dividend | Employee Mandatory | 36.610 | $30.34 | $1,110.76 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -4.215 | $30.44 | -128.32 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $5.82 |
| 12/31/2010 | Trustee Fee | Employee Mandatory | -2.856 | $30.44 | -86.95 |
| 12/31/2010 | Realized G/L | Employee Mandatory | | | $2.25 |
| **Fid US Eq Indx** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 52.437 | $39.17 | $2,053.97 |
| 01/12/2010 | Adjustment | Employee Voluntary | 2.267 | $38.88 | $88.14 |
| 01/12/2010 | Adjustment | Employee Mandatory | 2.267 | $38.88 | $88.14 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.018 | $37.57 | -0.65 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.05 |
| 02/03/2010 | Recordkeeping Fee | Employee Mandatory | -0.019 | $37.57 | -0.70 |
| 02/03/2010 | Realized G/L | Employee Mandatory | | | -0.04 |
| 02/10/2010 | Contribution | Employee Voluntary | 299.970 | $36.60 | $10,978.92 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 364
CONFIDENTIAL                                          RBC-PAUL000000469

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/10/2010 | Contribution | Employee Voluntary | 31.019 | $39.33 | $1,219.99 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -2.404 | $40.18 | -96.56 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.52 |
| 03/31/2010 | Trustee Fee | Employee Mandatory | -2.362 | $40.18 | -94.90 |
| 03/31/2010 | Realized G/L | Employee Mandatory | | | $0.40 |
| 04/09/2010 | Contribution | Employee Voluntary | 48.628 | $41.06 | $1,996.66 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.015 | $41.56 | -0.63 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 04/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.014 | $41.56 | -0.61 |
| 04/22/2010 | Realized G/L | Employee Mandatory | | | $0.06 |
| 05/10/2010 | Contribution | Employee Voluntary | 255.040 | $39.91 | $10,178.63 |
| 06/10/2010 | Contribution | Employee Voluntary | 55.105 | $37.48 | $2,065.34 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -2.428 | $35.59 | -86.39 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -10.82 |
| 06/30/2010 | Trustee Fee | Employee Mandatory | -1.964 | $35.59 | -69.89 |
| 06/30/2010 | Realized G/L | Employee Mandatory | | | -9.54 |
| 07/01/2010 | Withdrawal | Employee Voluntary | -317.403 | $35.47 | -11,258.28 |
| 07/01/2010 | Realized G/L | Employee Voluntary | | | -753.93 |
| 07/01/2010 | Withdrawal | Employee Mandatory | -634.810 | $35.47 | -22,516.71 |
| 07/01/2010 | Realized G/L | Employee Mandatory | | | -1,507.74 |
| 07/09/2010 | Contribution | Employee Voluntary | 46.576 | $37.24 | $1,734.48 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.021 | $37.44 | -0.76 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.05 |
| 07/20/2010 | Recordkeeping Fee | Employee Mandatory | -0.017 | $37.44 | -0.60 |
| 07/20/2010 | Realized G/L | Employee Mandatory | | | -0.06 |
| 08/10/2010 | Contribution | Employee Voluntary | 284.358 | $38.77 | $11,024.56 |
| 09/10/2010 | Contribution | Employee Voluntary | 39.749 | $38.46 | $1,528.74 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -2.656 | $39.60 | -105.23 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -0.87 |
| 09/30/2010 | Trustee Fee | Employee Mandatory | -1.961 | $39.60 | -77.70 |
| 09/30/2010 | Realized G/L | Employee Mandatory | | | -1.62 |
| 10/08/2010 | Contribution | Employee Voluntary | 53.737 | $40.46 | $2,174.20 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.019 | $41.10 | -0.80 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.014 | $41.10 | -0.55 |
| 10/22/2010 | Realized G/L | Employee Mandatory | | | -0.01 |
| 11/10/2010 | Contribution | Employee Voluntary | 279.084 | $42.38 | $11,827.57 |
| 12/10/2010 | Contribution | Employee Voluntary | 36.453 | $43.22 | $1,575.49 |
| 12/20/2010 | Contribution | Employee Voluntary | 38.296 | $43.46 | $1,664.35 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -2.910 | $43.85 | -127.63 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $10.85 |
| 12/31/2010 | Trustee Fee | Employee Mandatory | -1.961 | $43.85 | -86.00 |
| 12/31/2010 | Realized G/L | Employee Mandatory | | | $6.68 |

**RBC Share Account**

| | | | | | |
|---|---|---|---|---|---|
| 02/03/2010 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.066 | $50.37 | -3.33 |
| 02/03/2010 | Realized G/L | Employer Match 4yr Cliff | | | $0.76 |
| 02/24/2010 | Dividend | Employer Match 4yr Cliff | 119.779 | $53.15 | $6,366.23 |
| 02/26/2010 | Contribution | Employer Match 4yr Cliff | 1,757.031 | $54.05 | $94,967.49 |
| 04/22/2010 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.060 | $61.69 | -3.65 |
| 04/22/2010 | Realized G/L | Employer Match 4yr Cliff | | | $1.22 |
| 05/21/2010 | Dividend | Employer Match 4yr Cliff | 129.627 | $55.84 | $7,238.42 |
| 07/01/2010 | Withdrawal | Employer Match 4yr Cliff | -2,061.526 | $47.52 | -97,963.72 |
| 07/01/2010 | Realized G/L | Employer Match 4yr Cliff | | | $10,975.21 |
| 07/20/2010 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.069 | $51.30 | -3.54 |
| 07/20/2010 | Realized G/L | Employer Match 4yr Cliff | | | $0.73 |
| 08/24/2010 | Dividend | Employer Match 4yr Cliff | 133.581 | $47.18 | $6,302.35 |
| 10/22/2010 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.062 | $54.30 | -3.34 |
| 10/22/2010 | Realized G/L | Employer Match 4yr Cliff | | | $0.81 |
| 11/24/2010 | Dividend | Employer Match 4yr Cliff | 122.893 | $54.31 | $6,674.31 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 365
CONFIDENTIAL

RBC-PAUL000000470

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **RBC SMID Cap Grth I** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 205.192 | $10.01 | $2,053.97 |
| 01/12/2010 | Adjustment | Employee Voluntary | 8.869 | $9.94 | $88.16 |
| 01/12/2010 | Adjustment | Employee Mandatory | 8.869 | $9.94 | $88.16 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.067 | $9.62 | -0.64 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.09 |
| 02/03/2010 | Recordkeeping Fee | Employee Mandatory | -0.070 | $9.62 | -0.67 |
| 02/03/2010 | Realized G/L | Employee Mandatory | | | -0.10 |
| 02/10/2010 | Contribution | Employee Voluntary | 1,159.337 | $9.47 | $10,978.92 |
| 03/10/2010 | Contribution | Employee Voluntary | 116.079 | $10.51 | $1,219.99 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -9.036 | $10.61 | -95.88 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -4.65 |
| 03/31/2010 | Trustee Fee | Employee Mandatory | -8.728 | $10.61 | -92.61 |
| 03/31/2010 | Realized G/L | Employee Mandatory | | | -6.55 |
| 04/09/2010 | Contribution | Employee Voluntary | 183.348 | $10.89 | $1,996.66 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.057 | $11.27 | -0.64 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 04/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.055 | $11.27 | -0.62 |
| 04/22/2010 | Realized G/L | Employee Mandatory | | | $0.03 |
| 05/10/2010 | Contribution | Employee Voluntary | 938.988 | $10.84 | $10,178.63 |
| 06/10/2010 | Contribution | Employee Voluntary | 198.973 | $10.38 | $2,065.34 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -9.240 | $9.98 | -92.21 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -9.38 |
| 06/30/2010 | Trustee Fee | Employee Mandatory | -7.489 | $9.98 | -74.74 |
| 06/30/2010 | Realized G/L | Employee Mandatory | | | -9.03 |
| 07/01/2010 | Withdrawal | Employee Voluntary | -987.135 | $9.93 | -9,802.25 |
| 07/01/2010 | Realized G/L | Employee Voluntary | | | -2,463.03 |
| 07/01/2010 | Withdrawal | Employee Mandatory | -1,974.272 | $9.93 | -19,604.52 |
| 07/01/2010 | Realized G/L | Employee Mandatory | | | -4,925.96 |
| 07/09/2010 | Contribution | Employee Voluntary | 167.745 | $10.34 | $1,734.48 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.077 | $10.35 | -0.81 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 07/20/2010 | Recordkeeping Fee | Employee Mandatory | -0.062 | $10.35 | -0.65 |
| 07/20/2010 | Realized G/L | Employee Mandatory | | | -0.02 |
| 08/10/2010 | Contribution | Employee Voluntary | 1,027.452 | $10.73 | $11,024.56 |
| 09/10/2010 | Contribution | Employee Voluntary | 141.028 | $10.84 | $1,528.74 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -10.068 | $11.43 | -115.08 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $4.51 |
| 09/30/2010 | Trustee Fee | Employee Mandatory | -7.484 | $11.43 | -85.54 |
| 09/30/2010 | Realized G/L | Employee Mandatory | | | $1.82 |
| 10/08/2010 | Contribution | Employee Voluntary | 188.897 | $11.51 | $2,174.20 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.075 | $11.78 | -0.88 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.09 |
| 10/22/2010 | Recordkeeping Fee | Employee Mandatory | -0.055 | $11.78 | -0.65 |
| 10/22/2010 | Realized G/L | Employee Mandatory | | | $0.06 |
| 11/10/2010 | Contribution | Employee Voluntary | 956.150 | $12.37 | $11,827.57 |
| 12/10/2010 | Contribution | Employee Voluntary | 120.542 | $13.07 | $1,575.48 |
| 12/20/2010 | Contribution | Employee Voluntary | 126.856 | $13.12 | $1,664.35 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -10.933 | $13.01 | -142.25 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $21.10 |
| 12/31/2010 | Trustee Fee | Employee Mandatory | -7.480 | $13.01 | -97.32 |
| 12/31/2010 | Realized G/L | Employee Mandatory | | | $13.65 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 366

CONFIDENTIAL                                                                                 RBC-PAUL000000471

## A Message from Fidelity Investments (continued)

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses.  For this and other information, call or write Fidelity for a free prospectus.  Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 367
CONFIDENTIAL

RBC-PAUL000000472

# Your Statement Glossary

### Average Annual Total Return
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

### Change in Market Value
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

### Dividends
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned. Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

### Market Value
Market Value is the dollar value of the investments in your account. You can calculate the market value by using the following formula: Market Value = Number of shares in your account x Price per share of the fund.

### Shares
Shares are your units of ownership of each investment in your account.

### Share Price
The value of one share of each investment in your account is called share price. It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

### Vesting
Vesting refers to your level of ownership in company contributions and any associated earnings. When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

---

## Asset Allocation
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments. These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

### Stocks
Stocks can add a growth component to your portfolio. They represent ownership or equity in a company. Stocks have the potential to outperform other types of investments over the long term. However, stocks tend to have wider price fluctuations over short periods of time than other securities.

### Bonds
Bonds can add an income portion to your portfolio. They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments. Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

### Short Term
Short term investments can add stability to your portfolio. They provide current income and seek to preserve the value of your investment. They also tend to provide the lowest returns over the long term. Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

## Market Indices
A Market index can measure the general trends in the performance of particular market segments. You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

### Standard and Poor's 500
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies. Some of its stocks have a greater influence on the direction of the market. The S&P 500 calculation takes this into account by giving greater weight to these stocks. The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

### Barclays Aggregate Bond Index
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

### Morgan Stanley EAFE Index
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and Far East, Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada. The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 368
CONFIDENTIAL

RBC-PAUL000000473



**RBC US Deferred Compensation Plan**

# Retirement Savings Statement

January 1, 2011 - December 31, 2011

ENV#MG000011
MG 14022   T

MARTY PAUL

If you have questions about your account, please call the RBC - U.S.A. Retirement Help Line at Fidelity at 1-866-697-1002 8:30 am to midnight EST or access your account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$2,135,360.83** |
| Employee Contributions | 64,532.50 |
| Employer Contributions | 186,988.65 |
| Dividends and Interest | 42,272.78 |
| Fees | -3,957.27 |
| Change in Market Value | -103,017.44 |
| **Ending Balance** | **$2,322,180.05** |

| **Additional Information** | |
|---|---|
| Vested Balance | $1,546,271.58 |

| **Inception to date contribution** | |
|---|---|
| Your Personal Rate of Return | -1.9% |
| Year to Date | -1.9% |

Your Personal Rate of Return is calculated with a time-weighted formula, widely used by financial analysts to calculate investment earnings. It reflects the results of your investment selections as well as any activity in the plan account(s) shown. There are other Personal Rate of Return formulas used that may yield different results. Remember that past performance is no guarantee of future results.

## Your Asset Allocation



Stocks 100%

Your investments are currently allocated among the displayed asset classes. Percentages and totals may not be exact due to rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AF EuroPac Growth R6 | AF EuroPacific Gth A | AF Grth Fund Amer A | AF Grth Fund Amer R6 | Fid US Eq Indx |
|---|---|---|---|---|---|
| **Beginning Balance** | **$0.00** | **$353,122.74** | **$344,213.57** | **$0.00** | **$341,587.03** |
| Employee Contributions | 13,320.85 | 2,812.27 | 2,812.28 | 13,320.85 | 16,133.12 |
| Employer Contributions | 24,931.82 | 0.00 | 0.00 | 24,931.82 | 24,931.82 |
| Exchanges | 356,490.58 | -356,490.58 | -351,227.24 | 351,227.24 | 0.00 |
| Dividends and Interest | 6,976.34 | 0.00 | 0.00 | 4,240.39 | 0.00 |
| Fees | -933.76 | 0.00 | 0.00 | -948.06 | -969.13 |
| Change in Market Value | -60,717.38 | 555.57 | 4,201.39 | -27,663.64 | 5,806.27 |
| **Ending Balance** | **$340,068.45** | **$0.00** | **$0.00** | **$365,108.60** | **$387,489.11** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 369

CONFIDENTIAL                                                                    RBC-PAUL000000474

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Your Account Activity (continued)

| Activity | RBC Share Account | RBC SMID Cap Grth I | Total |
|---|---|---|---|
| **Beginning Balance** | **$713,403.69** | **$383,033.80** | **$2,135,360.83** |
| Employee Contributions | 0.00 | 16,133.13 | 64,532.50 |
| Employer Contributions | 87,261.37 | 24,931.82 | 186,988.65 |
| Dividends and Interest | 31,056.05 | 0.00 | 42,272.78 |
| Fees | -12.76 | -1,093.56 | -3,957.27 |
| Change in Market Value | -30,788.12 | 5,588.47 | -103,017.44 |
| **Ending Balance** | **$800,920.23** | **$428,593.66** | **$2,322,180.05** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2010 | Shares on 12/31/2011 | Price on 12/31/2010 | Price on 12/31/2011 | Market Value on 12/31/2010 | Market Value on 12/31/2011 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$2,135,360.83** | **$2,322,180.05** |
| AF EuroPacific Gth A | 8,535.720 | 0.000 | $41.37 | $35.16 | 353,122.74 | 0.00 |
| AF Grth Fund Amer A | 11,307.936 | 0.000 | $30.44 | $28.73 | 344,213.57 | 0.00 |
| Fid US Eq Indx | 7,789.898 | 8,657.040 | $43.85 | $44.76 | 341,587.03 | 387,489.11 |
| RBC Share Account | 13,624.975 | 15,716.645 | $52.36 | $50.96 | 713,403.69 | 800,920.23 |
| AF EuroPac Growth R6 | 0.000 | 9,680.286 | $41.37 | $35.13 | 0.00 | 340,068.45 |
| AF Grth Fund Amer R6 | 0.000 | 12,712.695 | $30.44 | $28.72 | 0.00 | 365,108.60 |
| RBC SMID Cap Grth I | 29,441.491 | 32,371.122 | $13.01 | $13.24 | 383,033.80 | 428,593.66 |
| **Account Total** | | | | | **$2,135,360.83** | **$2,322,180.05** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.
Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2011 | Effective Date |
|---|---|---|---|---|---|
| **2006** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **107,715.84** | |
| **2006** | | | | | |
| | Employee Mandatory | Election Unknown | | | Unknown |
| **2006 Employee Mandatory** | | | | **107,715.77** | |
| **2006** | | | | | |
| | Employer Match 4yr Cliff | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 370

CONFIDENTIAL

RBC-PAUL000000475

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2011 | Effective Date |
|---|---|---|---|---|---|
| **2006** | Employer Match 4yr Cliff | | | 159,890.31 | |
| **2006 Total** | | | | **375,321.92** | |
| **2007** | Employee Voluntary | Election Unknown | | | Unknown |
| **2007 Employee Voluntary** | | | | **162,317.30** | |
| **2007** | Employee Mandatory | Election Unknown | | | Unknown |
| **2007 Employee Mandatory** | | | | **162,317.35** | |
| **2007** | Employer Match 4yr Cliff | Election Unknown | | | Unknown |
| **2007 Employer Match 4yr Cliff** | | | | **219,711.85** | |
| **2007 Total** | | | | **544,346.50** | |
| **2008** | Employee Mandatory | 2013 | Lump Sum | | Current |
| **2008 Employee Mandatory** | | | | **154,341.15** | |
| **2008** | Employer Match 4yr Cliff | 2013 | Lump Sum | | Current |
| **2008 Employer Match 4yr Cliff** | | | | **247,219.70** | |
| **2008** | Employee Voluntary | Election Unknown | | | Unknown |
| **2008 Employee Voluntary** | | | | **154,341.20** | |
| **2008 Total** | | | | **555,902.05** | |
| **2009** | Employee Mandatory | 2014 | Lump Sum | | Current |
| **2009 Employee Mandatory** | | | | **130,084.36** | |
| **2009** | Employer Match 4yr Cliff | 2014 | Lump Sum | | Current |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 371

CONFIDENTIAL

RBC-PAUL000000476

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2011 | Effective Date |
|---|---|---|---|---|---|
| **2009 Employer Match 4yr Cliff** | | | | 95,774.53 | |
| **2009** | Employee Voluntary | Election Unknown | | | Unknown |
| **2009 Employee Voluntary** | | | | 130,084.40 | |
| **2009 Total** | | | | 355,943.29 | |
| **2010** | Employer 5 yr Cliff | 2016 | Lump Sum | | Current |
| **2010 Employer 5 yr Cliff** | | | | 78,323.84 | |
| **2010** | WAP Bonus 5yr Cliff | 2016 | Lump Sum | | Current |
| **2010 WAP Bonus 5yr Cliff** | | | | 91,508.39 | |
| **2010** | Employee Voluntary | Election Unknown | | | Unknown |
| **2010 Employee Voluntary** | | | | 260,682.78 | |
| **2010 Total** | | | | 430,515.01 | |
| **2011** | Employee Voluntary | Election Unknown | | | Unknown |
| **2011 Employee Voluntary** | | | | 60,151.28 | |
| **2011 Total** | | | | 60,151.28 | |
| **Total Market Value** | | | | 2,322,180.05 | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 372

CONFIDENTIAL

RBC-PAUL000000477

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Market Value of Distributions
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2011 | Price On: 12/31/2011 | Market Value: 12/31/2011 | Total Market Value: 12/31/2011 |
|---|---|---|---|---|---|
| **2013** | | | | | |
| Lump Sum | RBC SMID Cap Grth I | 3,362.357 | 13.24 | 44,517.61 | |
| Lump Sum | AF EuroPac Growth R6 | 969.061 | 35.13 | 34,043.11 | |
| Lump Sum | AF Grth Fund Amer R6 | 1,276.424 | 28.72 | 36,658.89 | |
| Lump Sum | RBC Share Account | 4,851.250 | 50.96 | 247,219.70 | |
| Lump Sum | Fid US Eq Indx | 874.029 | 44.76 | 39,121.54 | |
| | | | | | **401,560.85** |
| **2014** | | | | | |
| Lump Sum | RBC SMID Cap Grth I | 2,892.176 | 13.24 | 38,292.41 | |
| Lump Sum | AF EuroPac Growth R6 | 787.393 | 35.13 | 27,661.12 | |
| Lump Sum | AF Grth Fund Amer R6 | 1,064.197 | 28.72 | 30,563.74 | |
| Lump Sum | RBC Share Account | 1,879.406 | 50.96 | 95,774.53 | |
| Lump Sum | Fid US Eq Indx | 749.935 | 44.76 | 33,567.09 | |
| | | | | | **225,858.89** |
| **2016** | | | | | |
| Lump Sum | RBC SMID Cap Grth I | 1,816.601 | 13.24 | 24,051.80 | |
| Lump Sum | AF EuroPac Growth R6 | 595.448 | 35.13 | 20,918.09 | |
| Lump Sum | AF Grth Fund Amer R6 | 785.641 | 28.72 | 22,563.61 | |
| Lump Sum | RBC Share Account | 1,536.967 | 50.96 | 78,323.84 | |
| Lump Sum | Fid US Eq Indx | 535.632 | 44.76 | 23,974.89 | |
| | | | | | **169,832.23** |
| **Other Account Holdings** | | | | | |
| | RBC SMID Cap Grth I | 24,299.988 | 13.24 | 321,731.84 | |
| | AF EuroPac Growth R6 | 7,328.384 | 35.13 | 257,446.13 | |
| | AF Grth Fund Amer R6 | 9,586.433 | 28.72 | 275,322.36 | |
| | RBC Share Account | 7,449.022 | 50.96 | 379,602.16 | |
| | Fid US Eq Indx | 6,497.444 | 44.76 | 290,825.59 | |
| | | | | | **1,524,928.08** |
| **Total Market Value** | | | | | **2,322,180.05** |

## Your Contribution Elections as of 03/06/2013
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2011 Voluntary Deferral | 3 Year Grad |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 25% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 25% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 25% | 25% | 25% | 25% |
| RBC SMID Cap Grth I | 25% | 25% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 373

CONFIDENTIAL

RBC-PAUL000000478

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Your Contribution Elections as of 03/06/2013 (continued)

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 25% | 0% | 25% | 25% | 25% |
| AF Grth Fund Amer R6 | 25% | 0% | 25% | 25% | 25% |
| Fid US Eq Indx | 25% | 0% | 25% | 25% | 25% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| RBC SMID Cap Grth I | 25% | 0% | 25% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| AF EuroPac Growth R6 | 0% | 25% | 25% |
| AF Grth Fund Amer R6 | 0% | 25% | 25% |
| Fid US Eq Indx | 0% | 25% | 25% |
| RBC Share Account | 100% | 0% | 0% |
| RBC SMID Cap Grth I | 0% | 25% | 25% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4yr Cliff | Employer 5 yr Cliff | WAP Bonus 5yr Cliff |
|---|---|---|---|---|---|
| This Period | $64,532.50 | $0.00 | $0.00 | $87,261.37 | $99,727.28 |
| Year to Date | $64,532.50 | $0.00 | $0.00 | $87,261.37 | $99,727.28 |
| **Total Account Balances** | **875,292.80** | **554,458.63** | **722,596.39** | **78,323.84** | **91,508.39** |

## Your Transaction Detail
This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AF EuroPac Growth R6** | | | | | |
| 01/20/2011 | Exchange In | Employee Voluntary | 5,132.517 | $41.44 | $212,691.56 |
| 01/20/2011 | Exchange In | Employee Mandatory | 3,470.053 | $41.44 | $143,799.02 |
| 02/10/2011 | Contribution | Employee Voluntary | 315.583 | $41.83 | $13,200.84 |
| 02/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.021 | $42.93 | -0.90 |
| 02/18/2011 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.014 | $42.93 | -0.58 |
| 02/18/2011 | Realized G/L | Employee Mandatory | | | $0.02 |
| 02/28/2011 | Contribution | WAP Bonus 5yr Cliff | 584.705 | $42.64 | $24,931.82 |
| 03/10/2011 | Contribution | Employee Voluntary | 2.362 | $41.74 | $98.58 |
| 03/31/2011 | Trustee Fee | Employee Voluntary | -3.407 | $42.85 | -145.97 |
| 03/31/2011 | Realized G/L | Employee Voluntary | | | $4.70 |
| 03/31/2011 | Trustee Fee | Employee Mandatory | -2.169 | $42.85 | -92.93 |
| 03/31/2011 | Realized G/L | Employee Mandatory | | | $3.04 |
| 03/31/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.365 | $42.85 | -15.66 |
| 03/31/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 04/08/2011 | Contribution | Employee Voluntary | 0.490 | $43.74 | $21.43 |
| 04/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.020 | $42.63 | -0.81 |
| 04/18/2011 | Realized G/L | Employee Voluntary | | | $0.01 |
| 04/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.013 | $42.63 | -0.51 |
| 04/18/2011 | Realized G/L | Employee Mandatory | | | -0.01 |
| 04/18/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $42.63 | -0.09 |
| 04/18/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 06/30/2011 | Trustee Fee | Employee Voluntary | -3.404 | $43.30 | -147.43 |
| 06/30/2011 | Realized G/L | Employee Voluntary | | | $6.28 |
| 06/30/2011 | Trustee Fee | Employee Mandatory | -2.167 | $43.30 | -93.85 |
| 06/30/2011 | Realized G/L | Employee Mandatory | | | $4.04 |
| 06/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.365 | $43.30 | -15.81 |
| 06/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.25 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 374

CONFIDENTIAL

RBC-PAUL000000479

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/28/2011 | Recordkeeping Fee | Employee Voluntary | -0.021 | $42.67 | -0.90 |
| 07/28/2011 | Realized G/L | Employee Voluntary | | | $0.06 |
| 07/28/2011 | Recordkeeping Fee | Employee Mandatory | -0.014 | $42.67 | -0.58 |
| 07/28/2011 | Realized G/L | Employee Mandatory | | | $0.02 |
| 07/28/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $42.67 | -0.10 |
| 07/28/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 09/30/2011 | Trustee Fee | Employee Voluntary | -3.403 | $34.29 | -116.67 |
| 09/30/2011 | Realized G/L | Employee Voluntary | | | -24.44 |
| 09/30/2011 | Trustee Fee | Employee Mandatory | -2.166 | $34.29 | -74.27 |
| 09/30/2011 | Realized G/L | Employee Mandatory | | | -15.50 |
| 09/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.365 | $34.29 | -12.52 |
| 09/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -3.04 |
| 10/17/2011 | Recordkeeping Fee | Employee Voluntary | -0.023 | $36.21 | -0.86 |
| 10/17/2011 | Realized G/L | Employee Voluntary | | | -0.07 |
| 10/17/2011 | Recordkeeping Fee | Employee Mandatory | -0.014 | $36.21 | -0.55 |
| 10/17/2011 | Realized G/L | Employee Mandatory | | | -0.01 |
| 10/17/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $36.21 | -0.09 |
| 10/17/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 12/27/2011 | Dividend | Employee Voluntary | 113.878 | $35.13 | $4,000.51 |
| 12/27/2011 | Dividend | Employee Mandatory | 72.493 | $35.13 | $2,546.71 |
| 12/27/2011 | Dividend | WAP Bonus 5yr Cliff | 12.216 | $35.13 | $429.12 |
| 12/30/2011 | Trustee Fee | Employee Voluntary | -3.472 | $35.13 | -121.96 |
| 12/30/2011 | Realized G/L | Employee Voluntary | | | -21.54 |
| 12/30/2011 | Trustee Fee | Employee Mandatory | -2.210 | $35.13 | -77.64 |
| 12/30/2011 | Realized G/L | Employee Mandatory | | | -13.65 |
| 12/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.372 | $35.13 | -13.08 |
| 12/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.72 |
| **AF EuroPacific Gth A** | | | | | |
| 01/10/2011 | Contribution | Employee Voluntary | 68.928 | $40.80 | $2,812.27 |
| 01/20/2011 | Exchange Out | Employee Voluntary | -5,133.757 | $41.43 | -212,691.56 |
| 01/20/2011 | Realized G/L | Employee Voluntary | | | $4,672.27 |
| 01/20/2011 | Exchange Out | Employee Mandatory | -3,470.891 | $41.43 | -143,799.02 |
| 01/20/2011 | Realized G/L | Employee Mandatory | | | -580.65 |
| **AF Grth Fund Amer A** | | | | | |
| 01/10/2011 | Contribution | Employee Voluntary | 91.845 | $30.62 | $2,812.28 |
| 01/20/2011 | Exchange Out | Employee Voluntary | -6,832.306 | $30.81 | -210,503.34 |
| 01/20/2011 | Realized G/L | Employee Voluntary | | | $11,787.91 |
| 01/20/2011 | Exchange Out | Employee Mandatory | -4,567.475 | $30.81 | -140,723.90 |
| 01/20/2011 | Realized G/L | Employee Mandatory | | | $5,267.01 |
| **AF Grth Fund Amer R6** | | | | | |
| 01/20/2011 | Exchange In | Employee Voluntary | 6,830.089 | $30.82 | $210,503.34 |
| 01/20/2011 | Exchange In | Employee Mandatory | 4,565.993 | $30.82 | $140,723.90 |
| 02/10/2011 | Contribution | Employee Voluntary | 417.088 | $31.65 | $13,200.84 |
| 02/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.027 | $32.36 | -0.90 |
| 02/18/2011 | Realized G/L | Employee Voluntary | | | $0.09 |
| 02/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.017 | $32.36 | -0.57 |
| 02/18/2011 | Realized G/L | Employee Mandatory | | | $0.06 |
| 02/28/2011 | Contribution | WAP Bonus 5yr Cliff | 778.390 | $32.03 | $24,931.82 |
| 03/10/2011 | Contribution | Employee Voluntary | 3.166 | $31.14 | $98.58 |
| 03/31/2011 | Trustee Fee | Employee Voluntary | -4.532 | $32.08 | -145.37 |
| 03/31/2011 | Realized G/L | Employee Voluntary | | | $5.48 |
| 03/31/2011 | Trustee Fee | Employee Mandatory | -2.854 | $32.08 | -91.55 |
| 03/31/2011 | Realized G/L | Employee Mandatory | | | $3.59 |
| 03/31/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.487 | $32.08 | -15.61 |
| 03/31/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 04/08/2011 | Contribution | Employee Voluntary | 0.666 | $32.20 | $21.43 |
| 04/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.026 | $31.48 | -0.81 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 375
CONFIDENTIAL                                                                                                    RBC-PAUL000000480

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 04/18/2011 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.016 | $31.48 | -0.51 |
| 04/18/2011 | Realized G/L | Employee Mandatory | | | $0.03 |
| 04/18/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $31.48 | -0.08 |
| 04/18/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 06/30/2011 | Trustee Fee | Employee Voluntary | -4.529 | $31.89 | -144.42 |
| 06/30/2011 | Realized G/L | Employee Voluntary | | | $4.62 |
| 06/30/2011 | Trustee Fee | Employee Mandatory | -2.852 | $31.89 | -90.94 |
| 06/30/2011 | Realized G/L | Employee Mandatory | | | $3.04 |
| 06/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.486 | $31.89 | -15.50 |
| 06/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.07 |
| 07/28/2011 | Recordkeeping Fee | Employee Voluntary | -0.028 | $31.62 | -0.90 |
| 07/28/2011 | Realized G/L | Employee Voluntary | | | $0.06 |
| 07/28/2011 | Recordkeeping Fee | Employee Mandatory | -0.017 | $31.62 | -0.57 |
| 07/28/2011 | Realized G/L | Employee Mandatory | | | $0.06 |
| 07/28/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $31.62 | -0.10 |
| 07/28/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/30/2011 | Trustee Fee | Employee Voluntary | -4.526 | $26.75 | -121.08 |
| 09/30/2011 | Realized G/L | Employee Voluntary | | | -18.63 |
| 09/30/2011 | Trustee Fee | Employee Mandatory | -2.850 | $26.75 | -76.25 |
| 09/30/2011 | Realized G/L | Employee Mandatory | | | -11.59 |
| 09/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.486 | $26.75 | -13.00 |
| 09/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.57 |
| 10/17/2011 | Recordkeeping Fee | Employee Voluntary | -0.032 | $28.55 | -0.90 |
| 10/17/2011 | Realized G/L | Employee Voluntary | | | -0.06 |
| 10/17/2011 | Recordkeeping Fee | Employee Mandatory | -0.021 | $28.55 | -0.57 |
| 10/17/2011 | Realized G/L | Employee Mandatory | | | -0.06 |
| 10/17/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $28.55 | -0.10 |
| 10/17/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 12/20/2011 | Dividend | Employee Voluntary | 85.805 | $28.45 | $2,441.14 |
| 12/20/2011 | Dividend | Employee Mandatory | 54.031 | $28.45 | $1,537.20 |
| 12/20/2011 | Dividend | WAP Bonus 5yr Cliff | 9.211 | $28.45 | $262.05 |
| 12/30/2011 | Trustee Fee | Employee Voluntary | -4.576 | $28.72 | -131.45 |
| 12/30/2011 | Realized G/L | Employee Voluntary | | | -9.68 |
| 12/30/2011 | Trustee Fee | Employee Mandatory | -2.881 | $28.72 | -82.77 |
| 12/30/2011 | Realized G/L | Employee Mandatory | | | -5.95 |
| 12/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.491 | $28.72 | -14.11 |
| 12/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.60 |
| **Fid US Eq Indx** | | | | | |
| 01/10/2011 | Contribution | Employee Voluntary | 63.482 | $44.30 | $2,812.27 |
| 02/10/2011 | Contribution | Employee Voluntary | 285.856 | $46.18 | $13,200.84 |
| 02/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.019 | $46.96 | -0.92 |
| 02/18/2011 | Realized G/L | Employee Voluntary | | | $0.17 |
| 02/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.012 | $46.96 | -0.57 |
| 02/18/2011 | Realized G/L | Employee Mandatory | | | $0.09 |
| 02/28/2011 | Contribution | WAP Bonus 5yr Cliff | 536.977 | $46.43 | $24,931.82 |
| 03/10/2011 | Contribution | Employee Voluntary | 2.175 | $45.33 | $98.58 |
| 03/31/2011 | Trustee Fee | Employee Voluntary | -3.129 | $46.45 | -145.31 |
| 03/31/2011 | Realized G/L | Employee Voluntary | | | $18.50 |
| 03/31/2011 | Trustee Fee | Employee Mandatory | -1.960 | $46.45 | -91.04 |
| 03/31/2011 | Realized G/L | Employee Mandatory | | | $11.77 |
| 03/31/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.336 | $46.45 | -15.59 |
| 03/31/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 04/08/2011 | Contribution | Employee Voluntary | 0.460 | $46.56 | $21.43 |
| 04/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.017 | $45.76 | -0.80 |
| 04/18/2011 | Realized G/L | Employee Voluntary | | | $0.14 |
| 04/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.011 | $45.76 | -0.53 |
| 04/18/2011 | Realized G/L | Employee Mandatory | | | $0.10 |
| 06/30/2011 | Trustee Fee | Employee Voluntary | -3.127 | $46.49 | -145.35 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 376
CONFIDENTIAL

RBC-PAUL000000481

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2011 to 12/31/2011

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/30/2011 | Realized G/L | Employee Voluntary | | | $18.61 |
| 06/30/2011 | Trustee Fee | Employee Mandatory | -1.959 | $46.49 | -91.05 |
| 06/30/2011 | Realized G/L | Employee Mandatory | | | $11.82 |
| 06/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.335 | $46.49 | -15.59 |
| 06/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 07/28/2011 | Recordkeeping Fee | Employee Voluntary | -0.018 | $45.84 | -0.89 |
| 07/28/2011 | Realized G/L | Employee Voluntary | | | $0.19 |
| 07/28/2011 | Recordkeeping Fee | Employee Mandatory | -0.011 | $45.84 | -0.56 |
| 07/28/2011 | Realized G/L | Employee Mandatory | | | $0.13 |
| 07/28/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $45.84 | -0.05 |
| 07/28/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/30/2011 | Trustee Fee | Employee Voluntary | -3.126 | $40.04 | -125.12 |
| 09/30/2011 | Realized G/L | Employee Voluntary | | | -1.60 |
| 09/30/2011 | Trustee Fee | Employee Mandatory | -1.958 | $40.04 | -78.38 |
| 09/30/2011 | Realized G/L | Employee Mandatory | | | -0.83 |
| 09/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.335 | $40.04 | -13.42 |
| 09/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.13 |
| 10/17/2011 | Recordkeeping Fee | Employee Voluntary | -0.023 | $42.54 | -0.93 |
| 10/17/2011 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/17/2011 | Recordkeeping Fee | Employee Mandatory | -0.014 | $42.54 | -0.58 |
| 10/17/2011 | Realized G/L | Employee Mandatory | | | $0.02 |
| 10/17/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $42.54 | -0.12 |
| 10/17/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 12/30/2011 | Trustee Fee | Employee Voluntary | -3.123 | $44.76 | -139.78 |
| 12/30/2011 | Realized G/L | Employee Voluntary | | | $13.20 |
| 12/30/2011 | Trustee Fee | Employee Mandatory | -1.956 | $44.76 | -87.56 |
| 12/30/2011 | Realized G/L | Employee Mandatory | | | $8.45 |
| 12/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -0.335 | $44.76 | -14.99 |
| 12/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.56 |

**RBC Share Account**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/18/2011 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.053 | $57.89 | -3.05 |
| 02/18/2011 | Realized G/L | Employer Match 4yr Cliff | | | $0.88 |
| 02/24/2011 | Dividend | Employer Match 4yr Cliff | 120.209 | $57.50 | $6,912.02 |
| 02/28/2011 | Contribution | Employer 5 yr Cliff | 1,489.865 | $58.57 | $87,261.37 |
| 04/18/2011 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.047 | $61.95 | -2.95 |
| 04/18/2011 | Realized G/L | Employer Match 4yr Cliff | | | $1.02 |
| 04/18/2011 | Recordkeeping Fee | Employer 5 yr Cliff | -0.005 | $61.95 | -0.32 |
| 04/18/2011 | Realized G/L | Employer 5 yr Cliff | | | $0.03 |
| 05/24/2011 | Dividend | Employer Match 4yr Cliff | 115.294 | $60.90 | $7,021.38 |
| 05/24/2011 | Dividend | Employer 5 yr Cliff | 12.497 | $60.90 | $761.07 |
| 07/28/2011 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.053 | $54.60 | -2.95 |
| 07/28/2011 | Realized G/L | Employer Match 4yr Cliff | | | $0.77 |
| 07/28/2011 | Recordkeeping Fee | Employer 5 yr Cliff | -0.006 | $54.60 | -0.32 |
| 07/28/2011 | Realized G/L | Employer 5 yr Cliff | | | -0.03 |
| 08/24/2011 | Dividend | Employer Match 4yr Cliff | 145.817 | $51.91 | $7,569.37 |
| 08/24/2011 | Dividend | Employer 5 yr Cliff | 15.806 | $51.91 | $820.47 |
| 10/17/2011 | Recordkeeping Fee | Employer Match 4yr Cliff | -0.062 | $46.35 | -2.86 |
| 10/17/2011 | Realized G/L | Employer Match 4yr Cliff | | | $0.28 |
| 10/17/2011 | Recordkeeping Fee | Employer 5 yr Cliff | -0.007 | $46.35 | -0.31 |
| 10/17/2011 | Realized G/L | Employer 5 yr Cliff | | | -0.09 |
| 11/25/2011 | Dividend | Employer Match 4yr Cliff | 173.598 | $41.43 | $7,192.16 |
| 11/25/2011 | Dividend | Employer 5 yr Cliff | 18.817 | $41.43 | $779.58 |

**RBC SMID Cap Grth I**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/10/2011 | Contribution | Employee Voluntary | 214.841 | $13.09 | $2,812.27 |
| 02/10/2011 | Contribution | Employee Voluntary | 966.387 | $13.66 | $13,200.84 |
| 02/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.072 | $14.00 | -1.01 |
| 02/18/2011 | Realized G/L | Employee Voluntary | | | $0.24 |
| 02/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.047 | $14.00 | -0.65 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 377

CONFIDENTIAL

RBC-PAUL000000482

RBC US Deferred                                    Statement Period: 01/01/2011 to 12/31/2011
Compensation Plan

# Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/18/2011 | Realized G/L | Employee Mandatory | | | $0.15 |
| 02/28/2011 | Contribution | WAP Bonus 5yr Cliff | 1,821.170 | $13.69 | $24,931.82 |
| 03/10/2011 | Contribution | Employee Voluntary | 7.265 | $13.57 | $98.59 |
| 03/31/2011 | Trustee Fee | Employee Voluntary | -11.669 | $14.12 | -164.77 |
| 03/31/2011 | Realized G/L | Employee Voluntary | | | $33.62 |
| 03/31/2011 | Trustee Fee | Employee Mandatory | -7.475 | $14.12 | -105.55 |
| 03/31/2011 | Realized G/L | Employee Mandatory | | | $21.93 |
| 03/31/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -1.138 | $14.12 | -16.07 |
| 03/31/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.49 |
| 04/08/2011 | Contribution | Employee Voluntary | 1.524 | $14.06 | $21.43 |
| 04/18/2011 | Recordkeeping Fee | Employee Voluntary | -0.065 | $13.87 | -0.91 |
| 04/18/2011 | Realized G/L | Employee Voluntary | | | $0.21 |
| 04/18/2011 | Recordkeeping Fee | Employee Mandatory | -0.042 | $13.87 | -0.58 |
| 04/18/2011 | Realized G/L | Employee Mandatory | | | $0.13 |
| 04/18/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $13.87 | -0.09 |
| 04/18/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 06/30/2011 | Trustee Fee | Employee Voluntary | -11.661 | $14.32 | -167.00 |
| 06/30/2011 | Realized G/L | Employee Voluntary | | | $35.95 |
| 06/30/2011 | Trustee Fee | Employee Mandatory | -7.469 | $14.32 | -106.97 |
| 06/30/2011 | Realized G/L | Employee Mandatory | | | $23.42 |
| 06/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -1.138 | $14.32 | -16.29 |
| 06/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.71 |
| 07/28/2011 | Recordkeeping Fee | Employee Voluntary | -0.074 | $13.81 | -1.01 |
| 07/28/2011 | Realized G/L | Employee Voluntary | | | $0.22 |
| 07/28/2011 | Recordkeeping Fee | Employee Mandatory | -0.048 | $13.81 | -0.65 |
| 07/28/2011 | Realized G/L | Employee Mandatory | | | $0.14 |
| 07/28/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $13.81 | -0.10 |
| 07/28/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/30/2011 | Trustee Fee | Employee Voluntary | -11.656 | $11.95 | -139.28 |
| 09/30/2011 | Realized G/L | Employee Voluntary | | | $8.28 |
| 09/30/2011 | Trustee Fee | Employee Mandatory | -7.466 | $11.95 | -89.21 |
| 09/30/2011 | Realized G/L | Employee Mandatory | | | $5.69 |
| 09/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -1.136 | $11.95 | -13.58 |
| 09/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.97 |
| 10/17/2011 | Recordkeeping Fee | Employee Voluntary | -0.082 | $12.67 | -1.04 |
| 10/17/2011 | Realized G/L | Employee Voluntary | | | $0.14 |
| 10/17/2011 | Recordkeeping Fee | Employee Mandatory | -0.052 | $12.67 | -0.66 |
| 10/17/2011 | Realized G/L | Employee Mandatory | | | $0.10 |
| 10/17/2011 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $12.67 | -0.10 |
| 12/30/2011 | Trustee Fee | Employee Voluntary | -11.648 | $13.24 | -154.22 |
| 12/30/2011 | Realized G/L | Employee Voluntary | | | $23.32 |
| 12/30/2011 | Trustee Fee | Employee Mandatory | -7.461 | $13.24 | -98.78 |
| 12/30/2011 | Realized G/L | Employee Mandatory | | | $15.33 |
| 12/30/2011 | Trustee Fee | WAP Bonus 5yr Cliff | -1.136 | $13.24 | -15.04 |
| 12/30/2011 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.51 |

# A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 378

CONFIDENTIAL                                                   RBC-PAUL000000483

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.
VK Small Cap Growth Y assesses a short-term trading fee of 2.00% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 379

CONFIDENTIAL

RBC-PAUL000000484

# Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned.  Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account.  You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price.  It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings.  When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

**Asset Allocation**
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments.  These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio.  They represent ownership or equity in a company.  Stocks have the potential to outperform other types of investments over the long term.  However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio.  They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments.  Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio.  They provide current income and seek to preserve the value of your investment.  They also tend to provide the lowest returns over the long term.  Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments.  You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies.  Some of its stocks have a greater influence on the direction of the market.  The S&P 500 calculation takes this into account by giving greater weight to these stocks.  The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors.  Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and  Far East,  Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada.  The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 380

CONFIDENTIAL

RBC-PAUL000000485

# EXHIBIT 19



March 15, 2012

Marty Paul

████████████████

RE:  RBC US Wealth Accumulation Plan ("WAP")

Dear Mr. Paul:

As you are aware, during your employment with RBC, you participated in the RBC US Wealth Accumulation Plan ("WAP").  As of February 28, 2012, your total balance, vested and unvested, was $2,592,046.

As you further are aware, your employment with RBC terminated on March 7, 2011. After reviewing the circumstances of your separation from employment, and pursuant to the provisions of the Plan, including but not limited to Sections 4.3, the WAP Committee determined that your separation from RBC was for "cause."  Accordingly, your Company Contributions (and mandatory deferrals), both vested and unvested, have been forfeited in the amount of $1,612,152.

If you have any questions regarding this decision, or desire to challenge this decision, we refer you to the Plan, including Section 7, or invite you to contact the Committee directly through Gabriela Sikich at (612) 371-7666 or Gabriela.Sikich@RBC.com.

Sincerely,

Gabriela Sikich
US Defined Contribution Plans Manager

CONFIDENTIAL                                      RBC-PAUL000003952

# EXHIBIT 20



**RBC US Deferred
Compensation Plan**

**Retirement Savings Statement**

January 1, 2009 - December 31, 2009

ENV#MG000008
MG 14022   T

BRIAN BUSKIRK

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$353,244.50** |
| Employee Contributions | 31,972.82 |
| Employer Contributions | 40,683.93 |
| Dividends and Interest | 8,921.93 |
| Withdrawal | -73,364.70 |
| Fees | -742.87 |
| Change in Market Value | 161,318.66 |
| **Ending Balance** | **$522,034.27** |

| Additional Information | |
|---|---|
| Vested Balance | $295,910.14 |

| Inception to date contribution | |
|---|---|
| Your Personal Rate of Return | 50.6% |
| Year to Date | 50.6% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings. It reflects the results of your investment selections as
well as any activity in the plan account(s) shown. There are other
Personal Rate of Return formulas used that may yield different
results. Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



■ Stocks 100%

Your investments are currently allocated among the displayed
asset classes. Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AB Intl Value Adv | AF EuroPacific Gth A | AF Fundamntl Invs A | AF Grth Fund Amer A | AMG Sys Lg Cp Val IS |
|---|---|---|---|---|---|
| **Beginning Balance** | **$7,213.96** | **$57,858.23** | **$2,260.44** | **$50,639.64** | **$2,573.43** |
| Employee Contributions | 3,065.16 | 3,197.30 | 3,197.26 | 3,197.30 | 1,532.57 |
| Employer Contributions | 2,246.92 | 2,246.92 | 2,246.91 | 2,246.92 | 1,123.45 |
| Exchanges | -13,006.53 | 13,006.53 | 0.00 | 0.00 | 0.00 |
| Dividends and Interest | 25.41 | 1,538.86 | 115.18 | 429.87 | 62.81 |
| Withdrawal | 0.00 | -4,677.10 | 0.00 | -13,675.98 | 0.00 |
| Fees | -8.81 | -207.75 | -20.46 | -126.52 | -13.81 |
| Change in Market Value | 2,132.70 | 23,367.38 | 2,486.83 | 13,418.78 | 1,414.52 |
| **Ending Balance** | **$1,668.81** | **$96,330.37** | **$10,286.16** | **$56,130.01** | **$6,692.97** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 384
CONFIDENTIAL

RBC-PAUL000004570

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Account Activity (continued)

| Activity | BlkRk Global Alloc A | Blkrk Sm Cap Gr Eq I | Eagle Mid Cap Stk I | Invs Comstock A | Invs Comstock Y |
|---|---|---|---|---|---|
| Beginning Balance | $0.00 | $2,259.21 | $2,336.95 | $39,980.77 | $0.00 |
| Employee Contributions | 132.13 | 1,598.60 | 1,598.67 | 740.84 | 791.73 |
| Employer Contributions | 0.00 | 1,123.46 | 1,123.46 | 1,123.45 | 0.00 |
| Exchanges | 0.00 | 0.00 | 0.00 | -35,695.39 | 35,695.39 |
| Dividends and Interest | 1.71 | 0.00 | 0.00 | 373.61 | 265.49 |
| Withdrawal | 0.00 | 0.00 | 0.00 | -5,954.01 | 0.00 |
| Fees | -0.08 | -13.94 | -13.73 | -23.00 | -58.23 |
| Change in Market Value | -1.45 | 1,770.38 | 1,662.31 | -546.27 | 9,853.58 |
| Ending Balance | $132.31 | $6,737.71 | $6,707.66 | $0.00 | $46,547.96 |

| Activity | Invs Sm Cap Disc Y | RBC Share Account | RBC SMID Cap Grth I | TRP Mid Cap Growth | Vang Windsor II Adm |
|---|---|---|---|---|---|
| Beginning Balance | $0.00 | $94,077.57 | $27,538.35 | $0.00 | $2,367.62 |
| Employee Contributions | 1,715.60 | 3,197.28 | 1,532.56 | 132.13 | 1,664.73 |
| Employer Contributions | 0.00 | 20,461.70 | 1,123.46 | 0.00 | 1,123.45 |
| Exchanges | 44,691.04 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dividends and Interest | 0.00 | 5,776.15 | 0.00 | 0.08 | 143.90 |
| Withdrawal | 0.00 | -21,589.38 | -10,005.00 | 0.00 | 0.00 |
| Fees | -62.88 | -11.31 | -59.46 | -0.09 | -13.68 |
| Change in Market Value | 5,138.62 | 77,950.51 | 5,791.26 | 3.84 | 1,469.08 |
| Ending Balance | $51,482.38 | $179,862.52 | $25,921.17 | $135.96 | $6,755.10 |

| Activity | Virtus Contrn Val A | Wasatch Core Gth Inv | 3rd Av Sm Cap Val IS | Total |
|---|---|---|---|---|
| Beginning Balance | $2,268.59 | $33,248.82 | $28,620.92 | $353,244.50 |
| Employee Contributions | 1,598.63 | 1,481.69 | 1,598.64 | 31,972.82 |
| Employer Contributions | 1,123.45 | 2,246.92 | 1,123.46 | 40,683.93 |
| Exchanges | 0.00 | -44,691.04 | 0.00 | 0.00 |
| Dividends and Interest | 40.71 | 0.00 | 148.15 | 8,921.93 |
| Withdrawal | 0.00 | -2,992.65 | -14,470.58 | -73,364.70 |
| Fees | -14.08 | -50.60 | -44.44 | -742.87 |
| Change in Market Value | 1,818.97 | 10,756.86 | 2,830.76 | 161,318.66 |
| Ending Balance | $6,836.27 | $0.00 | $19,806.91 | $522,034.27 |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2008 | Shares on 12/31/2009 | Price on 12/31/2008 | Price on 12/31/2009 | Market Value on 12/31/2008 | Market Value on 12/31/2009 |
|---|---|---|---|---|---|---|
| Stock Investments | | | | | $353,244.50 | $522,034.27 |
| AB Intl Value Adv | 687.699 | 119.972 | $10.49 | $13.91 | 7,213.96 | 1,668.81 |
| AF EuroPacific Gth A | 2,065.628 | 2,512.529 | $28.01 | $38.34 | 57,858.23 | 96,330.37 |
| AF Fundamntl Invs A | 90.490 | 314.273 | $24.98 | $32.73 | 2,260.44 | 10,286.16 |
| AF Grth Fund Amer A | 2,472.638 | 2,053.787 | $20.48 | $27.33 | 50,639.64 | 56,130.01 |
| AMG Sys Lg Cp Val IS | 371.883 | 793.947 | $6.92 | $8.43 | 2,573.43 | 6,692.97 |
| BlkRk Global Alloc A | 0.000 | 7.396 | $14.97 | $17.89 | 0.00 | 132.31 |
| Blkrk Sm Cap Gr Eq I | 156.022 | 345.346 | $14.48 | $19.51 | 2,259.21 | 6,737.71 |
| Invs Comstock A | 3,684.865 | 0.000 | $10.85 | $13.81 | 39,980.77 | 0.00 |
| Invs Comstock Y | 0.000 | 3,373.040 | $10.85 | $13.80 | 0.00 | 46,547.96 |
| Invs Sm Cap Disc Y | 0.000 | 5,688.660 | $7.68 | $9.05 | 0.00 | 51,482.38 |
| TRP Mid Cap Growth | 0.000 | 2.863 | $32.67 | $47.49 | 0.00 | 135.96 |
| Virtus Contrn Val A | 159.647 | 361.134 | $14.21 | $18.93 | 2,268.59 | 6,836.27 |
| Wasatch Core Gth Inv | 1,752.706 | 0.000 | $18.97 | $27.53 | 33,248.82 | 0.00 |
| 3rd Av Sm Cap Val IS | 1,956.317 | 1,088.890 | $14.63 | $18.19 | 28,620.92 | 19,806.91 |
| RBC Share Account | 3,171.867 | 3,358.777 | $29.66 | $53.55 | 94,077.57 | 179,862.52 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 385

CONFIDENTIAL

RBC-PAUL000004571

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value of Your Account (continued)

| Investment | Shares on 12/31/2008 | Shares on 12/31/2009 | Price on 12/31/2008 | Price on 12/31/2009 | Market Value on 12/31/2008 | Market Value on 12/31/2009 |
|---|---|---|---|---|---|---|
| Vang Windsor II Adm | 69.800 | 160.721 | $33.92 | $42.03 | 2,367.62 | 6,755.10 |
| Eagle Mid Cap Stk I | 132.480 | 289.123 | $17.64 | $23.20 | 2,336.95 | 6,707.66 |
| RBC SMID Cap Grth I | 3,671.778 | 2,658.581 | $7.50 | $9.75 | 27,538.35 | 25,921.17 |
| **Account Total** | | | | | **$353,244.50** | **$522,034.27** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.

This plan represents an unfunded, nonqualified plan, and no funded account has been established for you. In the event of a bankruptcy or insolvency, you would be an unsecured general creditor of the plan sponsor. For more information, refer to the plan documents.
Please check your account information frequently and promptly review correspondence, account statements, and confirmations as they are made available to you. Contact Fidelity immediately if you see or suspect unauthorized activity, errors, discrepancies, or if you have not received your account documents or information.

Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| 2004 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| 2004 WAP Bonus 5yr Cliff | | | | 24,791.51 | |
| 2004 | Pre-2005 Vested Contrib | Election Unknown | | | Unknown |
| 2004 Pre-2005 Vested Contrib | | | | 44,809.69 | |
| 2004 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| 2004 Employer 5 yr Cliff | | | | 40,245.40 | |
| **2004 Total** | | | | **109,846.60** | |
| 2005 | Employee Voluntary | Election Unknown | | | Unknown |
| 2005 Employee Voluntary | | | | 39,108.63 | |
| 2005 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |

---

0008   MG000008     0001   20160810   MG4K
Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 386
CONFIDENTIAL

RBC-PAUL000004572

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| **2005 WAP Bonus 5yr Cliff** | | | | **21,897.58** | |
| 2005 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2005 Employer 5 yr Cliff** | | | | **27,152.05** | |
| **2005 Total** | | | | **88,158.26** | |
| 2006 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2006 Employer 5 yr Cliff** | | | | **26,437.15** | |
| 2006 | Employee Voluntary | Election Unknown | | | Unknown |
| **2006 Employee Voluntary** | | | | **35,391.72** | |
| 2006 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| **2006 WAP Bonus 5yr Cliff** | | | | **20,008.15** | |
| **2006 Total** | | | | **81,837.02** | |
| 2007 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2007 Employer 5 yr Cliff** | | | | **28,231.83** | |
| 2007 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| **2007 WAP Bonus 5yr Cliff** | | | | **23,606.56** | |
| 2007 | Employee Voluntary | Election Unknown | | | Unknown |
| **2007 Employee Voluntary** | | | | **36,846.25** | |
| **2007 Total** | | | | **88,684.64** | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 387

CONFIDENTIAL

RBC-PAUL000004573

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value by Plan Year (continued)

This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2009 | Effective Date |
|---|---|---|---|---|---|
| **2008** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2008 Employee Voluntary** | | | | 35,576.68 | |
| **2008** | | | | | |
| | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2008 Employer 5 yr Cliff** | | | | 41,383.01 | |
| **2008** | | | | | |
| | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| **2008 WAP Bonus 5yr Cliff** | | | | 37,407.80 | |
| **2008 Total** | | | | 114,367.49 | |
| **2009** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2009 Employee Voluntary** | | | | 39,140.26 | |
| **2009 Total** | | | | 39,140.26 | |
| **Total Market Value** | | | | 522,034.27 | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions

This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2009 | Price On: 12/31/2009 | Market Value: 12/31/2009 | Total Market Value: 12/31/2009 |
|---|---|---|---|---|---|
| **Other Account Holdings** | | | | | |
| | TRP Mid Cap Growth | 2.863 | 47.49 | 135.96 | |
| | AF EuroPacific Gth A | 2,512.529 | 38.34 | 96,330.37 | |
| | AF Fundamntl Invs A | 314.273 | 32.73 | 10,286.16 | |
| | AF Grth Fund Amer A | 2,053.787 | 27.33 | 56,130.01 | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 388
CONFIDENTIAL

RBC-PAUL000004574

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Market Value of Distributions (continued)
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2009 | Price On: 12/31/2009 | Market Value: 12/31/2009 | Total Market Value: 12/31/2009 |
|---|---|---|---|---|---|
| | BlkRk Global Alloc A | 7.396 | 17.89 | 132.31 | |
| | AMG Sys Lg Cp Val IS | 793.947 | 8.43 | 6,692.97 | |
| | Eagle Mid Cap Stk I | 289.123 | 23.20 | 6,707.66 | |
| | Invs Comstock Y | 3,373.040 | 13.80 | 46,547.96 | |
| | Invs Sm Cap Disc Y | 5,688.660 | 9.05 | 51,482.38 | |
| | Blkrk Sm Cap Gr Eq I | 345.346 | 19.51 | 6,737.71 | |
| | Vang Windsor II Adm | 160.721 | 42.03 | 6,755.10 | |
| | RBC SMID Cap Grth I | 2,658.581 | 9.75 | 25,921.17 | |
| | AB Intl Value Adv | 119.972 | 13.91 | 1,668.81 | |
| | Virtus Contrn Val A | 361.134 | 18.93 | 6,836.27 | |
| | 3rd Av Sm Cap Val IS | 1,088.890 | 18.19 | 19,806.91 | |
| | RBC Share Account | 3,358.777 | 53.55 | 179,862.52 | |
| | | | | | 522,034.27 |

| | | | | | |
|---|---|---|---|---|---|
| **Total Market Value** | | | | | **522,034.27** |

## Your Contribution Elections as of 08/10/2016
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2015 Voluntary Election | 3 Year Grad |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 5% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 10% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 10% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 10% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 10% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 10% | 10% | 10% | 10% |
| TRP Grth Stk Trust B | 10% | 10% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 25% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 10% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 0% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 0% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 0% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 0% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 0% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 0% | 10% | 10% | 10% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| TRP Grth Stk Trust B | 10% | 0% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 0% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 0% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| ABF Sm Cap Val Inst | 0% | 5% | 5% |
| AF EuroPac Growth R6 | 0% | 10% | 10% |
| AF Fundmntl Inv R6 | 0% | 10% | 10% |
| Artisan Intl Val Inv | 0% | 10% | 10% |
| BlkRk Global Alloc I | 0% | 10% | 10% |
| Jensen Qual Grth Is | 0% | 10% | 10% |

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 389
CONFIDENTIAL

RBC-PAUL000004575

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Contribution Elections as of 08/10/2016 (continued)

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| RBC Share Account | 100% | 0% | 0% |
| TRP Grth Stk Trust B | 0% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 0% | 25% | 25% |
| Virtus Contrn Val I | 0% | 10% | 10% |
| Total | 100% | 100% | 100% |

| Contributions | Employee Voluntary | Employer 5 yr Cliff | WAP Bonus 5yr Cliff | Pre-2005 Vested Contrib |
|---|---|---|---|---|
| This Period | $31,972.82 | $18,214.78 | $22,469.15 | $0.00 |
| Year to Date | $31,972.82 | $18,214.78 | $22,469.15 | $0.00 |
| **Total Account Balances** | **186,063.54** | **163,449.44** | **127,711.60** | **44,809.69** |

## Your Transaction Detail
This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AB Intl Value Adv** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 9.779 | $10.51 | $102.78 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.011 | $9.71 | -0.11 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.07 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $9.71 | -0.07 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.07 |
| 02/10/2009 | Contribution | Employee Voluntary | 58.755 | $9.29 | $545.83 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 276.374 | $8.13 | $2,246.92 |
| 03/10/2009 | Contribution | Employee Voluntary | 15.881 | $7.95 | $126.25 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.370 | $8.88 | -3.28 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -2.40 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.393 | $8.88 | -3.49 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.07 |
| 04/09/2009 | Contribution | Employee Voluntary | 8.931 | $9.76 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 43.891 | $11.18 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.012 | $11.36 | -0.13 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.03 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.012 | $11.36 | -0.14 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 06/10/2009 | Contribution | Employee Voluntary | 11.165 | $11.55 | $128.96 |
| 06/12/2009 | Exchange Out | Employee Voluntary | -567.423 | $11.70 | -6,638.84 |
| 06/12/2009 | Realized G/L | Employee Voluntary | | | -1,777.02 |
| 06/12/2009 | Exchange Out | WAP Bonus 5yr Cliff | -544.247 | $11.70 | -6,367.69 |
| 06/12/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,322.25 |
| 07/10/2009 | Contribution | Employee Voluntary | 8.995 | $10.74 | $96.61 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.001 | $12.75 | -0.01 |
| 08/10/2009 | Contribution | Employee Voluntary | 41.628 | $12.75 | $530.76 |
| 09/10/2009 | Contribution | Employee Voluntary | 9.182 | $13.72 | $125.98 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.037 | $13.89 | -0.52 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.04 |
| 10/09/2009 | Contribution | Employee Voluntary | 12.234 | $14.13 | $172.87 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.001 | $13.43 | -0.02 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 11/10/2009 | Contribution | Employee Voluntary | 46.188 | $14.23 | $657.25 |
| 12/22/2009 | Dividend | Employee Voluntary | 1.859 | $13.67 | $25.41 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.075 | $13.91 | -1.04 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.04 |

**AF EuroPacific Gth A**

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 390
CONFIDENTIAL

RBC-PAUL000004576

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/09/2009 | Contribution | Employee Voluntary | 3.701 | $27.77 | $102.77 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.026 | $26.66 | -0.69 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.41 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.022 | $26.66 | -0.56 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.31 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $26.66 | -0.22 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.05 |
| 02/10/2009 | Contribution | Employee Voluntary | 21.107 | $25.86 | $545.83 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -180.583 | $25.90 | -4,677.10 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,467.83 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 93.544 | $24.02 | $2,246.92 |
| 03/10/2009 | Contribution | Employee Voluntary | 5.342 | $23.63 | $126.24 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.694 | $25.78 | -17.90 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -11.77 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.475 | $25.78 | -12.28 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -6.75 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.215 | $25.78 | -5.55 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.78 |
| 04/09/2009 | Contribution | Employee Voluntary | 3.170 | $27.50 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 16.052 | $30.57 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.022 | $31.51 | -0.69 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.22 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.014 | $31.51 | -0.46 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.08 |
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $31.51 | -0.21 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.02 |
| 06/10/2009 | Contribution | Employee Voluntary | 4.003 | $32.22 | $128.97 |
| 06/12/2009 | Exchange In | Employee Voluntary | 204.146 | $32.52 | $6,638.84 |
| 06/12/2009 | Exchange In | WAP Bonus 5yr Cliff | 195.809 | $32.52 | $6,367.69 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.770 | $31.53 | -24.26 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -7.17 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.555 | $31.53 | -17.47 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -3.83 |
| 06/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.195 | $31.53 | -6.15 |
| 06/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.50 |
| 07/10/2009 | Contribution | Employee Voluntary | 3.190 | $30.29 | $96.61 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.025 | $34.75 | -0.86 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.13 |
| 08/10/2009 | Contribution | Employee Voluntary | 15.274 | $34.75 | $530.76 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.018 | $34.75 | -0.60 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.07 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $34.75 | -0.21 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 09/10/2009 | Contribution | Employee Voluntary | 3.388 | $37.18 | $125.98 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.783 | $37.68 | -29.51 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -2.39 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.554 | $37.68 | -20.87 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.40 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.195 | $37.68 | -7.34 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.69 |
| 10/09/2009 | Contribution | Employee Voluntary | 4.542 | $38.06 | $172.88 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.023 | $36.90 | -0.85 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.08 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.018 | $36.90 | -0.60 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.07 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $36.90 | -0.21 |
| 10/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 11/10/2009 | Contribution | Employee Voluntary | 16.944 | $38.79 | $657.25 |
| 12/10/2009 | Contribution | Employee Voluntary | 3.420 | $38.64 | $132.14 |
| 12/24/2009 | Dividend | Employee Voluntary | 20.670 | $38.42 | $794.13 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 391

CONFIDENTIAL

RBC-PAUL000004577

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/24/2009 | Dividend | WAP Bonus 5yr Cliff | 14.338 | $38.42 | $550.88 |
| 12/24/2009 | Dividend | Pre-2005 Vested Contrib | 5.045 | $38.42 | $193.85 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.809 | $38.34 | -31.09 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -1.78 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.563 | $38.34 | -21.58 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.04 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.198 | $38.34 | -7.59 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.82 |
| | | | | | |
| **AF Fundamntl Invs A** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 4.093 | $25.11 | $102.78 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $24.60 | -0.04 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.02 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $24.60 | -0.02 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 02/10/2009 | Contribution | Employee Voluntary | 23.138 | $23.59 | $545.83 |
| 02/20/2009 | Dividend | Employee Voluntary | 0.449 | $22.03 | $9.89 |
| 02/20/2009 | Dividend | WAP Bonus 5yr Cliff | 0.192 | $22.03 | $4.23 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 104.947 | $21.41 | $2,246.91 |
| 03/10/2009 | Contribution | Employee Voluntary | 5.981 | $21.11 | $126.25 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.063 | $23.16 | -1.47 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.48 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.096 | $23.16 | -2.23 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.25 |
| 04/09/2009 | Contribution | Employee Voluntary | 3.508 | $24.85 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 18.074 | $27.15 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $26.92 | -0.06 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 05/26/2009 | Dividend | Employee Voluntary | 0.492 | $26.92 | $13.25 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $26.92 | -0.08 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 05/26/2009 | Dividend | WAP Bonus 5yr Cliff | 0.625 | $26.92 | $16.84 |
| 06/10/2009 | Contribution | Employee Voluntary | 4.621 | $27.91 | $128.96 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.072 | $27.01 | -1.95 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.19 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $27.01 | -2.38 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.11 |
| 07/10/2009 | Contribution | Employee Voluntary | 3.766 | $25.65 | $96.61 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $29.40 | -0.08 |
| 08/10/2009 | Contribution | Employee Voluntary | 18.053 | $29.40 | $530.75 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $29.40 | -0.08 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/14/2009 | Dividend | Employee Voluntary | 0.562 | $29.31 | $16.47 |
| 08/14/2009 | Dividend | WAP Bonus 5yr Cliff | 0.577 | $29.31 | $16.90 |
| 09/10/2009 | Contribution | Employee Voluntary | 4.132 | $30.49 | $125.97 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.089 | $30.97 | -2.75 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.10 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $30.97 | -2.74 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.46 |
| 10/09/2009 | Contribution | Employee Voluntary | 5.502 | $31.42 | $172.87 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $30.27 | -0.08 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $30.27 | -0.08 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 11/10/2009 | Contribution | Employee Voluntary | 20.539 | $32.00 | $657.24 |
| 12/10/2009 | Contribution | Employee Voluntary | 4.087 | $32.33 | $132.13 |
| 12/15/2009 | Dividend | Employee Voluntary | 0.635 | $32.48 | $20.64 |
| 12/15/2009 | Dividend | WAP Bonus 5yr Cliff | 0.522 | $32.48 | $16.96 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.108 | $32.73 | -3.52 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.28 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $32.73 | -2.90 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 392
CONFIDENTIAL

RBC-PAUL000004578

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.62 |
| **AF Grth Fund Amer A** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 4.989 | $20.60 | $102.77 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.024 | $20.43 | -0.49 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.25 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.019 | $20.43 | -0.39 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.15 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.022 | $20.43 | -0.45 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.06 |
| 02/10/2009 | Contribution | Employee Voluntary | 27.694 | $19.71 | $545.84 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -189.720 | $19.79 | -3,754.56 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,254.12 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -501.335 | $19.79 | -9,921.42 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1,098.98 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 124.071 | $18.11 | $2,246.92 |
| 03/10/2009 | Contribution | Employee Voluntary | 7.060 | $17.88 | $126.24 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.649 | $19.66 | -12.77 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -7.37 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.458 | $19.66 | -9.01 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -3.95 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.229 | $19.66 | -4.51 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.46 |
| 04/09/2009 | Contribution | Employee Voluntary | 4.147 | $21.02 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 21.560 | $22.76 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.021 | $22.65 | -0.47 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.16 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $22.65 | -0.32 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.08 |
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $22.65 | -0.16 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.02 |
| 06/10/2009 | Contribution | Employee Voluntary | 5.486 | $23.51 | $128.97 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.607 | $22.95 | -13.97 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -4.70 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.418 | $22.95 | -9.56 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.25 |
| 06/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.209 | $22.95 | -4.79 |
| 06/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.65 |
| 07/10/2009 | Contribution | Employee Voluntary | 4.383 | $22.04 | $96.60 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.020 | $24.75 | -0.49 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.10 |
| 08/10/2009 | Contribution | Employee Voluntary | 21.445 | $24.75 | $530.76 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $24.75 | -0.32 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.03 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $24.75 | -0.16 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 09/10/2009 | Contribution | Employee Voluntary | 4.896 | $25.73 | $125.98 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.626 | $26.02 | -16.32 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -2.83 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.417 | $26.02 | -10.84 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.95 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.209 | $26.02 | -5.43 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.01 |
| 10/09/2009 | Contribution | Employee Voluntary | 6.556 | $26.37 | $172.88 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.020 | $25.41 | -0.48 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.11 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $25.41 | -0.31 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.04 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $25.41 | -0.16 |
| 10/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 393
CONFIDENTIAL

RBC-PAUL000004579

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 11/10/2009 | Contribution | Employee Voluntary | 24.488 | $26.84 | $657.25 |
| 12/10/2009 | Contribution | Employee Voluntary | 4.889 | $27.03 | $132.14 |
| 12/21/2009 | Dividend | Employee Voluntary | 8.067 | $27.15 | $219.03 |
| 12/21/2009 | Dividend | WAP Bonus 5yr Cliff | 5.175 | $27.15 | $140.49 |
| 12/21/2009 | Dividend | Pre-2005 Vested Contrib | 2.591 | $27.15 | $70.35 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.655 | $27.33 | -17.89 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -2.03 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.420 | $27.33 | -11.48 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.40 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.210 | $27.33 | -5.75 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.28 |

**AMG Sys Lg Cp Val IS**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/09/2009 | Contribution | Employee Voluntary | 7.602 | $6.76 | $51.39 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.006 | $6.54 | -0.04 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.01 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $6.54 | -0.02 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 02/10/2009 | Contribution | Employee Voluntary | 43.876 | $6.22 | $272.91 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 202.423 | $5.55 | $1,123.45 |
| 03/10/2009 | Contribution | Employee Voluntary | 11.646 | $5.42 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.210 | $6.02 | -1.26 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.65 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.222 | $6.02 | -1.34 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.33 |
| 04/09/2009 | Contribution | Employee Voluntary | 6.686 | $6.52 | $43.59 |
| 05/08/2009 | Contribution | Employee Voluntary | 35.050 | $7.00 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.007 | $6.79 | -0.05 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $6.79 | -0.05 |
| 06/10/2009 | Contribution | Employee Voluntary | 9.251 | $6.97 | $64.48 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.222 | $6.79 | -1.51 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.43 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.208 | $6.79 | -1.41 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.16 |
| 07/10/2009 | Contribution | Employee Voluntary | 7.478 | $6.46 | $48.31 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $7.70 | -0.06 |
| 08/10/2009 | Contribution | Employee Voluntary | 34.465 | $7.70 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $7.70 | -0.05 |
| 09/10/2009 | Contribution | Employee Voluntary | 7.864 | $8.01 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.255 | $8.09 | -2.06 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -0.15 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.206 | $8.09 | -1.67 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.11 |
| 10/09/2009 | Contribution | Employee Voluntary | 10.464 | $8.26 | $86.43 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $7.79 | -0.06 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $7.79 | -0.05 |
| 11/10/2009 | Contribution | Employee Voluntary | 39.785 | $8.26 | $328.62 |
| 12/28/2009 | Dividend | Employee Voluntary | 4.259 | $8.55 | $36.42 |
| 12/28/2009 | Dividend | WAP Bonus 5yr Cliff | 3.087 | $8.55 | $26.39 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.288 | $8.43 | -2.43 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -0.05 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.208 | $8.43 | -1.75 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.18 |

**BlkRk Global Alloc A**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/10/2009 | Contribution | Employee Voluntary | 7.304 | $18.09 | $132.13 |
| 12/18/2009 | Dividend | Employee Voluntary | 0.096 | $17.74 | $1.71 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.004 | $17.89 | -0.08 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 394

CONFIDENTIAL

RBC-PAUL000004580

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| **Blkrk Sm Cap Gr Eq I** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 3.609 | $14.24 | $51.39 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $14.18 | -0.03 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $14.18 | -0.02 |
| 02/10/2009 | Contribution | Employee Voluntary | 19.935 | $13.69 | $272.91 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 91.042 | $12.34 | $1,123.46 |
| 03/10/2009 | Contribution | Employee Voluntary | 5.432 | $11.62 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.090 | $12.99 | -1.17 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.51 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.110 | $12.99 | -1.44 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.34 |
| 04/09/2009 | Contribution | Employee Voluntary | 3.086 | $14.12 | $43.58 |
| 05/08/2009 | Contribution | Employee Voluntary | 15.657 | $15.67 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $15.60 | -0.05 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $15.60 | -0.05 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 06/10/2009 | Contribution | Employee Voluntary | 3.868 | $16.67 | $64.48 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.090 | $16.39 | -1.48 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.14 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.096 | $16.39 | -1.57 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 07/10/2009 | Contribution | Employee Voluntary | 3.142 | $15.37 | $48.30 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $17.67 | -0.05 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 08/10/2009 | Contribution | Employee Voluntary | 15.018 | $17.67 | $265.37 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $17.67 | -0.05 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/10/2009 | Contribution | Employee Voluntary | 3.472 | $18.14 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.104 | $18.66 | -1.93 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.06 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.096 | $18.66 | -1.79 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.24 |
| 10/09/2009 | Contribution | Employee Voluntary | 4.597 | $18.80 | $86.43 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $17.45 | -0.05 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $17.45 | -0.05 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 11/10/2009 | Contribution | Employee Voluntary | 17.754 | $18.51 | $328.62 |
| 12/10/2009 | Contribution | Employee Voluntary | 3.535 | $18.69 | $66.06 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.120 | $19.51 | -2.34 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.18 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.096 | $19.51 | -1.87 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.32 |
| **Eagle Mid Cap Stk I** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 2.965 | $17.33 | $51.39 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $17.45 | -0.04 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $17.45 | -0.02 |
| 02/10/2009 | Contribution | Employee Voluntary | 16.236 | $16.81 | $272.92 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 74.451 | $15.09 | $1,123.46 |
| 03/10/2009 | Contribution | Employee Voluntary | 4.323 | $14.60 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.073 | $16.21 | -1.18 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.42 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $16.21 | -1.43 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.28 |
| 04/09/2009 | Contribution | Employee Voluntary | 2.496 | $17.46 | $43.58 |
| 05/08/2009 | Contribution | Employee Voluntary | 13.299 | $18.45 | $245.36 |

0008   MG000008      0001   20160810  MG4K

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 395

CONFIDENTIAL

RBC-PAUL000004581

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $18.33 | -0.05 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $18.33 | -0.05 |
| 06/10/2009 | Contribution | Employee Voluntary | 3.403 | $18.95 | $64.49 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.077 | $18.71 | -1.43 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.22 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.079 | $18.71 | -1.49 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.05 |
| 07/10/2009 | Contribution | Employee Voluntary | 2.683 | $18.00 | $48.30 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $20.30 | -0.05 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.02 |
| 08/10/2009 | Contribution | Employee Voluntary | 13.073 | $20.30 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $20.30 | -0.05 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 09/10/2009 | Contribution | Employee Voluntary | 2.959 | $21.29 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.087 | $21.70 | -1.90 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.05 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.080 | $21.70 | -1.73 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.17 |
| 10/09/2009 | Contribution | Employee Voluntary | 3.931 | $21.99 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $21.36 | -0.06 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $21.36 | -0.05 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/10/2009 | Contribution | Employee Voluntary | 14.593 | $22.52 | $328.63 |
| 12/10/2009 | Contribution | Employee Voluntary | 2.914 | $22.67 | $66.07 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.102 | $23.20 | -2.35 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.17 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.080 | $23.20 | -1.85 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.29 |
| **Invs Comstock A** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 4.856 | $10.58 | $51.38 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.043 | $9.90 | -0.43 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.33 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.031 | $9.90 | -0.31 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.23 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.021 | $9.90 | -0.21 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.14 |
| 02/10/2009 | Contribution | Employee Voluntary | 28.942 | $9.43 | $272.92 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -242.700 | $9.43 | -2,288.66 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,912.63 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -388.690 | $9.43 | -3,665.35 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -3,287.24 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 132.171 | $8.50 | $1,123.45 |
| 03/10/2009 | Contribution | Employee Voluntary | 7.550 | $8.36 | $63.12 |
| 03/11/2009 | Dividend | Employee Voluntary | 12.912 | $8.33 | $107.56 |
| 03/11/2009 | Dividend | WAP Bonus 5yr Cliff | 8.118 | $8.33 | $67.62 |
| 03/11/2009 | Dividend | Pre-2005 Vested Contrib | 3.181 | $8.33 | $26.50 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -1.204 | $9.42 | -11.34 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -10.29 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.757 | $9.42 | -7.13 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -5.73 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.296 | $9.42 | -2.79 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2.29 |
| 04/09/2009 | Contribution | Employee Voluntary | 4.295 | $10.15 | $43.59 |
| 05/08/2009 | Contribution | Employee Voluntary | 21.809 | $11.25 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.040 | $11.09 | -0.43 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.26 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.023 | $11.09 | -0.26 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.11 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 396

CONFIDENTIAL

RBC-PAUL000004582

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.009 | $11.09 | -0.10 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.05 |
| 06/10/2009 | Contribution | Employee Voluntary | 5.752 | $11.21 | $64.48 |
| 06/10/2009 | Dividend | Employee Voluntary | 8.237 | $11.21 | $92.34 |
| 06/10/2009 | Dividend | WAP Bonus 5yr Cliff | 5.101 | $11.21 | $57.18 |
| 06/10/2009 | Dividend | Pre-2005 Vested Contrib | 1.999 | $11.21 | $22.41 |
| 07/06/2009 | Exchange Out | Employee Voluntary | -1,772.807 | $10.83 | -19,199.49 |
| 07/06/2009 | Realized G/L | Employee Voluntary | | | -12,384.68 |
| 07/06/2009 | Exchange Out | WAP Bonus 5yr Cliff | -1,094.356 | $10.83 | -11,851.88 |
| 07/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -6,712.71 |
| 07/06/2009 | Exchange Out | Pre-2005 Vested Contrib | -428.811 | $10.83 | -4,644.02 |
| 07/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2,697.72 |

**Invs Comstock Y**

| | | | | | |
|---|---|---|---|---|---|
| 07/06/2009 | Exchange In | Employee Voluntary | 1,772.807 | $10.83 | $19,199.49 |
| 07/06/2009 | Exchange In | WAP Bonus 5yr Cliff | 1,094.356 | $10.83 | $11,851.88 |
| 07/06/2009 | Exchange In | Pre-2005 Vested Contrib | 428.811 | $10.83 | $4,644.02 |
| 07/10/2009 | Contribution | Employee Voluntary | 4.557 | $10.60 | $48.30 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.036 | $12.43 | -0.44 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.08 |
| 08/10/2009 | Contribution | Employee Voluntary | 21.350 | $12.43 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.021 | $12.43 | -0.26 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $12.43 | -0.10 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.02 |
| 09/09/2009 | Dividend | Employee Voluntary | 5.486 | $12.92 | $70.87 |
| 09/09/2009 | Dividend | WAP Bonus 5yr Cliff | 3.337 | $12.92 | $43.12 |
| 09/09/2009 | Dividend | Pre-2005 Vested Contrib | 1.307 | $12.92 | $16.89 |
| 09/10/2009 | Contribution | Employee Voluntary | 4.816 | $13.08 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -1.130 | $13.20 | -14.91 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $2.63 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.686 | $13.20 | -9.05 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.60 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.269 | $13.20 | -3.55 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.64 |
| 10/09/2009 | Contribution | Employee Voluntary | 6.465 | $13.37 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.035 | $12.94 | -0.44 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.08 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.020 | $12.94 | -0.26 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $12.94 | -0.10 |
| 10/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.02 |
| 11/10/2009 | Contribution | Employee Voluntary | 24.181 | $13.59 | $328.62 |
| 12/09/2009 | Dividend | Employee Voluntary | 5.404 | $13.61 | $73.54 |
| 12/09/2009 | Dividend | WAP Bonus 5yr Cliff | 3.223 | $13.61 | $43.87 |
| 12/09/2009 | Dividend | Pre-2005 Vested Contrib | 1.264 | $13.61 | $17.20 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -1.154 | $13.80 | -15.91 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $3.33 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.687 | $13.80 | -9.49 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.03 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.270 | $13.80 | -3.72 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.79 |

**Invs Sm Cap Disc Y**

| | | | | | |
|---|---|---|---|---|---|
| 07/10/2009 | Contribution | Employee Voluntary | 13.326 | $7.25 | $96.61 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.001 | $8.13 | -0.01 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 08/10/2009 | Contribution | Employee Voluntary | 65.284 | $8.13 | $530.76 |
| 08/12/2009 | Exchange In | Employee Voluntary | 2,705.245 | $8.14 | $22,020.69 |
| 08/12/2009 | Exchange In | WAP Bonus 5yr Cliff | 1,891.933 | $8.14 | $15,400.33 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 397
CONFIDENTIAL

RBC-PAUL000004583

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/12/2009 | Exchange In | Pre-2005 Vested Contrib | 893.123 | $8.14 | $7,270.02 |
| 09/10/2009 | Contribution | Employee Voluntary | 14.855 | $8.48 | $125.97 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -1.747 | $8.56 | -14.97 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.75 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -1.182 | $8.56 | -10.12 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.50 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.558 | $8.56 | -4.78 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.24 |
| 10/09/2009 | Contribution | Employee Voluntary | 19.802 | $8.73 | $172.87 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.053 | $8.10 | -0.42 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.032 | $8.10 | -0.27 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.016 | $8.10 | -0.13 |
| 11/10/2009 | Contribution | Employee Voluntary | 76.961 | $8.54 | $657.25 |
| 12/10/2009 | Contribution | Employee Voluntary | 15.276 | $8.65 | $132.14 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -1.818 | $9.05 | -16.45 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $1.62 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -1.180 | $9.05 | -10.68 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.07 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.558 | $9.05 | -5.05 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | $0.51 |

**RBC Share Account**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/09/2009 | Contribution | Employee Voluntary | 3.324 | $30.92 | $102.77 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $25.81 | -0.04 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.04 |
| 02/06/2009 | Recordkeeping Fee | Employer 5 yr Cliff | -0.081 | $25.81 | -2.09 |
| 02/06/2009 | Realized G/L | Employer 5 yr Cliff | | | -0.89 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $25.81 | -0.12 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | 0.000 | $25.81 | -0.12 |
| 02/10/2009 | Contribution | Employee Voluntary | 22.143 | $24.65 | $545.83 |
| 02/13/2009 | Withdrawal | Employer 5 yr Cliff | -873.660 | $24.22 | -21,160.05 |
| 02/13/2009 | Realized G/L | Employer 5 yr Cliff | | | -2,201.77 |
| 02/25/2009 | Dividend | Employee Voluntary | 1.140 | $23.91 | $27.25 |
| 02/25/2009 | Dividend | Employer 5 yr Cliff | 51.220 | $23.91 | $1,224.68 |
| 02/25/2009 | Dividend | WAP Bonus 5yr Cliff | 0.947 | $23.91 | $22.63 |
| 02/27/2009 | Contribution | Employer 5 yr Cliff | 750.506 | $24.27 | $18,214.78 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 92.580 | $24.27 | $2,246.92 |
| 03/10/2009 | Contribution | Employee Voluntary | 4.930 | $25.61 | $126.25 |
| 03/18/2009 | Withdrawal | Employer 5 yr Cliff | -14.668 | $29.27 | -429.33 |
| 03/18/2009 | Realized G/L | Employer 5 yr Cliff | | | $78.62 |
| 04/09/2009 | Contribution | Employee Voluntary | 2.695 | $32.35 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 12.608 | $38.92 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $40.30 | -0.10 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | $0.04 |
| 05/26/2009 | Dividend | Employee Voluntary | 1.088 | $40.30 | $43.83 |
| 05/26/2009 | Recordkeeping Fee | Employer 5 yr Cliff | -0.064 | $40.30 | -2.60 |
| 05/26/2009 | Realized G/L | Employer 5 yr Cliff | | | $0.27 |
| 05/26/2009 | Dividend | Employer 5 yr Cliff | 32.633 | $40.30 | $1,315.11 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $40.30 | -0.18 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 05/26/2009 | Dividend | WAP Bonus 5yr Cliff | 1.650 | $40.30 | $66.50 |
| 06/10/2009 | Contribution | Employee Voluntary | 3.140 | $41.07 | $128.97 |
| 07/10/2009 | Contribution | Employee Voluntary | 2.489 | $38.81 | $96.61 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $46.60 | -0.12 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.05 |
| 08/10/2009 | Contribution | Employee Voluntary | 11.390 | $46.60 | $530.76 |
| 08/10/2009 | Recordkeeping Fee | Employer 5 yr Cliff | -0.059 | $46.60 | -2.75 |
| 08/10/2009 | Realized G/L | Employer 5 yr Cliff | | | $0.62 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 398

CONFIDENTIAL

RBC-PAUL000004584

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $46.60 | -0.22 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.09 |
| 08/24/2009 | Dividend | Employee Voluntary | 1.162 | $47.12 | $54.73 |
| 08/24/2009 | Dividend | Employer 5 yr Cliff | 29.466 | $47.12 | $1,388.44 |
| 08/24/2009 | Dividend | WAP Bonus 5yr Cliff | 1.490 | $47.12 | $70.21 |
| 09/10/2009 | Contribution | Employee Voluntary | 2.431 | $51.81 | $125.97 |
| 10/09/2009 | Contribution | Employee Voluntary | 3.225 | $53.61 | $172.88 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $50.40 | -0.12 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/30/2009 | Recordkeeping Fee | Employer 5 yr Cliff | -0.056 | $50.40 | -2.81 |
| 10/30/2009 | Realized G/L | Employer 5 yr Cliff | | | $0.77 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $50.40 | -0.16 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 11/10/2009 | Contribution | Employee Voluntary | 12.146 | $54.11 | $657.24 |
| 11/25/2009 | Dividend | Employee Voluntary | 1.176 | $54.64 | $64.25 |
| 11/25/2009 | Dividend | Employer 5 yr Cliff | 26.105 | $54.64 | $1,426.39 |
| 11/25/2009 | Dividend | WAP Bonus 5yr Cliff | 1.320 | $54.64 | $72.13 |
| 12/10/2009 | Contribution | Employee Voluntary | 2.519 | $52.45 | $132.13 |

**RBC SMID Cap Grth I**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/09/2009 | Contribution | Employee Voluntary | 6.972 | $7.37 | $51.38 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.031 | $7.62 | -0.24 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.14 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.025 | $7.62 | -0.19 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.10 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.040 | $7.62 | -0.31 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.18 |
| 02/10/2009 | Contribution | Employee Voluntary | 37.031 | $7.37 | $272.92 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -216.638 | $7.38 | -1,598.79 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,080.21 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -1,139.053 | $7.38 | -8,406.21 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -5,679.18 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 165.215 | $6.80 | $1,123.46 |
| 03/10/2009 | Contribution | Employee Voluntary | 9.564 | $6.60 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.873 | $7.30 | -6.37 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -4.41 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.618 | $7.30 | -4.51 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.62 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.270 | $7.30 | -1.97 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.37 |
| 04/09/2009 | Contribution | Employee Voluntary | 5.537 | $7.87 | $43.58 |
| 05/08/2009 | Contribution | Employee Voluntary | 29.994 | $8.18 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.027 | $8.13 | -0.23 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.08 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.019 | $8.13 | -0.15 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.05 |
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.009 | $8.13 | -0.07 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.04 |
| 06/10/2009 | Contribution | Employee Voluntary | 7.687 | $8.39 | $64.49 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.813 | $8.17 | -6.63 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -3.30 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.557 | $8.17 | -4.55 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.89 |
| 06/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.242 | $8.17 | -1.98 |
| 06/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.01 |
| 07/10/2009 | Contribution | Employee Voluntary | 6.200 | $7.79 | $48.30 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.025 | $8.77 | -0.22 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.06 |
| 08/10/2009 | Contribution | Employee Voluntary | 30.260 | $8.77 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.016 | $8.77 | -0.15 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 399
CONFIDENTIAL

RBC-PAUL000004585

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $8.77 | -0.07 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.02 |
| 09/10/2009 | Contribution | Employee Voluntary | 6.951 | $9.06 | $62.98 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.836 | $9.27 | -7.76 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -2.36 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.558 | $9.27 | -5.17 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.28 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.243 | $9.27 | -2.25 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.75 |
| 10/09/2009 | Contribution | Employee Voluntary | 9.157 | $9.44 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.025 | $8.99 | -0.22 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.06 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $8.99 | -0.15 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $8.99 | -0.06 |
| 10/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.02 |
| 11/10/2009 | Contribution | Employee Voluntary | 34.848 | $9.43 | $328.62 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.867 | $9.75 | -8.44 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -1.98 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.556 | $9.75 | -5.41 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.02 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.242 | $9.75 | -2.36 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.63 |

**TRP Mid Cap Growth**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/10/2009 | Contribution | Employee Voluntary | 2.864 | $46.14 | $132.13 |
| 12/14/2009 | Dividend | Employee Voluntary | 0.001 | $46.78 | $0.08 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.002 | $47.49 | -0.09 |

**Vang Windsor II Adm**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/09/2009 | Contribution | Employee Voluntary | 1.532 | $33.54 | $51.39 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.001 | $32.30 | -0.04 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $32.30 | -0.02 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.03 |
| 02/10/2009 | Contribution | Employee Voluntary | 8.858 | $30.81 | $272.92 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 41.349 | $27.17 | $1,123.45 |
| 03/10/2009 | Contribution | Employee Voluntary | 2.369 | $26.64 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.039 | $29.54 | -1.14 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.50 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.047 | $29.54 | -1.40 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.32 |
| 04/09/2009 | Contribution | Employee Voluntary | 1.376 | $31.68 | $43.59 |
| 05/08/2009 | Contribution | Employee Voluntary | 7.010 | $35.00 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $34.11 | -0.05 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.02 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $34.11 | -0.05 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 06/10/2009 | Contribution | Employee Voluntary | 1.835 | $35.13 | $64.48 |
| 06/25/2009 | Dividend | Employee Voluntary | 0.968 | $34.25 | $33.16 |
| 06/25/2009 | Dividend | WAP Bonus 5yr Cliff | 1.028 | $34.25 | $35.20 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.042 | $34.29 | -1.42 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.29 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.043 | $34.29 | -1.50 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.06 |
| 07/10/2009 | Contribution | Employee Voluntary | 1.472 | $32.81 | $48.31 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $38.01 | -0.05 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.02 |
| 08/10/2009 | Contribution | Employee Voluntary | 6.982 | $38.01 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $38.01 | -0.05 |

0008   MG000008      0001   20160810   MG4K

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 400

CONFIDENTIAL

RBC-PAUL000004586

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 09/10/2009 | Contribution | Employee Voluntary | 1.592 | $39.57 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.048 | $39.86 | -1.89 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -0.06 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.044 | $39.86 | -1.74 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.13 |
| 10/09/2009 | Contribution | Employee Voluntary | 2.136 | $40.46 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $39.46 | -0.06 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.01 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $39.46 | -0.05 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 11/10/2009 | Contribution | Employee Voluntary | 7.862 | $41.80 | $328.62 |
| 12/10/2009 | Contribution | Employee Voluntary | 3.139 | $42.09 | $132.14 |
| 12/23/2009 | Dividend | Employee Voluntary | 1.002 | $42.24 | $42.31 |
| 12/23/2009 | Dividend | WAP Bonus 5yr Cliff | 0.787 | $42.24 | $33.23 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.055 | $42.03 | -2.36 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.12 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.044 | $42.03 | -1.86 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.25 |
| **Virtus Contrn Val A** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 3.585 | $14.33 | $51.38 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.002 | $13.42 | -0.03 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $13.42 | -0.02 |
| 02/10/2009 | Contribution | Employee Voluntary | 21.288 | $12.82 | $272.91 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 97.606 | $11.51 | $1,123.45 |
| 03/10/2009 | Contribution | Employee Voluntary | 5.855 | $10.78 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.096 | $12.44 | -1.19 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -0.56 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.119 | $12.44 | -1.49 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.37 |
| 04/09/2009 | Contribution | Employee Voluntary | 3.184 | $13.69 | $43.59 |
| 05/08/2009 | Contribution | Employee Voluntary | 15.647 | $15.68 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $15.30 | -0.05 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $15.30 | -0.05 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 06/10/2009 | Contribution | Employee Voluntary | 4.126 | $15.63 | $64.49 |
| 06/22/2009 | Dividend | Employee Voluntary | 1.348 | $14.50 | $19.55 |
| 06/22/2009 | Dividend | WAP Bonus 5yr Cliff | 1.460 | $14.50 | $21.16 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.094 | $15.30 | -1.44 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -0.22 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.102 | $15.30 | -1.56 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.03 |
| 07/10/2009 | Contribution | Employee Voluntary | 3.310 | $14.59 | $48.30 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.003 | $17.23 | -0.05 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 08/10/2009 | Contribution | Employee Voluntary | 15.402 | $17.23 | $265.38 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $17.23 | -0.05 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/10/2009 | Contribution | Employee Voluntary | 3.555 | $17.72 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.108 | $18.03 | -1.94 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | $0.03 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.102 | $18.03 | -1.84 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.25 |
| 10/09/2009 | Contribution | Employee Voluntary | 4.693 | $18.42 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.004 | $17.60 | -0.06 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $17.60 | -0.05 |
| 10/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 401
CONFIDENTIAL

RBC-PAUL000004587

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 11/10/2009 | Contribution | Employee Voluntary | 17.754 | $18.51 | $328.62 |
| 12/10/2009 | Contribution | Employee Voluntary | 3.542 | $18.65 | $66.06 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.124 | $18.93 | -2.34 |
| 12/31/2009 | Realized G/L | Employee Voluntary | | | $0.15 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.101 | $18.93 | -1.92 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.35 |
| **Wasatch Core Gth Inv** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 5.472 | $18.78 | $102.77 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.021 | $18.80 | -0.41 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.40 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.017 | $18.80 | -0.32 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.33 |
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.008 | $18.80 | -0.15 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.15 |
| 02/10/2009 | Contribution | Employee Voluntary | 30.527 | $17.88 | $545.83 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -165.798 | $18.05 | -2,992.65 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -3,375.63 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 140.170 | $16.03 | $2,246.92 |
| 03/10/2009 | Contribution | Employee Voluntary | 8.214 | $15.37 | $126.25 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.631 | $17.39 | -10.96 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -13.30 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.456 | $17.39 | -7.92 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -7.67 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.215 | $17.39 | -3.74 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -4.39 |
| 04/09/2009 | Contribution | Employee Voluntary | 4.561 | $19.11 | $87.17 |
| 05/08/2009 | Contribution | Employee Voluntary | 22.386 | $21.92 | $490.70 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.019 | $21.55 | -0.41 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.30 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $21.55 | -0.29 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.13 |
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $21.55 | -0.14 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.08 |
| 06/10/2009 | Contribution | Employee Voluntary | 5.644 | $22.85 | $128.97 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.556 | $22.52 | -12.51 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -8.46 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.388 | $22.52 | -8.74 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -4.54 |
| 06/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.183 | $22.52 | -4.13 |
| 06/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2.79 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.018 | $24.89 | -0.43 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.22 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $24.89 | -0.31 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.11 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $24.89 | -0.14 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.08 |
| 08/12/2009 | Exchange Out | Employee Voluntary | -887.573 | $24.81 | -22,020.69 |
| 08/12/2009 | Realized G/L | Employee Voluntary | | | -11,452.93 |
| 08/12/2009 | Exchange Out | WAP Bonus 5yr Cliff | -620.731 | $24.81 | -15,400.33 |
| 08/12/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -5,827.88 |
| 08/12/2009 | Exchange Out | Pre-2005 Vested Contrib | -293.028 | $24.81 | -7,270.02 |
| 08/12/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -3,816.50 |
| **3rd Av Sm Cap Val IS** | | | | | |
| 01/09/2009 | Contribution | Employee Voluntary | 3.534 | $14.54 | $51.39 |
| 02/06/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $14.04 | -0.12 |
| 02/06/2009 | Realized G/L | Employee Voluntary | | | -0.06 |
| 02/06/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.010 | $14.04 | -0.15 |
| 02/06/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.08 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 402
CONFIDENTIAL

RBC-PAUL000004588

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/06/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.033 | $14.04 | -0.46 |
| 02/06/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.34 |
| 02/10/2009 | Contribution | Employee Voluntary | 20.186 | $13.52 | $272.92 |
| 02/13/2009 | Withdrawal | WAP Bonus 5yr Cliff | -173.572 | $13.49 | -2,341.49 |
| 02/13/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,874.72 |
| 02/13/2009 | Withdrawal | Pre-2005 Vested Contrib | -899.117 | $13.49 | -12,129.09 |
| 02/13/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -10,103.77 |
| 02/27/2009 | Contribution | WAP Bonus 5yr Cliff | 96.352 | $11.66 | $1,123.46 |
| 03/10/2009 | Contribution | Employee Voluntary | 5.905 | $10.69 | $63.12 |
| 03/31/2009 | Trustee Fee | Employee Voluntary | -0.263 | $12.11 | -3.18 |
| 03/31/2009 | Realized G/L | Employee Voluntary | | | -2.69 |
| 03/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.247 | $12.11 | -3.00 |
| 03/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.01 |
| 03/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.227 | $12.11 | -2.75 |
| 03/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -2.76 |
| 04/09/2009 | Contribution | Employee Voluntary | 3.202 | $13.61 | $43.58 |
| 05/08/2009 | Contribution | Employee Voluntary | 16.400 | $14.96 | $245.35 |
| 05/26/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $14.89 | -0.13 |
| 05/26/2009 | Realized G/L | Employee Voluntary | | | -0.04 |
| 05/26/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $14.89 | -0.11 |
| 05/26/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 05/26/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $14.89 | -0.10 |
| 05/26/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.06 |
| 06/10/2009 | Contribution | Employee Voluntary | 4.141 | $15.57 | $64.48 |
| 06/30/2009 | Trustee Fee | Employee Voluntary | -0.237 | $14.93 | -3.55 |
| 06/30/2009 | Realized G/L | Employee Voluntary | | | -1.65 |
| 06/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.213 | $14.93 | -3.18 |
| 06/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.14 |
| 06/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.194 | $14.93 | -2.90 |
| 06/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.81 |
| 07/10/2009 | Contribution | Employee Voluntary | 3.400 | $14.21 | $48.31 |
| 08/10/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $16.56 | -0.13 |
| 08/10/2009 | Realized G/L | Employee Voluntary | | | -0.04 |
| 08/10/2009 | Contribution | Employee Voluntary | 16.025 | $16.56 | $265.37 |
| 08/10/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $16.56 | -0.11 |
| 08/10/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 08/10/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $16.56 | -0.10 |
| 08/10/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.04 |
| 09/10/2009 | Contribution | Employee Voluntary | 3.620 | $17.40 | $62.99 |
| 09/30/2009 | Trustee Fee | Employee Voluntary | -0.252 | $17.80 | -4.49 |
| 09/30/2009 | Realized G/L | Employee Voluntary | | | -0.96 |
| 09/30/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.213 | $17.80 | -3.79 |
| 09/30/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.53 |
| 09/30/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.194 | $17.80 | -3.46 |
| 09/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.25 |
| 10/09/2009 | Contribution | Employee Voluntary | 4.768 | $18.13 | $86.44 |
| 10/30/2009 | Recordkeeping Fee | Employee Voluntary | -0.008 | $17.17 | -0.13 |
| 10/30/2009 | Realized G/L | Employee Voluntary | | | -0.02 |
| 10/30/2009 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $17.17 | -0.11 |
| 10/30/2009 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $17.17 | -0.10 |
| 10/30/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -0.04 |
| 11/10/2009 | Contribution | Employee Voluntary | 18.640 | $17.63 | $328.62 |
| 12/10/2009 | Contribution | Employee Voluntary | 3.731 | $17.71 | $66.07 |
| 12/22/2009 | Dividend | Employee Voluntary | 3.262 | $18.08 | $58.98 |
| 12/22/2009 | Dividend | WAP Bonus 5yr Cliff | 2.578 | $18.08 | $46.61 |
| 12/22/2009 | Dividend | Pre-2005 Vested Contrib | 2.354 | $18.08 | $42.56 |
| 12/31/2009 | Trustee Fee | Employee Voluntary | -0.272 | $18.19 | -4.93 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 403
CONFIDENTIAL

RBC-PAUL000004589

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 12/31/2009 | Realized G/L | Employee Voluntary | | | -0.86 |
| 12/31/2009 | Trustee Fee | WAP Bonus 5yr Cliff | -0.214 | $18.19 | -3.90 |
| 12/31/2009 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.44 |
| 12/31/2009 | Trustee Fee | Pre-2005 Vested Contrib | -0.196 | $18.19 | -3.56 |
| 12/31/2009 | Realized G/L | Pre-2005 Vested Contrib | | | -1.19 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 404

CONFIDENTIAL

RBC-PAUL000004590

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2009 to 12/31/2009

## Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned. Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account. You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price. It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings. When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

### Some special information about other sections that may appear in your account statement.

**Asset Allocation**
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments. These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio. They represent ownership or equity in a company. Stocks have the potential to outperform other types of investments over the long term. However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio. They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments. Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio. They provide current income and seek to preserve the value of your investment. They also tend to provide the lowest returns over the long term. Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments. You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies. Some of its stocks have a greater influence on the direction of the market. The S&P 500 calculation takes this into account by giving greater weight to these stocks. The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and Far East, Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada. The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 405

CONFIDENTIAL

RBC-PAUL000004591



**RBC US Deferred
Compensation Plan**

ENV#MG000009
MG 14022   T

BRIAN BUSKIRK

**Retirement Savings Statement**

January 1, 2010 - December 31, 2010

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| Beginning Balance | $522,034.27 |
| Employee Contributions | 37,441.29 |
| Employer Contributions | 29,829.26 |
| Dividends and Interest | 9,748.30 |
| Withdrawal | -101,170.63 |
| Fees | -882.84 |
| Change in Market Value | 33,821.79 |
| Ending Balance | $530,821.44 |

**Additional Information**

| | |
|---|---|
| Vested Balance | $308,858.64 |

**Inception to date contribution**

| | |
|---|---|
| Your Personal Rate of Return | 11.1% |
| Year to Date | 11.1% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings. It reflects the results of your investment selections as
well as any activity in the plan account(s) shown. There are other
Personal Rate of Return formulas used that may yield different
results. Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



▨ Stocks 100%

Your investments are currently allocated among the displayed
asset classes. Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | AB<br>Intl Value Adv | AF<br>EuroPacific Gth A | AF<br>Fundamntl Invs A | AF<br>Grth Fund Amer A | AMG<br>Sys Lg Cp Val IS |
|---|---|---|---|---|---|
| Beginning Balance | $1,668.81 | $96,330.37 | $10,286.16 | $56,130.01 | $6,692.97 |
| Employee Contributions | 0.00 | 3,744.13 | 3,744.12 | 3,744.13 | 0.00 |
| Employer Contributions | 0.00 | 1,384.29 | 1,384.28 | 1,384.29 | 0.00 |
| Exchanges | -1,381.18 | 0.00 | 0.00 | 0.00 | 47.86 |
| Dividends and Interest | 0.00 | 1,232.34 | 247.91 | -13,212.90 | 0.00 |
| Withdrawal | 0.00 | -16,460.28 | 0.00 | -129.46 | -18.18 |
| Fees | -1.11 | -223.02 | -37.28 | 418.88 | 1,157.22 |
| Change in Market Value | -286.52 | 4,621.64 | 1,845.69 | 4,095.97 | 1,157.22 |
| Ending Balance | $0.00 | $90,629.47 | $17,470.88 | $52,430.90 | $7,879.87 |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 406
CONFIDENTIAL

RBC-PAUL000004592

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Account Activity (continued)

| Activity | Artisan Intl Val Inv | BlkRk Global Alloc A | Blkrk Sm Cap Gr Eq I | Eagle Mid Cap Stk I | Invs Comstock Y |
|---|---|---|---|---|---|
| Beginning Balance | $0.00 | $132.31 | $6,737.71 | $6,707.66 | $46,547.96 |
| Employee Contributions | 0.00 | 3,744.09 | 1,872.04 | 1,872.06 | 0.00 |
| Employer Contributions | 0.00 | 1,384.28 | 692.14 | 692.15 | 0.00 |
| Exchanges | 1,381.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dividends and Interest | 22.70 | 59.96 | 0.00 | 0.00 | 745.60 |
| Withdrawal | 0.00 | 0.00 | 0.00 | 0.00 | -8,705.45 |
| Fees | -3.02 | -10.12 | -23.87 | -23.35 | -107.07 |
| Change in Market Value | 359.45 | 407.35 | 2,041.30 | 1,853.35 | 4,619.99 |
| Ending Balance | $1,760.31 | $5,717.87 | $11,319.32 | $11,101.87 | $43,101.03 |

| Activity | Invs Sm Cap Disc Y | RBC Share Account | RBC SMID Cap Grth I | TRP Mid Cap Growth | Vang Windsor II Adm |
|---|---|---|---|---|---|
| Beginning Balance | $51,482.38 | $179,862.52 | $25,921.17 | $135.96 | $6,755.10 |
| Employee Contributions | 3,744.15 | 3,744.18 | 0.00 | 3,744.13 | 3,744.14 |
| Employer Contributions | 1,384.28 | 17,370.70 | 0.00 | 1,384.28 | 1,384.29 |
| Dividends and Interest | 0.00 | 6,291.77 | 0.00 | 236.71 | 232.93 |
| Withdrawal | -12,096.99 | -36,336.36 | -6,100.18 | 0.00 | 0.00 |
| Fees | -129.16 | -12.32 | -63.29 | -10.75 | -27.33 |
| Change in Market Value | 10,119.75 | -8,371.96 | 6,764.63 | 847.71 | 962.53 |
| Ending Balance | $54,504.41 | $162,548.53 | $26,522.33 | $6,338.04 | $13,051.66 |

| Activity | Virtus Contrn Val A | 3rd Av Sm Cap Val IS | Total | | |
|---|---|---|---|---|---|
| Beginning Balance | $6,836.27 | $19,806.91 | $522,034.27 | | |
| Employee Contributions | 1,872.06 | 1,872.06 | 37,441.29 | | |
| Employer Contributions | 692.14 | 692.14 | 29,829.26 | | |
| Dividends and Interest | 57.80 | 153.84 | 9,748.30 | | |
| Withdrawal | 0.00 | -8,258.47 | -101,170.63 | | |
| Fees | -23.74 | -39.75 | -882.84 | | |
| Change in Market Value | 1,540.86 | 1,242.83 | 33,821.79 | | |
| Ending Balance | $10,975.39 | $15,469.56 | $530,821.44 | | |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2009 | Shares on 12/31/2010 | Price on 12/31/2009 | Price on 12/31/2010 | Market Value on 12/31/2009 | Market Value on 12/31/2010 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | $522,034.27 | $530,821.44 |
| AB Intl Value Adv | 119.972 | 0.000 | $13.91 | $13.92 | 1,668.81 | 0.00 |
| AF EuroPacific Gth A | 2,512.529 | 2,190.705 | $38.34 | $41.37 | 96,330.37 | 90,629.47 |
| AF Fundamntl Invs A | 314.273 | 476.046 | $32.73 | $36.70 | 10,286.16 | 17,470.88 |
| AF Grth Fund Amer A | 2,053.787 | 1,722.434 | $27.33 | $30.44 | 56,130.01 | 52,430.90 |
| AMG Sys Lg Cp Val IS | 793.947 | 796.751 | $8.43 | $9.89 | 6,692.97 | 7,879.87 |
| BlkRk Global Alloc A | 7.396 | 294.432 | $17.89 | $19.42 | 132.31 | 5,717.87 |
| Blkrk Sm Cap Gr Eq I | 345.346 | 471.442 | $19.51 | $24.01 | 6,737.71 | 11,319.32 |
| Invs Comstock Y | 3,373.040 | 2,740.052 | $13.80 | $15.73 | 46,547.96 | 43,101.03 |
| Invs Sm Cap Disc Y | 5,688.660 | 4,849.146 | $9.05 | $11.24 | 51,482.38 | 54,504.41 |
| TRP Mid Cap Growth | 2.863 | 108.287 | $47.49 | $58.53 | 135.96 | 6,338.04 |
| Virtus Contrn Val A | 361.134 | 492.391 | $18.93 | $22.29 | 6,836.27 | 10,975.39 |
| 3rd Av Sm Cap Val IS | 1,088.890 | 739.463 | $18.19 | $20.92 | 19,806.91 | 15,469.56 |
| RBC Share Account | 3,358.777 | 3,104.441 | $53.55 | $52.36 | 179,862.52 | 162,548.53 |
| Vang Windsor II Adm | 160.721 | 286.472 | $42.03 | $45.56 | 6,755.10 | 13,051.66 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 407
CONFIDENTIAL

RBC-PAUL000004593

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value of Your Account (continued)

| Investment | Shares on 12/31/2009 | Shares on 12/31/2010 | Price on 12/31/2009 | Price on 12/31/2010 | Market Value on 12/31/2009 | Market Value on 12/31/2010 |
|---|---|---|---|---|---|---|
| Eagle Mid Cap Stk I | 289.123 | 395.930 | $23.20 | $28.04 | 6,707.66 | 11,101.87 |
| Artisan Intl Val Inv | 0.000 | 64.932 | $0.00 | $27.11 | 0.00 | 1,760.31 |
| RBC SMID Cap Grth I | 2,658.581 | 2,038.612 | $9.75 | $13.01 | 25,921.17 | 26,522.33 |
| **Account Total** | | | | | **$522,034.27** | **$530,821.44** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.

This plan represents an unfunded, nonqualified plan, and no funded account has been established for you. In the event of a bankruptcy or insolvency, you would be an unsecured general creditor of the plan sponsor. For more information, refer to the plan documents.
Please check your account information frequently and promptly review correspondence, account statements, and confirmations as they are made available to you. Contact Fidelity immediately if you see or suspect unauthorized activity, errors, discrepancies, or if you have not received your account documents or information.

Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|---|---|---|---|---|---|
| 2005 | Employee Voluntary | Election Unknown | | | Unknown |
| **2005 Employee Voluntary** | | | | 45,436.91 | |
| 2005 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| **2005 WAP Bonus 5yr Cliff** | | | | 25,306.31 | |
| 2005 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2005 Employer 5 yr Cliff** | | | | 27,528.74 | |
| **2005 Total** | | | | 98,271.96 | |
| 2006 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2006 Employer 5 yr Cliff** | | | | 26,803.97 | |
| 2006 | Employee Voluntary | Election Unknown | | | Unknown |

0009   MG000009     0001   20160810   MG4K
Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 408
CONFIDENTIAL

RBC-PAUL000004594

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|---|---|---|---|---|---|
| 2006 Employee Voluntary | | | | 40,967.44 | |
| 2006 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| 2006 WAP Bonus 5yr Cliff | | | | 23,266.14 | |
| 2006 Total | | | | 91,037.55 | |
| 2007 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| 2007 Employer 5 yr Cliff | | | | 28,623.64 | |
| 2007 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| 2007 WAP Bonus 5yr Cliff | | | | 26,743.87 | |
| 2007 | Employee Voluntary | Election Unknown | | | Unknown |
| 2007 Employee Voluntary | | | | 42,868.83 | |
| 2007 Total | | | | 98,236.34 | |
| 2008 | Employee Voluntary | Election Unknown | | | Unknown |
| 2008 Employee Voluntary | | | | 40,438.08 | |
| 2008 | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| 2008 Employer 5 yr Cliff | | | | 41,957.17 | |
| 2008 | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| 2008 WAP Bonus 5yr Cliff | | | | 42,656.81 | |
| 2008 Total | | | | 125,052.06 | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 409

CONFIDENTIAL

RBC-PAUL000004595

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2010 | Effective Date |
|---|---|---|---|---|---|
| **2009** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2009 Employee Voluntary** | | | | **44,718.28** | |
| **2009** | | | | | |
| | Employer 5 yr Cliff | Election Unknown | | | Unknown |
| **2009 Employer 5 yr Cliff** | | | | **15,916.45** | |
| **2009** | | | | | |
| | WAP Bonus 5yr Cliff | Election Unknown | | | Unknown |
| **2009 WAP Bonus 5yr Cliff** | | | | **15,994.75** | |
| **2009 Total** | | | | **76,629.48** | |
| **2010** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| **2010 Employee Voluntary** | | | | **41,594.05** | |
| **2010 Total** | | | | **41,594.05** | |
| **Total Market Value** | | | | **530,821.44** | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2010 | Price On: 12/31/2010 | Market Value: 12/31/2010 | Total Market Value: 12/31/2010 |
|---|---|---|---|---|---|
| **Other Account Holdings** | | | | | |
| | TRP Mid Cap Growth | 108.287 | 58.53 | 6,338.04 | |
| | AF EuroPacific Gth A | 2,190.705 | 41.37 | 90,629.47 | |
| | AF Fundamntl Invs A | 476.046 | 36.70 | 17,470.88 | |
| | AF Grth Fund Amer A | 1,722.434 | 30.44 | 52,430.90 | |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 410

CONFIDENTIAL

RBC-PAUL000004596

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Market Value of Distributions (continued)
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2010 | Price On: 12/31/2010 | Market Value: 12/31/2010 | Total Market Value: 12/31/2010 |
|---|---|---|---|---|---|
| | BlkRk Global Alloc A | 294.432 | 19.42 | 5,717.87 | |
| | Artisan Intl Val Inv | 64.932 | 27.11 | 1,760.31 | |
| | AMG Sys Lg Cp Val IS | 796.751 | 9.89 | 7,879.87 | |
| | Eagle Mid Cap Stk I | 395.930 | 28.04 | 11,101.87 | |
| | Invs Comstock Y | 2,740.052 | 15.73 | 43,101.03 | |
| | Invs Sm Cap Disc Y | 4,849.146 | 11.24 | 54,504.41 | |
| | Blkrk Sm Cap Gr Eq I | 471.442 | 24.01 | 11,319.32 | |
| | Vang Windsor II Adm | 286.472 | 45.56 | 13,051.66 | |
| | RBC SMID Cap Grth I | 2,038.612 | 13.01 | 26,522.33 | |
| | Virtus Contrn Val A | 492.391 | 22.29 | 10,975.39 | |
| | 3rd Av Sm Cap Val IS | 739.463 | 20.92 | 15,469.56 | |
| | RBC Share Account | 3,104.441 | 52.36 | 162,548.53 | |
| | | | | | 530,821.44 |

| | | | | | |
|---|---|---|---|---|---|
| **Total Market Value** | | | | | **530,821.44** |

## Your Contribution Elections as of 08/10/2016
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2015 Voluntary Election | 3 Year Grad |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 5% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 10% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 10% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 10% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 10% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 10% | 10% | 10% | 10% |
| TRP Grth Stk Trust B | 10% | 10% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 25% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 10% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 0% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 0% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 0% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 0% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 0% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 0% | 10% | 10% | 10% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| TRP Grth Stk Trust B | 10% | 0% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 0% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 0% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| ABF Sm Cap Val Inst | 0% | 5% | 5% |
| AF EuroPac Growth R6 | 0% | 10% | 10% |
| AF Fundmntl Inv R6 | 0% | 10% | 10% |
| Artisan Intl Val Inv | 0% | 10% | 10% |
| BlkRk Global Alloc I | 0% | 10% | 10% |
| Jensen Qual Grth Is | 0% | 10% | 10% |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 411

CONFIDENTIAL

RBC-PAUL000004597

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Contribution Elections as of 08/10/2016 (continued)

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| RBC Share Account | 100% | 0% | 0% |
| TRP Grth Stk Trust B | 0% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 0% | 25% | 25% |
| Virtus Contrn Val I | 0% | 10% | 10% |
| Total | 100% | 100% | 100% |

| Contributions | Employee Voluntary | Employer 5 yr Cliff | WAP Bonus 5yr Cliff |
|---|---|---|---|
| This Period | $37,441.29 | $15,986.42 | $13,842.84 |
| Year to Date | $37,441.29 | $15,986.42 | $13,842.84 |
| Total Account Balances | 256,023.59 | 140,829.97 | 133,967.88 |

## Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **AB Intl Value Adv** | | | | | |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $13.37 | -0.03 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.075 | $14.08 | -1.06 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.06 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $14.10 | -0.02 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 06/04/2010 | Exchange Out | Employee Voluntary | -119.894 | $11.52 | -1,381.18 |
| 06/04/2010 | Realized G/L | Employee Voluntary | | | -225.17 |
| **AF EuroPacific Gth A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 3.466 | $39.51 | $136.96 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.023 | $37.04 | -0.83 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.09 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.016 | $37.04 | -0.58 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $37.04 | -0.20 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 02/10/2010 | Contribution | Employee Voluntary | 18.470 | $35.59 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 38.304 | $36.14 | $1,384.29 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.869 | $37.94 | $70.92 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.824 | $38.62 | -31.87 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -1.55 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.586 | $38.62 | -22.63 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.18 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.198 | $38.62 | -7.64 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.87 |
| 04/09/2010 | Contribution | Employee Voluntary | 4.253 | $39.38 | $167.48 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.018 | $38.65 | -0.70 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.014 | $38.65 | -0.50 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $38.65 | -0.17 |
| 04/22/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.04 |
| 05/10/2010 | Contribution | Employee Voluntary | 18.109 | $36.65 | $663.70 |
| 06/10/2010 | Contribution | Employee Voluntary | 5.507 | $34.66 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.841 | $33.97 | -28.61 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -5.43 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.482 | $33.97 | -16.36 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -2.16 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 412
CONFIDENTIAL                                                                          RBC-PAUL000004598

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -166.551 | $34.09 | -5,677.72 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -613.19 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -316.297 | $34.09 | -10,782.55 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -28.51 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.824 | $35.96 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.027 | $36.10 | -0.99 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.07 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.016 | $36.10 | -0.57 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 08/10/2010 | Contribution | Employee Voluntary | 17.908 | $37.90 | $678.70 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.915 | $37.70 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.855 | $39.69 | -33.96 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -0.61 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.481 | $39.69 | -19.11 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.64 |
| 10/08/2010 | Contribution | Employee Voluntary | 3.038 | $40.80 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.025 | $41.19 | -1.04 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $41.19 | -0.58 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/10/2010 | Contribution | Employee Voluntary | 16.995 | $41.89 | $711.91 |
| 12/10/2010 | Contribution | Employee Voluntary | 4.080 | $41.32 | $168.58 |
| 12/27/2010 | Dividend | Employee Voluntary | 19.377 | $40.96 | $793.68 |
| 12/27/2010 | Dividend | WAP Bonus 5yr Cliff | 10.709 | $40.96 | $438.66 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.882 | $41.37 | -36.51 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.83 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.488 | $41.37 | -20.17 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.42 |

**AF Fundamntl Invs A**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/08/2010 | Contribution | Employee Voluntary | 4.066 | $33.68 | $136.95 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.003 | $32.13 | -0.10 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $32.13 | -0.08 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 02/10/2010 | Contribution | Employee Voluntary | 21.102 | $31.15 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 43.057 | $32.15 | $1,384.28 |
| 03/05/2010 | Dividend | Employee Voluntary | 0.714 | $33.25 | $23.72 |
| 03/05/2010 | Dividend | WAP Bonus 5yr Cliff | 0.667 | $33.25 | $22.18 |
| 03/10/2010 | Contribution | Employee Voluntary | 2.123 | $33.40 | $70.91 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.125 | $34.02 | -4.27 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.48 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.115 | $34.02 | -3.94 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.79 |
| 04/09/2010 | Contribution | Employee Voluntary | 4.822 | $34.73 | $167.47 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.004 | $34.80 | -0.11 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $34.80 | -0.09 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 05/10/2010 | Contribution | Employee Voluntary | 19.949 | $33.27 | $663.71 |
| 06/09/2010 | Dividend | Employee Voluntary | 0.888 | $30.42 | $27.02 |
| 06/09/2010 | Dividend | WAP Bonus 5yr Cliff | 0.731 | $30.42 | $22.24 |
| 06/10/2010 | Contribution | Employee Voluntary | 6.081 | $31.39 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.146 | $30.00 | -4.36 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -0.11 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.117 | $30.00 | -3.49 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.28 |
| 07/09/2010 | Contribution | Employee Voluntary | 3.220 | $31.54 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $31.66 | -0.16 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $31.66 | -0.12 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 413
CONFIDENTIAL

RBC-PAUL000004599

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 08/10/2010 | Contribution | Employee Voluntary | 20.680 | $32.82 | $678.71 |
| 09/10/2010 | Contribution | Employee Voluntary | 2.214 | $32.60 | $72.18 |
| 09/15/2010 | Dividend | Employee Voluntary | 0.941 | $32.91 | $30.97 |
| 09/15/2010 | Dividend | WAP Bonus 5yr Cliff | 0.678 | $32.91 | $22.32 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.162 | $33.50 | -5.43 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.42 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.117 | $33.50 | -3.91 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.70 |
| 10/08/2010 | Contribution | Employee Voluntary | 3.616 | $34.27 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $34.70 | -0.17 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $34.70 | -0.12 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/10/2010 | Contribution | Employee Voluntary | 19.931 | $35.72 | $711.92 |
| 12/10/2010 | Contribution | Employee Voluntary | 4.644 | $36.30 | $168.58 |
| 12/15/2010 | Dividend | Employee Voluntary | 1.673 | $36.04 | $60.29 |
| 12/15/2010 | Dividend | WAP Bonus 5yr Cliff | 1.087 | $36.04 | $39.17 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.181 | $36.70 | -6.63 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.96 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.117 | $36.70 | -4.30 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.09 |
| **AF Grth Fund Amer A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 4.876 | $28.09 | $136.96 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.017 | $26.73 | -0.49 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.012 | $26.73 | -0.31 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $26.73 | -0.16 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 02/10/2010 | Contribution | Employee Voluntary | 25.292 | $25.99 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 51.461 | $26.90 | $1,384.29 |
| 03/10/2010 | Contribution | Employee Voluntary | 2.531 | $28.02 | $70.91 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.672 | $28.47 | -19.19 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -1.18 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.450 | $28.47 | -12.87 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.19 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.210 | $28.47 | -5.98 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.51 |
| 04/09/2010 | Contribution | Employee Voluntary | 5.767 | $29.04 | $167.47 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.015 | $29.16 | -0.44 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.011 | $29.16 | -0.29 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $29.16 | -0.14 |
| 04/22/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 05/10/2010 | Contribution | Employee Voluntary | 23.789 | $27.90 | $663.70 |
| 06/10/2010 | Contribution | Employee Voluntary | 7.261 | $26.29 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.696 | $25.14 | -17.52 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -3.51 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.332 | $25.14 | -8.35 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -1.05 |
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -190.925 | $25.08 | -4,788.40 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -527.22 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -335.905 | $25.08 | -8,424.50 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -329.11 |
| 07/09/2010 | Contribution | Employee Voluntary | 3.866 | $26.27 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.024 | $26.40 | -0.60 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.09 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.011 | $26.40 | -0.29 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 414
CONFIDENTIAL

RBC-PAUL000004600

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/10/2010 | Contribution | Employee Voluntary | 25.017 | $27.13 | $678.71 |
| 09/10/2010 | Contribution | Employee Voluntary | 2.685 | $26.89 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.715 | $27.83 | -19.94 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -1.60 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.331 | $27.83 | -9.23 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.14 |
| 10/08/2010 | Contribution | Employee Voluntary | 4.359 | $28.43 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.021 | $28.89 | -0.61 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.010 | $28.89 | -0.28 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/10/2010 | Contribution | Employee Voluntary | 23.810 | $29.90 | $711.92 |
| 12/10/2010 | Contribution | Employee Voluntary | 5.573 | $30.25 | $168.58 |
| 12/21/2010 | Dividend | Employee Voluntary | 9.522 | $30.34 | $288.90 |
| 12/21/2010 | Dividend | WAP Bonus 5yr Cliff | 4.284 | $30.34 | $129.98 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.743 | $30.44 | -22.61 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.24 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.335 | $30.44 | -10.18 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.70 |
| **AMG Sys Lg Cp Val IS** | | | | | |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.008 | $8.38 | -0.06 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $8.38 | -0.05 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.289 | $9.07 | -2.61 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.12 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.210 | $9.07 | -1.90 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.32 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.006 | $9.50 | -0.06 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $9.50 | -0.05 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.288 | $7.84 | -2.26 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -0.22 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.210 | $7.84 | -1.64 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.010 | $8.17 | -0.08 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $8.17 | -0.05 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.288 | $8.79 | -2.53 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.208 | $8.79 | -1.83 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.26 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.008 | $9.02 | -0.08 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $9.02 | -0.05 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 12/28/2010 | Dividend | Employee Voluntary | 2.812 | $9.87 | $27.75 |
| 12/28/2010 | Dividend | WAP Bonus 5yr Cliff | 2.037 | $9.87 | $20.11 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.289 | $9.89 | -2.86 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.37 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.209 | $9.89 | -2.07 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.49 |
| **Artisan Intl Val Inv** | | | | | |
| 06/04/2010 | Exchange In | Employee Voluntary | 64.211 | $21.51 | $1,381.18 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.040 | $21.59 | -0.87 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $0.01 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 415
CONFIDENTIAL

RBC-PAUL000004601

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $22.91 | -0.03 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.040 | $24.74 | -0.99 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.13 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $25.78 | -0.03 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 12/16/2010 | Dividend | Employee Voluntary | 0.844 | $26.88 | $22.70 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.041 | $27.11 | -1.10 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.22 |
| **BlkRk Global Alloc A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 7.484 | $18.30 | $136.95 |
| 02/10/2010 | Contribution | Employee Voluntary | 37.930 | $17.33 | $657.32 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 78.474 | $17.64 | $1,384.28 |
| 03/10/2010 | Contribution | Employee Voluntary | 3.933 | $18.03 | $70.91 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.035 | $18.18 | -0.64 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.049 | $18.18 | -0.89 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 04/09/2010 | Contribution | Employee Voluntary | 9.062 | $18.48 | $167.47 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $18.41 | -0.01 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $18.41 | -0.02 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 05/10/2010 | Contribution | Employee Voluntary | 37.037 | $17.92 | $663.70 |
| 06/10/2010 | Contribution | Employee Voluntary | 11.021 | $17.32 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.071 | $17.06 | -1.21 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -0.05 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.049 | $17.06 | -0.84 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 07/09/2010 | Contribution | Employee Voluntary | 5.800 | $17.51 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $17.53 | -0.04 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $17.53 | -0.03 |
| 07/22/2010 | Dividend | Employee Voluntary | 0.376 | $17.61 | $6.63 |
| 07/22/2010 | Dividend | WAP Bonus 5yr Cliff | 0.247 | $17.61 | $4.35 |
| 08/10/2010 | Contribution | Employee Voluntary | 37.643 | $18.03 | $678.70 |
| 09/10/2010 | Contribution | Employee Voluntary | 3.999 | $18.05 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.101 | $18.52 | -1.87 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.07 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.049 | $18.52 | -0.91 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 10/08/2010 | Contribution | Employee Voluntary | 6.557 | $18.90 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.003 | $18.93 | -0.06 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $18.93 | -0.03 |
| 11/10/2010 | Contribution | Employee Voluntary | 36.696 | $19.40 | $711.91 |
| 12/10/2010 | Contribution | Employee Voluntary | 8.762 | $19.24 | $168.58 |
| 12/20/2010 | Dividend | Employee Voluntary | 1.874 | $19.10 | $35.80 |
| 12/20/2010 | Dividend | WAP Bonus 5yr Cliff | 0.690 | $19.10 | $13.18 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.135 | $19.42 | -2.61 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.16 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.049 | $19.42 | -0.96 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| **Blkrk Sm Cap Gr Eq I** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 3.391 | $20.19 | $68.47 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.004 | $19.21 | -0.06 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $19.21 | -0.05 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 02/10/2010 | Contribution | Employee Voluntary | 17.510 | $18.77 | $328.66 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 416
CONFIDENTIAL

RBC-PAUL000004602

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 35.385 | $19.56 | $692.14 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.675 | $21.16 | $35.45 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.134 | $21.62 | -2.91 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.48 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.118 | $21.62 | -2.56 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.58 |
| 04/09/2010 | Contribution | Employee Voluntary | 3.794 | $22.07 | $83.73 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $22.66 | -0.07 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $22.66 | -0.06 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 05/10/2010 | Contribution | Employee Voluntary | 15.810 | $20.99 | $331.85 |
| 06/10/2010 | Contribution | Employee Voluntary | 4.950 | $19.28 | $95.44 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.149 | $18.77 | -2.80 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $0.06 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.117 | $18.77 | -2.21 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.24 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.663 | $19.07 | $50.78 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $18.87 | -0.09 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $18.87 | -0.06 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/10/2010 | Contribution | Employee Voluntary | 17.675 | $19.20 | $339.36 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.869 | $19.31 | $36.09 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.163 | $20.42 | -3.33 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.32 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.118 | $20.42 | -2.41 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.43 |
| 10/08/2010 | Contribution | Employee Voluntary | 2.950 | $21.00 | $61.96 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $21.24 | -0.11 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.04 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $21.24 | -0.07 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/10/2010 | Contribution | Employee Voluntary | 15.991 | $22.26 | $355.96 |
| 12/10/2010 | Contribution | Employee Voluntary | 3.555 | $23.71 | $84.29 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.177 | $24.01 | -4.25 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.93 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.118 | $24.01 | -2.83 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.85 |
| | | | | | |
| **Eagle Mid Cap Stk I** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 2.885 | $23.74 | $68.48 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $22.49 | -0.06 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $22.49 | -0.05 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 02/10/2010 | Contribution | Employee Voluntary | 14.946 | $21.99 | $328.67 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 30.015 | $23.06 | $692.15 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.481 | $23.94 | $35.45 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.114 | $24.27 | -2.76 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.31 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.099 | $24.27 | -2.39 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.39 |
| 04/09/2010 | Contribution | Employee Voluntary | 3.375 | $24.81 | $83.73 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $25.25 | -0.07 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $25.25 | -0.06 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 05/10/2010 | Contribution | Employee Voluntary | 13.747 | $24.14 | $331.85 |
| 06/10/2010 | Contribution | Employee Voluntary | 4.160 | $22.94 | $95.44 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 417

CONFIDENTIAL

RBC-PAUL000004603

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.127 | $21.94 | -2.77 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.098 | $21.94 | -2.15 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.17 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.238 | $22.69 | $50.77 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $22.98 | -0.10 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $22.98 | -0.06 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 08/10/2010 | Contribution | Employee Voluntary | 14.422 | $23.53 | $339.36 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.538 | $23.46 | $36.09 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.138 | $24.40 | -3.37 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.36 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.098 | $24.40 | -2.39 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.41 |
| 10/08/2010 | Contribution | Employee Voluntary | 2.495 | $24.84 | $61.97 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $25.50 | -0.11 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $25.50 | -0.06 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/10/2010 | Contribution | Employee Voluntary | 13.407 | $26.55 | $355.96 |
| 12/10/2010 | Contribution | Employee Voluntary | 3.043 | $27.70 | $84.29 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.151 | $28.04 | -4.20 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.84 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.098 | $28.04 | -2.75 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.77 |
| | | | | | |
| **Invs Comstock Y** | | | | | |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.032 | $13.62 | -0.44 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.12 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.018 | $13.62 | -0.26 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.007 | $13.62 | -0.10 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 03/10/2010 | Dividend | Employee Voluntary | 7.796 | $14.23 | $110.93 |
| 03/10/2010 | Dividend | WAP Bonus 5yr Cliff | 4.651 | $14.23 | $66.19 |
| 03/10/2010 | Dividend | Pre-2005 Vested Contrib | 1.822 | $14.23 | $25.93 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -1.157 | $14.64 | -16.94 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $4.29 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.690 | $14.64 | -10.10 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.61 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.270 | $14.64 | -3.96 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $1.03 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.026 | $15.02 | -0.38 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.12 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $15.02 | -0.23 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $15.02 | -0.09 |
| 04/22/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 06/09/2010 | Dividend | Employee Voluntary | 8.598 | $13.12 | $112.81 |
| 06/09/2010 | Dividend | WAP Bonus 5yr Cliff | 5.130 | $13.12 | $67.30 |
| 06/09/2010 | Dividend | Pre-2005 Vested Contrib | 2.010 | $13.12 | $26.38 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -1.163 | $12.86 | -14.94 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $2.23 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.541 | $12.86 | -6.96 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.09 |
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -244.147 | $12.83 | -3,132.41 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $478.70 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -434.376 | $12.83 | -5,573.04 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $851.68 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 418

CONFIDENTIAL

RBC-PAUL000004604

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|------------|------------------|--------|--------|-------|--------------------|
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.038 | $13.58 | -0.50 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.11 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.017 | $13.58 | -0.23 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 09/16/2010 | Dividend | Employee Voluntary | 8.055 | $14.06 | $113.26 |
| 09/16/2010 | Dividend | WAP Bonus 5yr Cliff | 3.748 | $14.06 | $52.69 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -1.165 | $14.20 | -16.55 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $3.78 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.543 | $14.20 | -7.71 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.79 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.035 | $14.72 | -0.50 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.14 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $14.72 | -0.23 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 12/03/2010 | Dividend | Employee Voluntary | 7.629 | $15.22 | $116.10 |
| 12/03/2010 | Dividend | WAP Bonus 5yr Cliff | 3.548 | $15.22 | $54.01 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -1.170 | $15.73 | -18.39 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $5.56 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.544 | $15.73 | -8.56 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.63 |
| **Invs Sm Cap Disc Y** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 14.727 | $9.30 | $136.96 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.051 | $8.84 | -0.45 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.033 | $8.84 | -0.29 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.016 | $8.84 | -0.14 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.01 |
| 02/10/2010 | Contribution | Employee Voluntary | 76.080 | $8.64 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 152.790 | $9.06 | $1,384.28 |
| 03/10/2010 | Contribution | Employee Voluntary | 7.364 | $9.63 | $70.92 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -1.879 | $9.73 | -18.28 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $2.90 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -1.276 | $9.73 | -12.42 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.94 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.557 | $9.73 | -5.42 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.89 |
| 04/09/2010 | Contribution | Employee Voluntary | 16.782 | $9.98 | $167.48 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.043 | $10.33 | -0.43 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.12 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.029 | $10.33 | -0.29 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.013 | $10.33 | -0.13 |
| 04/22/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $0.03 |
| 05/10/2010 | Contribution | Employee Voluntary | 67.588 | $9.82 | $663.71 |
| 06/10/2010 | Contribution | Employee Voluntary | 20.547 | $9.29 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -1.943 | $8.91 | -17.31 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $1.31 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.975 | $8.91 | -8.70 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.67 |
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -477.033 | $8.84 | -4,216.97 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $333.91 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -891.405 | $8.84 | -7,880.02 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | $623.97 |
| 07/09/2010 | Contribution | Employee Voluntary | 11.074 | $9.17 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.062 | $9.18 | -0.58 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.09 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.033 | $9.18 | -0.30 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 419
CONFIDENTIAL

RBC-PAUL000004605

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/10/2010 | Contribution | Employee Voluntary | 72.666 | $9.34 | $678.70 |
| 09/10/2010 | Contribution | Employee Voluntary | 7.688 | $9.39 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -1.999 | $9.90 | -19.78 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $3.25 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.977 | $9.90 | -9.66 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.62 |
| 10/08/2010 | Contribution | Employee Voluntary | 12.331 | $10.05 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.059 | $10.22 | -0.59 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.13 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.030 | $10.22 | -0.30 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 11/10/2010 | Contribution | Employee Voluntary | 67.162 | $10.60 | $711.92 |
| 12/10/2010 | Contribution | Employee Voluntary | 15.133 | $11.14 | $168.58 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -2.056 | $11.24 | -23.11 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $5.98 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.977 | $11.24 | -10.98 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.94 |
| **RBC Share Account** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 2.553 | $53.64 | $136.95 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $50.37 | -0.13 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/03/2010 | Recordkeeping Fee | Employer 5 yr Cliff | -0.054 | $50.37 | -2.67 |
| 02/03/2010 | Realized G/L | Employer 5 yr Cliff | | | $0.71 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $50.37 | -0.19 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | 0.000 | $50.37 | $0.08 |
| 02/10/2010 | Contribution | Employee Voluntary | 12.769 | $51.48 | $657.33 |
| 02/24/2010 | Dividend | Employee Voluntary | 1.380 | $53.15 | $73.37 |
| 02/24/2010 | Dividend | Employer 5 yr Cliff | 27.235 | $53.15 | $1,447.54 |
| 02/24/2010 | Dividend | WAP Bonus 5yr Cliff | 1.377 | $53.15 | $73.20 |
| 02/26/2010 | Contribution | Employer 5 yr Cliff | 295.770 | $54.05 | $15,986.42 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 25.611 | $54.05 | $1,384.28 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.260 | $56.27 | $70.92 |
| 04/09/2010 | Contribution | Employee Voluntary | 2.837 | $59.04 | $167.48 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $61.69 | -0.15 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.08 |
| 04/22/2010 | Recordkeeping Fee | Employer 5 yr Cliff | -0.047 | $61.69 | -2.87 |
| 04/22/2010 | Realized G/L | Employer 5 yr Cliff | | | $1.10 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $61.69 | -0.11 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 05/10/2010 | Contribution | Employee Voluntary | 11.324 | $58.61 | $663.71 |
| 05/21/2010 | Dividend | Employee Voluntary | 1.466 | $55.84 | $81.82 |
| 05/21/2010 | Dividend | Employer 5 yr Cliff | 28.595 | $55.84 | $1,596.76 |
| 05/21/2010 | Dividend | WAP Bonus 5yr Cliff | 1.536 | $55.84 | $85.78 |
| 06/10/2010 | Contribution | Employee Voluntary | 3.720 | $51.32 | $190.89 |
| 07/01/2010 | Withdrawal | Employer 5 yr Cliff | -764.654 | $47.52 | -36,336.36 |
| 07/01/2010 | Realized G/L | Employer 5 yr Cliff | | | $12,002.86 |
| 07/09/2010 | Contribution | Employee Voluntary | 1.937 | $52.44 | $101.56 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.004 | $51.30 | -0.20 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.04 |
| 07/20/2010 | Recordkeeping Fee | Employer 5 yr Cliff | -0.054 | $51.30 | -2.75 |
| 07/20/2010 | Realized G/L | Employer 5 yr Cliff | | | $0.57 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $51.30 | -0.24 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 08/10/2010 | Contribution | Employee Voluntary | 13.141 | $51.65 | $678.71 |
| 08/24/2010 | Dividend | Employee Voluntary | 1.912 | $47.18 | $90.23 |
| 08/24/2010 | Dividend | Employer 5 yr Cliff | 26.370 | $47.18 | $1,244.14 |
| 08/24/2010 | Dividend | WAP Bonus 5yr Cliff | 1.827 | $47.18 | $86.20 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.398 | $51.63 | $72.19 |
| 10/08/2010 | Contribution | Employee Voluntary | 2.289 | $54.15 | $123.93 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 420
CONFIDENTIAL

RBC-PAUL000004606

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.004 | $54.30 | -0.21 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/22/2010 | Recordkeeping Fee | Employer 5 yr Cliff | -0.050 | $54.30 | -2.65 |
| 10/22/2010 | Realized G/L | Employer 5 yr Cliff | | | $0.63 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $54.30 | -0.15 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 11/10/2010 | Contribution | Employee Voluntary | 13.162 | $54.09 | $711.92 |
| 11/24/2010 | Dividend | Employee Voluntary | 1.912 | $54.31 | $103.87 |
| 11/24/2010 | Dividend | Employer 5 yr Cliff | 24.260 | $54.31 | $1,317.57 |
| 11/24/2010 | Dividend | WAP Bonus 5yr Cliff | 1.681 | $54.31 | $91.29 |
| 12/10/2010 | Contribution | Employee Voluntary | 3.227 | $52.25 | $168.59 |

**RBC SMID Cap Grth I**

| | | | | | |
|---|---|---|---|---|---|
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.023 | $9.62 | -0.23 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.03 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $9.62 | -0.15 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $9.62 | -0.06 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -0.01 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.864 | $10.61 | -9.16 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -1.23 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.556 | $10.61 | -5.89 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.84 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.242 | $10.61 | -2.57 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -0.42 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.018 | $11.27 | -0.21 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.015 | $11.27 | -0.15 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.005 | $11.27 | -0.06 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.861 | $9.98 | -8.61 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -1.73 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.414 | $9.98 | -4.14 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.53 |
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -226.830 | $9.93 | -2,252.42 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -552.65 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -387.488 | $9.93 | -3,847.76 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -943.96 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.029 | $10.35 | -0.29 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.04 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $10.35 | -0.13 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.862 | $11.43 | -9.86 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -0.50 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.414 | $11.43 | -4.73 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.026 | $11.78 | -0.31 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.011 | $11.78 | -0.14 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.863 | $13.01 | -11.22 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.85 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.414 | $13.01 | -5.38 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.71 |

**TRP Mid Cap Growth**

| | | | | | |
|---|---|---|---|---|---|
| 01/08/2010 | Contribution | Employee Voluntary | 2.793 | $49.04 | $136.95 |
| 02/10/2010 | Contribution | Employee Voluntary | 14.368 | $45.75 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 28.881 | $47.93 | $1,384.28 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.403 | $50.53 | $70.91 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 421
CONFIDENTIAL

RBC-PAUL000004607

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.014 | $51.46 | -0.69 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.018 | $51.46 | -0.93 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 04/09/2010 | Contribution | Employee Voluntary | 3.157 | $53.04 | $167.47 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | 0.000 | $54.35 | -0.02 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | 0.000 | $54.35 | -0.02 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 05/10/2010 | Contribution | Employee Voluntary | 12.734 | $52.12 | $663.71 |
| 06/10/2010 | Contribution | Employee Voluntary | 3.850 | $49.58 | $190.88 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.026 | $47.24 | -1.21 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -0.06 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.018 | $47.24 | -0.85 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.064 | $49.21 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $49.11 | -0.04 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $49.11 | -0.03 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 08/10/2010 | Contribution | Employee Voluntary | 13.395 | $50.67 | $678.71 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.425 | $50.67 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.036 | $53.45 | -1.94 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.16 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.018 | $53.45 | -0.96 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 10/08/2010 | Contribution | Employee Voluntary | 2.295 | $54.00 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.001 | $54.75 | -0.06 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.02 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $54.75 | -0.03 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 11/10/2010 | Contribution | Employee Voluntary | 12.396 | $57.43 | $711.92 |
| 12/10/2010 | Contribution | Employee Voluntary | 2.789 | $60.45 | $168.58 |
| 12/14/2010 | Dividend | Employee Voluntary | 2.950 | $58.07 | $171.28 |
| 12/14/2010 | Dividend | WAP Bonus 5yr Cliff | 1.126 | $58.07 | $65.43 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.049 | $58.53 | -2.87 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.35 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.019 | $58.53 | -1.10 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.18 |

**Vang Windsor II Adm**

| | | | | | |
|---|---|---|---|---|---|
| 01/08/2010 | Contribution | Employee Voluntary | 3.176 | $43.12 | $136.96 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $41.79 | -0.06 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $41.79 | -0.05 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 02/10/2010 | Contribution | Employee Voluntary | 16.190 | $40.60 | $657.33 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 32.912 | $42.06 | $1,384.29 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.632 | $43.46 | $70.92 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.069 | $44.53 | -3.09 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.27 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.065 | $44.53 | -2.89 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.40 |
| 04/09/2010 | Contribution | Employee Voluntary | 3.685 | $45.45 | $167.48 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $45.66 | -0.08 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.001 | $45.66 | -0.07 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 05/10/2010 | Contribution | Employee Voluntary | 15.247 | $43.53 | $663.71 |
| 06/10/2010 | Contribution | Employee Voluntary | 4.719 | $40.45 | $190.88 |
| 06/28/2010 | Dividend | Employee Voluntary | 1.531 | $39.56 | $60.56 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 422

CONFIDENTIAL

RBC-PAUL000004608

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/28/2010 | Dividend | WAP Bonus 5yr Cliff | 1.178 | $39.56 | $46.61 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.086 | $37.96 | -3.23 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -0.30 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.066 | $37.96 | -2.48 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.04 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.548 | $39.85 | $101.55 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.003 | $40.02 | -0.11 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $40.02 | -0.08 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 08/10/2010 | Contribution | Employee Voluntary | 16.449 | $41.26 | $678.70 |
| 09/10/2010 | Contribution | Employee Voluntary | 1.770 | $40.78 | $72.19 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.098 | $41.88 | -4.09 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.06 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.066 | $41.88 | -2.74 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.22 |
| 10/08/2010 | Contribution | Employee Voluntary | 2.899 | $42.75 | $123.93 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.003 | $43.27 | -0.12 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.01 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $43.27 | -0.08 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/10/2010 | Contribution | Employee Voluntary | 15.976 | $44.56 | $711.91 |
| 12/10/2010 | Contribution | Employee Voluntary | 3.727 | $45.23 | $168.58 |
| 12/28/2010 | Dividend | Employee Voluntary | 1.742 | $45.60 | $79.42 |
| 12/28/2010 | Dividend | WAP Bonus 5yr Cliff | 1.016 | $45.60 | $46.34 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.114 | $45.56 | -5.15 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.41 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.066 | $45.56 | -3.01 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.48 |
| | | | | | |
| **Virtus Contrn Val A** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 3.513 | $19.49 | $68.47 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.004 | $18.70 | -0.06 |
| 02/03/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $18.70 | -0.05 |
| 02/03/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 02/10/2010 | Contribution | Employee Voluntary | 17.970 | $18.29 | $328.67 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 35.788 | $19.34 | $692.14 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.747 | $20.29 | $35.45 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.139 | $20.47 | -2.84 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | $0.37 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.124 | $20.47 | -2.54 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.52 |
| 04/09/2010 | Contribution | Employee Voluntary | 3.955 | $21.17 | $83.73 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.002 | $21.77 | -0.07 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $21.77 | -0.06 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 05/10/2010 | Contribution | Employee Voluntary | 15.931 | $20.83 | $331.85 |
| 06/10/2010 | Contribution | Employee Voluntary | 4.837 | $19.73 | $95.44 |
| 06/22/2010 | Dividend | Employee Voluntary | 1.648 | $19.42 | $32.02 |
| 06/22/2010 | Dividend | WAP Bonus 5yr Cliff | 1.328 | $19.42 | $25.78 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.154 | $18.25 | -2.82 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | $0.04 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.125 | $18.25 | -2.28 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.24 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.668 | $19.03 | $50.77 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $19.17 | -0.10 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | $0.03 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $19.17 | -0.08 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/10/2010 | Contribution | Employee Voluntary | 17.502 | $19.39 | $339.36 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 423
CONFIDENTIAL

RBC-PAUL000004609

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/10/2010 | Contribution | Employee Voluntary | 1.879 | $19.21 | $36.10 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.169 | $19.78 | -3.34 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | $0.27 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.124 | $19.78 | -2.46 |
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.44 |
| 10/08/2010 | Contribution | Employee Voluntary | 3.021 | $20.51 | $61.97 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.005 | $20.86 | -0.11 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | $0.04 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $20.86 | -0.07 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/10/2010 | Contribution | Employee Voluntary | 16.791 | $21.20 | $355.96 |
| 12/10/2010 | Contribution | Employee Voluntary | 3.849 | $21.90 | $84.29 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.183 | $22.29 | -4.09 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.72 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.123 | $22.29 | -2.77 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.76 |
| **3rd Av Sm Cap Val IS** | | | | | |
| 01/08/2010 | Contribution | Employee Voluntary | 3.648 | $18.77 | $68.48 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.008 | $17.82 | -0.13 |
| 02/03/2010 | Realized G/L | Employee Voluntary | | | -0.03 |
| 02/03/2010 | Recordkeeping Fee | Employee Voluntary | -0.006 | $17.82 | -0.11 |
| 02/03/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.006 | $17.82 | -0.10 |
| 02/03/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -0.04 |
| 02/10/2010 | Contribution | Employee Voluntary | 19.009 | $17.29 | $328.66 |
| 02/26/2010 | Contribution | WAP Bonus 5yr Cliff | 38.775 | $17.85 | $692.14 |
| 03/10/2010 | Contribution | Employee Voluntary | 1.883 | $18.83 | $35.46 |
| 03/31/2010 | Trustee Fee | Employee Voluntary | -0.287 | $18.76 | -5.38 |
| 03/31/2010 | Realized G/L | Employee Voluntary | | | -0.68 |
| 03/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.239 | $18.76 | -4.47 |
| 03/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.31 |
| 03/31/2010 | Trustee Fee | Pre-2005 Vested Contrib | -0.196 | $18.76 | -3.67 |
| 03/31/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -1.08 |
| 04/09/2010 | Contribution | Employee Voluntary | 4.352 | $19.24 | $83.74 |
| 04/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.007 | $19.63 | -0.12 |
| 04/22/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 04/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $19.63 | -0.11 |
| 04/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 04/22/2010 | Recordkeeping Fee | Pre-2005 Vested Contrib | -0.004 | $19.63 | -0.08 |
| 04/22/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -0.01 |
| 05/10/2010 | Contribution | Employee Voluntary | 17.880 | $18.56 | $331.85 |
| 06/10/2010 | Contribution | Employee Voluntary | 5.501 | $17.35 | $95.44 |
| 06/30/2010 | Trustee Fee | Employee Voluntary | -0.304 | $16.82 | -5.10 |
| 06/30/2010 | Realized G/L | Employee Voluntary | | | -1.26 |
| 06/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.125 | $16.82 | -2.10 |
| 06/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 07/01/2010 | Withdrawal | WAP Bonus 5yr Cliff | -181.608 | $16.71 | -3,034.67 |
| 07/01/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | -1,367.25 |
| 07/01/2010 | Withdrawal | Pre-2005 Vested Contrib | -312.615 | $16.71 | -5,223.80 |
| 07/01/2010 | Realized G/L | Pre-2005 Vested Contrib | | | -2,353.48 |
| 07/09/2010 | Contribution | Employee Voluntary | 2.930 | $17.33 | $50.78 |
| 07/20/2010 | Recordkeeping Fee | Employee Voluntary | -0.010 | $17.36 | -0.17 |
| 07/20/2010 | Realized G/L | Employee Voluntary | | | -0.03 |
| 07/20/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $17.36 | -0.06 |
| 07/20/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/10/2010 | Contribution | Employee Voluntary | 18.656 | $18.19 | $339.35 |
| 09/10/2010 | Contribution | Employee Voluntary | 2.002 | $18.03 | $36.09 |
| 09/30/2010 | Trustee Fee | Employee Voluntary | -0.318 | $18.63 | -5.92 |
| 09/30/2010 | Realized G/L | Employee Voluntary | | | -0.70 |
| 09/30/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.125 | $18.63 | -2.32 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 424
CONFIDENTIAL

RBC-PAUL000004610

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2010 to 12/31/2010

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/30/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.30 |
| 10/08/2010 | Contribution | Employee Voluntary | 3.225 | $19.21 | $61.96 |
| 10/22/2010 | Recordkeeping Fee | Employee Voluntary | -0.010 | $19.51 | -0.18 |
| 10/22/2010 | Realized G/L | Employee Voluntary | | | -0.01 |
| 10/22/2010 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $19.51 | -0.06 |
| 10/22/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 11/10/2010 | Contribution | Employee Voluntary | 17.639 | $20.18 | $355.96 |
| 12/10/2010 | Contribution | Employee Voluntary | 4.035 | $20.89 | $84.29 |
| 12/21/2010 | Dividend | Employee Voluntary | 5.374 | $20.84 | $112.00 |
| 12/21/2010 | Dividend | WAP Bonus 5yr Cliff | 2.008 | $20.84 | $41.84 |
| 12/31/2010 | Trustee Fee | Employee Voluntary | -0.336 | $20.92 | -7.04 |
| 12/31/2010 | Realized G/L | Employee Voluntary | | | $0.05 |
| 12/31/2010 | Trustee Fee | WAP Bonus 5yr Cliff | -0.125 | $20.92 | -2.63 |
| 12/31/2010 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.60 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 425

CONFIDENTIAL

RBC-PAUL000004611

## Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned. Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account. You can calculate the market value by using the following formula: Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price. It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings. When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

### Some special information about other sections that may appear in your account statement.

**Asset Allocation**
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments. These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio. They represent ownership or equity in a company. Stocks have the potential to outperform other types of investments over the long term. However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio. They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments. Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio. They provide current income and seek to preserve the value of your investment. They also tend to provide the lowest returns over the long term. Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments. You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies. Some of its stocks have a greater influence on the direction of the market. The S&P 500 calculation takes this into account by giving greater weight to these stocks. The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and Far East, Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada. The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 426

CONFIDENTIAL

RBC-PAUL000004612



**RBC US Deferred
Compensation Plan**

# Retirement Savings Statement

January 1, 2012 - December 31, 2012

ENV#MG000011
MG 14022  T



If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---:|
| Beginning Balance | $457,659.21 |
| Employee Contributions | 20,558.84 |
| Employer Contributions | 53,091.00 |
| Forfeitures | -297,676.04 |
| Dividends and Interest | 13,783.99 |
| Withdrawal | -94,770.89 |
| Fees | -881.79 |
| Change in Market Value | 63,565.95 |
| **Ending Balance** | **$215,330.27** |

| Additional Information | |
|---|---:|
| Vested Balance | $215,330.27 |

| Inception to date contribution | |
|---|---:|
| Your Personal Rate of Return | 18.3% |
| Year to Date | 18.3% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings. It reflects the results of your investment selections as
well as any activity in the plan account(s) shown. There are other
Personal Rate of Return formulas used that may yield different
results. Remember that past performance is no guarantee of future
results.

## Your Asset Allocation



■ Stocks 100%

Your investments are currently allocated among the displayed
asset classes. Percentages and totals may not be exact due to
rounding.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | ABF<br>Sm Cap Val Inst | AF<br>EuroPac Growth R6 | AF<br>Fundamntl Invs A | AF<br>Grth Fund Amer R6 | AMG<br>Sys Lg Cp Val IS |
|---|---:|---:|---:|---:|---:|
| Beginning Balance | $11,909.33 | $31,478.94 | $18,809.87 | $38,302.46 | $7,242.49 |
| Employee Contributions | 1,027.94 | 2,055.88 | 2,055.88 | 2,055.88 | 0.00 |
| Employer Contributions | 1,225.20 | 2,450.40 | 2,450.40 | 2,450.40 | -3,524.00 |
| Forfeitures | -7,310.24 | -12,643.35 | -12,499.00 | -12,479.40 | 80.84 |
| Dividends and Interest | 338.17 | 397.22 | 335.98 | 285.23 | 0.00 |
| Withdrawal | 0.00 | -8,768.14 | 0.00 | -13,196.77 | 0.00 |
| Fees | -35.04 | -76.41 | -57.85 | -91.08 | -19.12 |
| Change in Market Value | 1,610.52 | 4,892.16 | 3,235.83 | 6,937.41 | 1,146.22 |
| **Ending Balance** | **$8,765.88** | **$19,786.70** | **$14,331.11** | **$24,264.13** | **$4,926.43** |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 427
CONFIDENTIAL

RBC-PAUL000004613

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Account Activity (continued)

| Activity | Artisan Intl Val Inv | BlkRk Global Alloc A | Blkrk Sm Cap Gr Eq I | Invs Comstock Y | Invs Sm Cap Disc Y |
|---|---|---|---|---|---|
| Beginning Balance | $20,342.03 | $30,305.30 | $12,195.15 | $30,624.70 | $41,414.72 |
| Employee Contributions | 2,055.88 | 2,055.89 | 1,027.94 | 0.00 | 2,055.87 |
| Employer Contributions | 2,450.40 | 2,450.40 | 1,225.20 | 0.00 | 2,450.40 |
| Forfeitures | -10,293.06 | -24,636.23 | -7,195.35 | -4,013.17 | -13,607.02 |
| Dividends and Interest | 199.64 | 253.22 | 898.28 | 461.58 | 2,464.77 |
| Withdrawal | -4,762.87 | -4,237.99 | 0.00 | -13,863.84 | -13,385.69 |
| Fees | -54.29 | -70.65 | -35.73 | -59.40 | -96.64 |
| Change in Market Value | 4,153.15 | 2,430.97 | 475.93 | 3,997.06 | 3,782.17 |
| Ending Balance | $14,090.88 | $8,550.91 | $8,591.42 | $17,146.93 | $25,078.58 |

| Activity | Jensen Qual Grth Is | RBC Share Account | RBC SMID Cap Grth I | TRP Mid Cap Growth | Vang Windsor II Adm |
|---|---|---|---|---|---|
| Beginning Balance | $20,196.24 | $105,729.00 | $19,799.12 | $31,674.91 | $13,379.50 |
| Employee Contributions | 2,055.89 | 0.00 | 0.00 | 2,055.90 | 0.00 |
| Employer Contributions | 2,450.40 | 28,587.00 | 0.00 | 2,450.40 | 0.00 |
| Forfeitures | -10,247.49 | -128,451.79 | -4,258.91 | -26,287.73 | -5,651.12 |
| Dividends and Interest | 299.80 | 5,611.77 | 1,246.65 | 554.59 | 292.86 |
| Withdrawal | -5,226.94 | -19,332.46 | -7,466.90 | -4,529.29 | 0.00 |
| Fees | -52.02 | -10.19 | -40.87 | -76.56 | -35.44 |
| Change in Market Value | 2,472.28 | 18,165.55 | 1,646.27 | 3,562.18 | 1,857.96 |
| Ending Balance | $11,948.16 | $10,298.88 | $10,925.36 | $9,404.40 | $9,843.76 |

| Activity | Virtus Contrn Val A | Total |
|---|---|---|
| Beginning Balance | $24,255.45 | $457,659.21 |
| Employee Contributions | 2,055.89 | 20,558.84 |
| Employer Contributions | 2,450.40 | 53,091.00 |
| Forfeitures | -14,578.18 | -297,676.04 |
| Dividends and Interest | 63.39 | 13,783.99 |
| Withdrawal | 0.00 | -94,770.89 |
| Fees | -70.50 | -881.79 |
| Change in Market Value | 3,200.29 | 63,565.95 |
| Ending Balance | $17,376.74 | $215,330.27 |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2011 | Shares on 12/31/2012 | Price on 12/31/2011 | Price on 12/31/2012 | Market Value on 12/31/2011 | Market Value on 12/31/2012 |
|---|---|---|---|---|---|---|
| Stock Investments | | | | | $457,659.21 | $215,330.27 |
| AF Fundamntl Invs A | 531.502 | 351.425 | $35.39 | $40.78 | 18,809.87 | 14,331.11 |
| AF Grth Fund Amer R6 | 1,333.651 | 706.585 | $28.72 | $34.34 | 38,302.46 | 24,264.13 |
| AMG Sys Lg Cp Val IS | 805.615 | 473.695 | $8.99 | $10.40 | 7,242.49 | 4,926.43 |
| BlkRk Global Alloc A | 1,668.795 | 433.177 | $18.16 | $19.74 | 30,305.30 | 8,550.91 |
| Blkrk Sm Cap Gr Eq I | 519.827 | 369.206 | $23.46 | $23.27 | 12,195.15 | 8,591.42 |
| Invs Comstock Y | 2,013.459 | 962.770 | $15.21 | $17.81 | 30,624.70 | 17,146.93 |
| Invs Sm Cap Disc Y | 4,225.992 | 2,432.452 | $9.80 | $10.31 | 41,414.72 | 25,078.58 |
| TRP Mid Cap Growth | 600.700 | 166.538 | $52.73 | $56.47 | 31,674.91 | 9,404.40 |
| Virtus Contrn Val A | 1,029.081 | 652.035 | $23.57 | $26.65 | 24,255.45 | 17,376.74 |
| RBC Share Account | 2,074.745 | 170.794 | $50.96 | $60.30 | 105,729.00 | 10,298.88 |
| Vang Windsor II Adm | 292.448 | 188.831 | $45.75 | $52.13 | 13,379.50 | 9,843.76 |
| Jensen Qual Grth Is | 761.548 | 401.349 | $26.52 | $29.77 | 20,196.24 | 11,948.16 |
| Artisan Intl Val Inv | 810.762 | 463.821 | $25.09 | $30.38 | 20,342.03 | 14,090.88 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 428

CONFIDENTIAL

RBC-PAUL000004614

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Market Value of Your Account (continued)

| Investment | Shares on 12/31/2011 | Shares on 12/31/2012 | Price on 12/31/2011 | Price on 12/31/2012 | Market Value on 12/31/2011 | Market Value on 12/31/2012 |
|---|---|---|---|---|---|---|
| AF EuroPac Growth R6 | 896.070 | 480.493 | $35.13 | $41.18 | 31,478.94 | 19,786.70 |
| ABF Sm Cap Val Inst | 626.477 | 411.544 | $19.01 | $21.30 | 11,909.33 | 8,765.88 |
| RBC SMID Cap Grth I | 1,495.401 | 795.150 | $13.24 | $13.74 | 19,799.12 | 10,925.08 |
| **Account Total** | | | | | **$457,659.21** | **$215,330.27** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.

This plan represents an unfunded, nonqualified plan, and no funded account has been established for you. In the event of a bankruptcy or insolvency, you would be an unsecured general creditor of the plan sponsor. For more information, refer to the plan documents.
Please check your account information frequently and promptly review correspondence, account statements, and confirmations as they are made available to you. Contact Fidelity immediately if you see or suspect unauthorized activity, errors, discrepancies, or if you have not received your account documents or information.

Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Market Value by Plan Year
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2012 | Effective Date |
|---|---|---|---|---|---|
| **2007** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| 2007 Employee Voluntary | | | | 48,745.41 | |
| **2007 Total** | | | | **48,745.41** | |
| **2008** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| 2008 Employee Voluntary | | | | 45,964.84 | |
| **2008 Total** | | | | **45,964.84** | |
| **2009** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |
| 2009 Employee Voluntary | | | | 51,203.51 | |
| **2009 Total** | | | | **51,203.51** | |
| **2010** | | | | | |
| | Employee Voluntary | Election Unknown | | | Unknown |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 429

CONFIDENTIAL

RBC-PAUL000004615

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Market Value by Plan Year (continued)
This section displays the Market Value of your account by Year of Deferral.

| Plan Year | Contribution Source | Distribution Election | Distribution Type | Market Value on 12/31/2012 | Effective Date |
|---|---|---|---|---|---|
| 2010 Employee Voluntary | | | | 47,362.79 | |
| 2010 Total | | | | 47,362.79 | |
| 2012 | Employee Voluntary | Election Unknown | | | Unknown |
| 2012 Employee Voluntary | | | | 22,053.72 | |
| 2012 Total | | | | 22,053.72 | |
| Total Market Value | | | | 215,330.27 | |

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Market Value of Distributions
This section displays the current Market Value of your account by distribution election.

| Distribution Year: | Funds: | Shares On: 12/31/2012 | Price On: 12/31/2012 | Market Value: 12/31/2012 | Total Market Value: 12/31/2012 |
|---|---|---|---|---|---|
| Other Account Holdings | | | | | |
| | TRP Mid Cap Growth | 166.538 | 56.47 | 9,404.40 | |
| | AF Fundamntl Invs A | 351.425 | 40.78 | 14,331.11 | |
| | BlkRk Global Alloc A | 433.177 | 19.74 | 8,550.91 | |
| | Artisan Intl Val Inv | 463.821 | 30.38 | 14,090.88 | |
| | Jensen Qual Grth Is | 401.349 | 29.77 | 11,948.16 | |
| | AMG Sys Lg Cp Val IS | 473.695 | 10.40 | 4,926.43 | |
| | Invs Comstock Y | 962.770 | 17.81 | 17,146.93 | |
| | Invs Sm Cap Disc Y | 2,432.452 | 10.31 | 25,078.58 | |
| | Blkrk Sm Cap Gr Eq I | 369.206 | 23.27 | 8,591.42 | |
| | Vang Windsor II Adm | 188.831 | 52.13 | 9,843.76 | |
| | RBC SMID Cap Grth I | 795.150 | 13.74 | 10,925.36 | |
| | ABF Sm Cap Val Inst | 411.544 | 21.30 | 8,765.88 | |
| | Virtus Contrn Val A | 652.035 | 26.65 | 17,376.74 | |
| | AF EuroPac Growth R6 | 480.493 | 41.18 | 19,786.70 | |
| | AF Grth Fund Amer R6 | 706.585 | 34.34 | 24,264.13 | |
| | RBC Share Account | 170.794 | 60.30 | 10,298.88 | |
| | | | | | 215,330.27 |
| Total Market Value | | | | | 215,330.27 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 430

CONFIDENTIAL

RBC-PAUL000004616

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Contribution Elections as of 08/10/2016
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2015 Voluntary Election | 3 Year Grad |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 5% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 10% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 10% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 10% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 10% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 10% | 10% | 10% | 10% |
| TRP Grth Stk Trust B | 10% | 10% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 25% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 10% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 0% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 0% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 0% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 0% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 0% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 0% | 10% | 10% | 10% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| TRP Grth Stk Trust B | 10% | 0% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 0% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 0% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| ABF Sm Cap Val Inst | 0% | 5% | 5% |
| AF EuroPac Growth R6 | 0% | 10% | 10% |
| AF Fundmntl Inv R6 | 0% | 10% | 10% |
| Artisan Intl Val Inv | 0% | 10% | 10% |
| BlkRk Global Alloc I | 0% | 10% | 10% |
| Jensen Qual Grth Is | 0% | 10% | 10% |
| RBC Share Account | 100% | 0% | 0% |
| TRP Grth Stk Trust B | 0% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 0% | 25% | 25% |
| Virtus Contrn Val I | 0% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** |

| Contributions | Employee Voluntary | Employer 5 yr Cliff | WAP Bonus 5yr Cliff |
|---|---|---|---|
| This Period | $20,558.84 | $28,587.00 | $24,504.00 |
| Year to Date | $20,558.84 | $28,587.00 | $24,504.00 |
| **Total Account Balances** | **215,330.27** | **0.00** | **0.00** |

## Your Transaction Detail
This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **ABF Sm Cap Val Inst** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 63.318 | $19.35 | $1,225.20 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.066 | $19.74 | $21.05 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.006 | $21.24 | -0.12 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $21.24 | -0.13 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 431
CONFIDENTIAL

RBC-PAUL000004617

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 02/10/2012 | Contribution | Employee Voluntary | 14.921 | $21.01 | $313.50 |
| 03/09/2012 | Contribution | Employee Voluntary | 2.083 | $21.16 | $44.07 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.227 | $21.39 | -4.87 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $1.09 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.214 | $21.39 | -4.59 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.97 |
| 04/10/2012 | Contribution | Employee Voluntary | 1.923 | $20.27 | $38.98 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.006 | $20.68 | -0.13 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $20.68 | -0.12 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 05/10/2012 | Contribution | Employee Voluntary | 17.961 | $20.25 | $363.72 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.032 | $19.48 | $20.10 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.239 | $20.16 | -4.85 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.83 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.214 | $20.16 | -4.32 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.70 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.009 | $20.00 | $20.17 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $20.04 | -0.17 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $20.04 | -0.15 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 08/10/2012 | Contribution | Employee Voluntary | 17.043 | $20.57 | $350.58 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $0.21 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -7.662 | $20.57 | -157.61 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.624 | $21.45 | $13.38 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.246 | $21.25 | -5.25 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.08 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.214 | $21.25 | -4.55 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.93 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $21.13 | -0.16 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $21.13 | -0.15 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -342.400 | $21.35 | -7,310.24 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,510.53 |
| 12/20/2012 | Dividend | Employee Voluntary | 15.810 | $21.39 | $338.17 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.257 | $21.30 | -5.48 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.10 |
| | | | | | |
| **AF EuroPac Growth R6** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 68.086 | $35.99 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.178 | $35.73 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $38.63 | -0.38 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | -0.02 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $38.63 | -0.26 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 02/10/2012 | Contribution | Employee Voluntary | 16.354 | $38.34 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 2.246 | $39.23 | $88.13 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.374 | $39.48 | -14.79 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | -0.62 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.241 | $39.48 | -9.50 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.24 |
| 04/10/2012 | Contribution | Employee Voluntary | 2.058 | $37.89 | $77.96 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $39.02 | -0.38 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | -0.02 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $39.02 | -0.23 |
| 05/10/2012 | Contribution | Employee Voluntary | 19.332 | $37.63 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.130 | $35.58 | $40.20 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 432

CONFIDENTIAL

RBC-PAUL000004618

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.287 | $37.06 | -10.65 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | -1.11 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.194 | $37.06 | -7.18 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.62 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -161.560 | $37.10 | -5,993.88 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | -680.28 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -74.778 | $37.10 | -2,774.26 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -314.89 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.107 | $36.44 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $37.76 | -0.38 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | -0.01 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $37.76 | -0.26 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.05 |
| 08/10/2012 | Contribution | Employee Voluntary | 18.212 | $38.50 | $701.16 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $5.25 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -8.188 | $38.50 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.685 | $39.09 | $26.76 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.295 | $39.78 | -11.72 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | -0.36 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.193 | $39.78 | -7.69 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.07 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $40.13 | -0.37 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $40.13 | -0.25 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -309.204 | $40.89 | -12,643.35 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $205.43 |
| 12/26/2012 | Dividend | Employee Voluntary | 9.712 | $40.90 | $397.22 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.299 | $41.18 | -12.37 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.12 |
| **AF Fundamntl Invs A** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 67.935 | $36.07 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.154 | $36.47 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.005 | $38.18 | -0.20 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $38.18 | -0.19 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 02/10/2012 | Contribution | Employee Voluntary | 16.535 | $37.92 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 2.274 | $38.76 | $88.13 |
| 03/16/2012 | Dividend | Employee Voluntary | 0.992 | $39.41 | $39.10 |
| 03/16/2012 | Dividend | WAP Bonus 5yr Cliff | 0.972 | $39.41 | $38.33 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.195 | $39.36 | -7.71 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $1.50 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.192 | $39.36 | -7.57 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.56 |
| 04/10/2012 | Contribution | Employee Voluntary | 2.059 | $37.86 | $77.95 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.005 | $38.65 | -0.20 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $38.65 | -0.19 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 05/10/2012 | Contribution | Employee Voluntary | 19.179 | $37.93 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.091 | $36.85 | $40.20 |
| 06/13/2012 | Dividend | Employee Voluntary | 1.154 | $36.39 | $41.99 |
| 06/13/2012 | Dividend | WAP Bonus 5yr Cliff | 1.056 | $36.39 | $38.42 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.209 | $37.81 | -7.96 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $1.23 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.193 | $37.81 | -7.28 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.26 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.085 | $37.19 | $40.35 |

0011  MG000011    0001   20160810  MG4K
Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 433

CONFIDENTIAL

RBC-PAUL000004619

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $38.40 | -0.29 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.05 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $38.40 | -0.26 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 08/10/2012 | Contribution | Employee Voluntary | 17.887 | $39.20 | $701.16 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $10.62 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -8.042 | $39.20 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.669 | $39.99 | $26.77 |
| 09/12/2012 | Dividend Adj | Employee Voluntary | -0.023 | $40.08 | -0.92 |
| 09/12/2012 | Dividend | Employee Voluntary | 1.109 | $40.08 | $44.47 |
| 09/12/2012 | Dividend | WAP Bonus 5yr Cliff | 0.962 | $40.08 | $38.53 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.220 | $40.12 | -8.76 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.61 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.193 | $40.12 | -7.75 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.72 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.006 | $40.23 | -0.28 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.11 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $40.23 | -0.25 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.09 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -308.999 | $40.45 | -12,499.00 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2,821.41 |
| 12/19/2012 | Dividend | Employee Voluntary | 2.345 | $40.97 | $96.06 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.220 | $40.78 | -8.96 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.80 |
| | | | | | |
| **AF Grth Fund Amer R6** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 83.631 | $29.30 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.416 | $29.73 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.015 | $31.63 | -0.48 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.010 | $31.63 | -0.28 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.01 |
| 02/10/2012 | Contribution | Employee Voluntary | 19.861 | $31.57 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 2.735 | $32.22 | $88.13 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.578 | $32.94 | -19.00 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $1.19 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.323 | $32.94 | -10.65 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.74 |
| 04/10/2012 | Contribution | Employee Voluntary | 2.453 | $31.78 | $77.95 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.013 | $32.27 | -0.47 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.08 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $32.27 | -0.27 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 05/10/2012 | Contribution | Employee Voluntary | 22.919 | $31.74 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.303 | $30.86 | $40.20 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.429 | $31.59 | -13.54 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.30 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.228 | $31.59 | -7.20 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.22 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -263.364 | $31.69 | -8,346.01 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | $236.41 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -153.069 | $31.69 | -4,850.76 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $137.44 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.296 | $31.13 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.015 | $31.86 | -0.48 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $31.86 | -0.26 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 08/10/2012 | Contribution | Employee Voluntary | 21.443 | $32.70 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $10.51 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 434
CONFIDENTIAL

RBC-PAUL000004620

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 08/10/2012 | Contrib Adj | Employee Voluntary | -9.640 | $32.70 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.798 | $33.54 | $26.76 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.437 | $33.94 | -14.84 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.33 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.229 | $33.94 | -7.74 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.73 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.014 | $33.78 | -0.46 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $33.78 | -0.24 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -364.362 | $34.25 | -12,479.40 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,314.50 |
| 12/19/2012 | Dividend | Employee Voluntary | 8.270 | $34.49 | $285.23 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.442 | $34.34 | -15.17 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.50 |

**AMG Sys Lg Cp Val IS**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $9.94 | -0.08 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $9.94 | -0.06 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.292 | $10.34 | -3.02 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $0.50 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.212 | $10.34 | -2.19 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.59 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $10.06 | -0.08 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $10.06 | -0.05 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.291 | $9.78 | -2.85 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.34 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.211 | $9.78 | -2.06 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.46 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $9.90 | -0.10 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $9.90 | -0.07 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.292 | $10.56 | -3.08 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $0.56 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.211 | $10.56 | -2.23 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.63 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $10.62 | -0.10 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $10.62 | -0.07 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -337.872 | $10.43 | -3,524.00 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $958.16 |
| 12/26/2012 | Dividend | Employee Voluntary | 7.818 | $10.34 | $80.84 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.296 | $10.40 | -3.08 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.52 |

**Artisan Intl Val Inv**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 95.607 | $25.63 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.658 | $25.38 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $27.08 | -0.24 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $27.08 | -0.20 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 02/10/2012 | Contribution | Employee Voluntary | 23.457 | $26.73 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 3.192 | $27.61 | $88.13 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 435
CONFIDENTIAL

RBC-PAUL000004621

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.333 | $27.92 | -9.29 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $0.35 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.251 | $27.92 | -7.01 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.17 |
| 04/10/2012 | Contribution | Employee Voluntary | 2.930 | $26.60 | $77.95 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $27.25 | -0.24 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $27.25 | -0.18 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.08 |
| 05/10/2012 | Contribution | Employee Voluntary | 27.327 | $26.62 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.579 | $25.46 | $40.20 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.275 | $26.47 | -7.30 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | -0.02 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.216 | $26.47 | -5.71 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.16 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -122.493 | $26.58 | -3,255.86 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | -129.66 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -56.697 | $26.58 | -1,507.01 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -60.04 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.554 | $25.97 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $26.82 | -0.26 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $26.82 | -0.20 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 08/10/2012 | Contribution | Employee Voluntary | 25.414 | $27.59 | $701.16 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $10.92 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -11.426 | $27.59 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.931 | $28.74 | $26.77 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.286 | $28.72 | -8.21 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $0.59 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.216 | $28.72 | -6.19 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.32 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $29.01 | -0.26 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.08 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $29.01 | -0.19 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -344.595 | $29.87 | -10,293.06 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $938.73 |
| 12/19/2012 | Dividend | Employee Voluntary | 6.546 | $30.50 | $199.64 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.290 | $30.38 | -8.81 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.06 |
| **BlkRk Global Alloc A** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 132.597 | $18.48 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 2.266 | $18.58 | $42.10 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.006 | $19.39 | -0.11 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/07/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.019 | $19.39 | -0.37 |
| 02/07/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.01 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $19.39 | -0.12 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 02/10/2012 | Contribution | Employee Voluntary | 32.555 | $19.26 | $627.00 |
| 03/09/2012 | Contribution | Employee Voluntary | 4.508 | $19.55 | $88.14 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.225 | $19.63 | -4.43 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $0.20 |
| 03/30/2012 | Trustee Fee | Employer 5 yr Cliff | -0.681 | $19.63 | -13.36 |
| 03/30/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.26 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.245 | $19.63 | -4.80 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.15 |
| 04/10/2012 | Contribution | Employee Voluntary | 4.080 | $19.11 | $77.96 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 436
CONFIDENTIAL

RBC-PAUL000004622

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $19.26 | -0.11 |
| 04/20/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.018 | $19.26 | -0.34 |
| 04/20/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.02 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $19.26 | -0.12 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 05/10/2012 | Contribution | Employee Voluntary | 38.489 | $18.90 | $727.44 |
| 06/08/2012 | Contribution | Employee Voluntary | 2.185 | $18.40 | $40.20 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.254 | $18.79 | -4.76 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | -0.02 |
| 06/29/2012 | Trustee Fee | Employer 5 yr Cliff | -0.540 | $18.79 | -10.14 |
| 06/29/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.66 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.245 | $18.79 | -4.60 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.05 |
| 07/02/2012 | Withdrawal | Employer 5 yr Cliff | -224.827 | $18.85 | -4,237.99 |
| 07/02/2012 | Realized G/L | Employer 5 yr Cliff | | | -262.91 |
| 07/10/2012 | Contribution | Employee Voluntary | 2.162 | $18.66 | $40.35 |
| 07/19/2012 | Dividend | Employee Voluntary | 2.696 | $18.84 | $50.78 |
| 07/19/2012 | Dividend | Employer 5 yr Cliff | 5.712 | $18.84 | $107.63 |
| 07/19/2012 | Dividend | WAP Bonus 5yr Cliff | 2.585 | $18.84 | $48.69 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $18.85 | -0.17 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 07/31/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.018 | $18.85 | -0.35 |
| 07/31/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.01 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.009 | $18.85 | -0.16 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 08/10/2012 | Contribution | Employee Voluntary | 36.557 | $19.18 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $2.12 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -16.435 | $19.18 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 1.380 | $19.39 | $26.76 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.269 | $19.57 | -5.28 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $0.21 |
| 09/28/2012 | Trustee Fee | Employer 5 yr Cliff | -0.543 | $19.57 | -10.62 |
| 09/28/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.24 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.245 | $19.57 | -4.80 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.15 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $19.59 | -0.17 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 10/19/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.018 | $19.59 | -0.33 |
| 10/19/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.03 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.009 | $19.59 | -0.16 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 11/30/2012 | Forfeited Amount | Employer 5 yr Cliff | -868.068 | $19.54 | -16,962.05 |
| 11/30/2012 | Realized G/L | Employer 5 yr Cliff | | | -409.44 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -392.742 | $19.54 | -7,674.18 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $210.58 |
| 12/19/2012 | Dividend | Employee Voluntary | 2.338 | $19.72 | $46.12 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.271 | $19.74 | -5.35 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.24 |

**Blkrk Sm Cap Gr Eq I**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 51.566 | $23.76 | $1,225.20 |
| 01/10/2012 | Contribution | Employee Voluntary | 0.863 | $24.38 | $21.05 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.004 | $26.73 | -0.13 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $26.73 | -0.13 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 02/10/2012 | Contribution | Employee Voluntary | 11.938 | $26.26 | $313.50 |
| 03/09/2012 | Contribution | Employee Voluntary | 1.667 | $26.43 | $44.07 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.190 | $27.12 | -5.16 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $1.50 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 437
CONFIDENTIAL

RBC-PAUL000004623

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.176 | $27.12 | -4.77 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.37 |
| 04/10/2012 | Contribution | Employee Voluntary | 1.546 | $25.20 | $38.97 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.006 | $25.40 | -0.13 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $25.40 | -0.12 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 05/10/2012 | Contribution | Employee Voluntary | 14.943 | $24.34 | $363.72 |
| 06/08/2012 | Contribution | Employee Voluntary | 0.871 | $23.07 | $20.10 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.200 | $24.12 | -4.84 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.94 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.176 | $24.12 | -4.25 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.85 |
| 07/10/2012 | Contribution | Employee Voluntary | 0.854 | $23.62 | $20.18 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $23.83 | -0.17 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $23.83 | -0.15 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 08/10/2012 | Contribution | Employee Voluntary | 14.205 | $24.68 | $350.58 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | -2.93 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -6.386 | $24.68 | -157.61 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.514 | $26.02 | $13.38 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.205 | $26.68 | -5.49 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.47 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.176 | $26.68 | -4.70 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.30 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $25.82 | -0.17 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $25.82 | -0.15 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -281.288 | $25.58 | -7,195.35 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,764.91 |
| 12/06/2012 | Dividend | Employee Voluntary | 39.485 | $22.75 | $898.28 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.230 | $23.27 | -5.37 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.77 |
| **Invs Comstock Y** | | | | | |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.024 | $16.50 | -0.41 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.16 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.010 | $16.50 | -0.17 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 03/15/2012 | Dividend | Employee Voluntary | 5.932 | $17.08 | $101.32 |
| 03/15/2012 | Dividend | WAP Bonus 5yr Cliff | 2.366 | $17.08 | $40.42 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.903 | $17.10 | -15.45 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $5.44 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.361 | $17.10 | -6.16 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.18 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.023 | $16.75 | -0.39 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.15 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $16.75 | -0.15 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 06/14/2012 | Dividend | Employee Voluntary | 6.809 | $15.95 | $108.61 |
| 06/14/2012 | Dividend | WAP Bonus 5yr Cliff | 2.716 | $15.95 | $43.32 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.598 | $16.39 | -9.79 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $3.11 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.144 | $16.39 | -2.36 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.77 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -495.030 | $16.43 | -8,133.34 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | $2,677.52 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -348.783 | $16.43 | -5,730.50 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 438
CONFIDENTIAL

RBC-PAUL000004624

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,886.50 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.021 | $16.47 | -0.34 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.12 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $16.47 | -0.08 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 09/20/2012 | Dividend | Employee Voluntary | 4.123 | $17.66 | $72.81 |
| 09/20/2012 | Dividend | WAP Bonus 5yr Cliff | 0.992 | $17.66 | $17.52 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.600 | $17.42 | -10.45 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $3.74 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.144 | $17.42 | -2.51 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.92 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.019 | $17.81 | -0.34 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.14 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $17.81 | -0.08 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -230.775 | $17.39 | -4,013.17 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,463.20 |
| 12/07/2012 | Dividend | Employee Voluntary | 4.428 | $17.52 | $77.58 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.602 | $17.81 | -10.72 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $3.97 |
| **Invs Sm Cap Disc Y** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 247.765 | $9.89 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 4.163 | $10.11 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.048 | $11.00 | -0.52 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.14 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.030 | $11.00 | -0.32 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.09 |
| 02/10/2012 | Contribution | Employee Voluntary | 57.471 | $10.91 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 7.954 | $11.08 | $88.13 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -1.796 | $11.18 | -20.08 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $4.64 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -1.044 | $11.18 | -11.66 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.27 |
| 04/10/2012 | Contribution | Employee Voluntary | 7.355 | $10.60 | $77.96 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.047 | $10.96 | -0.51 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.14 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.027 | $10.96 | -0.29 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.09 |
| 05/10/2012 | Contribution | Employee Voluntary | 68.113 | $10.68 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 3.910 | $10.28 | $40.19 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -1.344 | $10.50 | -14.11 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $2.32 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.754 | $10.50 | -7.92 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.94 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -801.454 | $10.60 | -8,495.41 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | $1,830.07 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -461.347 | $10.60 | -4,890.28 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,053.39 |
| 07/10/2012 | Contribution | Employee Voluntary | 3.883 | $10.39 | $40.34 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.045 | $10.55 | -0.48 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.11 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.027 | $10.55 | -0.28 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |
| 08/10/2012 | Contribution | Employee Voluntary | 64.328 | $10.90 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $4.33 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -28.920 | $10.90 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 2.337 | $11.45 | $26.76 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -1.370 | $11.32 | -15.50 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $3.42 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 439

CONFIDENTIAL

RBC-PAUL000004625

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.755 | $11.32 | -8.54 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.55 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.044 | $11.18 | -0.49 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.12 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.024 | $11.18 | -0.26 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -1,205.228 | $11.29 | -13,607.02 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2,446.02 |
| 12/07/2012 | Dividend | Employee Voluntary | 245.007 | $10.06 | $2,464.77 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -1.522 | $10.31 | -15.68 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $2.07 |
| **Jensen Qual Grth Is** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 91.365 | $26.82 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.551 | $27.13 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $28.20 | -0.22 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $28.20 | -0.20 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 02/10/2012 | Contribution | Employee Voluntary | 22.314 | $28.10 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 3.069 | $28.72 | $88.13 |
| 03/21/2012 | Dividend | Employee Voluntary | 1.632 | $29.09 | $47.47 |
| 03/21/2012 | Dividend | WAP Bonus 5yr Cliff | 1.383 | $29.09 | $40.21 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.299 | $29.38 | -8.78 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $0.65 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.252 | $29.38 | -7.43 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.57 |
| 04/10/2012 | Contribution | Employee Voluntary | 2.756 | $28.29 | $77.96 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.008 | $28.90 | -0.23 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $28.90 | -0.20 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.10 |
| 05/10/2012 | Contribution | Employee Voluntary | 25.805 | $28.19 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.450 | $27.73 | $40.20 |
| 06/20/2012 | Dividend | Employee Voluntary | 1.771 | $28.14 | $49.85 |
| 06/20/2012 | Dividend | WAP Bonus 5yr Cliff | 1.412 | $28.14 | $39.72 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.240 | $28.30 | -6.78 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.23 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.218 | $28.30 | -6.15 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.21 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -126.167 | $28.32 | -3,573.05 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | $148.32 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -58.400 | $28.32 | -1,653.89 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $68.65 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.450 | $27.82 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $28.13 | -0.23 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.07 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $28.13 | -0.22 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 08/10/2012 | Contribution | Employee Voluntary | 24.304 | $28.85 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $7.73 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -10.927 | $28.85 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.915 | $29.24 | $26.76 |
| 09/18/2012 | Dividend | Employee Voluntary | 1.212 | $29.63 | $35.91 |
| 09/18/2012 | Dividend | WAP Bonus 5yr Cliff | 1.055 | $29.63 | $31.28 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.251 | $29.24 | -7.32 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $0.44 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.218 | $29.24 | -6.36 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.42 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.007 | $29.04 | -0.23 |

0011   MG000011     0001   20160810   MG4K
Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 440

CONFIDENTIAL

RBC-PAUL000004626

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.07 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.007 | $29.04 | -0.20 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -348.199 | $29.43 | -10,247.49 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $752.09 |
| 12/20/2012 | Dividend | Employee Voluntary | 1.834 | $30.19 | $55.36 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.251 | $29.77 | -7.47 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.59 |
| **RBC Share Account** | | | | | |
| 01/03/2012 | Contribution | Employer 5 yr Cliff | 549.011 | $52.07 | $28,587.00 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $53.85 | -0.16 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 02/07/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.040 | $53.85 | -2.15 |
| 02/07/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.37 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $53.85 | -0.13 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | 0.000 | $53.85 | $0.04 |
| 02/24/2012 | Dividend | Employee Voluntary | 1.620 | $54.64 | $88.49 |
| 02/24/2012 | Dividend | Employer 5 yr Cliff | 22.994 | $54.64 | $1,256.43 |
| 02/24/2012 | Dividend | WAP Bonus 5yr Cliff | 1.322 | $54.64 | $72.19 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $57.62 | -0.16 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.038 | $57.62 | -2.20 |
| 04/20/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.50 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $57.62 | -0.14 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 05/24/2012 | Dividend | Employee Voluntary | 1.832 | $50.01 | $91.62 |
| 05/24/2012 | Dividend | Employer 5 yr Cliff | 26.013 | $50.01 | $1,300.91 |
| 05/24/2012 | Dividend | WAP Bonus 5yr Cliff | 1.494 | $50.01 | $74.75 |
| 07/02/2012 | Withdrawal | Employer 5 yr Cliff | -374.878 | $51.57 | -19,332.46 |
| 07/02/2012 | Realized G/L | Employer 5 yr Cliff | | | $1,843.02 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $51.13 | -0.19 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.07 |
| 07/31/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.044 | $51.13 | -2.21 |
| 07/31/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.25 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $51.13 | -0.11 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 08/24/2012 | Dividend | Employee Voluntary | 1.769 | $54.22 | $95.93 |
| 08/24/2012 | Dividend | Employer 5 yr Cliff | 21.156 | $54.22 | $1,147.05 |
| 08/24/2012 | Dividend | WAP Bonus 5yr Cliff | 1.443 | $54.22 | $78.26 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $58.91 | -0.20 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.07 |
| 10/19/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.040 | $58.91 | -2.35 |
| 10/19/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.56 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.004 | $58.91 | -0.19 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 11/23/2012 | Dividend | Employee Voluntary | 1.746 | $58.48 | $102.10 |
| 11/23/2012 | Dividend | Employer 5 yr Cliff | 20.875 | $58.48 | $1,220.76 |
| 11/23/2012 | Dividend | WAP Bonus 5yr Cliff | 1.424 | $58.48 | $83.28 |
| 11/30/2012 | Forfeited Amount | Employer 5 yr Cliff | -2,042.255 | $58.88 | -120,247.98 |
| 11/30/2012 | Realized G/L | Employer 5 yr Cliff | | | $27,316.13 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -139.331 | $58.88 | -8,203.81 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2,788.49 |
| **RBC SMID Cap Grth I** | | | | | |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.017 | $14.74 | -0.26 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.07 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $14.74 | -0.12 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.641 | $15.18 | -9.72 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 441
CONFIDENTIAL

RBC-PAUL000004627

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $2.10 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.296 | $15.18 | -4.49 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.39 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.017 | $15.05 | -0.25 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.008 | $15.05 | -0.12 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.05 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.442 | $14.65 | -6.47 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $1.43 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.174 | $14.65 | -2.56 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.02 |
| 07/02/2012 | Withdrawal | Employee Voluntary | -315.840 | $14.69 | -4,639.69 |
| 07/02/2012 | Realized G/L | Employee Voluntary | | | $536.64 |
| 07/02/2012 | Withdrawal | WAP Bonus 5yr Cliff | -192.458 | $14.69 | -2,827.21 |
| 07/02/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $359.10 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.015 | $14.33 | -0.22 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.006 | $14.33 | -0.09 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.442 | $15.34 | -6.77 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.73 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.174 | $15.34 | -2.68 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.14 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.013 | $14.99 | -0.20 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.005 | $14.99 | -0.08 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.04 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -279.273 | $15.25 | -4,258.91 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,787.76 |
| 12/20/2012 | Dividend | Employee Voluntary | 90.076 | $13.84 | $1,246.65 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.498 | $13.74 | -6.84 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.03 |
| **TRP Mid Cap Growth** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 46.112 | $53.14 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 0.774 | $54.39 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.002 | $57.85 | -0.12 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 02/07/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.006 | $57.85 | -0.38 |
| 02/07/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.07 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $57.85 | -0.15 |
| 02/10/2012 | Contribution | Employee Voluntary | 10.884 | $57.61 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 1.492 | $59.07 | $88.13 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.084 | $59.70 | -5.02 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $0.46 |
| 03/30/2012 | Trustee Fee | Employer 5 yr Cliff | -0.240 | $59.70 | -14.37 |
| 03/30/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.03 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $59.70 | -5.23 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.35 |
| 04/10/2012 | Contribution | Employee Voluntary | 1.361 | $57.29 | $77.96 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.002 | $58.75 | -0.13 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 04/20/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.006 | $58.75 | -0.38 |
| 04/20/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.07 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $58.75 | -0.13 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | -0.02 |
| 05/10/2012 | Contribution | Employee Voluntary | 12.618 | $57.65 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 0.722 | $55.67 | $40.20 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.093 | $56.78 | -5.29 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.21 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 442
CONFIDENTIAL                                              RBC-PAUL000004628

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/29/2012 | Trustee Fee | Employer 5 yr Cliff | -0.191 | $56.78 | -10.85 |
| 06/29/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.61 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $56.78 | -4.99 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.11 |
| 07/02/2012 | Withdrawal | Employer 5 yr Cliff | -79.559 | $56.93 | -4,529.29 |
| 07/02/2012 | Realized G/L | Employer 5 yr Cliff | | | -241.02 |
| 07/10/2012 | Contribution | Employee Voluntary | 0.723 | $55.81 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $55.95 | -0.17 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.02 |
| 07/31/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.007 | $55.95 | -0.37 |
| 07/31/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.01 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $55.95 | -0.17 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 08/10/2012 | Contribution | Employee Voluntary | 12.160 | $57.66 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | $0.84 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -5.467 | $57.66 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 0.451 | $59.41 | $26.77 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.097 | $59.09 | -5.79 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $0.48 |
| 09/28/2012 | Trustee Fee | Employer 5 yr Cliff | -0.190 | $59.09 | -11.28 |
| 09/28/2012 | Realized G/L | Employer 5 yr Cliff | | | -0.12 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.088 | $59.09 | -5.17 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.29 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $57.96 | -0.18 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.03 |
| 10/19/2012 | Recordkeeping Fee | Employer 5 yr Cliff | -0.006 | $57.96 | -0.35 |
| 10/19/2012 | Realized G/L | Employer 5 yr Cliff | | | $0.03 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $57.96 | -0.16 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.01 |
| 11/30/2012 | Forfeited Amount | Employer 5 yr Cliff | -305.159 | $59.06 | -18,022.69 |
| 11/30/2012 | Realized G/L | Employer 5 yr Cliff | | | -274.45 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -139.943 | $59.06 | -8,265.04 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $508.16 |
| 12/14/2012 | Dividend | Employee Voluntary | 9.979 | $55.58 | $554.59 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.104 | $56.47 | -5.88 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $0.18 |

**Vang Windsor II Adm**

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.004 | $48.89 | -0.16 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.01 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $48.89 | -0.09 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.116 | $51.42 | -5.94 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $1.11 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.066 | $51.42 | -3.46 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.91 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.003 | $50.21 | -0.15 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.04 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.002 | $50.21 | -0.09 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.03 |
| 06/28/2012 | Dividend | Employee Voluntary | 2.161 | $48.25 | $104.28 |
| 06/28/2012 | Dividend | WAP Bonus 5yr Cliff | 1.261 | $48.25 | $60.84 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.118 | $49.38 | -5.76 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $0.82 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.069 | $49.38 | -3.36 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.68 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.004 | $50.01 | -0.20 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.05 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $50.01 | -0.12 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |

Fidelity Investments, P.O. Box 770003, Cincinnati, OH 45277-0065

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 443
CONFIDENTIAL

RBC-PAUL000004629

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|------------|------------------|--------|--------|-------|--------------------|
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.117 | $52.19 | -6.08 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $1.19 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.069 | $52.19 | -3.55 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.87 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.004 | $52.56 | -0.20 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.05 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.003 | $52.56 | -0.12 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.02 |
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -108.801 | $51.94 | -5,651.12 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1,441.02 |
| 12/26/2012 | Dividend | Employee Voluntary | 2.460 | $51.93 | $127.74 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.118 | $52.13 | -6.16 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $1.22 |
| | | | | | |
| **Virtus Contrn Val A** | | | | | |
| 01/03/2012 | Contribution | WAP Bonus 5yr Cliff | 103.088 | $23.77 | $2,450.40 |
| 01/10/2012 | Contribution | Employee Voluntary | 1.747 | $24.09 | $42.09 |
| 02/07/2012 | Recordkeeping Fee | Employee Voluntary | -0.010 | $25.67 | -0.25 |
| 02/07/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 02/07/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.009 | $25.67 | -0.25 |
| 02/07/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.09 |
| 02/10/2012 | Contribution | Employee Voluntary | 24.512 | $25.58 | $627.01 |
| 03/09/2012 | Contribution | Employee Voluntary | 3.386 | $26.03 | $88.13 |
| 03/30/2012 | Trustee Fee | Employee Voluntary | -0.376 | $26.21 | -9.86 |
| 03/30/2012 | Realized G/L | Employee Voluntary | | | $2.29 |
| 03/30/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.350 | $26.21 | -9.18 |
| 03/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.13 |
| 04/10/2012 | Contribution | Employee Voluntary | 3.079 | $25.32 | $77.96 |
| 04/20/2012 | Recordkeeping Fee | Employee Voluntary | -0.009 | $26.09 | -0.25 |
| 04/20/2012 | Realized G/L | Employee Voluntary | | | $0.08 |
| 04/20/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.009 | $26.09 | -0.23 |
| 04/20/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 05/10/2012 | Contribution | Employee Voluntary | 28.087 | $25.90 | $727.45 |
| 06/08/2012 | Contribution | Employee Voluntary | 1.629 | $24.68 | $40.20 |
| 06/21/2012 | Dividend | Employee Voluntary | 1.042 | $24.32 | $25.35 |
| 06/21/2012 | Dividend | WAP Bonus 5yr Cliff | 0.921 | $24.32 | $22.40 |
| 06/29/2012 | Trustee Fee | Employee Voluntary | -0.395 | $25.03 | -9.92 |
| 06/29/2012 | Realized G/L | Employee Voluntary | | | $1.85 |
| 06/29/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.349 | $25.03 | -8.76 |
| 06/29/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $1.72 |
| 07/10/2012 | Contribution | Employee Voluntary | 1.639 | $24.62 | $40.35 |
| 07/31/2012 | Recordkeeping Fee | Employee Voluntary | -0.013 | $25.09 | -0.34 |
| 07/31/2012 | Realized G/L | Employee Voluntary | | | $0.09 |
| 07/31/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $25.09 | -0.31 |
| 07/31/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.07 |
| 08/10/2012 | Contribution | Employee Voluntary | 27.638 | $25.37 | $701.17 |
| 08/10/2012 | Realized G/L | Employee Voluntary | | | -3.36 |
| 08/10/2012 | Contrib Adj | Employee Voluntary | -12.425 | $25.37 | -315.23 |
| 09/10/2012 | Contrib Adj | Employee Voluntary | 1.023 | $26.15 | $26.76 |
| 09/28/2012 | Trustee Fee | Employee Voluntary | -0.407 | $25.91 | -10.56 |
| 09/28/2012 | Realized G/L | Employee Voluntary | | | $2.19 |
| 09/28/2012 | Trustee Fee | WAP Bonus 5yr Cliff | -0.349 | $25.91 | -9.08 |
| 09/28/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $2.04 |
| 10/19/2012 | Recordkeeping Fee | Employee Voluntary | -0.014 | $26.32 | -0.34 |
| 10/19/2012 | Realized G/L | Employee Voluntary | | | $0.06 |
| 10/19/2012 | Recordkeeping Fee | WAP Bonus 5yr Cliff | -0.013 | $26.32 | -0.30 |
| 10/19/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $0.06 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 444
CONFIDENTIAL

RBC-PAUL000004630

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 11/30/2012 | Forfeited Amount | WAP Bonus 5yr Cliff | -560.268 | $26.02 | -14,578.18 |
| 11/30/2012 | Realized G/L | WAP Bonus 5yr Cliff | | | $3,265.10 |
| 12/20/2012 | Dividend | Employee Voluntary | 0.580 | $26.98 | $15.64 |
| 12/31/2012 | Trustee Fee | Employee Voluntary | -0.408 | $26.65 | -10.87 |
| 12/31/2012 | Realized G/L | Employee Voluntary | | | $2.48 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 445

CONFIDENTIAL

RBC-PAUL000004631

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2012 to 12/31/2012

## Your Statement Glossary

### Average Annual Total Return
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

### Change in Market Value
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

### Dividends
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned. Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

### Market Value
Market Value is the dollar value of the investments in your account. You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

### Shares
Shares are your units of ownership of each investment in your account.

### Share Price
The value of one share of each investment in your account is called share price. It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

### Vesting
Vesting refers to your level of ownership in company contributions and any associated earnings. When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

**Some special information about other sections that may appear in your account statement.**

### Asset Allocation
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments. These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

#### Stocks
Stocks can add a growth component to your portfolio. They represent ownership or equity in a company. Stocks have the potential to outperform other types of investments over the long term. However, stocks tend to have wider price fluctuations over short periods of time than other securities.

#### Bonds
Bonds can add an income portion to your portfolio. They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments. Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

#### Short Term
Short term investments can add stability to your portfolio. They provide current income and seek to preserve the value of your investment. They also tend to provide the lowest returns over the long term. Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

### Market Indices
A Market index can measure the general trends in the performance of particular market segments. You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

#### Standard and Poor's 500
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies. Some of its stocks have a greater influence on the direction of the market. The S&P 500 calculation takes this into account by giving greater weight to these stocks. The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

#### Barclays Aggregate Bond Index
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

#### Morgan Stanley EAFE Index
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and Far East, Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada. The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 446
CONFIDENTIAL

RBC-PAUL000004632

# EXHIBIT 21



**RBC** US Deferred
Compensation Plan

### Retirement Savings Statement

January 1, 2013 - December 31, 2013

ENV#MG000012
MG 14022   T

BRIAN BUSKIRK

If you have questions about your account, please call
the RBC - U.S.A. Retirement Help Line at Fidelity at
1-866-697-1002 8:30 am to midnight EST or access your
account on-line at www.netbenefits.com/RBC

## Your Account Summary

| | |
|---|---|
| **Beginning Balance** | **$215,330.27** |
| Dividends and Interest | 587.95 |
| Withdrawal | -236,541.39 |
| Fees | -150.64 |
| Change in Market Value | 20,773.81 |
| **Ending Balance** | **$0.00** |

**Additional Information**

| | |
|---|---|
| Vested Balance | $0.00 |

**Inception to date contribution**

| | |
|---|---|
| Your Personal Rate of Return | 9.9% |
| Year to Date | 9.9% |

Your Personal Rate of Return is calculated with a time-weighted
formula, widely used by financial analysts to calculate investment
earnings. It reflects the results of your investment selections as
well as any activity in the plan account(s) shown. There are other
Personal Rate of Return formulas used that may yield different
results. Remember that past performance is no guarantee of future
results.

## Your Account Activity

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | ABF Sm Cap Val Inst | EuroPac Growth R6 | AF Fundamntl Invs A | AF Grth Fund Amer R6 | AMG Sys Lg Cp Val IS |
|---|---|---|---|---|---|
| **Beginning Balance** | **$8,765.88** | **$19,786.70** | **$14,331.11** | **$24,264.13** | **$4,926.43** |
| Exchanges | -9,890.99 | -19,543.04 | -15,722.02 | -28,032.73 | -5,770.48 |
| Dividends and Interest | 0.00 | 0.00 | 87.94 | 0.00 | 0.00 |
| Fees | -6.63 | -13.63 | -10.40 | -17.58 | -3.66 |
| Change in Market Value | 1,131.74 | -230.03 | 1,313.37 | 3,786.18 | 847.71 |
| **Ending Balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Activity | Artisan Intl Val Inv | BlkRk Global Alloc A | Blkrk Sm Cap Gr Eq I | Invs Comstock R6 | Invs Comstock Y |
|---|---|---|---|---|---|
| **Beginning Balance** | **$14,090.88** | **$8,550.91** | **$8,591.42** | **$0.00** | **$17,146.93** |
| Exchanges | -14,976.07 | -8,761.66 | -9,913.88 | 849.89 | -20,424.75 |
| Dividends and Interest | 0.00 | 0.00 | 0.00 | 88.51 | 79.03 |

Please read this statement carefully. Any error must be reported to Fidelity Investments within 90 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 448
CONFIDENTIAL                                                                    RBC-PAUL000000243

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

## Your Account Activity (continued)

| Activity | Artisan Intl Val Inv | BlkRk Global Alloc A | Blkrk Sm Cap Gr Eq I | Invs Comstock R6 | Invs Comstock Y |
|---|---|---|---|---|---|
| Fees | -10.10 | -5.96 | -6.55 | 0.00 | -12.78 |
| Change in Market Value | 895.29 | 216.71 | 1,329.01 | -938.40 | 3,211.57 |
| **Ending Balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Activity | Invs Sm Cap Disc R6 | Invs Sm Cap Disc Y | Jensen Qual Grth Is | RBC Interest Account | RBC Share Account |
|---|---|---|---|---|---|
| **Beginning Balance** | **$0.00** | **$25,078.58** | **$11,948.16** | **$0.00** | **$10,298.88** |
| Exchanges | 970.70 | -28,732.34 | -13,342.12 | 236,507.67 | -10,523.48 |
| Dividends and Interest | 0.00 | 0.00 | 41.76 | 33.72 | 204.86 |
| Withdrawal | 0.00 | 0.00 | 0.00 | -236,541.39 | 0.00 |
| Fees | 0.00 | -18.67 | -8.86 | 0.00 | -0.44 |
| Change in Market Value | -970.70 | 3,672.43 | 1,361.06 | 0.00 | 20.18 |
| **Ending Balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Activity | RBC SMID Cap Grth I | TRP Is Mid Cp Eq Gr | TRP Mid Cap Growth | Vang Windsor II Adm | Virtus Contrn Val A |
|---|---|---|---|---|---|
| **Beginning Balance** | **$10,925.36** | **$0.00** | **$9,404.40** | **$9,843.76** | **$17,376.74** |
| Exchanges | -12,443.70 | 346.06 | -10,874.35 | -11,048.68 | -18,674.03 |
| Dividends and Interest | 0.00 | 0.00 | 0.00 | 0.00 | 52.13 |
| Fees | -8.08 | 0.00 | -7.03 | -7.24 | -13.03 |
| Change in Market Value | 1,526.42 | -346.06 | 1,476.98 | 1,212.16 | 1,258.19 |
| **Ending Balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Activity | Total |
|---|---|
| **Beginning Balance** | **$215,330.27** |
| Dividends and Interest | 587.95 |
| Withdrawal | -236,541.39 |
| Fees | -150.64 |
| Change in Market Value | 20,773.81 |
| **Ending Balance** | **$0.00** |

## Market Value of Your Account

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual funds or Company Stock.

| Investment | Shares on 12/31/2012 | Shares on 12/31/2013 | Price on 12/31/2012 | Price on 12/31/2013 | Market Value on 12/31/2012 | Market Value on 12/31/2013 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$215,330.27** | **$0.00** |
| AF Fundamtl Invs A | 351.425 | 0.000 | $40.78 | $51.97 | 14,331.11 | 0.00 |
| AF Grth Fund Amer R6 | 706.585 | 0.000 | $34.34 | $43.01 | 24,264.13 | 0.00 |
| AMG Sys Lg Cp Val IS | 473.695 | 0.000 | $10.40 | $12.18 | 4,926.43 | 0.00 |
| BlkRk Global Alloc A | 433.177 | 0.000 | $19.74 | $21.33 | 8,550.91 | 0.00 |
| Blkrk Sm Cap Gr Eq I | 369.206 | 0.000 | $23.27 | $23.17 | 8,591.42 | 0.00 |
| Invs Comstock Y | 962.770 | 0.000 | $17.81 | $23.77 | 17,146.93 | 0.00 |
| Invs Sm Cap Disc Y | 2,432.452 | 0.000 | $10.31 | $12.22 | 25,078.58 | 0.00 |
| TRP Mid Cap Growth | 166.538 | 0.000 | $56.47 | $72.78 | 9,404.40 | 0.00 |
| Virtus Contrn Val A | 652.035 | 0.000 | $26.65 | $34.89 | 17,376.74 | 0.00 |
| RBC Share Account | 170.794 | 0.000 | $60.30 | $67.23 | 10,298.88 | 0.00 |
| Vang Windsor II Adm | 188.831 | 0.000 | $52.13 | $65.24 | 9,843.76 | 0.00 |
| Jensen Qual Grth Is | 401.349 | 0.000 | $29.77 | $37.78 | 11,948.16 | 0.00 |
| Artisan Intl Val Inv | 463.821 | 0.000 | $30.38 | $36.77 | 14,090.88 | 0.00 |
| AF EuroPac Growth R6 | 480.493 | 0.000 | $41.18 | $49.03 | 19,786.70 | 0.00 |
| ABF Sm Cap Val Inst | 411.544 | 0.000 | $21.30 | $27.19 | 8,765.88 | 0.00 |
| RBC SMID Cap Grth I | 795.150 | 0.000 | $13.74 | $17.36 | 10,925.36 | 0.00 |
| **Account Total** | | | | | **$215,330.27** | **$0.00** |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 449

CONFIDENTIAL

RBC-PAUL000000244

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

## Market Value of Your Account (continued)

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a decrease in the share price for the statement period does not necessarily reflect lower fund performance.

This plan represents an unfunded, nonqualified plan, and no funded account has been established for you. In the event of a bankruptcy or insolvency, you would be an unsecured general creditor of the plan sponsor. For more information, refer to the plan documents.
Please check your account information frequently and promptly review correspondence, account statements, and confirmations as they are made available to you.  Contact Fidelity immediately if you see or suspect unauthorized activity, errors, discrepancies, or if you have not received your account documents or information.

Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Message From RBC

If you have any questions about your account, please call the RBC - USA Retirement Help Line at 1-866-697-1002, or access your account online at www.netbenefits.com/RBC.

## Your Contribution Elections as of 08/10/2016
This section displays the funds in which your future contributions will be invested.

| Investment | Employee Voluntary | DAP Employer 8 YR Cliff | 2004 Voluntary Deferral | 2015 Voluntary Election | 3 Year Grad |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 5% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 10% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 10% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 10% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 10% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 10% | 10% | 10% | 10% |
| TRP Grth Stk Trust B | 10% | 10% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 25% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 10% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | 5yr Cliff Restrict Vest | DAP 5YR Restricted Vest | 4yr Cliff Restrict Vest | DAP 3 YEAR GRAD | Employer 8 Year Cliff |
|---|---|---|---|---|---|
| ABF Sm Cap Val Inst | 5% | 0% | 5% | 5% | 5% |
| AF EuroPac Growth R6 | 10% | 0% | 10% | 10% | 10% |
| AF Fundmntl Inv R6 | 10% | 0% | 10% | 10% | 10% |
| Artisan Intl Val Inv | 10% | 0% | 10% | 10% | 10% |
| BlkRk Global Alloc I | 10% | 0% | 10% | 10% | 10% |
| Jensen Qual Grth Is | 10% | 0% | 10% | 10% | 10% |
| RBC Share Account | 0% | 100% | 0% | 0% | 0% |
| TRP Grth Stk Trust B | 10% | 0% | 10% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 25% | 0% | 25% | 25% | 25% |
| Virtus Contrn Val I | 10% | 0% | 10% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** | **100%** | **100%** |

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| ABF Sm Cap Val Inst | 0% | 5% | 5% |
| AF EuroPac Growth R6 | 0% | 10% | 10% |
| AF Fundmntl Inv R6 | 0% | 10% | 10% |
| Artisan Intl Val Inv | 0% | 10% | 10% |
| BlkRk Global Alloc I | 0% | 10% | 10% |
| Jensen Qual Grth Is | 0% | 10% | 10% |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 450
CONFIDENTIAL                                                                      RBC-PAUL000000245

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

# Your Contribution Elections as of 08/10/2016 (continued)

| Investment | Dap Employer 5 Year Cliff | DAP Bonus 5 yr Cliff | Dap Voluntary |
|---|---|---|---|
| RBC Share Account | 100% | 0% | 0% |
| TRP Grth Stk Trust B | 0% | 10% | 10% |
| TRP Is Mid Cp Eq Gr | 0% | 25% | 25% |
| Virtus Contrn Val I | 0% | 10% | 10% |
| **Total** | **100%** | **100%** | **100%** |

# Your Transaction Detail

This section will provide you with detailed day to day activity in your account during the statement period.

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| **ABF Sm Cap Val Inst** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.018 | $23.07 | -0.41 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.12 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.258 | $24.22 | -6.22 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.82 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -411.268 | $24.05 | -9,890.99 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $2,862.52 |
| **AF EuroPac Growth R6** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.021 | $42.65 | -0.90 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.07 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.299 | $42.39 | -12.73 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $0.48 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -480.173 | $40.70 | -19,543.04 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | -115.44 |
| **AF Fundamntl Invs A** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.015 | $42.95 | -0.66 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.19 |
| 03/15/2013 | Dividend | Employee Voluntary | 0.994 | $44.20 | $43.92 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.220 | $44.20 | -9.74 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $2.58 |
| 06/12/2013 | Dividend | Employee Voluntary | 0.961 | $45.80 | $44.02 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -353.145 | $44.52 | -15,722.02 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $4,192.35 |
| **AF Grth Fund Amer R6** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.031 | $36.14 | -1.11 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.17 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.440 | $37.31 | -16.47 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $2.86 |
| 05/14/2013 | Exchange Out | Employee Voluntary | -706.114 | $39.70 | -28,032.73 |
| 05/14/2013 | Realized G/L | Employee Voluntary | | | $6,181.76 |
| **AMG Sys Lg Cp Val IS** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.021 | $11.24 | -0.23 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.06 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.296 | $11.58 | -3.43 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $0.88 |
| 05/14/2013 | Exchange Out | Employee Voluntary | -473.378 | $12.19 | -5,770.48 |
| 05/14/2013 | Realized G/L | Employee Voluntary | | | $1,682.27 |
| **Artisan Intl Val Inv** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.020 | $31.87 | -0.64 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.13 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.289 | $32.67 | -9.46 |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 451
CONFIDENTIAL

RBC-PAUL000000246

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.74 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -463.512 | $32.31 | -14,976.07 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $2,588.86 |
| **BlkRk Global Alloc A** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.019 | $20.36 | -0.39 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.05 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.270 | $20.58 | -5.57 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $0.48 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -432.888 | $20.24 | -8,761.66 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $600.77 |
| **Blkrk Sm Cap Gr Eq I** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.017 | $25.46 | -0.42 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.10 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.232 | $26.55 | -6.13 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.48 |
| 05/14/2013 | Exchange Out | Employee Voluntary | -368.957 | $26.87 | -9,913.88 |
| 05/14/2013 | Realized G/L | Employee Voluntary | | | $2,536.26 |
| **Invs Comstock R6** | | | | | |
| 06/03/2013 | Exchange In | Employee Voluntary | 966.166 | $21.14 | $20,424.75 |
| 06/20/2013 | Dividend | Employee Voluntary | 4.328 | $20.45 | $88.51 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -970.494 | $20.17 | -19,574.86 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | -938.40 |
| **Invs Comstock Y** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.042 | $19.07 | -0.81 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.35 |
| 03/21/2013 | Dividend | Employee Voluntary | 4.042 | $19.55 | $79.03 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.604 | $19.81 | -11.97 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $5.17 |
| 06/03/2013 | Exchange Out | Employee Voluntary | -966.166 | $21.14 | -20,424.75 |
| 06/03/2013 | Realized G/L | Employee Voluntary | | | $9,560.29 |
| **Invs Sm Cap Disc R6** | | | | | |
| 06/03/2013 | Exchange In | Employee Voluntary | 2,426.717 | $11.84 | $28,732.34 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -2,426.717 | $11.44 | -27,761.64 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | -970.70 |
| **Invs Sm Cap Disc Y** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.108 | $11.03 | -1.18 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.24 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -1.520 | $11.50 | -17.49 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $3.90 |
| 06/03/2013 | Exchange Out | Employee Voluntary | -2,430.824 | $11.82 | -28,732.34 |
| 06/03/2013 | Realized G/L | Employee Voluntary | | | $7,000.84 |
| **Jensen Qual Grth Is** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.018 | $31.85 | -0.57 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.10 |
| 03/20/2013 | Dividend | Employee Voluntary | 1.276 | $32.73 | $41.76 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.251 | $32.93 | -8.29 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.41 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -402.356 | $33.16 | -13,342.12 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $2,313.80 |
| **RBC Interest Account** | | | | | |
| 05/14/2013 | Exchange In | Employee Voluntary | 66,587.700 | $1.00 | $66,587.70 |
| 05/31/2013 | Dividend | Employee Voluntary | 8.710 | $1.00 | $8.71 |

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 452**

CONFIDENTIAL                                                                                    RBC-PAUL000000247

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

## Your Transaction Detail (continued)

| Trade Date | Transaction Type | Source | Shares | Price | Transaction Amount |
|---|---|---|---|---|---|
| 06/24/2013 | Exchange In | Employee Voluntary | 169,919.970 | $1.00 | $169,919.97 |
| 06/28/2013 | Dividend | Employee Voluntary | 23.230 | $1.00 | $23.23 |
| 07/01/2013 | Withdrawal | Employee Voluntary | -236,541.390 | $1.00 | -236,541.39 |
| 07/01/2013 | Dividend | Employee Voluntary | 1.780 | $1.00 | $1.78 |
| **RBC Share Account** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.007 | $63.04 | -0.44 |
| 02/06/2013 | Realized G/L | Employee Voluntary | 0.000 | $63.04 | $0.14 |
| 02/22/2013 | Dividend | Employee Voluntary | 1.587 | $62.97 | $99.95 |
| 05/14/2013 | Exchange Out | Employee Voluntary | -172.374 | $60.49 | -10,426.91 |
| 05/14/2013 | Realized G/L | Employee Voluntary | | | $2,531.67 |
| 05/24/2013 | Dividend | Employee Voluntary | 1.705 | $61.53 | $104.91 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -1.705 | $56.64 | -96.57 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | -8.34 |
| **RBC SMID Cap Grth I** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.036 | $14.78 | -0.52 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.11 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.497 | $15.22 | -7.56 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.76 |
| 05/14/2013 | Exchange Out | Employee Voluntary | -794.617 | $15.66 | -12,443.70 |
| 05/14/2013 | Realized G/L | Employee Voluntary | | | $3,163.70 |
| **TRP Is Mid Cp Eq Gr** | | | | | |
| 06/03/2013 | Exchange In | Employee Voluntary | 306.233 | $35.51 | $10,874.35 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -306.233 | $34.38 | -10,528.29 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | -346.06 |
| **TRP Mid Cap Growth** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.007 | $60.63 | -0.44 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.07 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.104 | $63.19 | -6.59 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $0.89 |
| 06/03/2013 | Exchange Out | Employee Voluntary | -166.427 | $65.34 | -10,874.35 |
| 06/03/2013 | Realized G/L | Employee Voluntary | | | $1,747.09 |
| **Vang Windsor II Adm** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.008 | $55.22 | -0.46 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.13 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.118 | $57.52 | -6.78 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $1.84 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -188.705 | $58.55 | -11,048.68 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $3,145.96 |
| **Virtus Contrn Val A** | | | | | |
| 02/06/2013 | Recordkeeping Fee | Employee Voluntary | -0.029 | $28.42 | -0.82 |
| 02/06/2013 | Realized G/L | Employee Voluntary | | | $0.24 |
| 03/28/2013 | Trustee Fee | Employee Voluntary | -0.407 | $29.97 | -12.21 |
| 03/28/2013 | Realized G/L | Employee Voluntary | | | $3.84 |
| 06/20/2013 | Dividend | Employee Voluntary | 1.796 | $29.03 | $52.13 |
| 06/24/2013 | Exchange Out | Employee Voluntary | -653.395 | $28.58 | -18,674.03 |
| 06/24/2013 | Realized G/L | Employee Voluntary | | | $5,229.35 |

## A Message from Fidelity Investments

To access performance information on the investment options available in your Plan - log onto NetBenefits at www.401k.com or call your plan's toll-free number.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 453
CONFIDENTIAL                                          RBC-PAUL000000248

RBC US Deferred
Compensation Plan

Statement Period: 01/01/2013 to 12/31/2013

## A Message from Fidelity Investments (continued)

Before investing in any mutual fund, please carefully consider the investment objectives, risks, charges and expenses. For this and other information, call or write Fidelity for a free prospectus. Read it carefully before you invest.

Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Street, Smithfield, RI 02917.

459279

## Investment Fee Information

Fidelity Select Gold Portfolio assesses a short-term trading fee of 0.75% for shares held less than 30 days.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 454
CONFIDENTIAL

RBC-PAUL000000249

# Your Statement Glossary

**Average Annual Total Return**
This is the hypothetical rate of return that, if the investment option achieved it over a year's time, would produce the same cumulative total return if the investment option performed consistently over the entire period. A total return is expressed in a percentage and tells you how much the investment has earned or lost over time, assuming that all dividends and capital gains are reinvested.

**Change in Market Value**
The change in value reflects the fluctuations in the price per share of the investment option because of changes in their underlying investments (stocks, bonds or short term investments). In the Account Summary section of your statement, this number is the total of all changes in all of your investments due to these types of fluctuations.

**Dividends**
In the investment options of your plan, including mutual funds and company stock (if applicable), dividends are money paid to shareholders that comes from the investment income that the fund has earned. Depending on the rules of your plan, dividends on company stock may be reinvested into your retirement account or paid to you in cash.

**Market Value**
Market Value is the dollar value of the investments in your account. You can calculate the market value by using the following formula:
Market Value = Number of shares in your account x Price per share of the fund.

**Shares**
Shares are your units of ownership of each investment in your account.

**Share Price**
The value of one share of each investment in your account is called share price. It is determined by taking the total value of the whole investment option on a given day and dividing it by the number of shares outstanding.

**Vesting**
Vesting refers to your level of ownership in company contributions and any associated earnings. When the company contributes money to your account, it resides in your account, under your name. This money becomes fully yours once you have satisfied the vesting requirements of your plan. You are always entitled to 100% of your contributions and any associated earnings.

---

### Some special information about other sections that may appear in your account statement.

**Asset Allocation**
Investments can be divided into three major asset classes: Stocks, Bonds, and Short Term Investments. These asset classes represent the different types of underlying securities that may be held in the investment option(s) you own. Please note that you may be invested in a blended fund where the fund holdings are invested in more than one asset class.

**Stocks**
Stocks can add a growth component to your portfolio. They represent ownership or equity in a company. Stocks have the potential to outperform other types of investments over the long term. However, stocks tend to have wider price fluctuations over short periods of time than other securities.

**Bonds**
Bonds can add an income portion to your portfolio. They represent a loan to a corporation or Government Agency, and provide the opportunity for higher current income than short-term investments. Unlike short-term investments and stable value investments, bond prices fluctuate with changes in interest rates.

**Short Term**
Short term investments can add stability to your portfolio. They provide current income and seek to preserve the value of your investment. They also tend to provide the lowest returns over the long term. Examples of these investments include certificates of deposit (CDs), Treasury Bills and Money Market Instruments.

**Market Indices**
A Market index can measure the general trends in the performance of particular market segments. You can use the appropriate market index to compare the performance (Average Annual Return) of the options in which you're invested.

**Standard and Poor's 500**
The S&P 500 incorporates a broad base of 500 stocks, including industrial, utility, and financial companies. Some of its stocks have a greater influence on the direction of the market. The S&P 500 calculation takes this into account by giving greater weight to these stocks. The companies that make up the S&P 500 are traded on the American and New York Stock Exchanges, as well as the Over-The-Counter Exchange.

**Barclays Aggregate Bond Index**
This measures the total return of over 6,000 high-quality bond issues, including government, corporate, and mortgage sectors. Bonds in this price-weighted index have an average maturity of 10 years.

**Morgan Stanley EAFE Index**
The MSCI EAFE Index (Morgan Stanley Capital International Europe, Australasia, and Far East, Index) is an unmanaged index and includes the reinvestment of dividends. It is designed to represent the performance of developed stock markets outside the United States and Canada. The MSCI EAFE Index is a registered service mark of Morgan Stanley and has been licensed for use by FMR Corp.

---

CONFIDENTIAL

RBC-PAUL000000250

# EXHIBIT 22

03/27/2017 12:17 FAX   509 555 4545                                                3/16

2012-Aug-10 12:14 PM RBC WEALTH MANAGEMENT 1-253-853-2510



ATTORNEY AT LAW/MANAGING MEMBER
TODD E. SCHWARTZ

OF COUNSEL
MERL LEDFORD III*
*ADMITTED IN CALIFORNIA

# Schwartz
## Law Group LLC

LEAD PARALEGAL/EXECUTIVE ASSISTANT
LESLIE IRELAND

PARALEGALS
MARK ST. JOHN
CHRISSIE ST. JOHN

August 10, 2012

**FAXED AND ORIGINAL OVERNIGHTED TO DAWN CROCHERON**

**COMPLEX MANAGEMENT TEAM**

Dawn Crocheron
RBC Capital Markets
1918 8th Avenue #3600
Seattle, WA 98101

Re: Brian Buskirk Resignation Letter

Dear Ms. Crocheron:

My law firm, Schwartz Law Group, represents Brian Buskirk relating to his employment separation from RBC Capital Markets.

THIS LETTER IS NOTIFICATION MR. BUSKIRK IS RESIGNING HIS CURRENT POSITION WITH RBC CAPITAL MARKETS EFFECTIVE IMMEDIATELY.

Mr. Buskirk will comply with all requirements under the broker protocol. The investment advisory firm he will be joining is a member of the protocol. Accordingly, we expect Mr. Buskirk's transition to occur seamlessly and with the full cooperation of your company.

If you have any questions or concerns, please contact my office directly.

Sincerely,

Todd E. Schwartz

470 Second Street, Suite C  |  Lake Oswego, Oregon  97034  |  v. 503.344.4346  |  f. 503.345.0921  |  www.ria-law.com

Page 1 of 16 received on 3/27/2017 3:03:41 PM (Eastern Daylight Time) RBC server SE12ZEH

CONFIDENTIAL                                                                    RBC-PAUL000009931

# EXHIBIT 23

Print This Page



**RBC US Deferred
Compensation Plan**

MARTY PAUL

**Retirement Savings Statement**

☎ Customer Service: (866) 697-1002
Fidelity Investments Institutional
Operations Company, Inc.
82 Devonshire Street
Boston, MA 02109

## Your Account Summary

Statement Period: 01/01/2012 to 12/31/2012

| | |
|---|---:|
| **Beginning Balance** | **$2,322,180.09** |
| Forfeitures | -$1,612,152.78 |
| Dividends and Interest | $8,488.69 |
| Withdrawal | -$956,130.92 |
| Fees | -$640.50 |
| Change in Market Value | $238,255.42 |
| **Ending Balance** | **$0.00** |

This plan represents a non-qualified plan that is "unfunded" for tax purposes. Any account and/or
balances represented here are bookkeeping entries that measure the plan sponsor's obligation to you.
Neither you nor the plan hold actual balances in the funds listed in this plan.

Your Personal Rate of Return

**This Period**        **9.3%**

Your Personal Rate of Return is calculated with a time-weighted formula, widely used by financial
analysts to calculate investment earnings. It reflects the results of your investment selections as well as
any activity in the plan account(s) shown. There are other Personal Rate of Return formulas used that
may yield different results. Remember that past performance is no guarantee of future results.

## Market Value of Your Account

Statement Period: 01/01/2012 to 12/31/2012

Displayed are the beginning and ending values of your account in dollars, and either shares of mutual
funds or Company Stock.

| Investment | Shares as of 12/31/2011 | Shares as of 12/31/2012 | Price as of 12/31/2011 | Price as of 12/31/2012 | Market Value as of 12/31/2011 | Market Value as of 12/31/2012 |
|---|---:|---:|---:|---:|---:|---:|
| **Stock Investments** | | | | | **$2,322,180.09** | **$0.00** |
| Large Cap | | | | | | |
| AF Grth Fund Amer R6 | 12,712.695 | 0.000 | $28.72 | $34.34 | $365,108.62 | $0.00 |
| FID US Eq Indx | 8,657.040 | 0.000 | $44.76 | $51.91 | $387,489.12 | $0.00 |
| Mid-Cap | | | | | | |
| RBC Smid Cap Grth I | 32,371.122 | 0.000 | $13.24 | $13.74 | $428,593.66 | $0.00 |
| International | | | | | | |
| AF Europac Growth R6 | 9,680.286 | 0.000 | $35.13 | $41.18 | $340,068.46 | $0.00 |
| RBC Share Account | 15,716.645 | 0.000 | $50.96 | $60.30 | $800,920.23 | $0.00 |
| **Account Totals** | | | | | **$2,322,180.09** | **$0.00** |

Remember that a dividend payment to fund shareholders reduces the share price of the fund, so a
decrease in the share price for the statement period does not necessarily reflect lower fund performance.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 459
CONFIDENTIAL

https://plansponsorservices300.fidelux.com/plansponsor/sponsor/online_statement_detail.do    03/07/13

RBC-PAUL000000486

Some of the administrative services performed for the Plan were underwritten from the total operating expenses of the Plan's investment options.

## Your Contribution Elections as of

As of 03/07/2013

This section displays the funds in which your future contributions will be invested.

**Your Current Investment Elections as of 03/07/2013**

All Eligible Sources

All Eligible Sources

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| LARGE CAP | |
| AF GRTH FUND AMER R6 | 25% |
| FID US EQ INDX | 25% |
| MID CAP | |
| RBC SMID CAP GRTH I | 25% |
| INTERNATIONAL | |
| AF EUROPAC GROWTH R6 | 25% |
| **Total** | **100%** |

EMPLOYER 4 YR CLIFF

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

EMPLOYER 5 YR CLIFF

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

PCG WAP BONUS 4YR CLIFF

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

3 YR GRADUATED VEST.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 460
CONFIDENTIAL                                                    RBC-PAUL000000487

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

ER SPECIAL CONT 4YR GRAD

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

ER SPECIAL CONT 5YR CLIF

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

DISTRIBUTION ELECTIONS

| Investment Option | Current % |
|---|---|
| **Short Term Investments** | |
| RBC INTEREST ACCOUNT | 100% |
| **Total** | **100%** |

PRE-2005 VESTED CONTRIB
No Current Elections

PRE-2005 VESTED MANDATORY
No Current Elections

PRE-2005 VESTED EMPLOYER
No Current Elections

DAP 5YR RESTRICT VEST

| Investment Option | Current % |
|---|---|
| **Stock Investments** | |
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

DAP EMPLOYER 5 YEAR CLIFF

| Investment Option | Current % |
|---|---|

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 461
CONFIDENTIAL

RBC-PAUL000000488

| Stock Investments | |
|---|---|
| RBC SHARE ACCOUNT | 100% |
| **Total** | **100%** |

## Your Contribution Summary

Statement Period: 01/01/2012 to 12/31/2012

| Contributions | Employee Voluntary | Employee Mandatory | Employer Match 4YR Cliff | Employer 5 Yr Cliff |
|---|---|---|---|---|
| Period to date | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Account Balance | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Vested Balance | $0.00 | $0.00 | $0.00 | $0.00 |

| Contributions | WAP Bonus 5YR Cliff |
|---|---|
| Period to date | $0.00 |
| Total Account Balance | $0.00 |
| Total Vested Balance | $0.00 |

## Your Account Activity

Statement Period: 01/01/2012 to 12/31/2012

Use this section as a summary of transactions that occurred in your account during the statement period.

| Activity | RBC Smid Cap Grth I | AF Europac Growth R6 | AF Grth Fund Amer R6 | RBC Share Account |
|---|---|---|---|---|
| **Beginning Balance** | **$428,593.66** | **$340,068.46** | **$365,108.62** | **$800,920.23** |
| Forfeitures | -$204,545.25 | -$163,062.54 | -$173,475.46 | -$892,320.59 |
| Dividends and Interest | $0.00 | $0.00 | $0.00 | $8,488.69 |
| Withdrawal | -$273,422.93 | -$205,812.84 | -$231,776.48 | $0.00 |
| Fees | -$181.18 | -$140.47 | -$154.44 | -$3.20 |
| Change in Market Value | $49,555.70 | $28,947.39 | $40,297.76 | $82,914.87 |
| **Ending Balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

| Activity | FID US Eq Indx | Total |
|---|---|---|
| **Beginning Balance** | **$387,489.12** | **$2,322,180.09** |
| Forfeitures | -$178,748.94 | -$1,612,152.78 |
| Dividends and Interest | $0.00 | $8,488.69 |
| Withdrawal | -$245,118.67 | -$956,130.92 |
| Fees | -$161.21 | -$640.50 |
| Change in Market Value | $36,539.70 | $238,255.42 |
| **Ending Balance** | **$0.00** | **$0.00** |

Print This Page

PSW² provided by
Fidelity

© 1996-2013 FMR LLC.
All rights reserved.

Terms of Use

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 462
CONFIDENTIAL

https://plansponsorservices100.fidelity.com/plansponsor/sponsor/online_statement_detail.do    03/07/13

RBC-PAUL000000489

# EXHIBIT 24



YARMUTH  WILSDON  PLLC

ATTORNEYS  AT  LAW

Elizabeth Weinstein
DIRECT 206.516.3805
eweinstein@yarmuth.com

June 28, 2017

**VIA E-MAIL and U.S. MAIL**

Sari M. Alamuddin
Matthew A. Russell
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

     Re:    *Paul, et al. v. RBC Capital Markets, et al.*, No. 3:16-cv-05616-RBL

Dear Sari and Matt:

     This letter concerns the Fifth Circuit's decision in *Tolbert v. RBC Capital Markets Corp.*, No. 13-20213 (5th Cir. July 14, 2014), and the application of that decision to Plaintiffs' claims in this case.

     As your client referenced in Defendant RBC Capital Markets, LLC's Responses and Objections to Plaintiffs' First Interrogatory, *Tolbert* concerned a particular version of the Amended and Restated Royal Bank of Canada US Wealth Accumulation Plan dated November 1, 2008, effective beginning January 1, 2008 ("2008 WAP"), which was attached to the First Amended Class Action Complaint in the *Tolbert* case as Exhibit A.  The 2008 WAP has also been produced in this case as RBC-PAUL000000080-101.

     In *Tolbert*, the Fifth Circuit determined whether the WAP constituted an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A)(ii), which defines a "pension plan" as a plan that "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." *Tolbert v. RBC Capital Markets Corp.*, 758 F.3d 619, 621 (5th Cir. 2014) (citing 29 U.S.C. § 1002(2)(A)(ii)).  In its opinion, the Fifth Circuit identified "express terms" that "reveal" the WAP results in a deferral of income by employees:

- "[T]he statement of purpose [Section 1.1] refers to the WAP as a 'deferred compensation plan' and explains that that, by design, employees have the option 'to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.'" *Tolbert*, 758 F.3d at 625.

T  206.516.3800
F  206.516.3888

1420 FIFTH A̶V̶E̶N̶U̶E̶ ... ... www.yarmuth.com

DECL. WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 464

Sari M. Alamuddin and Matthew A. Russell
June 28, 2017
Page 2

- "Later sections of the WAP contain provisions for both Voluntary Deferred Compensation [Section 2.2] and Mandatory Deferred Compensation [Section 2.3] that plainly refer to income that is deferred." *Tolbert*, 758 F.3d at 625.

The Fifth Circuit also identified the "'express terms' of the WAP [that] also contemplate employees deferring income 'to the termination of covered employment or beyond'":

- "The vesting sections explain that, *upon separation*, unvested amounts vest immediately [Section 4.2(b)]." *Tolbert*, 758 F.3d at 626 (emphasis in original).

- "The distribution sections contain further support: 'If distribution is made due to Separation,' then '[a]vailable forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.' [Section 5.3(b)(ii)]." *Tolbert*, 758 F.3d at 626.

Based on these "express terms" (and these "express terms" only), the Fifth Circuit found that the WAP resulted in a "deferral of income," the deferral extended "to the termination of covered employment or beyond," and thus the 2008 WAP constituted a "pension plan" under 29 U.S.C. § 1002(2)(A)(ii). *Tolbert*, 758 F.3d at 625.[1]

We understand that RBC's position is that Plaintiffs' claims in this litigation "are subject to different versions of the WAP than the 2008 plan at issue in *Tolbert*." Def. Responses and Objections to Pl.'s First Interrogatory at 5. We also understand that RBC's position is that the "versions" of the WAP in effect at the time of Plaintiffs' separations from Defendant and at the time of their WAP forfeitures are the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan, Frozen as of January 1, 2012, dated January 1, 2012 ("2012 Frozen WAP") and the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated November 1, 2010, effective beginning January 1, 2011 ("2011 WAP").[2] Def. Responses and Objections to Pl.'s Second Interrogatories at 5.

We note that the other "versions" of the WAP in place during the time period relevant to Plaintiffs' claims are: the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated November 30, 2004, effective January 1, 2005 ("2005 WAP"), the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated November 1, 2006, effective January 1, 2007 ("First 2007 WAP"), the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated November 1, 2007, effective

---

[1] The Ninth Circuit has endorsed the Fifth Circuit's approach in *Tolbert*. *See Rich v. Shrader*, 823 F.3d 1205, 1211 (9th Cir. 2016).

[2] Plaintiffs do not concede that these "versions" of the WAP apply to all of the forfeitures at issue in this litigation.

Sari M. Alamuddin and Matthew A. Russell
June 28, 2017
Page 3

January 1, 2007 ("Second 2007 WAP"), the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated November 1, 2009, effective beginning January 1, 2010 ("2010 WAP") and the Amended and Restated Royal Bank of Canada U.S. Wealth Accumulation Plan dated December 6, 2011, effective beginning January 1, 2012 ("2012 WAP"). Plaintiffs explicitly reserve all rights to assert that any of these or other "versions" of the WAP apply to Plaintiffs' claims.

We have compared across the 2005 WAP, First 2007 WAP, Second 2007 WAP, 2008 WAP, 2010 WAP, 2011 WAP, 2012 Frozen WAP, and 2012 WAP the "express terms" identified by the Fifth Circuit in *Tolbert* as the basis for its decision. Our analysis demonstrates the following:

- Statement of Purpose:  Like the 2008 WAP, the Statements of Purpose (Section 1.1) in the 2005 WAP, First 2007 WAP, Second 2007 WAP, 2010 WAP, 2011 WAP, 2012 Frozen WAP, and the 2012 WAP refer to the WAP as a "deferred compensation plan" and reference that, by design, employees may "defer receipt of a portion of their compensation" until a later date.

- Deferral Sections:  Like the 2008 WAP, the Deferral Sections of the 2005 WAP, First 2007 WAP, Second 2007 WAP, 2010 WAP, 2011 WAP, 2012 Frozen WAP, and 2012 WAP contain provisions for Voluntary Deferred Compensation (Section 2.2) that "plainly refer to income that is deferred." Like the 2008 WAP, the Deferral Sections of the 2005 WAP, First 2007 WAP, Second 2007 WAP, 2010 WAP, 2011 WAP, and 2012 Frozen WAP also contains provisions for Mandatory Deferred Compensation (Section 2.3) that "plainly refer to income that is deferred." The 2012 WAP omits the provision regarding Mandatory Deferred Compensation.

- Vesting Sections:  The Vesting Sections of the First 2007 WAP, Second 2007 WAP, 2010 WAP, 2011 WAP, and 2012 Frozen WAP contain identical provisions to the 2008 WAP concerning distributions made due to separation (Section 4.2(b)). The Vesting Section of the 2005 WAP differs from the 2008 WAP in that the 2005 WAP provides for immediate vesting upon the one-year anniversary of the participant's Approved Retirement, as opposed to upon the Separation of the Participant. The Vesting Section of the 2012 WAP differs from the 2008 WAP only in that it omits reference to mandatory deferrals.

- Distribution Sections:  The Distribution Sections of the 2010 WAP, 2011 WAP, 2012 Frozen WAP, and 2012 WAP contain identical provisions to the 2008 WAP concerning distributions upon separation (Section 5.3(b)(ii) in 2008 WAP, 2010 WAP, 2011 WAP, and 2012 Frozen WAP; Section 5.3(b)(i) in 2012 WAP). The Distribution Sections of the First 2007 WAP and Second 2007 WAP concerning

Sari M. Alamuddin and Matthew A. Russell
June 28, 2017
Page 4

> distributions upon separation differ from the 2008 WAP only in wording, but not
> in substance (Section 5.3(b)(ii) in First 2007 WAP and Second 2007 WAP). The
> 2005 WAP section concerning distributions upon separation differs from the 2008
> WAP in that it provides additional details regarding the number and timing of
> distribution installments (Section 5.2(b) in 2005 WAP).

Simply put, these WAPs contain substantively identical "express terms" to those in the 2008
WAP upon which the Fifth Circuit based its finding that the 2008 WAP was an "employee
pension benefit plan."

Pursuant to the principle of collateral estoppel, the *Tolbert* decision bars further
litigation on the issue of whether any of the potentially relevant WAPs described above
constitute an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A)(ii). Collateral
estoppel "exists to prevent a party from having a second chance to make their case after they
have already received a full and fair opportunity to present their arguments in court." *McCoy v.
Foss Mar. Co.*, 442 F. Supp. 2d 1103, 1107 (W.D. Wash. 2006). Collateral estoppel can be
used offensively to foreclose the re-litigation of issues when: "(1) [defendant] was afforded a
full and fair opportunity to litigate the issues in the prior actions; (2) the issues were actually
litigated and necessary to support the judgments; (3) the issues were decided against
[defendant] in final judgments; and (4) [defendant] was a party or in privity with a party in the
prior proceedings." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999));
*see also Town of North Bonneville v. Callaway*, 10 F. 3d 1505, 1507 (9th Cir. 1993) (affirming
application of offensive collateral estoppel).

Here, all of the *Resolution Trust* factors are met. The issue of whether a version of the
WAP containing particular "express terms" constitutes an "employee pension benefit plan"
under 29 U.S.C. § 1002(2)(A)(ii) was "actually litigated" in *Tolbert*. RBC had a "full and fair
opportunity" to litigate that issue in Tolbert, and the issue was decided against it in final
judgments. District courts have "broad discretion" to apply collateral estoppel offensively, and
generally refrain from doing so only when the result would treat the defendant unfairly.
*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 330, 99 S. Ct. 645, 58 L. Ed. 2d (1979); *see,
e.g., McCoy v. Foss Mar. Co.*, 442 F. Supp. 2d at 1106-07 (applying "nonmutual offensive
collateral estoppel" where *Resolution Trust* factors were met). Examples of instances in which
the offensive application of collateral estoppel would be considered "unfair" are when the
defendant had "little incentive to defend vigorously, particularly if future suits are not
foreseeable," when "the judgement relied upon as a basis for the estoppel is itself inconsistent
with one or more previous judgments in favor of the defendant," or when "the second action
affords the defendant procedural opportunities unavailable in the first action what could readily
cause a different result." *Parklane*, 439 U.S. at 330-331.

Sari M. Alamuddin and Matthew A. Russell
June 28, 2017
Page 5

None of the above-described bases for unfairness to RBC—nor any other basis for unfairness to RBC—exist here.  In fact, RBC had every incentive to mount a vigorous defense in the *Tolbert* case, considering (1) the purported class action plaintiff in *Tolbert* claimed extensive monetary damages on behalf of a large putative class, which would have resulted in significant financial consequences for RBC, and (2) RBC already knew of Paul's and Buskirk's claims at the time of its defense of Tolbert's claims, and indeed had agreed to toll their claims pending the resolution of the *Tolbert* case.

Given that the "express terms" of the 2008 WAP relied upon by the Fifth Circuit in *Tolbert* are substantively identical to those in the various "versions" of the WAP Plaintiffs contend apply here, we are confident that Judge Leighton will find that collateral estoppel mandates a finding that the WAP is an "employee pension benefit plan" under ERISA.  Indeed, we believe Judge Leighton would expect Defendants to concede the same.

We propose that the parties stipulate that for the purposes of this litigation only, the 2005 WAP, First 2007 WAP, Second 2007 WAP, 2010 WAP, 2011 WAP, 2012 Frozen WAP, and 2012 WAP are "employee pension benefit plans" under 29 U.S.C. § 1002(2)(A)(ii).[3]  A stipulation to this effect would enable the parties to avoid needless motion practice and serve the interests of judicial efficiency.  Should you wish to discuss this issue, we would be happy to set up a meet and confer.  In any event, please advise us by July 10, 2017 of your position so that, if necessary, we can proceed with a Motion for Partial Summary Judgment on this issue.

Thank you.

Sincerely,

Elizabeth S. Weinstein

cc:     Jeremy E. Roller (*via email*)
        Christopher J. Boran (*via email*)
        Kevin J. Hamilton (*via email*)
        William B. Stafford (*via email*)

---

[3] That stipulation would explicitly preserve both parties' rights to further litigate which "versions" of the WAP apply to Plaintiffs' claims.

# EXHIBIT 25

# Morgan Lewis

**Matthew A. Russell**
Associate
+1.312.324.1771
Matthew.russell@morganlewis.com

July 10, 2017

**VIA E-MAIL and U.S. MAIL**

Elizabeth S. Weinstein
Yarmuth Wilsdon PLLC
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101

Re:     _Paul, et al. v. RBC Capital Markets, LLC, et al._, Case No. 3:16-cv-05616-RBL

Dear Elizabeth:

I write in response to your June 28, 2017 letter regarding the alleged preclusive effect of the Fifth Circuit's decision in _Tolbert v. RBC Capital Markets_, 758 F.3d 619 (5th Cir. 2014) on certain issues raised by plaintiffs' claims in this case.  In short, we disagree with your position that RBC is barred from litigating the question of whether the WAP was an "employee pension benefit plan" under ERISA, 29 U.S.C. § 1002(2)(A)(ii), with respect to "amended and restated" versions of the WAP other than the Nov. 1, 2008 WAP document.  While plaintiffs are free to argue that the Fifth Circuit's analysis of the Nov. 1, 2008 WAP in _Tolbert_ is persuasive, RBC is not precluded at the outset from asserting arguments based upon different versions of the WAP—amended and effective at different times and administered differently—should it choose to do so.

First, the issues presented here are not "identical" to those "actually litigated" and decided against RBC in _Tolbert_, as required for application of offensive non-mutual issue preclusion.  _See Syverson v. Int'l Bus. Machines Corp._, 472 F.3d 1072, 1078 (9th Cir. 2007) (issue must be "identical" in prior action, "actually litigated," and actually "decided" in final judgment) (citing _Fund for Animals, Inc. v. Lujan_, 962 F.2d 1391, 1399 (9th Cir. 1992); _see also_ Restatement (Second) of Judgments § 27 & cmt. j (1982).  As your letter acknowledges (Ltr. at 1), the _Tolbert_ district court—and, consequently, the Fifth Circuit—specifically limited its holding to the Nov. 1, 2008 WAP document, making clear "the Court **has not included in its analysis** any subsequent versions of the WAP that may have been promulgated."  _Tolbert v. RBC Capital Markets Corp._, No. CIV.A. H-11-0107, 2013 WL 3503286, at *3 n.4 (S.D. Tex. Mar. 27, 2013) (emphasis added), _rev'd and remanded_, 758 F.3d 619 (5th Cir. 2014).  This clarification—unnecessary had the court intended to resolve the same question for every version of the WAP—alone establishes that the issue resolved in _Tolbert_ was not "identical" to arguments RBC might present here.  "Collateral estoppel is inappropriate if there is any doubt as to whether an issue was actually litigated in a prior proceeding," _Steen v. John Hancock Mut. Life Ins. Co._, 106 F.3d 904, 912 (9th Cir. 1997) (quotations omitted) (applying

**Morgan, Lewis & Bockius** LLP

77 West Wacker Drive
Chicago, IL  60601-5094
United States

**T** +1.312.324.1000
**F** +1.312.324.1001

Elizabeth S. Weinstein
July 10, 2017
Page 2

issue preclusion where a second lawsuit concerned the *same* agreement at issue in prior suit), and the *Tolbert* court's own limitations of its ruling eliminate "any doubt" that it was confined to the Nov. 1, 2008 WAP.

Indeed, by pointing to certain textual "similarities" across different versions of the WAP, your letter appears to conflate principles of collateral estoppel with your apparent position that the Fifth Circuit's ruling in *Tolbert* should hold strong persuasive value in this case. But there is a difference between whether a court addressing a supposedly *similar* issue might find the Fifth Circuit's substantive reasoning persuasive, as opposed to whether RBC is *precluded* from even raising certain arguments in the first place. To start, the fact that the Fifth Circuit deemed certain "express terms" of the Nov. 1, 2008 WAP relevant to its analysis of *that* plan does not automatically extend the scope of its analysis to supposedly similar provisions in other versions of the WAP not before it—including those not even in existence when the Nov. 1, 2008 WAP was in effect—without regard to other potentially material differences. Rather, determining the "issue" before the court in *Tolbert* for collateral estoppel purposes must begin (and end) with the actual question presented—whether the Nov. 1, 2008 WAP (and only the Nov. 1, 2008 WAP) was an ERISA "pension benefit plan." Moreover, plaintiffs do not dispute that the WAP was, in fact, "amended and restated" in subsequent years, nor that, as a practical matter, the WAP was administered differently in certain years. To the contrary, even your June 28 letter states (and carefully preserves) plaintiffs' position that potentially *several* "'versions' of the WAP apply" to their forfeitures, (Ltr. at 2 n.2), recognizing participants may have been subject to different terms and conditions from year to year regardless of what the written WAP document stated. Ultimately, plaintiffs are free to argue that textual similarities among the WAP versions at issue here should support the Fifth Circuit's reasoning in *Tolbert*. But that ruling is not binding in this court, and the *Tolbert* court did not address the *identical issues* presented here.

Second, even if the application of different versions of the WAP in this litigation were not alone sufficient to avoid preclusion, the few textual similarities you highlight overlook other material differences in the WAP's operation from year-to-year—including differences potentially material to the WAP's status as an "employee pension benefit plan." Among other things, the WAP expressly grants RBC (or its delegates, including the WAP Committee) with substantial *discretion* in administering and operating the Plan. As such, many of the WAP's central provisions afford RBC broad authority in structuring the terms and conditions of WAP participation, such as setting eligibility requirements, deciding whether and how to make various forms of company contributions or discretionary bonus payments, or establishing applicable vesting schedules or requirements. *See, e.g.,* Nov. 1, 2010 WAP § 2.1 (granting discretion to establish all WAP eligibility thresholds and invite participants); *id.* § 2.2 (granting "the discretion to limit the amount of Voluntary Deferred Compensation" and set the maximum percentage of compensation participants may defer); *id.* § 2.6 (allowing RBC to "establish whether and to the extent to which a Participant is eligible for" certain types of Company Contributions (including bonuses), to establish all performance-based measures for determining Matching Contributions, to make whatever other "Discretionary Contributions" RBC decides "in its sole discretion"); *id.* § 4.2 (allowing RBC, "in its sole discretion," to establish when a participant's account will vest); *id* § 7.1 (granting both the WAP Committee and RBC's Board of Directors the "full power and discretionary authority" to determine, *inter alia,* Company Contributions, eligibility, and certain vesting provisions).

In other words, material differences among the versions of the WAP are not found in its express terms alone, but in how RBC administered the Plan. For instance, as plaintiffs are undoubtedly aware, RBC modified the WAP's minimum eligibility thresholds for the 2009 and 2010 plan years,

Elizabeth S. Weinstein
July 10, 2017
Page 3

which materially altered the WAP but were not reflected in the written Plan document.  Likewise, RBC ceased making certain forms of "Matching Contributions" to the WAP as of 2010, replacing them with bonus-based compensation decoupled from a participant's voluntary deferrals, including increases to the rates of the "Productivity Bonus" and implementing a new "Loyalty Bonus" based in part on an employee's years of service.  As a result of these modifications, WAP participants no longer were required to make voluntary deferrals as a condition of receiving such bonuses.  Likewise, as of 2011, RBC eliminated the requirement that certain WAP participants make "Mandatory Deferrals" in order to participate in the WAP, further transitioning the WAP into a clearer vehicle for the payment of employee bonuses.  Again, that these modifications may not be reflected in the express written terms of Plan document does not render them irrelevant or inconsequential.  Under plaintiffs' reasoning, even if the WAP Committee determined that no further voluntary deferrals would be permitted, that the *sole* Company Contributions RBC would make into the WAP were annual performance bonuses, that they would vest immediately, and that they must be distributed within three years—*i.e.*, a clear "bonus program" under 29 C.F.R. § 2510.3-2(c)—the WAP would nonetheless be a "pension benefit plan" if the WAP's express terms did not change, and moreover, that RBC would not even be permitted to *argue* this arrangement fell beyond ERISA's coverage as a result of the *Tolbert* ruling.

Further underscoring this point, the question of whether any particular version of the WAP falls within the Department of Labor's "bonus plan" regulation cited above was not actually litigated or decided in *Tolbert*, even with respect to the Nov. 1, 2008 WAP.  As the Fifth Circuit observed, RBC did not argue directly that the Nov. 1, 2008 WAP was, in fact, a "bonus plan" to the district court and, therefore, this question was not properly before the Fifth Circuit.  *See Tolbert*, 758 F.3d at 627; *see also Steen v*, 106 F.3d at 912 ("[F]or collateral estoppel to apply, the issue to be foreclosed in the second litigation must have been litigated and decided in the first case."); *Duran v. AT&T Corp.*, No. C-2-99-418, 2001 WL 1334280, at *7 (S.D. Ohio Aug. 22, 2001) ("If an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed.").  Although the Fifth Circuit nonetheless went on to address, in dicta, whether the Nov. 1, 2008 WAP might fall within the "bonus plan" regulation, this does not mean the question was actually litigated or resolved in that case.  To the contrary, unlike the "express terms" of the Nov. 1, 2008 WAP you cite with respect to the Fifth Circuit's analysis of ERISA's definition of a "pension benefit plan," the only basis for the court's conclusion as to the "bonus plan" issue was (i) the fact that RBC did not argue the issue directly; and (ii) the WAP's statement of purpose, which said only that the WAP allowed employees to defer a portion of their compensation.  But the "bonus program" regulation itself contemplates the deferral of "income," as it defines such a program as one involving "payments made by an employer to some or all of its employees as *bonuses for work performed*[.]"  29 C.F.R. § 2510.3-2(c) (emphasis added).  Thus, material differences between the Nov. 1, 2008 WAP and subsequent iterations of the Plan underscore that *Tolbert* did not resolve all "identical" issues that may be presented here.

Accordingly, we do not agree that mere similarities between the few provisions of the Nov. 1, 2008 WAP document the Fifth Circuit chose to cite to support its reasoning render the underlying "issue" in *Tolbert* identical to the issues raised in this case.  *See Duran*, 2001 WL 1334280, at *7 (collateral estoppel did not apply to issues related to (1) provisions of the agreement considered in the first case that were not relevant for the prior holding, and (2) new versions of the agreement not in dispute in the first case and, therefore, not actually litigated); *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 982 (6th Cir. 2000) (reversing district court application of collateral estoppel because the 1988 amendments were not an issue in the prior litigation but were the operative amendment for the current litigation, and thus the "precise issue" had not been litigated in the prior proceeding);

Elizabeth S. Weinstein
July 10, 2017
Page 4

*cf. Cent. Delta Water Agency v. United States*, 306 F.3d 938, 953 (9th Cir. 2002) (issue preclusion did not apply where prior litigation was based upon an earlier version of a plan containing different terms, and thus the issues were not "identical"); *Fund for Animals*, 962 F.2d at 1399 (collateral estoppel did not apply because the second action was rooted in an environmental impact statement that "differ[ed] significantly" from the conduct challenged in the first lawsuit).

We believe that a stipulation is not appropriate for the reasons outlined above.  Should you wish to discuss this issue further, we would be happy to arrange a meet and confer.

Sincerely,

*/s/ Matthew A. Russell*

Matthew A. Russell

cc:     Sari M. Alamuddin (via e-mail)
        Christopher J. Boran (via e-mail)
        Kevin J. Hamilton (via e-mail)
        Jeremy Roller (via e-mail)
        William B. Stafford (via e-mail)

# EXHIBIT 26

> **"The first section of the WAP, the statement of purpose, refers to the WAP as a 'deferred compensation plan' and explains that, by design, employees have the option 'to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.'"** *Tolbert v. RBC Capital Markets*, 758 F.3d 619, 625 (5th Cir. 2014).

Paragraph 1.1 of the 2008 Plan Document (Weinstein Decl., Ex. 2), considered by the Fifth Circuit in *Tolbert*:

> **1.1    General Nature and Purpose of the Plan**.  The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") may be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.  The Plan is designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, was amended and restated effective for the Plan Year beginning on January 1, 2005, was further amended and restated effective for the Plan Year beginning on January 1, 2007, and **is hereby further amended and restated effective for the Plan Year beginning on January 1, 2008**.  This Plan restatement supersedes all prior versions of the Plan and any deferrals or contributions made pursuant to a prior version of the Plan will be governed by this Plan.

- Paragraphs 1.1 of the 2010 Plan Document (Weinstein Decl., Ex. 9) and the 2011 Plan Document (Weinstein Decl., Ex. 10) are **identical** to Paragraph 1.1 of the 2008 Plan Document (Weinstein Decl., Ex. 2).

- Paragraphs 1.1 of the 2005 Plan Document (Weinstein Decl., Ex. 6), the First 2007 Plan Document (Weinstein Decl., Ex. 7), and the Second 2007 Plan Document (Weinstein Decl., Ex. 8) are **substantively identical** to Paragraph 1.1 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> **1.1    General Nature and Purpose of the Plan.**  The Royal Bank of Canada US Wealth Accumulation Plan (the "Plan") is a non tax-qualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "Company") and its Participating Subsidiaries will be offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year. The Plan is designed to provide an opportunity for such employees to achieve wealth accumulation through employee deferrals, tax-deferred savings and investment options that support long-term savings and allow such employees to share in the Company's growth and profitability.  The Plan was formerly known as the RBC Dain Rauscher Wealth Accumulation Plan and was amended and restated effective for the Plan Year beginning on January 1, 2005

- Paragraph 1.1(a) of the 2012 Frozen Plan Document (Weinstein Decl., Ex. 12) is **substantively identical** to Paragraph 1.1 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> (a)    <u>Nature and Purpose</u>.  The Royal Bank of Canada US Wealth Accumulation Plan (the "**Plan**") is a nonqualified, deferred compensation plan pursuant to which a select group of management or highly compensated employees of the Royal Bank of Canada (the "**Company**") and its Participating Subsidiaries (collectively, the "**Employers**") had been offered the opportunity to elect to defer receipt of a portion of their compensation to be earned with respect to the upcoming Plan Year.  The Plan was designed to provide an opportunity for such employees to invest a portion of their compensation in tax-deferred savings and investment options in an effort to support long-term savings and allow such employees to share in the Company's growth and profitability, if any.

> **"Later sections of the WAP contain provisions for both Voluntary Deferred Compensation and Mandatory Deferred Compensation that plainly refer to income that is deferred."** *Tolbert*, 758 F.3d at 625.

Paragraph 2.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2), considered by the Fifth Circuit in *Tolbert*:

> **2.2    Election to Voluntarily Defer Compensation.** Eligible Employees may enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year. The Committee has the discretion to limit the amount of Voluntary Deferred Compensation or the amount of Gross Compensation that may be taken into account for making Voluntary Deferred Compensation contributions. Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; <u>provided</u>, however, that subject to such changes as may be determined by the Committee, a new Employee who is eligible to participate in the Plan has 30 days from such Employee's hiring date to submit an Election Form for such Plan Year. **For a given Plan Year,** an election to defer compensation **is irrevocable after it is accepted by the Committee.** An election by an Employee who is first eligible to participate in the Plan during a given year becomes effective beginning the first day of the month following the date such Election Form is submitted and accepted by the Committee.
>
> The Committee will from time to time establish the maximum percentage of a Participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Voluntary Deferred Compensation will be deferred by payroll reduction.

- Paragraphs 2.2 of the 2010 Plan Document (Weinstein Decl., Ex. 9) and the 2011 Plan Document (Weinstein Decl., Ex. 10) are **identical** to Paragraph 1.1 of the 2008 Plan Document (Weinstein Decl., Ex. 2).

- Paragraphs 2.2 of the 2005 Plan Document (Weinstein Decl., Ex. 6), the First 2007 Plan Document (Weinstein Decl., Ex. 7), and the Second 2007 Plan Document (Weinstein Decl., Ex. 8) are **substantively identical** to Paragraph 2.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> **2.2    Election to Voluntarily Defer Compensation.** Eligible employees may enroll in the Plan by electing to defer a percentage of their Gross Cash Compensation or such portion of their Gross Cash Compensation as the Committee may designate with respect to services to be rendered in the next succeeding year (the "Voluntary Deferred Compensation"). Elections must be made no later than December 31 of the year immediately preceding the year in which such Voluntary Deferred Compensation will be earned; provided, however, that subject to such changes as may be determined by the Committee, new employees of the Company or a Participating Subsidiary who are eligible to participate in the Plan shall have 30 days from such employee's hiring date to submit an Election Form for such Plan Year. **For a given Plan Year, an election to defer compensation is irrevocable after it is accepted by the Committee.** An election by employees who are first eligible to participate in the Plan during a given year shall become effective as of the first day of the month following the date such Election Form is submitted.
>
> The Committee shall from time to time establish the maximum percentage of a participant's Gross Cash Compensation that he or she may elect to defer under the Plan. Deferred Compensation will be deferred by payroll reduction.

- Paragraph 2.2 of the 2012 Frozen Plan Document (Weinstein Decl., Ex. 12) is **substantively identical** to Paragraph 2.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> **2.2    Election to Voluntarily Defer Compensation.** For Plan Years beginning prior to the Effective Date, Eligible Employees could enroll in the Plan by electing to make Voluntary Deferred Compensation contributions for the next succeeding Plan Year pursuant to the election procedures in place at the time of the election.

*       *       *       *       *

Paragraph 2.3 of the 2008 Plan Document (Weinstein Decl., Ex. 2), considered by the Fifth Circuit in *Tolbert*:

> **2.3** **Mandatory Deferral of Compensation.** On each payroll date, the Employers will reduce each eligible Employee's Gross Compensation by any Mandatory Deferred Compensation and contribute it to the Plan on such Employee's behalf.

- Paragraphs 2.3 of the 2010 Plan Document (Weinstein Decl., Ex. 9), the 2011 Plan Document (Weinstein Decl., Ex. 10), and the 2012 Frozen Plan Document (Weinstein Decl., Ex. 12) are **identical** to Paragraph 2.3 of the 2008 Plan Document (Weinstein Decl., Ex. 2).

- Paragraphs 2.3 of the 2005 Plan Document (Weinstein Decl., Ex. 6), the First 2007 Plan Document (Weinstein Decl., Ex. 7), and the Second 2007 Plan Document (Weinstein Decl., Ex. 8) are **substantively identical** to Paragraph 2.3 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> **2.3** **Mandatory Deferral of Compensation.** In connection with the designation of an employee of the Company or a Participating Subsidiary as an eligible participant under the Plan, the Committee, from time to time and in its sole and absolute discretion, may also designate a percentage of such participant's Gross Cash Compensation which must be deferred in accordance with the further provisions of this Plan, which shall constitute such participant's mandatory deferred compensation (the "Mandatory Deferred Compensation").

> **"The vesting sections explain that, *upon separation*, unvested amounts vest immediately."** *Tolbert*, **758 F.3d at 626 (emphasis in original).**

Paragraph 4.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2), considered by the Fifth Circuit in *Tolbert*:

> **4.2    Vesting of Mandatory Deferred Compensation and Company Contributions**. Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related investment returns, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates.    Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:
>
> > (a)    the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or
> >
> > (b)    the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has (a) entered into a business transition agreement with the Private Client Group or (b) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Committee.  The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time.

- Paragraphs 4.2 of the 2010 Plan Document (Weinstein Decl., Ex. 9) and the 2011 Plan Document (Weinstein Decl., Ex. 10) are **identical** to Paragraph 4.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2).

- Paragraphs 4.2 of the First 2007 Plan Document (Weinstein Decl., Ex. 7) and the Second 2007 Plan Document (Weinstein Decl., Ex. 8) are **substantively identical** to Paragraph 4.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> **4.2     Vesting of Mandatory Deferred Compensation and Company Contributions.** Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion. The Committee will announce any prospective change in the vesting schedule with respect to Mandatory Deferred Compensation and Company Contributions (and the related dividend additions, if any) prior to December 31 of the year preceding each new Plan Year. Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee shall commence on January 1 of the Plan Year following the Plan Year in which a participant becomes eligible to receive a Company Contribution. Notwithstanding the foregoing, a participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:
>
> (i)     the death or Disability of such participant; or
>
> (ii)    the Separation of a participant, who prior to Separation and with the consent of the Participating Employer, has (1) entered into a business transition agreement with the Private Client Group or (2) met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement requested by the participant's employer in the form then approved by the Committee. The non-competition agreement shall require a participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which the Company or any Participating Subsidiary, as appropriate, is engaged at the time of such participant's Separation in any geographic area in which the Company or any Participating Subsidiary, as appropriate, is competing at such time.

- Paragraph 4.2 of the 2012 Frozen Plan Document (Weinstein Decl., Ex. 12) is **substantively identical** to Paragraph 4.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> 4.2 **Vesting of Mandatory Deferred Compensation and Company Contributions**. Mandatory Deferred Compensation and Company Contributions in a Participant's account will vest on the date or dates determined by the Business, in its sole discretion. Unless otherwise amended by the Business, all time period measurements for the vesting schedules established by the Business will begin on January 1 of the Plan Year following the Plan Year to which a Company Contribution relates. Notwithstanding the foregoing, a Participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:
>
> (a) the death or Disability of such Participant while an employee of an Employer or an Employer Affiliate; or
>
> (b) the Separation of a Participant, who prior to Separation and with the consent of his or her Employer, has met the requirements under the Plan for Retirement and who has entered into a non-competition, non-solicitation and related agreement at the request of the Participant's employer in the form then approved by the Business. The non-competition agreement will require a Participant, for at least a one-year period, to refrain from participating, directly or indirectly, in any business in which an Employer is engaged at the time of such Participant's Separation in any geographic area in which the Employer, as appropriate, is competing at such time, provided that such vesting shall be accelerated only for Company Contributions that the Business deems as other than retention, back-end recruiting or front-end recruiting, unless a separate agreement between the Participant and an Employer provides otherwise; or
>
> (c) the Separation of a Participant who, prior to Separation has entered into a business transition agreement with the Private Client Group, provided that such vesting shall be accelerated only for Company Contributions that the Business deems as other than retention, back-end recruiting or front-end recruiting, unless a separate agreement between the Participant and an Employer provides otherwise.

- Paragraph 4.2 of the 2005 Plan Document (Weinstein Decl., Ex. 6) provides for immediate vesting and ties the vesting date to separation or retirement, similar to Paragraph 4.2 of the 2008 Plan Document (Weinstein Decl., Ex. 2), with minor differences in the timing of the vesting date:

> **4.2   Vesting of Mandatory Deferred Compensation and Company Contributions.**
> Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion.  The Committee will announce any prospective change in the vesting schedule with respect to Company Contributions (and the related dividend additions, if any) prior to December 31 of the year preceding each new Plan Year.  Unless otherwise amended by the Committee, all time period measurements for the vesting schedules established by the Committee shall commence on January 1 of the Plan Year following the Plan Year in which a participant becomes eligible to receive a Company Contribution.  Notwithstanding the foregoing, a participant's Mandatory Deferred Compensation and Company Contributions will immediately vest in full upon:
>
> (i)   the death or Disability of such participant; or
>
> (ii)   the one-year anniversary of such participant's Approved Retirement, subject to acceleration or modification by the Committee, unless the Committee has declared in writing to the participant that a particular Company Contribution will not be eligible.

> **"The distribution sections contain further support: 'If distribution is made due to Separation,' then '[a]vailable forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.'"**

Paragraph 5.3(b)(ii) of the 2008 Plan Document (Weinstein Decl., Ex. 2), considered by the Fifth Circuit in *Tolbert*:

> (ii)   If distribution is made due to Separation, distributions will be made in either a lump sum payment or in installments, as selected by the Participant on his or her Election Form. Available forms of distribution include a single lump sum or, if a Participant meets the requirements for Retirement at the time of Separation, substantially equal annual installments for up to ten years.

- Paragraphs 5.2(b)(ii) of the 2010 Plan Document (Weinstein Decl., Ex. 9), the 2011 Plan Document (Weinstein Decl., Ex. 10), and 2012 Frozen WAP are **identical** to Paragraph 5.3(b)(ii) of the 2008 Plan Document (Weinstein Decl., Ex. 2).

- Paragraphs 5.3(b)(ii) of the First 2007 Plan Document (Weinstein Decl., Ex. 7) and the Second 2007 Plan Document (Weinstein Decl., Ex. 8) are **substantively identical** to Paragraph 5.3(b)(ii) of the 2008 Plan Document (Weinstein Decl., Ex. 2):

> (ii)   If distribution is made due to Separation, distributions shall be made in such number of installments selected by the participant on his or her Election Form. For payment upon Separation occurring after January 1, 2007, participants may elect payment in a single lump sum or a participant may elect that if he or she meets the requirements for Retirement at the time of Separation, then distributions will be made to him or her in up to ten annual installments.

- Paragraph 5.2(c) of the 2005 Plan Document (Weinstein Decl., Ex. 6) provides for distribution after separation, similar to Paragraph 5.3(b)(ii) of the 2008 Plan Document (Weinstein Decl., Ex. 2), with minor differences in the timing of post-separation distribution:

> (c)   *Distributions pursuant to an election to receive distributions upon Separation or Approved Retirement.*  Distributions will be made to the participant in two annual installments as soon as practicable after January 15 of each of the two Plan Years following the year of Separation in the manner described in Section 5.2(b) if the participant has elected to have the distributions made upon Separation pursuant to Section 5.1(b); provided, however, that a participant shall be entitled to change, on a one-time basis only, such participant's Separation election with respect to an Approved Retirement to extend the number of post-Approved Retirement installment payments described above from two annual installments to three, four or five annual installments; and provided, further, that such change in his or her Approved Retirement election must be made at least twelve (12) months prior to the effective date of such participant's Approved Retirement.  Distributions pursuant to this section shall be made pro-rata from all of a participant's hypothetical investments.

# EXHIBIT 27

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE RBC DAIN RAUSCHER OVERTIME LITIGATION | MASTER FILE: 06-03093 JRT-FLN<br><br>**DECLARATION OF GABRIELA SIKICH IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF KENNEDY'S CLAIMS** |

I, Gabriela Sikich, declare pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge, information and belief:

1.      I am over the age of 18.  I have personal knowledge of the facts stated in this Declaration, and if called to testify to these facts, I would be competent to do so.

2.      I am currently employed by RBC Capital Markets Corporation as a U.S. Defined Contribution Plan Manager.  I have held my current position since December 2005.

3.      From at least 2002 to the present, the Royal Bank of Canada has sponsored the Royal Bank of Canada US Wealth Accumulation Plan ("the WAP").

4.      As U.S. Defined Contribution Plan Manager, I am familiar with and have access to business records regarding the terms of the WAP, eligibility requirements for various employees to participate in the WAP, the number of employees who were eligible to participate in the WAP, and the election of certain benefits under the WAP.  I also have access to business records reflecting the compensation earned by various employees of WAP-participating entities (which, at present, are RBC Capital Markets Corporation, RBC Bank, and RBC Insurance).

DB1/63142864.4

5. True and correct copies of the summaries and descriptions of plan provisions for Financial Consultants (*i.e.*, Summary Plan Descriptions or "SPDs for FCs") for WAP plan years 2002 through 2007 are attached hereto as Exhibit A.

6. True and correct copies of the Royal Bank of Canada Summary Description of 2002 Dain Rauscher Wealth Accumulation Plan, the Royal Bank of Canada Summary Description of 2003 Dain Rauscher Wealth Accumulation Plan, Dain Rauscher Wealth Accumulation Plan Amended and Restated as of March 31, 2003, and Amended and Restated Royal Bank of Canada US Wealth Accumulation Plan and Prospectus for WAP plan years 2004 through 2007 are attached hereto as Exhibit B.

7. For Financial Consultants ("FCs"), eligibility in WAP plan years 2003 through 2007 was limited to those FCs whose previous fiscal year production was at least $300,000. An FC whose previous fiscal year production was at least $300,000 would earn at least $117,000 in that year, and potentially more, based on the terms of RBC's FC Compensation Plan. True and correct copies of excerpts of RBC's FC Compensation Plans for 2003 through 2007 are attached hereto as Exhibit C.

8. Only a small percentage of the employees of WAP-participating entities are eligible to participate in the WAP:

- in 2003, only 7.11% of those employees were WAP-eligible;

- in 2004, only 13.08% of those employees were WAP-eligible;

- in 2005, only 13.06% of those employees were WAP-eligible;

- in 2006, only 14.40% of those employees were WAP-eligible; and

- in 2007, only 14.91% of those employees were WAP-eligible.

2

9.    Former RBC Capital Markets Corporation employee Plaintiff Christopher
Kennedy never met the WAP's eligibility requirements, and thus, he never participated in
the WAP. Kennedy did participate in RBC's 401(k) plan, which is available as a vehicle
for retirement savings to all RBC employees.

10.    The average annual compensation of WAP-eligible employees in WAP
plan years 2003 through 2007 was as follows:

- $269,156 in 2003,
- $310,908 in 2004,
- $315,494 in 2005,
- $327,348 in 2006, and
- $345,030 in 2007.

11.    The average annual compensation of the workforce of all WAP-
participating entities in Plan years 2003 through 2007 was:

- $75,132 in 2003,
- $79,758 in 2004,
- $83,900 in 2005,
- $104,603 in 2006, and
- $106,416 in 2007.

12.    Beginning in 2007, WAP participants could elect some of their
contributions for in-service distribution, and others for Retirement Distribution.  In the
2007 Plan year, 57% of WAP participants elected in-service distribution of at least some

3

part of their WAP contributions.  In 2007, 43% of all WAP assets were elected for in-service distribution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of June, 2009 at _____ 11.20 am _____ .

_____
Gabriela Sikich

4

CONFIDENTIAL
RBC001428

# EXHIBIT 28



# RBC U.S. Wealth Accumulation Plan
# For Regional Directors & Complex Directors

The RBC U.S. Wealth Accumulation Plan (WAP) is among the most innovative and attractive deferred compensation vehicles in our industry. The WAP is also an integral part of your RBC Total Rewards package at RBC Wealth Management.  It is a simple plan which gives you freedom and flexibility to manage your cash flows by choosing how much you voluntarily defer without impacting the company contributions you receive.

The following chart is provided to give you a summary of the 2011 WAP.  Please review the full Plan Document and Prospectus for the actual terms and conditions of the Plan.

| 2011 WAP Components Summary | | | | | |
|---|---|---|---|---|---|
| Component | Range | Eligibility | Investment Options | Date Credited to WAP Account | Vesting Periods |
| WAP Bonus | 5% WAP Rate x Bonus Target x YE Bonus Score | 2011 WAP eligible RDs and CDs | RBC Share Account | February 29, 2012 | 100% vested on January 1, 2016 |
| Voluntary Contributions | 0 – 50% of WAP eligible compensation | Prior Year (10/1/09 – 9/30/10) compensation of at least $250,000 | Participant chooses allocation among the plan's investment options | Each payroll period | Contributions and investment gain/loss always 100% vested |

The 2011 WAP for regional and complex directors features several modifications to simplify the plan and give you more freedom of choice. Here is a side by side comparison of the main plan provisions for 2010 vs. 2011.

| 2010 vs. 2011 WAP | | |
|---|---|---|
| | 2010 | 2011 (Effective January 1, 2011) |
| 401k vs. WAP Deferrals | <ul><li>First $100,000 of earnings = 401k deferral eligible</li><li>Earnings in excess of $100,000 = WAP deferral eligible</li></ul> | Earnings $1 and up = 401k and WAP deferral eligible<br><br>Reminders:<ul><li>IRS 401k deferral limits apply</li><li>401k deferral elections may be changed during the year</li><li>WAP deferral elections are locked</li></ul> |
| Mandatory Deferrals | <ul><li>10%</li><li>2 year vesting period</li></ul> | None |
| Voluntary Deferrals | <ul><li>10% Matched</li><li>10% Unmatched</li></ul> | 0 – 50% Unmatched |
| Maximum Deferral Opportunity | 30% | 50% |
| Company Contribution | <ul><li>Variable Match: 15 – 50% match of eligible deferrals (5 year actual rate average = 25.25%)</li><li>Invested in RBC Share Account</li><li>4 year cliff vesting</li></ul> | <ul><li>WAP Bonus: 5% WAP Rate x Bonus Target x Year-End Bonus Score</li><li>Invested in RBC Share Account</li><li>4 year cliff vesting</li></ul> |

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 492

TOLBERT0000646

## ANNUAL ENROLLMENT

Annual WAP enrollment occurs each December.  During the enrollment process, eligible employees may enroll in Voluntary Contributions, make investment elections and make distribution elections for Voluntary Contributions and the WAP Bonus.

If you choose not to enroll for Voluntary Contributions in 2011, you should still make a distribution election for your 2011 WAP Bonus.  If no distribution election is made, the bonus distribution will default to an in-service distribution valued on July 1, 2016.

## BENEFICIARY ELECTIONS

You are encouraged to make beneficiary elections in both your WAP and 401k accounts online at www.netbenefits.com.  After you enroll in the WAP, you will be able to click on a link from the confirmation page that will take you to the Beneficiary section of your profile to update or assign your beneficiary.  You can also access the Beneficiary section of your profile at any time by clicking on the "Your Profile" tab.  Only beneficiary elections made online will be reflected in the Beneficiary section of your profile.

## WAP BONUS

Beginning with the 2011 plan year, the WAP Bonus will replace the Variable Match.  This allows your company contributions into WAP to be directly tied to your personal performance and increasing complex net revenue as your CD compensation target potential increases with revenue.

**Key points on the WAP Bonus:**

- The WAP Bonus is calculated as follows:

| 5% WAP Bonus Funding Rate x Bonus Target x Year-End Bonus Score |
| --- |

*Example:*

| | | |
| --- | --- | --- |
| 2011 Bonus Target | $300,000 | *In this example the Total Target is $500,000* |
| WAP Bonus Funding | 5% | *and the bonus target is 60% of total* |
| WAP Bonus Pool | $15,000 | |
| | | |
| Year-End Bonus Score | 110% | |
| WAP Bonus | $16,500 | |

- You do not have to make Voluntary Contributions to be eligible to receive the WAP Bonus.

- This bonus is credited into the RBC Share Account.

- The bonus will be credited to your WAP account on February 29, 2012, and becomes 100% vested on January 1, 2016, after a four-year cliff vesting period.

- You must be employed by RBC Wealth Management on October 31, 2011 to be eligible for the 2011 WAP Bonus.  The bonus will be prorated for individuals who were not a regional or complex director for the entire fiscal year.

**EMPLOYEE VOLUNTARY CONTRIBUTIONS**

WAP offers you the choice to contribute up to 50% of your total WAP-eligible compensation[1], allowing you to significantly increase your total wealth accumulation over the course of your career at RBC.

To be eligible for participation in 2011 WAP Voluntary Contributions, regional and complex directors must have qualifying compensation (compensation paid from October 1, 2009 – September 30, 2010) of at least $250,000.

**Key points on employee Voluntary Contributions:**

- You do not have to make Voluntary Contributions to receive the WAP bonus.
- Contributions are pre-tax, so they lower your taxable wages.
- You are always 100% vested in your Voluntary Contributions and any related earnings/losses.
- Your 2011 WAP contribution rate election applies to all WAP-eligible compensation[1] paid to you from January 1, 2011 through December 31, 2011.
- You cannot change your WAP Voluntary Contribution election intra-year.

*Note*: [1] *WAP-eligible compensation includes commission-based earnings, transitional pay, FC recruiting bonuses, salary, and bonuses. Excluded from WAP eligible compensation are the following: income from stock options, forgivable loan payments, expense allowances, moving expense payments, and non-cash payments. See the RBC U.S.A. Retirement and Savings Plan summary plan description available online at www.netbenefits.com for further details.*

**INVESTMENT FLEXIBILITY**

The WAP offers a wide range of investment options for your Voluntary Contributions, listed in the chart below. You can find detailed information on the investment options in the Investment Summary or online at www.netbenefits.com. The WAP Bonus is automatically credited into the RBC Share Account.

There is an additional fee associated with all options other than the RBC Share Account and RBC Interest Account because of the cost of offering these options in the plan. 25 basis points (bps) per year will be deducted on a quarterly basis (6.25 bps per quarter). The amount of the quarterly fee will be determined by multiplying the value of your mutual fund accounts at the end of the quarter by 6.25 bps.

| Investment Name | Ticker | Investment Name | Ticker |
|---|---|---|---|
| American Balanced Class A | ABALX | Jensen Portfolio Class I | JENIX |
| American EuroPacific Growth Class A | AEPGX | Managers Systematic Value Instl Class | MSYSX |
| American Fundamental Investors Class A | ANCFX | Metropolitan West Total Return Bond Cl I | MWTIX |
| American Growth Fund of America Class A | AGTHX | RBC Interest Account | N/A |
| Artisan International Value | ARTKX | RBC Share Account | RY |
| BlackRock Global Allocation Class A | MDLOX | RBC SMID Cap Growth Fund Class I | TMCIX |
| BlackRock Small Cap Growth Equity Inst C | PSGIX | T. Rowe Price Mid Cap Growth | RPMGX |
| Eagle Mid Cap Stock Class I | HMCJX | Third Avenue Small Cap Value | TASCX |
| Fidelity Select Gold Portfolio | FSAGX | Vanguard Inflation Protected Sec Adm | VAIPX |
| Fidelity U.S. Equity Index Commingled Pool | N/A | Vanguard Institutional Index Fund Inst'l | VINIX |
| Invesco Van Kampen Comstock CL Y | ACSDX | Vanguard Windsor II Fund Admiral | VWNAX |
| Invesco Van Kampen Small Cap Growth CL Y | VISCX | Virtus Mid-Cap Value Class A | FMIVX |

**Default Investment Elections**

If you do not make an investment election for your Voluntary Contributions, the investment election will default to the RBC Interest Account.

*RBC Wealth Management 2011 Regional Directors & Complex Directors Wealth Accumulation Plan* 3

TOLBERT0000648

**Investment Transfers – Up to 12 Transfers per Year**

- You can transfer any existing balances in your WAP account related to your Voluntary Contributions up to 12 times per calendar year.
- You can transfer existing balances in your Voluntary Contributions into and out of any investment option, including the RBC Share Account.
- You have the option to change your investment elections to determine how your future Voluntary Contributions are invested.

**Restrictions on the RBC Share Account**

- Starting January 1, 2011 RBC Share Account restrictions will be lifted for participants who are at least age 55 to allow for greater flexibility as you plan for retirement. You will still be limited to 12 transfers per year.
- The WAP Bonus must remain in the RBC Share Account until you turn age 55 or retire from RBC.
- All Variable Match contributions from previous plan years must remain in the RBC Share Account until you turn age 55 or retire from RBC.

You can view your account, transfer existing balances or change investment elections for future contributions online at www.netbenefits.com.

**DISTRIBUTION OPTIONS**

You will make a distribution election for each type of contribution you are eligible for in 2011.  You can make a different election for your WAP Bonus and Voluntary Contributions.  All distributions are valued on July 1 and paid as soon as possible after this date.

If you choose not to enroll for Voluntary Contributions in 2011, you should still make a distribution election for your WAP Bonus.  If no distribution election is made, the bonus distribution will default to an in-service distribution valued on July 1, 2016.

**You have two choices for your distribution options:**

**1) Retirement Distribution**

With a retirement distribution, you spread your WAP distribution over 1 to 10 years after you leave RBC if you satisfy the "Rule of 60."  To satisfy the Rule of 60, your age plus your years of service with any RBC company must equal 60 or more at the time you separate from service.  If you elect the retirement distribution option and leave RBC prior to reaching the Rule of 60, WAP payments will be made in one lump sum valued on July 1 in the year after your separation from service.  If you want a retirement distribution for any of your 2011 contributions, you must make the election at the time you enroll in the plan for 2011.

**2) In-Service Distribution**

The in-service distribution allows you to receive your 2011 WAP distribution in one lump sum while you are still employed with RBC.  Your 2011 WAP balance will fully vest in 2016, so the earliest in-service valuation date you can elect without losing any company contributions is July 1, 2016.

**You must be employed on the in-service date you select to receive the payment.  If you separate from service prior to the in-service date selected, WAP payments will be made in one lump sum valued on July 1 in the year after you leave.**

Changes can be made to your in-service distribution dates after your original election.  However, the following rules will apply:

- Any new date must be at least five years after the current distribution date on file.
- All changes must be made by June 30 in the year before the distribution is scheduled to occur. For example, you would need to change a July 1, 2016 distribution date by June 30, 2015. An e-mail reminder will be sent to notify you that this date is approaching.
- You will be allowed to change in-service distribution dates more than once, but the new distribution date you elect must always be at least five years after the distribution date on file.

DECL WEINSTEIN ISO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
NO. 3:16-cv-05616-RBL – Page 495

TOLBERT0000649

**EARLY VESTING OF COMPANY CONTRIBUTIONS**

Your entire balance in the WAP will vest under the following situations:

**1) Approved Retirement**

You will become fully vested in your entire WAP balance[2] if you satisfy the Rule of 60 (your age plus your years of service with any RBC company equals 60 or more at the time you separate from service) and are offered, and sign, a one-year non-compete agreement. Contact RBC U.S. Retirement & Benefits Administration for a copy of the non-compete agreement.

**2) Death**

If you pass away while employed with RBC, your entire account balance will become vested and paid in one lump sum to your beneficiary(ies) as soon as administratively possible. If you pass away after you leave RBC, but prior to your account being fully distributed, the entire balance remaining in your account will be paid in one lump sum to your beneficiary(ies) as soon as administratively possible.

**3) Disability**

You will become fully vested in your entire WAP balance if you qualify for RBC's Long Term Disability (LTD) plan and remain on LTD for 12 consecutive months. Your entire WAP balance will be vested and paid to you in one lump sum within 90 days after 12 consecutive months on LTD.

**Note:** [2]*Excluding amounts specifically precluded from early vesting by contract, including but not limited to acquisition related contributions.*

**TAX CONSIDERATIONS**

All of your Voluntary Contributions are made on a pre-tax basis, meaning that they lower your taxable income and are not subject to federal and state income taxes until distributed, under current tax laws. In addition, you do not pay federal or state taxes on your earnings, reinvested dividends or company contributions until you receive a distribution.

**FICA Taxes**

Social Security and Medicare ("FICA") taxes are withheld from your Voluntary Contributions at the time the deduction is made from your paycheck.

FICA taxes must be paid on WAP company contributions in the year that they become vested and no longer subject to forfeiture as follows:

- **Current Employees**:  In the year of vesting, any applicable FICA tax will be withheld from your November paycheck.

- **Employees who leave RBC before November in the year of vesting**: FICA tax from amounts vested earlier in the year will be prorated and withheld from any paychecks (including business transition payments, if applicable) you receive after you leave.  If RBC cannot recover FICA taxes from remaining paychecks, they will be deducted from the net pay of your WAP distribution.

  If you have an early vesting event and become fully vested in your company contributions, FICA taxes will be due on these newly vested amounts. RBC will withhold a prorated portion of the FICA tax from any paychecks (including business transition payments, if applicable) you receive after you leave.  If RBC cannot recover FICA taxes from remaining paychecks, they will be deducted from the net pay of your WAP distribution.

**DECL WEINSTEIN ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Federal, State, and Local Tax Withholding on WAP Distributions**

When you receive a WAP distribution, applicable federal, state, and local taxes will be withheld.   The distribution will be treated as ordinary income in the year it is distributed and will be reported on a form W-2.

- Federal tax will be withheld from your payment at a rate of 25%. A rate of 35% will be withheld on annual supplemental wages (bonus and lump sum payments) over $1,000,000 received from RBC during a calendar year.

- If you have lived in the same state since you began participating in the WAP and have only worked in one location, RBC will withhold state and local taxes, if applicable, in the same manner as your regular pay checks.

- If you have lived in multiple states or traveled outside your state of residence for work, RBC may be required to withhold state and local taxes on WAP distributions based on:

    1) Your state of residence in the year contributions vested; and

    2) Non-resident tax withholding for the states you traveled to for work in the year the contributions vested.

    Your state of residence will be based on RBC's payroll records and your travel will be based on the annual travel survey you complete.  You may be required to file multiple state tax returns if you have lived in multiple states or traveled outside your state of residence for work. Please consult your tax advisor for all questions about your personal tax situation.

**This document should not be considered as providing tax advice. You should consult your tax advisor to discuss your personal financial situation.**

**Information provided in this summary is subject to change.**

**This document does not constitute a prospectus nor an offer or solicitation to invest in the RBC U.S. Wealth Accumulation Plan. Before investing, please read the RBC U.S. Wealth Accumulation Plan Document and Prospectus. A copy is available online at www.netbenefits.com. You also may wish to consult with your tax advisor to discuss your specific financial situation.**

*RBC Wealth Management 2011 Regional Directors & Complex Directors Wealth Accumulation Plan* 6